The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OREGON; COMMONWEALTH OF PENNSYLVANIA; STATE OF RHODE ISLAND; STATE OF VERMONT; COMMONWEALTH OF VIRGINIA; and STATE OF WISCONSIN,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy; UNITED STATES DEPARTMENT OF COMMERCE; WILBUR L. ROSS, in his official capacity as Secretary of Commerce; | No. 2:20-cv-00111-RAJ<br><br>**MOTION OF BRADY FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS**<br><br>**Note on Motion Calendar:<br>February 13, 2020** |

MOTION FOR LEAVE TO PARTICIPATE
AS AMICUS CURIAE
Case No. 2:20-cv-00111-RAJ

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 627-5600 FAX: (202) 637-5910

| | |
|---|---|
| 1 | BUREAU OF INDUSTRY AND SECURITY; CORDELL HULL, in his official capacity as Acting Undersecretary for Industry and Security; RICH ASHOOH, in his official capacity as Assistant Secretary of Commerce for Export Administration, |
| 2 | |
| 3 | |
| 4 | |
| | Defendants. |

MOTION FOR LEAVE TO PARTICIPATE
 AS AMICUS CURIAE - ii
Case No. 2:20-cv-00111-RAJ

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5600 FAX: (202) 637-5910

Brady hereby moves for leave to participate as *amicus curiae* in support of the Plaintiffs in this litigation. A proposed brief is attached hereto as Exhibit 1. Neither party opposes this motion. In support of its motion, Brady states:

1. Brady is a non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy. Its membership includes individuals who are concerned with, and affected by, public health and safety issues stemming from gun violence.

2. Plaintiffs seek a preliminary and a permanent injunction prohibiting Defendants from implementing or enforcing rules promulgated by the State and Commerce Departments that would remove technical data related to 3D-printed firearms from the U.S. Munitions List. The Plaintiffs' lawsuit raises vitally important legal questions about the Second Amendment and the Administrative Procedure Act.

3. Brady has a substantial interest in ensuring that state and federal laws—including the Second Amendment of the United States Constitution and the Administrative Procedure Act—are not interpreted or applied in a way that would jeopardize the public's interest in protecting individuals, families, and communities from the effects of gun violence.

4. Brady participated in the rulemaking process that led to the Final Rule being challenged by the Plaintiffs in this litigation. In particular, Brady submitted comments on the proposed rules published by the State and Commerce Departments. *See* Exhibit 3.

5. Brady has also filed numerous briefs as amicus curiae in cases involving the constitutionality and interpretation of gun laws, including a brief opposing the broad distribution of 3D printed gun materials in *Washington v. U.S. Dep't of State*, 318 F. Supp. 3d 1247 (W.D. Wash. 2018), and a brief concerning the dangers of 3D printed guns in *Defense Distributed v. U.S. Dep't of State*, 838 F.3d 451 (5th Cir. 2016). More broadly, Brady has filed briefs in numerous cases involving firearms regulations including *McDonald v. City of Chicago*, 561 U.S. 742 (2010), *United States v. Hayes*, 555 U.S. 415 (2009), and *District of Columbia v. Heller*, 554 U.S. 570 (2008).

6. District courts have inherent authority to permit non-parties to participate as *amici curiae* in a case and broad discretion in deciding whether to permit *amicus* briefs. *See Hoptowit*

MOTION FOR LEAVE TO PARTICIPATE
AS AMICUS CURIAE - 1
Case No. 2:20-cv-00111-RAJ

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5600 FAX: (202) 637-5910

*v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). "District courts may consider amicus briefs from non-parties 'concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Skokomish Indian Tribe v. Goldmark*, No. C13-5071JLR, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)) (some internal quotation marks omitted). Generally speaking, "courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).

7.   A brief will typically be accepted if it is "timely and useful." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (internal quotation marks and citation omitted). Brady's brief will be both.

8.   First, Brady's brief is timely because it is filed on February 13, 2020. There are no local rules governing the time to file an amicus brief. But "[i]n the absence of local rules governing the role of amicus curiae," courts in the Western District of Washington have chosen to "adhere to the applicable rules found in the Federal Rules of Appellate Procedure." *Microsoft Corp. v. U.S. Dep't of Justice*, No. C16-0538JLR, 2016 WL 4506808, at *9 (W.D. Wash. Aug. 29, 2016); *see also Skokomish Indian Tribe*, 2013 WL 5720053, at *2. The Federal Rules of Appellate Procedure provide that "[a]n amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(e). The principal brief of the Plaintiff States was filed on February 6, 2020. Accordingly, Brady's brief is timely.

9.   Second, Brady's brief is useful. Plaintiffs seek a preliminary injunction prohibiting Defendants from implementing or enforcing rules promulgated by the State and Commerce Departments that would facilitate the proliferation of 3D-printed firearms. The Plaintiffs' lawsuit raises vitally important legal questions about the Second Amendment and the Administrative Procedure Act that have ramifications beyond the parties directly involved, and

MOTION FOR LEAVE TO PARTICIPATE
AS AMICUS CURIAE - 2
Case No. 2:20-cv-00111-RAJ

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5600 FAX: (202) 637-5910

Brady can offer unique information and insight on those questions.  In particular, the Plaintiff States argue in the motion for a preliminary injunction that the Defendants failed to provide adequate notice and opportunity for comment on the Final Rules' provisions related to Firearm Files.  Brady can provide a unique perspective on that issue as one of the parties that commented on the proposed rules.  *See* Exhibit 2, Exhibit 3.  Brady also provides a unique perspective because Brady has members that reside in states other than the states who participate in the litigation here.  Brady has members in Arizona, Florida, Idaho, Kansas, Kentucky, Nevada, South Carolina, Texas, and West Virginia.  Brady thus believes that the Court will benefit from the information offered by its brief.

10. Brady has conferred with counsel for Plaintiffs and Defendants regarding this motion.  The parties have consented to movants' participation as *amicus curiae*.

For the foregoing reasons, the motion should be granted.

DATED: February 13, 2020

Respectfully submitted,

HOGAN LOVELLS US LLP

By: s/ Neal Kumar Katyal
Neal Kumar Katyal
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel:  (202) 637-5528
Fax:  (202) 637-5910
neal.katyal@hoganlovells.com

FRIEDMAN | RUBIN PLLP

By: s/ Ronald J Park
Ronald J. Park
WSBA #54372
1109 1st Avenue, Suite 501
Seattle, WA 98101
Phone: (206) 501-4446
rpark@friedmanrubin.com

Attorneys for *Amicus Curiae*

MOTION FOR LEAVE TO PARTICIPATE
AS AMICUS CURIAE - 3
Case No. 2:20-cv-00111-RAJ

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5600 FAX: (202) 637-5910

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

DATED February 13, 2020.

        HOGAN LOVELLS US LLP

        By s/ Neal Kumar Katyal
        Neal Kumar Katyal
        555 Thirteenth Street, N.W.
        Washington, D.C. 20004
        Tel:  (202) 637-5528
        Fax:  (202) 637-5910
        neal.katyal@hoganlovells.com

        FRIEDMAN | RUBIN PLLP

        By: s/ Ronald J Park
        Ronald J. Park
        WSBA #54372
        1109 1st Avenue, Suite 501
        Seattle, WA 98101
        Phone: (206) 501-4446
        rpark@friedmanrubin.com

        Attorneys for *Amicus Curiae*

MOTION FOR LEAVE TO PARTICIPATE
AS AMICUS CURIAE - 4
Case No. 2:20-cv-00111-RAJ

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5600 FAX: (202) 637-5910