The Honorable Richard Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Defendants. | No. 2:20-cv-0111-RAJ <br><br> **FEDERAL DEFENDANTS' MOTION TO FILE OVER-LENGTH BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> **NOTED FOR: FEB. 18, 2020** |

Motion to Extend Page Limits
for Opposition to Motion for Preliminary Injunction
(No. 2:20-cv-00111-RAJ)

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
202-353-0533

Pursuant to Local Rule 7(f), Defendants respectfully request approval to file an over-length brief, up to 34 pages in length, in response to Plaintiffs' Motion for Preliminary Injunction, ECF No. 55 ("Mot."). Consistent with this Court's standing order, Defendants have consulted with Plaintiffs, who do not consent to this request.[1]

Defendants' request is appropriate and warranted in light of the following considerations:

- The issues raised by Plaintiffs' motion are important ones and deserve thorough treatment by Defendants. Significantly, the effective date of the Rules challenged by Plaintiffs in this litigation is March 9, 2020, just ten days after briefing is set to complete on the instant motion, leaving little time for any supplemental briefing should gaps be left in the current round of briefing.
- Plaintiffs' brief explicitly and implicitly incorporates prior briefing from the related case brought in 2018 by a similar set of Plaintiffs.
    - For example, rather than present substantive argument regarding the Article III prerequisite of standing in their brief, Plaintiffs present six lines of briefing and implicitly incorporate their prior briefing by reference. *See* Mot. at 8. If Defendants were to take a similar briefing shortcut, the Court would lack the analysis needed for a thorough ruling in light of differences between the prior case and this one.
    - Similarly, Plaintiffs explicitly "incorporate the evidence and arguments" from the prior case on the issue of irreparable harm, Mot. at 22, one of the factors Plaintiffs acknowledge they "must establish" to obtain relief. Mot. at 7. An extension of the page limits is warranted to ensure thorough briefing of this issue as well.

---

[1] A declaration describing the parties' meet-and-confer efforts is attached to this motion.

Motion to Extend Page Limits
for Opposition to Motion for Preliminary Injunction     -1-
(No. 2:20-cv-00111-RAJ)

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
202-353-0533

- Plaintiffs' brief omits any mention whatsoever regarding jurisdictional issues addressed by the Court in the related case, choosing instead to highlight Plaintiffs' merits arguments. But "[w]ithout jurisdiction the court cannot proceed at all in any cause," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), and a page limit extension is necessary for Defendants to provide briefing on these threshold issues.

- Plaintiffs' brief already extends to the 24-page maximum set by the Court's local rules, which precludes Defendants from thoroughly addressing the issues described above without giving short thrift to other issues that are actually raised by Plaintiffs' brief.

- Plaintiffs' 24-page brief is supplemented by a complaint that contains 310 substantive paragraphs across 90 pages, a document frequently cited in Plaintiffs' brief. In the preliminary injunction context, Defendants do not have a comparable opportunity to provide a pleading outside of their brief on which to rely.

In short, a modest extension to the page limits is appropriate to ensure that the Court has before it a record that includes legal analysis on the most important issues raised by Plaintiffs' motion. Defendants therefore respectfully request that they be granted leave to file an over-length brief of up to 34 pages in length.[2]

Dated:  February 18, 2020                    Respectfully submitted,

                                             JOSEPH H. HUNT
                                             Assistant Attorney General

                                             ALEXANDER K. HAAS
                                             Director, Federal Programs Branch

                                             ANTHONY J. COPPOLINO
                                             Deputy Director, Federal Programs Branch

---

[2] Under Local Rule 7(f), Plaintiffs will "automatically" be granted a corresponding page-limit extension, up to one-half of the length of Defendants' opposition brief.

Motion to Extend Page Limits
for Opposition to Motion for Preliminary Injunction   -2-
(No. 2:20-cv-00111-RAJ)

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
202-353-0533

*/s/ Eric J. Soskin*
ERIC J. SOSKIN
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW Room 12002
Washington, D.C. 20530
(202) 353-0533 (telephone)
(202) 616-8460 (facsimile)
eric.soskin@usdoj.gov

*Attorneys for Federal Defendants*

Motion to Extend Page Limits
for Opposition to Motion for Preliminary Injunction      -3-
(No. 2:20-cv-00111-RAJ)

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
202-353-0533