The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | No. 2:20-cv-00111-RAJ |
| Plaintiffs, | **NOTICE REGARDING SCOPE OF RELIEF** |
| v. | |
| UNITED STATES DEPARTMENT OF STATE, et al., | |
| Federal Defendants. | |

**NOTICE REGARDING SCOPE OF RELIEF**

Pursuant to this Court's direction at the February 28, 2020 hearing, the parties have conferred regarding the scope of relief sought by Plaintiffs in connection with their motion for a preliminary injunction, ECF No. 55, and Defendants' ability to feasibly implement any such relief ordered by the Court. The Court specifically inquired as to how an injunction could be entered that maintained the status quo with respect to the export control of 3-D firearms files posted on the Internet, while avoiding the substantial harm to the export control regulations and activities of the Departments of State and Commerce, to the national security and foreign policy interests of the United States, and to the interests identified by the intervenor-Defendants.

Notice Regarding Scope of Relief
*State of Washington, et al. v. Dep't of State, et al.*,
2:20-cv-00111-RAJ – 1

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L Street NW**
**Washington, DC 20530**
**Tel: (202) 353-0533**

The parties conferred between March 2, 2020 and March 4, 2020 regarding such relief. Defendants oppose the entry of any injunctive relief, and continue to maintain that this Court does not have jurisdiction and Plaintiffs do not have a likelihood of success on the merits or raise any substantial questions as to the merits.  Defendants reserve the right to appeal any injunction.  Defendants specifically oppose the proposed relief set forth in Plaintiffs' March 4, 2020 filing, ECF No. 89, and have concerns about the feasibility of severing regulation of "technical data" from the regulation of the underlying defense articles.

If, assuming the Court were to conclude that it has jurisdiction over this case, that judicial review has not been barred by Congress, that the Plaintiffs have demonstrated a likelihood of success on the merits, and that the factors favor entry of a preliminary injunction, have been satisfied, Defendants state the following with the respect to the scope of any injunction that the Court may decide to enter.

First, if the Court concludes that the "published" exemption from jurisdiction under the International Traffic in Arms Regulations (ITAR) is broader than the "public domain" exception under the Export Administration Regulations (EAR) with respect to 3-D firearms files, and that irreparable harm to Plaintiffs would therefore occur on implementation of the Final Rules, Defendants have concluded that the Department of Commerce could, as a technical matter, implement an injunction that ordered the Department of Commerce to treat the EAR's "published" exemption as identical to the ITAR's "public domain" exemption for all 3-D firearms files.

Second, if the Court concludes that the category of 3-D firearms files regulated by the revised 15 C.F.R. § 734.7 of the EAR does not cover all 3-D firearms files for firearms, frame, and firearms receivers that have been previously regulated by the ITAR, and that as a result,

Notice Regarding Scope of Relief
*State of Washington, et al. v. Dep't of State, et al.*,
2:20-cv-00111-RAJ – 2

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L Street NW**
**Washington, DC 20530**
**Tel: (202) 353-0533**

irreparable harm to Plaintiffs would occur on implementation of the Final Rules, Defendants also have concluded that the Department of Commerce could, as a technical matter, implement an injunction that maintained jurisdiction over all Internet postings of "software" or "technology" to produce a firearm, or firearm frame, or receiver, controlled under ECCN 0A501 by means of 3-D printing.

As an example of how the Department of Commerce could feasibly comply with an injunction requiring both of the above, Defendants have attached Exhibit 1.[1]  However, Defendants reiterate that they <u>do not agree</u> that the Court should enter any injunction, and explicitly reserve their rights to appeal any preliminary injunction entered, as well as their rights to, at any time, issue a new NPRM that proposes to change the scope of regulation of the 3-D firearms files at issue in this litigation, consistent with their statutory authorities.

Further, Defendants <u>do not agree</u> that the Court, if it concludes a preliminary injunction is warranted, should require Defendants to specifically comply by issuing Exhibit 1.  It would be clear legal error for the Court to enter an injunction that would put such a regulation into place.  *See Bresgal v. Brock*, 843 F.2d 1163, 1171 (9th Cir. 1987).  The Court does not have the authority to do so, or to otherwise deprive Defendants of the ability to tailor their regulations to accomplish any substantive requirement that the Court determines is required in response to Plaintiffs' motion for a preliminary injunction.  As noted, Defendants specifically reserve their right to appeal any injunction, including any order requiring that the regulatory provisions at issue in Exhibit 1 be revised as set forth therein.

Rather, Defendants have provided a copy of Exhibit 1 to Plaintiffs to facilitate Plaintiffs' ability to review and indicate whether or not they contend that they would be irreparably harmed if Defendants were to use this approach to comply with a preliminary

---

[1] This or other notification of Defendants' intended means to comply with an injunction could be promptly posted online and then published in the Federal Register as soon as feasible as an interim final rule.

Notice Regarding Scope of Relief
*State of Washington, et al. v. Dep't of State, et al.*,
2:20-cv-00111-RAJ – 3

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 353-0533

injunction -- again assuming the Court were to conclude, over Defendants' objections, that the Court has jurisdiction and that the factors support entry of a preliminary injunction to require that "the Department of Commerce maintain the same level of regulation of the export of 3-D firearms files through posting on the Internet that existed prior to the Final Rules." As of the time of filing, Plaintiffs have not indicated whether or not they contend they would be irreparably harmed if Defendants were to use this approach.

Dated:  March 5, 2020                     Respectfully submitted,

                                           JOSEPH H. HUNT
                                           Assistant Attorney General

                                           ANTHONY J. COPPOLINO
                                           Deputy Director, Federal Programs Branch

                                            */s/ Eric J. Soskin*
                                           ERIC J. SOSKIN
                                           Senior Trial Counsel
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L Street NW
                                           Washington, D.C. 20530
                                           (202) 353-0533 (telephone)
                                           (202) 616-8470 (facsimile)
                                           eric.soskin@usdoj.gov

                                            *Attorneys for Federal Defendants*

Notice Regarding Scope of Relief
*State of Washington, et al. v. Dep't of State, et al.*,
2:20-cv-00111-RAJ – 4

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L Street NW**
**Washington, DC 20530**
**Tel: (202) 353-0533**

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 5th day of March, the forgoing Notice of Appearance will be served electronically on all counsel who have appeared in this action by means of the Court's CM/ECF software.

Dated: March 5, 2020                               */s/ Eric J. Soskin*
                                                              ERIC J. SOSKIN

Notice Regarding Scope of Relief
*State of Washington, et al. v. Dep't of State, et al.*,
2:20-cv-00111-RAJ – 5

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L Street NW**
**Washington, DC 20530**
**Tel: (202) 353-0533**