# EXHIBIT 1

HONORABLE RICHARD A. JONES

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

STATE OF WASHINGTON, *et al.*,

    Plaintiffs,

  v.

UNITED STATES DEPARTMENT OF STATE, *et al.*,

    Federal Defendants.

and

NATIONAL SHOOTING SPORTS FOUNDATION, INC., FREDRIC'S ARMS & SMITHS, LLC,

    Intervenor-Defendants.

No. 2:20-cv-00111-RAJ

**INTERVENOR-DEFENDANTS' REVISIONS TO PLAINTIFFS' PROPOSED ORDER NEEDED TO MAINTAIN STATUS QUO WITH RESPECT TO REGULATORY RESTRICTIONS ON 3D-FIREARM FILES**

INTERVENOR-DEFENDANTS' REVISIONS
TO PLAINTIFFS' PROPOSED ORDER - 1
Case No. 2:20-cv-00111-RAJ

Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
(202) 887-4000

1     This matter came before the Court on the Plaintiff States' Motion for a Preliminary Injunction. The Court has considered all of the following:

1. The Plaintiff States' Motion for Preliminary Injunction (Dkt. # 55) with supporting declarations and exhibits;
2. The Intervenor-Defendants' Response to Motion for Preliminary Injunction (Dkt. # 83);
3. The Federal Defendants' Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. # 84) with supporting declarations and exhibits;
4. The Plaintiff States' Reply in Support of Motion for Preliminary Injunction (Dkt. # 87);
5. The arguments of counsel at the hearing held on February 28, 2020;
6. The Plaintiff States' Post-Hearing Notice (Dkt. # 89) with supporting declaration; and
7. The entire record in the above-captioned matter.

Being fully apprised of the matter, now, therefore, it is hereby ORDERED, ADJUDGED, and DECREED that the Plaintiff States' Motion for Preliminary Junction is GRANTED IN PART.

The Court finds that the Plaintiff States have established a likelihood of success on the merits of their claims under the Administrative Procedure Act, that they would suffer irreparable harm absent preliminary injunctive relief, and that the balance of equities and public interest weigh in favor of a preliminary injunction to preserve the status quo pending adjudication of the merits.

The Court further finds that, in light of the Federal Defendants' representation that a carveout from the Final Rules can be accomplished prior to the Rules' effective date via an interim final rule or rules, or an emergency rulemaking, an injunction that is narrowly tailored to preserve the status quo as to the Munitions List items at issue in this case is appropriate. The items at issue are ~~"~~technical data (as already defined in 22 C.F.R. § 120.10) and software (as already defined in 22 C.F.R. § 120.45) directly related to ~~3D printed firearms, including software and technology for~~ the production of ~~a firearm~~firearms or firearm parts~~." Dkt. # 54 (First Amended Complaint) ¶ 2.~~ using a 3D printer (*i.e.*, an additive manufacturing device).

INTERVENOR-DEFENDANTS' REVISIONS
TO PLAINTIFFS' PROPOSED ORDER - 2
Case No. 2:20-cv-00111-RAJ

Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
(202) 887-4000

1  ~~For purposes of this Order, these terms are defined as follows:~~

2  - ~~"Technical data related to 3D printed firearms" are technical data, including but not limited to computer files in any format, including Computer Aided Design (CAD) and Computer Aided Manufacturing (CAM) formats such as STL, AMF, G-code, SLDPRT, and STP, that can be used as part of an additive or non-additive manufacturing process to produce any firearms or firearm parts using a 3D printer or other device, and that have heretofore been subject to the International Traffic in Arms Regulations (ITAR).~~

- ~~"Software" has the same meaning as in 22 C.F.R. § 120.45: "Software includes but is not limited to the system functional design, logic flow, algorithms, application programs, operating systems, and support software for design, implementation, test, operation, diagnosis and repair."~~

- ~~"Technology" means information which is required for the design, development, production, manufacture, assembly, operation, repair, testing, maintenance or modification of firearms. This includes information in the form of blueprints, drawings, photographs, plans, instructions or documentation. *Cf.* 22 C.F.R. § 120.10.~~

The Federal Defendants and their respective officers, agents, servants, employees, and attorneys, and any persons in active concern or participation with them, are ENJOINED from implementing or enforcing the regulations entitled *International Traffic In Arms Regulations: U.S. Munitions List Categories I, II, and III*, 85 Fed. Reg. 3819 (Jan. 23, 2020) and *Control of Firearms, Guns, Ammunition and Related Articles the President Determines No Longer Warrant Control Under the United States Munitions List (USML)*, 85 Fed. Reg. 4136 (Jan. 23, 2020) (collectively, the "Final Rules"), insofar as either or both of the Final Rules have any effect on technical data <u>and software directly</u> related to ~~3D printed firearms, including software and technology for~~ the production of ~~a firearm~~<u>firearms</u> or firearm parts~~.~~ <u>using a 3D printer (*i.e.*, an additive manufacturing device).</u>

The Federal Defendants shall preserve the current status quo with respect to technical data <u>and software directly</u> related to ~~3D printed firearms, including software and technology for~~ the production of ~~a firearm~~<u>firearms</u> or firearm parts~~.~~ <u>using a 3D printer (*i.e.*, an additive manufacturing</u>

INTERVENOR-DEFENDANTS' REVISIONS
TO PLAINTIFFS' PROPOSED ORDER - 3
Case No. 2:20-cv-00111-RAJ

Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
(202) 887-4000

device). Such items shall be maintained on the United States Munitions List and regulated under the International Traffic in Arms Regulations (ITAR), and shall not be transferred to the jurisdiction of the Commerce Department.

The Federal Defendants shall take all necessary steps to preserve the status quo as to such items, including but not necessarily limited to publishing—prior to implementing the Final Rules—an interim final rule or rules, or an emergency rulemaking, which shall establish that the Final Rules have no force or effect with respect to technical data and software directly related to ~~3D-printed firearms, including software or technology for~~ the production of ~~a firearm~~ firearms or firearm parts~~,~~ using a 3D printer (*i.e.*, an additive manufacturing device), and that such items remain on the United States Munitions List and remain subject to the ITAR.

This preliminary injunction shall take effect immediately and shall remain in effect pending trial in this action or further order of the Court.

No bond shall be required.

INTERVENOR-DEFENDANTS' REVISIONS
TO PLAINTIFFS' PROPOSED ORDER - 4
Case No. 2:20-cv-00111-RAJ

Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
(202) 887-4000