The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON; et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE; et al., <br><br> Defendants. | NO. 2:20-cv-00111-RAJ <br><br> JOINT STATUS REPORT AND DISCOVERY PLAN |

Counsel for the Plaintiff States, the Federal Defendants, and the Intervenor Defendants conferred telephonically on March 19, 2020, pursuant to Federal Rule of Civil Procedure 26(f) and LCR 16, and now together submit this Joint Status Report and Discovery Plan.

1. **Statement of the nature and complexity of the case:**

A full description of the facts is provided in Plaintiffs' First Amended Complaint (Dkt. # 54) and in the parties' briefing on Plaintiffs' Motion for Preliminary Injunction (Dkt. # 55).

The parties agree that although the final rules at issue are broad in scope, this case concerns only a discrete aspect of those final rules: namely, the provisions relating to technical data and software directly related to the production of firearms or firearm parts using a 3D-printer or similar equipment ("3-D gun files"). *See* Dkt. # 94 (Order) at 22. As such, the parties agree that the administrative record for purposes of this case is not the complete administrative record of the final rules in their entirety, but the portion of that record pertaining to 3-D gun files. In addition,

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

the Court, at the preliminary injunction stage, determined that it would rely on elements of the record produced in *State of Washington, et al. v. U.S. Dep't of State, et al.* (W.D. Wash. No. 2:18-cv-01115-RSL) ("Case No. 18-1115"). As such, in the interests of efficient litigation and judicial economy, the parties have agreed that the record for this litigation will include the partial administrative record for the final rules as that record pertains to 3-D gun files as well as the record produced in Case No. 18-1115.

      (A)      Plaintiffs' position:

This case challenges final rules concerning federal export controls promulgated by the U.S. Departments of State and Commerce, insofar as such rules affect federal export controls concerning 3-D gun files. Plaintiffs contend that under the final rules, the export of such items, and particularly their dissemination via the internet, would not be adequately controlled, and that the Federal Defendants promulgated the final rules without following notice-and-comment procedures required by the Administrative Procedure Act ("APA"); without adequately considering the relevant factors under the Arms Export Control Act ("AECA"); and in an arbitrary and capricious manner.

In one sense, this case is relatively narrow in scope, as it concerns only a discrete aspect of sweeping new regulations, and the relevant evidence will consist of the administrative record related to the challenged agency actions. In another sense, however, this case involves complex regulatory issues concerning a matter of great public significance.

Plaintiffs believe that the proper scope of the administrative record is a potential issue that may require the Court's attention. In Case No. 18-1115, the Federal Defendants initially filed a deficient administrative record that the Court ordered them to supplement. No. 2:18-cv-01115-RSL, Dkt. # 175. Ultimately, the Federal Defendants made three supplemental filings consisting of thousands of previously undisclosed documents. *See* No. 2:18-cv-01115-RSL, Dkt. # 186 (Plaintiffs' MSJ Reply) at 1–3 and sources cited therein). In this case, the Federal Defendants have acknowledged that the administrative record may be inclusive of, but not necessarily

JOINT STATUS REPORT AND
DISCOVERY PLAN -- NO. 2:20-CV-
00111-RAJ

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

coextensive with, the supplemented record in the prior case. *See* Verbatim Report of Proceedings: Motion for Preliminary Injunction Hearing (Feb. 28, 2020) at 43:14–23; Dkt. # 84 (Fed. Defs' Opp. to Mot. for PI) at 27 n.22. The administrative record to be produced in this case should reflect the principle that the "whole" record "includes whatever documents and materials the agency in fact considered, directly or indirectly, when making its decision." No. 2:18-cv-01115-RSL, Dkt. # 175 (citing *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)).

### (B) Federal Defendants' position:

This case challenges a small portion of the final rules concerning federal export controls promulgated by the U.S. Departments of State and Commerce as those rules affect federal export controls concerning 3-D gun files. Defendants contend that Plaintiffs' challenge is based on a misinterpretation of the operation of the International Traffic in Arms Regulation ("ITAR") and the Export Administration Regulations ("EAR"), and that, as correctly understood, the challenged regulations will be equivalently effective to the prior regulations in governing exports of 3-D gun files. Further, Defendants contend that the Court is without jurisdiction to hear Plaintiffs' claims. Defendants also deny each of Plaintiffs' specific allegations.

