The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, *et al*., | NO. 2:20-cv-00111-RAJ |
| Plaintiffs, | DECLARATION IN SUPPORT OF STIPULATED MOTION TO MODIFY THE DEADLINE FOR PRODUCTION OF THE ADMINISTRATIVE RECORD |
| v. | |
| UNITED STATES DEPARTMENT OF STATE; *et al*., | |
| Defendants. | |

I, Laura Nowell, declare as follows:

1. I work as an attorney with the U.S. Department of Commerce ("Commerce"), Office of the General Counsel ("OGC"), and have worked in assisting and leading the compilation of the Administrative Record ("AR") for the above-referenced case. I am providing this declaration to explain why the Department will need an additional 60 days, until September 23, 2020, to compile the administrative record in the above-captioned case. The below facts are either known to me personally or have been conveyed to me by individuals with first-hand knowledge of the underlying facts and circumstances.

2. Commerce has worked diligently to compile the AR in this matter. I understand that, based on information provided by the individuals involved in drafting the Commerce Rule, the AR would largely consist of electronic communications that could only be collected and reviewed by carrying out electronic searches of Commerce information systems.

3. Between March and June of 2020, I understand that Commerce attorneys extensively updated and refined the search terms that would need to be run by the Office of Chief

Information Officers (OCIOs) for both the Bureau of Industry and Security (BIS) and the Office of the Secretary (OS) to cull and review potentially responsive documents for inclusion in the AR. This was an iterative process necessitated by the need to balance competing considerations: 1) that the search terms be sufficiently broad to capture all potentially responsive materials for inclusion in the AR; and 2) that the search terms not be so overbroad as to yield results that could not feasibly be reviewed in a reasonable time period (as an example, the first iteration of search terms returned included four custodians and the total data size ranged from around 5GB – 12GB). I understand that each iteration required a multi-week cycle in which Commerce attorneys developed search terms, one or more of the OCIOs conducted those searches on a sampling, or all, of the document custodians (processing time for this step typically required a week or more), and Commerce attorneys reviewed the results and worked to further refine the search terms.

4. By June 24, 2020, Commerce attorneys finalized the search terms. Completion of these searches by the OCIOs, transfer of the results to Commerce's document review platform, and processing of the documents within that platform to prepare for review then took several weeks in light of the overall volume of search results: approximately 33,000 documents amounting to approximately 1.9 million pages.

5. Commerce assigned five attorneys to review these documents. To date, Commerce attorneys have reviewed approximately pages in 3,123 documents, equivalent to approximately 385,731 pages.

6. With additional time to conduct quality control reviews and to undertake the mechanical process of compiling the AR from the identified documents, Commerce needs until September 23, 2020 to complete the AR.

7. In connection with this request, Commerce also notes that on or about March 17, 2020, attorneys began working from home in response to the COVID-19 pandemic. On or about March 19, 2020, the Commerce Department instituted immediate mandatory telework for all employees located at the main Commerce building. The building remained closed to all but essential employees and periodically closed to even essential employees upon a determination that an employee in the building had tested positive for COVID-19. I understand that as a result of working from home, procedures that would normally take a short period of time when working from the agency's network, such as downloading data from the OCIO to assess whether searches were done correctly, and all relevant data pulled, often took hours to complete from the attorneys' homes, which had much slower internet speed and capacity. Such delays were unanticipated at the start of mandatory telework and have led to a slowdown in reviewing and compiling the administrative record.

8. Due to Department IT security protocols with respect to remotely printing and scanning, I have electronically signed.

I declare, under penalty of perjury, that the foregoing is true and correct, based on my knowledge, information, and belief.

Executed on July 22, 2020.

                                          s/ Laura Nowell

                                                              Laura Nowell
                                                                             Attorney
                                                            Office of General Counsel
                                                        U.S. Department of Commerce