Although Plaintiffs contend that this litigation involves a matter of "great public significance," the opposite is true as long as the scope of this litigation remains limited to 3-D gun files. Both parties contend that their <u>legal</u> interpretations will result in the regulation of exports of 3-D gun files. The purported "significance" of this litigation is further diminished by the fact that neither the Plaintiff States nor the United States have enacted any laws that regulate the domestic creation, distribution, or sale of 3-D gun files. As far as Defendants are aware, regardless of the outcome of this litigation, any United States person will be permitted to create, distribute, or sell 3-D gun files to any other United States person within the United States.

However, should the scope of the litigation be expanded to include the entirety of the final rules, that would encompass a matter of great public significance. As explained in detail in Defendants' briefing on Plaintiffs' motion for preliminary injunction, *see* ECF No. 84, the entry

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

of broad relief with regard to the entirety of the final rules would cause significant damage to national security and to the economic well-being and livelihood of those involved with a major American manufacturing and service industry.

In light of the strong presumption of regularity that attaches to the agency's designation of an administrative record, *see generally N.W. Env'tl Advocates v. U.S. Fish & Wildlife Svc.*, Case No. 3:18-CV-01420-AC, 2019 WL 6977406 (D. Or. Dec. 20, 2019), Defendants disagree that the scope of the record should be a matter of dispute. Defendants specifically disagree that the procedural history of past litigation—where the parties have agreed that the record of that past litigation will be included in this litigation—has any relevance to whether the agency's designation of a record in this case is subject to challenge, and in any case, disagree with Plaintiffs' characterization of the procedural history of Case No. 18-1115.

**(C)     Intervenor Defendants' position:**

The parties agree that this case is limited to one discrete aspect of the final rules at issue. Specifically, Plaintiffs challenge those rules only insofar as they affect federal export controls concerning 3-D gun files. Accordingly, to the extent the court agrees with Plaintiffs on the merits, any remedy must be narrowly tailored to the rules' treatment of 3-D gun files. All parties ultimately agreed with this position at the preliminary injunction stage, and the Court's preliminary injunction reflects that position. No party disputes that the final rules are otherwise valid and should continue to operate as written.

**2.     Proposed deadline for joining additional parties:**

The parties agree that no additional parties are anticipated.

**3.     Magistrate:**

The parties do not consent to assignment to a full-time U.S. Magistrate Judge.

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

**4.    Discovery plan:**

**(A)    Initial disclosures:**

The parties agree that this case is exempt from the requirements of Rule 26(a) because it is an action for review on an administrative record. Fed. R. Civ. P. 26(a)(1)(B)(i).

**(B)    Subjects, timing, and potential phasing of discovery:**

The parties agree that the evidence in this case will consist primarily of the administrative record related to the challenged agency actions. As noted above, the parties have agreed that the administrative record will be produced by July 24, 2020, subject to an extension for good cause shown.

**(C)    Electronically stored information:**

The parties do not anticipate any issues related to electronically stored information at this time.

**(D)    Privilege issues:**

In the unlikely event that extra-record discovery (as distinct from any supplementation of the record) is needed, the parties will confer regarding procedures for handling the inadvertent disclosure of privileged information. The parties do not anticipate any unique or extensive claims at this time.

**(E)    Proposed limitations on discovery:**

The parties agree that the presumptive discovery limits under the Federal Rules of Civil Procedure should not be altered at this time.

**(F)    The need for any discovery related orders:**

The parties agree that there is no need for any discovery related orders at this time.

JOINT STATUS REPORT AND
DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

**5.     The parties' views, proposals, and agreements on all items set forth in Local Civil Rule 26(f)(1):**

**(A)     Prompt case resolution:**

The parties have reached an agreed suggestion for the prompt and efficient resolution of this case via motions practice, and propose the following schedule:

*First*, the Federal Defendants will file the administrative record for this action. In light of disruption caused by the current COVID-19 crisis, the Federal Defendants are uncertain as to the precise date by which they can produce and file the administrative record, and are currently working to provide an estimate. For present purposes, the parties have agreed that the administrative record will be produced by July 24, 2020, subject to an extension for good cause shown.

*Second*, the parties will file cross-dispositive motions, with the first motion to be filed 60 days after production of the administrative record. In the event of any motion to supplement and/or correct the administrative record, this 60-day deadline will be vacated and reset to run from the production of any supplement or correction to the administrative record, or the date of resolution of such motion, whichever is later. Plaintiffs and Defendants have not yet determined which of them will file the first motion, which may depend on review of the record and/or other future contingencies. However, the parties have agreed to the following briefing schedule:

• The first cross-dispositive motion will be filed 60 days after production of the administrative record.

• The second cross-dispositive motion, combined with the response to the first cross-dispositive motion, will be filed 28 days after the first cross-dispositive motion.

• The response to the second cross-dispositive motion, combined with the reply in support of the first cross-dispositive motion, will be filed 28 days after the second cross-dispositive motion.

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

- The reply in support of the second cross-dispositive motion will be filed 21 days after the first party's response/reply.

If the Intervenor Defendants participate in these cross-dispositive motions, they will file their briefs on the same schedule as the Federal Defendants.

**(B)    Alternative dispute resolution:**

**(1)    Plaintiffs' position:**

Plaintiffs believe that the parties essentially share the same goal: ensuring that the export of 3-D gun files, and particularly the dissemination of such items via the internet, is adequately controlled. Plaintiffs remain optimistic that the parties could reach a negotiated resolution of this matter that is mutually satisfactory and complies with applicable procedural requirements, including notice and comment requirements under the Administrative Procedure Act. Plaintiffs are prepared to engage in mediation or any other appropriate form of alternative dispute resolution at any time.

**(2)    Federal Defendants' position:**

Defendants do not believe that mediation, other forms of alternative dispute resolution, or any other approach to a negotiated resolution of this matter will be productive at this time, but will continue to evaluate this possibility on an ongoing basis.

**(3)    Intervenor Defendants' position:**

Intervenors defer to the other parties on the possibility of alternative dispute resolution. Intervenors would be willing to participate in such efforts to facilitate an outcome that addresses the parties' concerns with respect to 3-D gun files while ensuring that the rest of the rules continue in effect as written.

**(C)    Related cases:**

The parties agree that Case No. 18-cv-1115 is a related case within the meaning of Local Civil Rule 3(g)(4). *See* Dkt. # 42 (Notice of Related Case). Appeals are pending in the Ninth Circuit, Nos. 20-35030 and 20-35064.

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

      **(D)**      **Phasing of motions:**

Please see item 5(A) above.

      **(E)**      **Preservation of discoverable information:**

The parties are aware of their duty to take reasonable and proportional steps to preserve potentially relevant information relating to the claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1). During the March 19, 2020 telephonic conference, counsel for the Federal Defendants stated that there were no known issues related to the preservation of discoverable information or the scope of the preservation obligation, assuming the administrative record is limited as described in Item 1 above. (As to the record on the final rules in their entirety, counsel stated that it was unknown at this time whether there are any preservation issues related to documents dating from the beginning of the Export Control Reform Initiative in 2010.)

      **(F)**      **Model Protocol for Discovery of ESI:**

As noted above, the parties agree that the evidence in this case will consist primarily of the administrative record, and the Federal Defendants are aware of their duty to take reasonable and proportional steps to preserve potentially relevant information related to the claims and defenses in this case, and are taking appropriate preservation steps to ensure that they are able to comply should the Court determine that Plaintiffs are entitled to discovery from them. In the unlikely event that extra-record discovery (as distinct from any supplementation of the record) is needed, the parties will confer regarding the protocol for ESI discovery at that time.

      **(G)**      **Alternatives to Model Protocol:**

None at this time; please see item 5(F) above.

**6.**      **The date by which discovery can be completed:**

As noted above, the parties have agreed that the administrative record will be produced by July 24, 2020, subject to an extension for good cause shown. The parties' respective positions on other matters are set forth below.

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

  **(A)**  **Plaintiffs' position:**

As noted above, Plaintiffs believe that the proper scope of the administrative record is a potential issue that may require the Court's attention. Plaintiffs will need time to review the administrative record and assess its completeness after it is produced. If Plaintiffs believe supplementation is needed at that point, they will confer with the Federal Defendants and, if necessary, file a motion. In the prior related case, the time period between the filing of the initial record and the final supplementation was almost seven months (October 19, 2018 to May 6, 2019).

  **(B)**  **Federal Defendants' position:**

As noted above, Defendants do not believe that the proper scope of the administrative record should be in dispute. Defendants agree that Plaintiffs have correctly described the time period between the filing of the initial record and the final supplementation in Case No. 18-cv-1115, but note that the time period required to resolve any dispute will turn on the specific facts and circumstances involved.

  **(C)**  **Intervenor Defendants' position:**

Intervenors take no position with respect to the administrative record.

**7.**  **Whether the case should be bifurcated:**

The parties agree the case should not be bifurcated.

**8.**  **Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1:**

The parties agree they do not intend to utilize the Individualized Trial Program and currently have no plans to utilize ADR options.

**9.**  **Any other suggestions for shortening or simplifying the case:**

None.

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

**10.     The date the case will be ready for trial:**

At this time, the parties do not anticipate that any trial would be held, as this case involves legal issues that can be resolved via the motions practice described above. Should any party come to believe that a trial will be needed, that party will promptly advise the Court.

**11.     Jury or non-jury:**

This will be a non-jury case.

**12.     Number of trial days required:**

See item 10 above.

**13.     The names, addresses, and telephone numbers of all trial counsel:**

(A)     Plaintiffs:

Kristin Beneski
Jeffrey Rupert
Brendan Selby
Attorney General of Washington
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

(B)     Federal Defendants:

Eric J. Soskin
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
(202) 353-0533

(C)     Intervenor Defendants:

Pratik A. Shah
James E. Tysse
Rachel Bayefsky
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4288

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

Ross Siler
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 757-7120

14. **The dates on which trial counsel may have complications to be considered in setting a trial date:**

None; see item 10 above.

15. **Corporate disclosure statement:**

The Intervenor Defendants filed their corporate disclosure statements pursuant to Federal Rule of Civil Procedure 7.1 and LCR 7.1 in connection with their intervention motion on February 11, 2020.

16. **Service on defendants:**

All defendants requiring service of process have been served. Plaintiffs caused copies of the complaint and signed summonses to be delivered to the U.S. Attorney's Office for this district on March 24, 2020.

DATED this 21st day of April, 2020.

ROBERT W. FERGUSON
Attorney General of Washington

*s/ Kristin Beneski*
KRISTIN BENESKI, WSBA #45478
Assistant Attorney General
JEFFREY RUPERT, WSBA #45037
Division Chief
BRENDAN SELBY, WSBA #55325
Assistant Attorney General
(206) 474-7744
kristin.beneski@atg.wa.gov
jeffrey.rupert@atg.wa.gov
brendan.selby@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

JOSEPH H. HUNT
Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

MATTHEW J. GLOVER
Counsel

  /s/ Eric J. Soskin
ERIC J. SOSKIN
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
(202) 353-0533 (telephone)
(202) 616-8470 (facsimile)
eric.soskin@usdoj.gov
*Counsel for the Federal Defendants*


AKIN GUMP STRAUSS HAUER & FELD LLP

  /s/ Pratik A. Shah
PRATIK A. SHAH, D.C. Bar No. 497108
*Pro hac vice*
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000
pshah@akingump.com

DAVIS WRIGHT TREMAINE LLP

  /s/ Ross Siler
ROSS SILER, WSBA #46486
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 757-8120
ross.siler@dwt.com

*Counsel for Intervenor Defendants*

JOINT STATUS REPORT AND DISCOVERY PLAN -- NO. 2:20-CV-00111-RAJ

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744