Message

| | |
|---|---|
| **From:** | Jim Bartlett, Full Circle Compliance [jebartlett@fullcirclecompliance.eu] |
| **Sent:** | 9/23/2019 7:31:21 PM |
| **To:** | khawamjn@state.gov |
| **Subject:** | 19-0923 Monday "Daily Bugle" |

### Monday, 23 September 2019

The Daily Bugle is a free daily newsletter from Full Circle Compliance, containing changes to export/import regulations (ATF, DOE/NRC, Customs, NISPOM, EAR, FACR/OFAC, FAR/DFARS, FTR/AES, HTSUS, and ITAR), plus news and events. Subscribe here. Contact us for advertising inquiries and rates.

### ITEMS FROM FEDERAL REGISTER

[No items of interest today.]

### OTHER GOVERNMENT SOURCES

1. Items Scheduled for Publication in Future Federal Register Editions
2. Commerce/BIS: (No new postings.)
3. DoD/DSCA Publishes Policy Memo of Interest 19-07: "Case Description Field in an Amendment or Modification Document to a LOA"
4. State/DDTC: (No new postings.)
5. EU Amends Restrictive Measures Against the Central African Republic

### NEWS

6. Center Square: "Florida 'Ghost Gun' Bill Would Require Plastic Firearms to Contain at Least 4 Ounces of Metal"
7. Courier Post: "Prison Term, Deportation for Atco Businessman in Military Parts Scheme"
8. Telegraph: "Britain Will Impose Sanctions on Authoritarian Regimes that Arrest or Intimidate Dissident Journalists, Under Foreign Secretary Plans"
9. Expeditors News: "EU to Transition to Online AEO System"
10. ST&R Trade Report: "Trade Could See Impact from New Anti-Terrorism Framework"

### COMMENTARY

11. J.A. Lee, J. Fernandez & A. Smith: "Proposed CFIUS Regulations: The U.S. Remains Open for Business...but Read the Fine Print"

12. M. Moore: "Non-Tariff Supply-Chain Restrictions on IT/Telecom Products and Services"
13. SR. Whitten, B.D. Weimer & E.S. Tierney: "CFIUS Proposes Rules to Implement FIRRMA"

**EX/IM MOVERS & SHAKERS**

14. Monday List of Ex/Im Jobs: 145 Openings Posted This Week; 18 New Openings

**EX/IM TRAINING EVENTS & CONFERENCES**

15. ECS Presents "ITAR/EAR Boot Camp: Achieving Compliance" on 8-9 Oct in Savannah, GA
16. FCC Presents "U.S. Export Controls: ITAR from a non-U.S. Perspective", 26 Nov in Bruchem, the Netherlands

**EDITOR'S NOTES**

17. Bartlett's Unfamiliar Quotations
18. Are Your Copies of Regulations Up to Date? Latest Amendments: DHS/Customs (5 Apr 2019), DOC/EAR (21 Aug 2019), DOC/FTR (24 Apr 2018), DOD/NISPOM (18 May 2016), DOE/AFAEC (23 Feb 2015), DOE/EINEM (20 Nov 2018), DOJ/ATF (14 Mar 2018), DOS/ITAR (30 Aug 2019), DOT/FACR/OFAC (9 Sep 2019), HTSUS (3 Sep 2019)
19. Weekly Highlights of the Daily Bugle Top Stories

WASHSTATEC003547



ITEMS FROM TODAY'S FEDERAL REGISTER

[No items of interest today.]

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

OTHER GOVERNMENT SOURCES

1. Items Scheduled for Publication in Future Federal

WASHSTATEC003548

Register Editions
(Source: Federal Register, 23 Sep 2019.)

[No items of interest noted today.]

* * * * * * * * * * * * * * * * *

back to top

## 2. Commerce/BIS: (No new postings.)
(Source: Commerce/BIS)

back to top

* * * * * * * * * * * * * * * * *

## 3. DoD/DSCA Publishes Policy Memo of Interest 19-07: "Case Description Field in an Amendment or Modification Document to a LOA"
(Source: DoD/DSCA, Sep 22 2019.)

DSCA Policy Memo 19-07 Case Description Field in an Amendment or Modification Document to a Letter of Offer and Acceptance (LOA) has been posted.

The current policy mandates that detailed information regarding the changes in an Amendment or Modification to an LOA be included in the case description field. Strict interpretation of the policy has led to Implementing Agencies including a statement for each individual case line that had a change in the document. The requirement for the case description field will now be:

(1) The identification of the major program involved
(2) A summary of the change(s) that are included in the document
(3) The reason(s) for the change(s)
(4) Identification of previous unaccepted amendments, if any
(5) Indication that it is a restated document (if applicable)

This memo updates Row 2 in Table C6.T9. Instructions for Preparing an Amendment or Modification.

back to top

* * * * * * * * * * * * * * * * *

## 4. State/DDTC: (No new postings.)
(Source: State/DDTC)

back to top

* * * * * * * * * * * * * * * * *

WASHSTATEC003549

## 5. EU Amends Restrictive Measures Against the Central African Republic
(Source: Official Journal of the European Union, 23 Sep 2019.)

*Regulations*
* Council Implementing Regulation (EU) 2019/1574 of 20 September 2019 implementing Article 17(3) of Regulation (EU) No 224/2014 concerning restrictive measures in view of the situation in the Central African Republic

*Decisions*
* Council Implementing Decision (CFSP) 2019/1576 of 20 September 2019 implementing Decision 2013/798/CFSP concerning restrictive measures against the Central African Republic

back to top

* * * * * * * * * * * * * * * * * *

...

## NEWS

## 6. Center Square: "Florida 'Ghost Gun' Bill Would Require Plastic Firearms to Contain at Least 4 Ounces of Metal"
(Source: The Center Square, 19 Sep 2019.) [Excerpts.]

By John Haughey, 23 Sep.  Florida could join a spate of states set to consider 2020 bills proposing to regulate or ban untraceable, undetectable "ghost guns," self-assembled hard plastic firearms that can be built from kits or molded from 3D-printer blueprints.

Florida Senate Bill 310 ... would prohibit anyone from printing, transferring, importing into Florida, and anyone from possessing or giving to another person in Florida, a 3D-printed firearm that contains less than 4 ounces of metal.  "People don't realize what is out there already on the internet, and what people are able to do without even going to buy a gun," Stewart said in a statement accompanying the bill. "The blueprints are on the internet."

Hard plastic 3D-printed firearms are referred to as "ghost guns" because they do not come with a serial number and are untraceable. They pose a safety risk because they can elude metal detectors, critics say. Stewart's bill exempts 3D firearms that contain at least 4 ounces of metal, the threshold where they can be identified by a metal detector.

The proposal filed by Stewart - expected to propose an "assault weapons" ban in 2020 - is one of at least seven gun control and "red flag" bills pre-filed for the next legislative session, which convenes Jan. 14.  "We talk about background checks and registration and all that - this particular weapon can

be made by anybody, and they can get through metal detectors," Stewart said.

Blueprints for 3D guns have been available online since 2013 when Defense Distributed, a Texas nonprofit committed to publishing open source gun designs, made printable blueprints of a plastic 3-D printed pistol, the Liberator, available for downloading on its website.

The U.S. State Department in 2015 successfully sued to prohibit Defense Distributed from posting its Liberator blueprints on its website because doing so, it claimed, violated the International Traffic in Arms Regulation (ITAR) treaty.  Defense Distributed challenged the prohibition on First and Second amendment grounds and in July 2018, the U.S. Justice Department settled in Defense Distributed v. United States Department of State, essentially giving Defense Distributed license to publish its blueprints online.  Within a month, a federal district judge in Seattle issued an injunction against the sharing of 3-D-printed gun blueprints online.

Instead of pulling its free blueprints from its website, however, Defense Distributed offered them for sale, reasoning the injunction prevented it from giving the specs away for free, but didn't forbid it from selling them.  Another lawsuit was filed and the same federal judge in Washington state issued an injunction blocking any 3D plastic gun designs from being posted online. ...

Under the federal "Undetectable Firearms Act" (UFA), all firearms must be detectable by metal detectors "after removal of grips, stocks, and magazines." Federal law also requires all major components of firearms - defined to include "the barrel, the slide or cylinder, or the frame or receiver" - must be detectable by x-ray machines.  However, the UFA does not specify what portion of the firearm must be detectable by a metal detector. Critics say this could allow an individual to create a mostly plastic but technically compliant firearm using a 3D printer because metal in an extraneous part of the firearm could be removed prior to entering a security area.

There are numerous pending federal bills seeking to ban "ghost guns," including June's House Resolution 3265 introduced by Rep. Ted Deutch, D-Boca Raton, and 45 co-sponsors. A similar Senate measure filed by Sens. Bob Menendez, D-NJ, and Edward Markey, D-Mass, has 26 Democrat co-sponsors, but has stalled.  Meanwhile, bills specifically addressing plastic firearms have been gaining traction in state houses the last few years, with California's 2016 "ghost gun" law imposing requirements on anyone who manufactures or assembles a firearm, but not banning them.

New York and Washington are among states that have adopted laws outlawing some components of 3D gun-manufacturing, but as technology outpaces the capacity to regulate, those laws are riddled with alleged "loopholes."  New Jersey's April 2018 law is regarded as the most comprehensive in banning the distribution "by any means, including the Internet, to a person in New Jersey who is not registered or licensed as a [gun] manufacturer ... of digital instructions in the form of computer-aided design files or other code or instructions stored and displayed in electronic

WASHSTATEC003551

format as a digital model that may be used to program a three-dimensional printer to manufacture or produce a firearm, firearm receiver, magazine, or firearm component."

back to top

* * * * * * * * * * * * * * * * * *

7. Courier Post: "Prison Term, Deportation for Atco Businessman in Military Parts Scheme"
(Source: Courier Post, 18 Sep 2019.) [Excerpts.]

An Atco man has received a 42-month prison term for his role in a family-based scheme to bilk the U.S. Department of Defense.

Oben Cabalceta, 53, defrauded the military under contracts to provide parts for aircraft and other equipment between August 2004 and March 2016, the U.S. Attorney's Office for New Jersey said Tuesday.

The Defense Department paid $1.9 million for the subpar parts, it said.

Calbaceta, a Costa Rica citizen who overstayed his tourist visa in 2000, also admitted he obtained access to technical data and drawings intended for use only by U.S. citizens and people in the country lawfully. ...

back to top

* * * * * * * * * * * * * * * * * *

8. Telegraph: "Britain Will Impose Sanctions on Authoritarian Regimes that Arrest or Intimidate Dissident Journalists, Under Foreign Secretary Plans"
(Source: The Telegraph, 22 Sep 2019.) [Excerpts.]

Britain will impose sanctions on authoritarian regimes that harass and imprison dissident journalists and campaigners, as part of its role as a "good global citizen" after Brexit, Dominic Raab declares today.

Writing in The Sunday Telegraph, the Foreign Secretary pledges that the Government will use new legislation to "provide a layer of UK accountability" against "those who target journalists, whistle-blowers and human rights campaigners with impunity in their own countries".

The move follows calls by MPs for ministers to use economic sanctions, such as asset freezes and travel bans, to punish foreign officials involved in "violating media freedom". ...

back to top

* * * * * * * * * * * * * * * * * *

## 9. Expeditors News: "EU to Transition to Online AEO System"
(Source: Expeditors News, 19 Sep 2019.)

On October 1, 2019, the European Union (EU) will begin requiring applications for Authorized Economic Operator (AEO) status to be submitted electronically through the EU Trader Portal.

According to a press release issued by the European Commission's Taxation and Customs Union, the EU Trader Portal will deploy in two phases:

Phase 1 - Submission of AEO applications and the decision-making process, which will deploy on October 1, 2019;
Phase 2 - Other subsequent processes, which will deploy on December 15, 2019. AEO applications may continue to be submitted in a paper format until September 30, 2019.

The EU press release may be found here.

back to top

* * * * * * * * * * * * * * * * * *

## 10. ST&R Trade Report: "Trade Could See Impact from New Anti-Terrorism Framework"
(Source: Sandler, Travis & Rosenberg Trade Report, 23 Sep 2019.)

The Department of Homeland Security introduced recently a new Strategic Framework for Countering Terrorism and Targeted Violence that explains how the DHS will use its tools and expertise to protect the U.S. from both foreign and domestic terrorist organizations and activities. The framework recognizes the potential of trade-related activities and infrastructure to be used for terrorist purposes and outlines further actions to prevent such outcomes.

One of the framework's strategic goals is denying terrorists and other hostile actors the opportunity to exploit the U.S. trade, immigration, and domestic and international travel systems. To achieve that goal the framework outlines a number of priority actions, including the following.

- working to enhance end-to-end visibility into supply chains

- implementing technological solutions to more effectively segment risk among millions of daily transactions

- better aligning targeting efforts to detect and disrupt illicit financial operations

- continually refining screening procedures for cargo prior to departure and proactively identifying and addressing vulnerabilities that can be exploited by

WASHSTATEC003553

terrorists

- working to enhance capabilities to detect and interdict the shipment of weapons of mass destruction, components, and related materials through technical detection and other targeting efforts at and between ports of entry

DHS states that it will follow this strategy with an action plan explaining in greater detail how it plans to achieve these and other objectives.

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMMENTARY

### 11. J.A. Lee, J. Fernandez & A. Smith: "Proposed CFIUS Regulations: The U.S. Remains Open for Business...but Read the Fine Print"
(Source: Gibson Dunn, 20 Sep 2019.) [Excerpts.]

\* Authors: Judith Alison Lee, Co-Chair, International Trade Practice, jalee@gibsondunn.com; Jose Fernandez, Esq., jfernandez@gibsondunn.com; and Adam Smith, Esq., asmith@gibsondunn.com; all of Gibson Dunn.

On September 17, 2019, the U.S. Department of the Treasury issued over 300 pages of proposed regulations to implement the Foreign Investment Risk Review Modernization Act of 2018 ("FIRRMA"), legislation that expanded the scope of inbound foreign investment subject to review by the Committee on Foreign Investment in the United States ("CFIUS" or the "Committee"). FIRRMA expanded-subject to the promulgation of these implementing regulations-the Committee's jurisdiction beyond transactions that could result in foreign control of a U.S. business. The Committee's jurisdiction will now include non-passive but non-controlling investments, direct or indirect, in U.S. businesses involved in specified ways with critical technologies, critical infrastructure, or sensitive personal data (referred to as "TID U.S. businesses" for technology, infrastructure, and data) and certain real estate transactions. The comment period will conclude on October 17, 2019, and as required by FIRRMA, the final regulations will become effective no later than February 13, 2020.

To date, only certain provisions of FIRRMA have been fully implemented. In late 2018, CFIUS launched a pilot program to require mandatory filings in higher risk "critical technology" investments. For the past year, the pilot program has served as a regulatory laboratory for the Committee-allowing it to experiment with the use of a short-form "declaration" and better assess the issues that arise in non-controlling but non-passive investments. Notably, the pilot program will remain in place for the foreseeable future, and the new

WASHSTATEC003554

proposed regulations will implement the remainder of the Committee's expanded authority under FIRRMA. Other developments are still to come-including the publication of a list of excepted foreign countries from which certain investors will receive less scrutiny.

Key developments are described below. ...

<div align="right">back to top</div>

<div align="center">* * * * * * * * * * * * * * * * * *</div>

## 12. M. Moore: "Non-Tariff Supply-Chain Restrictions on IT/Telecom Products and Services"
(Source: Moore Compliance Law, 14 Sep 2019.) (Part 1 of 3: Supply-Chain Rules Under DFARS Subpart 239.73)

* Author: Matthew Moore, Esq., matthew@moorecompliancelaw.com, 256-924-2979, Moore Compliance Law, P.C.

In the ongoing trade war between the U.S. and China, the U.S. Government's Section 301 tariffs on Chinese-origin goods has received most of the attention, and rightfully so. Effective September 1, 2019, these tariffs generally impact all Chinese-origin goods imported into the United States, including all information technology and telecommunications equipment ("Equipment"). However, there have also been a number of recent developments in U.S. law, relating to non-tariff restrictions on foreign-origin Equipment, with a particular focus on Chinese-origin products. This is the first installment of a three-part series on this topic. The purpose of this series is to provide a summary of several developments impacting U.S. IT and telecom enterprises.

First on the list, the Defense Federal Acquisition Supplement ("DFARS") has contained the supply-chain rules contained at DFARS Subpart 239.73, and related Clauses 252.239-7017 and 252.239-7018, since November 18, 2013. These rules were scheduled to expire on September 30, 2018. On September 19, 2018, the Department of Defense ("DoD") issued a Class Deviation (the "Class Deviation") that removed the sunset provision and made these rules permanent, while not amending the substance of the rules. Most recently, DoD issued a  final rule effective February 15, 2019, that amended the DFARS consistent with the Class Deviation.

**What These Rules Apply to:**

These rules, which are embodied in DFARS Clauses 252.239-7017 and 252.239-7018, apply to all DoD procurements of "information technology" that is either (i) a "covered system," (ii) a part of a "covered system," or (iii) in support of a "covered system."

**Key Definitions:**

The important definitions are as follows:

"Information technology" is defined to mean "any equipment, or interconnected system(s) or subsystem(s) of equipment, that is used in the automatic acquisition, storage, analysis, evaluation, manipulation, management, movement, control, display, switching, interchange, transmission, or reception of data or information by the agency."

And "covered system" is defined to mean "any national security system," which includes all information systems/networks that are used to store classified information, as well as:

"any telecommunications system, used or operated by an agency or by a contractor of an agency, or other organization on behalf of an agency-

(1) The function, operation, or use of which-

  (i) Involves intelligence activities;

  (ii) Involves cryptologic activities related to national security;

  (iii) Involves command and control of military forces;

  (iv) Involves equipment that is an integral part of a weapon or weapons system; or

  (v) Is critical to the direct fulfillment of military or intelligence missions but this does not include a system that is to be used for routine administrative and business applications, including payroll, finance, logistics, and personnel management applications."

Finally, "supply chain risk" is defined to mean "the risk that an adversary may sabotage, maliciously introduce unwanted function, or otherwise subvert the design, integrity, manufacturing, production, distribution, installation, operation, or maintenance of a covered system so as to surveil, deny, disrupt, or otherwise degrade the function, use, or operation of such system." Note that neither China nor any other country is identified by name here. But, as discussed in the later installments of this article, the U.S. Government is obviously very concerned about Chinese-origin products/services being used in U.S. data infrastructure, and presumably would be more likely viewed as a "supply chain risk."

## The Clauses

With these definitions as background, DFARS Clause 252.239-7017 authorizes the procuring DoD agency to consider information relating to an offeror's supply chain in the agency's evaluation of the offeror's bid/proposal-i.e., in the procurement decision. This Clause specifically authorizes the agency to consider both public and non-public information, including "all-source intelligence," on the offeror's supply chain. Moreover, if the Government exercises its statutory authority (10 U.S.C. § 2339a) to limit disclosure of any

WASHSTATEC003556

such information, the decision will not be subject to review in a bid protest.

DFARS Clause 252.239-7018 adds the obligation for the offeror/contractor to "mitigate supply chain risk in the provision of supplies and services to the Government." No additional clarification is provided regarding the contractor's duty to mitigate risk. However, contractors should exercise all reasonable diligence here, as a contractor's failure to adequately "mitigate supply chain risk" during contract performance could potentially be used by the Government to support a termination for default or a negative past performance review.

Finally, these DFARS Clauses are not mandatory flow-downs to subcontractors. However, given DoD's purpose to regulate "supply chains" for these products, prime contractors should flow these down.

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## 13. R. Whitten, B.D. Weimer & E.S. Tierney: "CFIUS Proposes Rules to Implement FIRRMA"
(Source: National Law Review, 20 Sep 2019) [Excerpts.]

* Authors: Reid Whitten, Esq., rwhitten@sheppardmullin.com, 202-469-4968; Brian D. Weimer, Esq., bweimer@sheppardmullin.com, 202-469-4904; and Eamon S. Tierney, Esq., etierney@sheppardmullin.com, 202-747-2191; all of Sheppard, Mullin, Richter & Hampton LLP.

The Treasury Department is scheduled to published "Provisions Pertaining to Certain Investments in the United States by Foreign Persons: in the Federal Register on 09/24/2019.

Key Takeaways:
  -- Technology Infrastructure and Data. CFIUS will focus its review on investments in critical Technology, critical Infrastructure, and sensitive personal Data ("TID Businesses").
  -- "Critical Technologies" is defined to include certain items subject to export controls along with emerging and foundational technologies under the Export Control Reform Act of 2018.
  -- CFIUS provides a very helpful list of critical infrastructure and functions to help assess whether any business is a TID Business. We reproduce most of this list at the end of this blog article. (Sneak preview: telecom, utilities, energy, and transportation dominate the list.)
  -- The proposed regulations provide much-needed guidance on what constitutes sensitive personal data and also seek to limit the reach of the definition so it does not cast too wide a net over transactions in which CFIUS really should have no national security concern.
  -- Exceptions for Certain Countries. Investors from certain countries may be excepted from CFIUS jurisdiction when making non-controlling investments.
  -- New Set of Rules for Real Estate. In a companion piece, CFIUS proposed

WASHSTATEC003557

for the first time a detailed set of rules related to investments in real estate. We will cover this in a separate blog article to be published in the near future.

   -- Expansion of Short-Form Declaration Use. The proposed rules provide parties the choice to use a short-form declaration for any transaction under CFIUS jurisdiction in lieu of a long-form notice.

   -- Comments Due by October 17, 2019. Members of the public may submit comments on the proposed regulations any time between now and October 17, 2019. Final regulations must be adopted by CFIUS and become effective no later than February 13, 2020. ...

back to top

* * * * * * * * * * * * * * * * * *

## EX/IM MOVERS & SHAKERS

14. Monday List of Ex/Im Job Openings: 145 Openings Posted This Week, Including 18 New Openings
(Source: Events & Jobs Editor)

Published every Monday or first business day of the week. Please, send job openings in the following format to jobs@fullcirclecompliance.eu.

* COMPANY; LOCATION; POSITION TITLE (WEBLINK); CONTACT INFORMATION; REQUISITION ID

"#" New or amended listing this week

* 3M; Maplewood, MN; Trade Compliance Counsel; Requisition ID; R00990035
# * Aerotek; Centennial, CO; Global Import & Export Clerk; Requiaition ID: 6939031
# * Agility; Queens, NY; Air Import Supervisor;

# * Agility; Boston, MA; Air Import Coordinator;
# * Agility; Carson, CA; Air Import Coordinator;
# * Agility; Denver, CO; Air / Ocean Import / Export Coordinator;
# * Agility; Dallas, TX; Ocean Import Coordinator;
# * Agility; San Diego; Import/Export Operations Coordinator;
* Airbus Defense and Space, Inc.; Herndon VA; Export and Trade Compliance Manager;
* Ajilon; Houston, TX; Export Admin;
* AM General; Auburn Hills, MI; International Compliance Analyst
* Arrowhead Products; Los Alamitos, CA; Trade Compliance Specialist
* BAE Systems; Arlington, VA; Director International Trade and Compliance/Senior Counsel; Requisition ID: 52758BR
* BAE Systems; Arlington, VA; International Trade Manager I (Compliance); Requisition ID: 52578BR
* Baker Hughes; Houston, TX; Trade Compliance Classification Analyst; Requisition ID: 1919330
* BASF; Mannheim, Germany; Manager Global Export Control; Requisition ID: EN57992009_ONLE_1
# * Bell Textron Inc; Fort Worth, TX; Trade Compliance Specialist;
# * Boeing; Arlington or Fairfax, VA; or Seattle, WA; Senior Manager for Licensing, Policy and Sanctions, Global Trade Controls (GTC); Job ID: 00000147764
# * Boeing; Arlington, VA; Senior Trade Control Specialist (Licensing and Policy); Job ID: 00000147754
* Bose; Framingham, MA; Senior Customs & Trade Compliance Lead; Requisition ID: R12731
* Bunge; Chesterfield, MO; Customs Compliance Manager - North America;
* Butler Aerospace & Defense; New Brighton, MN; HSE and Compliance Coordinator;
* C4ATS; Orlando, FL; Defense Import-Export Compliance Manager; Ivette De Jesus
* CACI; Chantilly, VA; Trade Compliance Analyst; Requisition ID: 223627_20151
* CACI; Reston, VA; Trade Compliance Specialist; Requisition ID: 225842
* Cargill; Jakarta, Indonesia; Global Trade Operations & Compliance
* CGI Federal Inc., Fairfax, VA; Trade Compliance Analyst ; Ann Runfola; Requisition ID: J0919-0237
* Cobham Advanced Electronic Solutions; Exeter, NH; Export Compliance Administrator; Requisition ID: req2614
* Cobham Advanced Electronic Solutions; New York; Contracts Manager; Requisition ID: 00S2L
* Cobham Advanced Electronic Solutions; San Diego; Manager, USG Compliance; Requisition ID: req2730
* Collins Aerospace; Windsor Locks, CT; International Trade Compliance Intern (Summer 2020); Requisition ID: 01348159
* Comtech EF Data; Tempe, AZ or Germantown, MD; Vice President Compliance; Requisition ID: 2503
* Crowell Moring; Washington D.C.; Government Contracts & International Trade Associate (Export Controls)
* Curtiss-Wright; Cheswick, PA; Sr. Manager, Global Trade

WASHSTATEC003559

Compliance; Kirsty.harris@curtisswright.com; Requisition ID: 5272
* Danaher - Leica Microsystems; Wetzlar, Germany; Chief Compliance Officer; Requisition ID: LEI004530
* Danaher - SCIEX; Framingham, MA; Senior Manager Global Trade Compliance; Requisition ID: SCI003363
* DHL; Duisburg, Germay; Compliance Manager; Requisition ID: req73899
* DHL; Kuala Lumpur, Malaysia; Export Control Expert Asia Pacific; Requisition ID: req81427
* DHL; Singapore; Trade Compliance Manager APAC; Requisition ID: req74719
* Dorel Home; Wright City, MO; Sr. Manager of Logistics and Customs Trade Compliance;
* Eaton; Menomonee Falls, WI; Senior Analyst- Purchasing Compliance; Requisition ID: 076684
* Eaton; Peachtree City, GA; Director of Trade Compliance
* Elastic; St. Louis, MO; Export Control Manager;
* Elbit Systems of America; Merrimack, NH; Senior Manager, Trade Compliance; Requisition ID: 2019-7120
* Embraer; Melbourne, FL; Sr. Trade Compliance Specialist; Requisition ID: 176896
*Emerson; San Jose, Costa Rica; Trade Compliance Analyst I; Requisition ID: 19011754
* Epiroc; Garland, TX; Americas Trade Compliance Manager
* Expeditors; Bedfont, United Kingdom; Customs Brokerage Clerk
* Expeditors; Rozenburg, the Netherlands; Import en Export control medewerker
* Expolanka; El Segundo, CA; Export/Import Compliance Analyst;
* Fircroft; Telford, United Kingdom; Export Controller
* FIS Gobal; Brown Deer, WI; Compliance Analyst Senior (ECCN & Trade Sanctions);
* FLIR; Billerica, MA; Sr. Manager, Global Export Licensing - US Government & Defense Requisition ID: REQ12113
* FLIR; Täby, Sweden; Director, Global Export Compliance EMEA; Requisition ID: REQ12627
* Fluke Electronics; Everett, WA; Trade Compliance Analyst
* Fortive; Irvine, CA; Global Trade Compliance Analyst; Requisition ID: ADV000243
* General Atomics; San Diego, CA; Government Compliance Specialist; Requisition ID: 23607BR
* General Atomics; San Diego, CA; Government Regulatory Compliance Specialist; Requisition ID: 25215BR
* General Atomics; San Diego, CA; Import/Export Administrator; Requisition ID: 24614BR
* Google LLC; Mountain View, CA; Associate Export Compliance Counsel
* Harris Corporation; Arlington, VA; Manager, Trade Compliance; Requisition ID:CHQ20192008-32912
* Harvey John; Frankfurt am Main, Germany; Global Customs & Trade - Legal Counsel; Requisition ID: JR6805
* HRL Laboratories, LLC; Malibu, CA; Trade Compliance Specialist; Requisition ID: #95
* Illumina; Great Abington, United Kingdom; Compliance Specialist;

Requisition ID: 18249-JOB
# * Integra Life Sciences; Plainsboro, NJ; Import/Export Compliance Specialist (Part-time); Requisition ID: 2019-32234
# * IPG Photonics; Oxford, MA; Trade Compliance Manager; Requisition ID: 285450196
* Irving; Halifax, Canada; Export Compliance Specialist; Requisition ID: 19003115
* Itron; Raleigh, NC; Sr Manager Information Security - Audit and Compliance; Requisition ID: 1901000
* ITW; Norwood, MA; Export Compliance Officer;
# * JBT; Chicago, IL; Manager of Trade Compliance; Requisition ID: 2019-4740
# * Johnson & Johnson; Markham, Canada; Team Lead Trade Compliance; Requisition ID: 4289190909
* Johnson Controls; Milwaukee, WI; Director, Global Trade Compliance; Requisition ID: WD30055791295;
* Johnson Controls; Wash DC; Senior Manager, Global Customs Compliance; Requisition ID: WD30076209195
* Koch Chem Tech; Tulsa, OK; Import/Export Compliance Specialist; Requisition ID: 052017
* L3Harris; Clifton, NJ; Senior Trade Compliance Specialist; Requisition ID: SAS20190509-33185
* Lenovo; Guandong, China; AP Trade Compliance Specialist; Requisition ID: 73183
* Leonardo DRS; Melbourne, FL; Senior Manager, Trade Compliance; Requisition ID:  94784
* Leonardo DRS; Melbourne, FL; Senior Supply Chain Analyst - Small Business Compliance; Requisition ID: 91669
* Levi Strauss & Co.; San Francisco, CA; Trade Compliance Specialist, Process Documentation & Education
* Lexacount; Denver, CO; Trade Sanctions and Compliance Associate
* Lexacount; Washington DC; Export Controls Associate; Requisition ID: 6522
* Lockheed Martin Aeronautics; Arlington, VA; International Licensing Analyst; Requisition ID: 493288BR
* Lockheed Martin Aeronautics; Fort Worth, TX; Global Trade Compliance Analyst; Requisition ID: 489782BR
* Lockheed Martin Aeronautics; Fort Worth, TX; International Trade Compliance Empowered Official; Requisition ID: 486710BR
* Lockheed Martin Aeronautics; Fort Worth, TX; International Trade Compliance Intern; Requisition ID: 487961BR
* Lockheed Martin Rotary and Mission Systems; Liverpool, NY, Moorestown, NJ, Owego, NY, Stratford, CT; Intl Licensing Analyst Stf; Requisition ID: 483502BR
* Lufthansa; Frankfurt am Main, Germany; Director Operations Compliance & Administration
* Lufthansa; Frankfurt am Main, Germany; Manager Compliance
* Lutron Electronics Co; Lehigh Valley, PA; Trade Compliance Coordinator; Requisition ID: 4025;
* Marshall; Cambridge, UK; Export Compliance;
* Medtronic; Columbia Hights, MN; Associate Export Controls Analyst; Requisition ID: 19000EXL

WASHSTATEC003561

* Medtronic; Sao Paulo, Brazil; Import/Export Coord III; Requisition ID: 19000C9M
* Meggitt; Fareham, United Kingdom; Trade Compliance Officer; Requisition ID: 39513
* Miller Canfield; Troy, MI; Corporate Attorney - International Trade; brennans@millercanfield.com
* Morson Group; Glasgow, UK; Export Control Officer Investigations
* NASA/JPL; Pasadena, CA; Export Compliance Advisor; Requisition ID: 10778
* Netflix; Los Angeles, CA; Coordinator, Trade Compliance;
* Netflix; Los Angeles, CA; Specialist, Trade Compliance
* NIKE Inc.; Beaverton, OR; North America Customs Compliance Manager; Requisition ID: 00455981
# * Northrop Grumman; Herndon, VA; International Trade Compliance Analyst; Requisition ID: 19026257
* Northop Grumman; Linthicum, MD; Principal International Due Diligence Analyst; Requisition ID: 19025076
* Northrop Grumman, Multiple Locations; International Trade Compliance Manager 2; Requistion ID: 19027198
* Pacific Northwest National Laboratory Location: Richland, WA; Export Control Professional; Elaine King; Requisition ID: 309752
* Paraxel; Quakertown, PA; Global Trade Compliance Coordinator; Requisition ID: 53257BR
# * Pattonair; Fort Worth, TX; Trade & Regulatory Compliance Manager;
# * Pattonair; Wroclaw, Poland; Trade and Compliance Manager;
* Pinpoint Pharma; Lincolnshire, IL; Export Compliance Specialist; Requisition ID: 351
* PolyOne, Avon Lake, OH; Trade Compliance Analyst
* Plexus Corp.; Neenah, WI; Trade Compliance Analyst Sr.; Jillian Schooley; Requisition ID: R001823
* PwC - McLean, VA; Regulations and Export Controls Director; Stephanie Andrews; Requisition ID: 96216WD
* PwC - McLean, VA; Regulations and Export Controls Manager; Stephanie Andrews; Requisition ID: 96185WD
* Raytheon; Andover, MA; Andover, MA; Global Trade (GT) Licensing Manager And Empowered Official; Requisition ID: 141742BR
* Raytheon; Andover, MA; Andover, MA; Global Trade (GT) Licensing Manager And Empowered Official; Requisition ID: 143920BR
* Raytheon; Broughton, UK; Export Control Manager; Requisition ID: 146798BR
* Raytheon, Cambridge, MA; Sr Global Trade Licensing Analyst; Requisition ID: 139427BR
* Raytheon; Tucson, AZ; Empowered Official; Requisition ID: 141847BR
* Raytheon; Tucson, AZ; Export Licensing and Compliance Specialist; Requisition ID: 143962BR
* Raytheon; Tucson, AZ; Sr. Trade Compliance Investigator; Requisition ID: 147211BR
* Raytheon; Waddington, UK; Export Control Manager; Requisition ID: 146798BR
* SABIC; Houston TX; Senior Analyst, Trade Compliance;

WASHSTATEC003562

Danielle.Cannata@sabic.com; Requisition ID: 8411BR
* SAP; Newtown Square, PA; Export Control - Senior Specialist; Requisition
ID: 226489
* SAP; Walldorf, GER; Regional Export Control Coordinator (RECC) for EMEA;
Requisition ID: 226695
* Satair; Asburn, VA; Export and Trade Compliance Specialist; Requisition ID:
1184847
* Saudi Aramco; Dhahran, Saudi Arabia; Paralegal; Requisition ID: 17184BR
* Siegwerk; Siegburg, Germany; Manager Global Customs & International
Trade & Compliance
* Siemens; Munich, Germany; Intern Regulatory Compliance; Requisition ID:
116687
* Sierra Nevada Corporation; Arlington, VA; International Trade Compliance
Analyst II; Requisition ID: R0007996
* Solvay; Lyon, France; SBS Export Compliance Expert (m/f); Requisition ID:
9501
# * Sophos; Multiple Locations; Senior Manager, Trade Compliance;
* Synopsys Inc.; Remote, U.S.; Director, Global Trade Compliance;
Requisition ID: 20358BR
* Thales; Crawley, UK; Trade Compliance Officer; Requisition ID: R0071081
* Thales; Brest, France; Export Control Manager (H/F); Requisition ID:
R0069297
* Thales; Gennevilliers, France; Senior Trade Compliance Manager H/F;
Requisition ID: R0064439
* Thales; Valence, France; Trade Compliance Manager (H/F); Requisition ID:
R0069297
* Thomas Jones Consulting; Washington, DC; Jr. International Trade, Export
Controls & Economic Sanctions Associate
* Tiffany & Co; Parsippany, NJ; Director, Trade & Logistics - Americas
* TJX; Marlborough, MA; Senior Import & Customs Compliance Specialist;
* Torres Law, PLLC; Dallas, TX; Import/Export Consultant-
Legal; info@torrestradelaw.com
* Varian Medical Systems; Austin, TX; Global Trade Analyst; Requisition ID:
16361BR
* Viasat; Carlsbad, CA; Global Trade Analyst; Requisition ID: 2824
* Vodafone; Bucharest, Romania; Legal Sanctions and Trade Analyst;
Requisition ID: 258811
* Walt Disney; Kissimmee, FL; Customs Compliance Specialist; Requisition
ID: 698918BR
* Wealth Ocean; Newport Beach, CA; Marketing & International Trade
Specialist
* World Wide Technology; Edwardsville, IL; International Trace Compliance
Specialist; Requisition ID: 19-0772
* World Wide Technology; Edwardsville, IL; International Trade Compliance
Supervisor; Requisition ID: 19-0795
* Yaskawa; Eschborn, Germany; Zoll & Export Control Specialist EMEA
                                                    back to top

* * * * * * * * * * * * * * * * * * * *

## EX/IM TRAINING EVENTS & CONFERENCES

### 15. ECS Presents "ITAR/EAR Boot Camp: Achieving Compliance" on 8-9 Oct in Savannah, GA
(Source: ECS)

* What:  ECS ITAR/EAR Boot Camp:  Achieving Compliance
* When:  October 8-9, 2019
* Where: Westin Savannah Harbor Golf Resort & Spa
* Sponsor:  Export Compliance Solutions & Consulting (ECS)
* ECS Instructors:  Suzanne Palmer, Mal Zerden
* Register here or by calling 866-238-4018 or
email spalmer@exportcompliancesolutions.com.

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### 16. FCC Presents "U.S. Export Controls: The ITAR from a non-U.S. Perspective", 26 Nov, in Bruchem, the Netherlands
(Source: Full Circle Compliance, events@fullcirclecompliance.eu.)

This intermediate-level training course is specifically designed for compliance professionals and those in a similar role who aim to stay up-to-date with the latest International Traffic in Arms Regulations (ITAR) requirements that apply to non-U.S. transactions.

The course will cover multiple topics relevant for organizations outside the U.S. that are subject to the International Traffic in Arms Regulations, including but not limited to: the U.S. regulatory framework, key ITAR concepts and definitions, tips regarding classification and licensing, essential steps to ensure an ITAR compliant shipment, how to handle a (potential) non-compliance issue, recent enforcement trends, and the latest regulatory amendments, including the latest U.S. Export Control Reform developments. Participants will receive a certification upon completion of the training.

**Details**
* What: U.S. Export Controls: The International Traffic in Arms Regulations (ITAR) from a non-U.S. Perspective
* When: Tuesday, 26 Nov 2019
 - Welcome and Registration: 9.00 am - 9.30 am
 - Training hours: 9.30 am - 4.30 pm
* Where: Full Circle Compliance, Landgoed Groenhoven, Dorpsstraat 6, Bruchem, the Netherlands
* Information & Registration: via the event page or contact FCC at events@fullcirclecompliance.eu or + 31 (0)23 - 844 - 9046
* This course can be followed in combination with "U.S. Export Controls: The Export Administration Regulations (EAR) from a non-U.S. Perspective" (27

Nov 2019), and/or "The ABC of Foreign Military Sales" (29 Nov 2019). Please see the event page for our combo pricing deals.

<div align="right">back to top</div>

* * * * * * * * * * * * * * * * * * *

▭

## EDITOR'S NOTES

## 17. Bartlett's Unfamiliar Quotations
(Source: Editor)

**\* Philip Stanhope**, 4th Earl of Chesterfield (22 Sep 1694 - 24 March 1773; was a British statesman, diplomat, man of letters, and an acclaimed wit of his time.)
  - *"Know the true value of time; snatch, seize, and enjoy every moment of it. No idleness, no laziness, no procrastination: never put off till tomorrow what you can do today."*
  - *"Good humor is the health of the soul, sadness is its poison."*

**\* Bruce Springsteen** (Bruce Frederick Joseph Springsteen; born September 23, 1949; is an American singer and songwriter, whose career that has spanned over 50 years.  Springsteen has become known for his poetic and socially conscious lyrics and lengthy, energetic stage performances, earning the nickname "The Boss". He has recorded both rock albums and folk-oriented works, and his lyrics often address the experiences and struggles of working-class Americans.)
  - *"Talk about a dream, try to make it real."*
  - *"When it comes to luck, you make your own."*

**Monday is pun day.**
\* I ordered 2,000 lbs. of Chinese soup. It was Won Ton.
\* Two huge windmills in a field were talking, and one asks the other, "What kind of music do you like?"  The other says, "I'm a big metal fan."
\* A courtroom artist was arrested today for an unknown reason... details are sketchy.

<div align="right">back to top</div>

* * * * * * * * * * * * * * * * * *

## 18. Are Your Copies of Regulations Up to Date?
(Source: Editor)

The official versions of the following regulations are published annually in the U.S. Code of Federal Regulations (C.F.R.), but are updated as amended in the Federal Register.  The latest amendments to applicable regulations are listed below.

* <u>DHS CUSTOMS REGULATIONS</u>: 19 CFR, Ch. 1, Pts. 0-199.  Implemented by Dep't of Homeland Security, U.S. Customs & Border Protection.
  - Last Amendment: 5 Apr 2019:  5 Apr 2019: <u>84 FR 13499-13513</u>: Civil Monetary Penalty Adjustments for Inflation

* <u>DOC EXPORT ADMINISTRATION REGULATIONS (EAR)</u>: 15 CFR Subtit. B, Ch. VII, Pts. 730-774. Implemented by Dep't of Commerce, Bureau of Industry & Security.
- Last Amendment: 21 August 2019: <u>84 FR 43493-43501</u>: Addition of Certain Entities to the Entity List and Revision of Entries on the Entity List and <u>84 FR 43487-43493</u>: Temporary General License: Extension of Validity, Clarifications to Authorized Transactions, and Changes to Certification Statement Requirements

* <u>DOC FOREIGN TRADE REGULATIONS (FTR)</u>: 15 CFR Part 30.  Implemented by Dep't of Commerce, U.S. Census Bureau.
  - Last Amendment: 24 Apr 2018: <u>83 FR 17749-17751</u>: Foreign Trade Regulations (FTR): Clarification on the Collection and Confidentiality of Kimberley Process Certificates
  - HTS codes that are not valid for AES are available <u>here</u>.
  - The latest edition (4 Jul 2019) of *Bartlett's Annotated FTR* ("BAFTR"), by James E. Bartlett III, is available for downloading in Word format. The BAFTR is a 152-page Word document containing all FTR amendments, FTR Letters and Notices, a large Index, and approximately 250 footnotes containing case annotations, practice tips, Census/AES guidance, and explanations of the numerous errors contained in the official text. Subscribers receive revised copies in Microsoft Word every time the FTR is amended. The BAFTR is available by annual subscription from the Full Circle Compliance <u>website</u>.  BITAR subscribers are entitled to a 25% discount on subscriptions to the BAFTR. Government employees (including military) and employees of universities are eligible for a 50% discount on both publications at <u>www.FullCircleCompiance.eu</u>.

* <u>DOD NATIONAL INDUSTRIAL SECURITY PROGRAM OPERATING MANUAL (NISPOM)</u>: DoD 5220.22-M. Implemented by Dep't of Defense.
  - Last Amendment: 18 May 2016: <u>Change 2</u>: Implement an insider threat program; reporting requirements for Cleared Defense Contractors; alignment with Federal standards for classified information systems; incorporated and cancelled Supp. 1 to the NISPOM (Summary <u>here</u>.)

* <u>DOE ASSISTANCE TO FOREIGN ATOMIC ENERGY ACTIVITIES</u>: 10 CFR Part 810; Implemented by Dep't of Energy, National Nuclear Security Administration, under the Atomic Energy Act of 1954.
  - Last Amendment: 23 Feb 2015: <u>80 FR 9359</u>, comprehensive updating of regulations, updates the activities and technologies subject to specific authorization and DOE reporting requirements. This rule also identifies destinations with respect to which most assistance would be generally authorized and destinations that would require a specific authorization by the Secretary of Energy.

WASHSTATEC003566

\* DOE EXPORT AND IMPORT OF NUCLEAR EQUIPMENT AND MATERIAL; 10 CFR Part 110; Implemented by Dep't of Energy, U.S. Nuclear Regulatory Commission, under the Atomic Energy Act of 1954.
  - Last Amendment: 20 Nov 2018, 10 CFR 110.6, Re-transfers.

\* DOJ ATF ARMS IMPORT REGULATIONS: 27 CFR Part 447-Importation of Arms, Ammunition, and Implements of War.  Implemented by Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives.
  - Last Amendment: 14 Mar 2019: 84 FR 9239-9240: Bump-Stock-Type Devices

\* DOS INTERNATIONAL TRAFFIC IN ARMS REGULATIONS (ITAR): 22 C.F.R. Ch. I, Subch. M, Pts. 120-130. Implemented by Dep't of State, Directorate of Defense Trade Controls.
  - Last Amendment: 30 Aug 2019: 84 FR 45652-45654, Adjustment of Controls for Lower Performing Radar and Continued Temporary Modification of Category XI of the United States Munitions List.
  - The only available fully updated copy (latest edition: 30 August 2019) of the ITAR with all amendments is contained in *Bartlett's Annotated ITAR* ("BITAR"), by James E. Bartlett III. The BITAR is a 371-page Word document containing all ITAR amendments to date, plus a large Index, over 800 footnotes containing amendment histories, case annotations, practice tips, DDTC guidance, and explanations of errors in the official ITAR text. Subscribers receive updated copies of the BITAR in Word by email, usually revised within 24 hours after every ITAR amendment. The BITAR is available by annual subscription from the Full Circle Compliance website. BAFTR subscribers receive a $25 discount on subscriptions to the BITAR, please contact us to receive your discount code.

\* DOT FOREIGN ASSETS CONTROL REGULATIONS (OFAC FACR): 31 CFR, Parts 500-599, Embargoes, Sanctions, Executive Orders.
Implemented by Dep't of Treasury, Office of Foreign Assets Control.
- Last Amendment: 9 Sep 2019: 84 FR 47121-47123 - Cuban Assets Control Regulations

\* USITC HARMONIZED TARIFF SCHEDULE OF THE UNITED STATES (HTS, HTSA or HTSUSA), 1 Jan 2019: 19 USC 1202 Annex. Implemented by U.S. International Trade Commission. ("HTS" and "HTSA" are often seen as abbreviations for the Harmonized Tariff Schedule of the United States Annotated, shortened versions of "HTSUSA".)
  - Last Amendment: 4 Sep 2019: Harmonized System Update (HSU) 1915
  - HTS codes for AES are available here.
  - HTS codes that are not valid for AES are available here.

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

19. Weekly Highlights of the Daily Bugle Top Stories
(Source: Editor)

WASHSTATEC003567

Review last week's top Ex/Im stories in "Weekly Highlights of the Daily Bugle
Top Stories" published  here.

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## EDITORIAL POLICY

\* The Ex/Im Daily Update is a publication of FCC Advisory B.V., compiled by:
Editor, James E. Bartlett III; and Assistant Editor, Alexander Witt. The Ex/Im
Daily Update is emailed every business day to approximately 7,500 readers of
changes to defense and high-tech trade laws and regulations.

We check the following sources daily: Federal Register, Congressional Record,
Commerce/AES, Commerce/BIS, DHS/CBP, DOE/NRC, DOJ/ATF,
DoD/DSS, DoD/DTSA, FAR/DFARS, State/DDTC, Treasury/OFAC, White
House, and similar websites of Australia, Canada, U.K., and other countries
and international organizations.  Due to space limitations, we do not post
Arms Sales notifications, Denied Party listings, or Customs AD/CVD items.

\* RIGHTS & RESTRICTIONS: This email contains no proprietary, classified, or
export-controlled information. All items are obtained from public sources or
are published with permission of private contributors, and may be freely
circulated without further permission, provided attribution is given to "*The
Export/Import Daily Bugle* of (date)". Any further use of contributors'
material, however, must comply with applicable copyright laws.  If you would
to submit material for inclusion in the *The Export/Import Daily Update ("Daily
Bugle")*, please find instructions here.

\* CAVEAT: The contents of this newsletter cannot be relied upon as legal or
expert advice.  Consult your own legal counsel or compliance specialists
before taking actions based upon news items or opinions from this or other
unofficial sources.  If any U.S. federal tax issue is discussed in this
communication, it was not intended or written by the author or sender for tax
or legal advice, and cannot be used for the purpose of avoiding penalties
under the Internal Revenue Code or promoting, marketing, or recommending
to another party any transaction or tax-related matter.

\* SUBSCRIPTIONS: Subscriptions are free.  Subscribe by completing
the request form on the Full Circle Compliance website.

\* BACK ISSUES: An archive of Daily Bugle publications from 2005 to present
is available HERE.

\* TO UNSUBSCRIBE: Use the Safe Unsubscribe link below.

back to top



Stay Connected

The Daily Bugle |  www.FullCircleCompliance.us

Copyright © 2019. All Rights Reserved.

FCC Advisory B.V., Landgoed Groenhoven, Dorpsstraat 6, Bruchem, 5314
AE Netherlands

SafeUnsubscribe™ khawamjn@state.gov

Forward this email | Update Profile | About our service provider

Sent by jebartlett@fullcirclecompliance.eu

WASHSTATEC003569

Message

**From:** Jim Bartlett, Full Circle Compliance [jebartlett@fullcirclecompliance.eu]
**Sent:** 9/23/2019 7:31:44 PM
**To:** minarichcm@state.gov
**Subject:** 19-0923 Monday "Daily Bugle"

## Monday, 23 September 2019

The Daily Bugle is a free daily newsletter from Full Circle Compliance, containing changes to export/import regulations (ATF, DOE/NRC, Customs, NISPOM, EAR, FACR/OFAC, FAR/DFARS, FTR/AES, HTSUS, and ITAR), plus news and events. Subscribe here. Contact us for advertising inquiries and rates.

### ITEMS FROM FEDERAL REGISTER

[No items of interest today.]

### OTHER GOVERNMENT SOURCES

1. Items Scheduled for Publication in Future Federal Register Editions
2. Commerce/BIS: (No new postings.)
3. DoD/DSCA Publishes Policy Memo of Interest 19-07: "Case Description Field in an Amendment or Modification Document to a LOA"
4. State/DDTC: (No new postings.)
5. EU Amends Restrictive Measures Against the Central African Republic

### NEWS

6. Center Square: "Florida 'Ghost Gun' Bill Would Require Plastic Firearms to Contain at Least 4 Ounces of Metal"
7. Courier Post: "Prison Term, Deportation for Atco Businessman in Military Parts Scheme"
8. Telegraph: "Britain Will Impose Sanctions on Authoritarian Regimes that Arrest or Intimidate Dissident Journalists, Under Foreign Secretary Plans"
9. Expeditors News: "EU to Transition to Online AEO System"
10. ST&R Trade Report: "Trade Could See Impact from New Anti-Terrorism Framework"

### COMMENTARY

11. J.A. Lee, J. Fernandez & A. Smith: "Proposed CFIUS Regulations: The U.S. Remains Open for Business...but Read the Fine Print"
12. M. Moore: "Non-Tariff Supply-Chain Restrictions on IT/Telecom Products and Services"
13. SR. Whitten, B.D. Weimer & E.S. Tierney: "CFIUS Proposes Rules to Implement FIRRMA"

## EX/IM MOVERS & SHAKERS

14. Monday List of Ex/Im Jobs: 145 Openings Posted This Week; 18 New Openings

## EX/IM TRAINING EVENTS & CONFERENCES

15. ECS Presents "ITAR/EAR Boot Camp: Achieving Compliance" on 8-9 Oct in Savannah, GA
16. FCC Presents "U.S. Export Controls: ITAR from a non-U.S. Perspective", 26 Nov in Bruchem, the Netherlands

## EDITOR'S NOTES

17. Bartlett's Unfamiliar Quotations
18. Are Your Copies of Regulations Up to Date? Latest Amendments: DHS/Customs (5 Apr 2019), DOC/EAR (21 Aug 2019), DOC/FTR (24 Apr 2018), DOD/NISPOM (18 May 2016), DOE/AFAEC (23 Feb 2015), DOE/EINEM (20 Nov 2018), DOJ/ATF (14 Mar 2018), DOS/ITAR (30 Aug 2019), DOT/FACR/OFAC (9 Sep 2019), HTSUS (3 Sep 2019)
19. Weekly Highlights of the Daily Bugle Top Stories

WASHSTATEC003571



ITEMS FROM TODAY'S FEDERAL REGISTER

[No items of interest today.]

back to top

* * * * * * * * * * * * * * * * * * *

OTHER GOVERNMENT SOURCES

WASHSTATEC003572



## 1. Items Scheduled for Publication in Future Federal Register Editions
(Source: Federal Register, 23 Sep 2019.)

[No items of interest noted today.]

back to top

* * * * * * * * * * * * * * * * * *

## 2. Commerce/BIS: (No new postings.)
(Source: Commerce/BIS)

back to top

* * * * * * * * * * * * * * * * * *

## 3. DoD/DSCA Publishes Policy Memo of Interest 19-07: "Case Description Field in an Amendment or Modification Document to a LOA"
(Source: DoD/DSCA, Sep 22 2019.)

DSCA Policy Memo 19-07 Case Description Field in an Amendment or Modification Document to a Letter of Offer and Acceptance (LOA) has been posted.

The current policy mandates that detailed information regarding the changes in an Amendment or Modification to an LOA be included in the case description field. Strict interpretation of the policy has led to Implementing Agencies including a statement for each individual case line that had a change in the document. The requirement for the case description field will now be:

(1) The identification of the major program involved
(2) A summary of the change(s) that are included in the document
(3) The reason(s) for the change(s)
(4) Identification of previous unaccepted amendments, if any
(5) Indication that it is a restated document (if applicable)

This memo updates Row 2 in Table C6.T9. Instructions for Preparing an Amendment or Modification.

back to top

* * * * * * * * * * * * * * * * * *

## 4. State/DDTC: (No new postings.)
(Source: State/DDTC)

back to top

* * * * * * * * * * * * * * * * * *

WASHSTATEC003573

5. EU Amends Restrictive Measures Against the Central African Republic
(Source: Official Journal of the European Union, 23 Sep 2019.)

*Regulations*
* Council Implementing Regulation (EU) 2019/1574 of 20 September 2019 implementing Article 17(3) of Regulation (EU) No 224/2014 concerning restrictive measures in view of the situation in the Central African Republic

*Decisions*
* Council Implementing Decision (CFSP) 2019/1576 of 20 September 2019 implementing Decision 2013/798/CFSP concerning restrictive measures against the Central African Republic

back to top

* * * * * * * * * * * * * * * * * * *

NEWS

6. Center Square: "Florida 'Ghost Gun' Bill Would Require Plastic Firearms to Contain at Least 4 Ounces of Metal"
(Source: The Center Square, 19 Sep 2019.) [Excerpts.]

By John Haughey, 23 Sep.  Florida could join a spate of states set to consider 2020 bills proposing to regulate or ban untraceable, undetectable "ghost guns," self-assembled hard plastic firearms that can be built from kits or molded from 3D-printer blueprints.

Florida Senate Bill 310 ... would prohibit anyone from printing, transferring, importing into Florida, and anyone from possessing or giving to another person in Florida, a 3D-printed firearm that contains less than 4 ounces of metal.  "People don't realize what is out there already on the internet, and what people are able to do without even going to buy a gun," Stewart said in a statement accompanying the bill. "The blueprints are on the internet."

Hard plastic 3D-printed firearms are referred to as "ghost guns" because they do not come with a serial number and are untraceable. They pose a safety risk because they can elude metal detectors, critics say. Stewart's bill exempts 3D firearms that contain at least 4 ounces of metal, the threshold where they can be identified by a metal detector.

The proposal filed by Stewart - expected to propose an "assault weapons" ban in 2020 - is one of at least seven gun control and "red flag" bills pre-filed

WASHSTATEC003574

for the next legislative session, which convenes Jan. 14. "We talk about background checks and registration and all that - this particular weapon can be made by anybody, and they can get through metal detectors," Stewart said.

Blueprints for 3D guns have been available online since 2013 when Defense Distributed, a Texas nonprofit committed to publishing open source gun designs, made printable blueprints of a plastic 3-D printed pistol, the Liberator, available for downloading on its website.

The U.S. State Department in 2015 successfully sued to prohibit Defense Distributed from posting its Liberator blueprints on its website because doing so, it claimed, violated the International Traffic in Arms Regulation (ITAR) treaty. Defense Distributed challenged the prohibition on First and Second amendment grounds and in July 2018, the U.S. Justice Department settled in Defense Distributed v. United States Department of State, essentially giving Defense Distributed license to publish its blueprints online. Within a month, a federal district judge in Seattle issued an injunction against the sharing of 3-D-printed gun blueprints online.

Instead of pulling its free blueprints from its website, however, Defense Distributed offered them for sale, reasoning the injunction prevented it from giving the specs away for free, but didn't forbid it from selling them. Another lawsuit was filed and the same federal judge in Washington state issued an injunction blocking any 3D plastic gun designs from being posted online. ...

Under the federal "Undetectable Firearms Act" (UFA), all firearms must be detectable by metal detectors "after removal of grips, stocks, and magazines." Federal law also requires all major components of firearms - defined to include "the barrel, the slide or cylinder, or the frame or receiver" - must be detectable by x-ray machines. However, the UFA does not specify what portion of the firearm must be detectable by a metal detector. Critics say this could allow an individual to create a mostly plastic but technically compliant firearm using a 3D printer because metal in an extraneous part of the firearm could be removed prior to entering a security area.

There are numerous pending federal bills seeking to ban "ghost guns," including June's House Resolution 3265 introduced by Rep. Ted Deutch, D-Boca Raton, and 45 co-sponsors. A similar Senate measure filed by Sens. Bob Menendez, D-NJ, and Edward Markey, D-Mass, has 26 Democrat co-sponsors, but has stalled. Meanwhile, bills specifically addressing plastic firearms have been gaining traction in state houses the last few years, with California's 2016 "ghost gun" law imposing requirements on anyone who manufactures or assembles a firearm, but not banning them.

New York and Washington are among states that have adopted laws outlawing some components of 3D gun-manufacturing, but as technology outpaces the capacity to regulate, those laws are riddled with alleged "loopholes." New Jersey's April 2018 law is regarded as the most comprehensive in banning the distribution "by any means, including the Internet, to a person in New Jersey who is not registered or licensed as a

[gun] manufacturer ... of digital instructions in the form of computer-aided design files or other code or instructions stored and displayed in electronic format as a digital model that may be used to program a three-dimensional printer to manufacture or produce a firearm, firearm receiver, magazine, or firearm component."

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## 7. Courier Post: "Prison Term, Deportation for Atco Businessman in Military Parts Scheme"
(Source: Courier Post, 18 Sep 2019.) [Excerpts.]

An Atco man has received a 42-month prison term for his role in a family-based scheme to bilk the U.S. Department of Defense.

Oben Cabalceta, 53, defrauded the military under contracts to provide parts for aircraft and other equipment between August 2004 and March 2016, the U.S. Attorney's Office for New Jersey said Tuesday.

The Defense Department paid $1.9 million for the subpar parts, it said.

Calbaceta, a Costa Rica citizen who overstayed his tourist visa in 2000, also admitted he obtained access to technical data and drawings intended for use only by U.S. citizens and people in the country lawfully. ...

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## 8. Telegraph: "Britain Will Impose Sanctions on Authoritarian Regimes that Arrest or Intimidate Dissident Journalists, Under Foreign Secretary Plans"
(Source: The Telegraph, 22 Sep 2019.) [Excerpts.]

Britain will impose sanctions on authoritarian regimes that harass and imprison dissident journalists and campaigners, as part of its role as a "good global citizen" after Brexit, Dominic Raab declares today.

Writing in The Sunday Telegraph, the Foreign Secretary pledges that the Government will use new legislation to "provide a layer of UK accountability" against "those who target journalists, whistle-blowers and human rights campaigners with impunity in their own countries".

The move follows calls by MPs for ministers to use economic sanctions, such as asset freezes and travel bans, to punish foreign officials involved in "violating media freedom". ...

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WASHSTATEC003576

## 9. Expeditors News: "EU to Transition to Online AEO System"

(Source: Expeditors News, 19 Sep 2019.)

On October 1, 2019, the European Union (EU) will begin requiring applications for Authorized Economic Operator (AEO) status to be submitted electronically through the EU Trader Portal.

According to a press release issued by the European Commission's Taxation and Customs Union, the EU Trader Portal will deploy in two phases:

Phase 1 - Submission of AEO applications and the decision-making process, which will deploy on October 1, 2019;
Phase 2 - Other subsequent processes, which will deploy on December 15, 2019. AEO applications may continue to be submitted in a paper format until September 30, 2019.

The EU press release may be found here.

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## 10. ST&R Trade Report: "Trade Could See Impact from New Anti-Terrorism Framework"

(Source: Sandler, Travis & Rosenberg Trade Report, 23 Sep 2019.)

The Department of Homeland Security introduced recently a new Strategic Framework for Countering Terrorism and Targeted Violence that explains how the DHS will use its tools and expertise to protect the U.S. from both foreign and domestic terrorist organizations and activities. The framework recognizes the potential of trade-related activities and infrastructure to be used for terrorist purposes and outlines further actions to prevent such outcomes.

One of the framework's strategic goals is denying terrorists and other hostile actors the opportunity to exploit the U.S. trade, immigration, and domestic and international travel systems. To achieve that goal the framework outlines a number of priority actions, including the following.

- working to enhance end-to-end visibility into supply chains

- implementing technological solutions to more effectively segment risk among millions of daily transactions

- better aligning targeting efforts to detect and disrupt illicit financial operations

WASHSTATEC003577

- continually refining screening procedures for cargo prior to departure and proactively identifying and addressing vulnerabilities that can be exploited by terrorists

- working to enhance capabilities to detect and interdict the shipment of weapons of mass destruction, components, and related materials through technical detection and other targeting efforts at and between ports of entry

DHS states that it will follow this strategy with an action plan explaining in greater detail how it plans to achieve these and other objectives.

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

‾

**COMMENTARY**

## 11. J.A. Lee, J. Fernandez & A. Smith: "Proposed CFIUS Regulations: The U.S. Remains Open for Business...but Read the Fine Print"
(Source: Gibson Dunn, 20 Sep 2019.) [Excerpts.]

\* Authors: Judith Alison Lee, Co-Chair, International Trade Practice, jalee@gibsondunn.com; Jose Fernandez, Esq., jfernandez@gibsondunn.com; and Adam Smith, Esq., asmith@gibsondunn.com; all of Gibson Dunn.

On September 17, 2019, the U.S. Department of the Treasury issued over 300 pages of proposed regulations to implement the Foreign Investment Risk Review Modernization Act of 2018 ("FIRRMA"), legislation that expanded the scope of inbound foreign investment subject to review by the Committee on Foreign Investment in the United States ("CFIUS" or the "Committee"). FIRRMA expanded-subject to the promulgation of these implementing regulations-the Committee's jurisdiction beyond transactions that could result in foreign control of a U.S. business. The Committee's jurisdiction will now include non-passive but non-controlling investments, direct or indirect, in U.S. businesses involved in specified ways with critical technologies, critical infrastructure, or sensitive personal data (referred to as "TID U.S. businesses" for technology, infrastructure, and data) and certain real estate transactions. The comment period will conclude on October 17, 2019, and as required by FIRRMA, the final regulations will become effective no later than February 13, 2020.

To date, only certain provisions of FIRRMA have been fully implemented. In late 2018, CFIUS launched a pilot program to require mandatory filings in higher risk "critical technology" investments. For the past year, the pilot program has served as a regulatory laboratory for the Committee-allowing it

WASHSTATEC003578

to experiment with the use of a short-form "declaration" and better assess the issues that arise in non-controlling but non-passive investments. Notably, the pilot program will remain in place for the foreseeable future, and the new proposed regulations will implement the remainder of the Committee's expanded authority under FIRRMA. Other developments are still to come- including the publication of a list of excepted foreign countries from which certain investors will receive less scrutiny.

Key developments are described below. ...

back to top

* * * * * * * * * * * * * * * * *

## 12. M. Moore: "Non-Tariff Supply-Chain Restrictions on IT/Telecom Products and Services"
(Source: Moore Compliance Law, 14 Sep 2019.) (Part 1 of 3: Supply-Chain Rules Under DFARS Subpart 239.73)

* Author: Matthew Moore, Esq., matthew@moorecompliancelaw.com, 256-924-2979, Moore Compliance Law, P.C.

In the ongoing trade war between the U.S. and China, the U.S. Government's Section 301 tariffs on Chinese-origin goods has received most of the attention, and rightfully so. Effective September 1, 2019, these tariffs generally impact all Chinese-origin goods imported into the United States, including all information technology and telecommunications equipment ("Equipment"). However, there have also been a number of recent developments in U.S. law, relating to non-tariff restrictions on foreign-origin Equipment, with a particular focus on Chinese-origin products. This is the first installment of a three-part series on this topic. The purpose of this series is to provide a summary of several developments impacting U.S. IT and telecom enterprises.

First on the list, the Defense Federal Acquisition Supplement ("DFARS") has contained the supply-chain rules contained at DFARS Subpart 239.73, and related Clauses 252.239-7017 and 252.239-7018, since November 18, 2013. These rules were scheduled to expire on September 30, 2018. On September 19, 2018, the Department of Defense ("DoD") issued a Class Deviation (the "Class Deviation") that removed the sunset provision and made these rules permanent, while not amending the substance of the rules. Most recently, DoD issued a  final rule effective February 15, 2019, that amended the DFARS consistent with the Class Deviation.

### **What These Rules Apply to:**

These rules, which are embodied in DFARS Clauses 252.239-7017 and 252.239-7018, apply to all DoD procurements of "information technology" that is either (i) a "covered system," (ii) a part of a "covered system," or (iii) in support of a "covered system."

WASHSTATEC003579

## Key Definitions:

The important definitions are as follows:

"Information technology" is defined to mean "any equipment, or interconnected system(s) or subsystem(s) of equipment, that is used in the automatic acquisition, storage, analysis, evaluation, manipulation, management, movement, control, display, switching, interchange, transmission, or reception of data or information by the agency."

And "covered system" is defined to mean "any national security system," which includes all information systems/networks that are used to store classified information, as well as:

"any telecommunications system, used or operated by an agency or by a contractor of an agency, or other organization on behalf of an agency-

(1) The function, operation, or use of which-

   (i) Involves intelligence activities;

   (ii) Involves cryptologic activities related to national security;

   (iii) Involves command and control of military forces;

   (iv) Involves equipment that is an integral part of a weapon or weapons system; or

   (v) Is critical to the direct fulfillment of military or intelligence missions but this does not include a system that is to be used for routine administrative and business applications, including payroll, finance, logistics, and personnel management applications."

Finally, "supply chain risk" is defined to mean "the risk that an adversary may sabotage, maliciously introduce unwanted function, or otherwise subvert the design, integrity, manufacturing, production, distribution, installation, operation, or maintenance of a covered system so as to surveil, deny, disrupt, or otherwise degrade the function, use, or operation of such system." Note that neither China nor any other country is identified by name here. But, as discussed in the later installments of this article, the U.S. Government is obviously very concerned about Chinese-origin products/services being used in U.S. data infrastructure, and presumably would be more likely viewed as a "supply chain risk."

## The Clauses

With these definitions as background, DFARS Clause 252.239-7017 authorizes the procuring DoD agency to consider information relating to an offeror's supply chain in the agency's evaluation of the offeror's bid/proposal- i.e., in the procurement decision. This Clause specifically authorizes the agency to consider both public and non-public information, including "all-source intelligence," on the offeror's supply chain. Moreover, if the

WASHSTATEC003580

Government exercises its statutory authority (10 U.S.C. § 2339a) to limit disclosure of any such information, the decision will not be subject to review in a bid protest.

DFARS Clause 252.239-7018 adds the obligation for the offeror/contractor to "mitigate supply chain risk in the provision of supplies and services to the Government." No additional clarification is provided regarding the contractor's duty to mitigate risk. However, contractors should exercise all reasonable diligence here, as a contractor's failure to adequately "mitigate supply chain risk" during contract performance could potentially be used by the Government to support a termination for default or a negative past performance review.

Finally, these DFARS Clauses are not mandatory flow-downs to subcontractors. However, given DoD's purpose to regulate "supply chains" for these products, prime contractors should flow these down.

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## 13. R. Whitten, B.D. Weimer & E.S. Tierney: "CFIUS Proposes Rules to Implement FIRRMA"
(Source: National Law Review, 20 Sep 2019) [Excerpts.]

\* Authors: Reid Whitten, Esq., rwhitten@sheppardmullin.com, 202-469-4968; Brian D. Weimer, Esq., bweimer@sheppardmullin.com, 202-469-4904; and Eamon S. Tierney, Esq., etierney@sheppardmullin.com, 202-747-2191; all of Sheppard, Mullin, Richter & Hampton LLP.

The Treasury Department is scheduled to published "Provisions Pertaining to Certain Investments in the United States by Foreign Persons: in the Federal Register on 09/24/2019.

Key Takeaways:
  -- Technology Infrastructure and Data. CFIUS will focus its review on investments in critical Technology, critical Infrastructure, and sensitive personal Data ("TID Businesses").
  -- "Critical Technologies" is defined to include certain items subject to export controls along with emerging and foundational technologies under the Export Control Reform Act of 2018.
  -- CFIUS provides a very helpful list of critical infrastructure and functions to help assess whether any business is a TID Business. We reproduce most of this list at the end of this blog article. (Sneak preview: telecom, utilities, energy, and transportation dominate the list.)
  -- The proposed regulations provide much-needed guidance on what constitutes sensitive personal data and also seek to limit the reach of the definition so it does not cast too wide a net over transactions in which CFIUS really should have no national security concern.
  -- Exceptions for Certain Countries. Investors from certain countries may be

WASHSTATEC003581

excepted from CFIUS jurisdiction when making non-controlling investments.
   -- New Set of Rules for Real Estate. In a companion piece, CFIUS proposed
for the first time a detailed set of rules related to investments in real estate.
We will cover this in a separate blog article to be published in the near future.
   -- Expansion of Short-Form Declaration Use. The proposed rules provide
parties the choice to use a short-form declaration for any transaction under
CFIUS jurisdiction in lieu of a long-form notice.
   -- Comments Due by October 17, 2019. Members of the public may submit
comments on the proposed regulations any time between now and October
17, 2019. Final regulations must be adopted by CFIUS and become effective
no later than February 13, 2020. ...

<div align="right">back to top</div>

<p align="center">* * * * * * * * * * * * * * * * * * *</p>

## EX/IM MOVERS & SHAKERS

## 14. Monday List of Ex/Im Job Openings: 145 Openings Posted This Week, Including 18 New Openings
(Source: Events & Jobs Editor)

Published every Monday or first business day of the week. Please, send job
openings in the following format to jobs@fullcirclecompliance.eu.

* COMPANY; LOCATION; POSITION TITLE (WEBLINK); CONTACT
INFORMATION; REQUISITION ID

"#" New or amended listing this week

* 3M; Maplewood, MN; Trade Compliance Counsel; Requisition ID;
R00990035

# * Aerotek; Centennial, CO; Global Import & Export Clerk; Requiaition ID: 6939031
# * Agility; Queens, NY; Air Import Supervisor;
# * Agility; Boston, MA; Air Import Coordinator;
# * Agility; Carson, CA; Air Import Coordinator;
# * Agility; Denver, CO; Air / Ocean Import / Export Coordinator;
# * Agility; Dallas, TX; Ocean Import Coordinator;
# * Agility; San Diego; Import/Export Operations Coordinator;
* Airbus Defense and Space, Inc.; Herndon VA; Export and Trade Compliance Manager;
* Ajilon; Houston, TX; Export Admin;
* AM General; Auburn Hills, MI; International Compliance Analyst
* Arrowhead Products; Los Alamitos, CA; Trade Compliance Specialist
* BAE Systems; Arlington, VA; Director International Trade and Compliance/Senior Counsel; Requisition ID: 52758BR
* BAE Systems; Arlington, VA; International Trade Manager I (Compliance); Requisition ID: 52578BR
* Baker Hughes; Houston, TX; Trade Compliance Classification Analyst; Requisition ID: 1919330
* BASF; Mannheim, Germany; Manager Global Export Control; Requisition ID: EN57992009_ONLE_1
# * Bell Textron Inc; Fort Worth, TX; Trade Compliance Specialist;
# * Boeing; Arlington or Fairfax, VA; or Seattle, WA; Senior Manager for Licensing, Policy and Sanctions, Global Trade Controls (GTC); Job ID: 00000147764
# * Boeing; Arlington, VA; Senior Trade Control Specialist (Licensing and Policy); Job ID: 00000147754
* Bose; Framingham, MA; Senior Customs & Trade Compliance Lead; Requisition ID: R12731
* Bunge; Chesterfield, MO; Customs Compliance Manager - North America;
* Butler Aerospace & Defense; New Brighton, MN; HSE and Compliance Coordinator;
* C4ATS; Orlando, FL; Defense Import-Export Compliance Manager; Ivette De Jesus
* CACI; Chantilly, VA; Trade Compliance Analyst; Requisition ID: 223627_20151
* CACI; Reston, VA; Trade Compliance Specialist; Requisition ID: 225842
* Cargill; Jakarta, Indonesia; Global Trade Operations & Compliance
* CGI Federal Inc., Fairfax, VA; Trade Compliance Analyst ; Ann Runfola; Requisition ID: J0919-0237
* Cobham Advanced Electronic Solutions; Exeter, NH; Export Compliance Administrator; Requisition ID: req2614
* Cobham Advanced Electronic Solutions; New York; Contracts Manager; Requisition ID: 00S2L
* Cobham Advanced Electronic Solutions; San Diego; Manager, USG Compliance; Requisition ID: req2730
* Collins Aerospace; Windsor Locks, CT; International Trade Compliance Intern (Summer 2020); Requisition ID: 01348159
* Comtech EF Data; Tempe, AZ or Germantown, MD; Vice President Compliance; Requisition ID: 2503

WASHSTATEC003583

* Crowell Moring; Washington D.C.; Government Contracts & International Trade Associate (Export Controls)
* Curtiss-Wright; Cheswick, PA; Sr. Manager, Global Trade Compliance; Kirsty.harris@curtisswright.com; Requisition ID: 5272
* Danaher - Leica Microsystems; Wetzlar, Germany; Chief Compliance Officer; Requisition ID: LEI004530
* Danaher - SCIEX; Framingham, MA; Senior Manager Global Trade Compliance; Requisition ID: SCI003363
* DHL; Duisburg, Germay; Compliance Manager; Requisition ID: req73899
* DHL; Kuala Lumpur, Malaysia; Export Control Expert Asia Pacific; Requisition ID: req81427
* DHL; Singapore; Trade Compliance Manager APAC; Requisition ID: req74719
* Dorel Home; Wright City, MO; Sr. Manager of Logistics and Customs Trade Compliance;
* Eaton; Menomonee Falls, WI; Senior Analyst- Purchasing Compliance; Requisition ID: 076684
* Eaton; Peachtree City, GA; Director of Trade Compliance
* Elastic; St. Louis, MO; Export Control Manager;
* Elbit Systems of America; Merrimack, NH; Senior Manager, Trade Compliance; Requisition ID: 2019-7120
* Embraer; Melbourne, FL; Sr. Trade Compliance Specialist; Requisition ID: 176896
*Emerson; San Jose, Costa Rica; Trade Compliance Analyst I; Requsition ID: 19011754
* Epiroc; Garland, TX; Americas Trade Compliance Manager
* Expeditors; Bedfont, United Kingdom; Customs Brokerage Clerk
* Expeditors; Rozenburg, the Netherlands; Import en Export control medewerker
* Expolanka; El Segundo, CA; Export/Import Compliance Analyst;
* Fircroft; Telford, United Kingdom; Export Controller
* FIS Gobal; Brown Deer, WI; Compliance Analyst Senior (ECCN & Trade Sanctions);
* FLIR; Billerica, MA; Sr. Manager, Global Export Licensing - US Government & Defense Requisition ID: REQ12113
* FLIR; Täby, Sweden; Director, Global Export Compliance EMEA; Requisition ID: REQ12627
* Fluke Electronics; Everett, WA; Trade Compliance Analyst
* Fortive; Irvine, CA; Global Trade Compliance Analyst; Requisition ID: ADV000243
* General Atomics; San Diego, CA; Government Compliance Specialist; Requisition ID: 23607BR
* General Atomics; San Diego, CA; Government Regulatory Compliance Specialist; Requisition ID: 25215BR
* General Atomics; San Diego, CA; Import/Export Administrator; Requisition ID: 24614BR
* Google LLC; Mountain View, CA; Associate Export Compliance Counsel
* Harris Corporation; Arlington, VA; Manager, Trade Compliance; Requisition ID:CHQ20192008-32912
* Harvey John; Frankfurt am Main, Germany; Global Customs & Trade - Legal Counsel; Requisition ID: JR6805

* HRL Laboratories, LLC; Malibu, CA, Trade Compliance Specialist; Requisition ID: #95
* Illumina; Great Abington, United Kingdom; Compliance Specialist; Requisition ID: 18249-JOB
# * Integra Life Sciences; Plainsboro, NJ; Import/Export Compliance Specialist (Part-time); Requisition ID: 2019-32234
# * IPG Photonics; Oxford, MA; Trade Compliance Manager; Requisition ID: 285450196
* Irving; Halifax, Canada; Export Compliance Specialist; Requisition ID: 19003115
* Itron; Raleigh, NC; Sr Manager Information Security - Audit and Compliance; Requisition ID: 1901000
* ITW; Norwood, MA; Export Compliance Officer;
# * JBT; Chicago, IL; Manager of Trade Compliance; Requisition ID: 2019-4740
# * Johnson & Johnson; Markham, Canada; Team Lead Trade Compliance; Requisition ID: 4289190909
* Johnson Controls; Milwaukee, WI; Director, Global Trade Compliance; Requisition ID: WD30055791295;
* Johnson Controls; Wash DC; Senior Manager, Global Customs Compliance; Requisition ID: WD30076209195
* Koch Chem Tech; Tulsa, OK; Import/Export Compliance Specialist; Requisition ID: 052017
* L3Harris; Clifton, NJ; Senior Trade Compliance Specialist; Requisition ID: SAS20190509-33185
* Lenovo; Guandong, China; AP Trade Compliance Specialist; Requisition ID: 73183
* Leonardo DRS; Melbourne, FL; Senior Manager, Trade Compliance; Requisition ID:  94784
* Leonardo DRS; Melbourne, FL; Senior Supply Chain Analyst - Small Business Compliance; Requisition ID: 91669
* Levi Strauss & Co.; San Francisco, CA; Trade Compliance Specialist, Process Documentation & Education
* Lexacount; Denver, CO; Trade Sanctions and Compliance Associate
* Lexacount; Washington DC; Export Controls Associate; Requisition ID: 6522
* Lockheed Martin Aeronautics; Arlington, VA; International Licensing Analyst; Requisition ID: 493288BR
* Lockheed Martin Aeronautics; Fort Worth, TX; Global Trade Compliance Analyst; Requisition ID: 489782BR
* Lockheed Martin Aeronautics; Fort Worth, TX; International Trade Compliance Empowered Official; Requisition ID: 486710BR
* Lockheed Martin Aeronautics; Fort Worth, TX; International Trade Compliance Intern; Requisition ID: 487961BR
* Lockheed Martin Rotary and Mission Systems; Liverpool, NY, Moorestown, NJ, Owego, NY, Stratford, CT; Intl Licensing Analyst Stf; Requisition ID: 483502BR
* Lufthansa; Frankfurt am Main, Germany; Director Operations Compliance & Administration
* Lufthansa; Frankfurt am Main, Germany; Manager Compliance

* Lutron Electronics Co; Lehigh Valley, PA; Trade Compliance Coordinator; Requisition ID: 4025;
* Marshall; Cambridge, UK; Export Compliance;
* Medtronic; Columbia Hights, MN; Associate Export Controls Analyst; Requisition ID: 19000EXL
* Medtronic; Sao Paulo, Brazil; Import/Export Coord III; Requisition ID: 19000C9M
* Meggitt; Fareham, United Kingdom; Trade Compliance Officer; Requisition ID: 39513
* Miller Canfield; Troy, MI; Corporate Attorney - International Trade; brennans@millercanfield.com
* Morson Group; Glasgow, UK; Export Control Officer Investigations
* NASA/JPL; Pasadena, CA; Export Compliance Advisor; Requisition ID: 10778
* Netflix; Los Angeles, CA; Coordinator, Trade Compliance;
* Netflix; Los Angeles, CA; Specialist, Trade Compliance
* NIKE Inc.; Beaverton, OR; North America Customs Compliance Manager; Requisition ID: 00455981
# * Northrop Grumman; Herndon, VA; International Trade Compliance Analyst; Requisition ID: 19026257
* Northrop Grumman; Linthicum, MD; Principal International Due Diligence Analyst; Requisition ID: 19025076
* Northrop Grumman, Multiple Locations; International Trade Compliance Manager 2; Requistion ID: 19027198
* Pacific Northwest National Laboratory Location: Richland, WA; Export Control Professional; Elaine King; Requisition ID: 309752
* Paraxel; Quakertown, PA; Global Trade Compliance Coordinator; Requisition ID: 53257BR
# * Pattonair; Fort Worth, TX; Trade & Regulatory Compliance Manager;
# * Pattonair; Wroclaw, Poland; Trade and Compliance Manager;
* Pinpoint Pharma; Lincolnshire, IL; Export Compliance Specialist; Requisition ID: 351
* PolyOne, Avon Lake, OH; Trade Compliance Analyst
* Plexus Corp.; Neenah, WI; Trade Compliance Analyst Sr.; Jillian Schooley; Requisition ID: R001823
* PwC - McLean, VA; Regulations and Export Controls Director; Stephanie Andrews; Requisition ID: 96216WD
* PwC - McLean, VA; Regulations and Export Controls Manager; Stephanie Andrews; Requisition ID: 96185WD
* Raytheon; Andover, MA; Andover, MA; Global Trade (GT) Licensing Manager And Empowered Official; Requisition ID: 141742BR
* Raytheon; Andover, MA; Andover, MA; Global Trade (GT) Licensing Manager And Empowered Official; Requisition ID: 143920BR
* Raytheon; Broughton, UK; Export Control Manager; Requisition ID: 146798BR
* Raytheon, Cambridge, MA; Sr Global Trade Licensing Analyst; Requisition ID: 139427BR
* Raytheon; Tucson, AZ; Empowered Official; Requisition ID: 141847BR
* Raytheon; Tucson, AZ; Export Licensing and Compliance Specialist; Requisition ID: 143962BR

* Raytheon; Tucson, AZ; Sr. Trade Compliance Investigator; Requisition ID: 147211BR
* Raytheon; Waddington, UK; Export Control Manager; Requisition ID: 146798BR
* SABIC; Houston TX; Senior Analyst, Trade Compliance; Danielle.Cannata@sabic.com; Requisition ID: 8411BR
* SAP; Newtown Square, PA; Export Control - Senior Specialist; Requisition ID: 226489
* SAP; Walldorf, GER; Regional Export Control Coordinator (RECC) for EMEA; Requisition ID: 226695
* Satair; Asburn, VA; Export and Trade Compliance Specialist; Requisition ID: 1184847
* Saudi Aramco; Dhahran, Saudi Arabia; Paralegal; Requisition ID: 17184BR
* Siegwerk; Siegburg, Germany; Manager Global Customs & International Trade & Compliance
* Siemens; Munich, Germany; Intern Regulatory Compliance; Requisition ID: 116687
* Sierra Nevada Corporation; Arlington, VA; International Trade Compliance Analyst II; Requisition ID: R0007996
* Solvay; Lyon, France; SBS Export Compliance Expert (m/f); Requisition ID: 9501
# * Sophos; Multiple Locations; Senior Manager, Trade Compliance;
* Synopsys Inc.; Remote, U.S.; Director, Global Trade Compliance; Requisition ID: 20358BR
* Thales; Crawley, UK; Trade Compliance Officer; Requisition ID: R0071081
* Thales; Brest, France; Export Control Manager (H/F); Requisition ID: R0069297
* Thales; Gennevilliers, France; Senior Trade Compliance Manager H/F; Requisition ID: R0064439
* Thales; Valence, France; Trade Compliance Manager (H/F); Requisition ID: R0069297
* Thomas Jones Consulting; Washington, DC; Jr. International Trade, Export Controls & Economic Sanctions Associate
* Tiffany & Co; Parsippany, NJ; Director, Trade & Logistics - Americas
* TJX; Marlborough, MA; Senior Import & Customs Compliance Specialist;
* Torres Law, PLLC; Dallas, TX; Import/Export Consultant-Legal; info@torrestradelaw.com
* Varian Medical Systems; Austin, TX; Global Trade Analyst; Requisition ID: 16361BR
* Viasat; Carlsbad, CA; Global Trade Analyst; Requisition ID: 2824
* Vodafone; Bucharest, Romania; Legal Sanctions and Trade Analyst; Requisition ID: 258811
* Walt Disney; Kissimmee, FL; Customs Compliance Specialist; Requisition ID: 698918BR
* Wealth Ocean; Newport Beach, CA; Marketing & International Trade Specialist
* World Wide Technology; Edwardsville, IL; International Trace Compliance Specialist; Requisition ID: 19-0772
* World Wide Technology; Edwardsville, IL; International Trade Compliance Supervisor; Requisition ID: 19-0795
* Yaskawa; Eschborn, Germany; Zoll & Export Control Specialist EMEA

back to top

* * * * * * * * * * * * * * * * * *

## EX/IM TRAINING EVENTS & CONFERENCES

## 15. ECS Presents "ITAR/EAR Boot Camp: Achieving Compliance" on 8-9 Oct in Savannah, GA
(Source: ECS)

* What:  ECS ITAR/EAR Boot Camp:  Achieving Compliance
* When:  October 8-9, 2019
* Where: Westin Savannah Harbor Golf Resort & Spa
* Sponsor:  Export Compliance Solutions & Consulting (ECS)
* ECS Instructors:  Suzanne Palmer, Mal Zerden
* Register here or by calling 866-238-4018 or
email spalmer@exportcompliancesolutions.com.

back to top

* * * * * * * * * * * * * * * * * *

## 16. FCC Presents "U.S. Export Controls: The ITAR from a non-U.S. Perspective", 26 Nov, in Bruchem, the Netherlands
(Source: Full Circle Compliance, events@fullcirclecompliance.eu.)

This intermediate-level training course is specifically designed for compliance professionals and those in a similar role who aim to stay up-to-date with the latest International Traffic in Arms Regulations (ITAR) requirements that apply to non-U.S. transactions.

The course will cover multiple topics relevant for organizations outside the U.S. that are subject to the International Traffic in Arms Regulations, including but not limited to: the U.S. regulatory framework, key ITAR concepts and definitions, tips regarding classification and licensing, essential steps to ensure an ITAR compliant shipment, how to handle a (potential) non-compliance issue, recent enforcement trends, and the latest regulatory amendments, including the latest U.S. Export Control Reform developments. Participants will receive a certification upon completion of the training.

**Details**
* What: U.S. Export Controls: The International Traffic in Arms Regulations (ITAR) from a non-U.S. Perspective
* When: Tuesday, 26 Nov 2019
 - Welcome and Registration: 9.00 am - 9.30 am
 - Training hours: 9.30 am - 4.30 pm
* Where: Full Circle Compliance, Landgoed Groenhoven, Dorpsstraat 6, Bruchem, the Netherlands

WASHSTATEC003588

* Information & Registration: via the event page or contact FCC at
events@fullcirclecompliance.eu or + 31 (0)23 - 844 - 9046
* This course can be followed in combination with "U.S. Export Controls: The
Export Administration Regulations (EAR) from a non-U.S. Perspective" (27
Nov 2019), and/or "The ABC of Foreign Military Sales" (29 Nov 2019). Please
see the event page for our combo pricing deals.

back to top

* * * * * * * * * * * * * * * * * * * *

--

## EDITOR'S NOTES

## 17. Bartlett's Unfamiliar Quotations
(Source: Editor)

**Philip Stanhope**, 4th Earl of Chesterfield (22 Sep 1694 - 24 March 1773;
was a British statesman, diplomat, man of letters, and an acclaimed wit of his
time.)
 - *"Know the true value of time; snatch, seize, and enjoy every moment of it.
No idleness, no laziness, no procrastination: never put off till tomorrow what
you can do today."*
 - *"Good humor is the health of the soul, sadness is its poison."*

**Bruce Springsteen** (Bruce Frederick Joseph Springsteen; born September
23, 1949; is an American singer and songwriter, whose career that has
spanned over 50 years.  Springsteen has become known for his poetic and
socially conscious lyrics and lengthy, energetic stage performances, earning
the nickname "The Boss". He has recorded both rock albums and folk-
oriented works, and his lyrics often address the experiences and struggles of
working-class Americans.)
 - *"Talk about a dream, try to make it real."*
 - *"When it comes to luck, you make your own."*

**Monday is pun day.**
* I ordered 2,000 lbs. of Chinese soup. It was Won Ton.
* Two huge windmills in a field were talking, and one asks the other, "What
kind of music do you like?"  The other says, "I'm a big metal fan."
* A courtroom artist was arrested today for an unknown reason... details are
sketchy.

back to top

* * * * * * * * * * * * * * * * * * *

## 18. Are Your Copies of Regulations Up to Date?
(Source: Editor)

WASHSTATEC003589

The official versions of the following regulations are published annually in the U.S. Code of Federal Regulations (C.F.R.), but are updated as amended in the Federal Register.  The latest amendments to applicable regulations are listed below.

* DHS CUSTOMS REGULATIONS: 19 CFR, Ch. 1, Pts. 0-199.  Implemented by Dep't of Homeland Security, U.S. Customs & Border Protection.
  - Last Amendment: 5 Apr 2019:  5 Apr 2019: 84 FR 13499-13513: Civil Monetary Penalty Adjustments for Inflation

* DOC EXPORT ADMINISTRATION REGULATIONS (EAR): 15 CFR Subtit. B, Ch. VII, Pts. 730-774. Implemented by Dep't of Commerce, Bureau of Industry & Security.
- Last Amendment: 21 August 2019: 84 FR 43493-43501: Addition of Certain Entities to the Entity List and Revision of Entries on the Entity List and 84 FR 43487-43493: Temporary General License: Extension of Validity, Clarifications to Authorized Transactions, and Changes to Certification Statement Requirements

* DOC FOREIGN TRADE REGULATIONS (FTR): 15 CFR Part 30.  Implemented by Dep't of Commerce, U.S. Census Bureau.
  - Last Amendment: 24 Apr 2018: 83 FR 17749-17751: Foreign Trade Regulations (FTR): Clarification on the Collection and Confidentiality of Kimberley Process Certificates
  - HTS codes that are not valid for AES are available here.
  - The latest edition (4 Jul 2019) of *Bartlett's Annotated FTR* ("BAFTR"), by James E. Bartlett III, is available for downloading in Word format. The BAFTR is a 152-page Word document containing all FTR amendments, FTR Letters and Notices, a large Index, and approximately 250 footnotes containing case annotations, practice tips, Census/AES guidance, and explanations of the numerous errors contained in the official text. Subscribers receive revised copies in Microsoft Word every time the FTR is amended. The BAFTR is available by annual subscription from the Full Circle Compliance website.  BITAR subscribers are entitled to a 25% discount on subscriptions to the BAFTR. Government employees (including military) and employees of universities are eligible for a 50% discount on both publications at www.FullCircleCompiance.eu.

* DOD NATIONAL INDUSTRIAL SECURITY PROGRAM OPERATING MANUAL (NISPOM): DoD 5220.22-M. Implemented by Dep't of Defense.
  - Last Amendment: 18 May 2016: Change 2: Implement an insider threat program; reporting requirements for Cleared Defense Contractors; alignment with Federal standards for classified information systems; incorporated and cancelled Supp. 1 to the NISPOM (Summary here.)

* DOE ASSISTANCE TO FOREIGN ATOMIC ENERGY ACTIVITIES: 10 CFR Part 810; Implemented by Dep't of Energy, National Nuclear Security Administration, under the Atomic Energy Act of 1954.
  - Last Amendment: 23 Feb 2015: 80 FR 9359, comprehensive updating of regulations, updates the activities and technologies subject to specific

WASHSTATEC003590

authorization and DOE reporting requirements. This rule also identifies destinations with respect to which most assistance would be generally authorized and destinations that would require a specific authorization by the Secretary of Energy.

* DOE EXPORT AND IMPORT OF NUCLEAR EQUIPMENT AND MATERIAL; 10 CFR Part 110; Implemented by Dep't of Energy, U.S. Nuclear Regulatory Commission, under the Atomic Energy Act of 1954.
  - Last Amendment: 20 Nov 2018, 10 CFR 110.6, Re-transfers.

* DOJ ATF ARMS IMPORT REGULATIONS: 27 CFR Part 447-Importation of Arms, Ammunition, and Implements of War.  Implemented by Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives.
  - Last Amendment: 14 Mar 2019: 84 FR 9239-9240: Bump-Stock-Type Devices

* DOS INTERNATIONAL TRAFFIC IN ARMS REGULATIONS (ITAR): 22 C.F.R. Ch. I, Subch. M, Pts. 120-130. Implemented by Dep't of State, Directorate of Defense Trade Controls.
  - Last Amendment: 30 Aug 2019: 84 FR 45652-45654, Adjustment of Controls for Lower Performing Radar and Continued Temporary Modification of Category XI of the United States Munitions List.
  - The only available fully updated copy (latest edition: 30 August 2019) of the ITAR with all amendments is contained in *Bartlett's Annotated ITAR* ("BITAR"), by James E. Bartlett III. The BITAR is a 371-page Word document containing all ITAR amendments to date, plus a large Index, over 800 footnotes containing amendment histories, case annotations, practice tips, DDTC guidance, and explanations of errors in the official ITAR text. Subscribers receive updated copies of the BITAR in Word by email, usually revised within 24 hours after every ITAR amendment. The BITAR is available by annual subscription from the Full Circle Compliance website. BAFTR subscribers receive a $25 discount on subscriptions to the BITAR, please contact us to receive your discount code.

* DOT FOREIGN ASSETS CONTROL REGULATIONS (OFAC FACR): 31 CFR, Parts 500-599, Embargoes, Sanctions, Executive Orders.
Implemented by Dep't of Treasury, Office of Foreign Assets Control.
- Last Amendment: 9 Sep 2019: 84 FR 47121-47123 - Cuban Assets Control Regulations

* USITC HARMONIZED TARIFF SCHEDULE OF THE UNITED STATES (HTS, HTSA or HTSUSA), 1 Jan 2019: 19 USC 1202 Annex. Implemented by U.S. International Trade Commission. ("HTS" and "HTSA" are often seen as abbreviations for the Harmonized Tariff Schedule of the United States Annotated, shortened versions of "HTSUSA".)
  - Last Amendment: 4 Sep 2019: Harmonized System Update (HSU) 1915
  - HTS codes for AES are available here.
  - HTS codes that are not valid for AES are available here.

back to top

* * * * * * * * * * * * * * * * * *

## 19. Weekly Highlights of the Daily Bugle Top Stories
(Source: Editor)

Review last week's top Ex/Im stories in "Weekly Highlights of the Daily Bugle Top Stories" published  here.

back to top

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

_

## EDITORIAL POLICY

\* The Ex/Im Daily Update is a publication of FCC Advisory B.V., compiled by: Editor, James E. Bartlett III; and Assistant Editor, Alexander Witt. The Ex/Im Daily Update is emailed every business day to approximately 7,500 readers of changes to defense and high-tech trade laws and regulations.

We check the following sources daily: Federal Register, Congressional Record, Commerce/AES, Commerce/BIS, DHS/CBP, DOE/NRC, DOJ/ATF, DoD/DSS, DoD/DTSA, FAR/DFARS, State/DDTC, Treasury/OFAC, White House, and similar websites of Australia, Canada, U.K., and other countries and international organizations.  Due to space limitations, we do not post Arms Sales notifications, Denied Party listings, or Customs AD/CVD items.

\* RIGHTS & RESTRICTIONS: This email contains no proprietary, classified, or export-controlled information. All items are obtained from public sources or are published with permission of private contributors, and may be freely circulated without further permission, provided attribution is given to "*The Export/Import Daily Bugle* of (date)". Any further use of contributors' material, however, must comply with applicable copyright laws.  If you would to submit material for inclusion in the *The Export/Import Daily Update ("Daily Bugle")*, please find instructions here.

\* CAVEAT: The contents of this newsletter cannot be relied upon as legal or expert advice.  Consult your own legal counsel or compliance specialists before taking actions based upon news items or opinions from this or other unofficial sources.  If any U.S. federal tax issue is discussed in this communication, it was not intended or written by the author or sender for tax or legal advice, and cannot be used for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing, or recommending to another party any transaction or tax-related matter.

\* SUBSCRIPTIONS: Subscriptions are free.  Subscribe by completing the request form on the Full Circle Compliance website.

\* BACK ISSUES: An archive of Daily Bugle publications from 2005 to present is available HERE.

WASHSTATEC003592

\* TO UNSUBSCRIBE: Use the Safe Unsubscribe link below.

back to top

## Stay Connected



The Daily Bugle | www.FullCircleCompliance.us

–

Copyright © 2019. All Rights Reserved.

FCC Advisory B.V., Landgoed Groenhoven, Dorpsstraat 6, Bruchem, 5314
AE Netherlands

SafeUnsubscribe™ minarichcm@state.gov

Forward this email | Update Profile | About our service provider

Sent by jebartlett@fullcirclecompliance.eu

WASHSTATEC003593

Appointment

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 9/23/2019 7:44:05 PM |
| **To**: | Miller, Michael F [Millermf@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Paul, Joshua M [PaulJM@state.gov]; Kovar, JeffreyD [KovarJD@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Wrege, Karen M [WregeKM@state.gov] |
| **CC**: | Foster, John A [FosterJA2@state.gov]; Diggs, Yolanda M [DiggsYM@state.gov] |
| **Subject**: | Cats I-III Small Working Group prep meeting |
| **Location**: | ADAS Miller's Office |
| **Start**: | 9/26/2019 3:30:00 PM |
| **End**: | 9/26/2019 4:30:00 PM |
| **Show Time As**: | Tentative |
| **Recurrence**: | (none) |

Let's schedule the prep call at 1130-1230; that RSAT meeting is optional at any rate.

I'm working out with Karen Wrege the handling of the DTAG opening, etc...I will be going straight from SA-1 to the White House, so would only catch the back end of the DTAG.

MM

**Message**

| | |
|---|---|
| **From**: | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Sent**: | 9/23/2019 7:51:05 PM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject**: | RE: Draft AM Package on Cats I-III |
| **Attachments**: | 20190920 - National Security Justification Points.docx |

Joe – I've marked it up, ███████████████████████████████ Take a look. - Jeff

SBU - Legal

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 23, 2019 2:20 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Draft AM Package on Cats I-III

Jeff:  Attached please find the national security justification for the transfer.  As discussed, this will be a critical part of the AM package ████████████████████████████████ I've added my edits to the document, and it is ready for your review.  If you have any questions, please let me know.

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - Legal

**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Friday, September 20, 2019 11:10 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Draft AM Package on Cats I-III

Joe – thanks for putting all this together. I've made some initial edits to the AM ████████████████████████████████████████
██████████ Let's discuss. ██████████████████████████████████ - Jeff

SBU - Legal

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, September 19, 2019 2:39 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** Draft AM Package on Cats I-III

Jeff: Attached please find the draft AM for your review. ███████████████████████
The rest of the tabs are attached just for your awareness.

Thanks,
Joe

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State

Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

SBU - Legal

WASHSTATEC003596

Message

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 9/23/2019 8:09:10 PM |
| **To**: | Heidema, Sarah J [HeidemaSJ@state.gov]; Foster, John A [FosterJA2@state.gov]; Koelling, Richard W [KoellingRW@state.gov] |
| **CC**: | Miller, Michael F [Millermf@state.gov]; Hart, Robert L [HartRL@state.gov] |
| **Subject**: | RE: My comments on the rule |
| **Attachments**: | Tab 1 - Cat I-III Final FRN updated copy.docx |

Attached please find an updated clean copy. █████████████████████████
████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - Legal

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Monday, September 23, 2019 3:29 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** Re: My comments on the rule

Joe-

Can you take a look at the rule that Rob commented on?  If there is anything that we need to discuss ████████████
████ can we set up a call for tomorrow?  It would be good to get Commerce a rough draft ASAP

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 23, 2019 12:53:38 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** RE: My comments on the rule

████████████████████████████████████████
████████████████████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - Legal

**From:** Khawam, Joseph N
**Sent:** Monday, September 23, 2019 11:09 AM

**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** RE: My comments on the rule

Thanks, Sarah. Attached is a slightly updated version of the FRN. ████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████

I spoke to Liz Abraham this morning. A few items of note for you:

████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)


SBU - Legal

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Sunday, September 22, 2019 12:53 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** My comments on the rule

Here are my comments on the rule that Joe edited (thanks for that Joe!). ████████████████████
████████████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████ I would suggest a call tomorrow with Liz A to get it on their radar. Also, can Hart and or Alice K take a quick look at this tomorrow too?

I also touched base with OMB on this and they are aware and may come to the Thursday meeting

Message
_____

**From:**      Koelling, Richard W [KoellingRW@state.gov]
**Sent:**      9/23/2019 8:49:54 PM
**To:**        Miller, Michael F [Millermf@state.gov]
**CC:**        Heidema, Sarah J [HeidemaSJ@state.gov]; Diggs, Yolanda M [DiggsYM@state.gov]; Khawam, Joseph N
               [KhawamJN@state.gov]
**Subject:**   Re: Prep Meeting for Cats I-III


Mike, will reschedule this now that it is official.

Get Outlook for iOS
_____

**From:** Koelling, Richard W
**Sent:** Monday, September 23, 2019 4:28:24 PM
**To:** Miller, Michael F <Millermf@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Diggs, Yolanda M <DiggsYM@state.gov>; Khawam, Joseph N
<KhawamJN@state.gov>
**Subject:** Re: Prep Meeting for Cats I-III

Mike, will do so if that happens. Will keep an eye on this one. As a note, I'm speaking at NDU tomorrow in
Sarah's stead. Will be out from twelve on.

Get Outlook for iOS
_____

**From:** Miller, Michael F <Millermf@state.gov>
**Sent:** Monday, September 23, 2019 3:58:53 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Diggs, Yolanda M <DiggsYM@state.gov>; Khawam, Joseph N
<KhawamJN@state.gov>
**Subject:** RE: Prep Meeting for Cats I-III

███████████████████████████████████████████████████████████████████████████


SBU
_____
**From:** Miller, Michael F
**Sent:** Monday, September 23, 2019 3:38 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Diggs, Yolanda M <DiggsYM@state.gov>; Khawam, Joseph N
<KhawamJN@state.gov>
**Subject:** RE: Prep Meeting for Cats I-III

Yes, please do.  Let's schedule the prep call at 1130-1230; that RSAT meeting is optional at any rate.

I'm working out with Karen Wrege the handling of the DTAG opening, etc...I will be going straight from SA-1 to the White
House, so would only catch the back end of the DTAG.

MM

WASHSTATEC003599

SBU

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, September 23, 2019 2:37 PM
**To:** Miller, Michael F <Millermf@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Diggs, Yolanda M <DiggsYM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Prep Meeting for Cats I-III

Mike,

███████████████████████████████████ She has asked if it is possible that we set up a one hour prep meeting from 1130-1230 that morning. This would require you abbreviating the Team Lead meeting you have with RSAT that morning, plus turning the proposed prep session into a working lunch.

If you're okay with this change, I will work with Yolanda to make this happen. Since John and I are out that day, attendees would be you, Sarah, and Joe and/or Jeff. Would you prefer I add Josh in the mix?

v/r, Rick

SBU

Message
_____

**From**: Khawam, Joseph N [KhawamJN@state.gov]
**Sent**: 9/23/2019 8:54:47 PM
**To**: Koelling, Richard W [KoellingRW@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]
**CC**: Miller, Michael F [Millermf@state.gov]; Foster, John A [FosterJA2@state.gov]
**Subject**: RE: Cats I-III
**Attachments**: 20190920 - National Security Justification Points.docx


Jeff and I made some edits to the national security points. There are a few open holes, but they hopefully shouldn't be difficult for DDTC to plug. Happy to discuss if you have any questions. Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)


SBU
_____
**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, September 23, 2019 2:40 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** FW: Cats I-III

Update from BIS: BIS revised rule coming our way this afternoon. Opining on license exception details below.

v/r, Rick


SBU
_____
**From:** Koelling, Richard W
**Sent:** Monday, September 23, 2019 2:38 PM
**To:** 'Timothy Mooney' <Timothy.Mooney@bis.doc.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III

Tim, many thanks. I look forward to seeing the draft.

Regards, Rick


SBU
_____
**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Monday, September 23, 2019 2:20 PM
**To:** Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Cats I-III



WASHSTATEC003602



WASHSTATEC003603



WASHSTATEC003604



Tim

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Friday, September 20, 2019 5:24 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Cats I-III

Tim,

WASHSTATEC003605

Thanks for the update.  We appreciate it.  Have a good weekend.

Best,
John


Unclassified

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, September 20, 2019 5:17 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III



**From:** Timothy Mooney
**Sent:** Friday, September 20, 2019 12:12 PM
**To:** 'Koelling, Richard W' <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III



**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, September 20, 2019 12:05 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III

Tim,
Thank you, my friend.

Cheers,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

WASHSTATEC003606

SBU

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, September 20, 2019 10:48 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III



**From:** Timothy Mooney
**Sent:** Friday, September 20, 2019 9:40 AM
**To:** 'Koelling, Richard W' <KoellingRW@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III

Rick,

I am back today ███████████████████ In addition to email, I can be reached at ███████████ today.

Are you in today?

Tim

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, September 19, 2019 1:13 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>
**Subject:** Cats I-III

Tim,
When you have time after your return next week, would appreciate an opportunity to touch base with you on the subject issue. Adding John Foster from our Compliance shop.

Thanks,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

WASHSTATEC003607

SBU

WASHSTATEC003608

Appointment

**From:**        Miller, Michael F [Millermf@state.gov]
**Sent:**        9/23/2019 8:58:42 PM
**To**:          Biery, Meghan N. EOP/NSC [Meghan.N.Biery@nsc.eop.gov]

**Subject:**     Accepted: CATS I-III Small Group Sync
**Location:**    WHSR Exec

**Start:**       9/27/2019 2:30:00 PM
**End:**         9/27/2019 3:50:00 PM
**Show Time As:** Busy


**Recurrence:**   (none)

WASHSTATEC003609

Message
_____

**From:**      Kovar, Jeffrey D [KovarJD@state.gov]
**Sent:**      9/23/2019 9:55:50 PM
**To:**        Khawam, Joseph N [KhawamJN@state.gov]
**Subject:**   RE: Draft AM Package on Cats I-III


Thanks Joe


SBU - Legal
_____
**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 23, 2019 4:50 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Draft AM Package on Cats I-III

Thanks, Jeff.  Looks great.  I made a few tweaks ███████ but they don't require your re-review.  I'll send back now to clients.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)


SBU - Legal
_____
**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Monday, September 23, 2019 3:51 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Draft AM Package on Cats I-III

Joe – I've marked it up, ██████████████████████████████ Take a look.  - Jeff


SBU - Legal
_____
**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 23, 2019 2:20 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Draft AM Package on Cats I-III

Jeff:  Attached please find the national security justification for the transfer.  As discussed, this will be a critical part of the AM package ██████████████████████████████. I've added my edits to the document, and it is ready for your review.  If you have any questions, please let me know.

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)


SBU - Legal
_____
**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Friday, September 20, 2019 11:10 AM

**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Draft AM Package on Cats I-III

Joe – thanks for putting all this together. I've made some initial edits to the AM, ██████████████████ ████████████ Let's discuss. ████████████████████████████████ ██████████ - Jeff

SBU - Legal

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, September 19, 2019 2:39 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** Draft AM Package on Cats I-III

Jeff: Attached please find the draft AM for your review. ██████████████████████████████████
The rest of the tabs are attached just for your awareness.

Thanks,
Joe

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

████████████████████████████

SBU - Legal

Appointment

**From**: Koelling, Richard W [KoellingRW@state.gov]
**Sent**: 9/24/2019 11:44:20 AM
**To**: Biery, Meghan N. EOP/NSC [Meghan.N.Biery@nsc.eop.gov]

**Subject**: Tentative: CATS I-III Small Group Sync
**Location**: WHSR Exec

**Start**: 9/27/2019 2:30:00 PM
**End**: 9/27/2019 3:50:00 PM
**Show Time As**: Busy

**Recurrence**: (none)

Appointment

**From**:          Koelling, Richard W [KoellingRW@state.gov]
**Sent**:          9/24/2019 1:32:22 PM
**To**:            Ross, Paula E [RossPE@state.gov]

**Subject**:       Cats I-III Small Working Group prep meeting
**Location**:      ADAS Miller's Office

**Start**:         9/27/2019 1:00:00 PM
**End**:           9/27/2019 2:00:00 PM
**Show Time As**:  Tentative

**Recurrence**:    (none)


SWG now scheduled for 1030. Per ADAS request, moving this prep meeting to 0900.

- RK

Let's schedule the prep call at 1130-1230; that RSAT meeting is optional at any rate.

I'm working out with Karen Wrege the handling of the DTAG opening, etc...I will be going straight from SA-1 to the White House, so would only catch the back end of the DTAG.

MM

WASHSTATEC003613

Appointment

**From**:       Koelling, Richard W [KoellingRW@state.gov]
**Sent**:       9/24/2019 1:32:22 PM
**To**:         Threat, Demetrice J [ThreatDJ@state.gov]

**Subject**:    Cats I-III Small Working Group prep meeting
**Location**:   ADAS Miller's Office

**Start**:      9/27/2019 1:00:00 PM
**End**:        9/27/2019 2:00:00 PM
**Show Time As**: Tentative


**Recurrence**:  (none)


SWG now scheduled for 1030. Per ADAS request, moving this prep meeting to 0900.

-    RK

Let's schedule the prep call at 1130-1230; that RSAT meeting is optional at any rate.

I'm working out with Karen Wrege the handling of the DTAG opening, etc...I will be going straight from SA-1 to the White House, so would only catch the back end of the DTAG.

MM

WASHSTATEC003614

Appointment

**From:**      Khawam, Joseph N [KhawamJN@state.gov]
**Sent**:       9/24/2019 1:39:51 PM
**To**:         Koelling, Richard W [KoellingRW@state.gov]

**Subject**:    Accepted: Cats I-III Small Working Group prep meeting
**Location**:   ADAS Miller's Office

**Start**:      9/27/2019 1:00:00 PM
**End**:        9/27/2019 2:00:00 PM
**Show Time As**: Busy

**Recurrence**:   (none)

Appointment

---

**From**:        Heidema, Sarah J [HeidemaSJ@state.gov]
**Sent**:        9/25/2019 12:07:55 AM
**To**:          Koelling, Richard W [KoellingRW@state.gov]

**Subject**:     Accepted: Cats I-III Small Working Group prep meeting
**Location**:    ADAS Miller's Office

**Start**:       9/27/2019 1:00:00 PM
**End**:         9/27/2019 2:00:00 PM
**Show Time As**: Busy


**Recurrence**:    (none)

WASHSTATEC003616

Appointment

**From**:      Koelling, Richard W [KoellingRW@state.gov]
**Sent**:      9/25/2019 12:19:32 PM
**To**:      Miller, Michael F [Millermf@state.gov]; Hart, Robert L [HartRL@state.gov]

**Subject**:      Meeting with Rob Hart
**Location**:      DAS Office

**Start**:      9/27/2019 5:30:00 PM
**End**:      9/27/2019 6:00:00 PM
**Show Time As**: Tentative

**Recurrence**:      (none)

Fly By to discuss:



Cat I-III (if necessary)

Message

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 9/25/2019 3:59:47 PM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject**: | FW: Cats I-III |

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Monday, September 23, 2019 2:20 PM
**To:** Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Cats I-III

Rick and John,



WASHSTATEC003618



WASHSTATEC003619



WASHSTATEC003620



WASHSTATEC003621



Tim

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Friday, September 20, 2019 5:24 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Cats I-III

Tim,

Thanks for the update.  We appreciate it.  Have a good weekend.

Best,
John


Unclassified
**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, September 20, 2019 5:17 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III



**From:** Timothy Mooney
**Sent:** Friday, September 20, 2019 12:12 PM
**To:** 'Koelling, Richard W' <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III



**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, September 20, 2019 12:05 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III

Tim,
Thank you, my friend.

Cheers,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


SBU

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, September 20, 2019 10:48 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III

**From:** Timothy Mooney
**Sent:** Friday, September 20, 2019 9:40 AM
**To:** 'Koelling, Richard W' <KoellingRW@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III

Rick,

I am back today ███████████████████ In addition to email, I can be reached at ████████ today.

Are you in today?

WASHSTATEC003623

Tim

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, September 19, 2019 1:13 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>
**Subject:** Cats I-III

Tim,
When you have time after your return next week, would appreciate an opportunity to touch base with you on the subject issue. Adding John Foster from our Compliance shop.

Thanks,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 9/25/2019 4:04:59 PM |
| **To:** | Timothy Mooney [Timothy.Mooney@bis.doc.gov]; Foster, John A [FosterJA2@state.gov] |
| **Subject:** | RE: Cats I-III |

.

Tim,
Understand and can appreciate the caution. Thank you!

Rick

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Wednesday, September 25, 2019 12:03 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III



**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, September 25, 2019 11:59 AM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III

Tim,
Were you able to provide a copy?

Rick

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Monday, September 23, 2019 2:20 PM
**To:** Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Cats I-III



in carrier.

WASHSTATEC003626



WASHSTATEC003627



WASHSTATEC003628



Tim

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Friday, September 20, 2019 5:24 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Cats I-III

Tim,

Thanks for the update.  We appreciate it.  Have a good weekend.

Best,
John


Unclassified

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, September 20, 2019 5:17 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III



**From:** Timothy Mooney
**Sent:** Friday, September 20, 2019 12:12 PM
**To:** 'Koelling, Richard W' <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III



**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, September 20, 2019 12:05 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III

Tim,
Thank you, my friend.

Cheers,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

WASHSTATEC003630

SBU

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, September 20, 2019 10:48 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III



**From:** Timothy Mooney
**Sent:** Friday, September 20, 2019 9:40 AM
**To:** 'Koelling, Richard W' <KoellingRW@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>
**Subject:** RE: Cats I-III

Rick,

I am back today ██████████████ In addition to email, I can be reached at ██████████ today.

Are you in today?

Tim

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, September 19, 2019 1:13 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>
**Subject:** Cats I-III

Tim,
When you have time after your return next week, would appreciate an opportunity to touch base with you on the subject issue. Adding John Foster from our Compliance shop.

Thanks,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU

WASHSTATEC003632

Message

| | |
|---|---|
| **From**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent**: | 9/25/2019 5:04:05 PM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **CC**: | Koelling, Richard W [KoellingRW@state.gov]; Hart, Robert L [HartRL@state.gov]; Memos, Nicholas [MemosNI@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **Subject**: | National security determination |
| **Attachments**: | 20190920 - National Security Justification Points copy.docx |

Joe-

Please see my comments on the attached ███████████████████████ I'd like memos and Hart to review this too.  Happy to discuss on the phone if it's easier

Message
_____

**From:**      Memos, Nicholas [MemosNI@state.gov]
**Sent:**      9/25/2019 6:29:21 PM
**To:**        Khawam, Joseph N [KhawamJN@state.gov]; Hart, Robert L [HartRL@state.gov]; Heidema, Sarah J
               [HeidemaSJ@state.gov]
**CC:**        Koelling, Richard W [KoellingRW@state.gov]; Miller, Michael F [Millermf@state.gov]
**Subject:**   RE: National security determination
**Attachments:** 20190920 - National Security Justification Points copy.docx


My inputs in attached.

Thanks.

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, September 25, 2019 1:46 PM
**To:** Hart, Robert L <HartRL@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Miller, Michael F
<Millermf@state.gov>
**Subject:** RE: National security determination

Thanks, Sarah and Rob.  After Nick reviews ███████████████████████████████
██████████████████ I can pick up on this paper.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

**From:** Hart, Robert L <HartRL@state.gov>
**Sent:** Wednesday, September 25, 2019 1:25 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Miller, Michael F
<Millermf@state.gov>
**Subject:** Re: National security determination

██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████

Rob Hart

202.736.9221 | hartrl@state.gov
_____

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>

**Sent:** Wednesday, September 25, 2019 7:04:05 PM

**To:** Khawam, Joseph N <KhawamJN@state.gov>

**Cc:** Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>; Memos, Nicholas

<MemosNI@state.gov>; Miller, Michael F <Millermf@state.gov>

**Subject:** National security determination

Joe-

Please see my comments on the attached. ██████████████████████████ I'd like memos and Hart to
review this too.  Happy to discuss on the phone if it's easier

Appointment

**From**:      Celin, Liliana E [CelinLE@state.gov]
**Sent**:      9/25/2019 9:04:04 PM
**To**:        Biery, Meghan N. EOP/NSC [Meghan.N.Biery@nsc.eop.gov]

**Subject**:   Accepted: CATS I-III Small Group Sync
**Location**:  WHSR Exec

**Start**:     9/27/2019 2:30:00 PM
**End**:       9/27/2019 3:50:00 PM
**Show Time As**: Busy


**Recurrence**:   (none)

Message

---

**From:**        Khawam, Joseph N [KhawamJN@state.gov]
**Sent:**        9/25/2019 10:08:45 PM
**To:**          Kovar, Jeffrey D [KovarJD@state.gov]
**Subject:**     Updated AM and National Security Justification for Cats I-III
**Attachments:** AM for T - USML Cat I-III Final FRN v2.docx; Tab 7 - National Security Justification Points v1.docx

Hi Jeff:  Attached please find an updated AM and national security justification tab.  I accepted all previous edits to the AM so that the track changes reflect the material DOJ recommended adding.   DDTC didn't have any edits or comments to the prior version of the AM.

The national security justification tab reflects DDTC's edits and comments.  They were mostly minor, ████████████
███████████████████████████████████████████████████████████████████████████████████████████

Please let me know if you have any further edits or comments to these documents at this time.

Thanks,
Joe

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov
██████████████████████████

SBU - DELIBERATIVE PROCESS

Message

**From**:       Hamilton, Catherine E [HamiltonCE@state.gov]
**Sent**:       9/26/2019 10:57:01 AM
**To**:         Koelling, Richard W [KoellingRW@state.gov]
**Subject**:    RE: 3 Urgent Items



SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, September 25, 2019 2:48 PM
**To:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Subject:** 3 Urgent Items

Cat,
Three items I need to bring to your attention.



v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

Message
___

**From:** Kovar, Jeffrey D [KovarJD@state.gov]
**Sent:** 9/26/2019 3:16:08 PM
**To:** Khawam, Joseph N [KhawamJN@state.gov]
**Subject:** RE: Updated AM and National Security Justification for Cats I-III
**Attachments:** Tab 7 - National Security Justification Points v1.docx; AM for T - USML Cat I-III Final FRN v2.docx

Joe – the package looks good.  I made a few edits and comments on both.  Thanks - Jeff

SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, September 25, 2019 6:09 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** Updated AM and National Security Justification for Cats I-III

Hi Jeff:  Attached please find an updated AM and national security justification tab.  I accepted all previous edits to the AM so that the track changes reflect the material DOJ recommended adding.   DDTC didn't have any edits or comments to the prior version of the AM.

The national security justification tab reflects DDTC's edits and comments.  They were mostly minor. ▮▮▮▮▮▮▮▮

Please let me know if you have any further edits or comments to these documents at this time.

Thanks,
Joe

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov
▮▮▮▮▮▮▮▮

SBU - DELIBERATIVE PROCESS

Message

**From**:        Memos, Nicholas [MemosNI@state.gov]
**Sent**:        9/26/2019 6:06:56 PM
**To**:          Hart, Robert L [HartRL@state.gov]; Koelling, Richard W [KoellingRW@state.gov]
**Subject**:     Cats I-III meeting

Rob, Rick,

Susan Daoussi requested, on behalf of Mike Laychak, the link for submitting information for Friday's Cats I-III meeting at the WH.  Do you have it?

Thanks,
Nick

<div align="center">UNCLASSIFIED</div>

Message

| | |
|---|---|
| **From:** | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent:** | 9/27/2019 12:48:50 PM |
| **To:** | Garcia, Mariel C [GarciaMC3@state.gov] |
| **Subject:** | FW: 1-3 status |
| **Attachments:** | AM for T - USML Cat I-III Final FRN v2.docx; Tab 7 - National Security Justification Points v1.docx |

SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, September 26, 2019 11:38 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** RE: 1-3 status

Attached please find the updated AM and national security tab.  The edits to the AM and tabs reflect suggestions by DOJ, as mentioned below.  I've also updated the national security tab to address Sarah's comments.  Jeff reviewed both of these documents and provided additional edits.  Please note, however, that we didn't send any of the updated documents to the L/FO to review given that the effective date section in the rule is still in flux, but Jeff indicated that L/FO must clear before this package is submitted.   I'll add these documents as new versions to the RMA folder where I'm saving all the documents in the package.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Thursday, September 26, 2019 6:55 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** Re: 1-3 status

Thanks much guys for the update and all the work!
With Rick out I may try and follow up with DOC staff on the transition issue...

Thanks

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, September 25, 2019 1:58:18 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** RE: 1-3 status

My thoughts in red below.  Thanks.

Joseph N. Khawam

WASHSTATEC003641

Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Wednesday, September 25, 2019 1:15 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** 1-3 status

Message

| | |
|---|---|
| **From:** | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent:** | 9/27/2019 12:49:32 PM |
| **To:** | Garcia, Mariel C [GarciaMC3@state.gov] |
| **Subject:** | FW: My comments on the rule |
| **Attachments:** | Tab 1 - Cat I-III Final FRN updated copy.docx |

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 23, 2019 4:09 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** RE: My comments on the rule

Attached please find an updated clean copy. ████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - Legal

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Monday, September 23, 2019 3:29 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** Re: My comments on the rule

Joe-

Can you take a look at the rule that Rob commented on?  If there is anything that we need to discuss ████████████
████  can we set up a call for tomorrow?  It would be good to get Commerce a rough draft ASAP

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 23, 2019 12:53:38 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** RE: My comments on the rule

████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - Legal

**From:** Khawam, Joseph N
**Sent:** Monday, September 23, 2019 11:09 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** RE: My comments on the rule

Thanks, Sarah.  Attached is a slightly updated version of the FRN. ██████████████

██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████

I spoke to Liz Abraham this morning.  A few items of note for you:

██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - Legal

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Sunday, September 22, 2019 12:53 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** My comments on the rule

Here are my comments on the rule that Joe edited (thanks for that Joe!). ██████████████

██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████   I would suggest a call tomorrow with Liz A to get it on their radar.  Also, can Hart and or Alice K take a quick look at this tomorrow too?

I also touched base with OMB on this and they are aware and may come to the Thursday meeting

WASHSTATEC003645

Appointment

**From**:          Heidema, Sarah J [HeidemaSJ@state.gov]
**Sent**:          9/27/2019 12:50:42 PM
**To**:            Biery, Meghan N. EOP/NSC [Meghan.N.Biery@nsc.eop.gov]

**Subject**:       Accepted: CATS I-III Small Group Sync
**Location**:      WHSR Exec

**Start**:         9/27/2019 2:30:00 PM
**End**:           9/27/2019 3:50:00 PM
**Show Time As**:  Busy


**Recurrence**:    (none)

Message
_____

**From:** Miller, Michael F [Millermf@state.gov]
**Sent:** 9/27/2019 4:38:17 PM
**To:** Wrege, Karen M [WregeKM@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Paul,Joshua M [PaulJM@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]
**CC:** Foster, John A [FosterJA2@state.gov]; Diggs, Yolanda M [DiggsYM@state.gov]
**Subject:** RE: Cats I-III Small Working Group prep meeting


Thanks Karen!  Appreciate you putting this to email to keep us all aligned.

MM


SBU - DELIBERATIVE PROCESS

**From:** Wrege, Karen M <WregeKM@state.gov>
**Sent:** Friday, September 27, 2019 10:24 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>; Diggs, Yolanda M <DiggsYM@state.gov>
**Subject:** RE: Cats I-III Small Working Group prep meeting

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Best,
Karen




-----Original Appointment-----
**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, September 23, 2019 3:44 PM
**To:** Koelling, Richard W; Miller, Michael F; Heidema, Sarah J; Paul, Joshua M; Kovar, Jeffrey D; Khawam, Joseph N; Wrege, Karen M
**Cc:** Foster, John A; Diggs, Yolanda M
**Subject:** Cats I-III Small Working Group prep meeting
**When:** Friday, September 27, 2019 9:00 AM-10:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** ADAS Miller's Office

SWG now scheduled for 1030. Per ADAS request, moving this prep meeting to 0900.

- RK

Let's schedule the prep call at 1130-1230; that RSAT meeting is optional at any rate.

I'm working out with Karen Wrege the handling of the DTAG opening, etc…I will be going straight from SA-1 to the White House, so would only catch the back end of the DTAG.

MM

SBU - DELIBERATIVE PROCESS

Message

---

**From:**     Khawam, Joseph N [KhawamJN@state.gov]
**Sent:**     9/27/2019 4:56:29 PM
**To:**     Padgett, Katherine P [PadgettKP@state.gov]
**Subject:**     RE: Cats I-III Update


Sounds good.  I can swing by on my way back.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)


UNCLASSIFIED

**From:** Padgett, Katherine P <PadgettKP@state.gov>
**Sent:** Friday, September 27, 2019 12:54 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Cats I-III Update

Sure – do you want to plan for after your meeting ends?  I'm free so just call or swing by whenever you're free.

**Katherine Penberthy Padgett**
Attorney Adviser, L/LFA
Office of the Legal Adviser
U.S. Department of State
Washington, DC 20520
(202) 647-7896


UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Friday, September 27, 2019 12:51 PM
**To:** Padgett, Katherine P <PadgettKP@state.gov>
**Subject:** Cats I-III Update

Hi Kat:  Would you have 15 mins for a quick update on Cats I-III today?  I thought it might be good to loop you in on the current state of play given the congressional piece.  I have a meeting from 2-3 pm, but I'm free otherwise.

Thanks,
Joe

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

████████████████████████

UNCLASSIFIED

WASHSTATEC003650

Message

| | |
|---|---|
| **From**: | Wall, Amanda J [WallAJ@state.gov] |
| **Sent**: | 9/29/2019 8:23:24 PM |
| **To**: | Legal-All-Employees-DL [Legal-All-Employees-DL@state.gov] |
| **Subject**: | L Weekly Lookaheads - Week of Sept. 30, 2019 |
| **Attachments**: | L Weekly Lookaheads - Sept 29 2019 (1).docx |

All,

Lookaheads for the coming week are attached.  Have a great rest of the weekend.

Best,
Amanda

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 9/30/2019 12:42:48 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **CC:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Foster, John A [FosterJA2@state.gov] |
| **Subject:** | FW: 1-3 status |
| **Attachments:** | AM for T - USML Cat I-III Final FRN v2.docx; Tab 7 - National Security Justification Points v1.docx |

Joe,

When you have an opportunity, is there a possibility of chatting with you soonest to get a read out of last Friday's meeting? I would sincerely appreciate any time you can afford me.

V/R,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, September 26, 2019 11:38 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** RE: 1-3 status

Attached please find the updated AM and national security tab. The edits to the AM and tabs reflect suggestions by DOJ, as mentioned below. I've also updated the national security tab to address Sarah's comments. Jeff reviewed both of these documents and provided additional edits. Please note, however, that we didn't send any of the updated documents to the L/FO to review given that the effective date section in the rule is still in flux, but Jeff indicated that L/FO must clear before this package is submitted. I'll add these documents as new versions to the RMA folder where I'm saving all the documents in the package. Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Thursday, September 26, 2019 6:55 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** Re: 1-3 status

Thanks much guys for the update and all the work!

With Rick out I may try and follow up with DOC staff on the transition issue...

Thanks

---

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, September 25, 2019 1:58:18 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** RE: 1-3 status

My thoughts in red below.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Wednesday, September 25, 2019 1:15 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** 1-3 status

I just wanted to check and see where a few things stand.  Working off my phone means I miss stuff and I know there are sidebars going on and I'm out of the office:



WASHSTATEC003654

Message

| | |
|---|---|
| **From:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent:** | 9/30/2019 1:58:33 PM |
| **To:** | Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | FW: Cats I-III Small Working Group prep meeting |

Please see Karen's email below. ███████████████████████████████
███████ Thanks!

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Wrege, Karen M <WregeKM@state.gov>
**Sent:** Friday, September 27, 2019 10:24 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>; Diggs, Yolanda M <DiggsYM@state.gov>
**Subject:** RE: Cats I-III Small Working Group prep meeting

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Best,
Karen

-----Original Appointment-----
**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, September 23, 2019 3:44 PM
**To:** Koelling, Richard W; Miller, Michael F; Heidema, Sarah J; Paul, Joshua M; Kovar, Jeffrey D; Khawam, Joseph N; Wrege, Karen M
**Cc:** Foster, John A; Diggs, Yolanda M
**Subject:** Cats I-III Small Working Group prep meeting
**When:** Friday, September 27, 2019 9:00 AM-10:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** ADAS Miller's Office

SWG now scheduled for 1030. Per ADAS request, moving this prep meeting to 0900.

-     RK

Let's schedule the prep call at 1130-1230; that RSAT meeting is optional at any rate.

I'm working out with Karen Wrege the handling of the DTAG opening, etc...I will be going straight from SA-1 to the White House, so would only catch the back end of the DTAG.

MM

SBU - DELIBERATIVE PROCESS

WASHSTATEC003656

Message

| | |
|---|---|
| **From**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent**: | 9/30/2019 3:17:31 PM |
| **To**: | Wrege, Karen M [WregeKM@state.gov] |
| **CC**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject**: | RE: Cats I-III Small Working Group prep meeting |

Karen,

Christine

SBU - DELIBERATIVE PROCESS

**From:** Wrege, Karen M <WregeKM@state.gov>
**Sent:** Friday, September 27, 2019 10:24 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>; Diggs, Yolanda M <DiggsYM@state.gov>
**Subject:** RE: Cats I-III Small Working Group prep meeting

Best,
Karen

-----Original Appointment-----
**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, September 23, 2019 3:44 PM
**To:** Koelling, Richard W; Miller, Michael F; Heidema, Sarah J; Paul, Joshua M; Kovar, Jeffrey D; Khawam, Joseph N; Wrege, Karen M
**Cc:** Foster, John A; Diggs, Yolanda M
**Subject:** Cats I-III Small Working Group prep meeting
**When:** Friday, September 27, 2019 9:00 AM-10:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** ADAS Miller's Office

SWG now scheduled for 1030. Per ADAS request, moving this prep meeting to 0900.

-   RK

WASHSTATEC003657

Let's schedule the prep call at 1130-1230; that RSAT meeting is optional at any rate.

I'm working out with Karen Wrege the handling of the DTAG opening, etc...I will be going straight from SA-1 to the White House, so would only catch the back end of the DTAG.

MM

SBU - DELIBERATIVE PROCESS

WASHSTATEC003658

**Message**

| | |
|---|---|
| **From:** | McKeeby, David I [McKeebyDI@state.gov] |
| **Sent:** | 9/30/2019 3:35:20 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov]; Hart, Robert L [HartRL@state.gov]; Noonan, Michael J [NoonanMJ@state.gov] |
| **CC:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Paul, Joshua M [PaulJM@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **Subject:** | For Review: COB TODAY: Cat I-III Releases |
| **Attachments:** | 0930 INTERAGENCY TPs--CATS I-III.docx; 0514 FINAL -- CATS I-III MYTHS V FACTS.docx |

Colleagues:

 CPA wanted to dust off our Cats I-III interagency talking points and the Myths and Facts sheet for any updates.

Would appreciate a review by **COB TODAY** before we send these out for wider intra- and interagency review.

Best,
Dave

———————————————————
**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

Phone:    202.647.8757        | BlackBerry: ▇▇▇▇▇▇▇
e-mail:    *mckeebydi@state.gov* |  Web: *PM Homepage* |Twitter: *@StateDeptPM*

Stay connected with *State.gov*:

UNCLASSIFIED

| Message | |
|---|---|
| **From:** | Miller, Michael F [Millermf@state.gov] |
| **Sent:** | 9/30/2019 3:36:13 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov] |
| **Subject:** | RE: Cats I-III Tasker |

Thanks Rick – ██████████████████████████████████████████████
████████████████████████████████████████   I'll go have a look on C-Net

---

UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, September 30, 2019 11:31 AM
**To:** Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** Cats I-III Tasker

Mike, Sarah,
Having been out last two days, I'm playing catch-up with Cats I-III, which Joe graciously gave me the rundown on this morning. ██████████████████████ we have a tasker for presenting T a paper on "Transfer of Certain Articles to Commerce." ███████████
██████████████
Please advise as to how you wish for me to proceed.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

---

UNCLASSIFIED

**From:** Shin, Jae E <ShinJE@state.gov>
**Sent:** Monday, September 30, 2019 10:47 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** Tasker

Are you guys tracking a tasker on Classnet?  Policy appears to have equities.  Thank you,

Jae Shin
Director
Office of Defense Trade Controls Compliance
U.S. Department of State
202-632-2107

---

UNCLASSIFIED

Message

**From**:      Hart, Robert L [HartRL@state.gov]
**Sent**:      9/30/2019 6:47:13 PM
**To**:        Koelling, Richard W [KoellingRW@state.gov]
**Attachments**:  Issue Paper 18 - Export Control and Cats I-III v.1.docx


Rob Hart

202.736.9221 | hartrl@state.gov

WASHSTATEC003661

Message
_____

| | |
|---|---|
| **From:** | Wubneh, Engda M [WubnehEM@state.gov] |
| **Sent:** | 9/30/2019 8:22:18 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Shin, Jae E [ShinJE@state.gov]; Wrege, Karen M [WregeKM@state.gov]; Cressey, Laura E [CresseyLE@state.gov]; Paul, JoshuaM [PaulJM@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov] |
| **Subject:** | !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III |
| **Attachments:** | 20190930 IP- Transfer of Certain Controls to Commerce - Cats I-III.docx |

All,

Apologies for the short fuse clearance on this paper to T, but please clear by 11am Tuesday, October 4. It needs to go to the PM/FO asap tomorrow.

Thanks,
Engda

**Engda Wubneh**
Regulatory and Multilateral Affairs
Office of Defense Trade Controls Policy
Bureau of Political-Military Affairs
U.S. Department of State
Desk: 202-663-1809
Email: wubnehem@state.gov

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Cressey, Laura E [CresseyLE@state.gov] |
| **Sent:** | 9/30/2019 9:46:37 PM |
| **To:** | Wubneh, Engda M [WubnehEM@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Shin, Jae E [ShinJE@state.gov]; Wrege, Karen M [WregeKM@state.gov]; Paul, Joshua M [PaulJM@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov] |
| **Subject:** | RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III |

Clear

---

SENSITIVE BUT UNCLASSIFIED

**From:** Wubneh, Engda M <WubnehEM@state.gov>
**Sent:** Monday, September 30, 2019 4:22 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Cressey, Laura E <CresseyLE@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

All,

Apologies for the short fuse clearance on this paper to T, but please clear by 11am Tuesday, October 4. It needs to go to the PM/FO asap tomorrow.

Thanks,
Engda

**Engda Wubneh**
Regulatory and Multilateral Affairs
Office of Defense Trade Controls Policy
Bureau of Political-Military Affairs
U.S. Department of State
Desk: 202-663-1809
Email: wubnehem@state.gov

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent:** | 9/30/2019 9:54:19 PM |
| **To:** | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Subject:** | FW: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III |
| **Attachments:** | 20190930 IP- Transfer of Certain Controls to Commerce - Cats I-III.docx |

Hi Jeff:  Attached please find the IP I mentioned on the phone. ████████████████
████████████████████████████████████████

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Wubneh, Engda M <WubnehEM@state.gov>
**Sent:** Monday, September 30, 2019 4:22 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Cressey, Laura E <CresseyLE@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

All,

Apologies for the short fuse clearance on this paper to T, but please clear by 11am Tuesday, October 4. It needs to go to the PM/FO asap tomorrow.

Thanks,
Engda

**Engda Wubneh**
Regulatory and Multilateral Affairs
Office of Defense Trade Controls Policy
Bureau of Political-Military Affairs
U.S. Department of State
Desk: 202-663-1809
Email: wubnehem@state.gov

SENSITIVE BUT UNCLASSIFIED

**Message**

| | |
|---|---|
| **From:** | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Sent:** | 9/30/2019 10:29:57 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III |
| **Attachments:** | 20190930 IP- Transfer of Certain Controls to Commerce - Cats I-III.docx |

Minor edit. ███████████████████████████████████████████████
███████████████████████████████████████

---

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 30, 2019 5:54 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** FW: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

Hi Jeff:  Attached please find the IP I mentioned on the phone. ███████████████████████
██████████████████████████████████████████

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

---

SENSITIVE BUT UNCLASSIFIED

**From:** Wubneh, Engda M <WubnehEM@state.gov>
**Sent:** Monday, September 30, 2019 4:22 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Cressey, Laura E <CresseyLE@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

All,

Apologies for the short fuse clearance on this paper to T, but please clear by 11am Tuesday, October 4. It needs to go to the PM/FO asap tomorrow.

Thanks,
Engda

**Engda Wubneh**
Regulatory and Multilateral Affairs
Office of Defense Trade Controls Policy
Bureau of Political-Military Affairs
U.S. Department of State
Desk: 202-663-1809

WASHSTATEC003665

Email: wubnehem@state.gov

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003666

Message

| | |
|---|---|
| **From:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent:** | 9/30/2019 10:38:52 PM |
| **To:** | Cressey, Laura E [CresseyLE@state.gov]; Wubneh, Engda M [WubnehEM@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Shin, Jae E [ShinJE@state.gov]; Wrege, Karen M [WregeKM@state.gov]; Paul, Joshua M [PaulJM@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov] |
| **Subject:** | RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III |
| **Attachments:** | 20190930 IP- Transfer of Certain Controls to Commerce - Cats I-III (002).docx |

Clear for L/PM with edits attached.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Cressey, Laura E <CresseyLE@state.gov>
**Sent:** Monday, September 30, 2019 5:47 PM
**To:** Wubneh, Engda M <WubnehEM@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

Clear

SENSITIVE BUT UNCLASSIFIED

**From:** Wubneh, Engda M <WubnehEM@state.gov>
**Sent:** Monday, September 30, 2019 4:22 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Cressey, Laura E <CresseyLE@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

All,

Apologies for the short fuse clearance on this paper to T, but please clear by 11am Tuesday, October 4. It needs to go to the PM/FO asap tomorrow.

Thanks,
Engda

**Engda Wubneh**
Regulatory and Multilateral Affairs
Office of Defense Trade Controls Policy
Bureau of Political-Military Affairs
U.S. Department of State

Desk: 202-663-1809
Email: wubnehem@state.gov

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003668

Message
_____

**From**:      Khawam, Joseph N [KhawamJN@state.gov]
**Sent**:      10/1/2019 11:44:31 AM
**To**:        Hamilton, Catherine E [HamiltonCE@state.gov]
**Subject**:   Re: Cats I-III


Any chance 930 would work? I'm taking the kids to the dr this morning, but shd be there nlt 930.

Joseph Khawam
Office of the Legal Adviser (L/PM)

**From:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Sent:** Tuesday, October 1, 2019 7:17:13 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Cats I-III

How about 9:00ish?


                              UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 30, 2019 4:42 PM
**To:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Subject:** RE: Cats I-III

Thanks, Cat.  Sounds good.  I'll be in HST tomorrow (x7-8546).  I'm open for most of the day, but hoping to stop by the DDTC party at about noon.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)


                              UNCLASSIFIED

**From:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Sent:** Monday, September 30, 2019 3:23 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Cats I-III

I will call you tomorrow. Bottom line I have not received a readout.


                              UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 30, 2019 12:34 PM
**To:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Subject:** Cats I-III

Hi Cat:  I just wanted to make sure you received the summary from Friday.  If not, please feel free to give me a ring (x3-2915).  I have a meeting from 2-4 pm, but I'm around otherwise.

Thanks,

Joe

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Paul, Joshua M [PaulJM@state.gov] |
| **Sent:** | 10/1/2019 11:54:32 AM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov]; Cressey, Laura E [CresseyLE@state.gov]; Wubneh, Engda M [WubnehEM@state.gov]; Koelling,Richard W [KoellingRW@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Shin, Jae E [ShinJE@state.gov]; Wrege, Karen M [WregeKM@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov] |
| **Subject:** | RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III |

Clear

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 30, 2019 6:39 PM
**To:** Cressey, Laura E <CresseyLE@state.gov>; Wubneh, Engda M <WubnehEM@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

Clear for L/PM with edits attached.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Cressey, Laura E <CresseyLE@state.gov>
**Sent:** Monday, September 30, 2019 5:47 PM
**To:** Wubneh, Engda M <WubnehEM@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

Clear

SENSITIVE BUT UNCLASSIFIED

**From:** Wubneh, Engda M <WubnehEM@state.gov>
**Sent:** Monday, September 30, 2019 4:22 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Cressey, Laura E <CresseyLE@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

All,

Apologies for the short fuse clearance on this paper to T, but please clear by 11am Tuesday, October 4. It needs to go to the PM/FO asap tomorrow.

Thanks,
Engda

**Engda Wubneh**
Regulatory and Multilateral Affairs
Office of Defense Trade Controls Policy
Bureau of Political-Military Affairs
U.S. Department of State
Desk: 202-663-1809
Email: wubnehem@state.gov

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

WASHSTATEC003672

**Message**

| | |
|---|---|
| **From:** | Hamilton, Catherine E [HamiltonCE@state.gov] |
| **Sent:** | 10/1/2019 11:59:09 AM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: Cats I-III |

You bet!

UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 7:45 AM
**To:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Subject:** Re: Cats I-III

Any chance 930 would work? I'm taking the kids to the dr this morning, but shd be there nlt 930.

Joseph Khawam
Office of the Legal Adviser (L/PM)

**From:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Sent:** Tuesday, October 1, 2019 7:17:13 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Cats I-III

How about 9:00ish?

UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 30, 2019 4:42 PM
**To:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Subject:** RE: Cats I-III

Thanks, Cat.  Sounds good.  I'll be in HST tomorrow (x7-8546).  I'm open for most of the day, but hoping to stop by the DDTC party at about noon.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

UNCLASSIFIED

**From:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Sent:** Monday, September 30, 2019 3:23 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Cats I-III

I will call you tomorrow. Bottom line I have not received a readout.

UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 30, 2019 12:34 PM
**To:** Hamilton, Catherine E <HamiltonCE@state.gov>
**Subject:** Cats I-III

Hi Cat:  I just wanted to make sure you received the summary from Friday.  If not, please feel free to give me a ring (x3-2915).  I have a meeting from 2-4 pm, but I'm around otherwise.

Thanks,
Joe

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Wubneh, Engda M [WubnehEM@state.gov] |
| **Sent:** | 10/1/2019 12:58:10 PM |
| **To:** | Paul, Joshua M [PaulJM@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Cressey, Laura E [CresseyLE@state.gov]; Koelling,Richard W [KoellingRW@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Shin, Jae E [ShinJE@state.gov]; Wrege, Karen M [WregeKM@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov] |
| **Subject:** | RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III |

Thank you all for clearing so quickly! Much appreciated.

Engda

---

SENSITIVE BUT UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Tuesday, October 1, 2019 7:55 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Cressey, Laura E <CresseyLE@state.gov>; Wubneh, Engda M <WubnehEM@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

Clear

---

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, September 30, 2019 6:39 PM
**To:** Cressey, Laura E <CresseyLE@state.gov>; Wubneh, Engda M <WubnehEM@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

Clear for L/PM with edits attached.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

---

SENSITIVE BUT UNCLASSIFIED

**From:** Cressey, Laura E <CresseyLE@state.gov>
**Sent:** Monday, September 30, 2019 5:47 PM
**To:** Wubneh, Engda M <WubnehEM@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>

**Subject:** RE: !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

Clear

SENSITIVE BUT UNCLASSIFIED

**From:** Wubneh, Engda M <WubnehEM@state.gov>
**Sent:** Monday, September 30, 2019 4:22 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Shin, Jae E <ShinJE@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Cressey, Laura E <CresseyLE@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** !!Short Fuse!! Clearance Request by 11am Oct 1 - IP for T: Transfer of Certain Export Controls to Commerce - Cats I-III

All,

Apologies for the short fuse clearance on this paper to T, but please clear by 11am Tuesday, October 4. It needs to go to the PM/FO asap tomorrow.

Thanks,
Engda

**Engda Wubneh**
Regulatory and Multilateral Affairs
Office of Defense Trade Controls Policy
Bureau of Political-Military Affairs
U.S. Department of State
Desk: 202-663-1809
Email: wubnehem@state.gov

SENSITIVE BUT UNCLASSIFIED

Message
_____

**From:** Wubneh, Engda M [WubnehEM@state.gov]
**Sent:** 10/1/2019 6:55:20 PM
**To:** Koelling, Richard W [KoellingRW@state.gov]; Hart, Robert L [HartRL@state.gov]
**Subject:** RE: IP for T on Cats I-III status


Great! No problem. Happy to help.


Engda

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 1, 2019 1:53 PM
**To:** Wubneh, Engda M <WubnehEM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** RE: IP for T on Cats I-III status

Engda, Mike clears. I will send forward.

Thanks for all your work on this.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Wubneh, Engda M <WubnehEM@state.gov>
**Sent:** Tuesday, October 1, 2019 1:23 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** IP for T on Cats I-III status

Rick/Rob,

I got all the clearances except Mike Miller's. I flipped the document ███████████████████
Once we get Mike's OK, it can go to the PM/FO.

I'm about to step into a meeting to discuss AO's so feel free to send it forward if Mike is ok with the paper.

Engda

**Engda Wubneh**
Regulatory and Multilateral Affairs
Office of Defense Trade Controls Policy
Bureau of Political-Military Affairs
U.S. Department of State
202-663-1809 | wubnehem@state.gov

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003678

| Message | |
|---|---|
| **From:** | IT Service Center [IMCEAEX-_O=CLASSSTATE_OU=CBPC+20ADMINISTRATIVE+20GROUP_CN=RECIPIENTS_CN=ITSERVICECENTER@namprd09.prod.outlook.cc |
| **Subject:** | FW: Final: PM/AM/T - Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export Control Act, of the Removal of Certain Items from the U.S. Munitions List. 201837662 UNCLASSIFIED |
| **Attachments:** | (F_496764) 201837662-FD.pdf; (FT_496765) 201837662-FD_Tab-1.pdf; (FT_496766) 201837662-FD_Tab-2.pdf; (FT_496767) 201837662-FD_Tab-3.pdf; (FT_496768) 201837662-FD_Tab-4.pdf; (FT_496769) 201837662-FD_Tab-5.pdf; (FT_496770) 2018376 FD_Tab-6.pdf; (FT_496771) 201837662-FD_Tab-7.pdf |

---

**From:** Khawam, Joseph N
**Sent:** Friday, September 20, 2019 6:04 PM
**To:** IT Service Center
**Subject:** FW: Final: PM/AM/T - Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export Control Act, of the Removal of Certain Items from the U.S. Munitions List. 201837662 UNCLASSIFIED

Hello:  I'd like to request transfer of the attachments to this email to the unclassified system.  Please let me know if anything further is needed.  Below is the certification that IT has requested in the past.  Thanks.


                                                                    Office Symbol: IRM/IA/CIC

## Certification for Unclassified/SBU Document Transfer from ClassNet to OpenNet


Requestor acknowledges that he/she has conducted a thorough review of the attached document(s) and no classified or NOFORN information was found.

Requestor approves the transfer of the attached file(s) from ClassNet to OpenNet.

███████████████████████████

Please forward the unclassified transferred file(s) to KhawamJN@state.gov on OpenNet.




**Official - SBU**
**UNCLASSIFIED**

---

**From:** Christensen, Darin S
**Sent:** Friday, September 20, 2019 11:10 AM
**To:** Khawam, Joseph N; Darrach, Tamara A; Paul, Joshua M
**Cc:** Foster, John A; H_Staffers
**Subject:** FW: Final: PM/AM/T - Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export Control Act, of the Removal of Certain Items from the U.S. Munitions List. 201837662 UNCLASSIFIED

This is the email I referenced on the low side that has the attachments that would have been sent with the 38(f) notifications.

Darin Christensen
Staff Assistant
Bureau of Legislative Affairs
(202) 647-8802
Room 7805, HST

**Official - SBU**
UNCLASSIFIED

---

**From:** Darrach, Tamara A
**Sent:** Friday, February 01, 2019 10:20 AM
**To:** H_Staffers
**Subject:** FW: Final: PM/AM/T - Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export Control Act, of the Removal of Certain Items from the U.S. Munitions List. 201837662 UNCLASSIFIED

Approved AM to T. I am about to hand you the letters for this notification. Please note that the letters must go to the Hill on Monday, February 4. Thank you!

**Official - SBU**
UNCLASSIFIED

---

**From:** Monjay, Robert
**Sent:** Friday, February 01, 2019 10:02 AM
**To:** Paul, Joshua M; Darrach, Tamara A
**Subject:** FW: Final: PM/AM/T - Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export Control Act, of the Removal of Certain Items from the U.S. Munitions List. 201837662 UNCLASSIFIED

**Official - SBU**
UNCLASSIFIED

---

**From:** PM-Staffers Mailbox
**Sent:** Thursday, January 03, 2019 12:53 PM
**To:** DDTC Tasker DL
**Cc:** Windecker, Melissa A
**Subject:** FW: Final: PM/AM/T - Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export Control Act, of the Removal of Certain Items from the U.S. Munitions List. 201837662 UNCLASSIFIED

FYSA on final. T approved.

Samantha Sison
PM/FO SharePoint
X70561

WASHSTATEC003680

**From:** EverestMail
**Sent:** Thursday, January 03, 2019 12:40 PM
**To:** Everest_C; Everest_D; Everest_E; Everest_H; Everest_INR; Everest_ISN; Everest_J; Everest_L; Everest_M; Everest_P; Everest_PA; Everest_PM; Everest_R; Everest_S; SES_FrontOfficeOnly; SES-Line_Only; Everest_SP; Everest_T; SES_FrontOfficeOnly; PF-EverestE-Mail@state.sgov.gov
**Subject:** Final: PM/AM/T - Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export Control Act, of the Removal of Certain Items from the U.S. Munitions List. 201837662 UNCLASSIFIED

FINAL ACTION has been taken on Package 201837662 Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export Control Act, of the Removal of Certain Items from the U.S. Munitions List.

**FOR:** T
**ORGANIZATION:** PM
**CO-DRAFTER BUREAU:**
**PACKAGE SUBJECT:** Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export Control Act, of the Removal of Certain Items from the U.S. Munitions List.
**DOCTYPE:** Action Memo

**LINK:** <u>201837662 FINAL DOCUMENT (READ-ONLY)</u>

**Official - SBU**
UNCLASSIFIED

REC1|APPROVE|1-3-2019
REC2|APPROVE|1-3-2019

201837662



**United States Department of State**

*Washington, D.C.  20520*

<u>SENSITIVE BUT UNCLASSIFIED</u>                                        December 18, 2018

**ACTION MEMO FOR UNDER SECRETARY THOMPSON (T)**

FROM:        PM – Marik String, Senior Bureau Official

SUBJECT:   (SBU) Notification to Congress, Pursuant to Section 38(f)(1) of the Arms Export
                    Control Act, of the Removal of Certain Items from the U.S. Munitions List.

**BLUF:**       (SBU) PM seeks to notify Congress of removals from the United States Munitions
                    List (USML) as part of the on-going effort to ensure the USML includes only
                    items that merit the most stringent export control.  Notification will consist of an
                    informal 30 calendar-day period initiated by the PM/DTCP Office Director,
                    followed by a 30 calendar-day period formally notified by H.

**Recommendations**
(SBU) That you:
(1) Approve the PM/DTCP Office Director to electronically transmit to House Foreign
        Affairs and Senate Foreign Relations Committees the draft attached letters to initiate
        informal notification of a removal from the USML, pursuant to the Department's
        arrangement with the Congress.  (Approve/Disapprove by 12/19/18)

(2) Approve H, upon notice from PM/DTCP that the informal period initiated in paragraph
        (1) is concluded, to transmit the signed copies of the attached letters to the Congress in
        order to provide formal notification, as required by Section 38(f)(1) of the Arms Export
        Control Act, of the State Department's intent to remove certain items from the USML
        that no longer warrant control under this Act.  (Approve/Disapprove by 12/19/18)

**Background**
(U) Since 2009, the Department has been engaged in an effort to review the U.S. export control
system and revise the USML into a "positive" list that describes controlled items using objective
criteria, rather than broad, open-ended, subjective, or design intent-based criteria.  As part of this
effort, items determined to no longer warrant control on the USML are being transferred to the
Department of Commerce's Commerce Control List (CCL).  Those non-objective criteria are
still found in three of the 21 categories of the USML, the only remaining tranche of USML
reforms that have been delayed for years due to political sensitivities surrounding firearms.

(U) After consultation with the Departments of Defense and Commerce, solicitation and review
of public comments, and interagency review, the Department of State has drafted a final rule to
revise the three USML Categories that have yet to be reformed:  I (firearms and related articles),
II (guns and armaments), and III (ammunition and ordnance).  Through this review, the

<u>SENSITIVE BUT UNCLASSIFIED</u>

WASHSTATEC003682

Department identified and will continue to control on the USML those items that provide the United States with a critical military or intelligence advantage or, in the case of weapons, perform an inherently military function and thus warrant control on the USML.  The result of the review is that certain items currently on the USML not meeting this standard will transition to the CCL.  This reform has also been a key element of the President's Conventional Arms Transfer Policy Implementation Plan. ████████████████████████████████████████
████

(U) The items that will transition to the CCL include: 1) most semi-automatic and non-automatic firearms; 2) most firearm parts and components, other than silencers, magazines greater than 50 rounds, parts and components to convert a semi-automatic to a fully automatic firearm, and accessories or attachments for automatic targeting or stabilization; 3) most firearm ammunition, unless belted or linked; and 4) many of the minor parts and components of large guns, such as howitzers and artillery pieces.  Section 38(f)(1) of the Arms Export Control Act provides that the President may not remove items from the USML until 30 days after the date on which notice of the proposed removal is provided to the House Committee on Foreign Affairs and the Senate Foreign Relations Committee.

(SBU) Pursuant to a process communicated to Congress in 2011, the Department provides the draft final rules and a summary of the resulting removals to the Committees for a 30-day informal review period.  Congress has not attempted to stop or slow down previous removals from the USML through the Congressional notification process, unlike the Congressional holds that are commonly placed on arms sale notifications.  However, a Member could request that State not proceed with the formal notification or publication of this rule removing items from the USML. ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

(SBU) Our oversight committees were previously briefed on the proposed State and Commerce rules to revise USML Categories I-III and move certain items to the CCL, and additional briefings will be offered upon the start of informal Congressional Notification of the rule change. ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████The Department continues to defend a legal challenge to the public release of technical data to enable 3-D printing of firearms and has sought a stay of the litigation, pending completion of this rulemaking process.  This rule would transition certain technical data, including the data for semi-automatic and non-automatic firearms, to the CCL, where it can be publically released without authorization under Commerce rules.  The lawsuit and the movement of firearms and ammunition from the USML to the CCL have generated substantial public and congressional interest, which may result in additional scrutiny of this notification.

WASHSTATEC003683

SENSITIVE BUT UNCLASSIFIED
-3-

(U) 

(U) Once these items are removed from the USML, they will be controlled by the Department of Commerce in new Export Control Classification Numbers (ECCNs) on the CCL in the Export Administration Regulations (EAR). Most of the physical items that are removed, including all of the firearms (with the exception of firearms manufactured prior to 1898), will have a world-wide Commerce Department license requirement, and the State Department will continue to review all export license applications for firearms for policy concerns.

(U) One defense article to be removed from the USML is designated as Major Defense Equipment (which requires separate notification and higher scrutiny under the ITAR), the M855A1 cartridge, the lead-free replacement for the 5.56x45 mm NATO, M855 standard ball cartridge. Therefore, the notification package will include a table delineating the proposed controls of Major Defense Equipment.

(U) Section 38(a)(1) of the AECA authorizes the President to designate the defense articles and defense services which constitute the USML. The President delegated this authority to the Secretary of State in Executive Order 13637. This authority may be exercised by the Undersecretary of State for Arms Control and International Security Affairs pursuant to Delegation of Authority 293-2.

Attachments:
    Tab 1: Notification Letters to the Congress
    Tab 2: Revised USML Categories I, II, and III
    Tab 3: Line-in/Line-out Comparison of Current USML Categories I, II, and III with
           these USML Categories as Revised;
    Tab 4: Revised Department of Commerce Companion Control Text;
    Tab 5: Summary of Revisions to USML Categories I, II, and III; and
    Tab 6: Proposed Controls for Major Defense Equipment in Category III
    Tab 7: Roll-Out Plan

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003684

SENSITIVE BUT UNCLASSIFIED

Approved:    PM – Marik String, SBO    MS

Drafted:     PM/DTCP: Rob Monjay, ext. 3-2817 and cell: ███████

Clearances:

| | |
|---|---|
| D | Jamie Shufflebarger – OK |
| P | Jamie Gusack – OK |
| S/P | Michael Urena – OK |
| PM/DDTC | Michael Miller – OK |
| PM/DTCP | Sarah Heidema – OK |
| PM/DTCC | Jae Shin – OK |
| PM/DTCL | Catherine Hamilton – OK |
| PM/DTCM | Anthony Dearth – OK |
| L/PM | Shana Rogers – OK |
| L/M | Alice Kottmyer – OK |
| PM/CPA | Dave McKeeby – OK |
| ISN/CATR | Thomas Kruger – OK |
| T | Ed Abisellan – OK |
| H | Collin Christopherson – OK |

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003685

Message

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/1/2019 8:03:09 PM |
| **To**: | Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | RE: Wednesday |
| **Attachments**: | Tab 1 - Cat I-III Final FRN updated v3.docx |

We should hopefully have Commerce's rule by then.  I believe we will also share our draft final rule with Commerce and DOJ, ███████████████████████████████████ I've attached the latest. ███████████████

███████████████████████████████████████████████████████████████████ Any additional edits are welcome.



Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 3:43 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>

**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Wednesday

Is there anything that I should review tomorrow?

---

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 2:11:13 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

I'll also be on leave tomorrow through Friday.  I'll be checking email on my iPhone during the day and plan to log into Go in the evenings.  Christine will be covering for me if something is needed while I'm out.  Copying her here.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU -PRIVACY OR PII

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 1, 2019 2:07 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Wednesday

Mike, Sarah, Joe,
As a reminder, I am out all day tomorrow — ████████████████████████

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 12:33 PM
**To:** Miller, Michael F <Millermf@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Wednesday

I plan on coming in for a couple hours starting around 11 on Wednesday (███████████████ in Foggy

Bottom).  Happy to discuss 1-3 stuff then if an in person touch-base meeting would be helpful.

Message

| | |
|---|---|
| **From**: | Foster, John A [FosterJA2@state.gov] |
| **Sent**: | 10/2/2019 3:34:43 PM |
| **To**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | AM for T - USML Cat I-III Final FRN v3 |
| **Attachments**: | AM for T - USML Cat I-III Final FRN v3.docx |

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003688

Message

| | |
|---|---|
| **From:** | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent:** | 10/2/2019 4:04:16 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: Wednesday |
| **Attachments:** | Tab 1 - Cat I-III Final FRN updated v4.docx |

A couple minor edits ██████

---

SBU -PRIVACY OR PII

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 4:03 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**CC:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

We should hopefully have Commerce's rule by then.  I believe we will also share our draft final rule with Commerce and DOJ. ██████████████████████████████████ I've attached the latest. ██████████
██████████████████████████████████████████████████████████ Any additional
edits are welcome.

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

<div align="center">SBU -PRIVACY OR PII</div>

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 3:43 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Wednesday

Is there anything that I should review tomorrow?

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 2:11:13 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

I'll also be on leave tomorrow through Friday.  I'll be checking email on my iPhone during the day and plan to log into Go in the evenings.  Christine will be covering for me if something is needed while I'm out.  Copying her here.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

<div align="center">SBU -PRIVACY OR PII</div>

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 1, 2019 2:07 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Wednesday

Mike, Sarah, Joe,
As a reminder, I am out all day tomorrow ████████████████████████████████

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

<div align="center">SBU -PRIVACY OR PII</div>

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 12:33 PM

WASHSTATEC003690

**To:** Miller, Michael F <Millermf@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Wednesday

I plan on coming in for a couple hours starting around 11 on Wednesday (███████████ in Foggy Bottom).  Happy to discuss 1-3 stuff then if an in person touch-base meeting would be helpful.

Message

| | |
|---|---|
| **From:** | McKeeby, David I [McKeebyDI@state.gov] |
| **Sent:** | 10/2/2019 4:32:11 PM |
| **To:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Hart, Robert L [HartRL@state.gov]; Noonan, Michael J [NoonanMJ@state.gov] |
| **CC:** | Paul, Joshua M [PaulJM@state.gov]; Miller, Michael F [Millermf@state.gov]; Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: For Review: COB TODAY: Cat I-III Releases |

Sarah:

OK, thanks ██████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████

Best,
Dave

───────────────────

**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

| | | |
|---|---|---|
| Phone: | 202.647.8757 | \| BlackBerry: ████████ |
| e-mail: | *mckeebydi@state.gov* \| | Web: *PM Homepage* \|Twitter: *@StateDeptPM* |

Stay connected with *State.gov*:



UNCLASSIFIED

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Wednesday, October 2, 2019 12:30 PM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: For Review: COB TODAY: Cat I-III Releases



UNCLASSIFIED

**From:** McKeeby, David I <McKeebyDI@state.gov>
**Sent:** Monday, September 30, 2019 12:28 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** RE: For Review: COB TODAY: Cat I-III Releases

Thanks, Sarah - ▮▮▮▮▮▮▮▮



Best,
Dave

_____

**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

Phone:      202.647.8757      | BlackBerry: ▮▮▮▮▮▮
e-mail:     *mckeebydi@state.gov* |   Web: *PM Homepage* |Twitter: *@StateDeptPM*

Stay connected with *State.gov:*



UNCLASSIFIED

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Monday, September 30, 2019 12:03 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** Re: For Review: COB TODAY: Cat I-III Releases

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, September 30, 2019 11:51:56 AM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** RE: For Review: COB TODAY: Cat I-III Releases

Dave,

███████████████████████████████

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** McKeeby, David I <McKeebyDI@state.gov>
**Sent:** Monday, September 30, 2019 11:35 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** For Review: COB TODAY: Cat I-III Releases

Colleagues:

██████████████████████ CPA wanted to dust off our Cats I-III interagency talking points and the Myths and Facts sheet for any updates.

Would appreciate a review by **COB TODAY** before we send these out for wider intra- and interagency review.

Best,
Dave

_____
**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

| | | |
|---|---|---|
| Phone: | 202.647.8757 | BlackBerry ███████ |
| e-mail: | *mckeebydi@state.gov* \| | Web: *PM Homepage* \|Twitter: *@StateDeptPM* |

Stay connected with *State.gov*:



UNCLASSIFIED

WASHSTATEC003695

Appointment

| | |
|---|---|
| **From**: | Foster, John A [FosterJA2@state.gov] |
| **Sent**: | 10/2/2019 8:17:56 PM |
| **To**: | Miller, Michael F [Millermf@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Minarich, Christine M [MinarichCM@state.gov]; Paul, Joshua M [PaulJM@state.gov]; Hart, Robert L [HartRL@state.gov] |

| | |
|---|---|
| **Subject**: | Cats I-III Synch |
| **Attachments**: | status of 1-3 |
| **Location**: | Dial In: 888-363-4749 ACCESS CODE: 6531004 |

| | |
|---|---|
| **Start**: | 10/3/2019 2:30:00 PM |
| **End**: | 10/3/2019 3:00:00 PM |
| **Show Time As**: | Tentative |

| | |
|---|---|
| **Recurrence**: | (none) |

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning.  Please find the dial-in info below:

Dial In: USA Toll-Free ██████████

USA Caller Paid/International Toll ████████████████

ACCESS CODE ████████

Thanks,
John

---

**Message**

---

| | |
|---|---|
| **From**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent**: | 10/2/2019 5:17:58 PM |
| **To**: | Minarich, Christine M [MinarichCM@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Miller, Michael F [Millermf@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Paul, Joshua M [PaulJM@state.gov] |
| **CC**: | Hart, Robert L [HartRL@state.gov]; Foster, John A [FosterJA2@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov] |
| **Subject**: | status of 1-3 |

I'm about to head out, but John and I just met and I wanted to share with you some thoughts on actions/decisions that still need to be made as I understand things:

- Rule:
    - Ours is drafted but need DOC rule to complete (Should we email Borman?)
    - Need DOC, DOJ to review
    - Need to clear with OMB ███████████████████████████
- Notification:
    - Need to draft this and figure out what it looks like (asked Foster to email with L and set up a call for tomorrow on this issue with L, CPA, and DTCP and possibly DAS).
    - ████████████████████████████████████████
- ████████████████████████████████████████████
    - **Attachments**: Where do they stand?  Who will need to clear this package (full clearance would normal take 3-5 days)?
- ████████████████████████████████████████
- Rollout plan:  CPA handling and will clear as required
- ████████████████████████████████████████

SBU -PRIVACY OR PII

Appointment

| | |
|---|---|
| **From**: | Foster, John A [FosterJA2@state.gov] |
| **Sent**: | 10/2/2019 8:17:56 PM |
| **To**: | Ross, Paula E [RossPE@state.gov] |

| | |
|---|---|
| **Subject**: | Cats I-III Synch |
| **Attachments**: | status of 1-3 |
| **Location**: | Dial In: ███████████████████ |

| | |
|---|---|
| **Start**: | 10/3/2019 2:30:00 PM |
| **End**: | 10/3/2019 3:00:00 PM |
| **Show Time As**: | Tentative |

| | |
|---|---|
| **Recurrence**: | (none) |

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning.  Please find the dial-in info below:

Dial In: USA Toll-Free: ███████

USA Caller Paid/International Toll:███████████

ACCESS CODE███████

Thanks,
John

---

**Message**

---

**From:**      Heidema, Sarah J [HeidemaSJ@state.gov]
**Sent:**      10/2/2019 5:17:58 PM
**To:**        Minarich, Christine M [MinarichCM@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Miller, Michael F
               [Millermf@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Paul, Joshua M [PaulJM@state.gov]
**CC:**        Hart, Robert L [HartRL@state.gov]; Foster, John A [FosterJA2@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]
**Subject:**   status of 1-3

I'm about to head out, but John and I just met and I wanted to share with you some thoughts on actions/decisions that
still need to be made as I understand things:

- Rule:
    - Ours is drafted but need DOC rule to complete (Should we email Borman?)
    - Need DOC, DOJ to review
    - Need to clear with OMB ██████████████████████████████████
- Notification:
    - Need to draft this and figure out what it looks like (asked Foster to email with L and set up a call for
      tomorrow on this issue with L, CPA, and DTCP and possibly DAS).
    - ██████████████████████████████████████████████████████████
- ████████████████████████████████████████████████████████████████████
    - **Attachments:** Where do they stand?  Who will need to clear this package (full clearance would normal
      take 3-5 days)?
- ████████████████████████████████████████████████████
- Rollout plan:  CPA handling and will clear as required
- ██████████████████████████████████████████████████████████████

SBU -PRIVACY OR PII

Appointment

**From**:         Paul, Joshua M [PaulJM@state.gov]
**Sent**:         10/2/2019 8:52:03 PM
**To**:           Foster, John A [FosterJA2@state.gov]

**Subject**:      Accepted: Cats I-III Synch
**Location**:     Dial In: 888-363-4749 ACCESS CODE: 6531004

**Start**:        10/3/2019 2:30:00 PM
**End**:          10/3/2019 3:00:00 PM
**Show Time As**: Busy

**Recurrence**:   (none)

WASHSTATEC003700

Message

| | |
|---|---|
| **From:** | Matthew Borman [Matthew.Borman@bis.doc.gov] |
| **Sent:** | 10/3/2019 1:06:44 PM |
| **To:** | Miller, Michael F [Millermf@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov] |
| **Subject:** | FW: Cat I-III rule - current draft (Redline and clean drafts ready for sending to DOJ and DOS for review) |
| **Attachments:** | 2019-10-2 Redline Commerce Cat I-III firearms rule Compare 2019-03-11 to Current Draft 2019-10-2 for sending to DOJ and DOS.docx; 2019-10-2 CLEAN Commerce Cat I-III firearms rule for sending to DOJ and DOS.docx |

Mike/Sarah/Jeff,

Redline version ███████████████████████████████████
████████████████████

Matt

---

Message

---

| | |
|---|---|
| **From**: | Timothy Mooney [Timothy.Mooney@bis.doc.gov] |
| **Sent**: | 10/3/2019 1:25:35 PM |
| **To**: | MinarichCM@state.gov; KhawamJN@state.gov; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W [KoellingRW@state.gov]; Memos, Nicholas [MemosNI@state.gov]; Foster, John A [FosterJA2@state.gov] |
| **CC**: | Abraham, Liz [LAbraham@doc.gov]; Matthew Borman [Matthew.Borman@bis.doc.gov]; Richard Ashooh [Richard.Ashooh@bis.doc.gov]; Steven Clagett [Steven.Clagett@bis.doc.gov]; Alexander Lopes [Alexander.Lopes@bis.doc.gov]; Hillary Hess [Hillary.Hess@bis.doc.gov]; KarenNiesVogel [Karen.NiesVogel@bis.doc.gov]; Jessica Curyto [Jessica.Curyto@bis.doc.gov] |
| **Subject**: | Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |
| **Attachments**: | 2019-10-2 Redline Commerce Cat I-III firearms rule Compare 2019-03-11 to Current Draft 2019-10-2 for sending to DOJ and DOS.docx; 2019-10-2 CLEAN Commerce Cat I-III firearms rule for sending to DOJ and DOS.docx |

Attached is the updated Commerce Category I-III (firearms) rule █████████████████████████
███████████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ██████████████████████████████████████████
██████████ I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

**Message**

| | |
|---|---|
| **From:** | Foster, John A [FosterJA2@state.gov] |
| **Sent:** | 10/3/2019 1:35:41 PM |
| **To:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Hart, Robert L [HartRL@state.gov] |
| **CC:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject:** | FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |
| **Attachments:** | 2019-10-2 Redline Commerce Cat I-III firearms rule Compare 2019-03-11 to Current Draft 2019-10-2 for sending to DOJ and DOS.docx; 2019-10-2 CLEAN Commerce Cat I-III firearms rule for sending to DOJ and DOS.docx |

FYSA

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule █████████████████████████
███████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████
██████████   I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

| | |
|---|---|
| **From:** | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent:** | 10/3/2019 1:46:32 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject:** | Re: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |

I think you mean 1030

---

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 3, 2019 9:44:36 AM
**To:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Mike, Joe, here is Commerce's rule. Marked up and clean. I am printing off a copy for the 1000.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 3, 2019 9:36 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

FYSA

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ███████████████████████████████
████████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████████████████████
████████████ I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

| | |
|---|---|
| **From:** | Foster, John A [FosterJA2@state.gov] |
| **Sent:** | 10/3/2019 1:48:06 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject:** | RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |

Rick,

Our call is scheduled for 10:30. Is there another meeting at 10 of which I should be aware/should attend?

Also, have you moved offices yet? I stopped by to see you now, but you weren't in your 1st Floor office . . .

Best,
John

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 3, 2019 9:45 AM
**To:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Mike, Joe, here is Commerce's rule. Marked up and clean. I am printing off a copy for the 1000.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 3, 2019 9:36 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

FYSA

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ███████████████████████
██████████████████████████.

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████████████
████████████████████████████████. I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/3/2019 1:50:56 PM |
| **To:** | Miller, Michael F [Millermf@state.gov]; Khawam, Joseph N [KhawamJN@state.gov] |
| **CC:** | Foster, John A [FosterJA2@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Hart, Robert L [HartRL@state.gov] |
| **Subject:** | RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |

1030.
Mea culpa.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W
**Sent:** Thursday, October 3, 2019 9:45 AM
**To:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Mike, Joe, here is Commerce's rule. Marked up and clean. I am printing off a copy for the 1000.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 3, 2019 9:36 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

FYSA

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule █████████████████████████████
████████████████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████████████████
███████████ I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/3/2019 1:50:18 PM |
| **To:** | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Subject:** | RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |

I did. Thanks for catching.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Thursday, October 3, 2019 9:47 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** Re: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

I think you mean 1030

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 3, 2019 9:44:36 AM
**To:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Mike, Joe, here is Commerce's rule. Marked up and clean. I am printing off a copy for the 1000.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 3, 2019 9:36 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>

**Cc:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

FYSA

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)



Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

| | |
|---|---|
| **From:** | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent:** | 10/3/2019 3:53:23 PM |
| **To:** | Kottmyer, Alice M [KottmyerAM@state.gov] |
| **CC:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |
| **Attachments:** | 2019-10-2 Redline Commerce Cat I-III firearms rule Compare 2019-03-11 to Current Draft 2019-10-2 for sending to DOJ and DOS.docx; 2019-10-2 CLEAN Commerce Cat I-III firearms rule for sending to DOJ and DOS.docx |

Alice,

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████ Do you have some time this afternoon to discuss further with me?

Thanks,
Christine

---

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>;
Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling,
Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh
<Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander
<alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel
<Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review
(Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ████████████████████████████████
████████████████████████████████████████████        ████████████████████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule
formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████████████████████
████████████ I also included a clean version of the rule, but please use the redline version if you have additional edits you
want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB
on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

| | |
|---|---|
| **From:** | Paul, Joshua M [PaulJM@state.gov] |
| **Sent:** | 10/3/2019 3:53:02 PM |
| **To:** | Foster, John A [FosterJA2@state.gov]; Miller, Michael F [Millermf@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling,Richard W [KoellingRW@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Minarich, Christine M [MinarichCM@state.gov]; Hart, Robert L [HartRL@state.gov] |
| **CC:** | PM-CPA [PM-CPA@state.gov] |
| **Subject:** | RE: Cats I-III Synch |
| **Attachments:** | DRAFT 123 Cover Letter.docx |

Dear all,

Attached as discussed on the call please find a draft cover letter for the re-notification. ███████████
████████████████████████████████████████████████████████████

Thanks,

Josh

-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch
**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In: ████████████████████████████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning. Please find the dial-in info below:

Dial In: USA Toll-Free: ███████████

USA Caller Paid/International Toll: ███████████

ACCESS CODE: ██████████

Thanks,
John

SENSITIVE BUT UNCLASSIFIED

Message
_____

**From:**       Khawam, Joseph N [KhawamJN@state.gov]
**Sent:**       10/3/2019 4:42:38 PM
**To:**         Minarich, Christine M [MinarichCM@state.gov]
**Subject:**    Re: Top Lines from Today's Cats I-III Synch


Thanks, Christine. Really appreciate your assistance. I know it's a lot. I'm at ███████████████ and we probably won't be back until after hours. So I may try giving you a ring tomorrow morning.

Joseph Khawam
Office of the Legal Adviser (L/PM)
_____

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 12:33:57 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Top Lines from Today's Cats I-III Synch

Joe,
Let me know if you want to do a 10 minute de-brief tomorrow/later tonight based on this morning's call and the Commerce draft rule.  I'm working with DTCP on a few fronts on the rule and the AM re notification.  They're trying to nail down several things before Monday's small group meeting.  I think I've got the bases covered and I don't currently see any emergencies you need to weigh in on.  But I don't want you to feel behind the ball for the Monday meeting, either.
Christine


-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch
**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In: ███████████████████████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning.  Please find the dial-in info below:


Dial In: USA Toll-Free ███████████

USA Caller Paid/International Toll: ███████████

ACCESS CODE: ██████

Thanks,
John

WASHSTATEC003714

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003715

| Message | |
|---|---|
| **From:** | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent:** | 10/3/2019 4:45:21 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: Top Lines from Today's Cats I-III Synch |

Sounds good.  Enjoy ██████████████

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 3, 2019 12:43 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Top Lines from Today's Cats I-III Synch

Thanks, Christine. Really appreciate your assistance. I know it's a lot. I'm at ████████████ today, and we probably won't be back until after hours. So I may try giving you a ring tomorrow morning.

Joseph Khawam
Office of the Legal Adviser (L/PM)

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 12:33:57 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Top Lines from Today's Cats I-III Synch

Joe,
Let me know if you want to do a 10 minute de-brief tomorrow/later tonight based on this morning's call and the Commerce draft rule.  I'm working with DTCP on a few fronts on the rule and the AM re notification.  They're trying to nail down several things before Monday's small group meeting.  I think I've got the bases covered and I don't currently see any emergencies you need to weigh in on.  But I don't want you to feel behind the ball for the Monday meeting, either.
Christine

-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch
**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In: ████████████████████████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning.  Please find the dial-in info below:

Dial In: USA Toll-Free: ████████████

USA Caller Paid/International Toll: ██████████

ACCESS CODE: ██████

Thanks,
John

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003717

Message

| | |
|---|---|
| **From:** | Kottmyer, Alice M [KottmyerAM@state.gov] |
| **Sent:** | 10/3/2019 4:51:47 PM |
| **To:** | Minarich, Christine M [MinarichCM@state.gov] |
| **CC:** | Kottmyer, Alice M [KottmyerAM@state.gov] |
| **Subject:** | RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |

Yes. █████████

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 12:38 PM
**To:** Kottmyer, Alice M <KottmyerAM@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Great – Can I give you a call now?

**From:** Kottmyer, Alice M <KottmyerAM@state.gov>
**Sent:** Thursday, October 3, 2019 12:02 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Cc:** Kottmyer, Alice M <KottmyerAM@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Yes, I can discuss. ███████████████████████████

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 11:53 AM
**To:** Kottmyer, Alice M <KottmyerAM@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Alice,

████████████████████████████████████████████████ Do you have some time this afternoon to discuss further with me?

Thanks,
Christine

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander

<alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel
<Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review
(Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ████████████████████████
████████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule
formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████████████████
██████████ I also included a clean version of the rule, but please use the redline version if you have additional edits you
want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB
on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

| | |
|---|---|
| **From**: | Shin, Jae E [ShinJE@state.gov] |
| **Sent**: | 10/3/2019 4:55:04 PM |
| **To**: | Miller, Michael F [Millermf@state.gov] |
| **CC**: | Koelling, Richard W [KoellingRW@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov] |
| **Subject**: | 10/3/19 - Readout from DAS Huddle |

PM mentioned that the Cats I, II, III decision memo should be submitted to D.

Shared the following:

- Per Rick's input, indicated that:  1) the Interagency is moving forward with the publication of Cats I, II, III; 2) An Interagency meeting at EEOB is on Monday with stakeholders; 3) Awaiting DOC's rule (including a control for the .cad files) in order to complete DOS'; 4) DDTC is preparing a decision memo to T; and 4) DDTC is preparing a CN.

Jae Shin
Director
Office of Defense Trade Controls Compliance
U.S. Department of State
202-632-2107

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From**: | Hart, Robert L [HartRL@state.gov] |
| **Sent**: | 10/3/2019 5:55:35 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject**: | last 38(f) package |
| **Attachments**: | USML Cat I-III 38(f) - AM to T Tab 1 (Notification Letters).docx; USML Cat I-III 38(f) - AM to T Tab 2 (Revised Control Text).docx; USML Cat I-III 38(f) - AM to T Tab 3 (Line-in Line-out Comparison).docx; USML Cat I-III 38(f) - AM to T Tab 4 (Commerce control text).docx; USML Cat I-III 38(f) - AM to T Tab 5 (Summary).docx; USML Cat I-III 38(f) - AM to T Tab 6 (MDE List).docx; USML Cat I-III 38(f) - AM to T.docx |

Rob Hart
Chief, Regulatory and Multilateral Affairs Division
Department of State | Directorate of Defense Trade Controls
202.736.9221 | hartrl@state.gov

UNCLASSIFIED

| Message | |
|---|---|
| **From:** | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent:** | 10/3/2019 6:34:35 PM |
| **To:** | Abraham, Liz (Federal) [LAbraham@doc.gov] |
| **Subject:** | RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |

Ok – I'm going to try to give you a call now, before your 3.


SENSITIVE BUT UNCLASSIFIED

**From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Sent:** Thursday, October 3, 2019 1:33 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Revised - I have a meeting (that hasn't been canceled yet) from 3:00-3:30 but am otherwise around.

Confidentiality Notice:  This e-mail message is intended only for the named recipients.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately that you have received this message in error, and delete the message.

**From:** Abraham, Liz (Federal)
**Sent:** Thursday, October 3, 2019 1:25 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Sure – I'm free anytime this afternoon.  Let me know when.  I'm at █████████

Confidentiality Notice:  This e-mail message is intended only for the named recipients.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately that you have received this message in error, and delete the message.

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 12:24 PM
**To:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Do you have a few minutes to discuss today?


SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>;

Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)



Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

WASHSTATEC003723

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/3/2019 6:36:43 PM |
| **To:** | Timothy Mooney [Timothy.Mooney@bis.doc.gov]; Minarich, Christine M [MinarichCM@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Memos, Nicholas [MemosNI@state.gov]; Foster, John A [FosterJA2@state.gov] |
| **CC:** | Abraham, Liz [LAbraham@doc.gov]; Matthew Borman [Matthew.Borman@bis.doc.gov]; Richard Ashooh [Richard.Ashooh@bis.doc.gov]; Clagett, Steven [steven.clagett@bis.doc.gov]; Lopes, Alexander [alexander.lopes@bis.doc.gov]; Hillary Hess [Hillary.Hess@bis.doc.gov]; Karen NiesVogel [Karen.NiesVogel@bis.doc.gov]; Jessica Curyto [Jessica.Curyto@bis.doc.gov]; Mark Crace [Mark.Crace@bis.doc.gov]; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Miller, Michael F [Millermf@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Hart, RobertL [HartRL@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |

Tim,

Thank you again. ███████████████████████

Adding Mike, Sarah, Rob, and our Legal team.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 2:26 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>; Mark Crace <Mark.Crace@bis.doc.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Rick,

█████████████████████████████████████████

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

---

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 03, 2019 9:45 AM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Steven Clagett <Steven.Clagett@bis.doc.gov>; Alexander Lopes <Alexander.Lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Tim, many thanks.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ███████████████████
███████████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule █████████████████████████████████
███████████████████████████████████████████████████████████████████████
████████ I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Appointment

| | |
|---|---|
| **From**: | Foster, John A [FosterJA2@state.gov] |
| **Sent**: | 10/3/2019 7:28:14 PM |
| **To**: | Biery, Meghan N. EOP/NSC [Meghan.N.Biery@nsc.eop.gov] |
| **Subject**: | Accepted: FW: CATS I-III Sync Meeting |
| **Location**: | EEOB 374 |
| **Start**: | 10/7/2019 5:00:00 PM |
| **End**: | 10/7/2019 6:00:00 PM |
| **Show Time As**: | Busy |
| **Recurrence**: | (none) |

**Message**

| | |
|---|---|
| **From**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent**: | 10/3/2019 7:49:19 PM |
| **To**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Subject**: | RE: Wednesday |

Sarah,

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████████

Christine

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Wednesday, October 2, 2019 12:04 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

A couple minor edits ████

SBU -PRIVACY OR PII

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 4:03 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

We should hopefully have Commerce's rule by then.  I believe we will also share our draft final rule with Commerce and DOJ, ██████████████████████████████ I've attached the latest. ████████████████
████████████████████████████████████████████████ Any additional
edits are welcome.



Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 3:43 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Wednesday

Is there anything that I should review tomorrow?

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 2:11:13 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

I'll also be on leave tomorrow through Friday.  I'll be checking email on my iPhone during the day and plan to log into Go in the evenings.  Christine will be covering for me if something is needed while I'm out.  Copying her here.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU -PRIVACY OR PII

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 1, 2019 2:07 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Wednesday

Mike, Sarah, Joe,
As a reminder, I am out all day tomorrow— ███████████████████████████

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 12:33 PM
**To:** Miller, Michael F <Millermf@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Wednesday

I plan on coming in for a couple hours starting around 11 on Wednesday (████████████ in Foggy Bottom).  Happy to discuss 1-3 stuff then if an in person touch-base meeting would be helpful.

Message

| | |
|---|---|
| **From**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent**: | 10/3/2019 8:08:24 PM |
| **To**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | Re: Wednesday |

Much better!  Nice catch.  Thanks

---

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 3:49:19 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Wednesday

Sarah,



Christine

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Wednesday, October 2, 2019 12:04 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

A couple minor edits ▮

SBU -PRIVACY OR PII

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 4:03 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>

WASHSTATEC003731

**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

We should hopefully have Commerce's rule by then.  I believe we will also share our draft final rule with Commerce and DOJ. ███████████████████████████ I've attached the latest. ████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████ Any additional edits are welcome.



Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 3:43 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Wednesday

Is there anything that I should review tomorrow?

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 2:11:13 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

I'll also be on leave tomorrow through Friday.  I'll be checking email on my iPhone during the day and plan to log into Go in the evenings.  Christine will be covering for me if something is needed while I'm out.  Copying her here.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU -PRIVACY OR PII

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 1, 2019 2:07 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Wednesday

Mike, Sarah, Joe,
As a reminder, I am out all day tomorrow—███████████████████████

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 12:33 PM
**To:** Miller, Michael F <Millermf@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Wednesday

I plan on coming in for a couple hours starting around 11 on Wednesday ██████████████ Foggy Bottom).  Happy to discuss 1-3 stuff then if an in person touch-base meeting would be helpful.

Message
_____

**From**:         Minarich, Christine M [MinarichCM@state.gov]
**Sent**:         10/3/2019 8:10:36 PM
**To**:           Khawam, Joseph N [KhawamJN@state.gov]
**Subject**:      FW: Cats I-III Synch
**Attachments**:  DRAFT 123 Cover Letter.docx


Joe,
I took a crack at revising Josh's draft cover letter.  I've attached the revised copy here and am copying it into this
message in case that's easier.  My changes below are underlined.  I can give you additional background tomorrow

Christine



SENSITIVE BUT UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Thursday, October 3, 2019 11:53 AM

WASHSTATEC003734

**To:** Foster, John A <FosterJA2@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dear all,

Attached as discussed on the call please find a draft cover letter for the re-notification. ██████████████

Thanks,

Josh

-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch
**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In: ████████████████████████████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning.  Please find the dial-in info below:

Dial In: USA Toll-Free: ████████████████

USA Caller Paid/International Toll: ████████████

ACCESS CODE: ████████████

Thanks,
John

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003735

Message

| | |
|---|---|
| **From**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent**: | 10/3/2019 8:11:36 PM |
| **To**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Subject**: | RE: Wednesday |

Great – I'll make the change and get it circulated now.

<div align="center">SBU -PRIVACY OR PII</div>

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Thursday, October 3, 2019 4:08 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Wednesday

Much better!  Nice catch.  Thanks

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 3:49:19 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Wednesday

Sarah,

Christine

<div align="center">SBU -PRIVACY OR PII</div>

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Wednesday, October 2, 2019 12:04 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

A couple minor edits ▮

SBU -PRIVACY OR PII

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 4:03 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

We should hopefully have Commerce's rule by then.  I believe we will also share our draft final rule with Commerce and DOJ. ▮ I've attached the latest. ▮

▮ Any additional edits are welcome.



Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 3:43 PM

WASHSTATEC003737

**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Wednesday

Is there anything that I should review tomorrow?

---

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 1, 2019 2:11:13 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Wednesday

I'll also be on leave tomorrow through Friday.  I'll be checking email on my iPhone during the day and plan to log into Go in the evenings.  Christine will be covering for me if something is needed while I'm out.  Copying her here.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU -PRIVACY OR PII

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 1, 2019 2:07 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Wednesday

Mike, Sarah, Joe,
As a reminder, I am out all day tomorrow— ███████████████████████████████

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU -PRIVACY OR PII

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 1, 2019 12:33 PM
**To:** Miller, Michael F <Millermf@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Wednesday

I plan on coming in for a couple hours starting around 11 on Wednesday (█████████████ Foggy Bottom).  Happy to discuss 1-3 stuff then if an in person touch-base meeting would be helpful.

Message
_____

| | |
|---|---|
| **From:** | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent:** | 10/3/2019 8:20:52 PM |
| **To:** | Timothy Mooney [Timothy.Mooney@bis.doc.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W [KoellingRW@state.gov]; Memos, Nicholas [MemosNI@state.gov]; Foster, John A [FosterJA2@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov] |
| **CC:** | Abraham, Liz [LAbraham@doc.gov]; Matthew Borman [Matthew.Borman@bis.doc.gov]; Richard Ashooh [Richard.Ashooh@bis.doc.gov]; Clagett, Steven [steven.clagett@bis.doc.gov]; Lopes, Alexander [alexander.lopes@bis.doc.gov]; Hillary Hess [Hillary.Hess@bis.doc.gov]; Karen NiesVogel [Karen.NiesVogel@bis.doc.gov]; Jessica Curyto [Jessica.Curyto@bis.doc.gov] |
| **Subject:** | RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |
| **Attachments:** | Tab 1 - Cat I-III Final FRN updated v5.docx |

All,

Please find attached an updated redline of the State Category I-III (firearms) rule █████████████████
███████████████████████████████████████████████████████████

We're following Commerce's approach and sending the attached to DOJ and DOC/BIS for informal review prior to submitting the updated rule formally to OMB for interagency review next week.

In order to keep with the timeline, and because of the relatively minor nature of our edits, we'll follow the same timeline as Commerce.  Please provide any comments or edits that you have on the State rule by COB on Friday, October 4, 2019.

Christine

Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646
Tu,Th: (202) 663-2915

SBU - DELIBERATIVE PROCESS

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ███████████████████
████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████████
████████   I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

**Message**

| | |
|---|---|
| **From:** | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent:** | 10/3/2019 8:21:43 PM |
| **To:** | Foster, John A [FosterJA2@state.gov] |
| **Subject:** | FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |
| **Attachments:** | Tab 1 - Cat I-III Final FRN updated v5.docx |

Can you please make sure this draft gets saved to the RMA shared drive?  Thanks!

---

SBU - DELIBERATIVE PROCESS

**From:** Minarich, Christine M
**Sent:** Thursday, October 3, 2019 4:21 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

All,

Please find attached an updated redline of the State Category I-III (firearms) rule ███████████████████
████████████████████████████████████████████████████

We're following Commerce's approach and sending the attached to DOJ and DOC/BIS for informal review prior to submitting the updated rule formally to OMB for interagency review next week.

In order to keep with the timeline, and because of the relatively minor nature of our edits, we'll follow the same timeline as Commerce.  Please provide any comments or edits that you have on the State rule by COB on Friday, October 4, 2019.

Christine

Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646
Tu,Th: (202) 663-2915

---

SBU - DELIBERATIVE PROCESS

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM

**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>;
Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling,
Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh
<Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander
<alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel
<Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review
(Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ███████████████████████████
████████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule
formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████████████████
█████████.  I also included a clean version of the rule, but please use the redline version if you have additional edits you
want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB
on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

<div style="border-top: 3px solid black;"></div>

**From**:          Koelling, Richard W [KoellingRW@state.gov]
**Sent**:          10/3/2019 8:31:34 PM
**To**:            Hart, Robert L [HartRL@state.gov]
**Subject**:       USML Cat I-III 38(f) - AM to T
**Attachments**:   USML Cat I-III 38(f) - AM to T.docx

<div style="text-align: center;">UNCLASSIFIED</div>

WASHSTATEC003743

Message

| | |
|---|---|
| **From**: | Hart, Robert L [HartRL@state.gov] |
| **Sent**: | 10/3/2019 8:40:41 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject**: | RE: USML Cat I-III 38(f) - AM to T |
| **Attachments**: | USML Cat I-III 38(f) - AM to T.docx |

Rob Hart
202.736.9221 | hartrl@state.gov

UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 3, 2019 4:32 PM
**To:** Hart, Robert L <HartRL@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T

UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent:** | 10/3/2019 9:16:36 PM |
| **To:** | Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | Re: Cats I-III Synch |

This is great - consistent with what I was envisioning. ████████████████████████
████████████████████████ Im planning on going through emails tonight when we return. Happy to take a second look at this then, but if you need to send it back before then, please do. Thanks again for covering!

Joseph Khawam
Office of the Legal Adviser (L/PM)

---

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 4:10:36 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** FW: Cats I-III Synch

Joe,
I took a crack at revising Josh's draft cover letter.  I've attached the revised copy here and am copying it into this message in case that's easier.  My changes below are underlined.  I can give you additional background tomorrow ████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

Christine

SENSITIVE BUT UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Thursday, October 3, 2019 11:53 AM
**To:** Foster, John A <FosterJA2@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dear all,

Attached as discussed on the call please find a draft cover letter for the re-notification. ███████████

Thanks,

Josh

-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch
**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In: ███████████████████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning.  Please find the dial-in info below:

Dial In: USA Toll-Free ███████████

USA Caller Paid/International Toll: ██████████

ACCESS CODE: 6531004

Thanks,

John

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003747

---

Message

---

**From:** Foster, John A [FosterJA2@state.gov]
**Sent:** 10/3/2019 9:32:23 PM
**To:** Koelling, Richard W [KoellingRW@state.gov]; Minarich, Christine M [MinarichCM@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]
**CC:** Miller, Michael F [Millermf@state.gov]
**Subject:** RE: Notification to the Congress of Cats I-III - AM to T
**Attachments:** USML Cat I-III 38(f) - AM to T + JAF Edits.docx


Rick,

Many thanks for taking the pen on this AM.  Please see my suggested edits in the attached.

Best,
John


SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 3, 2019 4:42 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>
**Subject:** Notification to the Congress of Cats I-III - AM to T

All,

Please find the updated redline of the AM to T for Notification per our discussion earlier this morning.

Please give me your thoughts by 1200 noon tomorrow, October 4, 2019, so I can formally coordinate with the remaining offices.

v/r,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


Christine

Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646
Tu,Th: (202) 663-2915

SBU - DELIBERATIVE PROCESS

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>;
Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling,
Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh
<Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander
<alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel
<Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review
(Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ██████████████████████
████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule
formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████
██████████ I also included a clean version of the rule, but please use the redline version if you have additional edits you
want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB
on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

**Message**

| | |
|---|---|
| **From:** | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent:** | 10/3/2019 9:39:41 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: Cats I-III Synch |

Thanks – and I certainly didn't mean for you to review from Disney!!  Just thought I'd share in case you had time tonight/tomorrow morning. ███████████████████████████████ I should have made that point explicitly in the email.

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 3, 2019 5:17 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Cats I-III Synch

This is great - consistent with what I was envisioning. ███████████████████████████ ███████████████████████████ Im planning on going through emails tonight when we return. Happy to take a second look at this then, but if you need to send it back before then, please do. Thanks again for covering!

Joseph Khawam
Office of the Legal Adviser (L/PM)

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 4:10:36 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** FW: Cats I-III Synch

Joe,
I took a crack at revising Josh's draft cover letter.  I've attached the revised copy here and am copying it into this message in case that's easier.  My changes below are underlined.  I can give you additional background tomorrow ███████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████

Christine

████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████



SENSITIVE BUT UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Thursday, October 3, 2019 11:53 AM
**To:** Foster, John A <FosterJA2@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dear all,

Attached as discussed on the call please find a draft cover letter for the re-notification ███████████
████████████████████████████

Thanks,

Josh

-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch
**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In: ████████████████████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning.  Please find the dial-in info below:

Dial In: USA Toll-Free: ██████████

USA Caller Paid/International Toll ███████████

ACCESS CODE: ██████

Thanks,
John

SENSITIVE BUT UNCLASSIFIED

---

Message

---

**From:** Minarich, Christine M [MinarichCM@state.gov]
**Sent:** 10/3/2019 9:44:17 PM
**To:** Paul, Joshua M [PaulJM@state.gov]; Foster, John A [FosterJA2@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling,Richard W [KoellingRW@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Hart, Robert L [HartRL@state.gov]
**CC:** PM-CPA [PM-CPA@state.gov]
**Subject:** RE: Cats I-III Synch
**Attachments:** DRAFT 123 Cover Letter LPM cmts.docx

Dropping Mike and Jeff until we have a near final draft.
Thanks for taking the pen on this draft Josh.  I proposed some edits ███████████████ ██

Christine

---

SENSITIVE BUT UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Thursday, October 3, 2019 11:53 AM
**To:** Foster, John A <FosterJA2@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dear all,

Attached as discussed on the call please find a draft cover letter for the re-notification.████████

Thanks,

Josh

-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch
**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In:█████████████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning.  Please find the dial-in info below:

Dial In: USA Toll-Free: █████████

USA Caller Paid/International Toll ███████████

ACCESS CODE: ███████

Thanks,
John

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003754

Message

---

**From:** Heidema, Sarah J [HeidemaSJ@state.gov]
**Sent:** 10/3/2019 11:47:34 PM
**To:** Minarich, Christine M [MinarichCM@state.gov]
**CC:** Hart, Robert L [HartRL@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Foster, John A [FosterJA2@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Paul, Joshua M [PaulJM@state.gov]
**Subject:** Edits to notification letter
**Attachments:** DRAFT 123 Cover Letter LPM cmts copy copy.docx

My edits on top of L's.  Let me know if this is unclear as I'm editing on my phone.  Thanks all!

WASHSTATEC003755

Message

| | |
|---|---|
| **From**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent**: | 10/4/2019 12:14:59 AM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov]; Foster, John A [FosterJA2@state.gov]; Minarich, Christine M [MinarichCM@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Hart, Robert L [HartRL@state.gov]; Paul, Joshua M [PaulJM@state.gov] |
| **Subject**: | Revised action memo |
| **Attachments**: | USML Cat I-III 38(f) - AM to T + JAF Edits copy.docx |



Message

---

**From**: Khawam, Joseph N [KhawamJN@state.gov]
**Sent**: 10/4/2019 1:41:05 AM
**To**: Heidema, Sarah J [HeidemaSJ@state.gov]; Minarich, Christine M [MinarichCM@state.gov]
**CC**: Hart, Robert L [HartRL@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Foster, John A [FosterJA2@state.gov]; Paul, Joshua M [PaulJM@state.gov]
**Subject**: RE: Edits to notification letter
**Attachments**: DRAFT 123 Cover Letter LPM cmts copy copy.docx

Very minor edits from me.  I thought it looked good otherwise.  Thanks.

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Thursday, October 3, 2019 7:48 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Subject:** Edits to notification letter

My edits on top of L's.  Let me know if this is unclear as I'm editing on my phone.  Thanks all!

Message

| | |
|---|---|
| **From:** | Timothy Mooney [Timothy.Mooney@bis.doc.gov] |
| **Sent:** | 10/4/2019 6:47:59 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject:** | FW: 2018-1-3 FW: Informal notification for removal of items from the U.S. Munitions List |
| **Attachments:** | USML Cat I-III 38(f) - MDE List.pdf; USML Cat I-III 38(f) - Line-in Line-out Comparison.pdf; USML Cat I-III 38(f) - Commerce control text.pdf; USML Cat I-III 38(f) - Notification Letters.pdf; USML Cat I-III 38(f) - Revised Control Text.pdf |



**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Thursday, January 03, 2019 9:19 AM
**To:** Daoussi, Susan G CIV DTSA LD (US) <susan.g.daoussi.civ@mail.mil>; Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Cc:** Monjay, Robert <MonjayR@state.gov>
**Subject:** 2018-1-3 FW: Informal notification for removal of items from the U.S. Munitions List

FYSA and Happy New Year!

Sarah

**Official**
UNCLASSIFIED

**From:** Heidema, Sarah J
**Sent:** Thursday, January 3, 2019 8:59 AM
**To:** 'Tom_Callahan@foreign.senate.gov' <Tom_Callahan@foreign.senate.gov>; 'Doug.Anderson@mail.house.gov' <Doug.Anderson@mail.house.gov>; 'David_Fite@foreign.senate.gov' <David_Fite@foreign.senate.gov>; 'Edmund.Rice@mail.house.gov' <Edmund.Rice@mail.house.gov>; 'Stacie_Oliver@foreign.senate.gov' <Stacie_Oliver@foreign.senate.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; String, Marik A <StringMA@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Lorman, Amanda L <LormanAL@state.gov>; 'Laychak, Michael R SES DTSA EO (US)' <michael.r.laychak.civ@mail.mil>; Matthew Borman <Matthew.Borman@bis.doc.gov>
**Subject:** Informal notification for removal of items from the U.S. Munitions List

This email provides the documents that begin the 30-day informal notification period for the removal of items from the U.S. Munitions List (USML) Categories I-III. This notification proceeds the statutorily required 30-day notification period for removals of items from the USML pursuant to AECA section 38(f). This package of documents contains the draft letters that will transmit the formal notification, a summary of the revisions to USML Categories I-III, copies of the revised USML Category I-III; line-in/line-out comparisons of the current USML Categories I-III and the revised version; and a copy of the Department of Commerce's companion regulatory text describing new or revised Export Control Classification Numbers (ECCNs) that will control the transitioning items.

Department of State personnel, along with our interagency colleagues, are available to answer any questions you may have related to the attached and would be please to provide you a briefing on the changes outlined in these rules.

Regards,

Sarah Heidema
Director
Office of Defense Trade Controls Policy
Directorate of Defense Trade Controls
Department of State
202-663-2809


**Official**
UNCLASSIFIED

*[December 20, 2018]*

Billing Code: 3510-33-P

**DEPARTMENT OF COMMERCE**

**Bureau of Industry and Security**

**15 CFR Parts 736, 740, 742, 743, 744, 746, 748, 758, 762, 772, and 774**

**[Docket No.    ]**

**RIN 0694-AF47**

**Control of Firearms, Guns, Ammunition and Related Articles the President Determines No Longer Warrant Control under the United States Munitions List (USML)**

**AGENCY:**  Bureau of Industry and Security, Department of Commerce.

**ACTION:**  Final rule.

For the reasons stated in the preamble, parts 736, 740, 742, 743, 744, 746, 748, 758, 762, 772, and 774 of the Export Administration Regulations (15 CFR parts 730-774) are amended as follows:

**PART 736 – GENERAL PROHIBITIONS**

1. The authority citation for 15 CFR part 736 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; 22 U.S.C. 2151 note; E.O. 12938, 59 FR 59099, 3 CFR, 1994 Comp., p. 950; E.O. 13020, 61 FR 54079, 3 CFR, 1996 Comp., p. 219; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; E.O. 13338, 69 FR 26751, 3 CFR, 2004 Comp., p. 168; Notice of November 6, 2017, 82 FR 51971 (November 8, 2017);  Notice of May 9, 2018, 83 FR 21839 (May 10, 2018); Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

2. Supplement No. 1 to part 736 is amended by revising paragraph (e)(3) to read as follows:

**SUPPLEMENT NO. 1 TO PART 736 - GENERAL ORDERS**

\*  \*  \*  \*  \*

(e) \*  \*  \*

(3) *Prior commodity jurisdiction determinations.* If the U.S. State Department has previously determined that an item is not subject to the jurisdiction of the ITAR and the item was not listed in a then existing "018" series ECCN (for purposes of the "600 series" ECCNs, or the 0x5zz ECCNs) or in a then existing ECCN 9A004.b or related software or technology ECCN (for

WASHSTATEC003760

*[December 20, 2018]*

purposes of the 9x515 ECCNs), then the item is per se not within the scope of a "600 series" ECCN, a 0x5zz ECCN, or a 9x515 ECCN.  If the item was not listed elsewhere on the CCL at the time of such determination (*i.e.*, the item was designated EAR99), the item shall remain designated as EAR99 unless specifically enumerated by BIS or DDTC in an amendment to the CCL or to the USML, respectively.

\*   \*   \*   \*   \*

**PART 740 – LICENSE EXCEPTIONS**

3. The authority citation for 15 CFR part 740 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; 22 U.S.C. 7201 *et seq.*; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

4. Section 740.2 is amended by adding paragraphs (a)(21) and (22) to read as follows:

**§ 740.2 Restrictions on all license exceptions.**

(a) \*   \*   \*

(21)  The reexport or transfer (in-country) of firearms classified under ECCNs 0A501 or 0A502 if a part or component that is not "subject to the ITAR," but would otherwise meet the criteria in USML Category I(h)(2)(*i.e.*, parts and components specially designed for conversion of a semiautomatic firearm to a fully automatic firearm) is incorporated into the firearm or is to be reexported or transferred (in-country) with the firearm with "knowledge" the part or component will be subsequently incorporated into the firearm.  (*See* USML Category I(h)(2)).  In such instances, no license exceptions are available except for License Exception GOV (§ 740.11(b)(2)(ii)).

(22) The export, reexport, or transfer (in-country) of any item classified under a 0x5zz ECCN when a party to the transaction is designated on the Department of the Treasury, Office of Foreign Assets Control (OFAC), Specially Designated Nationals and Blocked Persons (SDN) list under the designation [SDNT], pursuant to the Narcotics Trafficking Sanctions Regulations, 31 CFR part 536, or under the designation [SDNTK], pursuant to the Foreign Narcotics Kingpin Sanctions Regulations, 31 CFR part 598.

5. Section 740.9 is amended by:

a.  Adding five sentences at the end of paragraph (a) introductory text;

[December 20, 2018]

b.  Adding one sentence at the end of paragraph (b)(1) introductory text;

c.  Adding paragraph (b)(5); and

d. Redesignating notes 1 through 3 to paragraph (b) as notes 2 through 4 to paragraph (b);

The additions read as follows:

**§ 740.9 Temporary imports, exports, reexports, and transfers (in-country) (TMP).**

\*   \*   \*   \*   \*

(a)  \*   \*   \*  This paragraph (a) does not authorize any export of a commodity controlled under ECCNs 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled under ECCN 0A502 to, or any export of such an item that was imported into the United States from, a country in Country Group D:5 (Supplement No. 1 of this part), or from Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan.  The only provisions of this paragraph (a) that are eligible for use to export such items are paragraph (a)(5) of this section ("Exhibition and demonstration") and paragraph (a)(6) of this section ("Inspection, test, calibration, and repair").  In addition, this paragraph (a) may not be used to export more than 75 firearms per shipment.  In accordance with the requirements in § 758.1(b)(10) and (g)(4) of the EAR, the exporter or its agent must provide documentation that includes the serial number, make, model, and caliber of each firearm being exported by filing these data elements in an EEI filing in AES.  In accordance with the exclusions in License Exception TMP under paragraph (b)(5) of this section, the entry clearance requirements in § 758.1(b)(10) do not permit the temporary import of firearms controlled in ECCN 0A501.a or .b that are shipped from or manufactured in a Country Group D:5 country; or that are shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, (except for any firearm model designation (if assigned) controlled by 0A501 that is specified under Annex A in Supplement No. 4 to part 740, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are shipped from or manufactured in a Country Group D:5 country, or from Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, because of the exclusions in License Exception TMP under paragraph (b)(5) of this section.

\*   \*   \*   \*   \*

(b)  \*   \*   \*

(1) \*   \*   \* No provision of paragraph (b) of this section, other than paragraph (b)(3), (4),

[December 20, 2018]

or (5), may be used to export firearms controlled by ECCN 0A501.a, .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502.

*   *   *   *   *

(5) *Exports of firearms and certain shotguns temporarily in the United States.* This paragraph (b)(5) authorizes the export of no more than 75 end item firearms per shipment controlled by ECCN 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are temporarily in the United States for a period not exceeding one year, provided that:

(i) The firearms were not shipped from or manufactured in a U.S. arms embargoed country, *i.e.*, destination listed in Country Group D:5 in Supplement No. 1 to part 740 of the EAR;

(ii) The firearms were not shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, except for any firearm model controlled by 0A501 that is specified under Annex A in Supplement No. 4 to part 740; and

(iii) The firearms are not ultimately destined to a U.S. arms embargoed country, *i.e.*, destination listed in Country Group D:5 in Supplement No. 1 to part 740 of the EAR, or to Russia;

(iv) When the firearms entered the U.S. as a temporary import, the temporary importer or its agent:

(A) Provided the following statement to U.S. Customs and Border Protection: "This shipment will be exported in accordance with and under the authority of License Exemption TMP (15 CFR 740.9(b)(5))";

(B) Provided to U.S. Customs and Border Protection an invoice or other appropriate import-related documentation (or electronic equivalents) that includes a complete list and description of the firearms being temporarily imported, including their model, make, caliber, serial numbers, quantity, and U.S. dollar value; and

(C) Provided (if temporarily imported for a trade show, exhibition, demonstration, or testing) to U.S. Customs and Border Protection the relevant invitation or registration documentation for the event and an accompanying letter that details the arrangements to maintain effective control of the firearms while they are in the United States.

(v) In addition to the export clearance requirements of part 758 of the EAR, the exporter

*[December 20, 2018]*

or its agent must provide the import documentation related to paragraph (b)(5)(iv)(B) of this section to U.S. Customs and Border Protection at the time of export.

> ***Note 1 to paragraph (b)(5):*** *In addition to complying with all applicable EAR requirements for the export of commodities described in paragraph (b)(5), exporters and temporary importers should contact U.S. Customs and Border Protection (CBP) at the port of temporary import or export, or at the CBP website, for the proper procedures for temporarily importing or exporting firearms controlled in ECCN 0A501.a or .b or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502, including regarding how to provide any data or documentation required by BIS.*

\* \* \* \* \*

6. Section 740.10 is amended by:

a. Adding one sentence at the end of paragraph (b)(1); and

b. Adding paragraph (b)(4).

The additions read as follows:

## § 740.10 Servicing and replacement of parts and equipment (RPL)

\* \* \* \* \*

***(b)*** \* \* \*

(1) \*   \*   \* The export of firearms controlled by ECCN 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 temporarily in the United States for servicing and replacement may be exported under paragraphs (b)(2) or (3) of this section only if the additional requirements in paragraph (b)(4) of this section are also met.

\* \* \* \* \*

(4) *Exports of firearms and certain shotguns temporarily in the United States for servicing and replacement.* This paragraph (b)(4) authorizes the export of firearms controlled by ECCN 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are temporarily in the United States for servicing or replacement for a period not exceeding one year or the time it takes to service or replace the commodity, whichever is shorter, provided that the requirements of paragraphs (b)(2) or (3) of this section are met and:

(i) The firearms were not shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, except for any firearm model controlled by 0A501 that is specified under Annex A in Supplement No. 4 to part 740;

*[December 20, 2018]*

(ii) When the firearms entered the U.S. as a temporary import, the temporary importer or its agent:

(A) Provided the following statement to U.S. Customs and Border Protection: "This shipment will be exported in accordance with and under the authority of License Exception RPL (15 CFR 740.10(b))";

(B) Provided to U.S. Customs and Border Protection an invoice or other appropriate import-related documentation (or electronic equivalents) that includes a complete list and description of the firearms being temporarily imported, including their model, make, caliber, serial numbers, quantity, and U.S. dollar value; and

(C) Provided (if temporarily imported for servicing or replacement) to U.S. Customs and Border Protection the name, address and contact information (telephone number and/or email) of the organization or individual in the U.S. that will be receiving the item for servicing or replacement.

(iii) In addition to the export clearance requirements of part 758 of the EAR, the exporter or its agent must provide the import documentation related to paragraph (b)(4)(iii)(B) of this section to U.S. Customs and Border Protection at the time of export.

*Note 1 to paragraph (b)(4): In addition to complying with all applicable EAR requirements for the export of commodities described in paragraph (b)(4), exporters and temporary importers should contact U.S. Customs and Border Protection (CBP) at the port of temporary import or export, or at the CBP website, for the proper procedures for temporarily importing or exporting firearms controlled in ECCN 0A501.a or .b or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502, including regarding how to provide any data or documentation required by BIS.*

\* \* \* \* \*

7.  Section 740.11 is amended by:

a. Adding two sentences at the end of the introductory text;

b. Adding Note 2 to paragraph (b)(2); and

c. Redesignating note 1 to paragraph (c)(1) as note 3 to paragraph (c)(1) and notes 1 and 2 to paragraph (e) as notes 4 and 5 to paragraph (e).

The additions read as follows:

*[December 20, 2018]*

**§ 740.11 Governments, international organizations, international inspections, under the Chemical Weapons Convention, and the International Space Station (GOV).**

\* \* \* Commodities listed in ECCN 0A501 are eligible only for transactions described in paragraphs (b)(2)(i) and (ii) of this section.  Any item listed in a 0x5zz ECCN for export, reexport, or transfer (in-country) to an E:1 country is eligible only for transactions described in paragraphs (b)(2)(i) and (ii) solely for U.S. Government official use of this section.

\*   \*   \*   \*   \*

   ***Note 2 to paragraph (b)(2):***  *Items controlled for NS, MT, CB, NP, FC, or AT reasons may not be exported, reexported, or transferred (in-country) to, or for the use of military, police, intelligence entities, or other sensitive end users (e.g., contractors or other governmental parties performing functions on behalf of military, police, or intelligence entities) of a government in a Country Group E:1 or E:2 country.*

\*   \*   \*   \*   \*

   8. Section 740.14 is amended by revising paragraph (b)(4), revising the heading to paragraph (e), and by adding paragraphs (e)(3) and (4) to read as follows:

**§ 740.14 Baggage (BAG).**

\*   \*   \*   \*   \*

   (b) \*   \*   \*

   (4) *Tools of trade.* Usual and reasonable kinds and quantities of tools, instruments, or equipment and their containers and also technology for use in the trade, occupation, employment, vocation, or hobby of the traveler or members of the household who are traveling or moving. For special provisions regarding firearms and ammunition, see paragraph (e) of this section.  For special provisions regarding encryption commodities and software subject to EI controls, see paragraph (f) of this section.  For a special provision that specifies restrictions regarding the export or reexport of technology under this paragraph (b)(4), see paragraph (g) of this section. For special provisions regarding personal protective equipment under ECCN 1A613.c or .d, see paragraph (h) of this section.

\*   \*   \*   \*   \*

   (e) *Special provisions for firearms and ammunition.* \*   \*   \*

   (3) A United States citizen or a permanent resident alien leaving the United States may export under this License Exception firearms, "parts," "components," "accessories," or

WASHSTATEC003766

[December 20, 2018]

"attachments" controlled under ECCN 0A501 and ammunition controlled under ECCN 0A505.a, subject to the following limitations:

(i) Not more than three firearms and 1,000 rounds of ammunition may be taken on any one trip.

(ii) "Parts," "components," "accessories," and "attachments" exported pursuant to this paragraph must be of a kind and limited to quantities that are reasonable for the activities described in paragraph (e)(3)(iv) of this section or that are necessary for routine maintenance of the firearms being exported.

(iii) The commodities must be with the person's baggage.

(iv) The commodities must be for the person's exclusive use and not for resale or other transfer of ownership or control. Accordingly, except as provided in paragraph (e)(4) of this section, firearms, "parts," "components," "accessories," "attachments," and ammunition, may not be exported permanently under this License Exception. All firearms, "parts," "components," "accessories," or "attachments" controlled under ECCN 0A501 and all unused ammunition controlled under ECCN 0A505.a exported under this License Exception must be returned to the United States.

(v) Travelers leaving the United States temporarily are required to declare the firearms, "parts," "components," "accessories," "attachments," and ammunition being exported under this license exception to a Customs and Border Protection (CBP) officer prior to departure from the United States and present such items to the CBP officer for inspection, confirming that the authority for the export is License Exception BAG and that the exporter is compliant with its terms.

(4) A nonimmigrant alien leaving the United States may export or reexport under this License Exception only such firearms controlled under ECCN 0A501 and ammunition controlled under ECCN 0A505 as he or she brought into the United States under the relevant provisions of Department of Justice regulations at 27 CFR part 478.

* * * * *

§ 740.16 [AMENDED]

9. Section 740.16 is amended by:

a. Revising paragraph (a)(2);

b. Revising paragraphs (b)(2)(iv) and (v); and

*[December 20, 2018]*

c.  Adding paragraph (b)(2)(vi);

The revisions and addition read as follows:

**§ 740.16 Additional permissive reexports (APR).**

\* \* \* \* \*

(a) \* \* \*

(2) The commodities being reexported are not controlled for NP, CB, MT, SI, or CC reasons or described in ECCNs 0A919, 3A001.b.2 or b.3 (except those that are being reexported for use in civil telecommunications applications), 6A002, 6A003, 6A990; or commodities classified under a 0x5zz ECCN; and

\* \* \* \* \*

(b) \* \* \*

(2) \* \* \*

(iv) Commodities described in ECCN 0A504 that incorporate an image intensifier tube;

(v) Commodities described in ECCNs 6A002 or 6A990; or

(vi) Commodities classified under a 0x5zz ECCN.

\* \* \* \* \*

10.  Section 740.20 is amended by revising paragraph (b)(2)(ii) to read as follows:

**§ 740.20 License Exception Strategic Trade Authorization (STA).**

\* \* \* \* \*

(b) \* \* \*

(2) \* \* \*

(ii) License Exception STA may not be used for:

(A) Any item controlled in ECCNs 0A501.a, .b, .c, .d, or .e; 0A981; 0A982; 0A983; 0A503; 0E504; 0E982; or

(B) Shotguns with barrel length less than 18 inches controlled in 0A502.

\* \* \* \* \*

11. Add Supplement No. 4 to part 740 to read as follows:

**SUPPLEMENT NO. 4 TO PART 740 - ANNEX A FIREARM MODELS**

(a) *Pistols/revolvers.*

(1) German Model P08 Pistol = SMCR.

(2) IZH 34M, .22 Target pistol.

*[December 20, 2018]*

(3) IZH 35M, .22 caliber Target pistol.

(4) Mauser Model 1896 pistol = SMCR.

(5) MC-57-1 pistol.

(6) MC-1-5 pistol.

(7) Polish Vis Model 35 pistol = SMCR.

(8) Soviet Nagant revolver = SMCR.

(9) TOZ 35, .22 caliber Target pistol.

(10) MTs 440.

(11) MTs 57-1.

(12) MTs 59-1.

(13) MTs 1-5.

(14) TOZ-35M (starter pistol).

(15) Biathlon-7K.

(b) *Rifles.*

(1) BARS-4 Bolt Action carbine.

(2) Biathlon target rifle, .22.

(3) British Enfield rifle = SMCR.

(4) CM2, .22 target rifle (also known as SM2, .22).

(5) German model 98K =SMCR.

(6) German model G41 = SMCR.

(7) German model G43=SMCR.

(8) IZH-94.

(9) LOS-7, bolt action.

(10) MC-7-07.

(11) MC-18-3.

(12) MC-19-07.

(13) MC-105-01.

(14) MC-112-02.

(15) MC-113-02.

(16) MC-115-1.

(17) MC-125/127.

*[December 20, 2018]*

(18) MC-126.

(19) MC-128.

(20) Saiga.

(21) Soviet Model 38 carbine=SMCR.

(22) Soviet Model 44 carbine-SMCR.

(23) Soviet Model 91/30 rifle=SMCR.

(24) TOZ 18, .22 bolt action.

(25) TOZ 55.

(26) TOZ 78.

(27) Ural Target, .22lr.

(28) VEPR rifle.

(29) Winchester Model 1895, Russian Model rifle=SMCR.

(30) Sever – double barrel.

(31) IZH18MH single barrel break action.

(32) MP-251 over/under rifle.

(33) MP-221 double barrel rifle.

(34) MP-141K.

(35) MP-161K.

(36) MTs 116-1.

(37) MTs 116M.

(38) MTs 112-02.

(39) MTs 115-1.

(40) MTs 113-02.

(41) MTs 105-01.

(42) MTs 105-05.

(43) MTs 7-17 combination gun.

(44) MTs 7-12-07 rifle/shotgun.

(45) MTs 7-07.

(46) MTs 109-12-07 rifle.

(47) MTs 109-07 rifle.

(48) MTs 106-07 combination.

WASHSTATEC003770

*[December 20, 2018]*

(49) MTs 19-97.

(50) MTs 19-09.

(51) MTs 18-3M.

(52) MTs 125.

(53) MTs 126.

(54) MTs 127.

(55) Berkut-2.

(56) Berkut-2M1.

(57) Berkut-3.

(58) Berkut-2-1.

(59) Berkut-2M2.

(60) Berkut-3-1.

(61) Ots-25.

(62) MTs 20-07.

(63) LOS-7-1.

(64) LOS -7-2.

(65) LOS-9-1.

(66) Sobol (Sable).

(67) Rekord.

(68) Bars-4-1.

(69) Saiga.

(70) Saiga-M.

(71) Saiga 308.

(72) Saiga-308-1.

(73) Saiga 308-2.

(74) Saiga-9.

(75) Korshun.

(76) Ural-5-1.

(77) Ural 6-1.

(78) Ural-6-2.

(79) SM-2.

*[December 20, 2018]*

(80) Biatlon-7-3.

(81) Biatlon-7-4.

(82) Rekord-1.

(83) Rekord-2.

(84) Rekord-CISM.

(85) Rekord-1-308.

(86) Rekord-2-308.

(87) Rekord-1-308-CISM.

(88) VEPR.

(89) VEPR Super.

(90) VEPR Pioneer.

(91) VEPR Safari.

(92) TOZ 109.

(93) KO 44-1.

(94) TOZ 78-01.

(95) KO 44.

(96) TOZ 99.

(97) TOZ 99-01.

(98) TOZ 55-01 Zubr.

(99) TOZ 55-2 Zubr.

(100) TOZ 120 Zubr.

(101) MTs 111.

(102) MTs 109.

(103) TOZ 122.

(104) TOZ 125.

(105) TOZ 28.

(106) TOZ 300.

## PART 742 – CONTROL POLICY—CCL BASED CONTROLS

12.  The authority citation for part 742 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; 22 U.S.C. 3201 *et seq.*; 42 U.S.C. 2139a; 22 U.S.C. 7201 *et seq.*; 22 U.S.C. 7210;

*[December 20, 2018]*

Sec. 1503, Pub. L. 108–11, 117 Stat. 559; E.O. 12058, 43 FR 20947, 3 CFR, 1978 Comp., p. 179; E.O. 12851, 58 FR 33181, 3 CFR, 1993 Comp., p. 608; E.O. 12938, 59 FR 59099, 3 CFR, 1994 Comp., p. 950; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Presidential Determination 2003-23, 68 FR 26459, 3 CFR, 2004 Comp., p. 320; Notice of November 6, 2017, 82 FR 51971 (November 8, 2017); Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

13.  Section 742.6 is amended by revising the first and sixth sentences of paragraph (b)(1)(i) and adding a seventh sentence at the end of paragraph (b)(1)(i) to read as follows:

**§742.6 Regional stability.**

\*   \*   \*   \*   \*

(b)  \*   \*   \*

(1)  \*   \*   \*

(i)  Applications for exports and reexports of ECCN 0A501, 0A504, 0A505, 0B501, 0B505, 0D501, 0D505, 0E501, 0E504, and 0E505 items; 9x515 items and "600 series" items and will be reviewed on a case-by-case basis to determine whether the transaction is contrary to the national security or foreign policy interests of the United States, including the foreign policy interest of promoting the observance of human rights throughout the world. \*   \*   \* When destined to the People's Republic of China or a country listed in Country Group E:1 in Supplement No. 1 to part 740 of the EAR, items classified under ECCN 0A501, 0A505, 0B501, 0B505, 0D501, 0D505, 0E501, 0E504, and 0E505 or any 9x515 ECCN will be subject to a policy of denial.  In addition, applications for exports and reexports of ECCN 0A501, 0A505, 0B501, 0B505, 0D501, 0D505, 0E501, 0E504, and 0E505 items when there is reason to believe the transaction involves criminal organizations, rebel groups, street gangs, or other similar groups or individuals, that may be disruptive to regional stability, including within individual countries, will be subject to a policy of denial.

\*   \*   \*   \*   \*

14.  Section 742.7 is amended by revising paragraphs (a)(1) through (4) and (c) to read as follows:

**§ 742.7 Crime control and detection.**

(a)  \*   \*   \*

*[December 20, 2018]*

(1)  Crime control and detection instruments and equipment and related "technology" and "software" identified in the appropriate ECCNs on the CCL under CC Column 1 in the Country Chart column of the "License Requirements" section.  A license is required to countries listed in CC Column 1 (Supplement No. 1 to part 738 of the EAR).  Items affected by this requirement are identified on the CCL under the following ECCNs: 0A502, 0A504, 0A505.b, 0A978, 0A979 0E502, 0E505 ("technology" for "development" or for "production" of buckshot shotgun shells controlled under ECCN 0A505.b), 1A984, 1A985, 3A980, 3A981, 3D980, 3E980, 4A003 (for fingerprint computers only), 4A980, 4D001 (for fingerprint computers only), 4D980, 4E001 (for fingerprint computers only), 4E980, 6A002 (for police-model infrared viewers only), 6E001 (for police-model infrared viewers only), 6E002 (for police-model infrared viewers only), and 9A980.

(2)  Shotguns with a barrel length greater than or equal to 24 inches, identified in ECCN 0A502 on the CCL under CC Column 2 in the Country Chart column of the "License Requirements" section regardless of end user to countries listed in CC Column 2 (Supplement No. 1 to part 738 of the EAR).

(3)  Shotguns with barrel length greater than or equal to 24 inches, identified in ECCN 0A502 on the CCL under CC Column 3 in the Country Chart column of the "License Requirements" section only if for sale or resale to police or law enforcement entities in countries listed in CC Column 3 (Supplement No. 1 to part 738 of the EAR).

(4)  Certain crime control items require a license to all destinations, except Canada. These items are identified under ECCNs 0A982, 0A503, and 0E982.  Controls for these items appear in each ECCN; a column specific to these controls does not appear in the Country Chart (Supplement No. 1 to part 738 of the EAR).

*   *   *   *   *

(c)  *Contract sanctity*.  Contract sanctity date: August 22, 2000.  Contract sanctity applies only to items controlled under ECCNs 0A982, 0A503, and 0E982 destined for countries not listed in CC Column 1 of the Country Chart (Supplement No. 1 to part 738 of the EAR).

*   *   *   *   *

15.  Section 742.17 is amended by:

a. Revising the first sentence of paragraph (a); and

b. Revising paragraph (f) to read as follows:

*[December 20, 2018]*

**§ 742.17  Exports of firearms to OAS member countries.**

(a)  *License requirements*. BIS maintains a licensing system for the export of firearms and related items to all OAS member countries.  \*   \*   \*

\*   \*   \*   \*   \*

(f) *Items/Commodities*.   Items requiring a license under this section are ECCNs 0A501 (except 0A501.y), 0A502, 0A504 (except 0A504.f), and 0A505 (except 0A505.d).  (See Supplement No. 1 to part 774 of the EAR).

\*   \*   \*   \*   \*

**§ 742.19 [AMENDED]**

16. Section 742.19(a)(1) is amended by:

a. Removing "0A986" and adding in its place "0A505.c"; and

b. Removing "0B986" and adding in its place "0B505.c".

**PART 743 – SPECIAL REPORTING AND NOTIFICATION**

17. The authority citation for 15 CFR part 743 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783;  E.O. 13637, 78 FR 16129, 3 CFR, 2014 Comp., p. 223; 78 FR 16129; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

18. Section 743.4 is amended by:

a. Adding four sentences to the end of paragraph (a);

b. By redesignating Note to paragraph (a) as Note 1 to paragraph (a);

c. Revising paragraph (b);

d. Adding paragraphs (c)(1)(i) and (c)(2)(i);

e. By redesignating Note to paragraph (e)(1)(ii) as Note 2 to paragraph (e)(1)(ii);

e. Revising paragraph (h); and

f. Adding paragraph (i) to read as follows:

**§ 743.4 Conventional arms reporting.**

(a) \*   \*   \*   This section does not require reports when the exporter uses the alternative submission method described under paragraph (h) of this section.  The alternative submission method under paragraph (h) requires the exporter to submit the information required for conventional arms reporting in this section as part of the required EEI submission in AES, pursuant to § 758.1(b)(10).

*[December 20, 2018]*

Because of the requirements in § 758.1(g)(4)(ii) for the firearms that require conventional arms reporting of all conventional arms, the Department of Commerce believes all conventional arms reporting requirements for firearms will be met by using the alternative submission method. The Department of Commerce leaves standard method for submitting reports in place in case any additional items are moved from the USML to the CCL, that may require conventional arms reporting.

   ***Note 1 to paragraph (a):*** *   *   *

(b) *Requirements*.  You must submit one electronic copy of each report required under the provisions of this section, or submit this information using the alternative submission method specified in paragraph (h) of this section, and maintain accurate supporting records (see § 762.2(b) of the EAR) for all exports of items specified in paragraph (c) of this section for the following:

(c) *   *   *

(1) *   *   *

   (i) ECCN 0A501.a and .b.

*   *   *   *   *

(2) *   *   *

   (i) ECCN 0A501.a and .b.

*   *   *   *   *

(h) *Alternative submission method*.  This paragraph (h) describes an alternative submission method for meeting the conventional arms reporting requirements of this section. The alternative submission method requires the exporter, when filing the required EEI submission in AES, pursuant to § 758.1(b)(10), to include the six character ECCN classification (*i.e.*, 0A501.a or 0A501.b) as the first text to appear in the Commodity description block.  If the exporter properly includes this information in the EEI filing in AES, the Department of Commerce will be able to obtain that export information directly from AES to meet the U.S. Government's commitments to the Wassenaar Arrangement and United Nations for conventional arms reporting.  An exporter that complies with the requirements in § 758.1(g)(4)(ii) does not have to submit separate annual and semi-annual reports to the Department of Commerce pursuant to this section.

(i) *Contacts.* General information concerning the Wassenaar Arrangement and reporting obligations thereof is available from the Office of National Security and Technology Transfer Controls, Tel.: (202) 482-0092, Fax: (202) 482-4094.  Information concerning the reporting

*[December 20, 2018]*

requirements for items identified in paragraphs (c)(1) and (2) of this section is available from the Office of Nonproliferation and Treaty Compliance (NPTC), Tel.: (202) 482-4188, Fax: (202) 482-4145.

## PART 744 – CONTROL POLICY: END-USER AND END-USE BASED

19.  The authority citation for 15 CFR part 744 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 et seq.; 50 U.S.C. 1701 et seq.; 22 U.S.C. 3201 et seq.; 42 U.S.C. 2139a; 22 U.S.C. 7201 et seq.; 22 U.S.C. 7210; E.O. 12058, 43 FR 20947, 3 CFR, 1978 Comp., p. 179; E.O. 12851, 58 FR 33181, 3 CFR, 1993 Comp., p. 608; E.O. 12938, 59 FR 59099, 3 CFR, 1994 Comp., p. 950; E.O. 12947, 60 FR 5079, 3 CFR, 1995 Comp., p. 356; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13099, 63 FR 45167, 3 CFR, 1998 Comp., p. 208; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; E.O. 13224, 66 FR 49079, 3 CFR, 2001 Comp., p. 786; Notice of November 6, 2017, 82 FR 51971 (November 8, 2017); Notice of January 17, 2018, 83 FR 2731 (January 18, 2018); Notice of August 8, 2018, 83 FR 39871 (August 13, 2018); Notice of September 19, 2018, 83 FR 47799 (September 20, 2018).

## § 744.9 [AMENDED]

20.  Section 744.9 is amended by removing "0A987" from paragraphs (a)(1) and (b) and adding in its place "0A504".

## PART 746 – EMBARGOES AND OTHER SPECIAL CONTROLS

21.  The authority citation for 15 CFR part 746 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; 22 U.S.C. 287c; Sec 1503, Pub. L. 108-11, 117 Stat. 559; 22 U.S.C. 6004; 22 U.S.C. 7201 *et seq.*; 22 U.S.C. 7210; E.O. 12854, 58 FR 36587, 3 CFR, 1993 Comp., p. 614; E.O. 12918, 59 FR 28205, 3 CFR, 1994 Comp., p. 899; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; E.O. 13338, 69 FR 26751, 3 CFR, 2004 Comp., p 168; Presidential Determination 2003-23, 68 FR 26459, 3 CFR, 2004 Comp., p. 320; Presidential Determination 2007-7, 72 FR 1899, 3 CFR, 2006 Comp., p. 325; Notice of May 9, 2018, 83 FR 21839 (May 10, 2018); Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

## § 746.3 [AMENDED]

22.  Section 746.3 is amended by removing "0A986" from paragraph (b)(2) and adding in its place "0A505.c".

WASHSTATEC003777

*[December 20, 2018]*

**§ 746.7 [AMENDED]**

23.  Section 746.7 is amended in paragraph (a)(1) by:

a. Adding "0A503," immediately before "0A980"; and

b. Removing "0A985,".

**PART 748 – APPLICATIONS (CLASSIFICATION, ADVISORY, AND LICENSE) AND DOCUMENTATION**

24.  The authority citation for 15 CFR part 748 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

25.  Section 748.12 is amended by:

a. Revising the heading;

b. Adding introductory text;

c. Revising paragraphs (a) introductory text and (a)(1);

d. Redesignating the note to paragraph (c)(8) as note 1 to paragraph (c)(8); and

e. Adding paragraph (e).

The revisions and additions read as follows.

**§ 748.12 Firearms import certificate or import permit.**

License applications for certain firearms and related commodities require support documents in accordance with this section.  For destinations that are members of the Organization of American States (OAS), an FC Import Certificate or equivalent official document is required in accordance with paragraphs (a) through (d) of this section.  For other destinations that require a firearms import or permit, the firearms import certificate or permit is required in accordance with paragraphs (e) through (g) of this section.

(a) *Requirement to obtain document for OAS member states.* Unless an exception in § 748.9(c) applies, an FC Import Certificate is required for license applications for firearms and related commodities, regardless of value, that are destined for member countries of the OAS.  This requirement is consistent with the OAS Model Regulations described in § 742.17 of the EAR.

(1)  *Items subject to requirement.* Firearms and related commodities are those commodities controlled for "FC Column 1" reasons under ECCNs 0A501 (except 0A501.y), 0A502, 0A504 (except 0A504.f), or 0A505 (except 0A505.d).

WASHSTATEC003778

*[December 20, 2018]*

\* \* \* \* \*

(e) *Requirement to obtain an import certificate or permit for other than OAS member states.* If the country to which firearms, parts, components, accessories, and attachments controlled under ECCN 0A501, or ammunition controlled under ECCN 0A505, are being exported or reexported requires that a government-issued certificate or permit be obtained prior to importing the commodity, the exporter or reexporter must obtain and retain on file the original or a copy of that certificate or permit before applying for an export or reexport license unless:

(1) A license is not required for the export or reexport; or

(2) The exporter is required to obtain an import or end-user certificate or other equivalent official document pursuant to paragraphs (a) thorough (d) of this section and has, in fact, complied with that requirement.

(3)(i) The number or other identifying information of the import certificate or permit must be stated on the license application.

(ii) If the country to which the commodities are being exported does not require an import certificate or permit for firearms imports, that fact must be noted on any license application for ECCN 0A501 or 0A505 commodities.

> **Note 2 to paragraph (e).** *Obtaining a BIS Statement by Ultimate Consignee and Purchaser pursuant to § 748.11 of the EAR does not exempt the exporter or reexporter from the requirement to obtain a certification pursuant to paragraph (a) of this section because that statement is not issued by a government.*

> 26. Supplement No. 2 to part 748 (Unique Application and Submission Requirements) is amended by adding paragraph (z) to read as follows:

**SUPPLEMENT NO. 2 TO PART 748 - UNIQUE APPLICATION AND SUBMISSION REQUIREMENTS**

\* \* \* \* \*

(z) *Exports of firearms and certain shotguns temporarily in the United States.*

(1) *Certification.* If you are submitting a license application for the export of firearms controlled by ECCN 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that will be temporarily in the United States, *e.g.*, for servicing and repair or for intransit shipments, you must include the following certification in Block 24:

> The firearms in this license application will not be shipped from or manufactured in

WASHSTATEC003779

*[December 20, 2018]*

Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, except for any firearm model controlled by 0A501 that is specified under Annex A in Supplement No. 4 to part 740. I and the parties to this transaction will comply with the requirements specified in paragraph (z)(2)(i) and (ii) of Supplement No. 2 to part 748.

(2) *Requirements*. Each approved license for commodities described under paragraph (z) must comply with the requirements specified in paragraphs (z)(2)(i) and (ii) of this supplement.

(i) When the firearms enter the U.S. as a temporary import, the temporary importer or its agent must:

(A) Provide the following statement to U.S. Customs and Border Protection: "This shipment is being temporarily imported in accordance with the EAR. This shipment will be exported in accordance with and under the authority of BIS license number (provide the license number) (15 CFR 750.7(a) and 758.4);"

(B) Provide to U.S. Customs and Border Protection an invoice or other appropriate import-related documentation (or electronic equivalents) that includes a complete list and description of the firearms being temporarily imported, including their model, make, caliber, serial numbers, quantity, and U.S. dollar value; and

(C) Provide (if temporarily imported for servicing or replacement) to U.S. Customs and Border Protection the name, address, and contact information (telephone number and/or email) of the organization or individual in the U.S. that will be receiving the item for servicing or replacement).

(ii) In addition to the export clearance requirements of part 758 of the EAR, the exporter or its agent must provide the import documentation related to paragraph (z)(2)(i)(B) of this supplement to U.S. Customs and Border Protection at the time of export.

***Note 1 to paragraph (z):*** *In addition to complying with all applicable EAR requirements for the export of commodities described in paragraph (z), exporters and temporary importers should contact U.S. Customs and Border Protection (CBP) at the port of temporary import or export, or at the CBP website, for the proper procedures for temporarily importing or exporting firearms controlled in ECCN 0A501.a or .b or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502, including regarding how to provide any data or documentation required by BIS.*

WASHSTATEC003780

*[December 20, 2018]*

## PART 758 – EXPORT CLEARANCE REQUIREMENTS

27.  The authority citation for part 758 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

28.  Section 758.1 is amended by:

   a. Revising paragraphs (b)(7), (8), and (9) and adding paragraph (b)(10);

   b. Revising paragraph (c)(1);

   c. Adding Note 1 to paragraph (c)(1);

   c. Adding paragraph (g)(4); and

   d. Redesignating Note to paragraph (h)(1) as Note 2 to paragraph (h)(1); to read as follows:

## § 758.1 The Electronic Export Enforcement (EEI) filing to the Automated Export System (AES).

* * * * *

(b) * * *

(7) For all items exported under authorization Validated End-User (VEU);

(8) For all exports of tangible items subject to the EAR where parties to the transaction, as described in § 748.5(d) through (f) of the EAR, are listed on the Unverified List (Supplement No. 6 to part 744 of the EAR), regardless of value or destination;

(9) For items that fall under ECCNs that list CC Column 1 and 3 and RS Column 2 (see Supplement No. 1 to part 738 of the EAR) as reasons for control and such items are for export, regardless of value, to India; or

(10) For all exports, except for exports authorized under License Exception BAG, as set forth in §740.14 of the EAR, of items controlled under ECCNs 0A501.a or .b, shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, or ammunition controlled under ECCN 0A505 except for .c, regardless of value or destination, including exports to Canada.

(c) * * *

(1) License Exception Baggage (BAG), as set forth in §740.14 of the EAR. See 15 CFR 30.37(x) of the FTR;

*[December 20, 2018]*

*Note 1 to paragraph (c)(1):* See the export clearance requirements for exports of firearms controlled under ECCNs 0A501.a or .b, shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, or ammunition controlled under ECCN 0A505, authorized under License Exception BAG, as set forth in §740.14 of the EAR.

\* \* \* \* \*

(g) \* \* \*

(4) *Exports of Firearms and Related Items.*  This paragraph (g)(4) includes two separate requirements under paragraph (g)(4)(i) and (ii) of this section that are used to better identify exports of certain end item firearms under the EAR.  Paragraph (g)(4)(i) is limited to certain EAR authorizations.  Paragraph (g)(4)(ii) applies to all EAR authorizations that require EEI filing in AES.

(i) *Identifying end item firearms by manufacturer, model, caliber, and serial number in the EEI filing in AES.*  For any export authorized under License Exception TMP or a BIS license authorizing a temporary export of items controlled under ECCNs 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, in addition to any other required data for the associated EEI filing, you must report the manufacturer, model, caliber, and serial number of the exported items.  The requirements of this paragraph also apply to any other export authorized under a BIS license that includes a condition or proviso on the license requiring the submission of this information specified in paragraph (g) of this section when the EEI is filed in AES.

(ii) *Identifying end item firearms by "items" level classification or other control descriptor in the EEI filing in AES.*  For any export of items controlled under ECCNs 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, in addition to any other required data for the associated EEI filing, you must include the six character ECCN classification (*i.e.*, 0A501.a, or 0A501.b), or for shotguns controlled under 0A502 the phrase "0A501 barrel length less than 18 inches" as the first text to appear in the Commodity description block in the EEI filing in AES.  (*See* § 743.4(h) for the use of this information for conventional arms reporting).

*Note 3 to paragraph (g)(4):* If a commodity described in paragraph (g)(4) is exported under License Exception TMP under § 740.9(a)(6) for inspection, test, calibration, or repair is not consumed or destroyed in the normal course of authorized temporary use abroad, the commodity

*[December 20, 2018]*

must be disposed of or retained in one of the ways specified in § 740.9(a)(14)(i), (ii), or (iii).  For example, if a commodity described in paragraph (g)(4) was destroyed while being repaired after being exported under § 740.9(a)(6), the commodity described in paragraph (g)(4) would not be required to be returned.  If the entity doing the repair returned a replacement of the commodity to the exporter from the United States, the import would not require an EAR authorization.  The entity that exported the commodity described in paragraph (g)(4) and the entity that received the commodity would need to document this as part of their recordkeeping related to this export and subsequent import to the United States.

\*   \*   \*   \*   \*

29.  Add § 758.10 to read as follows:

**§ 758.10  Entry clearance requirements for temporary imports.**

(a) *Scope*.  This section specifies the temporary import entry clearance requirements for firearms "subject to the EAR" that are on the United States Munitions Import List (USMIL, 27 CFR 447.21), except for firearms "subject to the EAR" that are temporarily brought into the United States by nonimmigrant aliens under the provisions of Department of Justice regulations at 27 CFR part 478 (*See* § 740.14(e) of License Exception BAG for information on the export of these firearms "subject to the EAR").  These firearms are controlled in ECCN 0A501.a or .b or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502.  Items that are temporarily exported under the EAR must have met the export clearance requirements specified in § 758.1 of the EAR.

(1) An authorization under the EAR is *not* required for the temporary import of "items" that are "subject to the EAR," including for "items" "subject to the EAR" that are on the USMIL.  Temporary imports of firearms described in this section must meet the entry clearance requirements specified in paragraph (b) of this section.

 (2) Permanent imports are regulated by the Attorney General under the direction of the Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives (see 27 CFR parts 447, 478, 479, and 555).

(b) *EAR procedures for temporary imports and subsequent exports*.  To the satisfaction of U.S. Customs and Border Protection, the temporary importer must comply with the following procedures:

(1) At the time of entry into the U.S. of the temporary import:

WASHSTATEC003783

*[December 20, 2018]*

(i) Provide one of the following statements specified in paragraphs (b)(1)(i)(A), (B), or (C) of this section to U.S. Customs and Border Protection:

(A) "This shipment is being temporarily imported in accordance with the EAR.  This shipment will be exported in accordance with and under the authority of License Exception TMP (15 CFR 740.9(b)(5));"

(B) "This shipment is being temporarily imported in accordance with the EAR.  This shipment will be exported in accordance with and under the authority of License Exception RPL (15 CFR 740.10(b));" or

(C) "This shipment is being temporarily imported in accordance with the EAR.  This shipment will be exported in accordance with and under the authority of BIS license number (provide the license number) (15 CFR 750.7(a) and 758.4);"

(ii) Provide to U.S. Customs and Border Protection an invoice or other appropriate import-related documentation (or electronic equivalents) that includes a complete list and description of the firearms being temporarily imported, including their model, make, caliber, serial numbers, quantity, and U.S. dollar value;

(iii) Provide (if temporarily imported for a trade show, exhibition, demonstration, or testing) to U.S. Customs and Border Protection the relevant invitation or registration documentation for the event and an accompanying letter that details the arrangements to maintain effective control of the firearms while they are in the United States;

(iv) Provide (if temporarily imported for servicing or replacement) to U.S. Customs and Border Protection the name, address and contact information (telephone number and/or email) of the organization or individual in the U.S. that will be receiving the item for servicing or replacement).

***Note 1 to paragraph (b)(1):*** *In accordance with the exclusions in License Exception TMP under § 740.9(b)(5) of the EAR, the entry clearance requirements in § 758.1(b)(10) do not permit the temporary import of firearms controlled in ECCN 0A501.a or .b that are shipped from or manufactured in a Country Group D:5 country; or that are shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, (except for any firearm model controlled by proposed 0A501 that is specified under Annex A in Supplement No. 4 to part 740), or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are shipped from or manufactured in a Country Group D:5 country, or from*

[December 20, 2018]

Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, because of the exclusions in License Exception TMP under § 740.9(b)(5).

**Note 2 to paragraph (b)(1):** *In accordance with the exclusions in License Exception RPL under § 740.10(b)(4) and Supplement No. 2 to part 748 paragraph (z) of the EAR, the entry clearance requirements in § 758.1(b)(10) do not permit the temporary import of firearms controlled in ECCN 0A501.a or .b that are shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, (except for any firearm model controlled by proposed 0A501 that is specified under Annex A in Supplement No. 4 to part 740), or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are shipped from or manufactured from Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, because of the exclusions in License Exception RPL under § 740.10(b)(4) and Supplement No. 2 to part 748 paragraph (z) of the EAR.*

(2) At the time of export, in accordance with the U.S. Customs and Border Protection procedures, the eligible exporter, or an agent acting on the filer's behalf, must as required under § 758.1(b)(10) of the EAR file the export information with CBP by filing EEI in AES, noting the applicable EAR authorization as the authority for the export, and provide, upon request by CBP, the entry document number or a copy of the CBP document under which the "item" subject to the EAR" on the USMIL was temporarily imported.  *See* also the additional requirements in § 758.1(g)(4).

   30.   Add § 758.11 to read as follows:

**§ 758.11   Export clearance requirements for firearms and related items.**

(a)  *Scope.*  The export clearance requirements of this section apply to all exports of commodities controlled under ECCNs 0A501.a or .b, shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, or ammunition controlled under ECCN 0A505 except for .c, regardless of value or destination, including exports to Canada, that are authorized under License Exception BAG, as set forth in §740.14.

(b) *Required form.*  Prior to making any export described in paragraph (a) of this section, the exporter is required to submit a properly completed Department of Homeland Security, CBP Form 4457, (Certificate of Registration for Personal Effects Taken Abroad) (OMB Control Number 1651-0010), to the U.S. Customs  and Border Protection (CBP), pursuant to 19 CFR 148.1, and as required by this section of the EAR.

*[December 20, 2018]*

(1) Where to obtain the form?  The CBP Certification of Registration Form 4457 can be found on the following CBP website:

https://www.cbp.gov/document/forms/form-4457-certificate-registration-personal-effects-taken-abroad

(2) Required "description of articles" for firearms to be included on the CBP Form 4457.  For all exports of firearms controlled under ECCNs 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, the exporter must provide to CBP the serial number, make, model, and caliber for each firearm being exported by entering this information under the "Description of Articles" field of the CBP Form 4457, Certificate of Registration for Personal Effects Taken Abroad.

(c) *Where to find additional information on the CBP Form 4457*?

*See* the following CBP website page for additional information:

https://help.cbp.gov/app/answers/detail/a_id/323/~/traveling-outside-of-the-u.s.---temporarily-taking-a-firearm%2C-rifle%2C-gun%2C.

(d) *Return of items exported pursuant to this section*.  The exporter when returning with a commodity authorized under License Exception BAG and exported pursuant this section, is required to present a copy of the CBP Form 4457, Certificate of Registration for Personal Effects Taken Abroad) (OMB Control Number 1651-0010), to CBP, pursuant to 19 CFR 148.1, and as required by this section of the EAR.

## PART 762 – RECORDKEEPING

31.  The authority citation for part 762 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

32.  Section 762.2 is amended by removing "; and," at the end of paragraph (a)(10), redesignating paragraph (a)(11) as paragraph (a)(12), and adding a new paragraph (a)(11) to read as follows:

## § 762.2 Records to be retained.

(a)  *  *  *

(11) The serial number, make, model, and caliber for any firearm controlled in ECCN 0A501.a and for shotguns with barrel length less than 18 inches controlled in 0A502 that have been

*[December 20, 2018]*

exported.  The "exporter" or any other party to the transaction (*see* § 758.3 of the EAR), that creates or receives such records is a person responsible for retaining this record; and

\* \* \* \* \*

33.  Section 762.3 is amended by revising paragraph (a)(5) to read as follows:

**§ 762.3 Records exempt from recordkeeping requirements.**

(a) \*  \*  \*

(5)  Warranty certificate, except for a warranty certificate issued for an address located outside the United States for any firearm controlled in ECCN 0A501.a and for shotguns with barrel length less than 18 inches controlled in 0A502;

\* \* \* \* \*

**PART 772 – DEFINITIONS OF TERMS**

34.  The authority citation for part 772 is revised to read as follows:

**Authority:**  Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

**§ 772.1 – [AMENDED]**

35.  In § 772.1, in the definition of "specially designed," Note 1 is amended by removing "0B986" and adding in its place "0B505.c"; and the definition of "complete breech mechanisms" is added as set forth below:

**§ 772.1 Definitions of terms as used in the Export Administration Regulations (EAR).**

\* \* \* \* \*

*Complete breech mechanisms*.  The mechanism for opening and closing the breech of a breech-loading firearm, especially of a heavy-caliber weapon.

\* \* \* \* \*

**PART 774 - THE COMMERCE CONTROL LIST**

36. The authority citation for 15 CFR part 774 is revised to read as follows:

**Authority:**  Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 et seq.; 50 U.S.C. 1701 et seq.; 10 U.S.C. 7420; 10 U.S.C. 7430(e); 22 U.S.C. 287c, 22 U.S.C. 3201 *et seq.*; 22 U.S.C. 6004; 42 U.S.C. 2139a; 15 U.S.C. 1824a; 50 U.S.C. 4305; 22 U.S.C. 7201 *et seq.*; 22 U.S.C. 7210; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783;  Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

WASHSTATEC003787

[December 20, 2018]

37.  In Supplement No. 1 to part 774, Category 0, remove Export Control Classification Number (ECCN) 0A018.

**Supplement No. 1 to Part 774 – The Commerce Control List**

\* \* \* \* \*

**0A018 Items on the Wassenaar Munitions List (see List of Items Controlled).**

No items currently are in this ECCN.  See ECCN 0A505 for "parts" and "components" for ammunition that, immediately prior to [INSERT DATE 45 DAYS AFTER DATE OF PUBLICATION IN THE FEDERAL REGISTER], were classified under 0A018.b.

38.  In Supplement No. 1 to part 774, Category, add, between entries for ECCNs 0A018 and 0A521, entries for ECCNs 0A501, 0A502, 0A503, 0A504, and 0A505 to read as follows:

**0A501 Firearms (except 0A502 shotguns) and related commodities as follows (see List of Items controlled).**

**License Requirements**

*Reason for Control:* NS, RS, FC, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry except 0A501.y | NS Column 1 |
| RS applies to entire entry except 0A501.y | RS Column 1 |
| FC applies to entire entry except 0A501.y | FC Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

*License Requirement Note:* In addition to using the Commerce Country Chart to determine license requirements, a license is required for exports and reexports of ECCN 0A501.y.7 firearms to the People's Republic of China.

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:*  $500 for 0A501.c, .d, and .x.

$500 for 0A501.c, .d, .e, and .x if the ultimate destination is Canada.

*GBS*: N/A

*CIV*: N/A

**Special conditions for STA**

*STA:*  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not

*[December 20, 2018]*

be used for any item in this entry.

**List of Items Controlled**

> *Related Controls*: (1) Firearms that are fully automatic, and magazines with a capacity of greater than 50 rounds, are "subject to the ITAR."  (2) See ECCN 0A502 for shotguns and their "parts" and "components" that are subject to the EAR.  Also see ECCN 0A502 for shot-pistols.  (3) See ECCN 0A504 and USML Category XII for controls on optical sighting devices.

> *Related Definitions*: N/A

> *Items*:

a.     Non-automatic and semi-automatic firearms equal to .50 caliber (12.7 mm) or less.

> ***Note 1 to paragraph 0A501.a:*** *'Combination pistols' are controlled under ECCN 0A501.a.  A 'combination pistol' (a.k.a., a combination gun) has at least one rifled barrel and at least one smoothbore barrel (generally a shotgun style barrel).*

b.     Non-automatic and non-semi-automatic rifles, carbines, revolvers or pistols with a caliber greater than .50 inches (12.7 mm) but less than or equal to .72 inches (18.0 mm).

c.     The following types of "parts" and "components" if "specially designed" for a commodity controlled by paragraph .a or .b of this entry, or USML Category I (unless listed in USML Category I(g) or (h)):  barrels, cylinders, barrel extensions, mounting blocks (trunnions), bolts, bolt carriers, operating rods, gas pistons, trigger housings, triggers, hammers, sears, disconnectors, pistol grips that contain fire control "parts" or "components" (*e.g.*, triggers, hammers, sears, disconnectors) and buttstocks that contain fire control "parts" or "components."

d.     Detachable magazines with a capacity of greater than 16 rounds "specially designed" for a commodity controlled by paragraph .a or .b of this entry.

> ***Note 2 to paragraph 0A501.d:*** *Magazines with a capacity of 16 rounds or less are controlled under 0A501.x.*

e.     Receivers (frames) and "complete breech mechanisms," including castings, forgings stampings, or machined items thereof, "specially designed" for a commodity by controlled by paragraph .a or .b of this entry.

f. through w. [Reserved]

x.     "Parts" and "components" that are "specially designed" for a commodity classified under paragraphs .a through .c of this entry or the USML and not elsewhere specified on the USML or

*[December 20, 2018]*

CCL.

y.      Specific "parts," "components," "accessories" and "attachments" "specially designed" for a commodity subject to control in this ECCN or common to a defense article in USML Category I and not elsewhere specified in the USML or CCL as follows, and "parts," "components," "accessories," and "attachments" "specially designed" therefor.

y.1.      Stocks or grips, that do not contain any fire control "parts" or "components" (*e.g.*, triggers, hammers, sears, disconnectors);"

y.2.      Scope mounts or accessory rails;

y.3.      Iron sights;

y.4.      Sling swivels;

y.5.      Butt plates or recoil pads;

y.6.      Bayonets; and

y.7.      Firearms manufactured from 1890 to 1898 and reproductions thereof.

***Technical Note 1 to 0A501:***  *The controls on "parts" and "components" in ECCN 0A501 include those "parts" and "components" that are common to firearms described in ECCN 0A501 and to those firearms "subject to the ITAR."*

***Note 3 to 0A501:***  *Antique firearms (i.e., those manufactured before 1890) and reproductions thereof, muzzle loading black powder firearms except those designs based on centerfire weapons of a post 1937 design, BB guns, pellet rifles, paint ball, and all other air rifles are EAR99 commodities.*

***Note 4 to 0A501:*** *Muzzle loading (black powder) firearms with a caliber less than 20 mm that were manufactured later than 1937 that are used for hunting or sporting purposes that were not "specially designed" for military use and are not "subject to the ITAR" nor controlled as shotguns under ECCN 0A502 are EAR99 commodities.*

**0A502 Shotguns; shotguns "parts" and "components," consisting of complete trigger mechanisms; magazines and magazine extension tubes; "complete breech mechanisms;" except equipment used exclusively to treat or tranquilize animals, and except arms designed solely for signal, flare, or saluting use.**

**License Requirements**

*Reason for Control:*   RS, CC, FC, UN, AT, NS

*[December 20, 2018]*

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to shotguns with a barrel length less than 18 inches (45.72 cm) | NS Column 1 |
| RS applies to shotguns with a barrel length less than 18 inches (45.72 cm) | RS Column 1 |
| FC applies to entire entry | FC Column 1 |
| CC applies to shotguns with a barrel length less than 24 in. (60.96 cm) and shotgun "components" controlled by this entry regardless of end user | CC Column 1 |
| CC applies to shotguns with a barrel length greater than or equal to 24 in. (60.96 cm), regardless of end user | CC Column 2 |
| CC applies to shotguns with a barrel length greater than or equal to 24 in. (60.96 cm) if for sale or resale to police or law enforcement | CC Column 3 |
| UN applies to entire entry | See § 746.1(b) of the EAR for UN controls |
| AT applies to shotguns with a barrel length less than 18 inches (45.72 cm) | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:*   $500 for 0A502 shotgun "parts" and "components," consisting of complete trigger mechanisms; magazines and magazine extension tubes.

$500 for 0A502 shotgun "parts" and "components," consisting of complete trigger mechanisms; magazines and magazine extension tubes, "complete breech mechanisms" if the ultimate destination is Canada.

*GBS:*   N/A

*CIV:*   N/A

**List of Items Controlled**

WASHSTATEC003791

*[December 20, 2018]*

*Related Controls*:  Shotguns that are fully automatic are "subject to the ITAR."

*Related Definitions*: N/A

*Items*: The list of items controlled is contained in the ECCN heading.

**Note 1 to 0A502:** *Shotguns made in or before 1898 are considered antique shotguns and designated as EAR99.*

**Technical Note:** *Shot pistols or shotguns that have had the shoulder stock removed and a pistol grip attached are controlled by ECCN 0A502.  Slug guns are also controlled under ECCN 0A502.*

**0A503 Discharge type arms; non-lethal or less-lethal grenades and projectiles, and "specially designed" "parts" and "components" of those projectiles; and devices to administer electric shock, for example, stun guns, shock batons, shock shields, electric cattle prods, immobilization guns and projectiles; except equipment used exclusively to treat or tranquilize animals, and except arms designed solely for signal, flare, or saluting use; and "specially designed" "parts" and "components," n.e.s.**

**License Requirements**

*Reason for Control:*  CC, UN

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| CC applies to entire entry | A license is required for ALL destinations, except Canada, regardless of end use.  Accordingly, a column specific to this control does not appear on the Commerce Country Chart.  (See part 742 of the EAR for additional information). |
| UN applies to entire entry | See § 746.1(b) of the EAR for UN controls |

**List Based License Exceptions (See Part 740 for a description of all license exceptions)**

*LVS:*  N/A

*GBS:*  N/A

*CIV:*  N/A

**List of Items Controlled**

*Related Controls*: Law enforcement restraint devices that administer an electric shock are controlled under ECCN 0A982.  Electronic devices that monitor and report a person's location to

WASHSTATEC003792

*[December 20, 2018]*

enforce restrictions on movement for law enforcement or penal reasons are controlled under ECCN 3A981.

> *Related Definitions*: N/A

> *Items*: The list of items controlled is contained in the ECCN heading.

**0A504 Optical sighting devices for firearms (including shotguns controlled by 0A502); and "components" as follows (see List of Items Controlled).**

**License Requirements**

> *Reason for Control:* FC, RS, CC, UN

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| RS applies to paragraph .i | RS Column 1 |
| FC applies to paragraphs .a, .b, .c, d, .e, .g, and .i of this entry | FC Column 1 |
| CC applies to entire entry | CC Column 1 |
| UN applies to entire entry | See §746.1(b) of the EAR for UN controls |

**List Based License Exceptions (See Part 740 for a description of all license exceptions)**

> *LVS:* $500 for 0A504.g.

> *GBS:* N/A

> *CIV:* N/A

**List of Items Controlled**

> *Related Controls:* (1) See USML Category XII(c) for sighting devices using second generation image intensifier tubes having luminous sensitivity greater than 350 µA/lm, or third generation or higher image intensifier tubes, that are "subject to the ITAR." (2) See USML Category XII(b) for laser aiming or laser illumination systems "subject to the ITAR." (3) Section 744.9 of the EAR imposes a license requirement on certain commodities described in 0A504 if being exported, reexported, or transferred (in-country) for use by a military end-user or for incorporation into an item controlled by ECCN 0A919.

> *Related Definitions:* N/A

> *Items:*

a.      Telescopic sights.

b.      Holographic sights.

c.        Reflex or "red dot" sights.

d.        Reticle sights.

e.        Other sighting devices that contain optical elements.

f.        Laser aiming devices or laser illuminators ''specially designed'' for use on firearms, and having an operational wavelength exceeding 400 nm but not exceeding 710 nm.

        ***Note 1 to 0A504.f:*** *0A504.f does not control laser boresighting devices that must be placed in the bore or chamber to provide a reference for aligning the firearms sights.*

g.        Lenses, other optical elements and adjustment mechanisms for articles in paragraphs .a, .b, .c, .d, .e, or .i.

h.        [Reserved]

i.        Riflescopes that were not "subject to the EAR" as of [INSERT DATE ONE DAY PRIOR TO THE EFFECTIVE DATE OF THE FINAL RULE] and are "specially designed" for use in firearms that are "subject to the ITAR."

        ***Note 2 to paragraph i:***  For purpose of the application of "specially designed" for the riflescopes controlled under 0A504.i, paragraph (a)(1) of the definition of "specially designed" in § 772.1 of the EAR is what is used to determine whether the riflescope is "specially designed."

**0A505  Ammunition as follows (see List of Items Controlled).**

**License Requirements**

        *Reason for Control:* NS, RS, CC, FC, UN, AT

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| NS applies to 0A505.a and .x | NS Column 1 |
| RS applies to 0A505.a and .x | RS Column 1 |
| CC applies to 0A505.b | CC Column 1 |
| FC applies to entire entry except 0A505.d | FC Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to 0A505.a, .d,  and .x | AT Column 1 |
| AT applies to 0A505.c | A license is required for items controlled by paragraph .c of this entry to North Korea for anti-terrorism reasons.  The Commerce Country Chart is not designed to determine AT licensing |

*[December 20, 2018]*

| | requirements for this entry.  See §742.19 of the EAR for additional information. |
|---|---|

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:* $500 for items in 0A505.x, except $3,000 for items in 0A505.x that, immediately prior to [INSERT DATE 45 DAYS AFTER DATE OF PUBLICATION IN THE FEDERAL REGISTER], were classified under 0A018.b. (*i.e.*, "Specially designed" components and parts for ammunition, except cartridge cases, powder bags, bullets, jackets, cores, shells, projectiles, boosters, fuses and components, primers, and other detonating devices and ammunition belting and linking machines (all of which are "subject to the ITAR"). (See 22 CFR parts 120 through 130))

*GBS*: N/A

*CIV*: N/A

**Special conditions for STA**

*STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0A505.

**List of Items Controlled**

*Related Controls*:  (1) Ammunition for modern heavy weapons such as howitzers, artillery, cannon, mortars and recoilless rifles as well as inherently military ammunition types such as ammunition preassembled into links or belts, caseless ammunition, tracer ammunition, ammunition with a depleted uranium projectile or a projectile with a hardened tip or core and ammunition with an explosive projectile are "subject to the ITAR."  (2) Percussion caps, and lead balls and bullets, for use with muzzle-loading firearms are EAR99 items.

*Related Definitions*:  N/A

*Items*:

a.      Ammunition for firearms controlled by ECCN 0A501 or USML Category I and not enumerated in paragraph .b, .c, or .d of this entry or in USML Category III.

b.      Buckshot (No. 4 .24'' diameter and larger) shotgun shells.

c.      Shotgun shells (including less than lethal rounds) that do not contain buckshot; and "specially designed" "parts" and "components" of shotgun shells.

**Note 1 to 0A505.c:**  *Shotgun shells that contain only chemical irritants are controlled under ECCN 1A984.*

*[December 20, 2018]*

d.      Blank ammunition for firearms controlled by ECCN 0A501 and not enumerated in USML Category III.

e. through w. [Reserved]

x.      "Parts" and "components" that are "specially designed" for a commodity subject to control in this ECCN or a defense article in USML Category III and not elsewhere specified on the USML, the CCL or paragraph .d of this entry.

> ***Note 2 to 0A505.x:*** *The controls on "parts" and "components" in this entry include Berdan and boxer primers, metallic cartridge cases, and standard metallic projectiles such as full metal jacket, lead core, and copper projectiles.*

> ***Note 3 to 0A505.x:*** *The controls on "parts" and "components" in this entry include those "parts" and "components" that are common to ammunition and ordnance described in this entry and to those enumerated in USML Category III.*

> ***Note 4 to 0A505:*** *Lead shot smaller than No. 4 Buckshot, empty and unprimed shotgun shells, shotgun wads, smokeless gunpowder, 'Dummy rounds' and blank rounds (unless linked or belted), not incorporating a lethal or non-lethal projectile(s) are designated EAR99. A 'dummy round or drill round' is a round that is completely inert, i.e., contains no primer, propellant, or explosive charge. It is typically used to check weapon function and for crew training.*

39.   In Supplement No. 1 to part 774, Category 0, add, between entries for ECCNs 0A521 and 0A604, an entry for ECCN 0A602 to read as follows:

**0A602  Guns and Armament as follows (see List of Items Controlled).**

**License Requirements**

> *Reason for Control:* NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry | NS Column 1 |
| RS applies to entire entry | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

> *LVS:* $500

> *GBS:* N/A

WASHSTATEC003796

[December 20, 2018]

*CIV*: N/A

**Special conditions for STA**

*STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0A602.

**List of Items Controlled**

*Related Controls*: (1) Modern heavy weapons such as howitzers, artillery, cannon, mortars, and recoilless rifles are "subject to the ITAR."  (2) See ECCN 0A919 for foreign-made "military commodities" that incorporate more than a *de minimis* amount of U.S.-origin "600 series" items.  (3) See ECCN 0A606 for engines that are "specially designed" for a self-propelled gun or howitzer subject to control under paragraph .a of this ECCN or USML Category VII.

*Related Definitions*:  N/A

*Items*:

a. Guns and armament manufactured between 1890 and 1919.

b. Military flame throwers with an effective range less than 20 meters.

c. through w.   [Reserved]

x.  "Parts" and "components" that are "specially designed" for a commodity subject to control in paragraphs .a or .b of this ECCN or a defense article in USML Category II and not elsewhere specified on the USML or the CCL.

*Note 1 to 0A602.x: Engines that are "specially designed" for a self-propelled gun or howitzer subject to control under paragraph .a of this ECCN or a defense article in USML Category VII are controlled under ECCN 0A606.x.*

*Note 2 to 0A602:  "Parts," "components," "accessories," and "attachments" specified in USML subcategory II(j) are subject to the controls of that paragraph.*

*Note 3 to 0A602:  Black powder guns and armament manufactured in or prior to 1890 and replicas thereof designed for use with black powder propellants are designated EAR99.*

**Supplement No. 1 to Part 774 – [AMENDED]**

40.  In Supplement No. 1 to part 774, Category 0, remove ECCNs 0A918, 0A984, 0A985, 0A986, and 0A987.

41.  In Supplement No. 1 to part 774, Category 0, revise ECCN 0A988 to read as follows:

**0A988  Conventional military steel helmets.**

*[December 20, 2018]*

No items currently are in this ECCN.  See ECCN 1A613.y.1 for conventional steel helmets that, immediately prior to July 1, 2014, were classified under 0A988.

42.  In Supplement No. 1 to part 774, Category 0, add, before the entry for ECCN 0B521, entries for ECCNs 0B501 and 0B505 to read as follows:

**0B501 Test, inspection, and production "equipment" and related commodities for the "development" or "production" of commodities enumerated or otherwise described in in ECCN 0A501 or USML Category I as follows (see List of Items Controlled).**

**License Requirements**

*Reason for Control*:  NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. 1 to part 738) |
|---|---|
| NS applies to entire entry except equipment for ECCN 0A501.y | NS Column 1 |
| RS applies to entire entry except equipment for ECCN 0A501.y | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:* $3000

*GBS:* N/A

*CIV:* N/A

**Special conditions for STA**

*STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used to ship any item in this entry.

**List of Items Controlled**

*Related Controls:* N/A

*Related Definitions:* N/A

*Items:*

a.    Small arms chambering machines.

b.    Small arms deep hole drilling machines and drills therefor.

c.    Small arms rifling machines.

*[December 20, 2018]*

d.      Small arms spill boring machines.

e.      Production equipment (including dies, fixtures, and other tooling) "specially designed" for the "production" of the items controlled in 0A501.a through .x. or USML Category I.

**0B505 Test, inspection, and production "equipment" and related commodities "specially designed" for the "development" or "production" of commodities enumerated or otherwise described in ECCN 0A505 or USML Category III, except equipment for the hand loading of cartridges and shotgun shells, as follows (see List of Items Controlled).**

**License Requirements**

      *Reason for Control:* NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to paragraphs .a and .x | NS Column 1 |
| RS applies to paragraphs .a and .x | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to paragraphs  .a, .d, and .x | AT Column 1 |
| AT applies to paragraph .c | A license is required for export or reexport of these items to North Korea for anti-terrorism reasons. |

**List Based License Exceptions (See Part 740 for a description of all license exceptions)**

      *LVS:* $3000

      *GBS:* N/A

      *CIV:* N/A

**Special conditions for STA**

      *STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0B505.

**List of Items Controlled**

      *Related Controls*: N/A

      *Related Definitions*: N/A

      *Items*:

a.      Production equipment (including tooling, templates, jigs, mandrels, molds, dies, fixtures, alignment mechanisms, and test equipment), not enumerated in USML Category III that are

WASHSTATEC003799

"specially designed" for the "production" of commodities controlled by ECCN 0A505.a or .x or USML Category III.

b.      Equipment "specially designed" for the "production" of commodities in ECCN 0A505.b.

c.      Equipment "specially designed" for the "production" of commodities in ECCN 0A505.c.

d.      Equipment "specially designed" for the "production" of commodities in ECCN 0A505.d.

e. through .w    [Reserved]

x.      "Parts" and "components" "specially designed" for a commodity subject to control in paragraph .a of this entry.

43.   In Supplement No. 1 to part 774, Category 0, add, between entries for ECCNs 0B521 and 0B604, an entry for ECCN 0B602 to read as follows:

**0B602 Test, inspection, and production "equipment" and related commodities "specially designed" for the "development" or "production" of commodities enumerated or otherwise described in ECCN 0A602 or USML Category II as follows (see List of Items Controlled).**

**License Requirements**

*Reason for Control:* NS, RS, UN, AT

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| NS applies to entire entry | NS Column 1 |
| RS applies to entire entry | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions (See Part 740 for a description of all license exceptions)**

*LVS:* $3000

*GBS:* N/A

*CIV:* N/A

**Special conditions for STA**

*STA*: Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0B602.

**List of Items Controlled**

*[December 20, 2018]*

*Related Controls:* N/A

*Related Definitions:* N/A

*Items:*

a.      The following commodities if "specially designed" for the "development" or "production" of commodities enumerated in ECCN 0A602.a or USML Category II:

      a.1.      Gun barrel rifling and broaching machines and tools therefor;

      a.2.      Gun barrel rifling machines;

      a.3.      Gun barrel trepanning machines;

      a.4.      Gun boring and turning machines;

      a.5.      Gun honing machines of 6 feet (183 cm) stroke or more;

      a.6.      Gun jump screw lathes;

      a.7.      Gun rifling machines; and

      a.8.      Barrel straightening presses.

b.      Jigs and fixtures and other metal-working implements or accessories of the kinds exclusively designed for use in the manufacture of items in ECCN 0A602 or USML Category II.

c.      Other tooling and equipment, "specially designed" for the "production" of items in ECCN 0A602 or USML Category II.

d.      Test and evaluation equipment and test models, including diagnostic instrumentation and physical test models, "specially designed" for items in ECCN 0A602 or USML Category II.

**Supplement No. 1 to Part 774 – [AMENDED]**

      44. In Supplement No. 1 to part 774, Category 0, remove ECCN 0B986.

      45. In Supplement No. 1 to part 774, Category 0, add, between the entries for ECCNs 0D001 and 0D521, entries for ECCNs 0D501 and 0D505 to read as follows:

**0D501  "Software" "specially designed" for the "development," "production," operation, or maintenance of commodities controlled by 0A501 or 0B501.**

**License Requirements**

*Reason for Control*: NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry except "software" for commodities in ECCN 0A501.y or | NS Column 1 |

WASHSTATEC003801

*[December 20, 2018]*

| equipment in ECCN 0B501 for commodities in ECCN 0A501.y | |
|---|---|
| RS applies to entire entry except "software" for commodities in ECCN 0A501.y or equipment in ECCN 0B501 for commodities in ECCN 0A501.y | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

    *CIV*:  N/A

    *TSR*:  N/A

**Special conditions for STA**

    *STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any "software" in 0D501.

**List of Items Controlled**

    *Related Controls*:  "Software" required for and directly related to articles enumerated in USML Category I is "subject to the ITAR".

    *Related Definitions*:  N/A

    *Items*: The list of items controlled is contained in this ECCN heading.

**0D505  "Software" "specially designed" for the "development," "production," operation, or maintenance of commodities controlled by 0A505 or 0B505.**

**License Requirements**

    *Reason for Control*: NS, RS, UN, AT

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| NS applies to "software" for commodities in ECCN 0A505.a and .x and equipment in ECCN 0B505.a .and .x | NS Column 1 |
| RS applies to "software" for commodities in ECCN 0A505.a and .x and equipment in ECCN 0B505.a and .x | RS Column 1 |

*[December 20, 2018]*

| | |
|---|---|
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to "software" for commodities in ECCN 0A505.a, .d, or .x and equipment in ECCN 0B505.a, .d, or .x | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

    *CIV*:  N/A

    *TSR*:  N/A

**Special conditions for STA**

    *STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any "software" in 0D505.

**List of Items Controlled**

    *Related Controls*:  "Software" required for and directly related to articles enumerated in USML Category III is "subject to the ITAR".

    *Related Definitions*:  N/A

    *Items*: The list of items controlled is contained in this ECCN heading.

    46. In Supplement No. 1 to part 774, Category 0, add, between the entries for ECCNs 0D521 and 0D604, an entry for ECCN 0D602 to read as follows:

**0D602  "Software" "specially designed" for the "development," "production," operation or maintenance of commodities controlled by 0A602 or 0B602 as follows (see List of Items Controlled).**

**License Requirements**

    *Reason for Control:* NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry | NS Column 1 |
| RS applies to entire entry | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

    *CIV*:  N/A

    *TSR*:  N/A

*[December 20, 2018]*

**Special conditions for STA**

*STA*:   Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0D602.

**List of Items Controlled**

*Related Controls*:  (1) "Software" required for and directly related to articles enumerated in USML Category II is "subject to the ITAR".   (2) See ECCN 0A919 for foreign-made "military commodities" that incorporate more than a *de minimis* amount of U.S.-origin "600 series" items.

*Related Definitions*:  N/A

*Items*:   "Software" "specially designed" for the "development," "production," operation, or maintenance of commodities controlled by ECCN 0A602 and ECCN 0B602.

47.  In Supplement No. 1 to part 774, Category 0, remove ECCN 0E018.

48.  In Supplement No. 1 to part 774, Category 0, add, between the entries for ECCNs 0E001 and 0E521, entries for ECCNs 0E501, 0E502, 0E504, and 0E505 to read as follows:

**0E501 "Technology" "required" for the "development," "production," operation, installation, maintenance, repair, or overhaul of commodities controlled by 0A501 or 0B501 as follows (see List of Items Controlled).**

**License Requirements**

*Reason for Control*: NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry | NS Column 1 |
| RS applies to entire entry | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV*:  N/A

*TSR*:  N/A

**Special conditions for STA**

*STA*: Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not

WASHSTATEC003804

*[December 20, 2018]*

be used to ship any "technology" in ECCN 0E501.

**List of Items Controlled**

*Related Controls*:  Technical data required for and directly related to articles enumerated in USML Category I are "subject to the ITAR."

*Related Definitions*: N/A

*Items*:

a.        "Technology" "required" for the "development" or "production" of commodities controlled by ECCN 0A501 (other than 0A501.y) or 0B501.

b.        "Technology" "required" for the operation, installation, maintenance, repair, or overhaul of commodities controlled by ECCN 0A501 (other than 0A501.y) or 0B501.

**0E502  "Technology" "required" for the "development" or "production" of commodities controlled by 0A502.**

**License Requirements**

*Reason for Control*:  CC, UN

| Controls | Country Chart (See Supp. No. 1 part 738) |
|---|---|
| CC applies to entire entry | CC Column 1 |
| UN applies to entire entry | See § 746.1(b) of the EAR for UN controls |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV:*   N/A

*TSR:*   N/A

**List of Items Controlled**

*Related Controls*: Technical data required for and directly related to articles enumerated in USML Category I are "subject to the ITAR".

*Related Definitions*: N/A

*Items*: The list of items controlled is contained in the ECCN heading.

**0E504 "Technology" "required" for the "development" or "production" of commodities controlled by 0A504 that incorporate a focal plane array or image intensifier tube.**

**License Requirements**

*Reason for Control*: RS, UN, AT

| Controls | Country Chart (See Supp. No. 1 part 738) |
|---|---|
| RS applies to entire entry | RS Column 1 |

WASHSTATEC003805

*[December 20, 2018]*

| UN applies to entire entry | See § 746.1(b) of the EAR for UN controls |
|---|---|
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

> *CIV:*   N/A
>
> *TSR:*   N/A

**List of Items Controlled**

> *Related Controls*: N/A
>
> *Related Definitions*: N/A
>
> *Items*: The list of items controlled is contained in the ECCN heading.

**0E505 "Technology" "required" for the "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing of commodities controlled by 0A505.**

**License Requirements**

> *Reason for Control:* NS, RS, UN, CC, AT

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| NS applies to "technology" for "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing commodities in 0A505.a and .x; for equipment for those commodities in 0B505; and for "software" for that equipment and those commodities in 0D505 | NS Column 1 |
| RS applies to entire entry except "technology" for "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing commodities in 0A505.a and .x; for equipment for those commodities in 0B505 and for "software" for those commodities and that equipment in 0D505 | RS Column 1 |

*[December 20, 2018]*

| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
|---|---|
| CC applies to "technology" for the "development" or "production" of commodities in 0A505.b | CC Column 1 |
| AT applies to "technology" for "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing commodities in 0A505.a, .d, and .x | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

   *CIV*:  N/A

   *TSR*:  N/A

**Special conditions for STA**

   *STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any "technology" in 0E505.

**List of Items Controlled**

   *Related Controls*:  Technical data required for and directly related to articles enumerated in USML Category III are "subject to the ITAR".

   *Related Definitions*: N/A

   *Items*: The list of items controlled is contained in this ECCN heading.

   49.  In Supplement No. 1 to part 774, Category 0, add, between the entries for ECCNs 0E521 and 0E604, an entry for ECCN 0E602:

**0E602  "Technology" "required" for the "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing of commodities controlled by 0A602 or 0B602, or "software" controlled by 0D602 as follows (see List of Items Controlled).**

**License Requirements**

   *Reason for Control*: NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry | NS Column 1 |

*[December 20, 2018]*

| RS applies to entire entry | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

   *CIV*:  N/A

   *TSR*:  N/A

**Special conditions for STA**

   *STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0E602.

**List of Items Controlled**

   *Related Controls*:  Technical data directly related to articles enumerated in USML Category II are "subject to the ITAR."

   *Related Definitions*: N/A

   *Items*:  "Technology" "required" for the "development," "production," operation, installation, maintenance, repair, or overhaul of commodities controlled by ECCN 0A602 or 0B602, or "software" controlled by ECCN 0D602.

**Supplement No. 1 to Part 774 – [AMENDED]**

   50.  In Supplement No. 1 to part 774, Category 0, remove ECCN 0E918.

   51.  In Supplement No. 1 to part 774, Category 0, revise ECCN 0E982 to read as follows.

**0E982 "Technology" exclusively for the "development" or "production" of equipment controlled by 0A982 or 0A503.**

**License Requirements**

   *Reason for Control:*   CC

| Control(s) |
| CC applies to "technology" for items controlled by 0A982 or 0A503.  A license is required for ALL destinations, except Canada, regardless of end use.  Accordingly, a column specific to this control does not appear on the Commerce Country Chart.  (See part 742 of the EAR for additional information.) |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

   *CIV:*   N/A

   *TSR:*   N/A

*[December 20, 2018]*

**List of Items Controlled**

    *Related Controls*: N/A

    *Related Definitions*: N/A

    *Items*:

The list of items controlled is contained in the ECCN heading.

**Supplement No. 1 to Part 774 – [AMENDED]**

    52.  In Supplement No. 1 to part 774, Category 0, remove ECCNs 0E984 and 0E987.

    53.  In Supplement No. 1 to part 774, Category 1, revise ECCN 1A984 to read as follows:

**1A984   Chemical agents, including tear gas formulation containing 1 percent or less of orthochlorobenzalmalononitrile (CS), or 1 percent or less of chloroacetophenone (CN), except in individual containers with a net weight of 20 grams or less; liquid pepper except when packaged in individual containers with a net weight of 3 ounces (85.05 grams) or less; smoke bombs; non-irritant smoke flares, canisters, grenades and charges; and other pyrotechnic articles (excluding shotgun shells, unless the shotgun shells contain only chemical irritants) having dual military and commercial use, and "parts" and "components" "specially designed" therefor, n.e.s.**

**License Requirements**

    *Reason for Control*:   CC

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| CC applies to entire entry | CC Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

    *LVS:*   N/A

    *GBS:*   N/A

    *CIV:*   N/A

**List of Items Controlled**

    *Related Controls*: N/A

    *Related Definitions*: N/A

    *Items*:

The list of items controlled is contained in the ECCN heading.

    54.  In Supplement No. 1 to part 774, Category 2, revise ECCN 2B004 to read as follows:

**2B004 Hot "isostatic presses" having all of the characteristics described in the List of Items**

WASHSTATEC003809

*[December 20, 2018]*

**Controlled, and "specially designed" "components" and "accessories" therefor.**

**License Requirements**

*Reason for Control*:  NS, MT NP, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry | NS Column 2 |
| MT applies to entire entry | MT Column 1 |
| NP applies to entire entry, except 2B004.b.3 and presses with maximum working pressures below 69 MPa | NP Column 1 |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS*:  N/A

*GBS*:  N/A

*CIV:*  N/A

**List of Items Controlled**

*Related Controls*:  (1) See ECCN 2D001 for software for items controlled under this entry. (2) See ECCNs 2E001 ("development"), 2E002 ("production"), and 2E101 ("use") for technology for items controlled under this entry. (3) For "specially designed" dies, molds and tooling, see ECCNs 1B003, 0B501, 0B602, 0B606, 9B004, and 9B009.  (4) For additional controls on dies, molds and tooling, see ECCNs 1B101.d, 2B104, and 2B204.  (5) Also see ECCNs 2B117 and 2B999.a.

*Related Definitions*: N/A

*Items*:

a. A controlled thermal environment within the closed cavity and possessing a chamber cavity with an inside diameter of 406 mm or more; *and*

b. Having any of the following:

b.1. A maximum working pressure exceeding 207 MPa;

b.2. A controlled thermal environment exceeding 1,773 K (1,500 °C); *or*

b.3. A facility for hydrocarbon impregnation and removal of resultant gaseous degradation products.

*[December 20, 2018]*

***Technical Note:***  *The inside chamber dimension is that of the chamber in which both the working temperature and the working pressure are achieved and does not include fixtures. That dimension will be the smaller of either the inside diameter of the pressure chamber or the inside diameter of the insulated furnace chamber, depending on which of the two chambers is located inside the other.*

55.  In Supplement No. 1 to part 774, Category 2, revise ECCN 2B018 to read as follows:

**2B018  Equipment on the Wassenaar Arrangement Munitions List.**

No commodities currently are controlled by this entry.  Commodities formerly controlled by paragraphs .a through .d, .m, and .s of this entry are controlled in ECCN 0B606.  Commodities formerly controlled by paragraphs .e through .l of this entry are controlled by ECCN 0B602.  Commodities formerly controlled by paragraphs .o through .r of this entry are controlled by ECCN 0B501.  Commodities formerly controlled by paragraph .n of this entry are controlled in ECCN 0B501 if they are "specially designed" for the "production" of the items controlled in ECCN 0A501.a through .x or USML Category I and controlled in ECCN 0B602 if they are of the kind exclusively designed for use in the manufacture of items in ECCN 0A602 or USML Category II.

56.  In Supplement No. 1 to part 774, Category 2, revise ECCN 2D018 to read as follows:

**2D018 "Software" for the "development," "production," or "use" of equipment controlled by 2B018.**

No software is currently controlled under this entry.  See ECCNs 0D501, 0D602, and 0D606 for software formerly controlled under this entry.

57.  In Supplement No. 1 to part 774, Category 2, revise ECCN 2E001 to read as follows:

**2E001 "Technology" according to the General Technology Note for the "development" of equipment or "software" controlled by 2A (except 2A983, 2A984, 2A991, or 2A994), 2B (except 2B991, 2B993, 2B996, 2B997, 2B998, or 2B999), or 2D (except 2D983, 2D984, 2D991, 2D992, or 2D994).**

**License Requirements**

*Reason for Control*:  NS, MT, NP, CB, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to "technology" for items | NS Column 1 |

*[December 20, 2018]*

| | |
|---|---|
| controlled by 2A001, 2B001 to 2B009, 2D001 or 2D002 | |
| MT applies to "technology" for items controlled by 2B004, 2B009, 2B104, 2B105, 2B109, 2B116, 2B117, 2B119 to 2B122, 2D001, or 2D101 for MT reasons | MT Column 1 |
| NP applies to "technology" for items controlled by 2A225, 2A226, 2B001, 2B004, 2B006, 2B007, 2B009, 2B104, 2B109, 2B116, 2B201, 2B204, 2B206, 2B207, 2B209, 2B225 to 2B233, 2D001, 2D002, 2D101, 2D201, or 2D202 for NP reasons | NP Column 1 |
| NP applies to "technology" for items controlled by 2A290, 2A291, or 2D290 for NP reasons | NP Column 2 |
| CB applies to "technology" for equipment controlled by 2B350 to 2B352, valves controlled by 2A226 having the characteristics of those controlled by 2B350.g, and software controlled by 2D351 | CB Column 2 |
| AT applies to entire entry | AT Column 1 |

**Reporting Requirements**

See § 743.1 of the EAR for reporting requirements for exports under License Exceptions, and Validated End-User authorizations.

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV:* N/A

*TSR:* Yes, except N/A for MT

**Special Conditions for STA**

*STA:* License Exception STA may not be used to ship or transmit "technology" according to

WASHSTATEC003812

*[December 20, 2018]*

the General Technology Note for the "development" of "software" specified in the License Exception STA paragraph in the License Exception section of ECCN 2D001 or for the "development" of equipment as follows: ECCN 2B001 entire entry; or "Numerically controlled" or manual machine tools as specified in 2B003 to any of the destinations listed in Country Group A:6 (See Supplement No.1 to part 740 of the EAR).

**List of Items Controlled**

*Related Controls*: See also 2E101, 2E201, and 2E301

*Related Definitions*: N/A

*Items*:

The list of items controlled is contained in the ECCN heading.

**Note 1 to 2E001:** *ECCN 2E001 includes "technology" for the integration of probe systems into coordinate measurement machines specified by 2B006.a.*

58.  In Supplement No. 1 to part 774, Category 2, revise ECCN 2E002 to read as follows:

**2E002 "Technology" according to the General Technology Note for the "production" of equipment controlled by 2A (except 2A983, 2A984, 2A991, or 2A994), or 2B (except 2B991, 2B993, 2B996, 2B997, 2B998, or 2B999).**

**License Requirements**

*Reason for Control*:  NS, MT, NP, CB, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to "technology" for equipment controlled by 2A001, 2B001 to 2B009 | NS Column 1 |
| MT applies to "technology"  for  equipment controlled by 2B004, 2B009, 2B104, 2B105, 2B109, 2B116, 2B117, or 2B119 to 2B122 for MT reasons | MT Column 1 |
| NP applies to "technology" for equipment controlled by 2A225, 2A226, 2B001, 2B004, 2B006, 2B007, 2B009, 2B104, 2B109, 2B116, 2B201, 2B204, 2B206, 2B207, | NP Column 1 |

*[December 20, 2018]*

| | |
|---|---|
| 2B209, 2B225 to 2B233 for NP reasons | |
| NP applies to "technology" for equipment controlled by 2A290 or 2A291 for NP reasons | NP Column 2 |
| CB applies to "technology" for equipment Controlled by 2B350 to 2B352 and for valves controlled by 2A226 having the characteristics of those controlled by 2B350.g | CB Column 2 |
| AT applies to entire entry | AT Column 1 |

**Reporting Requirements**

See § 743.1 of the EAR for reporting requirements for exports under License Exceptions, and Validated End-User authorizations.

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV:*   N/A

*TSR:*   Yes, except N/A for MT

**Special Conditions for STA**

*STA:*   License Exception STA may not be used to ship or transmit "technology" according to the General Technology Note for the "production" of equipment as follows: ECCN 2B001 entire entry; or "Numerically controlled" or manual machine tools as specified in 2B003 to any of the destinations listed in Country Group A:6 (See Supplement No.1 to part 740 of the EAR).

**List of Items Controlled**

*Related Controls*: N/A

*Related Definitions*: N/A

*Items*:

The list of items controlled is contained in the ECCN heading.

59. In Supplement No. 1 to part 774, Category 7, revise ECCN 7A611 to read as follows:

**7A611  Military fire control, laser, imaging, and guidance equipment, as follows (see List of Items Controlled).**

**License Requirements**

WASHSTATEC003814

[December 20, 2018]

*Reason for Control*: NS, MT, RS, AT, UN

| Control(s) | Country Chart (See Supp. No. 1 to part 738). |
|---|---|
| NS applies to entire entry except 7A611.y | NS Column 1 |
| MT applies to commodities in 7A611.a that meet or exceed the parameters in 7A103.b or .c | MT Column 1 |
| RS applies to entire entry except 7A611.y | RS Column 1 |
| AT applies to entire entry | AT Column 1 |
| UN applies to entire entry except 7A611.y | See § 746.1(b) of the EAR for UN controls |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:* $1500

*GBS:* N/A

*CIV:* N/A

**Special Conditions for STA**

*STA:* Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 7A611.

**List of Items Controlled**

*Related Controls*: (1) Military fire control, laser, imaging, and guidance equipment that are enumerated in USML Category XII, and technical data (including software) directly related thereto, are subject to the ITAR. (2) See Related Controls in ECCNs 0A504, 2A984, 6A002, 6A003, 6A004, 6A005, 6A007, 6A008, 6A107, 7A001, 7A002, 7A003, 7A005, 7A101, 7A102, and 7A103. (3) See ECCN 3A611 and USML Category XI for controls on countermeasure equipment. (4) See ECCN 0A919 for foreign-made "military commodities" that incorporate more than a *de minimis* amount of U.S. origin "600 series" controlled content.

*Related Definitions*: N/A

*Items*:

a. Guidance or navigation systems, not elsewhere specified on the USML, that are "specially designed" for a defense article on the USML or for a 600 series item.

b. to w. [RESERVED]

x. "Parts," "components," "accessories," and "attachments," including accelerometers, gyros, angular rate sensors, gravity meters (gravimeters), and inertial measurement units (IMUs), that are

WASHSTATEC003815

*[December 20, 2018]*

"specially designed" for defense articles controlled by USML Category XII or items controlled by 7A611, and that are NOT:

1. Enumerated or controlled in the USML or elsewhere within ECCN 7A611;

2. Described in ECCNs 6A007, 6A107, 7A001, 7A002, 7A003, 7A101, 7A102, or 7A103; or

3. Elsewhere specified in ECCN 7A611.y or 3A611.y.

y. Specific "parts," "components," "accessories," and "attachments" "specially designed" for a commodity subject to control in this ECCN or a defense article in Category XII and not elsewhere specified on the USML or in the CCL, as follows, and "parts," "components," "accessories," and "attachments" "specially designed" therefor:

y.1 [RESERVED]

Billing Code 4710-25

**DEPARTMENT OF STATE**

**22 CFR Parts 121, 123, 124, 126, and 129**

**[Public Notice 10603]**

**RIN 1400-AE30**

**International Traffic in Arms Regulations: U.S. Munitions List Categories I, II, and III**

**AGENCY:** Department of State.

**ACTION:** Final rule.

**§ 121.1 The United States Munitions List.**

* * * * *

**Category I—Firearms** and Related Articles, Close Assault Weapons and Combat Shotguns

   *(a) Firearms using caseless ammunition Nonautomatic and semi-automatic firearms to caliber .50 inclusive (12.7 mm).

   *(b) Fully automatic firearms to .50 caliber inclusive (12.7 mm) inclusive.

   *(c) Firearms specially designed to integrate fire control, automatic tracking, or automatic firing (*e.g.*, Precision Guided Firearms) or other weapons (e.g. insurgency-counterinsurgency, close assault weapons systems) having a special military application regardless of caliber.

   *Note to paragraph (c):* Integration does not include only attaching to the firearm or rail.

   *(d) Fully automatic shotguns regardless of gauge. Combat shotguns. This includes any shotgun with a barrel length less than 18 inches.

   *(e) Silencers, mufflers, and sound and flash suppressors for the articles in (a) through (d) of this category and their specifically designed, modified

or adapted components and parts.

(f) [Reserved]Riflescopes manufactured to military specifications (See category XII(c) for controls on night sighting devices.)

\*(g) Barrels, cylinders, receivers (frames) bolts, bolt carriers, slides, or searsor complete breech mechanisms specially designed for the articles in paragraphs (a) through (d) of this category.

(h) Components, pParts, components, accessories, and attachments., as follows:for the articles in paragraphs (a) through (g) of this category.

(1) Drum and other magazines for firearms to .50 caliber (12.7 mm) inclusive with a capacity greater than 50 rounds, regardless of jurisdiction of the firearm, and specially designed parts and components therefor;

(2) Parts and components specially designed for conversion of a semi-automatic firearm to a fully automatic firearm;

(3) Parts and components specially designed for defense articles described in paragraphs (c) and (e); or

(4) Accessories or attachments specially designed to automatically stabilize aim (other than gun rests) or for automatic targeting, and specially designed parts and components therefor.

(i) Technical data (as defined insee §120.10 of this subchapter) and defense services (as defined insee §120.9 of this subchapter) directly related to the defense articles described in paragraphs (a) through (h) of this category and classified technical data directly related to items controlled in ECCNs 0A501, 0B501, 0D501, and 0E501 and defense services using the classified technical data. (See § 125.4 of this subchapter for exemptions.)Technical data directly related to the manufacture or production of any defense articles described elsewhere in this category that are

WASHSTATEC003818

designated as Significant Military Equipment (SME) shall itself be
designated SME.

(j) – (w) [Reserved] The following interpretations explain and amplify the
terms used in this category and throughout this subchapter:

(1) A firearm is a weapon not over .50 caliber (12.7 mm) which is
designed to expel a projectile by the action of an explosive or which may be
readily converted to do so.

(2) A rifle is a shoulder firearm which can discharge a bullet through a
rifled barrel 16 inches or longer.

(3) A carbine is a lightweight shoulder firearm with a barrel under 16
inches in length.

(4) A pistol is a hand-operated firearm having a chamber integral with or
permanently aligned with the bore.

(5) A revolver is a hand-operated firearm with a revolving cylinder
containing chambers for individual cartridges.

(6) A submachine gun, "machine pistol" or "machine gun" is a firearm
originally designed to fire, or capable of being fired, fully automatically by a
single pull of the trigger.

(x) Commodities, software, and technology subject to the EAR (see §
120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x)*: Use of this paragraph is limited to license
applications for defense articles where the purchase documentation includes
commodities, software, or technology subject to the EAR (see § 123.1(b) of
this subchapter).

*Note to Category I:* The following interpretations explain and amplify the
terms used in this category:

3

(1) A firearm is a weapon not over .50 caliber (12.7 mm) which is designed to expel a projectile by the deflagration of propellant;

(2) A fully automatic firearm or shotgun is any firearm or shotgun that shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger; and

(3) Caseless ammunition is firearm ammunition without a cartridge case that holds the primer, propellant, and projectile together as a unit.: This coverage by the U.S. Munitions List in paragraphs (a) through (i) of this category excludes any non-combat shotgun with a barrel length of 18 inches or longer, BB, pellet, and muzzle loading (black powder) firearms. This category does not cover riflescopes and sighting devices that are not manufactured to military specifications. It also excludes accessories and attachments (e.g., belts, slings, after market rubber grips, cleaning kits) for firearms that do not enhance the usefulness, effectiveness, or capabilities of the firearm, components and parts. The Department of Commerce regulates the export of such items. See the Export Administration Regulations (15 CFR parts 730-799). In addition, license exemptions for the items in this category are available in various parts of this subchapter (e.g., §§123.17, 123.18 and 125.4).

## Category II—Guns and Armament

*(a) Guns and armament greater than over caliber .50 (*i.e.,* 12.7 mm), as follows:

*(1) Guns, howitzers, artillery, and cannons;

*(2) Mortars;

*(3) Recoilless rifles;

4

WASHSTATEC003820

\*(4) Grenade launchers; or ~~whether towed, airborne, self-propelled, or fixed, including but not limited to, howitzers, mortars, cannons, recoilless rifles, and grenade launchers~~

(5) Developmental guns and armament greater than .50 caliber (12.7 mm) funded by the Department of Defense and specially designed parts and components therefor.

*Note 1 to paragraph (a)(5):* This paragraph does not control guns and armament greater than .50 caliber (12.7 mm): (a) in production; (b) determined to be subject to the EAR via a commodity jurisdiction determination (*see* § 120.4 of this subchapter); or (c) identified in the relevant Department of Defense contract or other funding authorization as being developed for both civil and military applications.

*Note 2 to paragraph (a)(5):* Note 1 does not apply to defense articles enumerated on the U.S. Munitions List, whether in production or development.

*Note 3 to paragraph (a)(5):* This provision is applicable to those contracts or other funding authorizations that are dated [**INSERT DATE ONE YEAR AFTER PUBLICATION IN THE FEDERAL REGISTER**], or later.

*Note 1 to paragraph (a):* This paragraph does not include: Non-automatic and non-semi-automatic rifles, carbines, and pistols between .50 (12.7 mm) and .72 caliber (18.288 mm) that are controlled on the CCL under ECCN 0A501; shotguns controlled on the CCL under ECCN 0A502; black powder guns and armaments manufactured between 1890 and 1919 controlled on the CCL under ECCN 0A602; or black powder guns and armaments manufactured earlier than 1890.

5

*Note 2 to paragraph (a):* Guns and armament when integrated into their carrier (*e.g.*, surface vessels, ground vehicles, or aircraft) are controlled in the category associated with the carrier. Self-propelled guns and armament are controlled in USML Category VII. Towed guns and armament and stand-alone guns and armament are controlled under this category.

(b) Flame throwers with an effective range greater than or equal to 20 meters.~~specifically designed or modified for military application.~~

(c) [Reserved]~~Apparatus and devices for launching or delivering ordnance, other than those articles controlled in Category IV.~~

*(d) Kinetic energy weapon systems specially ~~specifically~~ designed ~~or modified~~ for destruction or rendering mission-abort of a target.

*Note to paragraph (d):* Kinetic energy weapons systems include but are not limited to launch systems and subsystems capable of accelerating masses larger than 0.1g to velocities in excess of 1.6 km/s, in single or rapid fire modes, using methods such as: Electromagnetic, electrothermal, plasma, light gas, or chemical. This does not include launch systems and subsystems used for research and testing facilities subject to the EAR, which are controlled on the CCL under ECCN 2B232.

(e) Signature reduction devices ~~control materials (e.g., parasitic, structural, coatings, screening) techniques, and equipment~~ specially ~~specifically~~ designed~~, developed, configured, adapted or modified to alter or reduce the signature (e.g., muzzle flash suppression, radar, infrared, visual, laser/electro-optical, acoustic) of~~ for the guns and armament controlled in paragraphs (a), (b), and (d) of this category (*e.g.*, muzzle flash suppression devices)~~defense articles controlled by this category~~.

6

WASHSTATEC003822

*(f) – (i) [Reserved]~~Engines specifically designed or modified for the self-propelled guns and howitzers in paragraph (a) of this category.~~

~~(g) Tooling and equipment specifically designed or modified for the production of defense articles controlled by this category.~~

~~(h) Test and evaluation equipment and test models specifically designed or modified for the articles controlled by this category. This includes but is not limited to diagnostic instrumentation and physical test models.~~

~~(i) Autoloading systems for electronic programming of projectile function for the defense articles controlled in this Category.~~

(j) ~~All other components, p~~Parts, components, accessories, and attachments, as follows: ~~and associated equipment specifically designed or modified for the articles in paragraphs (a) through (i) of this category. This includes but is not limited to mounts and carriages for the articles controlled in this category.~~

(1) Gun barrels, rails, tubes, and receivers specially designed for the weapons controlled in paragraphs (a) and (d) of this category;

(2) Sights specially designed to orient indirect fire weapons;

(3) Breech blocks for the weapons controlled in paragraphs (a) and (d) of this category;

(4) Firing mechanisms for the weapons controlled in paragraphs (a) and (d) of this category and specially designed parts and components therefor;

(5) Systems for firing superposed or stacked ammunition and specially designed parts and components therefor;

(6) Servo-electronic and hydraulic elevation adjustment mechanisms;

(7) Muzzle brakes;

(8) Bore evacuators;

7

(9) Independent ammunition handling systems for the guns and armament controlled in paragraphs (a), (b), and (d) of this category;

(10) Components for independently powered ammunition handling systems and platform interface, as follows:

(i) Mounts;

(ii) Carriages;

(iii) Gun pallets;

(iv) Hydro-pneumatic equilibration cylinders; or

(v) Hydro-pneumatic systems capable of scavenging recoil energy to power howitzer functions;

*Note to paragraph (j)(10):* For weapons mounts specially designed for surface vessels and special naval equipment, *see* Category VI. For weapons mounts specially designed for ground vehicles, *see* Category VII.

(11) Ammunition containers/drums, ammunition chutes, ammunition conveyor elements, ammunition feeder systems, and ammunition container/drum entrance and exit units, specially designed for the guns and armament controlled in paragraphs (a), (b), and (d) of this category;

(12) Systems and equipment for the guns and armament controlled in paragraphs (a) and (d) of this category for use in programming ammunition, and specially designed parts and components therefor;

(13) Aircraft/gun interface units to support gun systems with a designed rate of fire greater than 100 rounds per minute and specially designed parts and components therefor;

(14) Recoil systems specially designed to mitigate the shock associated with the firing process of guns integrated into air platforms and specially designed parts and components therefor;

8

WASHSTATEC003824

(15) Prime power generation, energy storage, thermal management, conditioning, switching, and fuel-handling equipment, and the electrical interfaces between the gun power supply and other turret electric drive components specially designed for kinetic weapons controlled in paragraph (d) of this category;

(16) Kinetic energy weapon target acquisition, tracking fire control, and damage assessment systems and specially designed parts and components therefor; or

*(17) Any part, component, accessory, attachment, equipment, or system that:

(i) Is classified;

(ii) Contains classified software; or

(iii) Is being developed using classified information.

"Classified" means classified pursuant to Executive Order 13526, or predecessor order, and a security classification guide developed pursuant thereto or equivalent, or to the corresponding classification rules of another government or intergovernmental organization.

(k) Technical data (*see* as defined in §120.10 of this subchapter) and defense services (*see* as defined in §120.9 of this subchapter) directly related to the defense articles described in paragraphs (a), (b), (d), (e), and through (j) of this category and classified technical data directly related to items controlled in ECCNs 0A602, 0B602, 0D602, and 0E602 and defense services using the classified technical data. (*See* § 125.4 of this subchapter for exemptions.) Technical data directly related to the manufacture or production of any defense articles described elsewhere in this category that

9

WASHSTATEC003825

are designated as Significant Military Equipment (SME) shall itself be designated SME.

(l) – (w) [Reserved] The following interpretations explain and amplify the terms used in this category and elsewhere in this subchapter:

(1) The kinetic energy weapons systems in paragraph (d) of this category include but are not limited to:

(i) Launch systems and subsystems capable of accelerating masses larger than 0.1g to velocities in excess of 1.6km/s, in single or rapid fire modes, using methods such as: electromagnetic, electrothermal, plasma, light gas, or chemical;

(ii) Prime power generation, electric armor, energy storage, thermal management, conditioning, switching or fuel-handling equipment; and the electrical interfaces between power supply gun and other turret electric drive function;

(iii) Target acquisition, tracking fire control or damage assessment systems; and

(iv) Homing seeker, guidance or divert propulsion (lateral acceleration) systems for projectiles.

(2) The articles in this category include any end item, component, accessory, attachment part, firmware, software or system that has been designed or manufactured using technical data and defense services controlled by this category.

(3) The articles specifically designed or modified for military application controlled in this category include any article specifically developed, configured, or adapted for military application.

10

WASHSTATEC003826

(x) Commodities, software, and technology subject to the EAR (*see* § 120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x):* Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (*see* § 123.1(b) of this subchapter).

## Category III—Ammunition/ and Ordnance

*(a) Ammunition/, as follows:ordnance for the articles in Categories I and II of this section.

*(1) Ammunition that incorporates a projectile controlled in paragraph (d)(1) or (3) of this category;

*(2) Ammunition preassembled into links or belts;

*(3) Shotgun ammunition that incorporates a projectile controlled in paragraph (d)(2) of this category;

*(4) Caseless ammunition manufactured with smokeless powder;

*Note to paragraph (a)(4):* Caseless ammunition is ammunition without a cartridge case that holds the primer, propellant, and projectile together as a unit.

*(5) Ammunition, except shotgun ammunition, based on non-metallic cases, or non-metallic cases that have only a metallic base, which result in a total cartridge mass 80% or less than the mass of a brass- or steel-cased cartridge that provides comparable ballistic performance;

*(6) Ammunition employing pyrotechnic material in the projectile base or any ammunition employing a projectile that incorporates tracer materials of any type having peak radiance above 710 nm and designed to be observed primarily with night vision optical systems;

11

WASHSTATEC003827

*(7) Ammunition for fully automatic firearms that fire superposed or stacked projectiles or for guns that fire superposed or stacked projectiles;

*(8) Electromagnetic armament projectiles or billets for weapons with a design muzzle energy exceeding 5 MJ;

*(9) Ammunition, not specified above, for the guns and armaments controlled in Category II; or

(10) Developmental ammunition funded by the Department of Defense and specially designed parts and components therefor.

*Note 1 to paragraph (a)(10):* This paragraph does not control ammunition: (a) in production; (b) determined to be subject to the EAR via a commodity jurisdiction determination (*see* § 120.4 of this subchapter); or (c) identified in the relevant Department of Defense contract or other funding authorization as being developed for both civil and military applications.

*Note 2 to paragraph (a)(10):* Note 1 does not apply to defense articles enumerated on the U.S. Munitions List, whether in production or development.

*Note 3 to paragraph (a)(10):* This provision is applicable to those contracts or other funding authorizations that are dated [**INSERT DATE ONE YEAR AFTER PUBLICATION IN THE FEDERAL REGISTER**], or later.

(b) Ammunition/ordnance handling equipment specially ~~specifically~~ designed ~~or modified~~ for the articles controlled in this category, as follows:~~,~~ ~~such as, belting, linking, and de-linking equipment.~~

(1) Belting, linking, and de-linking equipment; or

(2) Fuze setting devices.

12

WASHSTATEC003828

(c) [Reserved]~~Equipment and tooling specifically designed or modified for the production of defense articles controlled by this category.~~

(d) ~~Components, p~~Parts and components, ~~accessories, attachments and associated equipment specifically designed or modified~~ for the articles in this category, as follows:

*(1) Projectiles that use pyrotechnic tracer materials that incorporate any material having peak radiance above 710 nm or are incendiary or explosive~~Guidance and control components for the articles in paragraph (a) of this category~~;

*(2) Shotgun projectiles that are flechettes, incendiary, tracer, or explosive;~~Safing, arming and fuzing components (including target detection and localization devices) for the articles in paragraph (a) of this category; and~~

*Note to paragraph (d)(2):* This paragraph does not include explosive projectiles specially designed to produce noise for scaring birds or other pests (*e.g.*, bird bombs, whistlers, crackers).

(3) Projectiles of any caliber produced from depleted uranium;~~All other components, parts, accessories, attachments and associated equipment for the articles in paragraphs (a) through (c) of this category.~~

(4) Projectiles not specified above, guided or unguided, for the items controlled in USML Category II, and specially designed parts and components therefor (*e.g.*, fuzes, rotating bands, cases, liners, fins, boosters);

(5) Canisters or sub-munitions (*e.g.*, bomblets or minelets), and specially designed parts and components therefor, for the guns or armament controlled in USML Category II;

13

(6) Projectiles that employ tips (*e.g.*, M855A1 Enhanced Performance Round (EPR)) or cores regardless of caliber, produced from one or a combination of the following: tungsten, steel, or beryllium copper alloy;

(7) Cartridge cases, powder bags, or combustible cases specially designed for the items controlled in USML Category II;

(8) Non-metallic cases, including cases that have only a metallic base, for the ammunition controlled in paragraph (a)(5) of this category;

(9) Cartridge links and belts for fully automatic firearms and guns controlled in USML Categories I or II;

(10) Primers other than Boxer, Berdan, or shotshell types;

*Note to paragraph (d)(10):* This paragraph does not control caps or primers of any type in use prior to 1890.

(11) Safing, arming, and fuzing components (to include target detection and proximity sensing devices) for the ammunition in this category and specially designed parts therefor;

(12) Guidance and control components for the ammunition in this category and specially designed parts therefor;

(13) Terminal seeker assemblies for the ammunition in this category and specially designed parts and components therefor;

(14) Illuminating flares or target practice projectiles for the ammunition controlled in paragraph (a)(9) of this category; or

*(15) Any part, component, accessory, attachment, equipment, or system that:

(i) Is classified;

(ii) Contains classified software; or

(iii) Is being developed using classified information.

14

WASHSTATEC003830

"Classified" means classified pursuant to Executive Order 13526, or predecessor order, and a security classification guide developed pursuant thereto or equivalent, or to the corresponding classification rules of another government or intergovernmental organization.

(e) Technical data (*see* ~~as defined in~~ §120.10 of this subchapter) and defense services (*see* ~~as defined in~~ §120.9 of this subchapter) directly related to the defense articles described in paragraphs (a), (b), and ~~through~~ (d) of this category and classified technical data directly related to items controlled in ECCNs 0A505, 0B505, 0D505, and 0E505 and defense services using the classified technical data. (*See* § 125.4 of this subchapter for exemptions.) ~~Technical data directly related to the manufacture or production of any defense articles described elsewhere in this category that are designated as Significant Military Equipment (SME) shall itself be designated SME.~~

(f) – (w) [Reserved] ~~The following explains and amplifies the terms used in this category and elsewhere in this subchapter:~~

~~(1) The components, parts, accessories and attachments controlled in this category include, but are not limited to cartridge cases, powder bags (or other propellant charges), bullets, jackets, cores, shells (excluding shotgun shells), projectiles (including canister rounds and submunitions therefor), boosters, firing components therefor, primers, and other detonating devices for the defense articles controlled in this category.~~

*Note to paragraph (x):* Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (*see* § 123.1(b) of this subchapter).

15

WASHSTATEC003831

*Note 1 to Category III:* This category does not control ammunition crimped without a projectile (blank star) and dummy ammunition with a pierced powder chamber.

*Note 2 to Category III:* (2) This category does not control cartridge and shell casings that, prior to export, have been rendered useless beyond the possibility of restoration for use as a cartridge or shell casing by means of heating, flame treatment, mangling, crushing, cutting or popping.

(3) Equipment and tooling in paragraph (c) of this category does not include equipment for hand-loading ammunition.

(4) The articles in this category include any end item, component, accessory, attachment, part, firmware, software, or system that has been designed or manufactured using technical data and defense services controlled by this category.

(5) The articles specifically designed or modified for military application controlled in this category include any article specifically developed, configured, or adapted for military application

*Note 3 to Category III:* Grenades containing non-lethal or less lethal projectiles are under the jurisdiction of the Department of Commerce.

16

WASHSTATEC003832

Categories I, II, and III MDE Transitioning to the CCL

| ITEM DESCRIPTION | CCL CONTROL | |
|---|---|---|
| Cartridge, 5.56mm M855A1 | CCL | ECCN 0A505.a |

WASHSTATEC003833

The Honorable
Robert P. Corker, Jr., Chairman
Committee on Foreign Relations
United States Senate
Washington, DC 20510

Dear Mr. Chairman:

  Pursuant to Section 38(f)(1) of the Arms Export Control Act (22 U.S.C. 2778(f)(1)), I am transmitting herewith notification of the intention to transfer jurisdictional control of certain classes of items currently on the United States Munitions List (USML) to the Commerce Control List.

  The Secretary of State, with the concurrence of the Secretary of Defense, is transferring control of various items currently controlled by USML Categories I, II, and III to the jurisdiction of the Export Administration Regulations.  In accordance with new regulatory and policy procedures instituted by the Department of Commerce, export activities pertaining to these items will continue to be prudently controlled in the interests of U.S. national security and foreign policy priorities.  When it is published, the Department of State will forward its final rule implementing this change to the Congress and the Comptroller General, pursuant to the Congressional Review Act.

  Attached for your reference are the following documents:  a summary of the revisions to the USML; the final regulatory text of Categories I, II and III; line-in/line-out comparison of the current and revised USML Categories I, II and III;, the Department of Commerce's revised companion regulatory text; and a summary of the control for major defense equipment.

  We hope this information is helpful.  Please let us know if we can be of further assistance.

       Sincerely,


       Mary Elizabeth Taylor
       Assistant Secretary
       Legislative Affairs


Enclosure:
  As stated.

The Honorable
Robert Menendez
Committee on Foreign Relations
United States Senate
Washington, DC 20510

Dear Senator Menendez:

Pursuant to Section 38(f)(1) of the Arms Export Control Act (22 U.S.C. 2778(f)(1)), I am transmitting herewith notification of the intention to transfer jurisdictional control of certain classes of items currently on the United States Munitions List (USML) to the Commerce Control List.

The Secretary of State, with the concurrence of the Secretary of Defense, is transferring control of various items currently controlled by USML Categories I, II, and III to the jurisdiction of the Export Administration Regulations.  In accordance with new regulatory and policy procedures instituted by the Department of Commerce, export activities pertaining to these items will continue to be prudently controlled in the interests of U.S. national security and foreign policy priorities.  When it is published, the Department of State will forward its final rule implementing this change to the Congress and the Comptroller General, pursuant to the Congressional Review Act.

Attached for your reference are the following documents:  a summary of the revisions to the USML; the final regulatory text of Categories I, II and III; line-in/line-out comparison of the current and revised USML Categories I, II and III; the Department of Commerce's revised companion regulatory text; and a summary of the control for major defense equipment.

We hope this information is helpful.  Please let us know if we can be of further assistance.

Sincerely,

Mary Elizabeth Taylor
Assistant Secretary
Legislative Affairs

Enclosure:
    As stated.

WASHSTATEC003835

The Honorable
Edward R. Royce, Chairman
Committee on Foreign Affairs
House of Representatives
Washington, DC 20515

Dear Mr. Chairman:

Pursuant to Section 38(f)(1) of the Arms Export Control Act (22 U.S.C. 2778(f)(1)), I am transmitting herewith notification of the intention to transfer jurisdictional control of certain classes of items currently on the United States Munitions List (USML) to the Commerce Control List.

The Secretary of State, with the concurrence of the Secretary of Defense, is transferring control of various items currently controlled by USML Categories I, II, and III to the jurisdiction of the Export Administration Regulations.  In accordance with new regulatory and policy procedures instituted by the Department of Commerce, export activities pertaining to these items will continue to be prudently controlled in the interests of U.S. national security and foreign policy priorities.  When it is published, the Department of State will forward its final rule implementing this change to the Congress and the Comptroller General, pursuant to the Congressional Review Act.

Attached for your reference are the following documents:  a summary of the revisions to the USML; the final regulatory text of Categories I, II and III; line-in/line-out comparison of the current and revised USML Categories I, II and III; the Department of Commerce's revised companion regulatory text; and a summary of the control for major defense equipment.

We hope this information is helpful.  Please let us know if we can be of further assistance.

Sincerely,



Mary Elizabeth Taylor
Assistant Secretary
Legislative Affairs

Enclosure:
        As stated.

The Honorable
Eliot L. Engel
Committee on Foreign Affairs
House of Representatives
Washington, DC 20515

Dear Mr. Engel:

Pursuant to Section 38(f)(1) of the Arms Export Control Act (22 U.S.C. 2778(f)(1)), I am transmitting herewith notification of the intention to transfer jurisdictional control of certain classes of items currently on the United States Munitions List (USML) to the Commerce Control List.

The Secretary of State, with the concurrence of the Secretary of Defense, is transferring control of various items currently controlled by USML Categories I, II, and III to the jurisdiction of the Export Administration Regulations.  In accordance with new regulatory and policy procedures instituted by the Department of Commerce, export activities pertaining to these items will continue to be prudently controlled in the interests of U.S. national security and foreign policy priorities.  When it is published, the Department of State will forward its final rule implementing this change to the Congress and the Comptroller General, pursuant to the Congressional Review Act.

Attached for your reference are the following documents:  a summary of the revisions to the USML; the final regulatory text of Categories I, II and III; line-in/line-out comparison of the current and revised USML Categories I, II and III; the Department of Commerce's revised companion regulatory text; and a summary of the control for major defense equipment.

We hope this information is helpful.  Please let us know if we can be of further assistance.

Sincerely,

Mary Elizabeth Taylor
Assistant Secretary
Legislative Affairs

Enclosure:
        As stated.

Billing Code 4710-25

**DEPARTMENT OF STATE**

**22 CFR Parts 121, 123, 124, 126, and 129**

**[Public Notice 10603]**

**RIN 1400-AE30**

**International Traffic in Arms Regulations: U.S. Munitions List**

**Categories I, II, and III**

**AGENCY:** Department of State.

**ACTION:** Final rule.


**§ 121.1 The United States Munitions List.**

* * * * *

**Category I—Firearms and Related Articles**

　　*(a) Firearms using caseless ammunition.

　　*(b) Fully automatic firearms to .50 caliber (12.7 mm) inclusive.

　　*(c) Firearms specially designed to integrate fire control, automatic tracking, or automatic firing (*e.g.*, Precision Guided Firearms).

　　*Note to paragraph (c):* Integration does not include only attaching to the firearm or rail.

　　*(d) Fully automatic shotguns regardless of gauge.

　　*(e) Silencers, mufflers, and sound suppressors.

　　(f) [Reserved]

　　(g) Barrels, receivers (frames), bolts, bolt carriers, slides, or sears specially designed for the articles in paragraphs (a), (b), and (d) of this category.

　　(h) Parts, components, accessories, and attachments, as follows:

　　(1) Drum and other magazines for firearms to .50 caliber (12.7 mm)

WASHSTATEC003838

inclusive with a capacity greater than 50 rounds, regardless of jurisdiction of the firearm, and specially designed parts and components therefor;

(2) Parts and components specially designed for conversion of a semi-automatic firearm to a fully automatic firearm;

(3) Parts and components specially designed for defense articles described in paragraphs (c) and (e); or

(4) Accessories or attachments specially designed to automatically stabilize aim (other than gun rests) or for automatic targeting, and specially designed parts and components therefor.

(i) Technical data (*see* § 120.10 of this subchapter) and defense services (*see* § 120.9 of this subchapter) directly related to the defense articles described in this category and classified technical data directly related to items controlled in ECCNs 0A501, 0B501, 0D501, and 0E501 and defense services using the classified technical data. (*See* § 125.4 of this subchapter for exemptions.)

(j)–(w) [Reserved]

(x) Commodities, software, and technology subject to the EAR (*see* § 120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x):* Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (*see* § 123.1(b) of this subchapter).

*Note to Category I:* The following interpretations explain and amplify the terms used in this category:

(1) A firearm is a weapon not over .50 caliber (12.7 mm) which is designed to expel a projectile by the deflagration of propellant;

2

WASHSTATEC003839

(2) A fully automatic firearm or shotgun is any firearm or shotgun that shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger; and

(3) Caseless ammunition is firearm ammunition without a cartridge case that holds the primer, propellant, and projectile together as a unit.

## Category II—Guns and Armament

(a) Guns and armament greater than .50 caliber (12.7 mm), as follows:

*(1) Guns, howitzers, artillery, and cannons;

*(2) Mortars;

*(3) Recoilless rifles;

*(4) Grenade launchers; or

(5) Developmental guns and armament greater than .50 caliber (12.7 mm) funded by the Department of Defense and specially designed parts and components therefor.

*Note 1 to paragraph (a)(5):* This paragraph does not control guns and armament greater than .50 caliber (12.7 mm); (a) in production; (b) determined to be subject to the EAR via a commodity jurisdiction determination (*see* § 120.4 of this subchapter); or (c) identified in the relevant Department of Defense contract or other funding authorization as being developed for both civil and military applications.

*Note 2 to paragraph (a)(5):* Note 1 does not apply to defense articles enumerated on the U.S. Munitions List, whether in production or development.

*Note 3 to paragraph (a)(5):* This provision is applicable to those contracts or other funding authorizations that are dated [**INSERT DATE**

3

WASHSTATEC003840

**ONE YEAR AFTER PUBLICATION IN THE FEDERAL REGISTER**], or later.

*Note 1 to paragraph (a):* This paragraph does not include: Non-automatic and non-semi-automatic rifles, carbines, and pistols between .50 (12.7 mm) and .72 caliber (18.288 mm) that are controlled on the CCL under ECCN 0A501; shotguns controlled on the CCL under ECCN 0A502; black powder guns and armaments manufactured between 1890 and 1919 controlled on the CCL under ECCN 0A602; or black powder guns and armaments manufactured earlier than 1890.

*Note 2 to paragraph (a):* Guns and armament when integrated into their carrier (*e.g.*, surface vessels, ground vehicles, or aircraft) are controlled in the category associated with the carrier. Self-propelled guns and armament are controlled in USML Category VII. Towed guns and armament and stand-alone guns and armament are controlled under this category.

(b) Flamethrowers with an effective range greater than or equal to 20 meters.

(c) [Reserved]

*(d) Kinetic energy weapon systems specially designed for destruction or rendering mission-abort of a target.

*Note to paragraph (d):* Kinetic energy weapons systems include but are not limited to launch systems and subsystems capable of accelerating masses larger than 0.1g to velocities in excess of 1.6 km/s, in single or rapid fire modes, using methods such as: Electromagnetic, electrothermal, plasma, light gas, or chemical. This does not include launch systems and subsystems used for research and testing facilities subject to the EAR, which are controlled on the CCL under ECCN 2B232.

4

WASHSTATEC003841

(e) Signature reduction devices specially designed for the guns and armament controlled in paragraphs (a), (b), and (d) of this category (*e.g.*, muzzle flash suppression devices).

(f)–(i) [Reserved]

(j) Parts, components, accessories, and attachments, as follows:

(1) Gun barrels, rails, tubes, and receivers specially designed for the weapons controlled in paragraphs (a) and (d) of this category;

(2) Sights specially designed to orient indirect fire weapons;

(3) Breech blocks for the weapons controlled in paragraphs (a) and (d) of this category;

(4) Firing mechanisms for the weapons controlled in paragraphs (a) and (d) of this category and specially designed parts and components therefor;

(5) Systems for firing superposed or stacked ammunition and specially designed parts and components therefor;

(6) Servo-electronic and hydraulic elevation adjustment mechanisms;

(7) Muzzle brakes;

(8) Bore evacuators;

(9) Independent ammunition handling systems for the guns and armament controlled in paragraphs (a), (b), and (d) of this category;

(10) Components for independently powered ammunition handling systems and platform interface, as follows:

(i) Mounts;

(ii) Carriages;

(iii) Gun pallets;

(iv) Hydro-pneumatic equilibration cylinders; or

5

WASHSTATEC003842

(v) Hydro-pneumatic systems capable of scavenging recoil energy to power howitzer functions;

*Note to paragraph (j)(10):* For weapons mounts specially designed for surface vessels and special naval equipment, *see* Category VI. For weapons mounts specially designed for ground vehicles, *see* Category VII.

(11) Ammunition containers/drums, ammunition chutes, ammunition conveyor elements, ammunition feeder systems, and ammunition container/drum entrance and exit units, specially designed for the guns and armament controlled in paragraphs (a), (b), and (d) of this category;

(12) Systems and equipment for the guns and armament controlled in paragraphs (a) and (d) of this category for use in programming ammunition, and specially designed parts and components therefor;

(13) Aircraft/gun interface units to support gun systems with a designed rate of fire greater than 100 rounds per minute and specially designed parts and components therefor;

(14) Recoil systems specially designed to mitigate the shock associated with the firing process of guns integrated into air platforms and specially designed parts and components therefor;

(15) Prime power generation, energy storage, thermal management, conditioning, switching, and fuel-handling equipment, and the electrical interfaces between the gun power supply and other turret electric drive components specially designed for kinetic weapons controlled in paragraph (d) of this category;

(16) Kinetic energy weapon target acquisition, tracking fire control, and damage assessment systems and specially designed parts and components therefor; or

6

*(17) Any part, component, accessory, attachment, equipment, or system that:

(i) Is classified;

(ii) Contains classified software; or

(iii) Is being developed using classified information.

"Classified" means classified pursuant to Executive Order 13526, or predecessor order, and a security classification guide developed pursuant thereto or equivalent, or to the corresponding classification rules of another government or intergovernmental organization.

(k) Technical data (*see* § 120.10 of this subchapter) and defense services (*see* § 120.9 of this subchapter) directly related to the defense articles described in paragraphs (a), (b), (d), (e), and (j) of this category and classified technical data directly related to items controlled in ECCNs 0A602, 0B602, 0D602, and 0E602 and defense services using the classified technical data. (*See* § 125.4 of this subchapter for exemptions.)

(l)–(w) [Reserved]

(x) Commodities, software, and technology subject to the EAR (*see* § 120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x):* Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (*see* § 123.1(b) of this subchapter).

**Category III—Ammunition and Ordnance**

(a) Ammunition, as follows:

*(1) Ammunition that incorporates a projectile controlled in paragraph (d)(1) or (3) of this category;

7

*(2) Ammunition preassembled into links or belts;

*(3) Shotgun ammunition that incorporates a projectile controlled in paragraph (d)(2) of this category;

*(4) Caseless ammunition manufactured with smokeless powder;

*Note to paragraph (a)(4):* Caseless ammunition is ammunition without a cartridge case that holds the primer, propellant, and projectile together as a unit.

*(5) Ammunition, except shotgun ammunition, based on non-metallic cases, or non-metallic cases that have only a metallic base, which result in a total cartridge mass 80% or less than the mass of a brass- or steel-cased cartridge that provides comparable ballistic performance;

*(6) Ammunition employing pyrotechnic material in the projectile base or any ammunition employing a projectile that incorporates tracer materials of any type having peak radiance above 710 nm and designed to be observed primarily with night vision optical systems;

*(7) Ammunition for fully automatic firearms that fire superposed or stacked projectiles or for guns that fire superposed or stacked projectiles;

*(8) Electromagnetic armament projectiles or billets for weapons with a design muzzle energy exceeding 5 MJ;

*(9) Ammunition, not specified above, for the guns and armaments controlled in Category II; or

(10) Developmental ammunition funded by the Department of Defense and specially designed parts and components therefor.

*Note 1 to paragraph (a)(10):* This paragraph does not control ammunition: (a) in production; (b) determined to be subject to the EAR via a commodity jurisdiction determination (*see* § 120.4 of this subchapter); or (c)

8

identified in the relevant Department of Defense contract or other funding authorization as being developed for both civil and military applications.

*Note 2 to paragraph (a)(10):* Note 1 does not apply to defense articles enumerated on the U.S. Munitions List, whether in production or development.

*Note 3 to paragraph (a)(10):* This provision is applicable to those contracts or other funding authorizations that are dated [**INSERT DATE ONE YEAR AFTER PUBLICATION IN THE FEDERAL REGISTER**], or later.

(b) Ammunition/ordnance handling equipment specially designed for the articles controlled in this category, as follows:

(1) Belting, linking, and de-linking equipment; or

(2) Fuze setting devices.

(c) [Reserved]

(d) Parts and components for the articles in this category, as follows:

(1) Projectiles that use pyrotechnic tracer materials that incorporate any material having peak radiance above 710 nm or are incendiary or explosive;

(2) Shotgun projectiles that are flechettes, incendiary, tracer, or explosive;

*Note to paragraph (d)(2):* This paragraph does not include explosive projectiles specially designed to produce noise for scaring birds or other pests (*e.g.*, bird bombs, whistlers, crackers).

(3) Projectiles of any caliber produced from depleted uranium;

(4) Projectiles not specified above, guided or unguided, for the items controlled in USML Category II, and specially designed parts and components therefor (*e.g.*, fuzes, rotating bands, cases, liners, fins, boosters);

9

WASHSTATEC003846

(5) Canisters or sub-munitions (*e.g.*, bomblets or minelets), and specially designed parts and components therefor, for the guns or armament controlled in USML Category II;

(6) Projectiles that employ tips (*e.g.*, M855A1 Enhanced Performance Round (EPR)) or cores regardless of caliber, produced from one or a combination of the following: tungsten, steel, or beryllium copper alloy;

(7) Cartridge cases, powder bags, or combustible cases specially designed for the items controlled in USML Category II;

(8) Non-metallic cases, including cases that have only a metallic base, for the ammunition controlled in paragraph (a)(5) of this category;

(9) Cartridge links and belts for fully automatic firearms and guns controlled in USML Categories I or II;

(10) Primers other than Boxer, Berdan, or shotshell types;

*Note to paragraph (d)(10):* This paragraph does not control caps or primers of any type in use prior to 1890.

(11) Safing, arming, and fuzing components (to include target detection and proximity sensing devices) for the ammunition in this category and specially designed parts therefor;

(12) Guidance and control components for the ammunition in this category and specially designed parts therefor;

(13) Terminal seeker assemblies for the ammunition in this category and specially designed parts and components therefor;

(14) Illuminating flares or target practice projectiles for the ammunition controlled in paragraph (a)(9) of this category; or

*(15) Any part, component, accessory, attachment, equipment, or system that:

10

WASHSTATEC003847

(i) Is classified;

(ii) Contains classified software; or

(iii) Is being developed using classified information.

"Classified" means classified pursuant to Executive Order 13526, or predecessor order, and a security classification guide developed pursuant thereto or equivalent, or to the corresponding classification rules of another government or intergovernmental organization.

(e) Technical data (*see* § 120.10 of this subchapter) and defense services (*see* § 120.9 of this subchapter) directly related to the defense articles enumerated in paragraphs (a), (b), and (d) of this category and classified technical data directly related to items controlled in ECCNs 0A505, 0B505, 0D505, and 0E505 and defense services using the classified technical data. (*See* § 125.4 of this subchapter for exemptions.)

(f)–(w) [Reserved]

(x) Commodities, software, and technology subject to the EAR (*see* § 120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x):* Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (*see* § 123.1(b) of this subchapter).

*Note 1 to Category III:* This category does not control ammunition crimped without a projectile (blank star) and dummy ammunition with a pierced powder chamber.

*Note 2 to Category III:* This category does not control cartridge and shell casings that, prior to export, have been rendered useless beyond the

11

WASHSTATEC003848

possibility of restoration for use as a cartridge or shell casing by means of heating, flame treatment, mangling, crushing, cutting, or popping.

*Note 3 to Category III:* Grenades containing non-lethal or less lethal projectiles are under the jurisdiction of the Department of Commerce.

WASHSTATEC003849

Message

**From**: Koelling, Richard W [KoellingRW@state.gov]
**Sent**: 10/4/2019 7:06:02 PM
**To**: Foster, John A [FosterJA2@state.gov]
**Subject**: USML Cat I-III 38(f) - AM to T + JAF Edits copy
**Attachments**: USML Cat I-III 38(f) - AM to T + JAF Edits copy.docx

My cut, version 2.

Rick

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/4/2019 7:31:36 PM |
| **To:** | Minarich, Christine M [MinarichCM@state.gov]; Khawam, Joseph N [KhawamJN@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Memos, Nicholas [MemosNI@state.gov] |
| **Subject:** | FW: Follow up to call |
| **Attachments:** | 90 - Second Amended Complaint.pdf; CJ Determination.pdf; 2019-10-2 Redline Commerce Cat I-III firearms rule Compare 2019-03-11 to Current Draft 2019-10-2 for sending to DOJ and DOS.docx |

Christine,
Rob is probably in the best position to answer these questions.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Friday, October 4, 2019 3:11 PM
**To:** Memos, Nicholas <MemosNI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** FW: Follow up to call

Nick,



Christine

---

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Friday, October 4, 2019 12:50 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Fwd: Follow up to call

Here's the email I mentioned to you on the phone.

Joseph Khawam
Office of the Legal Adviser (L/PM)

---

**From:** Khawam, Joseph N
**Sent:** Monday, September 23, 2019 12:15:55 PM
**To:** 'Liz Abraham' <LAbraham@doc.gov>
**Subject:** Follow up to call

I've attached the Settlement Agreement signed on June 29, 2018 with DD.  Under that agreement, the USG agreed to the following:

1. State would draft and fully pursue, to the extent authorized by law (including the APA), the publication in the Federal Register of a notice of proposed rulemaking and final rule, revising USML Category I to exclude "the technical data that is the subject of the Action."
2. State would announce, while the above-referenced final rule is in development, a temporary modification, consistent with the ITAR, 22 CFR § 126.2, of USML Category I to exclude "the technical data that is the subject of the Action."  The announcement will appear on the DDTC website on or before July 27, 2018.
3. State would issue a letter to Plaintiffs on or before July 27, 2018, signed by the DAS for Defense Trade Controls, advising that the Published Files, Ghost Gunner Files, and CAD Files are approved for public release (i.e., unlimited distribution) in any form and are exempt from the export licensing requirements of the ITAR because they satisfy the criteria of 22 CFR 125.4(b)(13).
4. State would acknowledge and agree that the temporary modification of USML Category I permits any US person, to include DD's customers and SAF's members, to access, discuss, use, reproduce, or otherwise benefit from "the technical data that is the subject of the Action," and that the letter to Plaintiffs permits any such person to access, discuss, use, reproduce, or otherwise benefit from the Published Files, Ghost Gunner Files, and CAD Files.

Note that the phrase "the technical data that is the subject of the Action" is defined in paragraph 12 of the Settlement Agreement, and requires some cross-referencing to other terms described in the same paragraph of the Settlement Agreement and to the Second Amended Complaint (also attached). ███████████████████████████
████████████████████████████████████████████████████████████████████

To complete the timeline for you, State complied with items (2) and (3) above on July 27, 2018, and I've attached the letter we provided to DD (I can't locate a screenshot of the website announcement, but I'm not sure that's essential).  On July 30, 2018, the eight states and DC filed the Washington action and moved for a TRO.  The court issued a TRO on July 31, 2018 and issued a PI on August 27, 2018.  The PI order states that "[t]he federal defendants and all of their respective officers, agents, and employees are hereby enjoined from implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" and the letter to Cody R. Wilson, Defense Distributed, and the Second Amendment Foundation issued by the U.S. Department of State on July 27, 2018, and shall preserve the status quo *ex ante* as if the modification had not occurred and the letter had not been issued until further order of the Court."

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State

Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

SBU - Legal

WASHSTATEC003853

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, SECOND AMENDMENT FOUNDATION, INC., and CONN WILLIAMSON, | § | Case No. 15-CV-372-RP |
| | § | |
| | § | SECOND AMENDED |
| Plaintiffs, | § | COMPLAINT |
| | § | |
| v. | § | |
| | § | |
| U.S. DEPARTMENT OF STATE; REX TILLERSON, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS, Department of State Bureau of Political Military Affairs; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary, Defense Trade Controls, Bureau of Political Military Affairs, Department of State; and SARAH J. HEIDEMA, in her official capacity as Acting Director, Office of Defense Trade Controls Policy, Bureau of Political Military Affairs, Department of State; | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

SECOND AMENDED COMPLAINT

Plaintiffs Defense Distributed, Second Amendment Foundation, Inc., and Conn Williamson, by and through undersigned counsel, complain of Defendants as follows:

INTRODUCTION

"Any system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963). The prior restraint system challenged here cannot overcome its presumption of invalidity.

1

WASHSTATEC003854

Contrary to the Justice Department's warning that such actions are unconstitutional, Defendants unlawfully apply the International Traffic in Arms Regulations, 22 C.F.R. Part 120 *et seq.* ("ITAR") to prohibit and frustrate Plaintiffs' public speech, on the Internet and other open forums, regarding arms in common use for lawful purposes. Defendants' censorship of Plaintiffs' speech, and the ad hoc, informal and arbitrary manner in which that scheme is applied, violate the First, Second, and Fifth Amendments to the United States Constitution. Plaintiffs are entitled to declaratory and injunctive relief barring any further application of this prior restraint scheme, and to recover money damages to compensate for the harm such application has already caused.

*The Parties*

1.      Plaintiff Defense Distributed is a Texas corporation organized under the laws of the State of Texas, whose headquarters are located in Austin, Texas, and whose principal place of business is located in Austin, Texas. Defense Distributed was organized and is operated for the purpose of defending the civil liberty of popular access to arms guaranteed by the United States Constitution through facilitating global access to, and the collaborative production of, information and knowledge related to the three-dimensional ("3D") printing of arms; and to publish and distribute, at no cost to the public, such information and knowledge on the Internet in promotion of the public interest.

2.      Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including in Texas. The purposes of SAF include promoting, securing, and expanding access to the exercise of the right to keep and bear arms; and education, research, publishing and legal

2

WASHSTATEC003855

action focusing on the constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of its members.

3.    Conn Williamson is a natural person and a citizen of the United States and the State of Washington.

4.    Defendant the United States Department of State is an executive agency of the United States government responsible for administering and enforcing the ITAR under the authority of the Arms Export Control Act of 1976, 22 U.S.C. § 2778, *et seq*. ("AECA").

5.    Defendant Rex W. Tillerson is sued in his official capacity as the Secretary of State. In this capacity, he is responsible for the operation and management of the United States Department of State, and this includes the operation and management of the Directorate of Defense Trade Controls ("DDTC") and administration and enforcement of the ITAR.

6.    Defendant DDTC is a subordinate unit within the Department of State Bureau of Political and Military Affairs responsible for administering and enforcing the ITAR.

7.    Defendant Mike Miller is sued in his official capacity as the Acting Deputy Assistant Secretary of State for Defense Trade Controls in the Bureau of Political-Military Affairs. In his official capacity, Miller is responsible for the operation and management of DDTC, and this includes administration and enforcement of the ITAR.

8.    Defendant Sarah Heidema is sued in her official capacity as the Acting Director of the Office of Defense Trade Controls Policy Division. In her official capacity, she is responsible for administration of the ITAR, including ITAR's commodity jurisdiction procedures; implementation of regulatory changes as a result of defense trade reforms; and providing guidance to industry on ITAR requirements.

3

WASHSTATEC003856

JURISDICTION AND VENUE

9.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331, 1343, 2201, and 2202.

10.    Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a

substantial part of the events and omissions giving rise to the claim occurred, and Plaintiff

Defense Distributed resides, within the Western District of Texas.

STATEMENT OF FACTS

*Broad and Vague Scope of the ITAR*

11.    The AECA affords the President limited control over the export of "defense

articles." 22 U.S.C. § 2778(a)(1).

12.    Although the AECA does not expressly authorize control over "technical data,"

the ITAR, which implements the Act, includes "technical data" within its definition of "defense

articles." 22 C.F.R. § 120.6.

13.    The ITAR broadly defines "technical data" as information "required for the

design, development, production, manufacture, assembly, operation, repair, testing, maintenance

or modification of defense articles." 22 C.F.R. § 120.10. This includes "information in the form

of blueprints, drawings, photographs, plans, instructions or documentation" and "software"

"directly related to defense articles." *Id*.

14.    The ITAR requires advance government authorization to export technical data.

Criminal penalties for unauthorized exports of technical data and other violations of the ITAR

include, inter alia, prison terms of up to twenty (20) years and fines of up to $1,000,000 per

violation. 22 U.S.C. § 2778(c). Civil penalties include fines of over $1,000,000 per violation. 22

U.S.C. § 2778(e); 83 Fed. Reg. 234, 235 (Jan. 3, 2018).

4

WASHSTATEC003857

15.     The scope of technical data subject to ITAR control, as described on the U.S. Munitions List ("USML"), 22 C.F.R. § 121.1, is vague, ambiguous, and complex. Defendants constantly change, often without notice, their views of what this scope entails.

16.     Americans have submitted thousands of written requests, known as "commodity jurisdiction requests," to DDTC for official determinations as to the ITAR's scope.

*History of Defendants' Prior Restraint Scheme*

17.     From 1969 to 1984, Footnote 3 to former ITAR Section 125.11 implied that the ITAR imposed a prepublication approval requirement on publications of privately generated ITAR-controlled technical data, stating that "[t]he burden for obtaining appropriate U.S. Government approval for the publication of technical data falling within the definition in § 125.01, including such data as may be developed under other than U.S. Government contract, is on the person or company seeking publication."

18.     Beginning in 1978, the U.S. Department of Justice's Office of Legal Counsel issued a series of written opinions advising Congress, the White House, and the Department of State that the use of the ITAR to impose a prior restraint on publications of privately generated unclassified information into the public domain violated the First Amendment of the United States Constitution (the "Department of Justice memoranda").

19.     In 1980, the Department of State Office of Munitions Control, the predecessor to Defendant DDTC, issued official guidance providing that "[a]pproval is not required for publication of data within the United States as described in Section 125.11(a)(1). Footnote 3 to Section 125.11 does not establish a prepublication review requirement."

20.     Thereafter, the Department of State removed Footnote 3 from the ITAR, expressly stating its intent to address First Amendment concerns. *See* 49 Fed. Reg. 47,682 (Dec.

5

WASHSTATEC003858

6, 1984). As such, to the extent the ITAR imposed any prepublication approval requirement on

private, non-classified speech, the requirement was ostensibly removed in 1984.

21.     In 1995, Defendant the United States Department of State conceded in federal

court that reading the ITAR as imposing a prior restraint "is by far the most **un**-reasonable

interpretation of the provision, one that people of ordinary intelligence are least likely to assume

is the case." *Bernstein v. United States Department of State, et. al.*, No. C-95-0582, 1997 U.S.

Dist. Lexis 13146 (N.D. Cal. August 25, 1997).

22.     Prior to May 2013, Defendant the United States Department of State had not only

disavowed the prior restraint in public notices and in federal court, it had never publicly enforced

a prior restraint under the ITAR.

*The Published Files*

23.     Posting technical data on the Internet is perhaps the most common and effective

means of creating and disseminating information. A cursory search on Google and other Internet

search engines evidences that ITAR-controlled technical data is freely published in books,

scientific journals, and on the Internet.

24.     Plaintiff Defense Distributed publishes files on the Internet as a means of

fulfilling its primary missions to promote the right to keep and bear arms and to educate the

public.

25.     Defense Distributed privately generated technical information regarding a number

of gun-related items, including a trigger guard, grips, two receivers, a magazine for AR-15 rifles,

and a handgun (the "Published Files").

6

WASHSTATEC003859

26.     In December 2012, Defense Distributed began posting the Published Files on the Internet for free, at no cost to the public. That publication inherently advanced Defense Distributed's educational mission.

27.     At the time Defense Distributed posted the Published Files, there was no publicly known case of Defendants enforcing a prepublication approval requirement under the ITAR.

28.     Notwithstanding the Department of Justice memoranda, the 1980 guidance, the 1985 ITAR amendment, Defendant the United States Department of State's representations to a federal court in *Bernstein v. United States*, and Defendants' failure to previously enforce a prepublication approval requirement under the ITAR, on May 8, 2013, DDTC sent Defense Distributed a letter that warned:

> DTCC/END is conducting a review of technical data made publicly available by Defense Distributed through its 3D printing website, DEFCAD.org, the majority of which appear to be related to items in Category I of the USML. Defense Distributed may have released ITAR-controlled technical data without the required prior authorization from the Directorate of Defense Trade Controls (DDTC), a violation of the ITAR.

29.     At the time it posted the Published Files, Defense Distributed did not know that DDTC would demand pre-approval of public speech. Defense Distributed believed, and continues to believe, that the United States Constitution guarantees a right to share truthful speech—especially speech concerning fundamental constitutional rights—in open forums. Nevertheless, for fear of criminal and civil enforcement, Defense Distributed promptly complied with DDTC's demands and removed all of the Published Files from its servers.

30.     The DDTC letter further directed Defense Distributed to submit the Published Files to DDTC for review using the DDTC "commodity jurisdiction" procedure, the ITAR procedure "used with the U.S. Government if doubt exists as to whether an article or service is covered by the U.S. Munitions List." 22 C.F.R. § 120.4(a).

7

WASHSTATEC003860

31. Defense Distributed complied with DDTC's request and filed ten (10) commodity jurisdiction requests covering the Published Files on June 21, 2013.

32. On June 4, 2015—nearly two years from the date of Defense Distributed's commodity jurisdiction requests and six days before their first responsive pleading was due in this case—Defendants issued a response to the ten commodity jurisdiction requests. They determined that six of the Published Files, including the handgun files, were ITAR-controlled.

*The "Ghost Gunner" Files*

33. DDTC identifies the Department of Defense Office of Prepublication Review and Security ("DOPSR") as the government agency from which private persons must obtain prior approval for publication of privately generated technical information subject to ITAR control.

34. Neither the Code of Federal Regulations nor any other public law establishes a timeline for decision, standard of review, or an appeals process for DOPSR public release determinations.

35. Worsening this situation, DOPSR refuses to review information that it deems is not clearly subject to the ITAR.

36. On September 25, 2014, Defense Distributed sent DOPSR a request for prepublication approval for public release of files containing technical information on a machine, named the "Ghost Gunner," that can be used to manufacture a variety of items, including gun parts (the "Ghost Gunner Files").

37. On October 1, 2014, DOPSR sent Defense Distributed a letter stating that it refused to review Defense Distributed's request for approval because DOPSR was unsure whether the Ghost Gunner was subject to the ITAR. Also in its letter, DOPSR recommended that Defense Distributed submit another commodity jurisdiction request to DDTC.

8

WASHSTATEC003861

38.     Defense Distributed submitted another commodity jurisdiction request for the
Ghost Gunner to DDTC on January 2, 2015.

39.     On April 13, 2015, DDTC responded to the Ghost Gunner commodity jurisdiction
request. It determined that the Ghost Gunner machine is not subject to ITAR, but that "software,
data files, project files, coding, and models for producing a defense article, to include 80% AR-
15 lower receivers, are subject to the jurisdiction of the Department of State in accordance with
[the ITAR]." Defense Distributed did not seek a determination with respect to such files, but it
did seek a determination as to whether the software necessary to build and operate the Ghost
Gunner machine is ITAR-controlled. DDTC subsequently clarified that such software is, like the
machine itself, not subject to ITAR controls, but reiterated its ruling with respect to files related
to the production of a "defense article."

*Prior Restraint on CAD Files*

40.     Since September 2, 2014, Defense Distributed has made multiple requests to
DOPSR for prepublication review of certain computer-aided design ("CAD") files.

41.     On December 31, 2014, nearly four months after Defense Distributed submitted
the first of the CAD review requests, DOPSR sent Defense Distributed two letters dated
December 22, 2014, stating that it refused to review the CAD files. DOPSR's decision was
made, in whole or in part, with specific direction from DDTC.

42.     The DOPSR letter directed Defense Distributed to the DDTC Compliance and
Enforcement Division for further questions on public release of the CAD files. However,
because this is not the DDTC division responsible for issuing licenses or other forms of DDTC
authorization, on January 5, 2015, Defense Distributed sent a written request to DDTC for
guidance on how to obtain authorization from DDTC Compliance for release of the CAD files.

9

WASHSTATEC003862

43.     To date, DDTC has not responded to Defense Distributed's request for guidance on how to obtain authorization from DDTC Compliance for release of the CAD files.

*Prior Restraint on Other Files*

44.     Defense Distributed has and will continue to create and possess other files that contain technical information, to include design drawings, rendered images, written manufacturing instructions, and other technical information that Defense Distributed intends to post to public forums on the Internet. Many of these files are described in the USML.

45.     Plaintiff SAF's members, including, e.g., Conn Williamson and Peter Versnel, have a keen interest in accessing, studying, sharing, modifying, and learning from Defense Distributed's various files, as well as similar 3D printing files related to firearms that they or others have created. They would access and share these files on the Internet, and use the files for various purposes, including the manufacture of firearms of the kind in common use that they would keep operable and use for self-defense, but cannot do so owing to the prepublication approval requirement. But for DDTC's prepublication approval requirement on such files, SAF would expend its resources to publish and promote, on the Internet, the distribution of Defense Distributed's various files, and similar files generated by its members and others.

*High Price Tag for Public Speech Licenses*

46.     The ITAR requires that any person who engages in the United States in the business of exporting technical data to register with the DDTC. *See* 22 C.F.R. § 122.1(a). For the purpose of the ITAR, engaging in such a business requires only one occasion of exporting technical data. *Id.*

47.     DDTC Registration is a precondition to the issuance of any license or other approval under the ITAR. *See* 22 C.F.R. § 122.1(c).

10

WASHSTATEC003863

48.     The base fee for DDTC registration is $2,250.00 a year. *See* 22 C.F.R. § 122.3(a). This fee increases based on the number of licenses requested in the previous year.

*Great, Irreparable, and Continuing Harm*

49.     But for DDTC's impositions upon the distribution of the Published Files, Ghost Gunner Files, CAD Files, and Defense Distributed's other files (collectively, the "Subject Files"), Plaintiffs would freely distribute the Subject Files. Plaintiffs refrain from distributing the Subject Files because they reasonably fear that Defendants would pursue criminal and civil enforcement proceedings against Plaintiffs for doing so.

50.     DDTC's acts have thus caused irreparable injury to Plaintiffs, their customers, visitors, and members, whose First, Second, and Fifth Amendment rights are violated by DDTC's actions.

COUNT ONE

ULTRA VIRES GOVERNMENT ACTION

51.     Paragraphs 1 through 50 are incorporated as though fully set forth herein.

52.     The Defendants' imposition of the prepublication requirement, against any non-classified privately-generated speech, including on (but not limited to) the Subject Files, lies beyond any authority conferred upon them by Congress under the AECA, as confirmed by the 1985 ITAR amendment. Accordingly, Defendants' imposition of the prepublication approval requirement is ultra vires and Plaintiffs are entitled to injunctive relief against Defendants' application of the prepublication approval requirement.

11

WASHSTATEC003864

COUNT TWO

RIGHT OF FREE SPEECH—U.S. CONST. AMEND. I

53.     Paragraphs 1 through 52 are incorporated as though fully set forth herein.

54.     Defendants' prepublication approval requirement is invalid on its face, and as applied to Plaintiffs' public speech, as an unconstitutional prior restraint on protected expression.

55.     Defendants' prepublication approval requirement is invalid on its face, and as applied to Plaintiffs' public speech, as overly broad, inherently vague, ambiguous, and lacking adequate procedural protections.

56.     Defendants' prepublication approval requirement is invalid as applied to Defense Distributed's posting of the Subject Files, because Defendants have selectively applied the prior restraint based on the content of speech and/or the identity of the speaker.

57.     Defendants' interruption and prevention of Plaintiffs from publishing the subject files, under color of federal law, violates Plaintiffs' rights under the First Amendment to the United States Constitution, causing Plaintiffs, their customers, visitors and members significant damages. Plaintiffs are therefore entitled to injunctive relief against Defendants' application of the prior restraint.

COUNT THREE

RIGHT TO KEEP AND BEAR ARMS—U.S. CONST. AMEND. II

58.     Paragraphs 1 through 57 are incorporated as though fully set forth herein.

59.     The fundamental Second Amendment right to keep and bear arms inherently embodies two complimentary guarantees: the right to acquire arms, and the right to make arms.

60.     If one cannot acquire or create arms, one cannot exercise Second Amendment rights. Infringing upon the creation and acquisition of arms of the kind in common use for

12

WASHSTATEC003865

traditional lawful purposes violates the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 627 (2008).

61.     By maintaining and enforcing the prepublication approval requirement and forbidding Plaintiffs from publishing the subject files, which enable the lawful manufacture of firearms, Defendants are violating the Second Amendment rights of Plaintiffs, their customers, members, and visitors. Plaintiffs are therefore entitled to injunctive relief against Defendants' application of the prior restraint.

<div align="center">COUNT FOUR</div>

<div align="center">RIGHT TO DUE PROCESS OF LAW—U.S. CONST. AMEND. V</div>

62.     Paragraphs 1 through 61 are incorporated as though fully set forth herein.

63.     The Due Process Clause of the Fifth Amendment to the United States Constitution requires the Government to provide fair notice of what is prohibited, prohibits vague laws, and prevents arbitrary enforcement of the laws.

64.     On its face, Defendants' prepublication approval requirement is overly broad, vague, arbitrary, and lacks adequate procedural safeguards. Plaintiffs are therefore entitled to injunctive relief against Defendants' application of the prior restraint.

65.     As applied to Defense Distributed, Defendants' imposition of the prepublication approval requirement, failure to clearly describe the information subject to the prior restraint, and failure to provide a process for timely review of Defense Distributed's speech have deprived Defense Distributed of its right to fair notice of what is required under the law and adequate process, in violation of the Fifth Amendment. Defense Distributed is therefore entitled to injunctive relief against Defendants' application of the prior restraint.

<div align="center">13</div>

WASHSTATEC003866

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.       A declaration that Defendants' prepublication approval requirement for privately generated unclassified information is, on its face and as applied to Plaintiffs' public speech, null and void, and of no effect, as an unconstitutional Ultra Vires government action.

2.       A declaration that Defendants' prepublication approval requirement for privately generated unclassified information, on its face and as applied to Plaintiffs' public speech, to include Internet postings of the Subject Files, violates the First Amendment to the United States Constitution;

3.       A declaration that Defendants' prepublication approval requirement for privately generated unclassified information, on its face and as applied to public speech, to include the Internet posting of files used in the production of arms of the kind in common use for traditional lawful purposes, including but not limited to the Subject Files, violates the Second Amendment to the United States Constitution;

4.       A declaration that Defendants' prepublication approval requirement for privately generated unclassified information, on its face and as applied to Plaintiffs' public speech, to include Internet postings of the Subject Files, violates the Fifth Amendment to the United States Constitution;

5.       An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the prepublication approval requirement against public speech on privately generated unclassified information;

14

WASHSTATEC003867

6.      An order permanently enjoining Defendants, their officers, agents, servants,

employees, and all persons in active concert or participation with them who receive actual notice

of the injunction, from enforcing the prepublication approval requirement against Plaintiffs'

public speech, to include Internet postings of the Subject Files;

7.      Attorney fees and costs pursuant to 28 U.S.C. § 2412; and

8.      Any other further relief as the Court deems just and appropriate.

Dated: January 31, 2018                              Respectfully submitted,

/s/ Alan Gura
Alan Gura
Virginia Bar No. 68842*
Gura PLLC
916 Prince Street, Suite 107
Alexandria, Virginia 22314
703.835.9085/Fax 703.997.7665
alan@gurapllc.com

/s/ Matthew Goldstein
Matthew Goldstein
D.C. Bar No. 975000*
Matthew A. Goldstein, PLLC
1875 Connecticut Avenue, N.W.
10th Floor
Washington, DC 20009
202.550.0040/Fax 202.683.6679
matthew@goldsteinpllc.com

/s/ David S. Morris
William T. "Tommy" Jacks
Texas State Bar No. 10452000
David S. Morris
Texas State Bar No. 24032877
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, Texas 78701
512.472.5070/Fax 512.320.8935
jacks@fr.com
dmorris@fr.com

/s/ William B. Mateja
William B. Mateja
Texas State Bar No. 13185350
POLSINELLI P.C.
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
214.397.0030/Fax 214.397.0033
Mateja@polsinelli.com

/s/ Josh Blackman
Josh Blackman
Virginia Bar No. 78292
1303 San Jacinto Street
Houston, Texas 77002
202.294.9003/Fax: 713.646.1766
joshblackman@gmail.com

*Admitted pro hac vice

WASHSTATEC003868

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | No. 1:15-cv-372-RP |
| | § | |
| U.S. DEPARTMENT OF STATE, et al., | § | |
|     Defendants. | § | |

# EXHIBIT A

WASHSTATEC003869



United States Department of State

*Bureau of Political-Military Affairs*
*Directorate of Defense Trade Controls*

*Washington, D.C. 20522-0112*

In Reply refer to
DDTC Cases CJ 651-13 through 660-13

JUN 04 2015

YOUR SUBMISSION DATED: June 21, 2013

COMMODITY JURISDICTION DETERMINATIONS FOR: **Liberator Pistol Data Files, .22 Electric Data Files, 125 mm BK-14M High Explosive Anti-Tank Warhead Model Data File, 5.56/.223 Muzzle Brake Data Files, Springfield XD-40 Tactical Slide Assembly Data Files, Sound Moderator - Slip On Data File, "The Dirty Diane" Oil Filter Silencer Adapter Data File, 12 Gauge to .22 CB Sub-Caliber Insert Data Files, Voltlock Electronic Black Powder System Data Files, and VZ-58 Front Sight Data Files**

The data described in your submission are Computer Aided Design (CAD) data files that can be used in a 3D printer to produce physical models of the associated item.

A technical review of your commodity jurisdiction (CJ) request has been concluded by requisite agencies of the United States Government. The findings of that technical review are:

The Department of State has determined that the **125 mm BK-14M High Explosive Anti-Tank Warhead Model Data File, Sound Moderator - Slip On Data File, and "The Dirty Diane" Oil Filter Silencer Adapter Data File are not subject to the jurisdiction of the Department of State.** The Department of Commerce (DOC) advises that these items are classified as EAR99. Please consult the DOC Office of Exporter Services at (202) 482-4811 to satisfy applicable requirements prior to export.

The Department of State has determined that the **Voltlock Electronic Black Powder System Data Files are not subject to the jurisdiction of the**

Continued on Page Two

Cody R. Wilson
Defense Distributed
711 W. 32nd Street, Apt. 115
Austin, TX 78705
crw@defdist.org

WASHSTATEC003870

Page Two

In Reply refer to
DDTC Cases CJ 651-13 through 660-13

**Department of State.** However, export may require authorization from the Department of Commerce (DOC). Please consult the DOC Office of Exporter Services at (202) 482-4811 to make a Classification Request (CCATS) and satisfy other applicable requirements prior to export.

The Department of State has determined that the **Liberator Pistol Data Files, .22 Electric Data Files, 5.56/.223 Muzzle Brake Data Files, Springfield XD-40 Tactical Slide Assembly Data Files, 12 Gauge to .22 CB Sub-Caliber Insert Data Files (except for "read me" text file), and VZ-58 Front Sight Data Files are subject to the jurisdiction of the Department of State in accordance with the International Traffic in Arms Regulations (ITAR) (22 CFR 120 through 130).** They are designated as technical data under Category I(i) of the United States Munitions List (USML) pursuant to §120.10 of the ITAR. A license or other approval is required pursuant to the ITAR prior to any export or temporary import.

Should you not concur with this determination and have additional facts not included in the original submission, you may submit a new CJ request. If you do not concur with this determination and have no additional facts to present, then you may request that this determination be reviewed by the Deputy Assistant Secretary of State for Defense Trade Controls.

Should you require further assistance on this matter, please contact Sam Harmon at (202) 663-2811 or HarmonSC@state.gov.

Sincerely,

C. Edward Peartree
Director
Office of Defense Trade Controls Policy

Cc: Matthew A. Goldstein
1012 14th Street, NW, Suite 620
Washington, DC 20005
matthew@goldsteinpllc.com

Message

| | |
|---|---|
| **From**: | Foster, John A [FosterJA2@state.gov] |
| **Sent**: | 10/4/2019 7:40:47 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject**: | RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy |
| **Attachments**: | USML Cat I-III 38(f) - AM to T v2 + JAF Edits.docx |

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 4, 2019 3:06 PM
**To:** Foster, John A <FosterJA2@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T + JAF Edits copy

My cut, version 2.

Rick

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

Message
_____

**From:**       Foster, John A [FosterJA2@state.gov]
**Sent:**       10/4/2019 8:28:22 PM
**To:**         Hart, Robert L [HartRL@state.gov]
**CC:**         Koelling, Richard W [KoellingRW@state.gov]
**Subject:**    FW: USML Cat I-III 38(f) - AM to T + JAF Edits copy
**Attachments:** USML Cat I-III 38(f) - AM to T v2 + JAF Edits.docx


Rob,

I just spoke with Rick, and he asked me to send you the most recent version of the AM with my edits.  Please add your edits on top of mine and return the document to Rick, as he would like to review it again before it's circulated to a wider distro.

Best,
John

---

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A
**Sent:** Friday, October 4, 2019 3:41 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy


---

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 4, 2019 3:06 PM
**To:** Foster, John A <FosterJA2@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T + JAF Edits copy

My cut, version 2.

Rick

SENSITIVE BUT UNCLASSIFIED

Message

---

**From:** Hart, Robert L [HartRL@state.gov]
**Sent:** 10/4/2019 8:47:12 PM
**To:** Foster, John A [FosterJA2@state.gov]
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy
**Attachments:** USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH.docx


Thanks, I've got a few things in here.

Rob Hart
202.736.9221 | hartrl@state.gov


SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Friday, October 4, 2019 4:28 PM
**To:** Hart, Robert L <HartRL@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** FW: USML Cat I-III 38(f) - AM to T + JAF Edits copy

Rob,

I just spoke with Rick, and he asked me to send you the most recent version of the AM with my edits.  Please add your edits on top of mine and return the document to Rick, as he would like to review it again before it's circulated to a wider distro.

Best,
John


SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A
**Sent:** Friday, October 4, 2019 3:41 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy


SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 4, 2019 3:06 PM
**To:** Foster, John A <FosterJA2@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T + JAF Edits copy

My cut, version 2.

Rick

SENSITIVE BUT UNCLASSIFIED

Message

**From:**    Minarich, Christine M [MinarichCM@state.gov]
**Sent:**    10/4/2019 8:56:31 PM
**To:**      Khawam, Joseph N [KhawamJN@state.gov]
**Subject:** Cats I-III rule

Heads up that I just spoke with Liz and we should expect Commerce to propose some additional revisions to our rule. ███████████████████████████████████████ I can give you additional context on Monday if necessary.

Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646
Tu,Th: (202) 663-2915

Message

| | |
|---|---|
| **From:** | Foster, John A [FosterJA2@state.gov] |
| **Sent:** | 10/4/2019 9:11:04 PM |
| **To:** | Hart, Robert L [HartRL@state.gov] |
| **Subject:** | RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy |

Looks good.  Thanks.

SENSITIVE BUT UNCLASSIFIED

**From:** Hart, Robert L <HartRL@state.gov>
**Sent:** Friday, October 4, 2019 4:47 PM
**To:** Foster, John A <FosterJA2@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

Thanks, I've got a few things in here.

Rob Hart
202.736.9221 | hartrl@state.gov

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Friday, October 4, 2019 4:28 PM
**To:** Hart, Robert L <HartRL@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** FW: USML Cat I-III 38(f) - AM to T + JAF Edits copy

Rob,

I just spoke with Rick, and he asked me to send you the most recent version of the AM with my edits.  Please add your edits on top of mine and return the document to Rick, as he would like to review it again before it's circulated to a wider distro.

Best,
John

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A
**Sent:** Friday, October 4, 2019 3:41 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 4, 2019 3:06 PM
**To:** Foster, John A <FosterJA2@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T + JAF Edits copy

WASHSTATEC003876

My cut, version 2.

Rick

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003877

Message

| | |
|---|---|
| **From**: | Foster, John A [FosterJA2@state.gov] |
| **Sent**: | 10/4/2019 9:11:39 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject**: | RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy |
| **Attachments**: | USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH.docx |

Rob's edits are on top of mine.

Have a great weekend!

---

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 4, 2019 3:06 PM
**To:** Foster, John A <FosterJA2@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T + JAF Edits copy

My cut, version 2.

Rick

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 10/7/2019 12:39:15 PM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov] |
| **CC**: | Hart, Robert L [HartRL@state.gov]; Foster, John A [FosterJA2@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH |
| **Attachments**: | USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH.docx |

Joe, Sarah,

Attached is the updated AM to T for notification. If you are able, please take a chop on this before this afternoon's meeting at the EEOB.

Thanks,

Rick

SENSITIVE BUT UNCLASSIFIED

Message

---

**From:** Koelling, Richard W [KoellingRW@state.gov]
**Sent:** 10/7/2019 12:47:46 PM
**To:** Foster, John A [FosterJA2@state.gov]
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

Thanks John.

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Friday, October 4, 2019 5:12 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

Rob's edits are on top of mine.

Have a great weekend!

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 4, 2019 3:06 PM
**To:** Foster, John A <FosterJA2@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T + JAF Edits copy

My cut, version 2.

Rick

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Timothy Mooney [Timothy.Mooney@bis.doc.gov] |
| **Sent:** | 10/7/2019 1:30:36 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject:** | RE: [Commerce comments on State rule] Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |

Thanks, Rick.

Tim

---

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 07, 2019 8:55 AM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Subject:** RE: [Commerce comments on State rule] Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Tim, I am polling the team.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, October 4, 2019 5:07 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: [Commerce comments on State rule] Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

All,

Attached are the Commerce comments on the State Cat I-III (firearms) rule.

State and Justice,
How are you coming on sending the comments on the Commerce rule?

Thanks,

Tim

WASHSTATEC003881

Tim Money
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 03, 2019 4:21 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>;
Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling,
Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>;
Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh
<Richard.Ashooh@bis.doc.gov>; Steven Clagett <Steven.Clagett@bis.doc.gov>; Alexander Lopes
<Alexander.Lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel
<Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal
review (Please provide comments to COB on 10/4/19)

All,

Please find attached an updated redline of the State Category I-III (firearms) rule ███████████████████
████████████████████████████████████████████

We're following Commerce's approach and sending the attached to DOJ and DOC/BIS for informal review prior to
submitting the updated rule formally to OMB for interagency review next week.

In order to keep with the timeline, and because of the relatively minor nature of our edits, we'll follow the same
timeline as Commerce.  Please provide any comments or edits that you have on the State rule by COB on Friday, October
4, 2019.

Christine

Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646
Tu,Th: (202) 663-2915

SBU - DELIBERATIVE PROCESS

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>;
Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling,
Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh
<Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander

<alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel
<Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>

**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ███████████████████████████
█████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████████████████
█████████ I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

**From:** Minarich, Christine M [MinarichCM@state.gov]
**Sent:** 10/7/2019 3:01:12 PM
**To:** Khawam, Joseph N [KhawamJN@state.gov]
**Subject:** RE: USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH

███████████████████████████████████████████████

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 7, 2019 8:39 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Foster, John A <FosterJA2@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH

Joe, Sarah,
Attached is the updated AM to T for notification. If you are able, please take a chop on this before this afternoon's meeting at the EEOB.

Thanks,

Rick

SENSITIVE BUT UNCLASSIFIED

Message

**From:** Paul, Joshua M [PaulJM@state.gov]
**Sent:** 10/7/2019 3:13:35 PM
**To:** Koelling, Richard W [KoellingRW@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Minarich, Christine M [MinarichCM@state.gov]; Foster, John A [FosterJA2@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]
**Subject:** RE: [Commerce comments on State rule] Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

<div style="background:black;height:90px;"></div>

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 7, 2019 11:09 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Subject:** RE: [Commerce comments on State rule] Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Joe, thanks. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, October 7, 2019 10:58 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Subject:** RE: [Commerce comments on State rule] Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Thanks, Rick.  No line edits from me on Commerce's rule. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but that shouldn't hold up our response.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 7, 2019 8:54 AM

**To:** Minarich, Christine M <<u>MinarichCM@state.gov</u>>; Khawam, Joseph N <<u>KhawamJN@state.gov</u>>; Foster, John A <<u>FosterJA2@state.gov</u>>; Heidema, Sarah J <<u>HeidemaSJ@state.gov</u>>; Paul, Joshua M <<u>PaulJM@state.gov</u>>
**Subject:** RE: [Commerce comments on State rule] Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

█████████████████████ Any additional concerns you wish to forward?

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <<u>Timothy.Mooney@bis.doc.gov</u>>
**Sent:** Friday, October 4, 2019 5:07 PM
**To:** Minarich, Christine M <<u>MinarichCM@state.gov</u>>; Khawam, Joseph N <<u>KhawamJN@state.gov</u>>; <u>Tony.Coppolino@usdoj.gov</u>; <u>Eric.Soskin@usdoj.gov</u>; <u>Stuart.J.Robinson@usdoj.gov</u>; <u>Steven.A.Myers@usdoj.gov</u>; Koelling, Richard W <<u>KoellingRW@state.gov</u>>; Memos, Nicholas <<u>MemosNI@state.gov</u>>; Foster, John A <<u>FosterJA2@state.gov</u>>; Heidema, Sarah J <<u>HeidemaSJ@state.gov</u>>
**Cc:** Abraham, Liz <<u>LAbraham@doc.gov</u>>; Matthew Borman <<u>Matthew.Borman@bis.doc.gov</u>>; Richard Ashooh <<u>Richard.Ashooh@bis.doc.gov</u>>; Clagett, Steven <<u>steven.clagett@bis.doc.gov</u>>; Lopes, Alexander <<u>alexander.lopes@bis.doc.gov</u>>; Hillary Hess <<u>Hillary.Hess@bis.doc.gov</u>>; Karen NiesVogel <<u>Karen.NiesVogel@bis.doc.gov</u>>; Jessica Curyto <<u>Jessica.Curyto@bis.doc.gov</u>>
**Subject:** RE: [Commerce comments on State rule] Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)



Tim Money
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

**From:** Minarich, Christine M <<u>MinarichCM@state.gov</u>>
**Sent:** Thursday, October 03, 2019 4:21 PM
**To:** Timothy Mooney <<u>Timothy.Mooney@bis.doc.gov</u>>; Khawam, Joseph N <<u>KhawamJN@state.gov</u>>; <u>Tony.Coppolino@usdoj.gov</u>; <u>Eric.Soskin@usdoj.gov</u>; <u>Stuart.J.Robinson@usdoj.gov</u>; <u>Steven.A.Myers@usdoj.gov</u>; Koelling, Richard W <<u>KoellingRW@state.gov</u>>; Memos, Nicholas <<u>MemosNI@state.gov</u>>; Foster, John A <<u>FosterJA2@state.gov</u>>;

Heidema, Sarah J <HeidemaSJ@state.gov>;
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Steven Clagett <Steven.Clagett@bis.doc.gov>; Alexander Lopes <Alexander.Lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

All,

Please find attached an updated redline of the State Category I-III (firearms) rule ██████████████████
████████████████████████████████████████████████████

We're following Commerce's approach and sending the attached to DOJ and DOC/BIS for informal review prior to submitting the updated rule formally to OMB for interagency review next week.

In order to keep with the timeline, and because of the relatively minor nature of our edits, we'll follow the same timeline as Commerce.  Please provide any comments or edits that you have on the State rule by COB on Friday, October 4, 2019.

Christine

Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646
Tu,Th: (202) 663-2915

SBU - DELIBERATIVE PROCESS

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ████████████████████
████████████████████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ███████████████████████████
████████ I also included a clean version of the rule, but please use the redline version if you have additional edits you
want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB
on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

| | |
|---|---|
| **From:** | Paul, Joshua M [PaulJM@state.gov] |
| **Sent:** | 10/7/2019 3:21:25 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov]; McKeeby, David I [McKeebyDI@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Hart, Robert L [HartRL@state.gov]; Noonan, Michael J [NoonanMJ@state.gov] |
| **CC:** | Miller, Michael F [Millermf@state.gov]; PM-CPA [PM-CPA@state.gov] |
| **Subject:** | RE: For Review: COB TODAY: Cat I-III Releases |
| **Attachments:** | 0514 FINAL -- CATS I-III MYTHS V FACTS.docx |

Hi all,



Thoughts?

J

UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, September 30, 2019 12:32 PM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** RE: For Review: COB TODAY: Cat I-III Releases

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

WASHSTATEC003889

**From:** McKeeby, David I <McKeebyDI@state.gov>
**Sent:** Monday, September 30, 2019 12:28 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** RE: For Review: COB TODAY: Cat I-III Releases

Thanks, Sarah – ███████████████



Best,
Dave

_____
**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

Phone:      202.647.8757      | BlackBerry: ███████████
e-mail:      _mckeebydi@state.gov_ |   Web: _PM Homepage_ |Twitter: _@StateDeptPM_

Stay connected with _State.gov_:



UNCLASSIFIED

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Monday, September 30, 2019 12:03 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** Re: For Review: COB TODAY: Cat I-III Releases

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, September 30, 2019 11:51:56 AM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** RE: For Review: COB TODAY: Cat I-III Releases

Dave,

████████████████████████████████

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** McKeeby, David I <McKeebyDI@state.gov>
**Sent:** Monday, September 30, 2019 11:35 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>; Noonan, Michael J <NoonanMJ@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** For Review: COB TODAY: Cat I-III Releases

Colleagues:

████████████████████████ CPA wanted to dust off our Cats I-III interagency talking points and the Myths and Facts sheet for any updates.

Would appreciate a review by **COB TODAY** before we send these out for wider intra- and interagency review.

Best,
Dave

_____
**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

Phone:       202.647.8757       | BlackBerry:████████
e-mail:    *mckeebydi@state.gov* |   Web: *PM Homepage* |Twitter: *@StateDeptPM*


Stay connected with *State.gov*:



UNCLASSIFIED

WASHSTATEC003892

Message

| | |
|---|---|
| **From:** | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent:** | 10/7/2019 3:26:49 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov]; Khawam, Joseph N [KhawamJN@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Foster, John A [FosterJA2@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | Re: USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH |

Looks good. ███████████████████████████████████

████████████████████████████████

---

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 7, 2019 8:39:15 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Foster, John A <FosterJA2@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH

Joe, Sarah,
Attached is the updated AM to T for notification. If you are able, please take a chop on this before this afternoon's meeting at the EEOB.

Thanks,

Rick

SENSITIVE BUT UNCLASSIFIED

Message

---

| | |
|---|---|
| **From:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent:** | 10/7/2019 3:40:00 PM |
| **To:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Foster, John A [FosterJA2@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH |
| **Attachments:** | USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH.docx |

A few edits from me attached.  I also made the changes Sarah flagged below.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Monday, October 7, 2019 11:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Foster, John A <FosterJA2@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH

Looks good.  ███████████████████████████████████████
████████████████████████████████

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 7, 2019 8:39:15 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Foster, John A <FosterJA2@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T v2 + JAF Edits RLH

Joe, Sarah,
Attached is the updated AM to T for notification. If you are able, please take a chop on this before this afternoon's meeting at the EEOB.

Thanks,

Rick

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Foster, John A [FosterJA2@state.gov] |
| **Sent:** | 10/7/2019 3:44:59 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov]; Koelling, Richard W [KoellingRW@state.gov] |
| **Subject:** | RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy |

Yes.  It's now at 1:30 because something "higher in priority" came up . . .

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, October 7, 2019 11:44 AM
**To:** Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

Did the NSC meeting get pushed back?

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Monday, October 7, 2019 11:38 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

So now I will see you in the lobby at 12:45.

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A
**Sent:** Monday, October 7, 2019 9:51 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

Roger.  See you at 12:15 in the third floor lobby then.

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 7, 2019 9:49 AM
**To:** Foster, John A <FosterJA2@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

Need to leave about 45 out. Meet in 3rd floor lobby then.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy

WASHSTATEC003895

Department of State
202-663-2828

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Monday, October 7, 2019 9:47 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

I would be delighted to walk to the EEOB with y'all.  Where and when would you like to meet for our departure?

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 7, 2019 9:42 AM
**To:** Foster, John A <FosterJA2@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

You gentlemen up for walking over? It's decent weather today.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Friday, October 4, 2019 3:17 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T + JAF Edits copy

Am currently reviewing with gusto . . . .

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 4, 2019 3:06 PM
**To:** Foster, John A <FosterJA2@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T + JAF Edits copy

My cut, version 2.

Rick

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

Appointment

| | |
|---|---|
| **From**: | Celin, Liliana E [CelinLE@state.gov] |
| **Sent**: | 10/7/2019 4:34:14 PM |
| **To**: | Biery, Meghan N. EOP/NSC [Meghan.N.Biery@nsc.eop.gov] |

| | |
|---|---|
| **Subject**: | Declined: CATS I-III Sync Meeting |
| **Location**: | EEOB 374 |

| | |
|---|---|
| **Start**: | 10/7/2019 5:30:00 PM |
| **End**: | 10/7/2019 6:30:00 PM |
| **Show Time As**: | Busy |

| | |
|---|---|
| **Recurrence**: | (none) |

A/S Cooper is TDY.  thanks

Message

| | |
|---|---|
| **From**: | Hamilton, Catherine E [HamiltonCE@state.gov] |
| **Sent**: | 10/7/2019 5:56:56 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov]; Shin, Jae E [ShinJE@state.gov]; Tulino, Julia K [TulinoJK@state.gov]; Krueger, Thomas G [KruegerTG@state.gov] |
| **CC**: | Miller, Michael F [Millermf@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Foster, John A [FosterJA2@state.gov]; Paul, Joshua M [PaulJM@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Subject**: | RE: USML Cat I-III 38(f) - AM to T v2 |

Clear for DTCL.

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 7, 2019 12:35 PM
**To:** Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Tulino, Julia K <TulinoJK@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T v2

Julia, Cat, Thomas,
We respectfully are looking for a quick turn from you on this AM to T covering our re-notification of Cats I-III. ███████
███████████████████ so request your review and comments by COB today.

Thank you for your assistance in advance.

Our plan is to forward to the next tier this evening.

v/r, Rick

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/7/2019 6:57:16 PM |
| **To:** | Tulino, Julia K [TulinoJK@state.gov]; Shin, Jae E [ShinJE@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Krueger, Thomas G [KruegerTG@state.gov] |
| **CC:** | Miller, Michael F [Millermf@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Foster, John A [FosterJA2@state.gov]; Paul, Joshua M [PaulJM@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Subject:** | RE: USML Cat I-III 38(f) - AM to T v2 |

Julia, good catch. Thank you to all for the quick turn.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Tulino, Julia K <TulinoJK@state.gov>
**Sent:** Monday, October 7, 2019 2:10 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: USML Cat I-III 38(f) - AM to T v2

DTCC clears.

See attached for suggested edit.

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 7, 2019 12:35 PM
**To:** Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Tulino, Julia K <TulinoJK@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T v2

Julia, Cat, Thomas,

███████████████████████████████████████ so request your review and comments by COB today.

Thank you for your assistance in advance.

Our plan is to forward to the next tier this evening.

v/r, Rick

WASHSTATEC003899

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003900

Appointment

**From**:          Diggs, Yolanda M [DiggsYM@state.gov]
**Sent**:          10/7/2019 6:57:26 PM
**To**:            Biery, Meghan N. EOP/NSC [Meghan.N.Biery@nsc.eop.gov]

**Subject**:       Declined: CATS I-III Sync Meeting
**Location**:      EEOB 374

**Start**:         10/7/2019 5:30:00 PM
**End**:           10/7/2019 6:30:00 PM
**Show Time As**: Busy


**Recurrence**:    (none)

WASHSTATEC003901

Message

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 10/7/2019 7:07:08 PM |
| **To**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **CC**: | Miller, Michael F [Millermf@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Foster, John A [FosterJA2@state.gov]; Paul, Joshua M [PaulJM@state.gov] |
| **Subject**: | USML Cat I-III 38(f) - AM to T v2 |
| **Attachments**: | USML Cat I-III 38(f) - AM to T v2.docx |

Pressing ahead with the remainder of the coord up to T for clearance but no action.

V/R, Rick

SENSITIVE BUT UNCLASSIFIED

Message
_____

| | |
|---|---|
| **From:** | Memos, Nicholas [MemosNI@state.gov] |
| **Sent:** | 10/7/2019 7:11:01 PM |
| **To:** | Minarich, Christine M [MinarichCM@state.gov] |
| **CC:** | Khawam, Joseph N [KhawamJN@state.gov]; Koelling, Richard W [KoellingRW@state.gov] |
| **Subject:** | FW: Follow up to call |
| **Attachments:** | 90 - Second Amended Complaint.pdf; CJ Determination.pdf; 2019-10-2 Redline Commerce Cat I-III firearms rule Compare 2019-03-11 to Current Draft 2019-10-2 for sending to DOJ and DOS.docx |

Christine,

[redacted]

Thanks,
Nick

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Friday, October 4, 2019 3:11 PM
**To:** Memos, Nicholas <MemosNI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** FW: Follow up to call

Nick,

[redacted]



Please let me or Joe know if you have any questions or would like to discuss further.

Christine

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Friday, October 4, 2019 12:50 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Fwd: Follow up to call

Here's the email I mentioned to you on the phone.

Joseph Khawam
Office of the Legal Adviser (L/PM)

**From:** Khawam, Joseph N
**Sent:** Monday, September 23, 2019 12:15:55 PM
**To:** 'Liz Abraham' <LAbraham@doc.gov>
**Subject:** Follow up to call

I've attached the Settlement Agreement signed on June 29, 2018 with DD.  Under that agreement, the USG agreed to the following:

1. State would draft and fully pursue, to the extent authorized by law (including the APA), the publication in the Federal Register of a notice of proposed rulemaking and final rule, revising USML Category I to exclude "the technical data that is the subject of the Action."
2. State would announce, while the above-referenced final rule is in development, a temporary modification, consistent with the ITAR, 22 CFR § 126.2, of USML Category I to exclude "the technical data that is the subject of the Action."  The announcement will appear on the DDTC website on or before July 27, 2018.
3. State would issue a letter to Plaintiffs on or before July 27, 2018, signed by the DAS for Defense Trade Controls, advising that the Published Files, Ghost Gunner Files, and CAD Files are approved for public release (i.e., unlimited distribution) in any form and are exempt from the export licensing requirements of the ITAR because they satisfy the criteria of 22 CFR 125.4(b)(13).
4. State would acknowledge and agree that the temporary modification of USML Category I permits any US person, to include DD's customers and SAF's members, to access, discuss, use, reproduce, or otherwise benefit from

"the technical data that is the subject of the Action," and that the letter to Plaintiffs permits any such person to access, discuss, use, reproduce, or otherwise benefit from the Published Files, Ghost Gunner Files, and CAD Files.

Note that the phrase "the technical data that is the subject of the Action" is defined in paragraph 12 of the Settlement Agreement, and requires some cross-referencing to other terms described in the same paragraph of the Settlement Agreement and to the Second Amended Complaint (also attached). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

To complete the timeline for you, State complied with items (2) and (3) above on July 27, 2018, and I've attached the letter we provided to DD (I can't locate a screenshot of the website announcement, but I'm not sure that's essential).  On July 30, 2018, the eight states and DC filed the Washington action and moved for a TRO.  The court issued a TRO on July 31, 2018 and issued a PI on August 27, 2018.  The PI order states that "[t]he federal defendants and all of their respective officers, agents, and employees are hereby enjoined from implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" and the letter to Cody R. Wilson, Defense Distributed, and the Second Amendment Foundation issued by the U.S. Department of State on July 27, 2018, and shall preserve the status quo *ex ante* as if the modification had not occurred and the letter had not been issued until further order of the Court."

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

SBU - Legal

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, SECOND AMENDMENT FOUNDATION, INC., and CONN WILLIAMSON, | § | Case No. 15-CV-372-RP |
| | § | |
| | § | SECOND AMENDED |
| Plaintiffs, | § | COMPLAINT |
| | § | |
| v. | § | |
| | § | |
| U.S. DEPARTMENT OF STATE; REX TILLERSON, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS, Department of State Bureau of Political Military Affairs; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary, Defense Trade Controls, Bureau of Political Military Affairs, Department of State; and SARAH J. HEIDEMA, in her official capacity as Acting Director, Office of Defense Trade Controls Policy, Bureau of Political Military Affairs, Department of State; | § § § § § § § § § § § § § | |
| Defendants. | § | |
| | § | |

SECOND AMENDED COMPLAINT

Plaintiffs Defense Distributed, Second Amendment Foundation, Inc., and Conn

Williamson, by and through undersigned counsel, complain of Defendants as follows:

INTRODUCTION

"Any system of prior restraints of expression comes to this Court bearing a heavy

presumption against its constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70

(1963). The prior restraint system challenged here cannot overcome its presumption of

invalidity.

1

WASHSTATEC003906

Contrary to the Justice Department's warning that such actions are unconstitutional, Defendants unlawfully apply the International Traffic in Arms Regulations, 22 C.F.R. Part 120 *et seq.* ("ITAR") to prohibit and frustrate Plaintiffs' public speech, on the Internet and other open forums, regarding arms in common use for lawful purposes. Defendants' censorship of Plaintiffs' speech, and the ad hoc, informal and arbitrary manner in which that scheme is applied, violate the First, Second, and Fifth Amendments to the United States Constitution. Plaintiffs are entitled to declaratory and injunctive relief barring any further application of this prior restraint scheme, and to recover money damages to compensate for the harm such application has already caused.

*The Parties*

1.      Plaintiff Defense Distributed is a Texas corporation organized under the laws of the State of Texas, whose headquarters are located in Austin, Texas, and whose principal place of business is located in Austin, Texas. Defense Distributed was organized and is operated for the purpose of defending the civil liberty of popular access to arms guaranteed by the United States Constitution through facilitating global access to, and the collaborative production of, information and knowledge related to the three-dimensional ("3D") printing of arms; and to publish and distribute, at no cost to the public, such information and knowledge on the Internet in promotion of the public interest.

2.      Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including in Texas. The purposes of SAF include promoting, securing, and expanding access to the exercise of the right to keep and bear arms; and education, research, publishing and legal

2

WASHSTATEC003907

action focusing on the constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of its members.

3.      Conn Williamson is a natural person and a citizen of the United States and the State of Washington.

4.      Defendant the United States Department of State is an executive agency of the United States government responsible for administering and enforcing the ITAR under the authority of the Arms Export Control Act of 1976, 22 U.S.C. § 2778, *et seq*. ("AECA").

5.      Defendant Rex W. Tillerson is sued in his official capacity as the Secretary of State. In this capacity, he is responsible for the operation and management of the United States Department of State, and this includes the operation and management of the Directorate of Defense Trade Controls ("DDTC") and administration and enforcement of the ITAR.

6.      Defendant DDTC is a subordinate unit within the Department of State Bureau of Political and Military Affairs responsible for administering and enforcing the ITAR.

7.      Defendant Mike Miller is sued in his official capacity as the Acting Deputy Assistant Secretary of State for Defense Trade Controls in the Bureau of Political-Military Affairs. In his official capacity, Miller is responsible for the operation and management of DDTC, and this includes administration and enforcement of the ITAR.

8.      Defendant Sarah Heidema is sued in her official capacity as the Acting Director of the Office of Defense Trade Controls Policy Division. In her official capacity, she is responsible for administration of the ITAR, including ITAR's commodity jurisdiction procedures; implementation of regulatory changes as a result of defense trade reforms; and providing guidance to industry on ITAR requirements.

3

WASHSTATEC003908

JURISDICTION AND VENUE

9.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331, 1343, 2201, and 2202.

10.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a

substantial part of the events and omissions giving rise to the claim occurred, and Plaintiff

Defense Distributed resides, within the Western District of Texas.

STATEMENT OF FACTS

*Broad and Vague Scope of the ITAR*

11.      The AECA affords the President limited control over the export of "defense

articles." 22 U.S.C. § 2778(a)(1).

12.      Although the AECA does not expressly authorize control over "technical data,"

the ITAR, which implements the Act, includes "technical data" within its definition of "defense

articles." 22 C.F.R. § 120.6.

13.      The ITAR broadly defines "technical data" as information "required for the

design, development, production, manufacture, assembly, operation, repair, testing, maintenance

or modification of defense articles." 22 C.F.R. § 120.10. This includes "information in the form

of blueprints, drawings, photographs, plans, instructions or documentation" and "software"

"directly related to defense articles." *Id.*

14.      The ITAR requires advance government authorization to export technical data.

Criminal penalties for unauthorized exports of technical data and other violations of the ITAR

include, inter alia, prison terms of up to twenty (20) years and fines of up to $1,000,000 per

violation. 22 U.S.C. § 2778(c). Civil penalties include fines of over $1,000,000 per violation. 22

U.S.C. § 2778(e); 83 Fed. Reg. 234, 235 (Jan. 3, 2018).

4

WASHSTATEC003909

15.    The scope of technical data subject to ITAR control, as described on the U.S.

Munitions List ("USML"), 22 C.F.R. § 121.1, is vague, ambiguous, and complex. Defendants

constantly change, often without notice, their views of what this scope entails.

16.    Americans have submitted thousands of written requests, known as "commodity

jurisdiction requests," to DDTC for official determinations as to the ITAR's scope.

*History of Defendants' Prior Restraint Scheme*

17.    From 1969 to 1984, Footnote 3 to former ITAR Section 125.11 implied that the

ITAR imposed a prepublication approval requirement on publications of privately generated

ITAR-controlled technical data, stating that "[t]he burden for obtaining appropriate U.S.

Government approval for the publication of technical data falling within the definition in §

125.01, including such data as may be developed under other than U.S. Government contract, is

on the person or company seeking publication."

18.    Beginning in 1978, the U.S. Department of Justice's Office of Legal Counsel

issued a series of written opinions advising Congress, the White House, and the Department of

State that the use of the ITAR to impose a prior restraint on publications of privately generated

unclassified information into the public domain violated the First Amendment of the United

States Constitution (the "Department of Justice memoranda").

19.    In 1980, the Department of State Office of Munitions Control, the predecessor to

Defendant DDTC, issued official guidance providing that "[a]pproval is not required for

publication of data within the United States as described in Section 125.11(a)(1). Footnote 3 to

Section 125.11 does not establish a prepublication review requirement."

20.    Thereafter, the Department of State removed Footnote 3 from the ITAR,

expressly stating its intent to address First Amendment concerns. *See* 49 Fed. Reg. 47,682 (Dec.

5

WASHSTATEC003910

6, 1984). As such, to the extent the ITAR imposed any prepublication approval requirement on private, non-classified speech, the requirement was ostensibly removed in 1984.

21.     In 1995, Defendant the United States Department of State conceded in federal court that reading the ITAR as imposing a prior restraint "is by far the most **un**-reasonable interpretation of the provision, one that people of ordinary intelligence are least likely to assume is the case." *Bernstein v. United States Department of State, et. al.*, No. C-95-0582, 1997 U.S. Dist. Lexis 13146 (N.D. Cal. August 25, 1997).

22.     Prior to May 2013, Defendant the United States Department of State had not only disavowed the prior restraint in public notices and in federal court, it had never publicly enforced a prior restraint under the ITAR.

*The Published Files*

23.     Posting technical data on the Internet is perhaps the most common and effective means of creating and disseminating information. A cursory search on Google and other Internet search engines evidences that ITAR-controlled technical data is freely published in books, scientific journals, and on the Internet.

24.     Plaintiff Defense Distributed publishes files on the Internet as a means of fulfilling its primary missions to promote the right to keep and bear arms and to educate the public.

25.     Defense Distributed privately generated technical information regarding a number of gun-related items, including a trigger guard, grips, two receivers, a magazine for AR-15 rifles, and a handgun (the "Published Files").

WASHSTATEC003911

26. In December 2012, Defense Distributed began posting the Published Files on the Internet for free, at no cost to the public. That publication inherently advanced Defense Distributed's educational mission.

27. At the time Defense Distributed posted the Published Files, there was no publicly known case of Defendants enforcing a prepublication approval requirement under the ITAR.

28. Notwithstanding the Department of Justice memoranda, the 1980 guidance, the 1985 ITAR amendment, Defendant the United States Department of State's representations to a federal court in *Bernstein v. United States*, and Defendants' failure to previously enforce a prepublication approval requirement under the ITAR, on May 8, 2013, DDTC sent Defense Distributed a letter that warned:

> DTCC/END is conducting a review of technical data made publicly available by Defense Distributed through its 3D printing website, DEFCAD.org, the majority of which appear to be related to items in Category I of the USML. Defense Distributed may have released ITAR-controlled technical data without the required prior authorization from the Directorate of Defense Trade Controls (DDTC), a violation of the ITAR.

29. At the time it posted the Published Files, Defense Distributed did not know that DDTC would demand pre-approval of public speech. Defense Distributed believed, and continues to believe, that the United States Constitution guarantees a right to share truthful speech—especially speech concerning fundamental constitutional rights—in open forums. Nevertheless, for fear of criminal and civil enforcement, Defense Distributed promptly complied with DDTC's demands and removed all of the Published Files from its servers.

30. The DDTC letter further directed Defense Distributed to submit the Published Files to DDTC for review using the DDTC "commodity jurisdiction" procedure, the ITAR procedure "used with the U.S. Government if doubt exists as to whether an article or service is covered by the U.S. Munitions List." 22 C.F.R. § 120.4(a).

7

WASHSTATEC003912

31.     Defense Distributed complied with DDTC's request and filed ten (10) commodity jurisdiction requests covering the Published Files on June 21, 2013.

32.     On June 4, 2015—nearly two years from the date of Defense Distributed's commodity jurisdiction requests and six days before their first responsive pleading was due in this case—Defendants issued a response to the ten commodity jurisdiction requests. They determined that six of the Published Files, including the handgun files, were ITAR-controlled.

*The "Ghost Gunner" Files*

33.     DDTC identifies the Department of Defense Office of Prepublication Review and Security ("DOPSR") as the government agency from which private persons must obtain prior approval for publication of privately generated technical information subject to ITAR control.

34.     Neither the Code of Federal Regulations nor any other public law establishes a timeline for decision, standard of review, or an appeals process for DOPSR public release determinations.

35.     Worsening this situation, DOPSR refuses to review information that it deems is not clearly subject to the ITAR.

36.     On September 25, 2014, Defense Distributed sent DOPSR a request for prepublication approval for public release of files containing technical information on a machine, named the "Ghost Gunner," that can be used to manufacture a variety of items, including gun parts (the "Ghost Gunner Files").

37.     On October 1, 2014, DOPSR sent Defense Distributed a letter stating that it refused to review Defense Distributed's request for approval because DOPSR was unsure whether the Ghost Gunner was subject to the ITAR. Also in its letter, DOPSR recommended that Defense Distributed submit another commodity jurisdiction request to DDTC.

8

WASHSTATEC003913

38. Defense Distributed submitted another commodity jurisdiction request for the Ghost Gunner to DDTC on January 2, 2015.

39. On April 13, 2015, DDTC responded to the Ghost Gunner commodity jurisdiction request. It determined that the Ghost Gunner machine is not subject to ITAR, but that "software, data files, project files, coding, and models for producing a defense article, to include 80% AR-15 lower receivers, are subject to the jurisdiction of the Department of State in accordance with [the ITAR]." Defense Distributed did not seek a determination with respect to such files, but it did seek a determination as to whether the software necessary to build and operate the Ghost Gunner machine is ITAR-controlled. DDTC subsequently clarified that such software is, like the machine itself, not subject to ITAR controls, but reiterated its ruling with respect to files related to the production of a "defense article."

*Prior Restraint on CAD Files*

40. Since September 2, 2014, Defense Distributed has made multiple requests to DOPSR for prepublication review of certain computer-aided design ("CAD") files.

41. On December 31, 2014, nearly four months after Defense Distributed submitted the first of the CAD review requests, DOPSR sent Defense Distributed two letters dated December 22, 2014, stating that it refused to review the CAD files. DOPSR's decision was made, in whole or in part, with specific direction from DDTC.

42. The DOPSR letter directed Defense Distributed to the DDTC Compliance and Enforcement Division for further questions on public release of the CAD files. However, because this is not the DDTC division responsible for issuing licenses or other forms of DDTC authorization, on January 5, 2015, Defense Distributed sent a written request to DDTC for guidance on how to obtain authorization from DDTC Compliance for release of the CAD files.

9

WASHSTATEC003914

43.    To date, DDTC has not responded to Defense Distributed's request for guidance on how to obtain authorization from DDTC Compliance for release of the CAD files.

*Prior Restraint on Other Files*

44.    Defense Distributed has and will continue to create and possess other files that contain technical information, to include design drawings, rendered images, written manufacturing instructions, and other technical information that Defense Distributed intends to post to public forums on the Internet. Many of these files are described in the USML.

45.    Plaintiff SAF's members, including, e.g., Conn Williamson and Peter Versnel, have a keen interest in accessing, studying, sharing, modifying, and learning from Defense Distributed's various files, as well as similar 3D printing files related to firearms that they or others have created. They would access and share these files on the Internet, and use the files for various purposes, including the manufacture of firearms of the kind in common use that they would keep operable and use for self-defense, but cannot do so owing to the prepublication approval requirement. But for DDTC's prepublication approval requirement on such files, SAF would expend its resources to publish and promote, on the Internet, the distribution of Defense Distributed's various files, and similar files generated by its members and others.

*High Price Tag for Public Speech Licenses*

46.    The ITAR requires that any person who engages in the United States in the business of exporting technical data to register with the DDTC. *See* 22 C.F.R. § 122.1(a).  For the purpose of the ITAR, engaging in such a business requires only one occasion of exporting technical data. *Id*.

47.    DDTC Registration is a precondition to the issuance of any license or other approval under the ITAR. *See* 22 C.F.R. § 122.1(c).

10

WASHSTATEC003915

48.     The base fee for DDTC registration is $2,250.00 a year. *See* 22 C.F.R. § 122.3(a). This fee increases based on the number of licenses requested in the previous year.

*Great, Irreparable, and Continuing Harm*

49.     But for DDTC's impositions upon the distribution of the Published Files, Ghost Gunner Files, CAD Files, and Defense Distributed's other files (collectively, the "Subject Files"), Plaintiffs would freely distribute the Subject Files. Plaintiffs refrain from distributing the Subject Files because they reasonably fear that Defendants would pursue criminal and civil enforcement proceedings against Plaintiffs for doing so.

50.     DDTC's acts have thus caused irreparable injury to Plaintiffs, their customers, visitors, and members, whose First, Second, and Fifth Amendment rights are violated by DDTC's actions.

COUNT ONE

ULTRA VIRES GOVERNMENT ACTION

51.     Paragraphs 1 through 50 are incorporated as though fully set forth herein.

52.     The Defendants' imposition of the prepublication requirement, against any non-classified privately-generated speech, including on (but not limited to) the Subject Files, lies beyond any authority conferred upon them by Congress under the AECA, as confirmed by the 1985 ITAR amendment. Accordingly, Defendants' imposition of the prepublication approval requirement is ultra vires and Plaintiffs are entitled to injunctive relief against Defendants' application of the prepublication approval requirement.

11

WASHSTATEC003916

COUNT TWO

RIGHT OF FREE SPEECH—U.S. CONST. AMEND. I

53.     Paragraphs 1 through 52 are incorporated as though fully set forth herein.

54.     Defendants' prepublication approval requirement is invalid on its face, and as applied to Plaintiffs' public speech, as an unconstitutional prior restraint on protected expression.

55.     Defendants' prepublication approval requirement is invalid on its face, and as applied to Plaintiffs' public speech, as overly broad, inherently vague, ambiguous, and lacking adequate procedural protections.

56.     Defendants' prepublication approval requirement is invalid as applied to Defense Distributed's posting of the Subject Files, because Defendants have selectively applied the prior restraint based on the content of speech and/or the identity of the speaker.

57.     Defendants' interruption and prevention of Plaintiffs from publishing the subject files, under color of federal law, violates Plaintiffs' rights under the First Amendment to the United States Constitution, causing Plaintiffs, their customers, visitors and members significant damages. Plaintiffs are therefore entitled to injunctive relief against Defendants' application of the prior restraint.

COUNT THREE

RIGHT TO KEEP AND BEAR ARMS—U.S. CONST. AMEND. II

58.     Paragraphs 1 through 57 are incorporated as though fully set forth herein.

59.     The fundamental Second Amendment right to keep and bear arms inherently embodies two complimentary guarantees: the right to acquire arms, and the right to make arms.

60.     If one cannot acquire or create arms, one cannot exercise Second Amendment rights. Infringing upon the creation and acquisition of arms of the kind in common use for

12

WASHSTATEC003917

traditional lawful purposes violates the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 627 (2008).

61.    By maintaining and enforcing the prepublication approval requirement and forbidding Plaintiffs from publishing the subject files, which enable the lawful manufacture of firearms, Defendants are violating the Second Amendment rights of Plaintiffs, their customers, members, and visitors. Plaintiffs are therefore entitled to injunctive relief against Defendants' application of the prior restraint.

<div align="center">

COUNT FOUR

RIGHT TO DUE PROCESS OF LAW—U.S. CONST. AMEND. V

</div>

62.    Paragraphs 1 through 61 are incorporated as though fully set forth herein.

63.    The Due Process Clause of the Fifth Amendment to the United States Constitution  requires the Government to provide fair notice of what is prohibited, prohibits vague laws, and prevents arbitrary enforcement of the laws.

64.    On its face, Defendants' prepublication approval requirement is overly broad, vague, arbitrary, and lacks adequate procedural safeguards. Plaintiffs are therefore entitled to injunctive relief against Defendants' application of the prior restraint.

65.    As applied to Defense Distributed, Defendants' imposition of the prepublication approval requirement, failure to clearly describe the information subject to the prior restraint, and failure to provide a process for timely review of Defense Distributed's speech have deprived Defense Distributed of its right to fair notice of what is required under the law and adequate process, in violation of the Fifth Amendment. Defense Distributed is therefore entitled to injunctive relief against Defendants' application of the prior restraint.

<div align="center">

13

</div>

WASHSTATEC003918

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.     A declaration that Defendants' prepublication approval requirement for privately generated unclassified information is, on its face and as applied to Plaintiffs' public speech, null and void, and of no effect, as an unconstitutional Ultra Vires government action.

2.     A declaration that Defendants' prepublication approval requirement for privately generated unclassified information, on its face and as applied to Plaintiffs' public speech, to include Internet postings of the Subject Files, violates the First Amendment to the United States Constitution;

3.     A declaration that Defendants' prepublication approval requirement for privately generated unclassified information, on its face and as applied to public speech, to include the Internet posting of files used in the production of arms of the kind in common use for traditional lawful purposes, including but not limited to the Subject Files, violates the Second Amendment to the United States Constitution;

4.     A declaration that Defendants' prepublication approval requirement for privately generated unclassified information, on its face and as applied to Plaintiffs' public speech, to include Internet postings of the Subject Files, violates the Fifth Amendment to the United States Constitution;

5.     An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the prepublication approval requirement against public speech on privately generated unclassified information;

14

WASHSTATEC003919

6.      An order permanently enjoining Defendants, their officers, agents, servants,

employees, and all persons in active concert or participation with them who receive actual notice

of the injunction, from enforcing the prepublication approval requirement against Plaintiffs'

public speech, to include Internet postings of the Subject Files;

7.      Attorney fees and costs pursuant to 28 U.S.C. § 2412; and

8.      Any other further relief as the Court deems just and appropriate.

Dated: January 31, 2018                   Respectfully submitted,

/s/ Alan Gura                             /s/ William B. Mateja
Alan Gura                                 William B. Mateja
Virginia Bar No. 68842*                   Texas State Bar No. 13185350
Gura PLLC                                 POLSINELLI P.C.
916 Prince Street, Suite 107             2950 N. Harwood, Suite 2100
Alexandria, Virginia 22314               Dallas, Texas 75201
703.835.9085/Fax 703.997.7665            214.397.0030/Fax 214.397.0033
alan@gurapllc.com                         Mateja@polsinelli.com

/s/ Matthew Goldstein                     /s/ Josh Blackman
Matthew Goldstein                         Josh Blackman
D.C. Bar No. 975000*                      Virginia Bar No. 78292
Matthew A. Goldstein, PLLC                1303 San Jacinto Street
1875 Connecticut Avenue, N.W.             Houston, Texas 77002
10th Floor                                202.294.9003/Fax: 713.646.1766
Washington, DC 20009                      joshblackman@gmail.com
202.550.0040/Fax 202.683.6679
matthew@goldsteinpllc.com

/s/ David S. Morris
William T. "Tommy" Jacks
Texas State Bar No. 10452000
David S. Morris
Texas State Bar No. 24032877
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, Texas 78701
512.472.5070/Fax 512.320.8935
jacks@fr.com
dmorris@fr.com                            *Admitted pro hac vice

15

WASHSTATEC003920

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DEFENSE DISTRIBUTED, et al.,           §
     Plaintiffs,                      §
                                    §
v.                                     §          No. 1:15-cv-372-RP
                                    §
U.S. DEPARTMENT OF STATE, et al.,      §
     Defendants.                      §

# EXHIBIT A

WASHSTATEC003921



United States Department of State

*Bureau of Political-Military Affairs*
*Directorate of Defense Trade Controls*

*Washington, D.C. 20522-0112*

In Reply refer to
DDTC Cases CJ 651-13 through 660-13

JUN 0 4 2015

YOUR SUBMISSION DATED: June 21, 2013

COMMODITY JURISDICTION DETERMINATIONS FOR: **Liberator Pistol Data Files, .22 Electric Data Files, 125 mm BK-14M High Explosive Anti-Tank Warhead Model Data File, 5.56/.223 Muzzle Brake Data Files, Springfield XD-40 Tactical Slide Assembly Data Files, Sound Moderator - Slip On Data File, "The Dirty Diane" Oil Filter Silencer Adapter Data File, 12 Gauge to .22 CB Sub-Caliber Insert Data Files, Voltlock Electronic Black Powder System Data Files, and VZ-58 Front Sight Data Files**

The data described in your submission are Computer Aided Design (CAD) data files that can be used in a 3D printer to produce physical models of the associated item.

A technical review of your commodity jurisdiction (CJ) request has been concluded by requisite agencies of the United States Government. The findings of that technical review are:

The Department of State has determined that the **125 mm BK-14M High Explosive Anti-Tank Warhead Model Data File, Sound Moderator - Slip On Data File, and "The Dirty Diane" Oil Filter Silencer Adapter Data File are not subject to the jurisdiction of the Department of State.** The Department of Commerce (DOC) advises that these items are classified as EAR99. Please consult the DOC Office of Exporter Services at (202) 482-4811 to satisfy applicable requirements prior to export.

The Department of State has determined that the **Voltlock Electronic Black Powder System Data Files are not subject to the jurisdiction of the**

Continued on Page Two

Cody R. Wilson
Defense Distributed
711 W. 32nd Street, Apt. 115
Austin, TX 78705
crw@defdist.org

WASHSTATEC003922

Page Two

In Reply refer to
DDTC Cases CJ 651-13 through 660-13

**Department of State.** However, export may require authorization from the
Department of Commerce (DOC). Please consult the DOC Office of Exporter
Services at (202) 482-4811 to make a Classification Request (CCATS) and satisfy
other applicable requirements prior to export.

The Department of State has determined that the **Liberator Pistol Data Files, .22
Electric Data Files, 5.56/.223 Muzzle Brake Data Files, Springfield XD-40
Tactical Slide Assembly Data Files, 12 Gauge to .22 CB Sub-Caliber Insert
Data Files (except for "read me" text file), and VZ-58 Front Sight Data Files
are subject to the jurisdiction of the Department of State in accordance with
the International Traffic in Arms Regulations (ITAR) (22 CFR 120 through
130).** They are designated as technical data under Category I(i) of the United
States Munitions List (USML) pursuant to §120.10 of the ITAR. A license or
other approval is required pursuant to the ITAR prior to any export or temporary
import.

Should you not concur with this determination and have additional facts not
included in the original submission, you may submit a new CJ request. If you do
not concur with this determination and have no additional facts to present, then you
may request that this determination be reviewed by the Deputy Assistant Secretary
of State for Defense Trade Controls.

Should you require further assistance on this matter, please contact Sam Harmon at
(202) 663-2811 or HarmonSC@state.gov.

Sincerely,

C. Edward Peartree
Director
Office of Defense Trade Controls Policy

Cc: Matthew A. Goldstein
1012 14th Street, NW, Suite 620
Washington, DC 20005
matthew@goldsteinpllc.com

WASHSTATEC003923

Message

| | |
|---|---|
| **From:** | Robinson, Stuart J. (CIV) [Stuart.J.Robinson@usdoj.gov] |
| **Sent:** | 10/7/2019 7:45:35 PM |
| **To:** | 'Abraham, Liz (Federal)' [LAbraham@doc.gov]; 'Khawam, Joseph N' [KhawamJN@state.gov] |
| **CC:** | 'KLASON, PETER (Federal)' [PKLASON@doc.gov]; 'JEST, JOE (Federal)' [JJEST@doc.gov]; Soskin, Eric (CIV) [Eric.Soskin@usdoj.gov]; Coppolino,Tony (CIV) [Tony.Coppolino@usdoj.gov]; Myers, Steven A. (CIV) [Steven.A.Myers@usdoj.gov]; 'Minarich, Christine M' [MinarichCM@state.gov] |
| **Subject:** | RE: Litigation re 3D-printing technology |
| **Attachments:** | 2019-10-2 CLEAN Commerce Cat I-III firearms rule to DOJ and DOS + FPB.docx; Tab 1 - Cat I-III Final FRN updated v5 + FPB.docx |



**From:** Robinson, Stuart J. (CIV)
**Sent:** Friday, October 04, 2019 2:08 PM
**To:** Abraham, Liz (Federal) <LAbraham@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology

Thanks. I'll send an invite for 2:00pm ET on Tuesday.

**From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Sent:** Thursday, October 03, 2019 10:33 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Litigation re 3D-printing technology

On Oct 3, 2019, at 9:54 PM, Khawam, Joseph N <KhawamJN@state.gov> wrote:

Thanks, Stuart and Liz. I'm not available from 11:00-12:00 and 3:00-3:30 on Tue, Oct 8. Any other time works for me.

**From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Sent:** Thursday, October 3, 2019 3:14 PM
**To:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Khawam, Joseph N <KhawamJN@state.gov>;

WASHSTATEC003924

Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology



Confidentiality Notice:  This e-mail message is intended only for the named recipients.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately that you have received this message in error, and delete the message.

**From:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Sent:** Thursday, October 3, 2019 2:02 PM
**To:** KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>; Joseph Khawam <KhawamJN@state.gov>
**Subject:** Re: Litigation re 3D-printing technology

**From:** KLASON, PETER (Federal) <PKLASON@doc.gov>
**Sent:** Friday, September 20, 2019 3:12 PM
**To:** JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>
**Cc:** Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Litigation re 3D-printing technology

**From:** JEST, JOE (Federal) <JJEST@doc.gov>
**Sent:** Thursday, September 19, 2019 5:03 PM
**To:** Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Litigation re 3D-printing technology

███████████████████

**From:** Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>
**Sent:** Thursday, September 19, 2019 4:56 PM
**To:** JEST, JOE (Federal) <JJEST@doc.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Litigation re 3D-printing technology



**From:** JEST, JOE (Federal) <JJEST@doc.gov>
**Sent:** Thursday, September 19, 2019 4:11 PM
**To:** Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>
**Cc:** Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** Litigation re 3D-printing technology

Tony, hello and hope all is well. ███████████████████
███████████████████

Joe

Message

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 10/7/2019 8:21:24 PM |
| **To**: | Heidema, Sarah J [HeidemaSJ@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Foster, John A [FosterJA2@state.gov]; Paul, Joshua M [PaulJM@state.gov] |
| **CC**: | Miller, Michael F [Millermf@state.gov] |
| **Subject**: | RE: USML Cat I-III 38(f) - AM to T v2 |
| **Attachments**: | USML Cat I-III 38(f) - AM to T v3.docx |

Here are my recommended changes.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W
**Sent:** Monday, October 7, 2019 3:07 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Subject:** USML Cat I-III 38(f) - AM to T v2

Pressing ahead with the remainder of the coord up to T for clearance but no action.

V/R, Rick

SENSITIVE BUT UNCLASSIFIED

Message

---

**From**:        Khawam, Joseph N [KhawamJN@state.gov]
**Sent**:        10/7/2019 9:40:16 PM
**To**:          Khawam, Joseph N [KhawamJN@state.gov]
**Attachments**: Tab 1 - Cat I-III Final FRN updated v6 (2019-10-08).docx

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

████████████████████████

SBU - DELIBERATIVE PROCESS

---

Message

---

**From:**       Khawam, Joseph N [KhawamJN@state.gov]
**Sent:**       10/8/2019 2:56:11 PM
**To:**         Koelling, Richard W [KoellingRW@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Foster, John A
                [FosterJA2@state.gov]
**Subject:**    RE: Am to T
**Attachments:** USML Cat I-III 38(f) - AM to T v3 (002) jnk.docx


A few additional edits on top of Sarah's.  These are the same edits that I passed along yesterday, but it looks like they
may have been missed.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)


<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 8, 2019 10:52 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>; Khawam, Joseph N
<KhawamJN@state.gov>
**Subject:** RE: Am to T

Sarah, no problem. Will incorporate when I get all the responses back tomorrow. We're on target.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, October 8, 2019 10:50 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>; Khawam, Joseph N
<KhawamJN@state.gov>
**Subject:** Am to T

I could not track changes on my phone for some reason.

I think you can see the changes if you compare the docs.  Sorry

Message

---

**From**: Khawam, Joseph N [KhawamJN@state.gov]
**Sent**: 10/8/2019 3:38:34 PM
**To**: 'Liz Abraham' [LAbraham@doc.gov]
**Subject**: Congressional correspondence
**Attachments**: Tab 6c - Congressional Correspondence (Markey July 26, 2018).pdf; Tab 3 - 02-22-19 Menendez Letter on Hold on CAT I-III Transfer.pdf; Tab 6b - Congressional Correspondence (Menendez July 25, 2018).pdf; Tab 6d - Congressional Correspondence (Cotton July 31, 2019).pdf; Tab 6a - Congressional Correspondence (Levin July 5, 2018).pdf; H20180726=000 (Menendez response).pdf; H20180727=004 (Markey response).pdf; H20190801=003 Reply (Cotton).pdf

Here are the Congressional correspondence we've identified.  I asked our leg folks to send all of the incoming and outgoing correspondence since the publication of the proposed rules, and these are the documents that they found.  There are two response letters that appear to be missing; I need to follow up with them to see if they can track them down.  The one that describes the 3-D gun concerns in the most detail is the Menendez letter from Feb 22, 2019, but the Markey letter also raises questions about 3-D guns.  Thanks.

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

██████████████████████

SBU - DELIBERATIVE PROCESS



United States Department of State

*Washington, D.C. 20520*

SEP 2 4 2018

The Honorable
Robert Menendez
United States Senate
Washington, DC 20510

Dear Senator Menendez:

In response to your letter regarding the settlement agreement with Defense Distributed, the Department of State (Department) reached this settlement in consultation with the Department of Justice and with careful consideration of the security and foreign policy interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The Department regulates the export of defense articles, including related manufacturing technologies and information, as an integral part of safeguarding U.S. national security and furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act (AECA). The Department has never regulated the downloading or dissemination of CAD files for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to remember and understand the exclusive reason for the Department's involvement in this matter, which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24, 2018—before the Department of State entered into a settlement agreement with Defense Distributed—proposing to transfer oversight from the Department of State to the Department of Commerce of exports of firearms and related items that do not provide the United States with a critical military or intelligence advantage or, in the case of weapons, are not inherently for military end use, including many items that are widely available in retail outlets in the United States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the Department briefed staff from Senate Foreign Relations Committee, Senate Committee on Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to modernize the U.S. export control regulations to create a simpler, more robust system that improves enforceability and better protects America's most sensitive information.

Under the proposed rules, the Department of State will retain export-licensing control over firearms and related articles that are inherently for military end use or that are not otherwise widely available in retail outlets. By contrast, the interagency, including the Department of Defense, determined that certain firearms and related items that are widely available for commercial sale, and technical data related to those items, are of a type that do not offer a critical military or intelligence advantage to the United States, and therefore warrant export licensing requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is the subject of the *Defense Distributed* settlement agreement is technical data related to certain

WASHSTATEC003931

-2-

firearms and other USML items that would transfer to the Department of Commerce under the proposed rules, if finalized as contemplated in the NPRM.

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed. A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction. The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

Charles S. Faulkner
Acting Assistant Secretary
Legislative Affairs

WASHSTATEC003932

Incoming H20180726=000 Menendez:
file://esocoeentap101.washdc.state.sbu/hpublic$/Office/H%20Congressional%20Library/CCU/I
mages/Original_Documents/H20180726=000.pdf


Approved:       PM: Tina Kaidanow, Acting

Drafted:        PM/CPA Josh Paul x7-7878/█████████

Cleared:        PM/FO - LLitzenberger
                PM/DDTC – MMiller             OK
                PM/DTCP – SHeidema            OK
                H – TDarrach                  OK
                P – SRavi                     OK
                S/P – MUrena                  OK
                D – JShufflebarger            OK
                T – EAbisellan                OK
                L/PM – SRogers                OK

WASHSTATEC003933

# Congressional Correspondence

UNCLASSIFIED

SUBJECT:   Writing concerning the Department's settlement in the matter of Defense Distributed
vs. United States

H20180726=000                    Menendez                    9/7/18
~~07/31/18~~

Waters_____

Faulkner_____

Cleared by

Tamara Darrach

NO DISCERNIBLE CLASSIFICATION

## Reed, Roxanne

| | |
|---|---|
| **From:** | H Taskers <dont_reply_SP2010@state.gov> |
| **Sent:** | Tuesday, July 31, 2018 12:02 PM |
| **To:** | Reed, Roxanne |
| **Subject:** | H Task Clearance (P) has completed on H20180726=000 Menendez-Writing regarding the Department's decision on the 3D printing of functional firearms that would result in the suspension of ITAR restrictions required by the Arms Export Control Act.. |

# *H Task Clearance (P)* has completed on H20180726=000 Menendez-Writing regarding the Department's decision on the 3D printing of functional firearms that would result in the suspension of ITAR restrictions required by the Arms Export Control Act..

H Task Clearance (P) on H20180726=000 Menendez-Writing regarding the Department's decision on the 3D printing of functional firearms that would result in the suspension of ITAR restrictions required by the Arms Export Control Act. has successfully completed. All participants have completed their tasks.

Approved by Darrach, Tamara A

View the workflow history.

NO DISCERNIBLE CLASSIFICATION

WASHSTATEC003935



United States Department of State

*Washington, D.C. 20520*

The Honorable
Edward J. Markey
United States Senate
Washington, DC 20510

AUG 16 2018

Dear Senator Markey:

In response to your letter regarding the settlement agreement with Defense Distributed, the Department of State (Department) reached this settlement in consultation with the Department of Justice and with careful consideration of the security and foreign policy interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The Department regulates the export of defense articles, including related manufacturing technologies and information, as an integral part of safeguarding U.S. national security and furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act (AECA). The Department has never regulated the downloading or dissemination of CAD files for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to remember and understand the exclusive reason for the Department's involvement in this matter, which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24, 2018—before the Department of State entered into a settlement agreement with Defense Distributed—proposing to transfer oversight from the Department of State to the Department of Commerce of exports of firearms and related items that do not provide the United States with a critical military or intelligence advantage or, in the case of weapons, are not inherently for military end use, including many items that are widely available in retail outlets in the United States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the Department briefed staff from Senate Foreign Relations Committee, Senate Committee on Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to modernize the U.S. export control regulations to create a simpler, more robust system that improves enforceability and better protects America's most sensitive technologies.

Under the proposed rules, the Department of State will retain export-licensing control over firearms and related articles that are inherently for military end use or that are not otherwise widely available in retail outlets. By contrast, the interagency, including the Department of Defense, determined that certain firearms and related items that are widely available for commercial sale, and technical data related to those items, are of a type that do not offer a critical military or intelligence advantage to the United States, and therefore warrant export licensing requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is the subject of the *Defense Distributed* settlement agreement is technical data related to certain

firearms and other USML items that would transfer to the Department of Commerce under the proposed rules, if finalized as contemplated in the NPRM.

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed.   A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction.  The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

Mary K. Waters
Assistant Secretary of State
Legislative Affairs



United States Department of State

*Washington, D.C. 20520*

AUG 16 2018

The Honorable
Bill Nelson
United States Senate
Washington, DC 20510

Dear Senator Nelson:

In response to your letter of July 26 regarding the settlement agreement with Defense Distributed, the Department of State (Department) reached this settlement in consultation with the Department of Justice and with careful consideration of the security and foreign policy interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The Department regulates the export of defense articles, including related manufacturing technologies and information, as an integral part of safeguarding U.S. national security and furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act (AECA). The Department has never regulated the downloading or dissemination of CAD files for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to remember and understand the exclusive reason for the Department's involvement in this matter, which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24, 2018—before the Department of State entered into a settlement agreement with Defense Distributed—proposing to transfer oversight from the Department of State to the Department of Commerce of exports of firearms and related items that do not provide the United States with a critical military or intelligence advantage or, in the case of weapons, are not inherently for military end use, including many items that are widely available in retail outlets in the United States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the Department briefed staff from Senate Foreign Relations Committee, Senate Committee on Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to modernize the U.S. export control regulations to create a simpler, more robust system that improves enforceability and better protects America's most sensitive technologies.

Under the proposed rules, the Department of State will retain export-licensing control over firearms and related articles that are inherently for military end use or that are not otherwise widely available in retail outlets. By contrast, the interagency, including the Department of Defense, determined that certain firearms and related items that are widely available for commercial sale, and technical data related to those items, are of a type that do not offer a critical military or intelligence advantage to the United States, and therefore warrant export licensing requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is the subject of the *Defense Distributed* settlement agreement is technical data related to certain firearms and other USML items that would transfer to the Department of Commerce under the proposed rules, if finalized as contemplated in the NPRM.

-2-

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed. A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction. The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

Mary K. Waters
Assistant Secretary
Legislative Affairs



United States Department of State

*Washington, D.C. 20520*

The Honorable
Richard Blumenthal
United States Senate
Washington, DC 20510

AUG 1 6 2018

Dear Senator Blumenthal:

In response to your letter of July 26 regarding the settlement agreement with Defense
Distributed, the Department of State (Department) reached this settlement in consultation with
the Department of Justice and with careful consideration of the security and foreign policy
interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The
Department regulates the export of defense articles, including related manufacturing
technologies and information, as an integral part of safeguarding U.S. national security and
furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act
(AECA). The Department has never regulated the downloading or dissemination of CAD files
for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to
remember and understand the exclusive reason for the Department's involvement in this matter,
which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24,
2018—before the Department of State entered into a settlement agreement with Defense
Distributed—proposing to transfer oversight from the Department of State to the Department of
Commerce of exports of firearms and related items that do not provide the United States with a
critical military or intelligence advantage or, in the case of weapons, are not inherently for
military end use, including many items that are widely available in retail outlets in the United
States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the
Department briefed staff from Senate Foreign Relations Committee, Senate Committee on
Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the
proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to
modernize the U.S. export control regulations to create a simpler, more robust system that
improves enforceability and better protects America's most sensitive technologies.

Under the proposed rules, the Department of State will retain export-licensing control over
firearms and related articles that are inherently for military end use or that are not otherwise
widely available in retail outlets. By contrast, the interagency, including the Department of
Defense, determined that certain firearms and related items that are widely available for
commercial sale, and technical data related to those items, are of a type that do not offer a critical
military or intelligence advantage to the United States, and therefore warrant export licensing
requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is
the subject of the *Defense Distributed* settlement agreement is technical data related to certain
firearms and other USML items that would transfer to the Department of Commerce under the
proposed rules, if finalized as contemplated in the NPRM.

WASHSTATEC003940

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed. A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction. The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

*Mary K. Waters*

Mary K. Waters
Assistant Secretary
Legislative Affairs

WASHSTATEC003941



United States Department of State

*Washington, D.C. 20520*

The Honorable
Christopher S. Murphy
United States Senate
Washington, DC 20510

AUG 1 6 2018

Dear Senator Murphy:

In response to your letter of July 26 regarding the settlement agreement with Defense
Distributed, the Department of State (Department) reached this settlement in consultation with
the Department of Justice and with careful consideration of the security and foreign policy
interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The
Department regulates the export of defense articles, including related manufacturing
technologies and information, as an integral part of safeguarding U.S. national security and
furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act
(AECA). The Department has never regulated the downloading or dissemination of CAD files
for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to
remember and understand the exclusive reason for the Department's involvement in this matter,
which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24,
2018—before the Department of State entered into a settlement agreement with Defense
Distributed—proposing to transfer oversight from the Department of State to the Department of
Commerce of exports of firearms and related items that do not provide the United States with a
critical military or intelligence advantage or, in the case of weapons, are not inherently for
military end use, including many items that are widely available in retail outlets in the United
States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the
Department briefed staff from Senate Foreign Relations Committee, Senate Committee on
Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the
proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to
modernize the U.S. export control regulations to create a simpler, more robust system that
improves enforceability and better protects America's most sensitive technologies.

Under the proposed rules, the Department of State will retain export-licensing control over
firearms and related articles that are inherently for military end use or that are not otherwise
widely available in retail outlets. By contrast, the interagency, including the Department of
Defense, determined that certain firearms and related items that are widely available for
commercial sale, and technical data related to those items, are of a type that do not offer a critical
military or intelligence advantage to the United States, and therefore warrant export licensing
requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is
the subject of the *Defense Distributed* settlement agreement is technical data related to certain
firearms and other USML items that would transfer to the Department of Commerce under the
proposed rules, if finalized as contemplated in the NPRM.

-2-

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed. A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction. The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

Mary K. Waters
Assistant Secretary
Legislative Affairs



United States Department of State

*Washington, D.C. 20520*

AUG 16 2018

The Honorable
Dianne Feinstein
United States Senate
Washington, DC 20510

Dear Senator Feinstein:

In response to your letter of July 26 regarding the settlement agreement with Defense
Distributed, the Department of State (Department) reached this settlement in consultation with
the Department of Justice and with careful consideration of the security and foreign policy
interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The
Department regulates the export of defense articles, including related manufacturing
technologies and information, as an integral part of safeguarding U.S. national security and
furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act
(AECA). The Department has never regulated the downloading or dissemination of CAD files
for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to
remember and understand the exclusive reason for the Department's involvement in this matter,
which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24,
2018—before the Department of State entered into a settlement agreement with Defense
Distributed—proposing to transfer oversight from the Department of State to the Department of
Commerce of exports of firearms and related items that do not provide the United States with a
critical military or intelligence advantage or, in the case of weapons, are not inherently for
military end use, including many items that are widely available in retail outlets in the United
States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the
Department briefed staff from Senate Foreign Relations Committee, Senate Committee on
Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the
proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to
modernize the U.S. export control regulations to create a simpler, more robust system that
improves enforceability and better protects America's most sensitive technologies.

Under the proposed rules, the Department of State will retain export-licensing control over
firearms and related articles that are inherently for military end use or that are not otherwise
widely available in retail outlets. By contrast, the interagency, including the Department of
Defense, determined that certain firearms and related items that are widely available for
commercial sale, and technical data related to those items, are of a type that do not offer a critical
military or intelligence advantage to the United States, and therefore warrant export licensing
requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is
the subject of the *Defense Distributed* settlement agreement is technical data related to certain
firearms and other USML items that would transfer to the Department of Commerce under the
proposed rules, if finalized as contemplated in the NPRM.

WASHSTATEC003944

-2-

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed. A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction. The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

Mary K. Waters
Assistant Secretary
Legislative Affairs



United States Department of State

*Washington, D.C. 20520*

The Honorable
Elizabeth Warren
United States Senate
Washington, DC 20510

AUG 16 2018

Dear Senator Warren:

In response to your letter of July 26 regarding the settlement agreement with Defense
Distributed, the Department of State (Department) reached this settlement in consultation with
the Department of Justice and with careful consideration of the security and foreign policy
interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The
Department regulates the export of defense articles, including related manufacturing
technologies and information, as an integral part of safeguarding U.S. national security and
furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act
(AECA). The Department has never regulated the downloading or dissemination of CAD files
for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to
remember and understand the exclusive reason for the Department's involvement in this matter,
which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24,
2018—before the Department of State entered into a settlement agreement with Defense
Distributed—proposing to transfer oversight from the Department of State to the Department of
Commerce of exports of firearms and related items that do not provide the United States with a
critical military or intelligence advantage or, in the case of weapons, are not inherently for
military end use, including many items that are widely available in retail outlets in the United
States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the
Department briefed staff from Senate Foreign Relations Committee, Senate Committee on
Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the
proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to
modernize the U.S. export control regulations to create a simpler, more robust system that
improves enforceability and better protects America's most sensitive technologies.

Under the proposed rules, the Department of State will retain export-licensing control over
firearms and related articles that are inherently for military end use or that are not otherwise
widely available in retail outlets. By contrast, the interagency, including the Department of
Defense, determined that certain firearms and related items that are widely available for
commercial sale, and technical data related to those items, are of a type that do not offer a critical
military or intelligence advantage to the United States, and therefore warrant export licensing
requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is
the subject of the *Defense Distributed* settlement agreement is technical data related to certain
firearms and other USML items that would transfer to the Department of Commerce under the
proposed rules, if finalized as contemplated in the NPRM.

-2-

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed. A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction. The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

Mary K. Waters

Mary K. Waters
Assistant Secretary
Legislative Affairs

WASHSTATEC003947



United States Department of State

*Washington, D.C. 20520*

The Honorable
Patrick Leahy
United States Senate
Washington, DC 20510

AUG 1 6 2018

Dear Senator Leahy:

In response to your letter of July 26 regarding the settlement agreement with Defense Distributed, the Department of State (Department) reached this settlement in consultation with the Department of Justice and with careful consideration of the security and foreign policy interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The Department regulates the export of defense articles, including related manufacturing technologies and information, as an integral part of safeguarding U.S. national security and furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act (AECA). The Department has never regulated the downloading or dissemination of CAD files for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to remember and understand the exclusive reason for the Department's involvement in this matter, which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24, 2018—before the Department of State entered into a settlement agreement with Defense Distributed—proposing to transfer oversight from the Department of State to the Department of Commerce of exports of firearms and related items that do not provide the United States with a critical military or intelligence advantage or, in the case of weapons, are not inherently for military end use, including many items that are widely available in retail outlets in the United States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the Department briefed staff from Senate Foreign Relations Committee, Senate Committee on Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to modernize the U.S. export control regulations to create a simpler, more robust system that improves enforceability and better protects America's most sensitive technologies.

Under the proposed rules, the Department of State will retain export-licensing control over firearms and related articles that are inherently for military end use or that are not otherwise widely available in retail outlets. By contrast, the interagency, including the Department of Defense, determined that certain firearms and related items that are widely available for commercial sale, and technical data related to those items, are of a type that do not offer a critical military or intelligence advantage to the United States, and therefore warrant export licensing requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is the subject of the *Defense Distributed* settlement agreement is technical data related to certain firearms and other USML items that would transfer to the Department of Commerce under the proposed rules, if finalized as contemplated in the NPRM.

WASHSTATEC003948

-2-

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed. A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction. The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

Mary K. Waters
Assistant Secretary
Legislative Affairs

WASHSTATEC003949



United States Department of State

*Washington, D.C. 20520*

The Honorable
Richard J. Durbin
United States Senate
Washington, DC 20510

AUG 1 6 2018

Dear Senator Durbin:

In response to your letter of July 26 regarding the settlement agreement with Defense Distributed, the Department of State (Department) reached this settlement in consultation with the Department of Justice and with careful consideration of the security and foreign policy interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The Department regulates the export of defense articles, including related manufacturing technologies and information, as an integral part of safeguarding U.S. national security and furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act (AECA). The Department has never regulated the downloading or dissemination of CAD files for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to remember and understand the exclusive reason for the Department's involvement in this matter, which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24, 2018—before the Department of State entered into a settlement agreement with Defense Distributed—proposing to transfer oversight from the Department of State to the Department of Commerce of exports of firearms and related items that do not provide the United States with a critical military or intelligence advantage or, in the case of weapons, are not inherently for military end use, including many items that are widely available in retail outlets in the United States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the Department briefed staff from Senate Foreign Relations Committee, Senate Committee on Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to modernize the U.S. export control regulations to create a simpler, more robust system that improves enforceability and better protects America's most sensitive technologies.

Under the proposed rules, the Department of State will retain export-licensing control over firearms and related articles that are inherently for military end use or that are not otherwise widely available in retail outlets. By contrast, the interagency, including the Department of Defense, determined that certain firearms and related items that are widely available for commercial sale, and technical data related to those items, are of a type that do not offer a critical military or intelligence advantage to the United States, and therefore warrant export licensing requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is the subject of the *Defense Distributed* settlement agreement is technical data related to certain firearms and other USML items that would transfer to the Department of Commerce under the proposed rules, if finalized as contemplated in the NPRM.

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed. A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction. The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

Mary K. Waters
Assistant Secretary
Legislative Affairs



United States Department of State

*Washington, D.C. 20520*

The Honorable
Benjamin L. Cardin
United States Senate
Washington, DC 20510

AUG 1 6 2018

Dear Senator Cardin:

In response to your letter of July 26 regarding the settlement agreement with Defense Distributed, the Department of State (Department) reached this settlement in consultation with the Department of Justice and with careful consideration of the security and foreign policy interests of the United States.

As an initial matter, it may be helpful to put the settlement agreement in broader context. The Department regulates the export of defense articles, including related manufacturing technologies and information, as an integral part of safeguarding U.S. national security and furthering U.S. foreign policy objectives in accordance with the Arms Export Control Act (AECA). The Department has never regulated the downloading or dissemination of CAD files for 3-D printed guns by U.S. persons within the United States. Accordingly, it is important to remember and understand the exclusive reason for the Department's involvement in this matter, which is its control of the export of technical data.

Furthermore, the Departments of State and Commerce published proposed rules on May 24, 2018—before the Department of State entered into a settlement agreement with Defense Distributed—proposing to transfer oversight from the Department of State to the Department of Commerce of exports of firearms and related items that do not provide the United States with a critical military or intelligence advantage or, in the case of weapons, are not inherently for military end use, including many items that are widely available in retail outlets in the United States and abroad. Prior to the publication of the proposed rules, on May 14, 2018, the Department briefed staff from Senate Foreign Relations Committee, Senate Committee on Banking, Housing, and Urban Affairs, and House Foreign Affairs Committee on the scope of the proposed rules. The proposed rules are the product of a larger effort ongoing since 2010 to modernize the U.S. export control regulations to create a simpler, more robust system that improves enforceability and better protects America's most sensitive technologies.

Under the proposed rules, the Department of State will retain export-licensing control over firearms and related articles that are inherently for military end use or that are not otherwise widely available in retail outlets. By contrast, the interagency, including the Department of Defense, determined that certain firearms and related items that are widely available for commercial sale, and technical data related to those items, are of a type that do not offer a critical military or intelligence advantage to the United States, and therefore warrant export licensing requirements under the U.S. Department of Commerce's jurisdiction. The technical data that is the subject of the *Defense Distributed* settlement agreement is technical data related to certain firearms and other USML items that would transfer to the Department of Commerce under the proposed rules, if finalized as contemplated in the NPRM.

-2-

As you likely know, on July 30, the Attorney General for Washington State, with Attorneys General from seven other states and the District of Columbia, filed a lawsuit in the U.S. District Court for the Western District of Washington challenging certain actions the Department of State took in compliance with the *Defense Distributed* settlement agreement. The Western District of Washington issued a Temporary Restraining Order, and, as of July 31, 2018, in compliance with that order, the Department of State is not implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" that was posted to the DDTC website on July 27, 2018 and has since been removed. A hearing is scheduled for August 21 to determine whether the temporary restraining order should be converted to a preliminary injunction. The Department of State will work with the Department of Justice to determine appropriate future actions as this litigation evolves.

We take your concerns seriously and will answer any additional questions that you or your staff may have, to the extent possible given the ongoing litigation.

Sincerely,

Mary K. Waters
Assistant Secretary
Legislative Affairs

WASHSTATEC003953

-3-

Approved:    H – Mary K Waters

Drafted:     H/RGF:  Tamara Darrach, ext. 78763, 8/2/18
             PM/CPA Josh Paul x7-7878, █████████

Cleared:     PM/FO – TKaidanow  (ok)
             H – CFaulkner (ok)
             P – SRavi (info)
             S/P – MUrena
             D – JShufflebarger (ok)
             T – EAbisellan (ok)
             L/PM – SRogers ()

WASHSTATEC003954



**United States Department of State**

*Washington, D.C. 20520*

The Honorable
Tom Cotton
United States Senate
Washington, DC 20510

AUG 2 2 2019

Dear Senator Cotton:

Thank you for your July 31 letter expressing continued support for the Department of State's efforts to modernize the U.S. export control system.

The Departments of State and Commerce have worked to harmonize the International Traffic in Arms Regulations (ITAR) with the Export Administration Regulations (EAR) to ensure that ITAR controls only those significant defense articles and services that provide the United States with a critical military or intelligence advantage. Thus far, the Administration has revised 18 of the 21 United States Munitions List (USML) Categories under the ITAR and, as a result, have shifted numerous items from the USML to the Commerce Control List (CCL) under the EAR.

On May 24, 2018, the Department issued a notice of proposed rulemaking to update the three remaining USML Categories: I, II, and III, which, respectively, control firearms, close assault weapons, and combat shotguns; guns and armament; and ammunition and ordnance. Issuance of a final rule is the next step in the process. Once published in the *Federal Register,* the final rule will transfer from the USML to the CCL defense articles from Categories I, II, and III that no longer provide the United States with a critical military or intelligence advantage. These categories include many articles widely available in retail outlets throughout the United States and abroad.

We hope this information is helpful to you. Please let us know if we may be of further assistance.

Sincerely,

Mary Elizabeth Taylor
Assistant Secretary
Bureau of Legislative Affairs

Approved:      PM/FO R. Clarke Cooper      RCC

Drafted:       PM/DTCP – John Foster, ext. 3-2811

Clearances:    PM/FO: Stan Brown – OK
               PM/FO: Cat Hamilton for Mike Miller – OK
               PM/DTCP: Rick Koelling – OK
               PM/DTCC: Dan Cook – OK
               PM/DTCL: Cat Hamilton – OK
               PM/CPA: Christienne Carroll – OK
               L/PM: Joe Khawam – OK
               H: Tamara Darrach – OK
               T: Maureen Tucker – OK

# H FRONT OFFICE ROUTING SLIP

Classification:  UNCLASSIFIED

Subject: Letter expressing continued support for the
Department of State's efforts to modernize the U.S.
export control system

8/21/2019 9:48 AM

H20190801=003 Cotton

Logged by: Roxanne Reed

☒ Format  ☒ Clearances
☒ Headers/Footers  ☐ Attachments
☐ Transmittal Letters
On H Package:  ☐ High Side or  ☒ Low
Side

| | INITIALS | DATE |
|---|---|---|
| PMcNerney | | |
| PRademacher | | |
| KHarris | | |
| GGiannangeli | GG | 8/21 |
| JMoore | | |
| HSpecialAsst | PT | 8/21 |
| RKaldahl | | |
| CBarz | CB | 8/21 |
| ME Taylor | MET | 8/22 | AUTOPEN AUTHORIZED |

RUSH JUSTIFICATION:

JAMES E. RISCH, IDAHO, CHAIRMAN

MARCO RUBIO, FLORIDA
RON JOHNSON, WISCONSIN
CORY GARDNER, COLORADO
MITT ROMNEY, UTAH
LINDSEY GRAHAM, SOUTH CAROLINA
JOHNNY ISAKSON, GEORGIA
JOHN BARRASSO, WYOMING
ROB PORTMAN, OHIO
RAND PAUL, KENTUCKY
TODD YOUNG, INDIANA
TED CRUZ, TEXAS

ROBERT MENENDEZ, NEW JERSEY
BENJAMIN L. CARDIN, MARYLAND
JEANNE SHAHEEN, NEW HAMPSHIRE
CHRISTOPHER A. COONS, DELAWARE
TOM UDALL, NEW MEXICO
CHRISTOPHER MURPHY, CONNECTICUT
TIM KAINE, VIRGINIA
EDWARD J. MARKEY, MASSACHUSETTS
JEFF MERKLEY, OREGON
CORY A. BOOKER, NEW JERSEY

## United States Senate

COMMITTEE ON FOREIGN RELATIONS

WASHINGTON, DC 20510–6225

February 22, 2019

The Honorable Mike Pompeo
Secretary of State
U.S. Department of State
2201 C Street, N.W.
Washington, D.C. 20520

Dear Secretary Pompeo:

On February 4, 2019, I received a congressional notification from the Department for a proposal to transfer responsibility for the export control of firearms and ammunition from the United States Munitions list (USML) to the Commerce Control List (CCL). I write to inform you that I am placing a hold on the congressional notification, pursuant to the authority of Section 38(f) of the Arms Export Control Act (AECA).

I am deeply concerned about this proposed transfer. As you no doubt are aware, firearms and ammunition – especially those derived from military models and widely used by military and security services – are uniquely dangerous. They are easily modified, diverted, and proliferated, and are the primary means of injury, death, and destruction in civil and military conflicts throughout the world. As such, they should be subject to more, not less, rigorous export controls and oversight.

Combat rifles, including those commonly known as "sniper rifles," should not be removed from the USML, nor should rifles of any type that are U.S. military-standard 5.56 (and especially .50 caliber). Semi-automatic firearms should also not be removed, and neither should related equipment, ammunition, or associated manufacturing equipment, technology, or technical data.

Consequently, my hold will remain in place until such time as the issues identified below are sufficiently addressed.

1) Removal of Firearms Exports from Congressional Information and Review
The AECA enables congressional review of exports of lethal weapons to ensure that they comport with U.S. foreign policy interests. Congress took action in 2002 to ensure that the sale and export of these weapons would receive stringent oversight, including by amending the AECA to set a lower reporting threshold (from $14 million to $1 million) specifically for firearms on the USML. Moving such firearms from the USML to the CCL would directly

contradict congressional intent and effectively eliminate congressional oversight and potential disapproval of exports of these weapons.  Congressional oversight must be retained.

2)  Proliferation of 3D Gun Printing Technical Information
There is a serious risk that this transfer will open the floodgates of information for the 3D printing of nearly-undetectable firearms and components by foreign persons and terrorists that intend to harm U.S. citizens and interests.  The Department of Commerce claims that it cannot, by its own regulations, prevent the publication, including on the Internet for global consumption, of technical information and blueprint files that would enable this 3D production, if such information has once been published, even illegally.  This is outrageous and simply unacceptable given the dangers it poses to U.S. citizens and interests.

Moreover, it may also be at variance with recent law.  Section 1758 of the Export Control Reform Act of 2018 authorizes the Secretary of Commerce to control "emerging and foundational technologies" that (A) are essential to the national security of the United States; and (B) are not critical technologies described in clauses (i) through (v) of section 721(a)(6)(A) of the Defense Production Act of 1950.  3D printing has been identified by this Administration as an emerging technology of concern, and the Department of Commerce itself used 3D printing as an example of "emerging technology" in its November 19, 2018 Federal Register notice seeking public comment on what constitutes emerging technologies pursuant to this new statutory charge.  Then-Secretary of Defense Mattis twice mentioned the challenges of 3D printing in congressional testimony, and Director of National Intelligence Coats, in his 2018 Worldwide Threat Assessment of the U.S. Intelligence Community, stated that, "[a]dvances in manufacturing, particularly the development of 3D printing, almost certainly will become even more accessible to a variety of state and non-state actors and be used in ways contrary to our interests."

It would seem axiomatic that the capability to 3D-print lethal weaponry that cannot easily or reliably be detected by metal detectors at airports, schools, governmental or other facilities (including the U.S. Capitol and the Department of State) would qualify as an emerging technology in need of regulatory control.  Yet, the Commerce Department has told my staff that the interagency process to identify emerging and foundational technologies to be controlled has not been completed, and is unlikely to be completed for months.  By proceeding with the transfer of firearms, including 3D printing technical information, to Commerce, the Administration is acting recklessly and endangering innocent lives.  It should go without saying that we collectively need to understand the threat and have a plan to address this issue before making the regulatory change.

Moreover, the Department of Commerce would seem to have adequate additional regulatory authority to control 3D gun printing information, at least temporarily.  Commerce can control any item for foreign policy reasons under the miscellaneous category of 0Y521, according to a final rule issued by Commerce in 2012.  Preventing foreign terrorists and thugs from acquiring

the means to print undetectable guns to use against U.S. citizens is a sufficient foreign policy justification to control this technology from public release.

Ultimately, the specific provision of the Export Administration Regulations is cited as preventing Commerce from controlling the publication of 3D Printed guns in the longer term needs to be rewritten to permit this control. Until that occurs, or until Commerce determines that such technical information can and will be controlled, this technical information cannot and should not be transferred from USML to the CCL.

I look forward to your prompt response to my concerns.

Sincerely,

Robert Menendez
Ranking Member

CC: The Honorable Wilbur Ross, U.S. Secretary of Commerce

# Congress of the United States
## House of Representatives
### Washington, DC 20515

July 5th, 2018

Secretary Mike Pompeo                    Secretary Wilbur Ross
Department of State                       Department of Commerce
2201 C Street NW                          1401 Constitution Avenue NW
Washington, DC 20230                      Washington, DC 20520

Dear Secretaries Pompeo and Ross:

We write to express our deep concern about proposed regulatory changes that would transfer control and licensing of exports of semi-automatic assault weapons, high capacity ammunition magazines and related military items from the Department of State to the Department of Commerce. We urge you to postpone implementation of these proposed changes until important issues can be addressed.

Under the current regulatory framework established under the Arms Export Control Act, export of items that are primarily for military use are regulated pursuant to the International Traffic in Arms Regulations administered by the State Department.  Such items are included on United States Munitions List and are subject to stringent controls that are aimed at restricting access to military items to approved foreign governments.   Exporters must be registered with the State Department and end-users are monitored under   the Blue Lantern program, which provides inventory management control and accountability of all commercial arms sales and transfers.
Transferring regulation of such military exports to the Department of Commerce would make it more likely that U.S.-origin weapons will end up in the hands of traffickers, terrorists, and cartels, and put them into global commerce.

We are also concerned that proposed rule changes will significantly reduce Congressional oversight and undermine efforts to prevent and prosecute firearms trafficking.   Specifically, current regulations require Congressional notification of an intended commercial firearms sale in excess of $1 million. By contrast, licenses issued by the Commerce Department are not notified to the Congress, or subject to prior review. In addition, the Foreign Assistance Act also prohibits sale of such defense articles to countries where governments have engaged in a consistent pattern of gross violations of internationally recognized human rights.

The volume of U.S. military small arms exports, which is already substantial, is certain to increase if regulation is moved to the Commerce Department. In the past year alone, Congress has

WASHSTATEC003961

been notified of some $660 million of firearms sales regulated under the United States Munitions List

The ramifications of the proposed transfer of oversight from the State Department to the Commerce Department are very serious: arms manufacturers and brokers of semi-automatic assault weapons will no longer be required to register with the State Department; training on the use of these items will no longer require a license, allowing private security contractors to train foreign militias in sensitive combat techniques without proper vetting; prosecutors will have less documentary evidence to prosecute arms dealers; and elected officials will have less say in the export of dangerous weapons.

For all these reasons, we urge you to postpone the proposed regulatory transfer until these important issues can be addressed.

Sander Levin

Eliot Engel

James P. McGovern

Norma J. Torres

Jamie Raskin

# DEPARTMENT OF STATE CONGRESSIONAL CORRESPONDENCE TASKER



IPS CONTROL#**H2018** O726=OOO   ACTION BUREAU: PM

DATE: JUL 2 6 2018

# IPS:

___X_____SUBSTANTIVE

___X____IMAGE ENTIRE DOCUMENT

# BUREAU:

BUREAU ACTION REQUESTED: RESPOND TO CCU WITHIN **2** DAYS

_____✓_____REPLY FOR SIGNATURE BY **Mary K. Waters, Assistant Secretary, Bureau of Legislative Affairs**

_____ADDRESS ENVELOPE TO DISTRICT OFFICE

_____DIRECT REPLY TO CONSTITUENT BY OFFICE DIRECTOR WITH COPY TO CONGRESSIONAL OFFICE.  PHONE 7-1608 WHEN COMPLETED

_____FYI ONLY/NO RESPONSE NECESSARY

_____REPLY FOR SIGNATURE DIRECTLY BY BUREAU

_____OTHER ACTION: _____

**FOR GUIDANCE/INFORMATION ON FORMATTING CONGRESSIONALS SEE:**
*http://diplopedia.state.gov/index.php?title=Bureau of Legislative Affairs Reference Documents#Yellow Border*

****BUREAUS MUST MAKE TRANSFERS OF ACTION DIRECTLY WITH RECEIVING BUREAU'S FRONT OFFICE.   PLEASE NOTIFY CCU VIA UNCLASS EMAIL  OF ALL TRANSFERS OF ACTION****

**Due Date** 7/31

ADDITIONAL INSTRUCTIONS:

___Multi-signer Letter: _____

___Special Instructions:_____

___EVEREST TASKER#_____

___Please clear with NSC prior to submission to H

**FROM: Mary K. Waters (H)**
 **Congressional Correspondence**
 **Recommendation**
 JUL 2 6 2018

_____ **For Signature by Secretary Pompeo**
 **For draft by _____ Bureau**

✗ **Tasked to the** *Pm* **Bureau for Signature by Mary K. Waters, Assistant Secretary, Legislative Affairs**

_____ **Tasked to \_\_\_\_\_ Bureau for signature by Post or Bureau**

_____ **FYI Only—No Reply Necessary For _____ Bureau**

**Special Actions:**

_____ **Multi-signer letter:**

_____ **Special Clearances:**

_____ **For S Staff Review (H Only)**

_____ **Everest Tasker# _____**
_____ **Special Instructions:_____**
_____

BOB CORKER, TENNESSEE, CHAIRMAN

JAMES E. RISCH, IDAHO
MARCO RUBIO, FLORIDA
RON JOHNSON, WISCONSIN
JEFF FLAKE, ARIZONA
CORY GARDNER, COLORADO
TODD YOUNG, INDIANA
JOHN BARRASSO, WYOMING
JOHNNY ISAKSON, GEORGIA
ROB PORTMAN, OHIO
RAND PAUL, KENTUCKY

ROBERT MENENDEZ, NEW JERSEY
BENJAMIN L. CARDIN, MARYLAND
JEANNE SHAHEEN, NEW HAMPSHIRE
CHRISTOPHER A. COONS, DELAWARE
TOM UDALL, NEW MEXICO
CHRISTOPHER MURPHY, CONNECTICUT
TIM KAINE, VIRGINIA
EDWARD J. MARKEY, MASSACHUSETTS
JEFF MERKLEY, OREGON
CORY A. BOOKER, NEW JERSEY

# United States Senate

COMMITTEE ON FOREIGN RELATIONS

WASHINGTON, DC 20510-6225

July 25, 2018

RECEIVED
2018 JUL 26  A 7 46
LEGISLATIVE AFFAIRS

The Honorable Michael Pompeo
Secretary of State
U.S. Department of State
2201 C Street NW
Washington, DC 20520

Dear Secretary Pompeo:

The Department of State is about to permit the public, worldwide release of dangerous information on the 3D printing of functional firearms that are undetectable by standard security measures. Such a release would allow any foreign or domestic person, including arms traffickers, terrorists, transnational criminals, and domestic abusers to effectively "download" a gun, making it much easier to evade security measures and obtain a weapon. This decision is not only alarming and irresponsible, but one that appears to evade statutory requirements and skirts an ongoing regulatory review process.

Recently, the Department settled a lawsuit by a U.S. firm seeking to post blueprints and other information on the Internet that would allow anyone with a 3D printer to create plastic firearms. Based on reports of the terms of the settlement, the Department has now agreed that the information can be exempt from the export licensing requirements of the International Trafficking in Arms Regulations (ITAR). Even more troubling, the Department also agreed to temporarily suspend the relevant ITAR restrictions to allow this otherwise prohibited dissemination.

Yet this "temporary" suspension will effectively allow a permanent and continuing export. Once posted on the Internet, these files will be shared, downloaded, and used to create firearms. As such, this action is tantamount to a permanent removal of an item from the United States Munitions List, but without the 30-day notice to the Senate Foreign Relations Committee and House Foreign Affairs Committee as required by the Arms Export Control Act.

It is hard to see how making it easier for criminal and terrorist organizations to obtain untraceable weapons is in the foreign policy and national security interests of the United States. This action by the State Department makes the work of U.S. and international law enforcement and counter-terrorism agencies—and the U.S. Transportation Security Agency—all the more difficult and heightens the risk to innocent Americans and others from terrorist and extremist attacks. Moreover, the domestic risk cannot be understated, especially with the high rates of gun violence in our schools, churches, clubs and public gathering places. The release of these blueprints permits anyone, even those banned from gun ownership due to a criminal

LMO/TD

WASHSTATEC003965

conviction, to build their own gun.  These "ghost guns" also pose a problem for law enforcement as such firearms lack a serial number and are thus untraceable.

Given the far-reaching and dangerous consequences of this decision, I urge you to immediately review and reconsider the Department's position, and to ensure that this and any other decision regarding arms export control complies fully with the letter and spirit of the Arms Export Control Act.  Further, any release should not occur until the Department, Congress, and the public have ample time to review the consequences of this action.

Sincerely,

Robert Menendez
Ranking Member

# DEPARTMENT OF STATE CONGRESSIONAL CORRESPONDENCE TASKER



IPS CONTROL# **H2018** *0927 = 004* ACTION BUREAU: _____ *PM*

DATE: ___ JUL 2 7 2018 ___

## IPS:

___X___ SUBSTANTIVE

___X___ IMAGE ENTIRE DOCUMENT

## BUREAU:

BUREAU ACTION REQUESTED: RESPOND TO CCU WITHIN **2** DAYS

___✓___ REPLY FOR SIGNATURE BY **Mary K. Waters, Assistant Secretary, Bureau of Legislative Affairs**

_____ ADDRESS ENVELOPE TO DISTRICT OFFICE

_____ DIRECT REPLY TO CONSTITUENT BY OFFICE DIRECTOR WITH COPY TO CONGRESSIONAL OFFICE.  PHONE 7-1608 WHEN COMPLETED

_____ FYI ONLY/NO RESPONSE NECESSARY

_____ REPLY FOR SIGNATURE DIRECTLY BY BUREAU

_____ OTHER ACTION: _____

**FOR GUIDANCE/INFORMATION ON FORMATTING CONGRESSIONALS SEE:**
*http://diplopedia.state.gov/index.php?title=Bureau of Legislative Affairs Reference Documents#Yellow Border*

***BUREAUS MUST MAKE TRANSFERS OF ACTION DIRECTLY WITH RECEIVING BUREAU'S FRONT OFFICE.   PLEASE NOTIFY CCU VIA UNCLASS EMAIL  OF ALL TRANSFERS OF ACTION***

**Due Date** ___*7/31/18*___

ADDITIONAL INSTRUCTIONS:

_X_Multi-signer Letter: _____ *Senate (+8)* _____

___Special Instructions:_____

___EVEREST TASKER#_____

___Please clear with NSC prior to submission to H

WASHSTATEC003967

**FROM: Mary K. Waters (H)**
**Congressional Correspondence**
**Recommendation**

JUL 2 7 2018

_____ **For Signature by Secretary Pompeo**
**For draft by _____ Bureau**

__X__ **Tasked to the** _Pm_ **Bureau for**
**Signature by Mary K. Waters,**
**Assistant Secretary, Legislative**
**Affairs**

_____ **Tasked to _____ Bureau for signature by**
**Post or Bureau**

_____ **FYI Only—No Reply Necessary**
**For _____ Bureau**

**Special Actions:**

__X__ **Multi-signer letter:** _Senate_ (+8)

_____ **Special Clearances:**

_____ **For S Staff Review (H Only)**

_____ **Everest Tasker# _____**
_____ **Special Instructions:_____**
_____

WASHSTATEC003968

# United States Senate
WASHINGTON, DC 20510

July 26, 2018

RECEIVED
2018 JUL 27 A 11: 46
LEGISLATIVE AFFAIRS

The Honorable Mike Pompeo
Secretary of State
U.S. Department of State
2201 C Street N.W.
Washington, DC 20520

Dear Secretary Pompeo:

We write with great alarm regarding the decision last month by the Department of Justice (DOJ) to settle the lawsuit brought against the State Department by the gun rights advocacy groups Defense Distributed and the Second Amendment Foundation. We urge the State Department not to allow Defense Distributed to publish online blueprints for undetectable, three-dimensional ("3-D") printable firearms.

In 2015, Defense Distributed and the Second Amendment Foundation sued the State Department, challenging the State Department's determination that Defense Distributed violated federal export controls and its demand that Defense Distributed remove from the internet its blueprints for 3-D printable firearms. Throughout the course of the lawsuit, the government maintained that its position was well-supported under the Arms Export Control Act and the International Traffic in Arms Regulations (ITAR). Indeed, as recently as April 2018, the Trump administration filed a motion to dismiss the suit in which it argued that "[w]hatever informational value there may be in the process by which 3-D printing occurs," Defense Distributed's Computer Aided Design files "are indispensable to a [3-D] printing process used to create firearms and their components," and "are also functional, directly facilitate the manufacture of weapons, and may properly be regulated for export."[1]

Despite the court's twice siding with the government's position, in a stunning reversal of course last month, DOJ settled the suit and agreed to allow for the public release of Defense Distributed's 3-D firearm printing blueprints in any form. Specifically, the State Department has agreed to allow Defense Distributed to publish its blueprints by July 27, 2018 — by making a "temporary modification" of the United States Munitions List (USML) and granting Defense Distributed an "exemption" from ITAR regulations. The administration also made the puzzling decision to pay nearly $40,000 in legal fees to the plaintiffs using taxpayer dollars.

This settlement is inconsistent with the administration's previous position and is as dangerous as it is confounding. The settlement will allow these blueprints to be posted online for unlimited distribution to anyone — including felons and terrorists — both here in the United States and

---

[1] *Defense Distributed v. U.S. Dep't of State*, Case 1:15-cv-00372-RP, Defs.' Mot. Dismiss Second Am. Compl., at 1 (W.D. Tex. Apr. 6, 2018).

abroad. It also sets a dangerous precedent in defending against challenges to other legally sound determinations made by the State Department under the Arms Export Control Act and ITAR.

Yesterday, in response to questioning by Senator Markey before the Senate Foreign Relations Committee, you committed to reviewing the decision to allow Defense Distributed to publish its blueprints online. In accordance with this commitment, we ask that you suspend the special treatment given to Defense Distributed while you undertake this review.

In addition to suspending these actions, we ask that, prior to August 1, 2018, the State Department provide us with a written explanation and briefing on the reasoning behind the decision to settle this litigation in the manner it did. The American people have a right to know why their government agreed to such a dangerous outcome.

Specifically we request a response to the following questions:

1. Does the State Department no longer believe that the online publication of blueprints for the 3-D printing of firearms is a violation of federal export controls? If so, when did this reversal of opinion occur and why? Was there a change in the law or the facts that prompted this change? If so, please explain the change in either the law or facts that prompted the change.

2. On May 24, 2018, the State and Commerce Departments published proposed rules to amend Categories I, II, and III of the USML and transfer from the State Department to the Commerce Department oversight over export of certain firearms, ammunition, and related items. What role did the Defense Distributed litigation play in deciding to publish these proposed rules? What analysis, if any, did the State and Commerce Departments undertake to evaluate the potential risks of the proposed rules changes on export controls on the online publication of blueprints for 3-D printed firearms? If the State Department did evaluate the risks, what risks were identified? Please identify the individuals involved in that analysis.

3. If these proposed rules are finalized and jurisdiction over technical data related to the design, production, or use of semi-automatic or military-style firearms is transferred to the Commerce Department, the release into the public domain of instructions for printing 3-D firearms will be permissible. Does the State Department have concerns about the dangerous consequences of this rules change? Did the State Department make the Commerce Department aware of the litigation between it and Defense Distributed and the Second Amendment Foundation, the terms of the settlement, or the consequences of online publication of blueprints for 3-D printed firearms? If so, please identify to whom and how that information was conveyed.

4. Given the risks of the government abdicating control over the online publication of blueprints for 3-D printed firearms, why did the State Department agree to move forward with the rulemaking? How does the State Department plan to mitigate these risks?

WASHSTATEC003970

Secretary Pompeo
Page 3 of 4

5. The settlement agreement resolving the lawsuit brought by Defense Distributed and the Second Amendment Foundation obligates the State Department to "draft and fully pursue . . . the publication in the Federal Register of a notice of proposed rulemaking and final rule, revising USML Category I to the technical data that is the subject of the" litigation. Why did the State Department agree to this relief?

6. The settlement agreement resolving the lawsuit brought by Defense Distributed and the Second Amendment Foundation obligates the State Department, "while the above-referenced final rule is in development," to announce "a temporary modification, consistent with the International Traffic in Arms Regulations (ITAR), 22 C.F.R. § 126.2, of USML Category I to exclude the technical data that is the subject of the" litigation, and to publish the announcement on the website of the Directorate of Defense Trade Controls on or before July 27, 2018. Why did the State Department agree to this relief? What will this temporary modification likely entail? Will the State Department put any restrictions on the types of 3D technical data that can be released to the public without prior U.S. government approval, including types of firearms, 3D printing, and materials, among other possible issues? Why did the State Department fail to provide 30 days' notice to the relevant congressional committees of its intention to remove Defense Distributed's "technical data" from the USML, as required by 22 U.S.C. § 2278(f)(1)?

7. The settlement agreement resolving the lawsuit brought by Defense Distributed and the Second Amendment Foundation obligates the State Department to issue "a letter to Plaintiffs on or before July 27, 2018 signed by the Deputy Assistant Secretary for Defense Trade Controls, advising that [the 3-D printing files at issue in the litigation] are approved for public release (i.e., unlimited distribution) in any form and are exempt from the licensing requirements of ITAR because they satisfy the criteria of 22 C.F.R. § 125.4(b)(13)." Why did the State Department agree to this relief?

8. The settlement agreement resolving the lawsuit brought by Defense Distributed and the Second Amendment Foundation obligates the State Department to "acknowledg[e] and agree[] that the temporary modification of USML Category I permits any United States person . . . to access, discuss, use, reproduce, or otherwise benefit from the technical data that is the subject of the Action, and that the letter to Plaintiffs permits any such person to access, discuss, use, reproduce[,] or otherwise benefit from the" 3-D printing files at issue in the litigation. Why did the State Department agree to this relief?

9. The settlement agreement resolving the lawsuit brought by Defense Distributed and the Second Amendment Foundation obligates the State Department to pay the Plaintiffs $39,581.00, reported to be for a portion of their legal fees. Please identify what funding source within the government this payment was drawn from. Additionally, please provide information regarding why the State Department agreed to this relief.

We are concerned about the immediate impact of publishing these 3-D gun blueprints. Once the State Department allows them to circulate freely online, the threats to U.S. and international security will be irreversibly increased. We urge you not to grant this special treatment to Defense

WASHSTATEC003971

Secretary Pompeo
Page 4 of 4

Distributed — but rather to postpone this action while you fulfill your commitment to review this decision, and until the above questions can be adequately addressed.

Thank you for your prompt attention to this matter. Should you have any questions about this request, please contact Callan Bruzzone of Senator Markey's staff at 202-224-2742.

Sincerely,

Edward J. Markey
United States Senator

Bill Nelson
United States Senator

Richard Blumenthal
United States Senator

Christopher S. Murphy
United States Senator

Dianne Feinstein
United States Senator

Elizabeth Warren
United States Senator

Patrick Leahy
United States Senator

Richard J. Durbin
United States Senator

Benjamin L. Cardin
United States Senator

# DEPARTMENT OF STATE CONGRESSIONAL CORRESPONDENCE TASKER



IPS CONTROL# **H2019** $\underline{O8OI=OO3}$ ACTION BUREAU: $\underline{PM}$

DATE: $\underline{AUG\ 0\ 1\ 2019}$

# IPS:

___X_____ SUBSTANTIVE

___X_____ IMAGE ENTIRE DOCUMENT

# BUREAU:

BUREAU ACTION REQUESTED: RESPOND TO CCU WITHIN **2** DAYS

_____✗_____ REPLY FOR SIGNATURE BY **Mary Elizabeth Taylor, Assistant Secretary, Bureau of Legislative Affairs**

_____ ADDRESS ENVELOPE TO DISTRICT OFFICE

_____ DIRECT REPLY TO CONSTITUENT BY OFFICE DIRECTOR WITH COPY TO CONGRESSIONAL OFFICE.  PHONE 7-1608 WHEN COMPLETED

_____ FYI ONLY/NO RESPONSE NECESSARY

_____ REPLY FOR SIGNATURE DIRECTLY BY BUREAU

_____ OTHER ACTION: _____

FOR GUIDANCE/INFORMATION ON FORMATTING CONGRESSIONALS SEE:
*http://diplopedia.state.gov/index.php?title=Bureau of Legislative Affairs Reference Documents#Yellow Border*

****BUREAUS MUST MAKE TRANSFERS OF ACTION DIRECTLY WITH RECEIVING BUREAU'S FRONT OFFICE.   PLEASE NOTIFY CCU VIA UNCLASS EMAIL  OF ALL TRANSFERS OF ACTION****

## Due Date $8\text{-}6\text{-}19$

ADDITIONAL INSTRUCTIONS:

___ Multi-signer Letter: _____

___ Special Instructions: _____

___ EVEREST TASKER# _____

___ Please clear with NSC prior to submission to H

**FROM: A/S Mary Elizabeth Taylor (H)**

**Congressional Correspondence**
**Recommendation**

AUG 0 1 2019

_____ **For Signature by Secretary Pompeo**
**For draft by _____ Bureau**

X **Tasked to the** _PM_ **Bureau for**
**Signature by Mary Elizabeth Taylor**
**Assistant Secretary, Legislative**
**Affairs**

_____ **Tasked to _____ Bureau for signature by**
**Post or Bureau**

_____ **Request for Briefing_____ Bureau**

_____ **FYI Only—No Reply Necessary**
**For _____ Bureau**

**Special Actions:**

**Multi-signer letter:**

**Special Clearances:**

**Everest Tasker#**
**Special Instructions:**

WASHSTATEC003974

TOM COTTON
ARKANSAS

326 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
PHONE: (202) 224-2353

## United States Senate

COMMITTEES
ARMED SERVICES
BANKING, HOUSING, AND
URBAN AFFAIRS
JOINT ECONOMIC COMMITTEE
SELECT COMMITTEE ON INTELLIGENCE

July 31, 2019

The Honorable Michael R. Pompeo
Secretary
U.S. Department of State
2201 C St NW
Washington, DC 20520

The Honorable Wilbur Ross
Secretary
U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Dear Gentlemen,

I am writing regarding the transfer of export licensing authority for sporting and commercial firearms and ammunition products currently on Categories I, II, and III of the United States Munitions List (USML) from the Department of State – Directorate of Defense Trade Controls (DDTC) to the Department of Commerce – Bureau of Industry and Security (BIS) where the products would be controlled on the Commerce Control List (CCL) and the Export Administration Regulations (EAR). I urge you both publish the new rules for this transfer as soon as is practicable.

The export of Category I, II, or III items under the CCL process is extremely important to the domestic firearms and ammunition industry, primarily because it reduces the export approval timeline. The ability to rapidly reply to international business opportunities allows U.S. companies to remain competitive in the global market and creates high-quality manufacturing jobs at home. Furthermore, some North Atlantic Trade Organization (NATO) allies have indicated a desire not to purchase small arms from U.S. vendors due to the overly burdensome process required to receive an exemption for the sale under the International Traffic in Arms Regulations (ITAR). This creates an environment where foreign countries can compete unfettered for our military small arms programs while many foreign nations are restricting US companies from competing in theirs. This regulation has not only been prohibitive for initial sales to allies but additionally creates excessively burdensome procedures for follow-on maintenance contracts.

Therefore, I am requesting the Departments of State and Commerce to publish the final rules to streamline the export licensing process in support of our domestic firearms and ammunition industry. I urge you to move forward with this process to ensure our competitiveness in the global market.

Sincerely,

Tom Cotton
United States Senator

JONESBORO
300 SOUTH CHURCH, SUITE 338
JONESBORO, AR 72401
(870) 933-6223

SPRINGDALE
1108 SOUTH OLD MISSOURI ROAD, SUITE B
SPRINGDALE, AR 72764
(479) 751-0879

LITTLE ROCK
1401 WEST CAPITOL AVENUE, SUITE 225
LITTLE ROCK, AR 72201
(501) 223-8081

EL DORADO
106 WEST MAIN STREET, SUITE 410
EL DORADO, AR 71730
(870) 864-8582



WASHSTATEC003975

## Message

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/8/2019 4:50:12 PM |
| **To**: | Dorosin, Joshua L [DorosinJL@state.gov] |
| **CC**: | Kovar, Jeffrey D [KovarJD@state.gov]; Minarich, Christine M [MinarichCM@state.gov]; Kottmyer, Alice M [KottmyerAM@state.gov] |
| **Subject**: | FW: Litigation re 3D-printing technology |
| **Attachments**: | Tab 1 - Cat I-III Final FRN updated v6 (2019-10-08).docx |



Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

<center>SBU - DELIBERATIVE PROCESS</center>

**From:** Khawam, Joseph N
**Sent:** Tuesday, October 8, 2019 12:21 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology



Joseph N. Khawam

Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Sent:** Monday, October 7, 2019 3:46 PM
**To:** 'Abraham, Liz (Federal)' <LAbraham@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** 'KLASON, PETER (Federal)' <PKLASON@doc.gov>; 'JEST, JOE (Federal)' <JJEST@doc.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology



**From:** Robinson, Stuart J. (CIV)
**Sent:** Friday, October 04, 2019 2:08 PM
**To:** Abraham, Liz (Federal) <LAbraham@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology

Thanks. I'll send an invite for 2:00pm ET on Tuesday.

**From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Sent:** Thursday, October 03, 2019 10:33 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Litigation re 3D-printing technology

On Oct 3, 2019, at 9:54 PM, Khawam, Joseph N <KhawamJN@state.gov> wrote:

Thanks, Stuart and Liz. I'm not available from 11:00-12:00 and 3:00-3:30 on Tue, Oct 8. Any other time works for me.

**From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Sent:** Thursday, October 3, 2019 3:14 PM
**To:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>

**Cc:** Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Khawam, Joseph N <KhawamJN@state.gov>;
Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology

+ Christine Minarich of State/L  (Joe K. is on leave this week but will be back next week)

Confidentiality Notice:  This e-mail message is intended only for the named recipients.  It contains
information that may be confidential, privileged, attorney work product, or otherwise exempt from
disclosure under applicable law.  If you have received this message in error, are not a named recipient, or
are not the employee or agent responsible for delivering this message to a named recipient, be advised
that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its
contents is strictly prohibited.  Please notify us immediately that you have received this message in error,
and delete the message.

**From:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Sent:** Thursday, October 3, 2019 2:02 PM
**To:** KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric
(CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>;
Joseph Khawam <KhawamJN@state.gov>
**Subject:** Re: Litigation re 3D-printing technology

+ Joe from L

On Oct 3, 2019, at 10:49 AM, Robinson, Stuart J. (CIV) <strobins@civ.usdoj.gov> wrote:



**From:** KLASON, PETER (Federal) <PKLASON@doc.gov>
**Sent:** Friday, September 20, 2019 3:12 PM
**To:** JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>;
Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>
**Cc:** Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; Myers, Steven A. (CIV)
<stmyers@CIV.USDOJ.GOV>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Litigation re 3D-printing technology

**From:** JEST, JOE (Federal) <JJEST@doc.gov>
**Sent:** Thursday, September 19, 2019 5:03 PM
**To:** Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV)
<Tony.Coppolino@usdoj.gov>
**Cc:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV)
<Steven.A.Myers@usdoj.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>;
Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Litigation re 3D-printing technology



**From:** Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>
**Sent:** Thursday, September 19, 2019 4:56 PM
**To:** JEST, JOE (Federal) <JJEST@doc.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Litigation re 3D-printing technology

**From:** JEST, JOE (Federal) <JJEST@doc.gov>
**Sent:** Thursday, September 19, 2019 4:11 PM
**To:** Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>
**Cc:** Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** Litigation re 3D-printing technology

Joe

Message

| | |
|---|---|
| **From:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent:** | 10/8/2019 5:59:53 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject:** | RE: Litigation re 3D-printing technology |

Thanks, Rick.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

---

SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 8, 2019 12:59 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology

Joe,
Have not completed my review, but a couple items to bring to your attention:

V/r Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

---

SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 8, 2019 12:21 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology

Please let me know if you have any further edits or any concerns with my proposed edits.  I plan to share the document with L/FO (Josh Dorosin) in Jeff's absence. I'd propose attempting to finalize any internal edits to the document by cob today, so that we can recirculate to DOJ and DOC for any further comments tomorrow.  We would then (hopefully) be in a position to send the draft rule to OMB by Thursday.  Happy to discuss any of these proposed changes if helpful.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Sent:** Monday, October 7, 2019 3:46 PM
**To:** 'Abraham, Liz (Federal)' <LAbraham@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** 'KLASON, PETER (Federal)' <PKLASON@doc.gov>; 'JEST, JOE (Federal)' <JJEST@doc.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology



**From:** Robinson, Stuart J. (CIV)
**Sent:** Friday, October 04, 2019 2:08 PM
**To:** Abraham, Liz (Federal) <LAbraham@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology



**From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Sent:** Thursday, October 03, 2019 10:33 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Litigation re 3D-printing technology



On Oct 3, 2019, at 9:54 PM, Khawam, Joseph N <KhawamJN@state.gov> wrote:

> Thanks, Stuart and Liz.  I'm not available from 11:00-12:00 and 3:00-3:30 on Tue, Oct 8.  Any other time
> works for me.
>
> **From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
> **Sent:** Thursday, October 3, 2019 3:14 PM
> **To:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; KLASON, PETER (Federal)

<PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>;
Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Khawam, Joseph N <KhawamJN@state.gov>;
Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Litigation re 3D-printing technology

███████████████████████████████████████████

Confidentiality Notice:  This e-mail message is intended only for the named recipients.  It contains
information that may be confidential, privileged, attorney work product, or otherwise exempt from
disclosure under applicable law.  If you have received this message in error, are not a named recipient, or
are not the employee or agent responsible for delivering this message to a named recipient, be advised
that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its
contents is strictly prohibited.  Please notify us immediately that you have received this message in error,
and delete the message.

**From:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Sent:** Thursday, October 3, 2019 2:02 PM
**To:** KLASON, PETER (Federal) <PKLASON@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric
(CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>;
Joseph Khawam <KhawamJN@state.gov>
**Subject:** Re: Litigation re 3D-printing technology



**From:** KLASON, PETER (Federal) <PKLASON@doc.gov>
**Sent:** Friday, September 20, 2019 3:12 PM
**To:** JEST, JOE (Federal) <JJEST@doc.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>;
Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>
**Cc:** Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; Myers, Steven A. (CIV)
<stmyers@CIV.USDOJ.GOV>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Litigation re 3D-printing technology

██████████████████████████████████████████

**From:** JEST, JOE (Federal) <JJEST@doc.gov>
**Sent:** Thursday, September 19, 2019 5:03 PM
**To:** Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Coppolino, Tony (CIV)
<Tony.Coppolino@usdoj.gov>
**Cc:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV)
<Steven.A.Myers@usdoj.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>;

Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Litigation re 3D-printing technology



**From:** Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>
**Sent:** Thursday, September 19, 2019 4:56 PM
**To:** JEST, JOE (Federal) <JJEST@doc.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** RE: Litigation re 3D-printing technology

**From:** JEST, JOE (Federal) <JJEST@doc.gov>
**Sent:** Thursday, September 19, 2019 4:11 PM
**To:** Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>
**Cc:** Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Abraham, Liz (Federal) <LAbraham@doc.gov>
**Subject:** Litigation re 3D-printing technology

Tony, hello and hope all is well.

Joe

WASHSTATEC003983

Message

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/8/2019 10:13:10 PM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Attachments**: | Tab 1 - Cat I-III Final FRN updated v4 (2019-10-08).docx |

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

SBU - DELIBERATIVE PROCESS

WASHSTATEC003984

Message

| | |
|---|---|
| **From:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent:** | 10/9/2019 1:38:25 AM |
| **To:** | Minarich, Christine M [MinarichCM@state.gov]; Timothy Mooney [Timothy.Mooney@bis.doc.gov]; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W [KoellingRW@state.gov]; Memos, Nicholas [MemosNI@state.gov]; Foster, John A [FosterJA2@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov] |
| **CC:** | Abraham, Liz [LAbraham@doc.gov]; Matthew Borman [Matthew.Borman@bis.doc.gov]; Richard Ashooh [Richard.Ashooh@bis.doc.gov]; Clagett, Steven [steven.clagett@bis.doc.gov]; Lopes, Alexander [alexander.lopes@bis.doc.gov]; Hillary Hess [Hillary.Hess@bis.doc.gov]; Karen NiesVogel [Karen.NiesVogel@bis.doc.gov]; Jessica Curyto [Jessica.Curyto@bis.doc.gov] |
| **Subject:** | RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |
| **Attachments:** | Tab 1 - Cat I-III Final FRN (For DOJ and DOC) (2019-10-08).docx |

Attached please find the updated State rule addressing comments from DOJ and Commerce. We'd welcome any further feedback. If possible, please send any further comments or edits by cob tomorrow (10/9) to allow sufficient time to finalize the draft rule for OMB by Thursday (10/10). Thanks.

SBU - DELIBERATIVE PROCESS

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 4:21 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

All,

Please find attached an updated redline of the State Category I-III (firearms) rule █████████████████████████████████████████████████████████████████████████

We're following Commerce's approach and sending the attached to DOJ and DOC/BIS for informal review prior to submitting the updated rule formally to OMB for interagency review next week.

In order to keep with the timeline, and because of the relatively minor nature of our edits, we'll follow the same timeline as Commerce. Please provide any comments or edits that you have on the State rule by COB on Friday, October 4, 2019.

Christine

Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646
Tu,Th: (202) 663-2915

SBU - DELIBERATIVE PROCESS

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ██████████████████████████████████████
████████████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ███████████████████████████████████████████████████████████
██████████  I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Message

| | |
|---|---|
| **From:** | Miller, Michael F [Millermf@state.gov] |
| **Sent:** | 10/9/2019 8:03:54 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Foster, John A [FosterJA2@state.gov] |
| **CC:** | Kovar, Jeffrey D [KovarJD@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: Status Update on Cats I-III |

Thanks very much Joe

SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, October 9, 2019 3:53 PM
**To:** Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Status Update on Cats I-III

I wanted to pass along a quick status update.

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

SBU - DELIBERATIVE PROCESS

Message

**From**:          Foster, John A [FosterJA2@state.gov]
**Sent**:          10/9/2019 8:13:44 PM
**To**:            Noonan, Michael J [NoonanMJ@state.gov]
**Subject**:       FW: Status Update on Cats I-III
**Attachments**:   USML Cat I-III 38(f) - AM to T v4.docx; USML Cat I-III 38(f) - AM to T Tab 1 (Notification Letters) v4.docx

SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 9, 2019 4:12 PM
**To:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Status Update on Cats I-III

Dear All,
Here is the revised AM to T for notification. All comments received have been incorporated. I've also included Tamara's  update to the notification letters. Mike, please let me know if you clear as well.

+ Josh

Very respectfully,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU - DELIBERATIVE PROCESS

Message

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 10/9/2019 8:24:58 PM |
| **To**: | Miller, Michael F [Millermf@state.gov] |
| **Subject**: | FW: last 38(f) package |
| **Attachments**: | USML Cat I-III 38(f) - AM to T Tab 1 (Notification Letters).docx; USML Cat I-III 38(f) - AM to T Tab 2 (Revised Control Text).docx; USML Cat I-III 38(f) - AM to T Tab 3 (Line-in Line-out Comparison).docx; USML Cat I-III 38(f) - AM to T Tab 4 (Commerce control text).docx; USML Cat I-III 38(f) - AM to T Tab 5 (Summary).docx; USML Cat I-III 38(f) - AM to T Tab 6 (MDE List).docx; USML Cat I-III 38(f) - AM to T.docx |

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

<div align="center">UNCLASSIFIED</div>

**From:** Hart, Robert L <HartRL@state.gov>
**Sent:** Thursday, October 3, 2019 1:56 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** last 38(f) package

Rob Hart
**Chief, Regulatory and Multilateral Affairs Division**
Department of State | Directorate of Defense Trade Controls
202.736.9221 | hartrl@state.gov

<div align="center">UNCLASSIFIED</div>

WASHSTATEC003989

Message
_____

**From:**      Miller, Michael F [Millermf@state.gov]
**Sent:**      10/9/2019 8:32:24 PM
**To:**        Koelling, Richard W [KoellingRW@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Foster, John A [FosterJA2@state.gov]; Paul, Joshua M [PaulJM@state.gov]
**Subject:**   FW: Status Update on Cats I-III
**Attachments:** USML Cat I-III 38(f) - AM to T v4.docx; USML Cat I-III 38(f) - AM to T Tab 1 (Notification Letters) v4.docx


Thanks Rick – clear w/minor typo, format and wordsmithing changes to both documents.

MM

_____

SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 9, 2019 4:12 PM
**To:** Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Status Update on Cats I-III

Dear All,
Here is the revised AM to T for notification. All comments received have been incorporated. I've also included Tamara's  update to the notification letters. Mike, please let me know if you clear as well.

+ Josh

Very respectfully,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


SBU - DELIBERATIVE PROCESS

Appointment

**From**:      Miller, Michael F [Millermf@state.gov]
**Sent**:      10/9/2019 9:22:43 PM
**To**:        Biery, Meghan N. EOP/NSC [Meghan.N.Biery@nsc.eop.gov]

**Subject**:   Accepted: FW: PCC-Level CATS I-III Sync
**Location**:  EEOB 374

**Start**:     10/16/2019 3:00:00 PM
**End**:       10/16/2019 4:00:00 PM
**Show Time As**: Busy


**Recurrence**:   (none)

Appointment

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/10/2019 2:40:36 PM |
| **To**: | Sarni, Geneva M [SarniGM@state.gov] |

| | |
|---|---|
| **Subject**: | Accepted: CATS 1-3 |
| **Location**: | 6805 |

| | |
|---|---|
| **Start**: | 10/16/2019 6:00:00 PM |
| **End**: | 10/16/2019 6:30:00 PM |
| **Show Time As**: | Busy |

| | |
|---|---|
| **Recurrence**: | (none) |

Message

| | |
|---|---|
| **From:** | Sarni, Geneva M [SarniGM@state.gov] |
| **Sent:** | 10/10/2019 5:06:10 PM |
| **To:** | Dorosin, Joshua L [DorosinJL@state.gov]; String, Marik A [StringMA@state.gov]; Nightingale, Robert L [NightingaleRL@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: CATS 1-3 |

Added to the invite –thanks!

# Geneva Sarni

Office Management Specialist
US Department of State
Office of the Legal Adviser (L)
HST/L/FO/Room 6805
(O): 202-647-9598
Contractor - Nisga'a Data Systems (NDS)

UNCLASSIFIED

**From:** Dorosin, Joshua L <DorosinJL@state.gov>
**Sent:** Thursday, October 10, 2019 1:05 PM
**To:** Sarni, Geneva M <SarniGM@state.gov>; String, Marik A <StringMA@state.gov>; Nightingale, Robert L <NightingaleRL@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: CATS 1-3

Adding Christine Minarich.


-----Original Appointment-----
**From:** Sarni, Geneva M <SarniGM@state.gov>
**Sent:** Thursday, October 10, 2019 10:33 AM
**To:** String, Marik A; Nightingale, Robert L; Dorosin, Joshua L; Kovar, Jeffrey D; Khawam, Joseph N
**Subject:** CATS 1-3
**When:** Wednesday, October 16, 2019 2:00 PM-2:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** 6805


UNCLASSIFIED

Appointment

**From**:         Minarich, Christine M [MinarichCM@state.gov]
**Sent**:         10/10/2019 5:37:48 PM
**To**:           Sarni, Geneva M [SarniGM@state.gov]

**Subject**:      Accepted: CATS 1-3
**Location**:     6805

**Start**:        10/16/2019 6:00:00 PM
**End**:          10/16/2019 6:30:00 PM
**Show Time As**: Busy


**Recurrence**:   (none)

WASHSTATEC003994

Delivery Report

| | |
|---|---|
| **From**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent**: | 10/10/2019 6:59:24 PM |
| **To**: | Coppolino, Tony (CIV) [Tony.Coppolino@usdoj.gov] |
| **Subject**: | Read: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19) |

Your message


was read on


Your message

   To: Minarich, Christine M
   Subject: RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)
   Sent: Wednesday, October 9, 2019 4:55:44 PM (UTC-05:00) Eastern Time (US & Canada)

 was read on Thursday, October 10, 2019 2:58:54 PM (UTC-05:00) Eastern Time (US & Canada).

WASHSTATEC003995

```
Final-recipient: RFC822; MinarichCM@state.gov

Disposition: automatic-action/MDN-sent-automatically; displayed

X-MSExch-Correlation-Key: T/aNsQZALkSroaGln8UspA==

X-Display-Name: Minarich, Christine M
```

WASHSTATEC003996

Message

| | |
|---|---|
| **From**: | Betts, Timothy A [BettsTA@state.gov] |
| **Sent**: | 10/11/2019 2:57:48 PM |
| **To**: | Cooper, R. Clarke [CooperRC@state.gov] |
| **CC**: | Windecker, Melissa A [WindeckerMA@state.gov]; MacPherson, Ashley N [MacPhersonAN@state.gov] |
| **Subject**: | All's well on the home front |

Clarke,

It has been an interesting first week.



Safe travels,
Tim

*Timothy A. Betts*
Principal Deputy Assistant Secretary
Bureau of Political-Military Affairs
U.S. Department of State
(202) 647-9023

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC003997

Message

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 10/11/2019 6:11:52 PM |
| **To**: | Miller, Michael F [Millermf@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Foster, John A [FosterJA2@state.gov]; Khawam,Joseph N [KhawamJN@state.gov]; Paul, Joshua M [PaulJM@state.gov]; Hart, Robert L [HartRL@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | Cats I-III Rule Update |

Dear all,

I just received a call from Tim Mooney regarding the status of their rule. He provided the following:

Very respectfully,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/11/2019 6:17:17 PM |
| **To:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Miller, Michael F [Millermf@state.gov]; Foster, John A [FosterJA2@state.gov]; Khawam, JosephN [KhawamJN@state.gov]; Paul, Joshua M [PaulJM@state.gov]; Hart, Robert L [HartRL@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: Cats I-III Rule Update |

████████████████████████████████████████████

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

---

SENSITIVE BUT UNCLASSIFIED

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Friday, October 11, 2019 2:15 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>; Foster, John A <FosterJA2@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Re: Cats I-III Rule Update

Thanks For the update Rick.  Do we know if/who will be acting for T?

---

**From:** Koelling, Richard W <KoellingRW@state.gov>

**Sent:** Friday, October 11, 2019 2:11 PM

**To:** Miller, Michael F; Heidema, Sarah J; Foster, John A; Khawam, Joseph N; Paul, Joshua M; Hart, Robert L; Minarich, Christine M

**Subject:** Cats I-III Rule Update

Dear all,

I just received a call from Tim Mooney regarding the status of their rule. He provided the following:

████████████████████████████████████████████



Very respectfully,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Paul, Joshua M [PaulJM@state.gov] |
| **Sent:** | 10/11/2019 6:19:45 PM |
| **To:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Miller, Michael F [Millermf@state.gov]; Foster,John A [FosterJA2@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Hart, Robert L [HartRL@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | Re: Cats I-III Rule Update |

███████████████████

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>

**Date:** October 11, 2019 at 2:18:09 PM EDT

**To:** Paul, Joshua M <PaulJM@state.gov>, Koelling, Richard W <KoellingRW@state.gov>, Miller, Michael F <Millermf@state.gov>, Foster, John A <FosterJA2@state.gov>, Khawam, Joseph N <KhawamJN@state.gov>, Hart, Robert L <HartRL@state.gov>, Minarich, Christine M <MinarichCM@state.gov>

**Subject:** Re: Cats I-III Rule Update

███████████████████

**From:** Paul, Joshua M <PaulJM@state.gov>

**Sent:** Friday, October 11, 2019 2:16:57 PM

**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Miller, Michael F <Millermf@state.gov>; Foster, John A <FosterJA2@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>

**Subject:** Re: Cats I-III Rule Update

████████████████████████████████

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>

**Date:** October 11, 2019 at 2:14:45 PM EDT

**To:** Koelling, Richard W <KoellingRW@state.gov>, Miller, Michael F <Millermf@state.gov>, Foster, John A <FosterJA2@state.gov>, Khawam, Joseph N <KhawamJN@state.gov>, Paul, Joshua M <PaulJM@state.gov>, Hart,

Robert L <HartRL@state.gov>, Minarich, Christine M <MinarichCM@state.gov>

**Subject:** Re: Cats I-III Rule Update

Thanks For the update Rick.  Do we know if/who will be acting for T?

---

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 11, 2019 2:11 PM
**To:** Miller, Michael F; Heidema, Sarah J; Foster, John A; Khawam, Joseph N; Paul, Joshua M; Hart, Robert L; Minarich, Christine M
**Subject:** Cats I-III Rule Update

Dear all,

I just received a call from Tim Mooney regarding the status of their rule. He provided the following:



Very respectfully,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

WASHSTATEC004002

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004003

Message

| | |
|---|---|
| **From**: | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Sent**: | 10/14/2019 7:49:58 PM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **CC**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | Cats I-III |

Joe – █████████████████████████████████████████████████

█████████████████████████████████████████████████████ Note I'll be out tomorrow all

morning at an off-site with PM/SNA so not available to talk until I get back.  - Jeff

UNCLASSIFIED

Message

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/15/2019 1:13:14 AM |
| **To**: | Kovar, Jeffrey D [KovarJD@state.gov] |
| **CC**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | Re: Cats I-III |

Thanks, Jeff ████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

Joseph Khawam
Office of the Legal Adviser (L/PM)

---

**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Monday, October 14, 2019 3:49:58 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Cats I-III

Joe – I'm just now back and poking my nose into pending emails and appointments. ████████████
████████████████████████████████████████████████████ Note I'll be out tomorrow all
morning at an off-site with PM/SNA so not available to talk until I get back.  - Jeff

UNCLASSIFIED

Appointment

---

**From**:        Kovar, Jeffrey D [KovarJD@state.gov]
**Sent**:        10/15/2019 10:00:07 AM
**To**:          Meghan.N.Biery@nsc.eop.gov

**Subject**:     Accepted: PCC-Level CATS I-III Sync
**Location**:    EEOB 374

**Start**:       10/16/2019 3:00:00 PM
**End**:         10/16/2019 4:00:00 PM
**Show Time As**: Busy


**Recurrence**:  (none)

Message

---

**From:** Koelling, Richard W [KoellingRW@state.gov]
**Sent:** 10/15/2019 10:58:11 AM
**To:** Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Foster, John A [FosterJA2@state.gov]; Paul, Joshua M [PaulJM@state.gov]
**CC:** Kovar, Jeffrey D [KovarJD@state.gov]
**Subject:** Re: NSC Meeting

Joe, when I get in the office, I'll send you the WAVEs.

Get Outlook for iOS

---

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, October 14, 2019 9:21:24 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** NSC Meeting

████████████████████████████████ Would you also mind sending the WAVES invite?

Joseph Khawam
Office of the Legal Adviser (L/PM)

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/15/2019 11:27:53 AM |
| **To:** | Kovar, Jeffrey D [KovarJD@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Foster, John A [FosterJA2@state.gov]; Paul, Joshua M [PaulJM@state.gov] |
| **Subject:** | RE: NSC Meeting |

Jeff, thanks.

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Tuesday, October 15, 2019 7:26 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Foster, John A <FosterJA2@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Subject:** Re: NSC Meeting

I was able to send it to Joe.

Sent from my BlackBerry 10 smartphone.

**From:** Koelling, Richard W
**Sent:** Tuesday, October 15, 2019 6:58 AM
**To:** Khawam, Joseph N; Heidema, Sarah J; Foster, John A; Paul, Joshua M
**Cc:** Kovar, Jeffrey D
**Subject:** Re: NSC Meeting

██████████████████████████████████████

Get Outlook for iOS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, October 14, 2019 9:21:24 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** NSC Meeting

██████████████████████████████████████████████

Joseph Khawam
Office of the Legal Adviser (L/PM)

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/15/2019 11:35:12 AM |
| **To:** | Timothy Mooney [Timothy.Mooney@bis.doc.gov] |
| **Subject:** | RE: Administrative Record of Comments |
| **Attachments:** | USML Cat I-III 38(f) - AM to T Tab 4 (Commerce control text).docx; USML Cat I-III 38(f) - AM to T Tab 2 (Revised Control Text).docx; USML Cat I-III 38(f) - AM to T Tab 1 (Notification Letters).docx; USML Cat I-III 38(f) - AM to T Tab 5 (Summary).docx; USML Cat I-III 38(f) - AM to T Tab 6 (MDE List).docx; USML Cat I-III 38(f) - AM to T Tab 3 (Line-in Line-out Comparison).docx |

Tim, I think these are the docs you were looking for.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, October 11, 2019 3:36 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Administrative Record of Comments

███████████████████████

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 11, 2019 3:35 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Subject:** RE: Administrative Record of Comments

Tim, yes, same one!

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, October 11, 2019 3:29 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Administrative Record of Comments



**From:** Timothy Mooney
**Sent:** Friday, October 11, 2019 3:16 PM
**To:** 'Koelling, Richard W' <KoellingRW@state.gov>
**Subject:** RE: Administrative Record of Comments



**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 11, 2019 3:09 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Administrative Record of Comments

Yes. Sorry.

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, October 11, 2019 3:07 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Administrative Record of Comments

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 11, 2019 1:52 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Subject:** Administrative Record of Comments

WASHSTATEC004010

Tim, here is half your request.

Cheers,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Noonan, Michael J <NoonanMJ@state.gov>
**Sent:** Friday, October 11, 2019 1:39 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:**

███████████████████████████████████████

Michael Noonan

_____


Department of State
Directorate of Defense Trade Controls (PM/DDTC/DTCC)
Compliance Analyst (CNB Contractor)
(202) 632-2788

UNCLASSIFIED

**Message**

---

**From:** Nightingale, Robert L [NightingaleRL@state.gov]
**Sent:** 10/15/2019 1:27:37 PM
**To:** Khawam, Joseph N [KhawamJN@state.gov]
**Subject:** RE: Meeting tomorrow

Will do!  Best of luck (I was dealing with a similar issue recently).

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 15, 2019 9:27 AM
**To:** Nightingale, Robert L <NightingaleRL@state.gov>
**Subject:** RE: Meeting tomorrow

Thanks, Robby.  Please give me a ring or flag anything on the low side for me if needed.  My █████████████████████
but deskside support is supposedly on its way here, so I should be up and running soon.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Nightingale, Robert L <NightingaleRL@state.gov>
**Sent:** Tuesday, October 15, 2019 9:25 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Cc:** Dorosin, Joshua L <DorosinJL@state.gov>
**Subject:** RE: Meeting tomorrow

Thanks, sounds good to me. ████████████████████████████████████

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 15, 2019 9:24 AM
**To:** Nightingale, Robert L <NightingaleRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Cc:** Dorosin, Joshua L <DorosinJL@state.gov>
**Subject:** RE: Meeting tomorrow

████████████████████████████████████████████████████
██████████████████████████████████████████  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Nightingale, Robert L <NightingaleRL@state.gov>
**Sent:** Tuesday, October 15, 2019 9:21 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Kovar, Jeffrey D

<KovarJD@state.gov>
**Cc:** Dorosin, Joshua L <DorosinJL@state.gov>
**Subject:** Meeting tomorrow

Hi all, ███████████████████████████████████ Best, Robby

SENSITIVE BUT UNCLASSIFIED

Message

**From:** Khawam, Joseph N [KhawamJN@state.gov]
**Sent:** 10/15/2019 2:00:18 PM
**To:** Nightingale, Robert L [NightingaleRL@state.gov]
**Subject:** RE: Meeting tomorrow

Thanks, Robby.

███████████████████████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Nightingale, Robert L <NightingaleRL@state.gov>
**Sent:** Tuesday, October 15, 2019 9:38 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Meeting tomorrow

███████████████████████████████████████████

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 15, 2019 9:24 AM
**To:** Nightingale, Robert L <NightingaleRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Cc:** Dorosin, Joshua L <DorosinJL@state.gov>
**Subject:** RE: Meeting tomorrow

█████████████████████████████████████████████████ Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Nightingale, Robert L <NightingaleRL@state.gov>
**Sent:** Tuesday, October 15, 2019 9:21 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Cc:** Dorosin, Joshua L <DorosinJL@state.gov>
**Subject:** Meeting tomorrow

Hi all,███████████████████████████████████████ Best, Robby

SENSITIVE BUT UNCLASSIFIED

Appointment

---

**From**:        Koelling, Richard W [KoellingRW@state.gov]
**Sent**:        10/15/2019 4:31:47 PM
**To**:          Ross, Paula E [RossPE@state.gov]

**Subject**:     Meeting with Mike and Sarah on Cats I-III
**Location**:    DAS' Office

**Start**:       10/16/2019 2:15:00 PM
**End**:         10/16/2019 2:45:00 PM
**Show Time As**: Tentative


**Recurrence**:  (none)

Message

**From**:      Miller, Michael F [Millermf@state.gov]
**Sent**:      10/15/2019 6:04:59 PM
**To**:        Koelling, Richard W [KoellingRW@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]
**Subject**:   RE: Meeting with Mike and Sarah on Cats I-III

Yes, but please chance meeting locale to PM FO in HST -- 6203

-----Original Appointment-----
**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 15, 2019 12:32 PM
**To:** Miller, Michael F; Heidema, Sarah J
**Subject:** Meeting with Mike and Sarah on Cats I-III
**When:** Wednesday, October 16, 2019 10:15 AM-10:45 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** DAS' Office

UNCLASSIFIED

Message

**From:** Koelling, Richard W [KoellingRW@state.gov]
**Sent:** 10/16/2019 1:19:05 PM
**To:** Hart, Robert L [HartRL@state.gov]; Foster, John A [FosterJA2@state.gov]
**Subject:** USML Cat I-III 38(f) - AM to T v4
**Attachments:** USML Cat I-III 38(f) - AM to T v4.docx

███████████████████████████████████████

███████████████████████████████████████

Cheers, Rick

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent**: | 1/3/2019 2:00:59 PM |
| **To**: | 'Robinson, Stuart J. (CIV)' [Stuart.J.Robinson@usdoj.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Rogers, Shana A [RogersSA2@state.gov] |
| **Subject**: | FW: Informal notification for removal of items from the U.S. Munitions List |
| **Attachments**: | USML Cat I-III 38(f) - MDE List.pdf; USML Cat I-III 38(f) - Line-in Line-out Comparison.pdf; USML Cat I-III 38(f) - Commerce control text.pdf; USML Cat I-III 38(f) - Notification Letters.pdf; USML Cat I-III 38(f) - Revised Control Text.pdf |

The informal notification has been sent

**Official**
UNCLASSIFIED

**From:** Heidema, Sarah J
**Sent:** Thursday, January 3, 2019 8:59 AM
**To:** 'Tom_Callahan@foreign.senate.gov' <Tom_Callahan@foreign.senate.gov>; 'Doug.Anderson@mail.house.gov' <Doug.Anderson@mail.house.gov>; 'David_Fite@foreign.senate.gov' <David_Fite@foreign.senate.gov>; 'Edmund.Rice@mail.house.gov' <Edmund.Rice@mail.house.gov>; 'Stacie_Oliver@foreign.senate.gov' <Stacie_Oliver@foreign.senate.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; String, Marik A <StringMA@state.gov>; Paul, Joshua M <PaulJM@state.gov>; Lorman, Amanda L <LormanAL@state.gov>; 'Laychak, Michael R SES DTSA EO (US)' <michael.r.laychak.civ@mail.mil>; Matthew Borman <Matthew.Borman@bis.doc.gov>
**Subject:** Informal notification for removal of items from the U.S. Munitions List

This email provides the documents that begin the 30-day informal notification period for the removal of items from the U.S. Munitions List (USML) Categories I-III.  This notification proceeds the statutorily required 30-day notification period for removals of items from the USML pursuant to AECA section 38(f).  This package of documents contains the draft letters that will transmit the formal notification, a summary of the revisions to USML Categories I-III, copies of the revised USML Category I-III; line-in/line-out comparisons of the current USML Categories I-III and the revised version; and a copy of the Department of Commerce's companion regulatory text describing new or revised Export Control Classification Numbers (ECCNs) that will control the transitioning items.

Department of State personnel, along with our interagency colleagues, are available to answer any questions you may have related to the attached and would be please to provide you a briefing on the changes outlined in these rules.

Regards,

Sarah Heidema
Director
Office of Defense Trade Controls Policy
Directorate of Defense Trade Controls
Department of State
202-663-2809

**Official**
UNCLASSIFIED

*[December 20, 2018]*

Billing Code: 3510-33-P

**DEPARTMENT OF COMMERCE**

**Bureau of Industry and Security**

**15 CFR Parts 736, 740, 742, 743, 744, 746, 748, 758, 762, 772, and 774**

**[Docket No.    ]**

**RIN 0694-AF47**

**Control of Firearms, Guns, Ammunition and Related Articles the President Determines No Longer Warrant Control under the United States Munitions List (USML)**

**AGENCY:**  Bureau of Industry and Security, Department of Commerce.

**ACTION:**  Final rule.

For the reasons stated in the preamble, parts 736, 740, 742, 743, 744, 746, 748, 758, 762, 772, and 774 of the Export Administration Regulations (15 CFR parts 730-774) are amended as follows:

**PART 736 – GENERAL PROHIBITIONS**

1. The authority citation for 15 CFR part 736 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; 22 U.S.C. 2151 note; E.O. 12938, 59 FR 59099, 3 CFR, 1994 Comp., p. 950; E.O. 13020, 61 FR 54079, 3 CFR, 1996 Comp., p. 219; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; E.O. 13338, 69 FR 26751, 3 CFR, 2004 Comp., p. 168; Notice of November 6, 2017, 82 FR 51971 (November 8, 2017);  Notice of May 9, 2018, 83 FR 21839 (May 10, 2018); Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

2. Supplement No. 1 to part 736 is amended by revising paragraph (e)(3) to read as follows:

**SUPPLEMENT NO. 1 TO PART 736 - GENERAL ORDERS**

\* \* \* \* \*

  (e) \* \* \*

  (3) *Prior commodity jurisdiction determinations.* If the U.S. State Department has previously determined that an item is not subject to the jurisdiction of the ITAR and the item was not listed in a then existing "018" series ECCN (for purposes of the "600 series" ECCNs, or the 0x5zz ECCNs) or in a then existing ECCN 9A004.b or related software or technology ECCN (for

purposes of the 9x515 ECCNs), then the item is per se not within the scope of a "600 series" ECCN, a 0x5zz ECCN, or a 9x515 ECCN.  If the item was not listed elsewhere on the CCL at the time of such determination (*i.e.*, the item was designated EAR99), the item shall remain designated as EAR99 unless specifically enumerated by BIS or DDTC in an amendment to the CCL or to the USML, respectively.

\*   \*   \*   \*   \*

## PART 740 – LICENSE EXCEPTIONS

3. The authority citation for 15 CFR part 740 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; 22 U.S.C. 7201 *et seq.*; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

4. Section 740.2 is amended by adding paragraphs (a)(21) and (22) to read as follows:

## § 740.2 Restrictions on all license exceptions.

(a) \*   \*   \*

(21)  The reexport or transfer (in-country) of firearms classified under ECCNs 0A501 or 0A502 if a part or component that is not "subject to the ITAR," but would otherwise meet the criteria in USML Category I(h)(2)(*i.e.*, parts and components specially designed for conversion of a semiautomatic firearm to a fully automatic firearm) is incorporated into the firearm or is to be reexported or transferred (in-country) with the firearm with "knowledge" the part or component will be subsequently incorporated into the firearm.  (*See* USML Category I(h)(2)).  In such instances, no license exceptions are available except for License Exception GOV (§ 740.11(b)(2)(ii)).

(22) The export, reexport, or transfer (in-country) of any item classified under a 0x5zz ECCN when a party to the transaction is designated on the Department of the Treasury, Office of Foreign Assets Control (OFAC), Specially Designated Nationals and Blocked Persons (SDN) list under the designation [SDNT], pursuant to the Narcotics Trafficking Sanctions Regulations, 31 CFR part 536, or under the designation [SDNTK], pursuant to the Foreign Narcotics Kingpin Sanctions Regulations, 31 CFR part 598.

5. Section 740.9 is amended by:

a.  Adding five sentences at the end of paragraph (a) introductory text;

WASHSTATEC004020

[December 20, 2018]

b.  Adding one sentence at the end of paragraph (b)(1) introductory text;

c.  Adding paragraph (b)(5); and

d.  Redesignating notes 1 through 3 to paragraph (b) as notes 2 through 4 to paragraph (b);

The additions read as follows:

**§ 740.9 Temporary imports, exports, reexports, and transfers (in-country) (TMP).**

\* \* \* \* \*

(a)  \*  \*  \*  This paragraph (a) does not authorize any export of a commodity controlled under ECCNs 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled under ECCN 0A502 to, or any export of such an item that was imported into the United States from, a country in Country Group D:5 (Supplement No. 1 of this part), or from Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan.  The only provisions of this paragraph (a) that are eligible for use to export such items are paragraph (a)(5) of this section ("Exhibition and demonstration") and paragraph (a)(6) of this section ("Inspection, test, calibration, and repair").  In addition, this paragraph (a) may not be used to export more than 75 firearms per shipment.  In accordance with the requirements in § 758.1(b)(10) and (g)(4) of the EAR, the exporter or its agent must provide documentation that includes the serial number, make, model, and caliber of each firearm being exported by filing these data elements in an EEI filing in AES.  In accordance with the exclusions in License Exception TMP under paragraph (b)(5) of this section, the entry clearance requirements in § 758.1(b)(10) do not permit the temporary import of firearms controlled in ECCN 0A501.a or .b that are shipped from or manufactured in a Country Group D:5 country; or that are shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, (except for any firearm model designation (if assigned) controlled by 0A501 that is specified under Annex A in Supplement No. 4 to part 740, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are shipped from or manufactured in a Country Group D:5 country, or from Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, because of the exclusions in License Exception TMP under paragraph (b)(5) of this section.

\* \* \* \* \*

(b)  \*  \*  \*

(1) \*  \*  \* No provision of paragraph (b) of this section, other than paragraph (b)(3), (4),

*[December 20, 2018]*

or (5), may be used to export firearms controlled by ECCN 0A501.a, .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502.

\* \* \* \* \*

(5) *Exports of firearms and certain shotguns temporarily in the United States.* This paragraph (b)(5) authorizes the export of no more than 75 end item firearms per shipment controlled by ECCN 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are temporarily in the United States for a period not exceeding one year, provided that:

(i) The firearms were not shipped from or manufactured in a U.S. arms embargoed country, *i.e.*, destination listed in Country Group D:5 in Supplement No. 1 to part 740 of the EAR;

(ii) The firearms were not shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, except for any firearm model controlled by 0A501 that is specified under Annex A in Supplement No. 4 to part 740; and

(iii) The firearms are not ultimately destined to a U.S. arms embargoed country, *i.e.*, destination listed in Country Group D:5 in Supplement No. 1 to part 740 of the EAR, or to Russia;

(iv) When the firearms entered the U.S. as a temporary import, the temporary importer or its agent:

(A) Provided the following statement to U.S. Customs and Border Protection: "This shipment will be exported in accordance with and under the authority of License Exemption TMP (15 CFR 740.9(b)(5))";

(B) Provided to U.S. Customs and Border Protection an invoice or other appropriate import-related documentation (or electronic equivalents) that includes a complete list and description of the firearms being temporarily imported, including their model, make, caliber, serial numbers, quantity, and U.S. dollar value; and

(C) Provided (if temporarily imported for a trade show, exhibition, demonstration, or testing) to U.S. Customs and Border Protection the relevant invitation or registration documentation for the event and an accompanying letter that details the arrangements to maintain effective control of the firearms while they are in the United States.

(v) In addition to the export clearance requirements of part 758 of the EAR, the exporter

WASHSTATEC004022

*[December 20, 2018]*

or its agent must provide the import documentation related to paragraph (b)(5)(iv)(B) of this section to U.S. Customs and Border Protection at the time of export.

*Note 1 to paragraph (b)(5): In addition to complying with all applicable EAR requirements for the export of commodities described in paragraph (b)(5), exporters and temporary importers should contact U.S. Customs and Border Protection (CBP) at the port of temporary import or export, or at the CBP website, for the proper procedures for temporarily importing or exporting firearms controlled in ECCN 0A501.a or .b or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502, including regarding how to provide any data or documentation required by BIS.*

\* \* \* \* \*

6. Section 740.10 is amended by:

a. Adding one sentence at the end of paragraph (b)(1); and

b. Adding paragraph (b)(4).

The additions read as follows:

## § 740.10 Servicing and replacement of parts and equipment (RPL)

\* \* \* \* \*

*(b)* \* \* \*

(1) \*   \*   \* The export of firearms controlled by ECCN 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 temporarily in the United States for servicing and replacement may be exported under paragraphs (b)(2) or (3) of this section only if the additional requirements in paragraph (b)(4) of this section are also met.

\* \* \* \* \*

(4) *Exports of firearms and certain shotguns temporarily in the United States for servicing and replacement.* This paragraph (b)(4) authorizes the export of firearms controlled by ECCN 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are temporarily in the United States for servicing or replacement for a period not exceeding one year or the time it takes to service or replace the commodity, whichever is shorter, provided that the requirements of paragraphs (b)(2) or (3) of this section are met and:

(i) The firearms were not shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, except for any firearm model controlled by 0A501 that is specified under Annex A in Supplement No. 4 to part 740;

WASHSTATEC004023

*[December 20, 2018]*

(ii) When the firearms entered the U.S. as a temporary import, the temporary importer or its agent:

(A) Provided the following statement to U.S. Customs and Border Protection: "This shipment will be exported in accordance with and under the authority of License Exception RPL (15 CFR 740.10(b))";

(B) Provided to U.S. Customs and Border Protection an invoice or other appropriate import-related documentation (or electronic equivalents) that includes a complete list and description of the firearms being temporarily imported, including their model, make, caliber, serial numbers, quantity, and U.S. dollar value; and

(C) Provided (if temporarily imported for servicing or replacement) to U.S. Customs and Border Protection the name, address and contact information (telephone number and/or email) of the organization or individual in the U.S. that will be receiving the item for servicing or replacement.

(iii) In addition to the export clearance requirements of part 758 of the EAR, the exporter or its agent must provide the import documentation related to paragraph (b)(4)(iii)(B) of this section to U.S. Customs and Border Protection at the time of export.

*Note 1 to paragraph (b)(4): In addition to complying with all applicable EAR requirements for the export of commodities described in paragraph (b)(4), exporters and temporary importers should contact U.S. Customs and Border Protection (CBP) at the port of temporary import or export, or at the CBP website, for the proper procedures for temporarily importing or exporting firearms controlled in ECCN 0A501.a or .b or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502, including regarding how to provide any data or documentation required by BIS.*

\* \* \* \* \*

7.  Section 740.11 is amended by:

a. Adding two sentences at the end of the introductory text;

b. Adding Note 2 to paragraph (b)(2); and

c. Redesignating note 1 to paragraph (c)(1) as note 3 to paragraph (c)(1) and notes 1 and 2 to paragraph (e) as notes 4 and 5 to paragraph (e).

The additions read as follows:

WASHSTATEC004024

[December 20, 2018]

**§ 740.11 Governments, international organizations, international inspections, under the Chemical Weapons Convention, and the International Space Station (GOV).**

\* \* \* Commodities listed in ECCN 0A501 are eligible only for transactions described in paragraphs (b)(2)(i) and (ii) of this section. Any item listed in a 0x5zz ECCN for export, reexport, or transfer (in-country) to an E:1 country is eligible only for transactions described in paragraphs (b)(2)(i) and (ii) solely for U.S. Government official use of this section.

\* \* \* \* \*

*Note 2 to paragraph (b)(2): Items controlled for NS, MT, CB, NP, FC, or AT reasons may not be exported, reexported, or transferred (in-country) to, or for the use of military, police, intelligence entities, or other sensitive end users (e.g., contractors or other governmental parties performing functions on behalf of military, police, or intelligence entities) of a government in a Country Group E:1 or E:2 country.*

\* \* \* \* \*

8. Section 740.14 is amended by revising paragraph (b)(4), revising the heading to paragraph (e), and by adding paragraphs (e)(3) and (4) to read as follows:

**§ 740.14 Baggage (BAG).**

\* \* \* \* \*

(b) \* \* \*

(4) *Tools of trade.* Usual and reasonable kinds and quantities of tools, instruments, or equipment and their containers and also technology for use in the trade, occupation, employment, vocation, or hobby of the traveler or members of the household who are traveling or moving. For special provisions regarding firearms and ammunition, see paragraph (e) of this section. For special provisions regarding encryption commodities and software subject to EI controls, see paragraph (f) of this section. For a special provision that specifies restrictions regarding the export or reexport of technology under this paragraph (b)(4), see paragraph (g) of this section. For special provisions regarding personal protective equipment under ECCN 1A613.c or .d, see paragraph (h) of this section.

\* \* \* \* \*

(e) *Special provisions for firearms and ammunition.* \* \* \*

(3) A United States citizen or a permanent resident alien leaving the United States may export under this License Exception firearms, "parts," "components," "accessories," or

[December 20, 2018]

"attachments" controlled under ECCN 0A501 and ammunition controlled under ECCN 0A505.a, subject to the following limitations:

(i) Not more than three firearms and 1,000 rounds of ammunition may be taken on any one trip.

(ii) "Parts," "components," "accessories," and "attachments" exported pursuant to this paragraph must be of a kind and limited to quantities that are reasonable for the activities described in paragraph (e)(3)(iv) of this section or that are necessary for routine maintenance of the firearms being exported.

(iii) The commodities must be with the person's baggage.

(iv) The commodities must be for the person's exclusive use and not for resale or other transfer of ownership or control.  Accordingly, except as provided in paragraph (e)(4) of this section, firearms, "parts," "components," "accessories," "attachments," and ammunition, may not be exported permanently under this License Exception.  All firearms, "parts," "components," "accessories," or "attachments" controlled under ECCN 0A501 and all unused ammunition controlled under ECCN 0A505.a exported under this License Exception must be returned to the United States.

(v) Travelers leaving the United States temporarily are required to declare the firearms, "parts," "components," "accessories," "attachments," and ammunition being exported under this license exception to a Customs and Border Protection (CBP) officer prior to departure from the United States and present such items to the CBP officer for inspection, confirming that the authority for the export is License Exception BAG and that the exporter is compliant with its terms.

(4) A nonimmigrant alien leaving the United States may export or reexport under this License Exception only such firearms controlled under ECCN 0A501 and ammunition controlled under ECCN 0A505 as he or she brought into the United States under the relevant provisions of Department of Justice regulations at 27 CFR part 478.

*   *   *   *   *

§ 740.16 [AMENDED]

9. Section 740.16 is amended by:

a. Revising paragraph (a)(2);

b. Revising paragraphs (b)(2)(iv) and (v); and

[December 20, 2018]

    c.  Adding paragraph (b)(2)(vi);

    The revisions and addition read as follows:

## § 740.16 Additional permissive reexports (APR).

\*   \*   \*   \*   \*

(a)   \*   \*   \*

(2) The commodities being reexported are not controlled for NP, CB, MT, SI, or CC reasons or described in ECCNs 0A919, 3A001.b.2 or b.3 (except those that are being reexported for use in civil telecommunications applications), 6A002, 6A003, 6A990; or commodities classified under a 0x5zz ECCN; and

\*   \*   \*   \*   \*

(b)   \*   \*   \*

(2)   \*   \*   \*

(iv) Commodities described in ECCN 0A504 that incorporate an image intensifier tube;

(v) Commodities described in ECCNs 6A002 or 6A990; or

(vi) Commodities classified under a 0x5zz ECCN.

\*   \*   \*   \*   \*

    10.  Section 740.20 is amended by revising paragraph (b)(2)(ii) to read as follows:

## § 740.20 License Exception Strategic Trade Authorization (STA).

\*   \*   \*   \*   \*

    (b)   \*   \*   \*

    (2)   \*   \*   \*

(ii) License Exception STA may not be used for:

    (A) Any item controlled in ECCNs 0A501.a, .b, .c, .d, or .e; 0A981; 0A982; 0A983; 0A503; 0E504; 0E982; or

    (B) Shotguns with barrel length less than 18 inches controlled in 0A502.

\*   \*   \*   \*   \*

    11. Add Supplement No. 4 to part 740 to read as follows:

## SUPPLEMENT NO. 4 TO PART 740 - ANNEX A FIREARM MODELS

(a) *Pistols/revolvers.*

(1) German Model P08 Pistol = SMCR.

(2) IZH 34M, .22 Target pistol.

WASHSTATEC004027

*[December 20, 2018]*

(3) IZH 35M, .22 caliber Target pistol.

(4) Mauser Model 1896 pistol = SMCR.

(5) MC-57-1 pistol.

(6) MC-1-5 pistol.

(7) Polish Vis Model 35 pistol = SMCR.

(8) Soviet Nagant revolver = SMCR.

(9) TOZ 35, .22 caliber Target pistol.

(10) MTs 440.

(11) MTs 57-1.

(12) MTs 59-1.

(13) MTs 1-5.

(14) TOZ-35M (starter pistol).

(15) Biathlon-7K.

(b) *Rifles.*

(1) BARS-4 Bolt Action carbine.

(2) Biathlon target rifle, .22.

(3) British Enfield rifle = SMCR.

(4) CM2, .22 target rifle (also known as SM2, .22).

(5) German model 98K =SMCR.

(6) German model G41 = SMCR.

(7) German model G43=SMCR.

(8) IZH-94.

(9) LOS-7, bolt action.

(10) MC-7-07.

(11) MC-18-3.

(12) MC-19-07.

(13) MC-105-01.

(14) MC-112-02.

(15) MC-113-02.

(16) MC-115-1.

(17) MC-125/127.

*[December 20, 2018]*

(18) MC-126.

(19) MC-128.

(20) Saiga.

(21) Soviet Model 38 carbine=SMCR.

(22) Soviet Model 44 carbine-SMCR.

(23) Soviet Model 91/30 rifle=SMCR.

(24) TOZ 18, .22 bolt action.

(25) TOZ 55.

(26) TOZ 78.

(27) Ural Target, .22lr.

(28) VEPR rifle.

(29) Winchester Model 1895, Russian Model rifle=SMCR.

(30) Sever – double barrel.

(31) IZH18MH single barrel break action.

(32) MP-251 over/under rifle.

(33) MP-221 double barrel rifle.

(34) MP-141K.

(35) MP-161K.

(36) MTs 116-1.

(37) MTs 116M.

(38) MTs 112-02.

(39) MTs 115-1.

(40) MTs 113-02.

(41) MTs 105-01.

(42) MTs 105-05.

(43) MTs 7-17 combination gun.

(44) MTs 7-12-07 rifle/shotgun.

(45) MTs 7-07.

(46) MTs 109-12-07 rifle.

(47) MTs 109-07 rifle.

(48) MTs 106-07 combination.

WASHSTATEC004029

*[December 20, 2018]*

(49) MTs 19-97.

(50) MTs 19-09.

(51) MTs 18-3M.

(52) MTs 125.

(53) MTs 126.

(54) MTs 127.

(55) Berkut-2.

(56) Berkut-2M1.

(57) Berkut-3.

(58) Berkut-2-1.

(59) Berkut-2M2.

(60) Berkut-3-1.

(61) Ots-25.

(62) MTs 20-07.

(63) LOS-7-1.

(64) LOS -7-2.

(65) LOS-9-1.

(66) Sobol (Sable).

(67) Rekord.

(68) Bars-4-1.

(69) Saiga.

(70) Saiga-M.

(71) Saiga 308.

(72) Saiga-308-1.

(73) Saiga 308-2.

(74) Saiga-9.

(75) Korshun.

(76) Ural-5-1.

(77) Ural 6-1.

(78) Ural-6-2.

(79) SM-2.

*[December 20, 2018]*

(80) Biatlon-7-3.

(81) Biatlon-7-4.

(82) Rekord-1.

(83) Rekord-2.

(84) Rekord-CISM.

(85) Rekord-1-308.

(86) Rekord-2-308.

(87) Rekord-1-308-CISM.

(88) VEPR.

(89) VEPR Super.

(90) VEPR Pioneer.

(91) VEPR Safari.

(92) TOZ 109.

(93) KO 44-1.

(94) TOZ 78-01.

(95) KO 44.

(96) TOZ 99.

(97) TOZ 99-01.

(98) TOZ 55-01 Zubr.

(99) TOZ 55-2 Zubr.

(100) TOZ 120 Zubr.

(101) MTs 111.

(102) MTs 109.

(103) TOZ 122.

(104) TOZ 125.

(105) TOZ 28.

(106) TOZ 300.

## PART 742 – CONTROL POLICY—CCL BASED CONTROLS

12.  The authority citation for part 742 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; 22 U.S.C. 3201 *et seq.*; 42 U.S.C. 2139a; 22 U.S.C. 7201 *et seq.*; 22 U.S.C. 7210;

WASHSTATEC004031

*[December 20, 2018]*

Sec. 1503, Pub. L. 108–11, 117 Stat. 559; E.O. 12058, 43 FR 20947, 3 CFR, 1978 Comp., p. 179; E.O. 12851, 58 FR 33181, 3 CFR, 1993 Comp., p. 608; E.O. 12938, 59 FR 59099, 3 CFR, 1994 Comp., p. 950; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Presidential Determination 2003-23, 68 FR 26459, 3 CFR, 2004 Comp., p. 320; Notice of November 6, 2017, 82 FR 51971 (November 8, 2017); Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

13.  Section 742.6 is amended by revising the first and sixth sentences of paragraph (b)(1)(i) and adding a seventh sentence at the end of paragraph (b)(1)(i) to read as follows:

**§742.6 Regional stability.**

* * * * *

(b)  * * *

(1)  * * *

(i)  Applications for exports and reexports of ECCN 0A501, 0A504, 0A505, 0B501, 0B505, 0D501, 0D505, 0E501, 0E504, and 0E505 items; 9x515 items and "600 series" items and will be reviewed on a case-by-case basis to determine whether the transaction is contrary to the national security or foreign policy interests of the United States, including the foreign policy interest of promoting the observance of human rights throughout the world. *  *  * When destined to the People's Republic of China or a country listed in Country Group E:1 in Supplement No. 1 to part 740 of the EAR, items classified under ECCN 0A501, 0A505, 0B501, 0B505, 0D501, 0D505, 0E501, 0E504, and 0E505 or any 9x515 ECCN will be subject to a policy of denial.  In addition, applications for exports and reexports of ECCN 0A501, 0A505, 0B501, 0B505, 0D501, 0D505, 0E501, 0E504, and 0E505 items when there is reason to believe the transaction involves criminal organizations, rebel groups, street gangs, or other similar groups or individuals, that may be disruptive to regional stability, including within individual countries, will be subject to a policy of denial.

* * * * *

14.  Section 742.7 is amended by revising paragraphs (a)(1) through (4) and (c) to read as follows:

**§ 742.7 Crime control and detection.**

(a)  * * *

[December 20, 2018]

(1)  Crime control and detection instruments and equipment and related "technology" and "software" identified in the appropriate ECCNs on the CCL under CC Column 1 in the Country Chart column of the "License Requirements" section.  A license is required to countries listed in CC Column 1 (Supplement No. 1 to part 738 of the EAR).  Items affected by this requirement are identified on the CCL under the following ECCNs: 0A502, 0A504, 0A505.b, 0A978, 0A979 0E502, 0E505 ("technology" for "development" or for "production" of buckshot shotgun shells controlled under ECCN 0A505.b), 1A984, 1A985, 3A980, 3A981, 3D980, 3E980, 4A003 (for fingerprint computers only), 4A980, 4D001 (for fingerprint computers only), 4D980, 4E001 (for fingerprint computers only), 4E980, 6A002 (for police-model infrared viewers only), 6E001 (for police-model infrared viewers only), 6E002 (for police-model infrared viewers only), and 9A980.

(2)  Shotguns with a barrel length greater than or equal to 24 inches, identified in ECCN 0A502 on the CCL under CC Column 2 in the Country Chart column of the "License Requirements" section regardless of end user to countries listed in CC Column 2 (Supplement No. 1 to part 738 of the EAR).

(3)  Shotguns with barrel length greater than or equal to 24 inches, identified in ECCN 0A502 on the CCL under CC Column 3 in the Country Chart column of the "License Requirements" section only if for sale or resale to police or law enforcement entities in countries listed in CC Column 3 (Supplement No. 1 to part 738 of the EAR).

(4)  Certain crime control items require a license to all destinations, except Canada. These items are identified under ECCNs 0A982, 0A503, and 0E982.  Controls for these items appear in each ECCN; a column specific to these controls does not appear in the Country Chart (Supplement No. 1 to part 738 of the EAR).

*   *   *   *   *

(c)  *Contract sanctity*.  Contract sanctity date: August 22, 2000.  Contract sanctity applies only to items controlled under ECCNs 0A982, 0A503, and 0E982 destined for countries not listed in CC Column 1 of the Country Chart (Supplement No. 1 to part 738 of the EAR).

*   *   *   *   *

15.  Section 742.17 is amended by:

a. Revising the first sentence of paragraph (a); and

b. Revising paragraph (f) to read as follows:

[December 20, 2018]

**§ 742.17  Exports of firearms to OAS member countries.**

(a)  *License requirements*. BIS maintains a licensing system for the export of firearms and related items to all OAS member countries.  *  *  *

*  *  *  *  *

(f) *Items/Commodities*.   Items requiring a license under this section are ECCNs 0A501 (except 0A501.y), 0A502, 0A504 (except 0A504.f), and 0A505 (except 0A505.d).  (See Supplement No. 1 to part 774 of the EAR).

*  *  *  *  *

**§ 742.19 [AMENDED]**

16. Section 742.19(a)(1) is amended by:

a. Removing "0A986" and adding in its place "0A505.c"; and

b. Removing "0B986" and adding in its place "0B505.c".

**PART 743 – SPECIAL REPORTING AND NOTIFICATION**

17. The authority citation for 15 CFR part 743 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783;  E.O. 13637, 78 FR 16129, 3 CFR, 2014 Comp., p. 223; 78 FR 16129; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

18. Section 743.4 is amended by:

a. Adding four sentences to the end of paragraph (a);

b. By redesignating Note to paragraph (a) as Note 1 to paragraph (a);

c. Revising paragraph (b);

d. Adding paragraphs (c)(1)(i) and (c)(2)(i);

e. By redesignating Note to paragraph (e)(1)(ii) as Note 2 to paragraph (e)(1)(ii);

e. Revising paragraph (h); and

f. Adding paragraph (i) to read as follows:

**§ 743.4 Conventional arms reporting.**

(a) *  *  *  This section does not require reports when the exporter uses the alternative submission method described under paragraph (h) of this section.  The alternative submission method under paragraph (h) requires the exporter to submit the information required for conventional arms reporting in this section as part of the required EEI submission in AES, pursuant to § 758.1(b)(10).

*[December 20, 2018]*

Because of the requirements in § 758.1(g)(4)(ii) for the firearms that require conventional arms reporting of all conventional arms, the Department of Commerce believes all conventional arms reporting requirements for firearms will be met by using the alternative submission method. The Department of Commerce leaves standard method for submitting reports in place in case any additional items are moved from the USML to the CCL, that may require conventional arms reporting.

    ***Note 1 to paragraph (a):*** *  *  *

(b) *Requirements.* You must submit one electronic copy of each report required under the provisions of this section, or submit this information using the alternative submission method specified in paragraph (h) of this section, and maintain accurate supporting records (see § 762.2(b) of the EAR) for all exports of items specified in paragraph (c) of this section for the following:

(c) *  *  *

(1) *  *  *

    (i) ECCN 0A501.a and .b.

*  *  *  *  *

(2) *  *  *

    (i) ECCN 0A501.a and .b.

*  *  *  *  *

(h) *Alternative submission method.* This paragraph (h) describes an alternative submission method for meeting the conventional arms reporting requirements of this section. The alternative submission method requires the exporter, when filing the required EEI submission in AES, pursuant to § 758.1(b)(10), to include the six character ECCN classification (*i.e.*, 0A501.a or 0A501.b) as the first text to appear in the Commodity description block. If the exporter properly includes this information in the EEI filing in AES, the Department of Commerce will be able to obtain that export information directly from AES to meet the U.S. Government's commitments to the Wassenaar Arrangement and United Nations for conventional arms reporting. An exporter that complies with the requirements in § 758.1(g)(4)(ii) does not have to submit separate annual and semi-annual reports to the Department of Commerce pursuant to this section.

(i) *Contacts.* General information concerning the Wassenaar Arrangement and reporting obligations thereof is available from the Office of National Security and Technology Transfer Controls, Tel.: (202) 482-0092, Fax: (202) 482-4094. Information concerning the reporting

*[December 20, 2018]*

requirements for items identified in paragraphs (c)(1) and (2) of this section is available from the Office of Nonproliferation and Treaty Compliance (NPTC), Tel.: (202) 482-4188, Fax: (202) 482-4145.

**PART 744 – CONTROL POLICY: END-USER AND END-USE BASED**

19. The authority citation for 15 CFR part 744 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 et seq.; 50 U.S.C. 1701 et seq.; 22 U.S.C. 3201 et seq.; 42 U.S.C. 2139a; 22 U.S.C. 7201 et seq.; 22 U.S.C. 7210; E.O. 12058, 43 FR 20947, 3 CFR, 1978 Comp., p. 179; E.O. 12851, 58 FR 33181, 3 CFR, 1993 Comp., p. 608; E.O. 12938, 59 FR 59099, 3 CFR, 1994 Comp., p. 950; E.O. 12947, 60 FR 5079, 3 CFR, 1995 Comp., p. 356; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13099, 63 FR 45167, 3 CFR, 1998 Comp., p. 208; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; E.O. 13224, 66 FR 49079, 3 CFR, 2001 Comp., p. 786; Notice of November 6, 2017, 82 FR 51971 (November 8, 2017); Notice of January 17, 2018, 83 FR 2731 (January 18, 2018); Notice of August 8, 2018, 83 FR 39871 (August 13, 2018); Notice of September 19, 2018, 83 FR 47799 (September 20, 2018).

**§ 744.9 [AMENDED]**

20. Section 744.9 is amended by removing "0A987" from paragraphs (a)(1) and (b) and adding in its place "0A504".

**PART 746 – EMBARGOES AND OTHER SPECIAL CONTROLS**

21. The authority citation for 15 CFR part 746 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; 22 U.S.C. 287c; Sec 1503, Pub. L. 108-11, 117 Stat. 559; 22 U.S.C. 6004; 22 U.S.C. 7201 *et seq.*; 22 U.S.C. 7210; E.O. 12854, 58 FR 36587, 3 CFR, 1993 Comp., p. 614; E.O. 12918, 59 FR 28205, 3 CFR, 1994 Comp., p. 899; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; E.O. 13338, 69 FR 26751, 3 CFR, 2004 Comp., p 168; Presidential Determination 2003-23, 68 FR 26459, 3 CFR, 2004 Comp., p. 320; Presidential Determination 2007-7, 72 FR 1899, 3 CFR, 2006 Comp., p. 325; Notice of May 9, 2018, 83 FR 21839 (May 10, 2018); Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

**§ 746.3 [AMENDED]**

22. Section 746.3 is amended by removing "0A986" from paragraph (b)(2) and adding in its place "0A505.c".

*[December 20, 2018]*

## § 746.7 [AMENDED]

23.  Section 746.7 is amended in paragraph (a)(1) by:

a. Adding "0A503," immediately before "0A980"; and

b. Removing "0A985,".

## PART 748 – APPLICATIONS (CLASSIFICATION, ADVISORY, AND LICENSE) AND DOCUMENTATION

24.  The authority citation for 15 CFR part 748 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

25.  Section 748.12 is amended by:

a. Revising the heading;

b. Adding introductory text;

c. Revising paragraphs (a) introductory text and (a)(1);

d. Redesignating the note to paragraph (c)(8) as note 1 to paragraph (c)(8); and

e. Adding paragraph (e).

The revisions and additions read as follows.

## § 748.12 Firearms import certificate or import permit.

License applications for certain firearms and related commodities require support documents in accordance with this section.  For destinations that are members of the Organization of American States (OAS), an FC Import Certificate or equivalent official document is required in accordance with paragraphs (a) through (d) of this section.  For other destinations that require a firearms import or permit, the firearms import certificate or permit is required in accordance with paragraphs (e) through (g) of this section.

(a) *Requirement to obtain document for OAS member states.* Unless an exception in § 748.9(c) applies, an FC Import Certificate is required for license applications for firearms and related commodities, regardless of value, that are destined for member countries of the OAS.  This requirement is consistent with the OAS Model Regulations described in § 742.17 of the EAR.

(1)  *Items subject to requirement.* Firearms and related commodities are those commodities controlled for "FC Column 1" reasons under ECCNs 0A501 (except 0A501.y), 0A502, 0A504 (except 0A504.f), or 0A505 (except 0A505.d).

WASHSTATEC004037

*[December 20, 2018]*

\* \* \* \* \*

(e) *Requirement to obtain an import certificate or permit for other than OAS member states.* If the country to which firearms, parts, components, accessories, and attachments controlled under ECCN 0A501, or ammunition controlled under ECCN 0A505, are being exported or reexported requires that a government-issued certificate or permit be obtained prior to importing the commodity, the exporter or reexporter must obtain and retain on file the original or a copy of that certificate or permit before applying for an export or reexport license unless:

(1) A license is not required for the export or reexport; or

(2) The exporter is required to obtain an import or end-user certificate or other equivalent official document pursuant to paragraphs (a) thorough (d) of this section and has, in fact, complied with that requirement.

(3)(i) The number or other identifying information of the import certificate or permit must be stated on the license application.

(ii) If the country to which the commodities are being exported does not require an import certificate or permit for firearms imports, that fact must be noted on any license application for ECCN 0A501 or 0A505 commodities.

> **Note 2 to paragraph (e).** *Obtaining a BIS Statement by Ultimate Consignee and Purchaser pursuant to § 748.11 of the EAR does not exempt the exporter or reexporter from the requirement to obtain a certification pursuant to paragraph (a) of this section because that statement is not issued by a government.*

26. Supplement No. 2 to part 748 (Unique Application and Submission Requirements) is amended by adding paragraph (z) to read as follows:

## SUPPLEMENT NO. 2 TO PART 748 - UNIQUE APPLICATION AND SUBMISSION REQUIREMENTS

\* \* \* \* \*

(z) *Exports of firearms and certain shotguns temporarily in the United States.*

(1) *Certification.* If you are submitting a license application for the export of firearms controlled by ECCN 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that will be temporarily in the United States, *e.g.*, for servicing and repair or for intransit shipments, you must include the following certification in Block 24:

> The firearms in this license application will not be shipped from or manufactured in

*[December 20, 2018]*

Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, except for any firearm model controlled by 0A501 that is specified under Annex A in Supplement No. 4 to part 740. I and the parties to this transaction will comply with the requirements specified in paragraph (z)(2)(i) and (ii) of Supplement No. 2 to part 748.

(2) *Requirements*. Each approved license for commodities described under paragraph (z) must comply with the requirements specified in paragraphs (z)(2)(i) and (ii) of this supplement.

(i) When the firearms enter the U.S. as a temporary import, the temporary importer or its agent must:

(A) Provide the following statement to U.S. Customs and Border Protection: "This shipment is being temporarily imported in accordance with the EAR. This shipment will be exported in accordance with and under the authority of BIS license number (provide the license number) (15 CFR 750.7(a) and 758.4);"

(B) Provide to U.S. Customs and Border Protection an invoice or other appropriate import-related documentation (or electronic equivalents) that includes a complete list and description of the firearms being temporarily imported, including their model, make, caliber, serial numbers, quantity, and U.S. dollar value; and

(C) Provide (if temporarily imported for servicing or replacement) to U.S. Customs and Border Protection the name, address, and contact information (telephone number and/or email) of the organization or individual in the U.S. that will be receiving the item for servicing or replacement).

(ii) In addition to the export clearance requirements of part 758 of the EAR, the exporter or its agent must provide the import documentation related to paragraph (z)(2)(i)(B) of this supplement to U.S. Customs and Border Protection at the time of export.

***Note 1 to paragraph (z):*** *In addition to complying with all applicable EAR requirements for the export of commodities described in paragraph (z), exporters and temporary importers should contact U.S. Customs and Border Protection (CBP) at the port of temporary import or export, or at the CBP website, for the proper procedures for temporarily importing or exporting firearms controlled in ECCN 0A501.a or .b or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502, including regarding how to provide any data or documentation required by BIS.*

*[December 20, 2018]*

## PART 758 – EXPORT CLEARANCE REQUIREMENTS

27.  The authority citation for part 758 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

28.  Section 758.1 is amended by:

a. Revising paragraphs (b)(7), (8), and (9) and adding paragraph (b)(10);

b. Revising paragraph (c)(1);

c. Adding Note 1 to paragraph (c)(1);

c. Adding paragraph (g)(4); and

d. Redesignating Note to paragraph (h)(1) as Note 2 to paragraph (h)(1); to read as follows:

## § 758.1 The Electronic Export Enforcement (EEI) filing to the Automated Export System (AES).

\*   \*   \*   \*   \*

(b)  \*   \*   \*

(7) For all items exported under authorization Validated End-User (VEU);

(8) For all exports of tangible items subject to the EAR where parties to the transaction, as described in § 748.5(d) through (f) of the EAR, are listed on the Unverified List (Supplement No. 6 to part 744 of the EAR), regardless of value or destination;

(9) For items that fall under ECCNs that list CC Column 1 and 3 and RS Column 2 (see Supplement No. 1 to part 738 of the EAR) as reasons for control and such items are for export, regardless of value, to India; or

(10) For all exports, except for exports authorized under License Exception BAG, as set forth in §740.14 of the EAR, of items controlled under ECCNs 0A501.a or .b, shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, or ammunition controlled under ECCN 0A505 except for .c, regardless of value or destination, including exports to Canada.

(c) \*   \*   \*

(1) License Exception Baggage (BAG), as set forth in §740.14 of the EAR. See 15 CFR 30.37(x) of the FTR;

*[December 20, 2018]*

  ***Note 1 to paragraph (c)(1):*** *See the export clearance requirements for exports of firearms controlled under ECCNs 0A501.a or .b, shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, or ammunition controlled under ECCN 0A505, authorized under License Exception BAG, as set forth in §740.14 of the EAR.*

\* \* \* \* \*

(g) \* \* \*

(4) *Exports of Firearms and Related Items.*  This paragraph (g)(4) includes two separate requirements under paragraph (g)(4)(i) and (ii) of this section that are used to better identify exports of certain end item firearms under the EAR.  Paragraph (g)(4)(i) is limited to certain EAR authorizations.  Paragraph (g)(4)(ii) applies to all EAR authorizations that require EEI filing in AES.

(i) *Identifying end item firearms by manufacturer, model, caliber, and serial number in the EEI filing in AES.*  For any export authorized under License Exception TMP or a BIS license authorizing a temporary export of items controlled under ECCNs 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, in addition to any other required data for the associated EEI filing, you must report the manufacturer, model, caliber, and serial number of the exported items.  The requirements of this paragraph also apply to any other export authorized under a BIS license that includes a condition or proviso on the license requiring the submission of this information specified in paragraph (g) of this section when the EEI is filed in AES.

(ii) *Identifying end item firearms by "items" level classification or other control descriptor in the EEI filing in AES.*  For any export of items controlled under ECCNs 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, in addition to any other required data for the associated EEI filing, you must include the six character ECCN classification (*i.e.*, 0A501.a, or 0A501.b), or for shotguns controlled under 0A502 the phrase "0A501 barrel length less than 18 inches" as the first text to appear in the Commodity description block in the EEI filing in AES.  (*See* § 743.4(h) for the use of this information for conventional arms reporting).

  ***Note 3 to paragraph (g)(4):*** *If a commodity described in paragraph (g)(4) is exported under License Exception TMP under § 740.9(a)(6) for inspection, test, calibration, or repair is not consumed or destroyed in the normal course of authorized temporary use abroad, the commodity*

WASHSTATEC004041

*[December 20, 2018]*

must be disposed of or retained in one of the ways specified in § 740.9(a)(14)(i), (ii), or (iii).  For example, if a commodity described in paragraph (g)(4) was destroyed while being repaired after being exported under § 740.9(a)(6), the commodity described in paragraph (g)(4) would not be required to be returned.  If the entity doing the repair returned a replacement of the commodity to the exporter from the United States, the import would not require an EAR authorization.  The entity that exported the commodity described in paragraph (g)(4) and the entity that received the commodity would need to document this as part of their recordkeeping related to this export and subsequent import to the United States.

\* \* \* \* \*

29.  Add § 758.10 to read as follows:

**§ 758.10  Entry clearance requirements for temporary imports.**

(a) *Scope*.  This section specifies the temporary import entry clearance requirements for firearms "subject to the EAR" that are on the United States Munitions Import List (USMIL, 27 CFR 447.21), except for firearms "subject to the EAR" that are temporarily brought into the United States by nonimmigrant aliens under the provisions of Department of Justice regulations at 27 CFR part 478 (*See* § 740.14(e) of License Exception BAG for information on the export of these firearms "subject to the EAR").  These firearms are controlled in ECCN 0A501.a or .b or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502.  Items that are temporarily exported under the EAR must have met the export clearance requirements specified in § 758.1 of the EAR.

(1) An authorization under the EAR is *not* required for the temporary import of "items" that are "subject to the EAR," including for "items" "subject to the EAR" that are on the USMIL.  Temporary imports of firearms described in this section must meet the entry clearance requirements specified in paragraph (b) of this section.

 (2) Permanent imports are regulated by the Attorney General under the direction of the Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives (see 27 CFR parts 447, 478, 479, and 555).

(b) *EAR procedures for temporary imports and subsequent exports*.  To the satisfaction of U.S. Customs and Border Protection, the temporary importer must comply with the following procedures:

(1) At the time of entry into the U.S. of the temporary import:

*[December 20, 2018]*

(i) Provide one of the following statements specified in paragraphs (b)(1)(i)(A), (B), or (C) of this section to U.S. Customs and Border Protection:

(A) "This shipment is being temporarily imported in accordance with the EAR. This shipment will be exported in accordance with and under the authority of License Exception TMP (15 CFR 740.9(b)(5));"

(B) "This shipment is being temporarily imported in accordance with the EAR. This shipment will be exported in accordance with and under the authority of License Exception RPL (15 CFR 740.10(b));" or

(C) "This shipment is being temporarily imported in accordance with the EAR. This shipment will be exported in accordance with and under the authority of BIS license number (provide the license number) (15 CFR 750.7(a) and 758.4);"

(ii) Provide to U.S. Customs and Border Protection an invoice or other appropriate import-related documentation (or electronic equivalents) that includes a complete list and description of the firearms being temporarily imported, including their model, make, caliber, serial numbers, quantity, and U.S. dollar value;

(iii) Provide (if temporarily imported for a trade show, exhibition, demonstration, or testing) to U.S. Customs and Border Protection the relevant invitation or registration documentation for the event and an accompanying letter that details the arrangements to maintain effective control of the firearms while they are in the United States;

(iv) Provide (if temporarily imported for servicing or replacement) to U.S. Customs and Border Protection the name, address and contact information (telephone number and/or email) of the organization or individual in the U.S. that will be receiving the item for servicing or replacement).

***Note 1 to paragraph (b)(1):*** *In accordance with the exclusions in License Exception TMP under § 740.9(b)(5) of the EAR, the entry clearance requirements in § 758.1(b)(10) do not permit the temporary import of firearms controlled in ECCN 0A501.a or .b that are shipped from or manufactured in a Country Group D:5 country; or that are shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, (except for any firearm model controlled by proposed 0A501 that is specified under Annex A in Supplement No. 4 to part 740), or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are shipped from or manufactured in a Country Group D:5 country, or from*

WASHSTATEC004043

*[December 20, 2018]*

*Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, because of the exclusions in License Exception TMP under § 740.9(b)(5).*

***Note 2 to paragraph (b)(1):*** *In accordance with the exclusions in License Exception RPL under § 740.10(b)(4) and Supplement No. 2 to part 748 paragraph (z) of the EAR, the entry clearance requirements in § 758.1(b)(10) do not permit the temporary import of firearms controlled in ECCN 0A501.a or .b that are shipped from or manufactured in Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, (except for any firearm model controlled by proposed 0A501 that is specified under Annex A in Supplement No. 4 to part 740), or shotguns with a barrel length less than 18 inches controlled in ECCN 0A502 that are shipped from or manufactured from Russia, Georgia, Kazakhstan, Kyrgyzstan, Moldova, Turkmenistan, Ukraine, or Uzbekistan, because of the exclusions in License Exception RPL under § 740.10(b)(4) and Supplement No. 2 to part 748 paragraph (z) of the EAR.*

(2) At the time of export, in accordance with the U.S. Customs and Border Protection procedures, the eligible exporter, or an agent acting on the filer's behalf, must as required under § 758.1(b)(10) of the EAR file the export information with CBP by filing EEI in AES, noting the applicable EAR authorization as the authority for the export, and provide, upon request by CBP, the entry document number or a copy of the CBP document under which the "item" subject to the EAR" on the USMIL was temporarily imported.  *See* also the additional requirements in § 758.1(g)(4).

30.  Add § 758.11 to read as follows:

**§ 758.11   Export clearance requirements for firearms and related items.**

(a)  *Scope.*  The export clearance requirements of this section apply to all exports of commodities controlled under ECCNs 0A501.a or .b, shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, or ammunition controlled under ECCN 0A505 except for .c, regardless of value or destination, including exports to Canada, that are authorized under License Exception BAG, as set forth in §740.14.

(b) *Required form.*  Prior to making any export described in paragraph (a) of this section, the exporter is required to submit a properly completed Department of Homeland Security, CBP Form 4457, (Certificate of Registration for Personal Effects Taken Abroad) (OMB Control Number 1651-0010), to the U.S. Customs  and Border Protection (CBP), pursuant to 19 CFR 148.1, and as required by this section of the EAR.

WASHSTATEC004044

*[December 20, 2018]*

(1) Where to obtain the form?  The CBP Certification of Registration Form 4457 can be found on the following CBP website:

https://www.cbp.gov/document/forms/form-4457-certificate-registration-personal-effects-taken-abroad

(2) Required "description of articles" for firearms to be included on the CBP Form 4457.  For all exports of firearms controlled under ECCNs 0A501.a or .b, or shotguns with a barrel length less than 18 inches controlled under ECCN 0A502, the exporter must provide to CBP the serial number, make, model, and caliber for each firearm being exported by entering this information under the "Description of Articles" field of the CBP Form 4457, Certificate of Registration for Personal Effects Taken Abroad.

(c) *Where to find additional information on the CBP Form 4457*?

*See* the following CBP website page for additional information:

https://help.cbp.gov/app/answers/detail/a_id/323/~/traveling-outside-of-the-u.s.---temporarily-taking-a-firearm%2C-rifle%2C-gun%2C.

(d) *Return of items exported pursuant to this section*.  The exporter when returning with a commodity authorized under License Exception BAG and exported pursuant this section, is required to present a copy of the CBP Form 4457, Certificate of Registration for Personal Effects Taken Abroad) (OMB Control Number 1651-0010), to CBP, pursuant to 19 CFR 148.1, and as required by this section of the EAR.

## PART 762 – RECORDKEEPING

31.  The authority citation for part 762 is revised to read as follows:

**Authority:** Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

32.  Section 762.2 is amended by removing "; and," at the end of paragraph (a)(10), redesignating paragraph (a)(11) as paragraph (a)(12), and adding a new paragraph (a)(11) to read as follows:

## § 762.2 Records to be retained.

(a)  *   *   *

(11) The serial number, make, model, and caliber for any firearm controlled in ECCN 0A501.a and for shotguns with barrel length less than 18 inches controlled in 0A502 that have been

WASHSTATEC004045

*[December 20, 2018]*

exported.  The "exporter" or any other party to the transaction (*see* § 758.3 of the EAR), that creates or receives such records is a person responsible for retaining this record; and

\* \* \* \* \*

     33.  Section 762.3 is amended by revising paragraph (a)(5) to read as follows:

**§ 762.3 Records exempt from recordkeeping requirements.**

(a) \* \* \*

(5)  Warranty certificate, except for a warranty certificate issued for an address located outside the United States for any firearm controlled in ECCN 0A501.a and for shotguns with barrel length less than 18 inches controlled in 0A502;

\* \* \* \* \*

## PART 772 – DEFINITIONS OF TERMS

     34.  The authority citation for part 772 is revised to read as follows:

     **Authority:**  Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 *et seq.*; 50 U.S.C. 1701 *et seq.*; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783; Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

**§ 772.1 – [AMENDED]**

     35.  In § 772.1, in the definition of "specially designed," Note 1 is amended by removing "0B986" and adding in its place "0B505.c"; and the definition of "complete breech mechanisms" is added as set forth below:

**§ 772.1 Definitions of terms as used in the Export Administration Regulations (EAR).**

\* \* \* \* \*

*Complete breech mechanisms*.  The mechanism for opening and closing the breech of a breech-loading firearm, especially of a heavy-caliber weapon.

\* \* \* \* \*

## PART 774 - THE COMMERCE CONTROL LIST

     36. The authority citation for 15 CFR part 774 is revised to read as follows:

     **Authority:**  Pub. L. 115-232, Title XVII, Subtitle B. 50 U.S.C. 4601 et seq.; 50 U.S.C. 1701 et seq.; 10 U.S.C. 7420; 10 U.S.C. 7430(e); 22 U.S.C. 287c, 22 U.S.C. 3201 *et seq.*; 22 U.S.C. 6004; 42 U.S.C. 2139a; 15 U.S.C. 1824a; 50 U.S.C. 4305; 22 U.S.C. 7201 *et seq.*; 22 U.S.C. 7210; E.O. 13026, 61 FR 58767, 3 CFR, 1996 Comp., p. 228; E.O. 13222, 66 FR 44025, 3 CFR, 2001 Comp., p. 783;  Notice of August 8, 2018, 83 FR 39871 (August 13, 2018).

WASHSTATEC004046

*[December 20, 2018]*

37.  In Supplement No. 1 to part 774, Category 0, remove Export Control Classification Number (ECCN) 0A018.

**Supplement No. 1 to Part 774 – The Commerce Control List**

\* \* \* \* \*

**0A018 Items on the Wassenaar Munitions List (see List of Items Controlled).**

No items currently are in this ECCN.  See ECCN 0A505 for "parts" and "components" for ammunition that, immediately prior to [INSERT DATE 45 DAYS AFTER DATE OF PUBLICATION IN THE FEDERAL REGISTER], were classified under 0A018.b.

38.  In Supplement No. 1 to part 774, Category, add, between entries for ECCNs 0A018 and 0A521, entries for ECCNs 0A501, 0A502, 0A503, 0A504, and 0A505 to read as follows:

**0A501 Firearms (except 0A502 shotguns) and related commodities as follows (see List of Items controlled).**

**License Requirements**

*Reason for Control:* NS, RS, FC, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry except 0A501.y | NS Column 1 |
| RS applies to entire entry except 0A501.y | RS Column 1 |
| FC applies to entire entry except 0A501.y | FC Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

*License Requirement Note:* In addition to using the Commerce Country Chart to determine license requirements, a license is required for exports and reexports of ECCN 0A501.y.7 firearms to the People's Republic of China.

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:*  $500 for 0A501.c, .d, and .x.

$500 for 0A501.c, .d, .e, and .x if the ultimate destination is Canada.

*GBS*: N/A

*CIV*: N/A

**Special conditions for STA**

*STA:*  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not

be used for any item in this entry.

**List of Items Controlled**

> *Related Controls*: (1) Firearms that are fully automatic, and magazines with a capacity of greater than 50 rounds, are "subject to the ITAR."  (2) See ECCN 0A502 for shotguns and their "parts" and "components" that are subject to the EAR.  Also see ECCN 0A502 for shot-pistols.  (3) See ECCN 0A504 and USML Category XII for controls on optical sighting devices.
>
> *Related Definitions*: N/A
>
> *Items:*

a.      Non-automatic and semi-automatic firearms equal to .50 caliber (12.7 mm) or less.

> **Note 1 to paragraph 0A501.a:** *'Combination pistols' are controlled under ECCN 0A501.a.  A 'combination pistol' (a.k.a., a combination gun) has at least one rifled barrel and at least one smoothbore barrel (generally a shotgun style barrel).*

b.      Non-automatic and non-semi-automatic rifles, carbines, revolvers or pistols with a caliber greater than .50 inches (12.7 mm) but less than or equal to .72 inches (18.0 mm).

c.      The following types of "parts" and "components" if "specially designed" for a commodity controlled by paragraph .a or .b of this entry, or USML Category I (unless listed in USML Category I(g) or (h)):  barrels, cylinders, barrel extensions, mounting blocks (trunnions), bolts, bolt carriers, operating rods, gas pistons, trigger housings, triggers, hammers, sears, disconnectors, pistol grips that contain fire control "parts" or "components" (*e.g.*, triggers, hammers, sears, disconnectors) and buttstocks that contain fire control "parts" or "components."

d.      Detachable magazines with a capacity of greater than 16 rounds "specially designed" for a commodity controlled by paragraph .a or .b of this entry.

> **Note 2 to paragraph 0A501.d:** *Magazines with a capacity of 16 rounds or less are controlled under 0A501.x.*

e.      Receivers (frames) and "complete breech mechanisms," including castings, forgings stampings, or machined items thereof, "specially designed" for a commodity by controlled by paragraph .a or .b of this entry.

f. through w. [Reserved]

x.      "Parts" and "components" that are "specially designed" for a commodity classified under paragraphs .a through .c of this entry or the USML and not elsewhere specified on the USML or

WASHSTATEC004048

*[December 20, 2018]*

CCL.

y.    Specific "parts," "components," "accessories" and "attachments" "specially designed" for a commodity subject to control in this ECCN or common to a defense article in USML Category I and not elsewhere specified in the USML or CCL as follows, and "parts," "components," "accessories," and "attachments" "specially designed" therefor.

      y.1.    Stocks or grips, that do not contain any fire control "parts" or "components" (*e.g.*, triggers, hammers, sears, disconnectors);"

      y.2.    Scope mounts or accessory rails;

      y.3.    Iron sights;

      y.4.    Sling swivels;

      y.5.    Butt plates or recoil pads;

      y.6.    Bayonets; and

      y.7.    Firearms manufactured from 1890 to 1898 and reproductions thereof.

***Technical Note 1 to 0A501:*** *The controls on "parts" and "components" in ECCN 0A501 include those "parts" and "components" that are common to firearms described in ECCN 0A501 and to those firearms "subject to the ITAR."*

***Note 3 to 0A501:*** *Antique firearms (i.e., those manufactured before 1890) and reproductions thereof, muzzle loading black powder firearms except those designs based on centerfire weapons of a post 1937 design, BB guns, pellet rifles, paint ball, and all other air rifles are EAR99 commodities.*

***Note 4 to 0A501:*** *Muzzle loading (black powder) firearms with a caliber less than 20 mm that were manufactured later than 1937 that are used for hunting or sporting purposes that were not "specially designed" for military use and are not "subject to the ITAR" nor controlled as shotguns under ECCN 0A502 are EAR99 commodities.*

**0A502 Shotguns; shotguns "parts" and "components," consisting of complete trigger mechanisms; magazines and magazine extension tubes; "complete breech mechanisms;" except equipment used exclusively to treat or tranquilize animals, and except arms designed solely for signal, flare, or saluting use.**

**License Requirements**

    *Reason for Control*:   RS, CC, FC, UN, AT, NS

WASHSTATEC004049

*[December 20, 2018]*

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to shotguns with a barrel length less than 18 inches (45.72 cm) | NS Column 1 |
| RS applies to shotguns with a barrel length less than 18 inches (45.72 cm) | RS Column 1 |
| FC applies to entire entry | FC Column 1 |
| CC applies to shotguns with a barrel length less than 24 in. (60.96 cm) and shotgun "components" controlled by this entry regardless of end user | CC Column 1 |
| CC applies to shotguns with a barrel length greater than or equal to 24 in. (60.96 cm), regardless of end user | CC Column 2 |
| CC applies to shotguns with a barrel length greater than or equal to 24 in. (60.96 cm) if for sale or resale to police or law enforcement | CC Column 3 |
| UN applies to entire entry | See § 746.1(b) of the EAR for UN controls |
| AT applies to shotguns with a barrel length less than 18 inches (45.72 cm) | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

LVS:   $500 for 0A502 shotgun "parts" and "components," consisting of complete trigger mechanisms; magazines and magazine extension tubes.

$500 for 0A502 shotgun "parts" and "components," consisting of complete trigger mechanisms; magazines and magazine extension tubes, "complete breech mechanisms" if the ultimate destination is Canada.

GBS:   N/A

CIV:   N/A

**List of Items Controlled**

*[December 20, 2018]*

*Related Controls*:  Shotguns that are fully automatic are "subject to the ITAR."

*Related Definitions*: N/A

*Items*: The list of items controlled is contained in the ECCN heading.

**Note 1 to 0A502:** *Shotguns made in or before 1898 are considered antique shotguns and designated as EAR99.*

**Technical Note:** *Shot pistols or shotguns that have had the shoulder stock removed and a pistol grip attached are controlled by ECCN 0A502.  Slug guns are also controlled under ECCN 0A502.*

**0A503 Discharge type arms; non-lethal or less-lethal grenades and projectiles, and "specially designed" "parts" and "components" of those projectiles; and devices to administer electric shock, for example, stun guns, shock batons, shock shields, electric cattle prods, immobilization guns and projectiles; except equipment used exclusively to treat or tranquilize animals, and except arms designed solely for signal, flare, or saluting use; and "specially designed" "parts" and "components," n.e.s.**

**License Requirements**

*Reason for Control:*  CC, UN

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| CC applies to entire entry | A license is required for ALL destinations, except Canada, regardless of end use.  Accordingly, a column specific to this control does not appear on the Commerce Country Chart.  (See part 742 of the EAR for additional information). |
| UN applies to entire entry | See § 746.1(b) of the EAR for UN controls |

**List Based License Exceptions (See Part 740 for a description of all license exceptions)**

*LVS:*  N/A

*GBS:*  N/A

*CIV:*  N/A

**List of Items Controlled**

*Related Controls*: Law enforcement restraint devices that administer an electric shock are controlled under ECCN 0A982.  Electronic devices that monitor and report a person's location to

*[December 20, 2018]*

enforce restrictions on movement for law enforcement or penal reasons are controlled under ECCN 3A981.

    *Related Definitions*: N/A

    *Items*: The list of items controlled is contained in the ECCN heading.

**0A504 Optical sighting devices for firearms (including shotguns controlled by 0A502); and "components" as follows (see List of Items Controlled).**

**License Requirements**

    *Reason for Control:* FC, RS, CC, UN

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| RS applies to paragraph .i | RS Column 1 |
| FC applies to paragraphs .a, .b, .c, d, .e, .g, and .i of this entry | FC Column 1 |
| CC applies to entire entry | CC Column 1 |
| UN applies to entire entry | See §746.1(b) of the EAR for UN controls |

**List Based License Exceptions (See Part 740 for a description of all license exceptions)**

    *LVS:* $500 for 0A504.g.

    *GBS:* N/A

    *CIV:* N/A

**List of Items Controlled**

    *Related Controls:* (1) See USML Category XII(c) for sighting devices using second generation image intensifier tubes having luminous sensitivity greater than 350 µA/lm, or third generation or higher image intensifier tubes, that are "subject to the ITAR."  (2) See USML Category XII(b) for laser aiming or laser illumination systems "subject to the ITAR."  (3) Section 744.9 of the EAR imposes a license requirement on certain commodities described in 0A504 if being exported, reexported, or transferred (in-country) for use by a military end-user or for incorporation into an item controlled by ECCN 0A919.

    *Related Definitions:* N/A

    *Items:*

a.    Telescopic sights.

b.    Holographic sights.

*[December 20, 2018]*

c.      Reflex or "red dot" sights.

d.      Reticle sights.

e.      Other sighting devices that contain optical elements.

f.      Laser aiming devices or laser illuminators ''specially designed'' for use on firearms, and having an operational wavelength exceeding 400 nm but not exceeding 710 nm.

*Note 1 to 0A504.f:* 0A504.f does not control laser boresighting devices that must be placed in the bore or chamber to provide a reference for aligning the firearms sights.

g.      Lenses, other optical elements and adjustment mechanisms for articles in paragraphs .a, .b, .c, .d, .e, or .i.

h.      [Reserved]

i.      Riflescopes that were not "subject to the EAR" as of [INSERT DATE ONE DAY PRIOR TO THE EFFECTIVE DATE OF THE FINAL RULE] and are "specially designed" for use in firearms that are "subject to the ITAR."

*Note 2 to paragraph i:*  For purpose of the application of "specially designed" for the riflescopes controlled under 0A504.i, paragraph (a)(1) of the definition of "specially designed" in § 772.1 of the EAR is what is used to determine whether the riflescope is "specially designed."

**0A505  Ammunition as follows (see List of Items Controlled).**

**License Requirements**

*Reason for Control:* NS, RS, CC, FC, UN, AT

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| NS applies to 0A505.a and .x | NS Column 1 |
| RS applies to 0A505.a and .x | RS Column 1 |
| CC applies to 0A505.b | CC Column 1 |
| FC applies to entire entry except 0A505.d | FC Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to 0A505.a, .d,  and .x | AT Column 1 |
| AT applies to 0A505.c | A license is required for items controlled by paragraph .c of this entry to North Korea for anti-terrorism reasons.  The Commerce Country Chart is not designed to determine AT licensing |

|  | requirements for this entry.  See §742.19 of the EAR for additional information. |
|--|--|

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:* $500 for items in 0A505.x, except $3,000 for items in 0A505.x that, immediately prior to [INSERT DATE 45 DAYS AFTER DATE OF PUBLICATION IN THE FEDERAL REGISTER], were classified under 0A018.b. (*i.e.*, "Specially designed" components and parts for ammunition, except cartridge cases, powder bags, bullets, jackets, cores, shells, projectiles, boosters, fuses and components, primers, and other detonating devices and ammunition belting and linking machines (all of which are "subject to the ITAR"). (See 22 CFR parts 120 through 130))

*GBS*: N/A

*CIV*: N/A

**Special conditions for STA**

*STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0A505.

**List of Items Controlled**

*Related Controls*:  (1) Ammunition for modern heavy weapons such as howitzers, artillery, cannon, mortars and recoilless rifles as well as inherently military ammunition types such as ammunition preassembled into links or belts, caseless ammunition, tracer ammunition, ammunition with a depleted uranium projectile or a projectile with a hardened tip or core and ammunition with an explosive projectile are "subject to the ITAR."  (2) Percussion caps, and lead balls and bullets, for use with muzzle-loading firearms are EAR99 items.

*Related Definitions*:  N/A

*Items*:

a.      Ammunition for firearms controlled by ECCN 0A501 or USML Category I and not enumerated in paragraph .b, .c, or .d of this entry or in USML Category III.

b.      Buckshot (No. 4 .24'' diameter and larger) shotgun shells.

c.      Shotgun shells (including less than lethal rounds) that do not contain buckshot; and "specially designed" "parts" and "components" of shotgun shells.

**Note 1 to 0A505.c:**  *Shotgun shells that contain only chemical irritants are controlled under ECCN 1A984.*

*[December 20, 2018]*

d.      Blank ammunition for firearms controlled by ECCN 0A501 and not enumerated in USML Category III.

e. through w. [Reserved]

x.      "Parts" and "components" that are "specially designed" for a commodity subject to control in this ECCN or a defense article in USML Category III and not elsewhere specified on the USML, the CCL or paragraph .d of this entry.

> ***Note 2 to 0A505.x:***  *The controls on "parts" and "components" in this entry include Berdan and boxer primers, metallic cartridge cases, and standard metallic projectiles such as full metal jacket, lead core, and copper projectiles.*

> ***Note 3 to 0A505.x:***   *The controls on "parts" and "components" in this entry include those "parts" and "components" that are common to ammunition and ordnance described in this entry and to those enumerated in USML Category III.*

> ***Note 4 to 0A505:*** *Lead shot smaller than No. 4 Buckshot, empty and unprimed shotgun shells, shotgun wads, smokeless gunpowder, 'Dummy rounds' and blank rounds (unless linked or belted), not incorporating a lethal or non-lethal projectile(s) are designated EAR99. A 'dummy round or drill round' is a round that is completely inert, i.e., contains no primer, propellant, or explosive charge. It is typically used to check weapon function and for crew training.*

39.  In Supplement No. 1 to part 774, Category 0, add, between entries for ECCNs 0A521 and 0A604, an entry for ECCN 0A602 to read as follows:

**0A602  Guns and Armament as follows (see List of Items Controlled).**

**License Requirements**

> *Reason for Control:* NS, RS, UN, AT

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
| --- | --- |
| NS applies to entire entry | NS Column 1 |
| RS applies to entire entry | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

> *LVS:* $500

> *GBS:* N/A

*[December 20, 2018]*

*CIV*: N/A

**Special conditions for STA**

*STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0A602.

**List of Items Controlled**

*Related Controls*: (1) Modern heavy weapons such as howitzers, artillery, cannon, mortars, and recoilless rifles are "subject to the ITAR."  (2) See ECCN 0A919 for foreign-made "military commodities" that incorporate more than a *de minimis* amount of U.S.-origin "600 series" items.  (3) See ECCN 0A606 for engines that are "specially designed" for a self-propelled gun or howitzer subject to control under paragraph .a of this ECCN or USML Category VII.

*Related Definitions*:  N/A

*Items*:

a.        Guns and armament manufactured between 1890 and 1919.

b.        Military flame throwers with an effective range less than 20 meters.

c. through w.   [Reserved]

x.         "Parts" and "components" that are "specially designed" for a commodity subject to control in paragraphs .a or .b of this ECCN or a defense article in USML Category II and not elsewhere specified on the USML or the CCL.

**Note 1 to 0A602.x:** *Engines that are "specially designed" for a self-propelled gun or howitzer subject to control under paragraph .a of this ECCN or a defense article in USML Category VII are controlled under ECCN 0A606.x.*

**Note 2 to 0A602:** *"Parts," "components," "accessories," and "attachments" specified in USML subcategory II(j) are subject to the controls of that paragraph.*

**Note 3 to 0A602:** *Black powder guns and armament manufactured in or prior to 1890 and replicas thereof designed for use with black powder propellants are designated EAR99.*

**Supplement No. 1 to Part 774 – [AMENDED]**

40.  In Supplement No. 1 to part 774, Category 0, remove ECCNs 0A918, 0A984, 0A985, 0A986, and 0A987.

41.  In Supplement No. 1 to part 774, Category 0, revise ECCN 0A988 to read as follows:

**0A988  Conventional military steel helmets.**

*[December 20, 2018]*

No items currently are in this ECCN. See ECCN 1A613.y.1 for conventional steel helmets that, immediately prior to July 1, 2014, were classified under 0A988.

42. In Supplement No. 1 to part 774, Category 0, add, before the entry for ECCN 0B521, entries for ECCNs 0B501 and 0B505 to read as follows:

**0B501 Test, inspection, and production "equipment" and related commodities for the "development" or "production" of commodities enumerated or otherwise described in in ECCN 0A501 or USML Category I as follows (see List of Items Controlled).**

**License Requirements**

*Reason for Control*: NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. 1 to part 738) |
|---|---|
| NS applies to entire entry except equipment for ECCN 0A501.y | NS Column 1 |
| RS applies to entire entry except equipment for ECCN 0A501.y | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:* $3000

*GBS:* N/A

*CIV:* N/A

**Special conditions for STA**

*STA*: Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used to ship any item in this entry.

**List of Items Controlled**

*Related Controls:* N/A

*Related Definitions:* N/A

*Items:*

a.   Small arms chambering machines.

b.   Small arms deep hole drilling machines and drills therefor.

c.   Small arms rifling machines.

d.      Small arms spill boring machines.

e.      Production equipment (including dies, fixtures, and other tooling) "specially designed" for the "production" of the items controlled in 0A501.a through .x. or USML Category I.

**0B505 Test, inspection, and production "equipment" and related commodities "specially designed" for the "development" or "production" of commodities enumerated or otherwise described in ECCN 0A505 or USML Category III, except equipment for the hand loading of cartridges and shotgun shells, as follows (see List of Items Controlled).**

**License Requirements**

*Reason for Control:* NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to paragraphs .a and .x | NS Column 1 |
| RS applies to paragraphs .a and .x | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to paragraphs  .a, .d, and .x | AT Column 1 |
| AT applies to paragraph .c | A license is required for export or reexport of these items to North Korea for anti-terrorism reasons. |

**List Based License Exceptions (See Part 740 for a description of all license exceptions)**

*LVS:* $3000

*GBS:* N/A

*CIV:* N/A

**Special conditions for STA**

*STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0B505.

**List of Items Controlled**

*Related Controls*: N/A

*Related Definitions*: N/A

*Items*:

a.      Production equipment (including tooling, templates, jigs, mandrels, molds, dies, fixtures, alignment mechanisms, and test equipment), not enumerated in USML Category III that are

WASHSTATEC004058

"specially designed" for the "production" of commodities controlled by ECCN 0A505.a or .x or USML Category III.

b.       Equipment "specially designed" for the "production" of commodities in ECCN 0A505.b.

c.       Equipment "specially designed" for the "production" of commodities in ECCN 0A505.c.

d.       Equipment "specially designed" for the "production" of commodities in ECCN 0A505.d.

e. through .w    [Reserved]

x.       "Parts" and "components" "specially designed" for a commodity subject to control in paragraph .a of this entry.

43.   In Supplement No. 1 to part 774, Category 0, add, between entries for ECCNs 0B521 and 0B604, an entry for ECCN 0B602 to read as follows:

**0B602 Test, inspection, and production "equipment" and related commodities "specially designed" for the "development" or "production" of commodities enumerated or otherwise described in ECCN 0A602 or USML Category II as follows (see List of Items Controlled).**

**License Requirements**

*Reason for Control:* NS, RS, UN, AT

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| NS applies to entire entry | NS Column 1 |
| RS applies to entire entry | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions (See Part 740 for a description of all license exceptions)**

*LVS:* $3000

*GBS:* N/A

*CIV:* N/A

**Special conditions for STA**

*STA*: Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0B602.

**List of Items Controlled**

*[December 20, 2018]*

*Related Controls:* N/A

*Related Definitions:* N/A

*Items:*

a.      The following commodities if "specially designed" for the "development" or "production" of commodities enumerated in ECCN 0A602.a or USML Category II:

   a.1.      Gun barrel rifling and broaching machines and tools therefor;

   a.2.      Gun barrel rifling machines;

   a.3.      Gun barrel trepanning machines;

   a.4.      Gun boring and turning machines;

   a.5.      Gun honing machines of 6 feet (183 cm) stroke or more;

   a.6.      Gun jump screw lathes;

   a.7.      Gun rifling machines; and

   a.8.      Barrel straightening presses.

b.      Jigs and fixtures and other metal-working implements or accessories of the kinds exclusively designed for use in the manufacture of items in ECCN 0A602 or USML Category II.

c.      Other tooling and equipment, "specially designed" for the "production" of items in ECCN 0A602 or USML Category II.

d.      Test and evaluation equipment and test models, including diagnostic instrumentation and physical test models, "specially designed" for items in ECCN 0A602 or USML Category II.

**Supplement No. 1 to Part 774 – [AMENDED]**

   44. In Supplement No. 1 to part 774, Category 0, remove ECCN 0B986.

   45. In Supplement No. 1 to part 774, Category 0, add, between the entries for ECCNs 0D001 and 0D521, entries for ECCNs 0D501 and 0D505 to read as follows:

**0D501  "Software" "specially designed" for the "development," "production," operation, or maintenance of commodities controlled by 0A501 or 0B501.**

**License Requirements**

*Reason for Control*: NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry except "software" for commodities in ECCN 0A501.y or | NS Column 1 |

*[December 20, 2018]*

| | |
|---|---|
| equipment in ECCN 0B501 for commodities in ECCN 0A501.y | |
| RS applies to entire entry except "software" for commodities in ECCN 0A501.y or equipment in ECCN 0B501 for commodities in ECCN 0A501.y | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

   *CIV*:  N/A

   *TSR*:  N/A

**Special conditions for STA**

   *STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any "software" in 0D501.

**List of Items Controlled**

   *Related Controls*:  "Software" required for and directly related to articles enumerated in USML Category I is "subject to the ITAR".

   *Related Definitions*:  N/A

   *Items*: The list of items controlled is contained in this ECCN heading.

**0D505  "Software" "specially designed" for the "development," "production," operation, or maintenance of commodities controlled by 0A505 or 0B505.**

**License Requirements**

   *Reason for Control*: NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to "software" for commodities in ECCN 0A505.a and .x and equipment in ECCN 0B505.a .and .x | NS Column 1 |
| RS applies to "software" for commodities in ECCN 0A505.a and .x and equipment in ECCN 0B505.a and .x | RS Column 1 |

[December 20, 2018]

| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
|---|---|
| AT applies to "software" for commodities in ECCN 0A505.a, .d, or .x and equipment in ECCN 0B505.a, .d, or .x | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

    *CIV*:  N/A

    *TSR*:  N/A

**Special conditions for STA**

    *STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any "software" in 0D505.

**List of Items Controlled**

    *Related Controls*:  "Software" required for and directly related to articles enumerated in USML Category III is "subject to the ITAR".

    *Related Definitions*:  N/A

    *Items*: The list of items controlled is contained in this ECCN heading.

    46. In Supplement No. 1 to part 774, Category 0, add, between the entries for ECCNs 0D521 and 0D604, an entry for ECCN 0D602 to read as follows:

**0D602  "Software" "specially designed" for the "development," "production," operation or maintenance of commodities controlled by 0A602 or 0B602 as follows (see List of Items Controlled).**

**License Requirements**

    *Reason for Control:* NS, RS, UN, AT

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| NS applies to entire entry | NS Column 1 |
| RS applies to entire entry | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

    *CIV*:  N/A

    *TSR*:  N/A

WASHSTATEC004062

**Special conditions for STA**

*STA*:    Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0D602.

**List of Items Controlled**

*Related Controls*:  (1) "Software" required for and directly related to articles enumerated in USML Category II is "subject to the ITAR".   (2) See ECCN 0A919 for foreign-made "military commodities" that incorporate more than a *de minimis* amount of U.S.-origin "600 series" items.

*Related Definitions*:  N/A

*Items*:   "Software" "specially designed" for the "development," "production," operation, or maintenance of commodities controlled by ECCN 0A602 and ECCN 0B602.

47.  In Supplement No. 1 to part 774, Category 0, remove ECCN 0E018.

48.  In Supplement No. 1 to part 774, Category 0, add, between the entries for ECCNs 0E001 and 0E521, entries for ECCNs 0E501, 0E502, 0E504, and 0E505 to read as follows:

**0E501 "Technology" "required" for the "development," "production," operation, installation, maintenance, repair, or overhaul of commodities controlled by 0A501 or 0B501 as follows (see List of Items Controlled).**

**License Requirements**

*Reason for Control*: NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry | NS Column 1 |
| RS applies to entire entry | RS Column 1 |
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV*:  N/A

*TSR*:  N/A

**Special conditions for STA**

*STA*: Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not

WASHSTATEC004063

be used to ship any "technology" in ECCN 0E501.

**List of Items Controlled**

*Related Controls*:  Technical data required for and directly related to articles enumerated in USML Category I are "subject to the ITAR."

*Related Definitions*: N/A

*Items*:

a.       "Technology" "required" for the "development" or "production" of commodities controlled by ECCN 0A501 (other than 0A501.y) or 0B501.

b.       "Technology" "required" for the operation, installation, maintenance, repair, or overhaul of commodities controlled by ECCN 0A501 (other than 0A501.y) or 0B501.

**0E502  "Technology" "required" for the "development" or "production" of commodities controlled by 0A502.**

**License Requirements**

*Reason for Control*:  CC, UN

| Controls | Country Chart (See Supp. No. 1 part 738) |
|---|---|
| CC applies to entire entry | CC Column 1 |
| UN applies to entire entry | See § 746.1(b) of the EAR for UN controls |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV:*   N/A

*TSR:*   N/A

**List of Items Controlled**

*Related Controls*: Technical data required for and directly related to articles enumerated in USML Category I are "subject to the ITAR".

*Related Definitions*: N/A

*Items*: The list of items controlled is contained in the ECCN heading.

**0E504 "Technology" "required" for the "development" or "production" of commodities controlled by 0A504 that incorporate a focal plane array or image intensifier tube.**

**License Requirements**

*Reason for Control*: RS, UN, AT

| Controls | Country Chart (See Supp. No. 1 part 738) |
|---|---|
| RS applies to entire entry | RS Column 1 |

[December 20, 2018]

| UN applies to entire entry | See § 746.1(b) of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

    *CIV:*   N/A

    *TSR:*   N/A

**List of Items Controlled**

    *Related Controls*: N/A

    *Related Definitions*: N/A

    *Items*: The list of items controlled is contained in the ECCN heading.

**0E505 "Technology" "required" for the "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing of commodities controlled by 0A505.**

**License Requirements**

    *Reason for Control:* NS, RS, UN, CC, AT

| *Control(s)* | *Country Chart (See Supp. No. 1 to part 738)* |
|---|---|
| NS applies to "technology" for "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing commodities in 0A505.a and .x; for equipment for those commodities in 0B505; and for "software" for that equipment and those commodities in 0D505 | NS Column 1 |
| RS applies to entire entry except "technology" for "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing commodities in 0A505.a and .x; for equipment for those commodities in 0B505 and for "software" for those commodities and that equipment in 0D505 | RS Column 1 |

WASHSTATEC004065

*[December 20, 2018]*

| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
|---|---|
| CC applies to "technology" for the "development" or "production" of commodities in 0A505.b | CC Column 1 |
| AT applies to "technology" for "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing commodities in 0A505.a, .d, and .x | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

>  *CIV*:  N/A

>  *TSR*:  N/A

**Special conditions for STA**

>  *STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any "technology" in 0E505.

**List of Items Controlled**

>  *Related Controls*:  Technical data required for and directly related to articles enumerated in USML Category III are "subject to the ITAR".

>  *Related Definitions*: N/A

>  *Items*: The list of items controlled is contained in this ECCN heading.

>  49.  In Supplement No. 1 to part 774, Category 0, add, between the entries for ECCNs 0E521 and 0E604, an entry for ECCN 0E602:

**0E602  "Technology" "required" for the "development," "production," operation, installation, maintenance, repair, overhaul, or refurbishing of commodities controlled by 0A602 or 0B602, or "software" controlled by 0D602 as follows (see List of Items Controlled).**

**License Requirements**

>  *Reason for Control*: NS, RS, UN, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry | NS Column 1 |

WASHSTATEC004066

[December 20, 2018]

| RS applies to entire entry | RS Column 1 |
|---|---|
| UN applies to entire entry | See § 746.1 of the EAR for UN controls |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV*:  N/A

*TSR*:  N/A

**Special conditions for STA**

*STA*:  Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 0E602.

**List of Items Controlled**

*Related Controls*:  Technical data directly related to articles enumerated in USML Category II are "subject to the ITAR."

*Related Definitions*: N/A

*Items*:  "Technology" "required" for the "development," "production," operation, installation, maintenance, repair, or overhaul of commodities controlled by ECCN 0A602 or 0B602, or "software" controlled by ECCN 0D602.

**Supplement No. 1 to Part 774 – [AMENDED]**

50.  In Supplement No. 1 to part 774, Category 0, remove ECCN 0E918.

51.  In Supplement No. 1 to part 774, Category 0, revise ECCN 0E982 to read as follows.

**0E982 "Technology" exclusively for the "development" or "production" of equipment controlled by 0A982 or 0A503.**

**License Requirements**

*Reason for Control:*   CC

| Control(s) |
|---|
| CC applies to "technology" for items controlled by 0A982 or 0A503.  A license is required for ALL destinations, except Canada, regardless of end use.  Accordingly, a column specific to this control does not appear on the Commerce Country Chart.  (See part 742 of the EAR for additional information.) |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV*:   N/A

*TSR*:   N/A

*[December 20, 2018]*

**List of Items Controlled**

*Related Controls*: N/A

*Related Definitions*: N/A

*Items*:

The list of items controlled is contained in the ECCN heading.

**Supplement No. 1 to Part 774 – [AMENDED]**

52. In Supplement No. 1 to part 774, Category 0, remove ECCNs 0E984 and 0E987.

53. In Supplement No. 1 to part 774, Category 1, revise ECCN 1A984 to read as follows:

**1A984   Chemical agents, including tear gas formulation containing 1 percent or less of orthochlorobenzalmalononitrile (CS), or 1 percent or less of chloroacetophenone (CN), except in individual containers with a net weight of 20 grams or less; liquid pepper except when packaged in individual containers with a net weight of 3 ounces (85.05 grams) or less; smoke bombs; non-irritant smoke flares, canisters, grenades and charges; and other pyrotechnic articles (excluding shotgun shells, unless the shotgun shells contain only chemical irritants) having dual military and commercial use, and "parts" and "components" "specially designed" therefor, n.e.s.**

**License Requirements**

*Reason for Control*:   CC

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| CC applies to entire entry | CC Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:*   N/A

*GBS:*   N/A

*CIV:*   N/A

**List of Items Controlled**

*Related Controls*: N/A

*Related Definitions*: N/A

*Items*:

The list of items controlled is contained in the ECCN heading.

54. In Supplement No. 1 to part 774, Category 2, revise ECCN 2B004 to read as follows:

**2B004 Hot "isostatic presses" having all of the characteristics described in the List of Items**

[December 20, 2018]

**Controlled, and "specially designed" "components" and "accessories" therefor.**

**License Requirements**

*Reason for Control*:  NS, MT NP, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to entire entry | NS Column 2 |
| MT applies to entire entry | MT Column 1 |
| NP applies to entire entry, except 2B004.b.3 and presses with maximum working pressures below 69 MPa | NP Column 1 |
| AT applies to entire entry | AT Column 1 |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS*:   N/A

*GBS*:   N/A

*CIV:*   N/A

**List of Items Controlled**

*Related Controls*:  (1) See ECCN 2D001 for software for items controlled under this entry. (2) See ECCNs 2E001 ("development"), 2E002 ("production"), and 2E101 ("use") for technology for items controlled under this entry. (3) For "specially designed" dies, molds and tooling, see ECCNs 1B003, 0B501, 0B602, 0B606, 9B004, and 9B009.  (4) For additional controls on dies, molds and tooling, see ECCNs 1B101.d, 2B104, and 2B204.   (5) Also see ECCNs 2B117 and 2B999.a.

*Related Definitions*: N/A

*Items*:

a. A controlled thermal environment within the closed cavity and possessing a chamber cavity with an inside diameter of 406 mm or more; *and*

b. Having any of the following:

b.1. A maximum working pressure exceeding 207 MPa;

b.2. A controlled thermal environment exceeding 1,773 K (1,500 °C); *or*

b.3. A facility for hydrocarbon impregnation and removal of resultant gaseous degradation products.

WASHSTATEC004069

***Technical Note:*** *The inside chamber dimension is that of the chamber in which both the working temperature and the working pressure are achieved and does not include fixtures. That dimension will be the smaller of either the inside diameter of the pressure chamber or the inside diameter of the insulated furnace chamber, depending on which of the two chambers is located inside the other.*

55.   In Supplement No. 1 to part 774, Category 2, revise ECCN 2B018 to read as follows:

**2B018   Equipment on the Wassenaar Arrangement Munitions List.**

No commodities currently are controlled by this entry.  Commodities formerly controlled by paragraphs .a through .d, .m, and .s of this entry are controlled in ECCN 0B606.  Commodities formerly controlled by paragraphs .e through .l of this entry are controlled by ECCN 0B602. Commodities formerly controlled by paragraphs .o through .r of this entry are controlled by ECCN 0B501.  Commodities formerly controlled by paragraph .n of this entry are controlled in ECCN 0B501 if they are "specially designed" for the "production" of the items controlled in ECCN 0A501.a through .x or USML Category I and controlled in ECCN 0B602 if they are of the kind exclusively designed for use in the manufacture of items in ECCN 0A602 or USML Category II.

56.   In Supplement No. 1 to part 774, Category 2, revise ECCN 2D018 to read as follows:

**2D018 "Software" for the "development," "production," or "use" of equipment controlled by 2B018.**

No software is currently controlled under this entry.  See ECCNs 0D501, 0D602, and 0D606 for software formerly controlled under this entry.

57.   In Supplement No. 1 to part 774, Category 2, revise ECCN 2E001 to read as follows:

**2E001 "Technology" according to the General Technology Note for the "development" of equipment or "software" controlled by 2A (except 2A983, 2A984, 2A991, or 2A994), 2B (except 2B991, 2B993, 2B996, 2B997, 2B998, or 2B999), or 2D (except 2D983, 2D984, 2D991, 2D992, or 2D994).**

**License Requirements**

*Reason for Control*:  NS, MT, NP, CB, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to "technology" for items | NS Column 1 |

*[December 20, 2018]*

| | |
|---|---|
| controlled by 2A001, 2B001 to 2B009, 2D001 or 2D002 | |
| MT applies to "technology" for items controlled by 2B004, 2B009, 2B104, 2B105, 2B109, 2B116, 2B117, 2B119 to 2B122, 2D001, or 2D101 for MT reasons | MT Column 1 |
| NP applies to "technology" for items controlled by 2A225, 2A226, 2B001, 2B004, 2B006, 2B007, 2B009, 2B104, 2B109, 2B116, 2B201, 2B204, 2B206, 2B207, 2B209, 2B225 to 2B233, 2D001, 2D002, 2D101, 2D201, or 2D202 for NP reasons | NP Column 1 |
| NP applies to "technology" for items controlled by 2A290, 2A291, or 2D290 for NP reasons | NP Column 2 |
| CB applies to "technology" for equipment controlled by 2B350 to 2B352, valves controlled by 2A226 having the characteristics of those controlled by 2B350.g, and software controlled by 2D351 | CB Column 2 |
| AT applies to entire entry | AT Column 1 |

**Reporting Requirements**

See § 743.1 of the EAR for reporting requirements for exports under License Exceptions, and Validated End-User authorizations.

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV:*   N/A

*TSR:*   Yes, except N/A for MT

**Special Conditions for STA**

*STA:*   License Exception STA may not be used to ship or transmit "technology" according to

WASHSTATEC004071

*[December 20, 2018]*

the General Technology Note for the "development" of "software" specified in the License Exception STA paragraph in the License Exception section of ECCN 2D001 or for the "development" of equipment as follows: ECCN 2B001 entire entry; or "Numerically controlled" or manual machine tools as specified in 2B003 to any of the destinations listed in Country Group A:6 (See Supplement No.1 to part 740 of the EAR).

**List of Items Controlled**

*Related Controls*: See also 2E101, 2E201, and 2E301

*Related Definitions*: N/A

*Items*:

The list of items controlled is contained in the ECCN heading.

**Note 1 to 2E001:** *ECCN 2E001 includes "technology" for the integration of probe systems into coordinate measurement machines specified by 2B006.a.*

58.  In Supplement No. 1 to part 774, Category 2, revise ECCN 2E002 to read as follows:

**2E002 "Technology" according to the General Technology Note for the "production" of equipment controlled by 2A (except 2A983, 2A984, 2A991, or 2A994), or 2B (except 2B991, 2B993, 2B996, 2B997, 2B998, or 2B999).**

**License Requirements**

*Reason for Control*:  NS, MT, NP, CB, AT

| Control(s) | Country Chart (See Supp. No. 1 to part 738) |
|---|---|
| NS applies to "technology" for equipment controlled by 2A001, 2B001 to 2B009 | NS Column 1 |
| MT applies to "technology" for equipment controlled by 2B004, 2B009, 2B104, 2B105, 2B109, 2B116, 2B117, or 2B119 to 2B122 for MT reasons | MT Column 1 |
| NP applies to "technology" for equipment controlled by 2A225, 2A226, 2B001, 2B004, 2B006, 2B007, 2B009, 2B104, 2B109, 2B116, 2B201, 2B204, 2B206, 2B207, | NP Column 1 |

*[December 20, 2018]*

| 2B209, 2B225 to 2B233 for NP reasons | |
|---|---|
| NP applies to "technology" for equipment controlled by 2A290 or 2A291 for NP reasons | NP Column 2 |
| CB applies to "technology" for equipment Controlled by 2B350 to 2B352 and for valves controlled by 2A226 having the characteristics of those controlled by 2B350.g | CB Column 2 |
| AT applies to entire entry | AT Column 1 |

**Reporting Requirements**

See § 743.1 of the EAR for reporting requirements for exports under License Exceptions, and Validated End-User authorizations.

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*CIV:*   N/A

*TSR:*   Yes, except N/A for MT

**Special Conditions for STA**

*STA:*   License Exception STA may not be used to ship or transmit "technology" according to the General Technology Note for the "production" of equipment as follows: ECCN 2B001 entire entry; or "Numerically controlled" or manual machine tools as specified in 2B003 to any of the destinations listed in Country Group A:6 (See Supplement No.1 to part 740 of the EAR).

**List of Items Controlled**

*Related Controls*: N/A

*Related Definitions*: N/A

*Items*:

The list of items controlled is contained in the ECCN heading.

59. In Supplement No. 1 to part 774, Category 7, revise ECCN 7A611 to read as follows:

**7A611  Military fire control, laser, imaging, and guidance equipment, as follows (see List of Items Controlled).**

**License Requirements**

[December 20, 2018]

*Reason for Control*: NS, MT, RS, AT, UN

| Control(s) | Country Chart (See Supp. No. 1 to part 738). |
|---|---|
| NS applies to entire entry except 7A611.y | NS Column 1 |
| MT applies to commodities in 7A611.a that meet or exceed the parameters in 7A103.b or .c | MT Column 1 |
| RS applies to entire entry except 7A611.y | RS Column 1 |
| AT applies to entire entry | AT Column 1 |
| UN applies to entire entry except 7A611.y | See § 746.1(b) of the EAR for UN controls |

**List Based License Exceptions** (See Part 740 for a description of all license exceptions)

*LVS:* $1500

*GBS:* N/A

*CIV:* N/A

**Special Conditions for STA**

*STA:* Paragraph (c)(2) of License Exception STA (§ 740.20(c)(2) of the EAR) may not be used for any item in 7A611.

**List of Items Controlled**

*Related Controls*:  (1) Military fire control, laser, imaging, and guidance equipment that are enumerated in USML Category XII, and technical data (including software) directly related thereto, are subject to the ITAR.  (2) See Related Controls in ECCNs 0A504, 2A984, 6A002, 6A003, 6A004, 6A005, 6A007, 6A008, 6A107, 7A001, 7A002, 7A003, 7A005, 7A101, 7A102, and 7A103.  (3) See ECCN 3A611 and USML Category XI for controls on countermeasure equipment.  (4) See ECCN 0A919 for foreign-made "military commodities" that incorporate more than a *de minimis* amount of U.S. origin "600 series" controlled content.

*Related Definitions*: N/A

*Items*:

a. Guidance or navigation systems, not elsewhere specified on the USML, that are "specially designed" for a defense article on the USML or for a 600 series item.

b. to w. [RESERVED]

x. "Parts," "components," "accessories," and "attachments," including accelerometers, gyros, angular rate sensors, gravity meters (gravimeters), and inertial measurement units (IMUs), that are

WASHSTATEC004074

*[December 20, 2018]*

"specially designed" for defense articles controlled by USML Category XII or items controlled by 7A611, and that are NOT:

1. Enumerated or controlled in the USML or elsewhere within ECCN 7A611;

2. Described in ECCNs 6A007, 6A107, 7A001, 7A002, 7A003, 7A101, 7A102, or 7A103; or

3. Elsewhere specified in ECCN 7A611.y or 3A611.y.

y. Specific "parts," "components," "accessories," and "attachments" "specially designed" for a commodity subject to control in this ECCN or a defense article in Category XII and not elsewhere specified on the USML or in the CCL, as follows, and "parts," "components," "accessories," and "attachments" "specially designed" therefor:

    y.1 [RESERVED]

Billing Code 4710-25

**DEPARTMENT OF STATE**

**22 CFR Parts 121, 123, 124, 126, and 129**

**[Public Notice 10603]**

**RIN 1400-AE30**

**International Traffic in Arms Regulations: U.S. Munitions List**

**Categories I, II, and III**

**AGENCY:** Department of State.

**ACTION:** Final rule.

**§ 121.1 The United States Munitions List.**

* * * * *

**Category I—Firearms** and Related Articles, Close Assault Weapons and Combat Shotguns

*(a) Firearms using caseless ammunition Nonautomatic and semi-automatic firearms to caliber .50 inclusive (12.7 mm).

*(b) Fully automatic firearms to .50 caliber inclusive (12.7 mm) inclusive.

*(c) Firearms specially designed to integrate fire control, automatic tracking, or automatic firing (*e.g.*, Precision Guided Firearms) or other weapons (e.g. insurgency-counterinsurgency, close assault weapons systems) having a special military application regardless of caliber.

*Note to paragraph (c):* Integration does not include only attaching to the firearm or rail.

*(d) Fully automatic shotguns regardless of gauge. Combat shotguns. This includes any shotgun with a barrel length less than 18 inches.

*(e) Silencers, mufflers, and sound and flash suppressors for the articles in (a) through (d) of this category and their specifically designed, modified

or adapted components and parts.

(f) [Reserved]Riflescopes manufactured to military specifications (See category XII(c) for controls on night sighting devices.)

\*(g) Barrels, cylinders, receivers (frames) bolts, bolt carriers, slides, or sears or complete breech mechanisms specially designed for the articles in paragraphs (a) through (d) of this category.

(h) Components, pParts, components, accessories, and attachments., as follows:for the articles in paragraphs (a) through (g) of this category.

(1) Drum and other magazines for firearms to .50 caliber (12.7 mm) inclusive with a capacity greater than 50 rounds, regardless of jurisdiction of the firearm, and specially designed parts and components therefor;

(2) Parts and components specially designed for conversion of a semi-automatic firearm to a fully automatic firearm;

(3) Parts and components specially designed for defense articles described in paragraphs (c) and (e); or

(4) Accessories or attachments specially designed to automatically stabilize aim (other than gun rests) or for automatic targeting, and specially designed parts and components therefor.

(i) Technical data (as defined insee §120.10 of this subchapter) and defense services (as defined insee §120.9 of this subchapter) directly related to the defense articles described in paragraphs (a) through (h) of this category and classified technical data directly related to items controlled in ECCNs 0A501, 0B501, 0D501, and 0E501 and defense services using the classified technical data. (See § 125.4 of this subchapter for exemptions.)Technical data directly related to the manufacture or production of any defense articles described elsewhere in this category that are

2

~~designated as Significant Military Equipment (SME) shall itself be~~ ~~designated SME.~~

(j) – (w) [Reserved] ~~The following interpretations explain and amplify the~~ ~~terms used in this category and throughout this subchapter:~~

~~(1) A firearm is a weapon not over .50 caliber (12.7 mm) which is~~ ~~designed to expel a projectile by the action of an explosive or which may be~~ ~~readily converted to do so.~~

~~(2) A rifle is a shoulder firearm which can discharge a bullet through a~~ ~~rifled barrel 16 inches or longer.~~

~~(3) A carbine is a lightweight shoulder firearm with a barrel under 16~~ ~~inches in length.~~

~~(4) A pistol is a hand-operated firearm having a chamber integral with or~~ ~~permanently aligned with the bore.~~

~~(5) A revolver is a hand-operated firearm with a revolving cylinder~~ ~~containing chambers for individual cartridges.~~

~~(6) A submachine gun, "machine pistol" or "machine gun" is a firearm~~ ~~originally designed to fire, or capable of being fired, fully automatically by a~~ ~~single pull of the trigger.~~

(x) Commodities, software, and technology subject to the EAR (see § 120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x)*: Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (see § 123.1(b) of this subchapter).

*Note to Category I:* The following interpretations explain and amplify the terms used in this category:

3

WASHSTATEC004078

(1) A firearm is a weapon not over .50 caliber (12.7 mm) which is designed to expel a projectile by the deflagration of propellant;

(2) A fully automatic firearm or shotgun is any firearm or shotgun that shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger; and

(3) Caseless ammunition is firearm ammunition without a cartridge case that holds the primer, propellant, and projectile together as a unit.: This coverage by the U.S. Munitions List in paragraphs (a) through (i) of this category excludes any non-combat shotgun with a barrel length of 18 inches or longer, BB, pellet, and muzzle loading (black powder) firearms. This category does not cover riflescopes and sighting devices that are not manufactured to military specifications. It also excludes accessories and attachments (e.g., belts, slings, after market rubber grips, cleaning kits) for firearms that do not enhance the usefulness, effectiveness, or capabilities of the firearm, components and parts. The Department of Commerce regulates the export of such items. See the Export Administration Regulations (15 CFR parts 730-799). In addition, license exemptions for the items in this category are available in various parts of this subchapter (e.g., §§123.17, 123.18 and 125.4).

**Category II—Guns and Armament**

\*(a) Guns and armament greater than over caliber .50 (*i.e.,* 12.7 mm), as follows:

\*(1) Guns, howitzers, artillery, and cannons;

\*(2) Mortars;

\*(3) Recoilless rifles;

4

WASHSTATEC004079

*(4) Grenade launchers; or ~~whether towed, airborne, self-propelled, or~~ ~~fixed, including but not limited to, howitzers, mortars, cannons, recoilless~~ ~~rifles, and grenade launchers~~

(5) Developmental guns and armament greater than .50 caliber (12.7 mm) funded by the Department of Defense and specially designed parts and components therefor.

*Note 1 to paragraph (a)(5):* This paragraph does not control guns and armament greater than .50 caliber (12.7 mm): (a) in production; (b) determined to be subject to the EAR via a commodity jurisdiction determination (*see* § 120.4 of this subchapter); or (c) identified in the relevant Department of Defense contract or other funding authorization as being developed for both civil and military applications.

*Note 2 to paragraph (a)(5):* Note 1 does not apply to defense articles enumerated on the U.S. Munitions List, whether in production or development.

*Note 3 to paragraph (a)(5):* This provision is applicable to those contracts or other funding authorizations that are dated [**INSERT DATE ONE YEAR AFTER PUBLICATION IN THE FEDERAL REGISTER**], or later.

*Note 1 to paragraph (a):* This paragraph does not include: Non-automatic and non-semi-automatic rifles, carbines, and pistols between .50 (12.7 mm) and .72 caliber (18.288 mm) that are controlled on the CCL under ECCN 0A501; shotguns controlled on the CCL under ECCN 0A502; black powder guns and armaments manufactured between 1890 and 1919 controlled on the CCL under ECCN 0A602; or black powder guns and armaments manufactured earlier than 1890.

5

*Note 2 to paragraph (a):* Guns and armament when integrated into their carrier (*e.g.*, surface vessels, ground vehicles, or aircraft) are controlled in the category associated with the carrier. Self-propelled guns and armament are controlled in USML Category VII. Towed guns and armament and stand-alone guns and armament are controlled under this category.

(b) Flame throwers with an effective range greater than or equal to 20 meters.specifically designed or modified for military application.

(c) [Reserved]Apparatus and devices for launching or delivering ordnance, other than those articles controlled in Category IV.

*(d) Kinetic energy weapon systems specially specifically designed or modified for destruction or rendering mission-abort of a target.

*Note to paragraph (d):* Kinetic energy weapons systems include but are not limited to launch systems and subsystems capable of accelerating masses larger than 0.1g to velocities in excess of 1.6 km/s, in single or rapid fire modes, using methods such as: Electromagnetic, electrothermal, plasma, light gas, or chemical. This does not include launch systems and subsystems used for research and testing facilities subject to the EAR, which are controlled on the CCL under ECCN 2B232.

(e) Signature reduction devices control materials (e.g., parasitic, structural, coatings, screening) techniques, and equipment specially specifically designed, developed, configured, adapted or modified to alter or reduce the signature (e.g., muzzle flash suppression, radar, infrared, visual, laser/electro-optical, acoustic) of for the guns and armament controlled in paragraphs (a), (b), and (d) of this category (*e.g.*, muzzle flash suppression devices)defense articles controlled by this category.

6

WASHSTATEC004081

*(f) – (i) [Reserved]Engines specifically designed or modified for the self-propelled guns and howitzers in paragraph (a) of this category.

(g) Tooling and equipment specifically designed or modified for the production of defense articles controlled by this category.

(h) Test and evaluation equipment and test models specifically designed or modified for the articles controlled by this category. This includes but is not limited to diagnostic instrumentation and physical test models.

(i) Autoloading systems for electronic programming of projectile function for the defense articles controlled in this Category.

(j) All other components, pParts, components, accessories, and attachments, as follows: and associated equipment specifically designed or modified for the articles in paragraphs (a) through (i) of this category. This includes but is not limited to mounts and carriages for the articles controlled in this category.

(1) Gun barrels, rails, tubes, and receivers specially designed for the weapons controlled in paragraphs (a) and (d) of this category;

(2) Sights specially designed to orient indirect fire weapons;

(3) Breech blocks for the weapons controlled in paragraphs (a) and (d) of this category;

(4) Firing mechanisms for the weapons controlled in paragraphs (a) and (d) of this category and specially designed parts and components therefor;

(5) Systems for firing superposed or stacked ammunition and specially designed parts and components therefor;

(6) Servo-electronic and hydraulic elevation adjustment mechanisms;

(7) Muzzle brakes;

(8) Bore evacuators;

7

WASHSTATEC004082

(9) Independent ammunition handling systems for the guns and armament controlled in paragraphs (a), (b), and (d) of this category;

(10) Components for independently powered ammunition handling systems and platform interface, as follows:

(i) Mounts;

(ii) Carriages;

(iii) Gun pallets;

(iv) Hydro-pneumatic equilibration cylinders; or

(v) Hydro-pneumatic systems capable of scavenging recoil energy to power howitzer functions;

*Note to paragraph (j)(10):* For weapons mounts specially designed for surface vessels and special naval equipment, *see* Category VI. For weapons mounts specially designed for ground vehicles, *see* Category VII.

(11) Ammunition containers/drums, ammunition chutes, ammunition conveyor elements, ammunition feeder systems, and ammunition container/drum entrance and exit units, specially designed for the guns and armament controlled in paragraphs (a), (b), and (d) of this category;

(12) Systems and equipment for the guns and armament controlled in paragraphs (a) and (d) of this category for use in programming ammunition, and specially designed parts and components therefor;

(13) Aircraft/gun interface units to support gun systems with a designed rate of fire greater than 100 rounds per minute and specially designed parts and components therefor;

(14) Recoil systems specially designed to mitigate the shock associated with the firing process of guns integrated into air platforms and specially designed parts and components therefor;

8

WASHSTATEC004083

(15) Prime power generation, energy storage, thermal management, conditioning, switching, and fuel-handling equipment, and the electrical interfaces between the gun power supply and other turret electric drive components specially designed for kinetic weapons controlled in paragraph (d) of this category;

(16) Kinetic energy weapon target acquisition, tracking fire control, and damage assessment systems and specially designed parts and components therefor; or

*(17) Any part, component, accessory, attachment, equipment, or system that:

(i) Is classified;

(ii) Contains classified software; or

(iii) Is being developed using classified information.

"Classified" means classified pursuant to Executive Order 13526, or predecessor order, and a security classification guide developed pursuant thereto or equivalent, or to the corresponding classification rules of another government or intergovernmental organization.

(k) Technical data (*see* as defined in §120.10 of this subchapter) and defense services (*see* as defined in §120.9 of this subchapter) directly related to the defense articles described in paragraphs (a) , (b), (d), (e), and through (j) of this category and classified technical data directly related to items controlled in ECCNs 0A602, 0B602, 0D602, and 0E602 and defense services using the classified technical data. (*See* § 125.4 of this subchapter for exemptions.) Technical data directly related to the manufacture or production of any defense articles described elsewhere in this category that

9

WASHSTATEC004084

are designated as Significant Military Equipment (SME) shall itself be designated SME.

(l) – (w) [Reserved] The following interpretations explain and amplify the terms used in this category and elsewhere in this subchapter:

(1) The kinetic energy weapons systems in paragraph (d) of this category include but are not limited to:

(i) Launch systems and subsystems capable of accelerating masses larger than 0.1g to velocities in excess of 1.6km/s, in single or rapid fire modes, using methods such as: electromagnetic, electrothermal, plasma, light gas, or chemical;

(ii) Prime power generation, electric armor, energy storage, thermal management; conditioning, switching or fuel-handling equipment; and the electrical interfaces between power supply gun and other turret electric drive function;

(iii) Target acquisition, tracking fire control or damage assessment systems; and

(iv) Homing seeker, guidance or divert propulsion (lateral acceleration) systems for projectiles.

(2) The articles in this category include any end item, component, accessory, attachment part, firmware, software or system that has been designed or manufactured using technical data and defense services controlled by this category.

(3) The articles specifically designed or modified for military application controlled in this category include any article specifically developed, configured, or adapted for military application.

10

WASHSTATEC004085

(x) Commodities, software, and technology subject to the EAR (*see* § 120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x):* Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (*see* § 123.1(b) of this subchapter).

## Category III—Ammunition/ and Ordnance

*(a) Ammunition/, as follows:ordnance for the articles in Categories I and II of this section.

*(1) Ammunition that incorporates a projectile controlled in paragraph (d)(1) or (3) of this category;

*(2) Ammunition preassembled into links or belts;

*(3) Shotgun ammunition that incorporates a projectile controlled in paragraph (d)(2) of this category;

*(4) Caseless ammunition manufactured with smokeless powder;

*Note to paragraph (a)(4):* Caseless ammunition is ammunition without a cartridge case that holds the primer, propellant, and projectile together as a unit.

*(5) Ammunition, except shotgun ammunition, based on non-metallic cases, or non-metallic cases that have only a metallic base, which result in a total cartridge mass 80% or less than the mass of a brass- or steel-cased cartridge that provides comparable ballistic performance;

*(6) Ammunition employing pyrotechnic material in the projectile base or any ammunition employing a projectile that incorporates tracer materials of any type having peak radiance above 710 nm and designed to be observed primarily with night vision optical systems;

11

WASHSTATEC004086

*(7) Ammunition for fully automatic firearms that fire superposed or stacked projectiles or for guns that fire superposed or stacked projectiles;

*(8) Electromagnetic armament projectiles or billets for weapons with a design muzzle energy exceeding 5 MJ;

*(9) Ammunition, not specified above, for the guns and armaments controlled in Category II; or

(10) Developmental ammunition funded by the Department of Defense and specially designed parts and components therefor.

*Note 1 to paragraph (a)(10):* This paragraph does not control ammunition: (a) in production; (b) determined to be subject to the EAR via a commodity jurisdiction determination (*see* § 120.4 of this subchapter); or (c) identified in the relevant Department of Defense contract or other funding authorization as being developed for both civil and military applications.

*Note 2 to paragraph (a)(10):* Note 1 does not apply to defense articles enumerated on the U.S. Munitions List, whether in production or development.

*Note 3 to paragraph (a)(10):* This provision is applicable to those contracts or other funding authorizations that are dated [**INSERT DATE ONE YEAR AFTER PUBLICATION IN THE FEDERAL REGISTER**], or later.

   (b) Ammunition/ordnance handling equipment specially specifically designed or modified for the articles controlled in this category, as follows:, such as, belting, linking, and de-linking equipment.

(1) Belting, linking, and de-linking equipment; or

(2) Fuze setting devices.

12

WASHSTATEC004087

(c) [Reserved]~~Equipment and tooling specifically designed or modified for the production of defense articles controlled by this category.~~

(d) ~~Components, p~~Parts and components, ~~accessories, attachments and associated equipment specifically designed or modified~~ for the articles in this category, as follows:

\*(1) Projectiles that use pyrotechnic tracer materials that incorporate any material having peak radiance above 710 nm or are incendiary or explosive~~Guidance and control components for the articles in paragraph (a) of this category~~;

\*(2) Shotgun projectiles that are flechettes, incendiary, tracer, or explosive;~~Safing, arming and fuzing components (including target detection and localization devices) for the articles in paragraph (a) of this category; and~~

*Note to paragraph (d)(2):* This paragraph does not include explosive projectiles specially designed to produce noise for scaring birds or other pests (*e.g.*, bird bombs, whistlers, crackers).

(3) Projectiles of any caliber produced from depleted uranium;~~All other components, parts, accessories, attachments and associated equipment for the articles in paragraphs (a) through (c) of this category.~~

(4) Projectiles not specified above, guided or unguided, for the items controlled in USML Category II, and specially designed parts and components therefor (*e.g.*, fuzes, rotating bands, cases, liners, fins, boosters);

(5) Canisters or sub-munitions (*e.g.*, bomblets or minelets), and specially designed parts and components therefor, for the guns or armament controlled in USML Category II;

13

WASHSTATEC004088

(6) Projectiles that employ tips (*e.g.*, M855A1 Enhanced Performance Round (EPR)) or cores regardless of caliber, produced from one or a combination of the following: tungsten, steel, or beryllium copper alloy;

(7) Cartridge cases, powder bags, or combustible cases specially designed for the items controlled in USML Category II;

(8) Non-metallic cases, including cases that have only a metallic base, for the ammunition controlled in paragraph (a)(5) of this category;

(9) Cartridge links and belts for fully automatic firearms and guns controlled in USML Categories I or II;

(10) Primers other than Boxer, Berdan, or shotshell types;

*Note to paragraph (d)(10):* This paragraph does not control caps or primers of any type in use prior to 1890.

(11) Safing, arming, and fuzing components (to include target detection and proximity sensing devices) for the ammunition in this category and specially designed parts therefor;

(12) Guidance and control components for the ammunition in this category and specially designed parts therefor;

(13) Terminal seeker assemblies for the ammunition in this category and specially designed parts and components therefor;

(14) Illuminating flares or target practice projectiles for the ammunition controlled in paragraph (a)(9) of this category; or

*(15) Any part, component, accessory, attachment, equipment, or system that:

(i) Is classified;

(ii) Contains classified software; or

(iii) Is being developed using classified information.

14

"Classified" means classified pursuant to Executive Order 13526, or predecessor order, and a security classification guide developed pursuant thereto or equivalent, or to the corresponding classification rules of another government or intergovernmental organization.

(e) Technical data (~~see~~ _see_ ~~as defined in~~ §120.10 of this subchapter) and defense services (~~see~~ _see_ ~~as defined in~~ §120.9 of this subchapter) directly related to the defense articles described in paragraphs (a), (b), and ~~through~~ (d) of this category and classified technical data directly related to items controlled in ECCNs 0A505, 0B505, 0D505, and 0E505 and defense services using the classified technical data. (_See_ § 125.4 of this subchapter for exemptions.) ~~Technical data directly related to the manufacture or production of any defense articles described elsewhere in this category that are designated as Significant Military Equipment (SME) shall itself be designated SME.~~

(f) – (w) [Reserved] ~~The following explains and amplifies the terms used in this category and elsewhere in this subchapter:~~

~~(1) The components, parts, accessories and attachments controlled in this category include, but are not limited to cartridge cases, powder bags (or other propellant charges), bullets, jackets, cores, shells (excluding shotgun shells), projectiles (including canister rounds and submunitions therefor), boosters, firing components therefor, primers, and other detonating devices for the defense articles controlled in this category.~~

_Note to paragraph (x):_ Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (_see_ § 123.1(b) of this subchapter).

15

WASHSTATEC004090

*Note 1 to Category III:* This category does not control ammunition crimped without a projectile (blank star) and dummy ammunition with a pierced powder chamber.

*Note 2 to Category III:* (2) This category does not control cartridge and shell casings that, prior to export, have been rendered useless beyond the possibility of restoration for use as a cartridge or shell casing by means of heating, flame treatment, mangling, crushing, cutting or popping.

(3) Equipment and tooling in paragraph (c) of this category does not include equipment for hand-loading ammunition.

(4) The articles in this category include any end item, component, accessory, attachment, part, firmware, software, or system that has been designed or manufactured using technical data and defense services controlled by this category.

(5) The articles specifically designed or modified for military application controlled in this category include any article specifically developed, configured, or adapted for military application

*Note 3 to Category III:* Grenades containing non-lethal or less lethal projectiles are under the jurisdiction of the Department of Commerce.

16

WASHSTATEC004091

Categories I, II, and III MDE Transitioning to the CCL

| ITEM DESCRIPTION | CCL CONTROL | |
|---|---|---|
| Cartridge, 5.56mm M855A1 | CCL | ECCN 0A505.a |

WASHSTATEC004092

The Honorable
Robert P. Corker, Jr., Chairman
Committee on Foreign Relations
United States Senate
Washington, DC 20510

Dear Mr. Chairman:

Pursuant to Section 38(f)(1) of the Arms Export Control Act (22 U.S.C. 2778(f)(1)), I am transmitting herewith notification of the intention to transfer jurisdictional control of certain classes of items currently on the United States Munitions List (USML) to the Commerce Control List.

The Secretary of State, with the concurrence of the Secretary of Defense, is transferring control of various items currently controlled by USML Categories I, II, and III to the jurisdiction of the Export Administration Regulations.  In accordance with new regulatory and policy procedures instituted by the Department of Commerce, export activities pertaining to these items will continue to be prudently controlled in the interests of U.S. national security and foreign policy priorities.  When it is published, the Department of State will forward its final rule implementing this change to the Congress and the Comptroller General, pursuant to the Congressional Review Act.

Attached for your reference are the following documents:  a summary of the revisions to the USML; the final regulatory text of Categories I, II and III; line-in/line-out comparison of the current and revised USML Categories I, II and III;, the Department of Commerce's revised companion regulatory text; and a summary of the control for major defense equipment.

We hope this information is helpful.  Please let us know if we can be of further assistance.

Sincerely,

Mary Elizabeth Taylor
Assistant Secretary
Legislative Affairs

Enclosure:
       As stated.

WASHSTATEC004093

The Honorable
Robert Menendez
Committee on Foreign Relations
United States Senate
Washington, DC 20510

Dear Senator Menendez:

Pursuant to Section 38(f)(1) of the Arms Export Control Act (22 U.S.C. 2778(f)(1)), I am transmitting herewith notification of the intention to transfer jurisdictional control of certain classes of items currently on the United States Munitions List (USML) to the Commerce Control List.

The Secretary of State, with the concurrence of the Secretary of Defense, is transferring control of various items currently controlled by USML Categories I, II, and III to the jurisdiction of the Export Administration Regulations. In accordance with new regulatory and policy procedures instituted by the Department of Commerce, export activities pertaining to these items will continue to be prudently controlled in the interests of U.S. national security and foreign policy priorities. When it is published, the Department of State will forward its final rule implementing this change to the Congress and the Comptroller General, pursuant to the Congressional Review Act.

Attached for your reference are the following documents: a summary of the revisions to the USML; the final regulatory text of Categories I, II and III; line-in/line-out comparison of the current and revised USML Categories I, II and III; the Department of Commerce's revised companion regulatory text; and a summary of the control for major defense equipment.

We hope this information is helpful. Please let us know if we can be of further assistance.

Sincerely,

Mary Elizabeth Taylor
Assistant Secretary
Legislative Affairs

Enclosure:
    As stated.

The Honorable
Edward R. Royce, Chairman
Committee on Foreign Affairs
House of Representatives
Washington, DC 20515

Dear Mr. Chairman:

Pursuant to Section 38(f)(1) of the Arms Export Control Act (22 U.S.C. 2778(f)(1)), I am transmitting herewith notification of the intention to transfer jurisdictional control of certain classes of items currently on the United States Munitions List (USML) to the Commerce Control List.

The Secretary of State, with the concurrence of the Secretary of Defense, is transferring control of various items currently controlled by USML Categories I, II, and III to the jurisdiction of the Export Administration Regulations.  In accordance with new regulatory and policy procedures instituted by the Department of Commerce, export activities pertaining to these items will continue to be prudently controlled in the interests of U.S. national security and foreign policy priorities.  When it is published, the Department of State will forward its final rule implementing this change to the Congress and the Comptroller General, pursuant to the Congressional Review Act.

Attached for your reference are the following documents:  a summary of the revisions to the USML; the final regulatory text of Categories I, II and III; line-in/line-out comparison of the current and revised USML Categories I, II and III; the Department of Commerce's revised companion regulatory text; and a summary of the control for major defense equipment.

We hope this information is helpful.  Please let us know if we can be of further assistance.

Sincerely,


Mary Elizabeth Taylor
Assistant Secretary
Legislative Affairs

Enclosure:
        As stated.

The Honorable
Eliot L. Engel
Committee on Foreign Affairs
House of Representatives
Washington, DC 20515

Dear Mr. Engel:

Pursuant to Section 38(f)(1) of the Arms Export Control Act (22 U.S.C. 2778(f)(1)), I am transmitting herewith notification of the intention to transfer jurisdictional control of certain classes of items currently on the United States Munitions List (USML) to the Commerce Control List.

The Secretary of State, with the concurrence of the Secretary of Defense, is transferring control of various items currently controlled by USML Categories I, II, and III to the jurisdiction of the Export Administration Regulations.  In accordance with new regulatory and policy procedures instituted by the Department of Commerce, export activities pertaining to these items will continue to be prudently controlled in the interests of U.S. national security and foreign policy priorities.  When it is published, the Department of State will forward its final rule implementing this change to the Congress and the Comptroller General, pursuant to the Congressional Review Act.

Attached for your reference are the following documents:  a summary of the revisions to the USML; the final regulatory text of Categories I, II and III; line-in/line-out comparison of the current and revised USML Categories I, II and III; the Department of Commerce's revised companion regulatory text; and a summary of the control for major defense equipment.

We hope this information is helpful.  Please let us know if we can be of further assistance.

Sincerely,


Mary Elizabeth Taylor
Assistant Secretary
Legislative Affairs

Enclosure:
        As stated.

Billing Code 4710-25

**DEPARTMENT OF STATE**

**22 CFR Parts 121, 123, 124, 126, and 129**

**[Public Notice 10603]**

**RIN 1400-AE30**

**International Traffic in Arms Regulations: U.S. Munitions List Categories I, II, and III**

**AGENCY:** Department of State.

**ACTION:** Final rule.


**§ 121.1 The United States Munitions List.**

\* \* \* \* \*

**Category I—Firearms and Related Articles**

&ast;(a) Firearms using caseless ammunition.

&ast;(b) Fully automatic firearms to .50 caliber (12.7 mm) inclusive.

&ast;(c) Firearms specially designed to integrate fire control, automatic tracking, or automatic firing (*e.g.*, Precision Guided Firearms).

*Note to paragraph (c):* Integration does not include only attaching to the firearm or rail.

&ast;(d) Fully automatic shotguns regardless of gauge.

&ast;(e) Silencers, mufflers, and sound suppressors.

(f) [Reserved]

(g) Barrels, receivers (frames), bolts, bolt carriers, slides, or sears specially designed for the articles in paragraphs (a), (b), and (d) of this category.

(h) Parts, components, accessories, and attachments, as follows:

(1) Drum and other magazines for firearms to .50 caliber (12.7 mm)

inclusive with a capacity greater than 50 rounds, regardless of jurisdiction of the firearm, and specially designed parts and components therefor;

(2) Parts and components specially designed for conversion of a semi-automatic firearm to a fully automatic firearm;

(3) Parts and components specially designed for defense articles described in paragraphs (c) and (e); or

(4) Accessories or attachments specially designed to automatically stabilize aim (other than gun rests) or for automatic targeting, and specially designed parts and components therefor.

(i) Technical data (*see* § 120.10 of this subchapter) and defense services (*see* § 120.9 of this subchapter) directly related to the defense articles described in this category and classified technical data directly related to items controlled in ECCNs 0A501, 0B501, 0D501, and 0E501 and defense services using the classified technical data. (*See* § 125.4 of this subchapter for exemptions.)

(j)–(w) [Reserved]

(x) Commodities, software, and technology subject to the EAR (*see* § 120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x):* Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (*see* § 123.1(b) of this subchapter).

*Note to Category I:* The following interpretations explain and amplify the terms used in this category:

(1) A firearm is a weapon not over .50 caliber (12.7 mm) which is designed to expel a projectile by the deflagration of propellant;

2

WASHSTATEC004098

(2) A fully automatic firearm or shotgun is any firearm or shotgun that shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger; and

(3) Caseless ammunition is firearm ammunition without a cartridge case that holds the primer, propellant, and projectile together as a unit.

## Category II—Guns and Armament

(a) Guns and armament greater than .50 caliber (12.7 mm), as follows:

*(1) Guns, howitzers, artillery, and cannons;

*(2) Mortars;

*(3) Recoilless rifles;

*(4) Grenade launchers; or

(5) Developmental guns and armament greater than .50 caliber (12.7 mm) funded by the Department of Defense and specially designed parts and components therefor.

*Note 1 to paragraph (a)(5):* This paragraph does not control guns and armament greater than .50 caliber (12.7 mm); (a) in production; (b) determined to be subject to the EAR via a commodity jurisdiction determination (*see* § 120.4 of this subchapter); or (c) identified in the relevant Department of Defense contract or other funding authorization as being developed for both civil and military applications.

*Note 2 to paragraph (a)(5):* Note 1 does not apply to defense articles enumerated on the U.S. Munitions List, whether in production or development.

*Note 3 to paragraph (a)(5):* This provision is applicable to those contracts or other funding authorizations that are dated [**INSERT DATE**

3

**ONE YEAR AFTER PUBLICATION IN THE FEDERAL REGISTER**], or later.

*Note 1 to paragraph (a):* This paragraph does not include: Non-automatic and non-semi-automatic rifles, carbines, and pistols between .50 (12.7 mm) and .72 caliber (18.288 mm) that are controlled on the CCL under ECCN 0A501; shotguns controlled on the CCL under ECCN 0A502; black powder guns and armaments manufactured between 1890 and 1919 controlled on the CCL under ECCN 0A602; or black powder guns and armaments manufactured earlier than 1890.

*Note 2 to paragraph (a):* Guns and armament when integrated into their carrier (*e.g.*, surface vessels, ground vehicles, or aircraft) are controlled in the category associated with the carrier. Self-propelled guns and armament are controlled in USML Category VII. Towed guns and armament and stand-alone guns and armament are controlled under this category.

(b) Flamethrowers with an effective range greater than or equal to 20 meters.

(c) [Reserved]

*(d) Kinetic energy weapon systems specially designed for destruction or rendering mission-abort of a target.

*Note to paragraph (d):* Kinetic energy weapons systems include but are not limited to launch systems and subsystems capable of accelerating masses larger than 0.1g to velocities in excess of 1.6 km/s, in single or rapid fire modes, using methods such as: Electromagnetic, electrothermal, plasma, light gas, or chemical. This does not include launch systems and subsystems used for research and testing facilities subject to the EAR, which are controlled on the CCL under ECCN 2B232.

4

(e) Signature reduction devices specially designed for the guns and armament controlled in paragraphs (a), (b), and (d) of this category (*e.g.*, muzzle flash suppression devices).

(f)–(i) [Reserved]

(j) Parts, components, accessories, and attachments, as follows:

(1) Gun barrels, rails, tubes, and receivers specially designed for the weapons controlled in paragraphs (a) and (d) of this category;

(2) Sights specially designed to orient indirect fire weapons;

(3) Breech blocks for the weapons controlled in paragraphs (a) and (d) of this category;

(4) Firing mechanisms for the weapons controlled in paragraphs (a) and (d) of this category and specially designed parts and components therefor;

(5) Systems for firing superposed or stacked ammunition and specially designed parts and components therefor;

(6) Servo-electronic and hydraulic elevation adjustment mechanisms;

(7) Muzzle brakes;

(8) Bore evacuators;

(9) Independent ammunition handling systems for the guns and armament controlled in paragraphs (a), (b), and (d) of this category;

(10) Components for independently powered ammunition handling systems and platform interface, as follows:

(i) Mounts;

(ii) Carriages;

(iii) Gun pallets;

(iv) Hydro-pneumatic equilibration cylinders; or

5

(v) Hydro-pneumatic systems capable of scavenging recoil energy to power howitzer functions;

*Note to paragraph (j)(10):* For weapons mounts specially designed for surface vessels and special naval equipment, *see* Category VI. For weapons mounts specially designed for ground vehicles, *see* Category VII.

(11) Ammunition containers/drums, ammunition chutes, ammunition conveyor elements, ammunition feeder systems, and ammunition container/drum entrance and exit units, specially designed for the guns and armament controlled in paragraphs (a), (b), and (d) of this category;

(12) Systems and equipment for the guns and armament controlled in paragraphs (a) and (d) of this category for use in programming ammunition, and specially designed parts and components therefor;

(13) Aircraft/gun interface units to support gun systems with a designed rate of fire greater than 100 rounds per minute and specially designed parts and components therefor;

(14) Recoil systems specially designed to mitigate the shock associated with the firing process of guns integrated into air platforms and specially designed parts and components therefor;

(15) Prime power generation, energy storage, thermal management, conditioning, switching, and fuel-handling equipment, and the electrical interfaces between the gun power supply and other turret electric drive components specially designed for kinetic weapons controlled in paragraph (d) of this category;

(16) Kinetic energy weapon target acquisition, tracking fire control, and damage assessment systems and specially designed parts and components therefor; or

6

*(17) Any part, component, accessory, attachment, equipment, or system that:

(i) Is classified;

(ii) Contains classified software; or

(iii) Is being developed using classified information.

"Classified" means classified pursuant to Executive Order 13526, or predecessor order, and a security classification guide developed pursuant thereto or equivalent, or to the corresponding classification rules of another government or intergovernmental organization.

(k) Technical data (*see* § 120.10 of this subchapter) and defense services (*see* § 120.9 of this subchapter) directly related to the defense articles described in paragraphs (a), (b), (d), (e), and (j) of this category and classified technical data directly related to items controlled in ECCNs 0A602, 0B602, 0D602, and 0E602 and defense services using the classified technical data. (*See* § 125.4 of this subchapter for exemptions.)

(l)–(w) [Reserved]

(x) Commodities, software, and technology subject to the EAR (*see* § 120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x):* Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (*see* § 123.1(b) of this subchapter).

**Category III—Ammunition and Ordnance**

(a) Ammunition, as follows:

*(1) Ammunition that incorporates a projectile controlled in paragraph (d)(1) or (3) of this category;

7

WASHSTATEC004103

*(2) Ammunition preassembled into links or belts;

*(3) Shotgun ammunition that incorporates a projectile controlled in paragraph (d)(2) of this category;

*(4) Caseless ammunition manufactured with smokeless powder;

*Note to paragraph (a)(4):* Caseless ammunition is ammunition without a cartridge case that holds the primer, propellant, and projectile together as a unit.

*(5) Ammunition, except shotgun ammunition, based on non-metallic cases, or non-metallic cases that have only a metallic base, which result in a total cartridge mass 80% or less than the mass of a brass- or steel-cased cartridge that provides comparable ballistic performance;

*(6) Ammunition employing pyrotechnic material in the projectile base or any ammunition employing a projectile that incorporates tracer materials of any type having peak radiance above 710 nm and designed to be observed primarily with night vision optical systems;

*(7) Ammunition for fully automatic firearms that fire superposed or stacked projectiles or for guns that fire superposed or stacked projectiles;

*(8) Electromagnetic armament projectiles or billets for weapons with a design muzzle energy exceeding 5 MJ;

*(9) Ammunition, not specified above, for the guns and armaments controlled in Category II; or

(10) Developmental ammunition funded by the Department of Defense and specially designed parts and components therefor.

*Note 1 to paragraph (a)(10):* This paragraph does not control ammunition: (a) in production; (b) determined to be subject to the EAR via a commodity jurisdiction determination (*see* § 120.4 of this subchapter); or (c)

8

WASHSTATEC004104

identified in the relevant Department of Defense contract or other funding authorization as being developed for both civil and military applications.

*Note 2 to paragraph (a)(10):* Note 1 does not apply to defense articles enumerated on the U.S. Munitions List, whether in production or development.

*Note 3 to paragraph (a)(10):* This provision is applicable to those contracts or other funding authorizations that are dated [**INSERT DATE ONE YEAR AFTER PUBLICATION IN THE FEDERAL REGISTER**], or later.

(b) Ammunition/ordnance handling equipment specially designed for the articles controlled in this category, as follows:

(1) Belting, linking, and de-linking equipment; or

(2) Fuze setting devices.

(c) [Reserved]

(d) Parts and components for the articles in this category, as follows:

(1) Projectiles that use pyrotechnic tracer materials that incorporate any material having peak radiance above 710 nm or are incendiary or explosive;

(2) Shotgun projectiles that are flechettes, incendiary, tracer, or explosive;

*Note to paragraph (d)(2):* This paragraph does not include explosive projectiles specially designed to produce noise for scaring birds or other pests (*e.g.*, bird bombs, whistlers, crackers).

(3) Projectiles of any caliber produced from depleted uranium;

(4) Projectiles not specified above, guided or unguided, for the items controlled in USML Category II, and specially designed parts and components therefor (*e.g.*, fuzes, rotating bands, cases, liners, fins, boosters);

9

(5) Canisters or sub-munitions (*e.g.*, bomblets or minelets), and specially designed parts and components therefor, for the guns or armament controlled in USML Category II;

(6) Projectiles that employ tips (*e.g.*, M855A1 Enhanced Performance Round (EPR)) or cores regardless of caliber, produced from one or a combination of the following: tungsten, steel, or beryllium copper alloy;

(7) Cartridge cases, powder bags, or combustible cases specially designed for the items controlled in USML Category II;

(8) Non-metallic cases, including cases that have only a metallic base, for the ammunition controlled in paragraph (a)(5) of this category;

(9) Cartridge links and belts for fully automatic firearms and guns controlled in USML Categories I or II;

(10) Primers other than Boxer, Berdan, or shotshell types;

*Note to paragraph (d)(10):* This paragraph does not control caps or primers of any type in use prior to 1890.

(11) Safing, arming, and fuzing components (to include target detection and proximity sensing devices) for the ammunition in this category and specially designed parts therefor;

(12) Guidance and control components for the ammunition in this category and specially designed parts therefor;

(13) Terminal seeker assemblies for the ammunition in this category and specially designed parts and components therefor;

(14) Illuminating flares or target practice projectiles for the ammunition controlled in paragraph (a)(9) of this category; or

*(15) Any part, component, accessory, attachment, equipment, or system that:

10

WASHSTATEC004106

(i) Is classified;

(ii) Contains classified software; or

(iii) Is being developed using classified information.

"Classified" means classified pursuant to Executive Order 13526, or predecessor order, and a security classification guide developed pursuant thereto or equivalent, or to the corresponding classification rules of another government or intergovernmental organization.

(e) Technical data (*see* § 120.10 of this subchapter) and defense services (*see* § 120.9 of this subchapter) directly related to the defense articles enumerated in paragraphs (a), (b), and (d) of this category and classified technical data directly related to items controlled in ECCNs 0A505, 0B505, 0D505, and 0E505 and defense services using the classified technical data. (*See* § 125.4 of this subchapter for exemptions.)

(f)–(w) [Reserved]

(x) Commodities, software, and technology subject to the EAR (*see* § 120.42 of this subchapter) used in or with defense articles.

*Note to paragraph (x):* Use of this paragraph is limited to license applications for defense articles where the purchase documentation includes commodities, software, or technology subject to the EAR (*see* § 123.1(b) of this subchapter).

*Note 1 to Category III:* This category does not control ammunition crimped without a projectile (blank star) and dummy ammunition with a pierced powder chamber.

*Note 2 to Category III:* This category does not control cartridge and shell casings that, prior to export, have been rendered useless beyond the

11

WASHSTATEC004107

possibility of restoration for use as a cartridge or shell casing by means of heating, flame treatment, mangling, crushing, cutting, or popping.

*Note 3 to Category III:* Grenades containing non-lethal or less lethal projectiles are under the jurisdiction of the Department of Commerce.

12

WASHSTATEC004108

Message

| | |
|---|---|
| **From**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent**: | 2/4/2019 4:53:30 PM |
| **To**: | Kovar, Jeffrey D [KovarJD@state.gov]; Rogers, Shana A [RogersSA2@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | 1-3 formal notification |

I'm happy to confirm that it has been signed and is on its way to the Hill. ███████████████

Sarah Heidema
Director
Office of Defense Trade Controls Policy
Directorate of Defense Trade Controls
Department of State
202-663-2809

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/16/2019 5:25:12 PM |
| **To:** | Miller, Michael F [Millermf@state.gov] |
| **CC:** | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Subject:** | RE: HOT - L/PM meeting with String at 1400 hrs |

Great. Just reached out to Brett.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Miller, Michael F <Millermf@state.gov>
**Sent:** Wednesday, October 16, 2019 1:04 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: HOT - L/PM meeting with String at 1400 hrs

Thanks Rick – ███████████████████████████████████████████████

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 16, 2019 12:58 PM
**To:** Miller, Michael F <Millermf@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** HOT - L/PM meeting with String at 1400 hrs
**Importance:** High

Mike, heads up that Joe and Jeff plan to meet with L at 2:00 today to provide a general update on Cats I-III ██████
████████████████████████████████████

v/r,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

Message

---

**From:**       Khawam, Joseph N [KhawamJN@state.gov]
**Sent:**        10/16/2019 7:04:23 PM
**To:**          Miller, Michael F [Millermf@state.gov]
**CC:**          Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Kovar, Jeffrey D
             [KovarJD@state.gov]
**Subject:**     Updated State Draft Final Rule on Cats I-III
**Attachments:** Tab 1 - Cat I-III Final FRN v6 CLEAN.docx; Tab 1 - Cat I-III Final FRN v6.docx

Mike:  Attached please find the State draft final rule on Cats I-III for OMB.  I've attached both a clean version and a
marked up version that reflects all the edits and comments we received from within state and from the
interagency. ███████████████████████████████████████ If you have any questions or concerns, please
let us know.

Thanks,
Joe

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov
█████████████████████████

SBU - DELIBERATIVE PROCESS

Message

| | |
|---|---|
| **From:** | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Sent:** | 10/16/2019 7:51:35 PM |
| **To:** | Minarich, Christine M [MinarichCM@state.gov]; Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: Cats I-III Synch |
| **Attachments:** | DRAFT 123 Cover Letter LPM cmts.docx |

Very helpful edits.  I marked a couple more on the attached.  Did the Action Memo draft that Rick sent around contain L/PM edits?  I have some thoughts about that too, but want to make sure I have the right version.

<center>SENSITIVE BUT UNCLASSIFIED</center>

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Wednesday, October 16, 2019 3:24 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Cats I-III Synch

Thanks for forwarding Joe.  I forgot to send these earlier and got sucked into a question on the other system.  My apologies.

<center>SENSITIVE BUT UNCLASSIFIED</center>

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, October 16, 2019 3:21 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** FW: Cats I-III Synch

Attached are the edits Christine proposed to the CN cover letter.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

<center>SENSITIVE BUT UNCLASSIFIED</center>

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 5:44 PM
**To:** Paul, Joshua M <PaulJM@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dropping Mike and Jeff until we have a near final draft.
Thanks for taking the pen on this draft Josh. ██████████████████████████
████████████████████████████████████████████████████

Christine

<center>SENSITIVE BUT UNCLASSIFIED</center>

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Thursday, October 3, 2019 11:53 AM

**To:** Foster, John A <FosterJA2@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dear all,

Attached as discussed on the call please find a draft cover letter for the re-notification. ███████████
███████████████████████████████████████████

Thanks,

Josh

-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch
**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In ███████████████████████████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning. Please find the dial-in info below:

Dial In: USA Toll-Free ██████████████

USA Caller Paid/International Toll ██████████████████

ACCESS CODE ██████████████

Thanks,
John

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004113

**Message**

| | |
|---|---|
| **From:** | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Sent:** | 10/16/2019 8:26:28 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: Cats I-III Synch |
| **Attachments:** | USML Cat I-III 38(f) - AM to T v5.docx |

OK – here are my edits ██████████████████████████████████████████████

██████████████████████████████████████████████

---

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, October 16, 2019 4:06 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Cats I-III Synch

The AM that Rick sent includes my edits, so please use that version to add any additional edits you have.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

---

SENSITIVE BUT UNCLASSIFIED

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Wednesday, October 16, 2019 3:57 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Cats I-III Synch

I didn't make any edits to Rick's draft of the AM.  But I'm not sure if Joe weighed it at some point.

---

SENSITIVE BUT UNCLASSIFIED

**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Wednesday, October 16, 2019 3:52 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Cats I-III Synch

Very helpful edits.  I marked a couple more on the attached.  Did the Action Memo draft that Rick sent around contain L/PM edits?  I have some thoughts about that too, but want to make sure I have the right version.

---

SENSITIVE BUT UNCLASSIFIED

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Wednesday, October 16, 2019 3:24 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Cats I-III Synch

Thanks for forwarding Joe.  I forgot to send these earlier and got sucked into a question on the other system.  My apologies.

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, October 16, 2019 3:21 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** FW: Cats I-III Synch

Attached are the edits Christine proposed to the CN cover letter.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 5:44 PM
**To:** Paul, Joshua M <PaulJM@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dropping Mike and Jeff until we have a near final draft.
Thanks for taking the pen on this draft Josh ████████████████████████████
████████████████████████████████████████████████████

Christine

SENSITIVE BUT UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Thursday, October 3, 2019 11:53 AM
**To:** Foster, John A <FosterJA2@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dear all,

Attached as discussed on the call please find a draft cover letter for the re-notification. ████████████████
████████████████████████████████████████████████

Thanks,

Josh

-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch

**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In ███████████ ACCESS CODE: ███████████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning. Please find the dial-in info below:

Dial In: USA Toll-Free ███████████

USA Caller Paid/International Toll ███████████

ACCESS CODE ███████

Thanks,
John

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/16/2019 8:32:31 PM |
| **To**: | Kovar, Jeffrey D [KovarJD@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | RE: Cats I-III Synch |

Thanks, Jeff.  I'll pass these along to DDTC.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Wednesday, October 16, 2019 4:26 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Synch

OK – here are my edits,

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, October 16, 2019 4:06 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Cats I-III Synch

The AM that Rick sent includes my edits, so please use that version to add any additional edits you have.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Wednesday, October 16, 2019 3:57 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Cats I-III Synch

I didn't make any edits to Rick's draft of the AM.  But I'm not sure if Joe weighed it at some point.

SENSITIVE BUT UNCLASSIFIED

**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Wednesday, October 16, 2019 3:52 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Cats I-III Synch

Very helpful edits.  I marked a couple more on the attached.  Did the Action Memo draft that Rick sent around contain L/PM edits?  I have some thoughts about that too, but want to make sure I have the right version.

SENSITIVE BUT UNCLASSIFIED

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Wednesday, October 16, 2019 3:24 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Cats I-III Synch

Thanks for forwarding Joe.  I forgot to send these earlier and got sucked into a question on the other system.  My apologies.

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, October 16, 2019 3:21 PM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** FW: Cats I-III Synch

Attached are the edits Christine proposed to the CN cover letter.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 5:44 PM
**To:** Paul, Joshua M <PaulJM@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dropping Mike and Jeff until we have a near final draft.
Thanks for taking the pen on this draft Josh. ███████████████████████████████
███████████████████████████████████████████

Christine

SENSITIVE BUT UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Thursday, October 3, 2019 11:53 AM
**To:** Foster, John A <FosterJA2@state.gov>; Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Cc:** PM-CPA <PM-CPA@state.gov>
**Subject:** RE: Cats I-III Synch

Dear all,

Attached as discussed on the call please find a draft cover letter for the re-notification. ██████████

████████████████████████████████████████████

Thanks,

Josh

-----Original Appointment-----
**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Wednesday, October 2, 2019 4:18 PM
**To:** Foster, John A; Miller, Michael F; Heidema, Sarah J; Koelling, Richard W; Kovar, Jeffrey D; Khawam, Joseph N; Minarich, Christine M; Paul, Joshua M; Hart, Robert L
**Subject:** Cats I-III Synch
**When:** Thursday, October 3, 2019 10:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In ██████████ ACCESS CODE: ███████

Colleagues,

In an effort to chart a way forward on the items in red text in Sarah's attached email, I have reserved the DDTC conference call line at 10:30 AM tomorrow morning. Please find the dial-in info below:


Dial In: USA Toll-Free: ██████████


USA Caller Paid/International Toll: ██████████


ACCESS CODE: ███████


Thanks,
John


SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent**: | 10/17/2019 4:19:33 AM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject**: | RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17) |
| **Attachments**: | Stagg v Dept of State SDNY no 15-cv-8468 ECF No 89 op and order granting SJ for govt.pdf; 2019-10-16 1.57pm Redline Commerce Cat I-III firearms rule to DOJ CM cmts.docx |

[REDACTED]

SBU - DELIBERATIVE PROCESS

**From:** Minarich, Christine M
**Sent:** Thursday, October 17, 2019 12:11 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)

[REDACTED]

SBU - DELIBERATIVE PROCESS

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Wednesday, October 16, 2019 9:09 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** Re: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, October 16, 2019 6:01:09 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Minarich, Christine M <MinarichCM@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** FW: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)



Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Wednesday, October 16, 2019 3:31 PM
**To:** Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>; KLASON, PETER <PKLASON@doc.gov>; Curtis, Deborah (Federal) <DCurtis@doc.gov>; JEST, JOE <JJEST@doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)



Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

**From:** Timothy Mooney
**Sent:** Thursday, October 10, 2019 7:47 PM
**To:** 'Coppolino, Tony (CIV)' <Tony.Coppolino@usdoj.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <labraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Steven Clagett <Steven.Clagett@bis.doc.gov>; Alexander Lopes <Alexander.Lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>; KLASON, PETER <pklason@doc.gov>; 'Curtis, Deborah (Federal)' <DCurtis@doc.gov>; JEST, JOE <jjest@doc.gov>
**Subject:** RE: Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Commerce tweaks to DOJ edited version from 10/8)



**From:** Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Sent:** Wednesday, October 09, 2019 4:56 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Steven Clagett <Steven.Clagett@bis.doc.gov>; Alexander Lopes <Alexander.Lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

**ATTORNEY-CLIENT PRIVILEGE/WORK PRODUCT + DELIBERATIVE PROCESS PRIVILEGE**

**Anthony J. Coppolino**
Deputy Director, Civil Division, Federal Programs Branch, U.S. Department of Justice
1100 L Street, N.W., Room 11500, Washington, D.C. 20001
(202) 514-4782 (phone)
tony.coppolino@usdoj.gov

---

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 08, 2019 9:38 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached please find the updated State rule addressing comments from DOJ and Commerce.  We'd welcome any further feedback.  If possible, please send any further comments or edits by cob tomorrow (10/9) to allow sufficient time to finalize the draft rule for OMB by Thursday (10/10).  Thanks.

SBU - DELIBERATIVE PROCESS

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 4:21 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

All,

Please find attached an updated redline of the State Category I-III (firearms) rule ████████████████████████
██████████████████████████████████████████████

We're following Commerce's approach and sending the attached to DOJ and DOC/BIS for informal review prior to submitting the updated rule formally to OMB for interagency review next week.

WASHSTATEC004124

In order to keep with the timeline, and because of the relatively minor nature of our edits, we'll follow the same timeline as Commerce.  Please provide any comments or edits that you have on the State rule by COB on Friday, October 4, 2019.


Christine

Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646
Tu,Th: (202) 663-2915


SBU - DELIBERATIVE PROCESS

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule █████████████████████████
██████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ████████████████████████████████████████████████████
███████ I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.


Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STAGG P.C., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE; DIRECTORATE OF DEFENSE TRADE CONTROLS; AND MIKE POMPEO (in his official capacity only as Secretary of State), <br><br> Defendants. | 15 Civ. 8468 (KPF) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GEOFFERY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for Defendants
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2748
Facsimile: (212) 637-2686

DOMINIKA TARCZYNSKA
Assistant United States Attorney
- Of Counsel -

WASHSTATEC004126

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................... 1

**BACKGROUND** .......................................................................................................... 2

    I. Statutory and Regulatory Framework ...................................................................... 2

        A. Arms Export Control Act ................................................................................... 2

        B. Designation of Defense Articles, Services, and Related Technical Data ........... 3

        C. The ITAR's Registration and Licensing Provisions ......................................... 5

        D. Public Domain Provision ................................................................................... 7

        E. History of Public Domain Exclusion .................................................................. 7

        F. 2015 Proposed Revisions to ITAR .................................................................... 9

        G. Recent Developments ...................................................................................... 10

    II. Procedural History ................................................................................................ 11

        A. Plaintiff's Allegations ...................................................................................... 11

        B. District Court Preliminary Injunction Decision ............................................... 12

        C. Plaintiff's Appeal ............................................................................................. 12

**LEGAL STANDARDS** ............................................................................................... 14

**ARGUMENT** .............................................................................................................. 14

    I. Stagg Lacks Standing To Challenge the ITAR's Licensing Provisions ................. 14

    II. The ITAR's Licensing Requirements Do Not Violate the First Amendment ........ 18

        A. The ITAR's Licensing Requirements Survive First Amendment Scrutiny ...... 19

        B. The ITAR Does Not Impose an Unconstitutional Prior Restraint on Speech ... 23

        C. The ITAR's Restrictions On Unlimited Internet Dissemination Do Not Violate The First Amendment ................................................................................................ 29

        D. The ITAR Is Not Unconstitutionally Overbroad ............................................. 32

    III. The ITAR Does Not Violate The Fifth Amendment Claim ............................... 34

**CONCLUSION** ........................................................................................................... 35

WASHSTATEC004127

# TABLE OF AUTHORITIES

Cases                                                                                                  Page:

*Am. Library Ass'n v. Barr,*
    956 F.2d 1178 (D.C. Cir. 1992) ................................................................ 17

*Beal v. Stern,*
    184 F.3d 117 (2d Cir. 1999) .................................................................... 27

*Bernstein v. DOJ,*
    176 F.3d 1132 (9th Cir. 1999) ................................................................ 23

*Bernstein v. DOJ,*
    192 F.3d 1308 (9th Cir. 1999) ................................................................ 23

*Bernstein v. U.S. Dep't. of State,*
    945 F. Supp. 1279 (N.D. Cal. 1996) .................................................. 23, 33

*Bordell v. Gen. Elec. Co.,*
    922 F.2d 1057 (2d Cir. 1991) .................................................................. 16

*CAMP Legal Def. Fund, Inc. v. City of Atlanta,*
    451 F.3d 1257 (11th Cir. 2006) .............................................................. 16

*Capital Cities/ABC, Inc. v. Brady,*
    740 F. Supp. 1007 (S.D.N.Y. 1990) .................................................. 24, 26

*Catholic Leadership Coal. of Tex. v. Reisman,*
    764 F.3d 409 (5th Cir. 2014) .................................................................. 24

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ................................................................................ 14

*Chesapeake B & M, Inc. v. Harford Cnty, Md.,*
    831 F.Supp. 1241 (D. Md. 1993) ............................................................ 27

*City of Lakewood v. Plain Dealer Publ'g Co.,*
    486 U.S. 750 (1988) ................................................................................ 25

*City of Littleton v. Z.J. Gifts D-4, L.L.C.,*
    541 U.S. 774 (2004) ................................................................................ 25

WASHSTATEC004128

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983) ........................................................................................................ 17

*Clapper v. Amnesty Int'l USA,*
    133 S.Ct. 1138 (2013) .................................................................................................. 16

*Dallas Aerospace, Inc. v. CIS Air Corp.,*
    352 F.3d 775 (2d Cir. 2003) ........................................................................................ 15

*Defense Distributed v. U.S. Dep't of State,*
    121 F. Supp. 3d 680 (2015) ................................................................................. passim

*Defense Distributed v. U.S. Dep't of State,*
    838 F.3d 451 (2016) ..................................................................................................... 21

*Dep't of the Navy v. Egan,*
    484 U.S. 518 (1988) ..................................................................................................... 29

*Expressions Hair Design v. Schneiderman,*
    808 F.3d 118 (2d Cir. 2015) ........................................................................................ 34

*Field Day, LLC v. Cnty of Suffolk,*
    463 F.3d 167 (2d Cir. 2006) ........................................................................................ 30

*Forsyth Cty. v. Nationalist Movement,*
    505 U.S. 123 (1992) ............................................................................................... 27, 30

*Freedman v. Maryland,*
    380 U.S. 51 (1965) ....................................................................................................... 25

*FW/PBS, Inc. v. City of Dallas,*
    493 U.S. 215 (1990) ........................................................................................ 17, 24, 25

*Grayned v. City of Rockford,*
    408 U.S. 104 (1972) ..................................................................................................... 36

*Hazelwood Sch. Dist. v. Kuhlmeier,*
    484 U.S. 260 (1988) ..................................................................................................... 25

*Holder v. Humanitarian Law Project,*
    561 U.S. 1 (2010) ................................................................................................. passim

*John Doe, Inc. v. Mukasey,*
    549 F.3d 861 (2008) ............................................................................................... 26, 28

WASHSTATEC004129

*Karn v. U.S. Dep't of State,*
    925 F. Supp. 1 (D.D.C. 1996) .......................................................... 17, 32

*Kuhali v. Reno,*
    266 F.3d 93 (2d Cir. 2001) ..................................................................... 7

*L.A. Police Dep't v. United Reporting Pub. Corp.,*
    528 U.S. 32 (1999) ................................................................................ 33

*Laird v. Tatum,*
    408 U.S. 1 (1972) ................................................................................... 17

*Latino Officers Ass'n v. Safir,*
    170 F.3d 167 (2d Cir. 1999) ................................................................. 17

*Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State,*
    104 F.3d 1349 (D.C. Cir. 1997) ........................................................... 29

*Lovitch v. Cty. of Orange, 11 Civ. 2536 (ER),*
    2013 WL 3805142 (S.D.N.Y. July 19, 2013) ...................................... 17

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) .............................................................................. 16

*MacDonald v. Safir,*
    206 F.3d 183 (2d Cir. 2000) ........................................................... 25, 31

*Makarova v. United States,*
    201 F.3d 110 (2d Cir. 2000) ................................................................. 17

*Members of City Council of City of L.A. v. Taxpayers for Vincent,*
    466 U.S. 789 (1984) .............................................................................. 34

*Milwaukee Police Ass'n v. Jones,*
    192 F.3d 742 (7th Cir. 1999) ............................................................... 25

*MJJG Restaurant, LLC v. Horry Cnty, S.C.,*
    11 F. Supp. 3d 541 (D.S.C. 2014) ....................................................... 29

*Moore v. Brown,*
    868 F. 3d 398 (5th Cir. 2017) .............................................................. 26

*N.Y. Times Co. v. United States,*
    403 U.S. 713 (1971) ........................................................................ 13, 26

WASHSTATEC004130

*National Organization for Marriage, Inc. v. Walsh*,
  714 F.3d 682 (2d Cir. 2013)........................................................... 17, 18

*Near v. Minnesota ex rel. Olson*,
  283 U.S. 697 (1931).................................................................... 27, 28

*New York v. Ferber*,
  458 U.S. 747 (1982)......................................................................... 34

*Packingham v. North Carolina*,
  137 S.Ct. 1730 (2017)...................................................................... 32

*Perry v. McDonald*,
  280 F.3d 159 (2d Cir. 2001)............................................................. 25

*Presbyterian Church in the U.S.A. v. Reagan*,
  738 F.2d 1375 (D.C. Cir. 1984)........................................................ 17

*Raines v. Byrd*,
  521 U.S. 811 (1997)........................................................................ 16

*Reed v. Town of Gilbert*,
  135 S. Ct. 2218 (2015)..................................................................... 19

*Reno v. ACLU*,
  521 U.S. 844 (1997)........................................................................ 32

*Southeastern Promotions v. Conrad*,
  420 U.S. 546 (1975)........................................................................ 28

*Stagg, P.C. v.. U.S. Dep't. of State*
  158 F. Supp. 3d 203 (2016) ...................................................... passim

*Stagg P.C. v. U.S. Dep't of State*,
  673 F. App'x 93 (2nd. Cir. 2016)............................................... passim

*Stagg, P.C. v. Dep't of State*,
  138 S.Ct. 721 (2018)....................................................................... 14

*Teague v. Reg'l Comm'r of Customs*,
  404 F.2d 441 (2d Cir. 1968)........................................................ 26, 27

*Thomas v. Chicago Park District*,
  534 U.S. 316 (2002)..................................................................... 24, 29

WASHSTATEC004131

*TK's Video v. Denton Cnty, Tex.,*
  24 F.3d 705 (5th Cir. 1994) ............................................................................ 27

*U.S. Ordnance, Inc. v. Dep't of State,*
  432 F. Supp. 2d 94 (D.D.C. 2006) .................................................................. 30

*U.S. v. Edler,*
  579 F. 2d 516 (9th Cir. 1978) .................................................................. passim

*U.S. v. Hicks,*
  980 F.2d 963 (5th Cir. 1992) ........................................................................... 23

*United States v. Gowadia,*
  760 F.3d 989 (9th Cir. 2014) ........................................................................... 21

*United States v. Hsu,*
  364 F.3d 192 (4th Cir. 2004) ........................................................................... 37

*United States v. Mak,*
  683 F.3d 1126 (9th Cir. 2012) ................................................................. passim

*United States v. Posey,*
  864 F.2d 1487 (9th Cir. 1989) ................................................................... 21, 34

*United States v. Pulungan,*
  569 F.3d 326 (7th Cir. 2009) ........................................................................... 35

*United States v. Thomas,*
  864 F.2d 188 (D.C. Cir. 1988) ......................................................................... 35

*United States v. Williams,*
  553 U.S. 285 (2008) .......................................................................................... 32

*United States v. Wu,*
  711 F.3d 1 (1st Cir. 2013) ........................................................................ passim

*Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.,*
  454 U.S. 464 (1982) .......................................................................................... 15

*Vermont Right to Life Committee, Inc. v. Sorrell,*
  221 F.3d 376 (2d Cir. 2000) ............................................................................. 18

*Hoffman Estates v. Flipside,*
  455 U.S. 489 (1982) .......................................................................................... 34

WASHSTATEC004132

*Virginia v. Hicks,*
  539 U.S. 113 (2003)...................................................................................... 32

*Ward v. Rock Against Racism,*
  491 U.S. 781 (1989).................................................................................. 29, 35

*Warth v. Seldin,*
  422 U.S. 490 (1975)...................................................................................... 15

*Whitmore v. Arkansas,*
  495 U.S. 149 (1990)...................................................................................... 16

*Wolff v. City of Monticello,*
  803 F. Supp. 1568 (D. Minn. 1992)............................................................... 27

Statutes

22 U.S.C. § 2751 ............................................................................................... 2

22 U.S.C. § 2778 ......................................................................................... passim

Rules

Fed. R. Civ. P. 56 ....................................................................................... 1, 15

Regulations

22 C.F.R. § 120.1 ....................................................................................... 22, 34

22 C.F.R. 120.10 ....................................................................................... passim

22 C.F.R. Part 121 ............................................................................................ 4

22 C.F.R. § 120.11 ..................................................................................... passim

22 C.F.R. § 120.17 ........................................................................ 5, 10, 19, 33, 35

22 C.F.R. § 120.21 ............................................................................................ 9

22 C.F.R. § 120.4 ............................................................................................. 5

22 C.F.R. § 120.6 ....................................................................................... 21, 29

WASHSTATEC004133

22 C.F.R. § 121.1 ................................................................................................................ 4, 9

22 C.F.R. § 125.2 ................................................................................................................... 9

22 C.F.R. § 125.4 ................................................................................................................... 9

22 C.F.R. § 126.9 ................................................................................................................... 5

22 C.F.R. § 127.1 ................................................................................................................... 7

22 C.F.R. § 127.10 ................................................................................................................. 7

WASHSTATEC004134

Defendants the United States Department of State (the "Department"), the Directorate of Defense Trade Controls ("DDTC"), and Mike Pompeo, in his official capacity as Secretary of State, respectfully submit this memorandum of law in support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and in opposition to Plaintiff Stagg, P.C.'s ("Stagg") motion for summary judgment, ECF No. 62.

## PRELIMINARY STATEMENT

Stagg seeks to strike down the licensing requirements of the International Traffic in Arms Regulations ("ITAR"), which require, in part, a license before technical data related to items on the United States Munitions List ("USML") is exported (including by providing it to a foreign person within the United States). As an initial matter, Stagg lacks standing because the Department has recently clarified that the type of information that Plaintiff asserts it wants to disseminate— available in printed books, newspapers, journals, and magazines that Stagg can buy in a physical bookstore or check out from a public library—does not require approval from the Department prior to export pursuant to the regulations Plaintiff challenges. If the Court were to nevertheless permit Plaintiff's challenge to proceed, the First and Fifth Amendment claims fail on the merits.

The ITAR's licensing requirements are part of an export controls regulatory scheme for weapons that ensures that certain designated articles useful for warfare or terrorism are not shipped without authorization from the U.S. to other countries (or otherwise provided to foreigners), where, beyond the reach of U.S. law, they could threaten U.S. national security, foreign policy, or international peace and stability. Contrary to Plaintiff's arguments, these licensing requirements are not aimed at domestic speech. To the extent that the licensing requirements arguably implicate domestic speech, they readily survive First Amendment scrutiny. As the Second Circuit has already held, the ITAR's licensing provisions advance important national security interests and the impact on national security would be obvious and significant if the government were barred from

WASHSTATEC004135

licensing and controlling the dissemination of technical data. Moreover, the ITAR, which includes

a public domain exception, is narrowly tailored to advance such interestsPlaintiff misconstrues the

public domain exception, which provides that information that would otherwise be technical data

but is publically available in one of the ways enumerated in the ITAR does not require an export

license, by arguing that the exception exempts putting information *into* the public domain from

the authorization requirements. That argument is unsupported by the provision's plain meaning.

Likewise, Plaintiff's claim that the ITAR's licensing requirements are unconstitutionally

vague is without merit. Numerous courts have upheld these provisions in the face of similar Fifth

Amendment challenges, finding that the regulations put an individual of ordinary intelligence on

notice of what the regulations proscribe.

## BACKGROUND
### I. Statutory and Regulatory Framework
#### A. Arms Export Control Act

The Arms Export Control Act ("AECA"), 22 U.S.C. § 2751 *et seq*., authorizes the

President, "[i]n furtherance of world peace and the security and foreign policy of the United

States," to "control the import and the export of defense articles and defense services" and to

promulgate regulations accordingly. *Id.* § 2778(a)(1). AECA § 2778(a) authorizes the President to

(1) designate those defense articles and services to be included on the Munitions List; (2) require

licenses for the export of USML items; and (3) promulgate regulations for the import and export

of such items. *Id.* The designation of an item as a defense article or service is statutorily exempted

from judicial review. *Id.* § 2778(h). The President has delegated this authority to the Department,

which has accordingly promulgated the ITAR, administered by the DDTC. *See* Exec. Order

13,637(n)(iii); 22 C.F.R. §§ 120-130. The ITAR sets forth a regulatory framework that recognizes

that private companies developing munitions can further the national security and foreign policy

interests of the United States, while simultaneously safeguarding those interests by prohibiting the

2

WASHSTATEC004136

unfettered access to defense articles and services by foreign countries and persons.

With certain exceptions not relevant here, "no defense articles or defense services . . . may be exported or imported without a license for such export or import." 22 U.S.C. § 2778(b)(2). "Decisions on issuing export licenses . . . shall take into account whether the export of an article would contribute to an arms race, aid in the development of weapons of mass destruction, support international terrorism, increase the possibility of an outbreak or escalation of conflict, or prejudice the development of bilateral or multilateral arms control or nonproliferation agreements or other arrangements." *Id.* § 2778(a)(2). This "intricate" regulatory scheme is intended "to combat the sophisticated weapons dealers whose activities undermine U.S. interests." *United States v. Wu*, 711 F.3d 1, 8 (1st Cir. 2013).

Various provisions in the ITAR promote domestic and international collaboration in creating and expanding defense technologies, including the sharing of technical data. *See, e.g.*, 22 C.F.R. § 120.11(a)(8) (fundamental research in science and engineering is in the public domain); *id.* § 125.4(b)(10) (licensing exemption for certain sharing of technical data within a U.S. company abroad); *id.* § 125.4(b)(10) (licensing exemption for disclosures of unclassified technical data in the U.S. by U.S. institutions of higher learning to certain foreign persons); *id.* § 126.18 (licensing exemption for intra-company transfers to dual or third-country nationals). In addition, the U.S. government licenses large numbers of technical data exports annually, recognizing circumstances where the international exchange of such information can serve the national interest. *See, e.g.*, 81 Fed. Reg. 36,647, 36,649-50 (Jun. 7, 2016) (publishing notification to Congress of proposed export licenses of technical data and manufacturing know-how to Japan).

### B. Designation of Defense Articles, Services, and Related Technical Data

The USML lists "defense articles and defense services," ranging from firearms to tanks and nuclear weapons. 22 C.F.R. Part 121; *Wu*, 711 F.3d at 13. The USML also includes related

3

WASHSTATEC004137

"technical data" "required for the design, development, production, manufacture, assembly, operation, repair, testing, maintenance or modification of defense articles," and includes "blueprints, drawings, photographs, plans, instructions or documentation." 22 C.F.R. § 120.10(a)(1); *see e.g.*, 22 C.F.R. § 121.1 Category XI(d).

The ITAR excludes from the definition of "technical data" (1) "information concerning general scientific, mathematical or engineering principles commonly taught in schools, colleges and universities," (2) "basic marketing information on function or purpose or general system descriptions of defense articles," and (3) "information in the public domain." *Id.* § 120.10(b). "Public domain" is defined to include "information which is published and which is generally accessible or available to the public" through various listed means. 22 C.F.R. § 120.11(a)(1-7). Also included in the "public domain" definition—and thus not "technical data"—is "fundamental research in science and engineering at accredited institutions of higher learning in the U.S. where the resulting information is ordinarily published and shared broadly in the scientific community." *Id.* § 120.11(a)(8). The Department implements this fundamental research exception consistent with National Security Decision Directive 189, which states that it is the policy that, to the maximum extent possible, the products of fundamental research should remain unrestricted and, where necessary, national security classification is the appropriate mechanism to control information generated during federally funded fundamental research in science, technology, and engineering at colleges, universities and laboratories. *See* Declaration of Michael Miller ("Miller Decl.") ¶ 8; *id.* Ex. A.

In the vast majority of circumstances, there is no doubt as to whether a particular item is a defense article or defense service. *Id.* ¶ 14. When persons are unable to make a self-determination, the ITAR provides a "commodity jurisdiction" procedure, pursuant to which persons can request

4

WASHSTATEC004138

that DDTC determine whether the item, service, or data is within the ITAR's scope. 22 C.F.R.

§ 120.4; Miller Decl. ¶ 14. This process typically takes 45-55 business days, and after 45 days the

applicant can request expedited processing. 22 C.F.R. § 120.4(e); Miller Decl. ¶ 15. Contrary to

Plaintiff's assertion, *see* ECF No. 64 ("2d Stagg Decl.") ¶ 22, the Department does not treat all

information submitted for a commodity jurisdiction determination as ITAR-controlled,[1] however,

if exporters have questions about the jurisdiction of an item while a commodity jurisdiction request

is pending, they may request a license. *See* Miller Decl. ¶ 16. In addition, DDTC provides advisory

opinions to persons seeking guidance and assistance to better understand the ITAR. 22 C.F.R

§ 126.9(a); Miller Decl. ¶ 17.

### C. The ITAR's Registration and Licensing Provisions

The ITAR governs, in relevant part, activities that constitute "exports," which include, *inter

alia*, "[s]ending or taking of a defense article out of the United States," and "releasing or otherwise

transferring technical data to a foreign person in the United States." 22 C.F.R. § 120.17(a)(1), (2),

(4). Providing technical data to a U.S. person in the United States is not an export and is not

governed by the ITAR. *See* Miller Decl. ¶ 10.

The ITAR requires those "in the business of either manufacturing or exporting . . . defense

articles or furnishing defense services" to register, except for "[p]ersons whose pertinent business

activity is confined to the production of unclassified technical data only," and those "who engage

in the fabrication of articles solely for experimental or scientific purpose, including research and

development." *Id.* § 122.1. The purpose of the registration requirement "is primarily a means to

provide the U.S. Government with necessary information on who is involved in certain

---

[1] Stagg makes this assertion based on a FAQ that has since been removed from the Department's
website, *see* 2d Stagg Decl. ¶ 22 n.6, and replaced by guidance that states that a commodity
jurisdiction request and license can be processed at the same time, *see* Miller Decl. ¶ 16 n.2.

WASHSTATEC004139

manufacturing and exporting activities." *Id.* § 122.1(c). Only those wishing to "export" defense articles or related technical data must obtain a license. *See id.* Parts 123, 125.

ITAR § 125.4(b) describes additional types of exports that are exempt from the ITAR's licensing requirements. This includes, under certain circumstances, disclosures of unclassified [t]echnical data in the United States by U.S. institutions of higher learning to foreign persons who are their bona fide and full time regular employees, *id.* (b)(10), and "technical data approved for public release (*i.e.,* unlimited distribution) by the cognizant U.S. Government department or agency or Office of Freedom of Information and Security Review[2]," *id.* (b)(13).

ITAR § 126.7 sets forth the criteria under which an export license or other approval shall be denied or revoked, including whenever required by statute, when the Department believes that the terms of the license have been violated, if the applicant is subject to a criminal complaint or conviction for certain types of crimes, if the applicant fails to include required information in the application, if the applicant is ineligible to contract with an agency of the U.S. government, if the applicant is subject to sanctions under certain relevant laws, or if the Department "deems such an action to be in furtherance of world peace, the national security or foreign policy of the United States, or is otherwise advisable." *See id.* § 126.7(a); Miller Decl. ¶ 11. The Department is required to notify applicants or licensees of such actions and state the reasons as specifically as security and foreign policy considerations merit. *Id.* §126.7(b). Applicants can seek reconsideration of the decision. *Id.* § 126.7(c). As Judge Scheindlin noted, the Department "is required 'to complete the review and adjudication of license applications within 60 days of receipt, except in cases where national security exemptions apply'" and "[t]hese exceptions are relatively narrow." *Stagg I*, 158 F. Supp. 3d at 206 (quoting 74 Fed. Reg. 63,497 (Dec. 3, 2009). The average processing time for

---

[2] Renamed the Defense Office of Prepublication and Security Review.

6

license approvals in May 2018 was 30 days. *See* Miller Decl. ¶ 12.

Willful export of defense articles (and related technical data) without a license is a criminal violation. *See* 22 U.S.C. § 2778(c); 22 C.F.R. § 127.1(a); *United States v. Mak*, 683 F.3d 1126, 1136 (9th Cir. 2012); *Kuhali v. Reno*, 266 F.3d 93, 104 (2d Cir. 2001). Civil penalties can be imposed for willful and non-willful unlicensed exports. *See* 22 U.S.C. § 2778(e); 22 C.F.R. § 127.10.

### D. Public Domain Provision

Information that is already available from one of the sources listed in ITAR § 120.11 (a) is not ITAR-controlled technical data and is not subject to the ITAR's licensing requirements. Miller Decl. ¶ 20. Because the chapeau text in ITAR § 120.11(a) is phrased in the present tense, the variety of public domain sources enumerated in § 120.11(a)(1)-(8) only apply to information that has already been made available in this way. Information that is not yet in the public domain and which would be released to foreign persons through publication requires authorization prior to such a release. Such authorization is typically obtained through the processes set forth in paragraphs (5), (7), or (8) of § 120.11(a): review and publication by the U.S. Patent and Trademark Office, review and release by the Department of Defense or other cognizant government agency, or by meeting the requirements to be fundamental research. 22 C.F.R. § 120.11(a)(5), § 125.4(b)(13); *see also* Miller Decl. ¶ 20.

### E. History of Public Domain Exclusion

In 1980, the Department undertook an effort to "to simplify and clarify the ITAR" and conform its terms to the recently enacted AECA. 45 Fed. Reg. 83,970, 83,970 (1980). The final rule amending the ITAR was promulgated in 1984. 49 Fed. Reg. 47,682, 47,682 (1984). The amendments included a provision "to make it clear that the regulation of the export of technical data does not purport to interfere with the First Amendment rights of individuals," 45 Fed. Reg. at

7

WASHSTATEC004141

83,970, and in the final rule new exemptions were added in response to concerns "on licensing requirements as they relate to the First Amendment," 49 Fed. Reg. at 47,682.[3] Although the Department noted that neither its policy nor practice had changed regarding, *e.g.,* potential "application of government export regulations to disclosures of information in university classrooms," the Department "clarified" the rule to address those concerns. *Id.* at 47,683. In particular, the amended ITAR expressly exempted "information concerning general scientific, mathematical or engineering principles" from technical data, *id.* at 47,682 (revising 22 C.F.R. § 120.21), and reflects that "[t]he Department's long-standing practice of regulating only information that is directly related to defense articles, as reflected in *U.S. v. Edler,* 579 F. 2d 516 (9th Cir. 1978), remains unchanged." *Id.*; *accord id.* at 47,682 (Department's "actual practice" had been "controlling only exports of certain technical data directly related to defense articles and not general, theoretical information"). The revision also added § 125.4(b)(10), which allows disclosures of technical data in the United States by U.S. institutions of higher learning under certain conditions. *See id.* at 47,682; *compare* 22 C.F.R. § 125.11 (1984) ("General exemptions") *with* 22 C.F.R. § 125.4 (1985) ("Exemptions of general applicability").

The 1984 Federal Register notice unequivocally states that "the basic regulatory scheme is not changed under the revision." 49 Fed. Reg. at 47,682. Although Stagg points out that this revision eliminated a footnote in the rule providing that the "burden for obtaining appropriate U.S. Government approval for the publication of technical data . . . is on the person or company seeking publication," 22 C.F.R. § 125.11(a)(1) n.3 (1984), the 1984 amendments did not change the requirement that a person seeking to export technical data obtain the requisite approval. 49 Fed.

---

[3]  The DOJ opinions that Plaintiff cites, *see* Pl's Br. at 4, analyzed pre-1984 iterations of the ITAR, which has been amended in numerous ways since that time. As discussed below, courts have since upheld the ITAR against First Amendment challenges. *See* p. 23 *infra.*

8

Reg. at 47,700 (revision to 22 C.F.R. § 125.2).[4]

### F. 2015 Proposed Revisions to ITAR

On June 3, 2015, the Department issued a notice of proposed rulemaking to update certain ITAR provisions. The portions of these proposed amendments relevant to this litigation pertain to the proposed revised definition of "public domain." The proposed new paragraph (b) of § 120.11 states that "technical data . . . is not in the public domain if it has been made available to the public without authorization." 80 Fed. Reg. 31,525, 31,535 (June 3, 2015). The preamble explains:

> The requirements of paragraph (b) are not new. Rather, they are a more explicit statement of the ITAR's requirement that one must seek and receive a license or other authorization from the Department or other cognizant U.S. government authority to release ITAR controlled "technical data," as defined in § 120.10. A release of "technical data" may occur by disseminating "technical data" at a public conference or trade show, publishing "technical data" in a book or journal article, or posting "technical data" to the Internet. This proposed provision will enhance compliance with the ITAR by clarifying that "technical data" may not be made available to the public without authorization. Persons who intend to discuss "technical data" at a conference or trade show, or to publish it, must ensure that they obtain the appropriate authorization.

*Id.* at 31,528. The proposed rule also states that "fundamental research" will be moved from the "public domain" definition into a new § 120.49 because "information that arises during, or results from fundamental research is conceptually distinguishable.' " *Id.*

The Department received approximately 12,787 comments (including from Plaintiff) on these proposed ITAR revisions *See* Miller Decl. ¶ 19. Those comments are being reviewed and the Department is considering, where appropriate, incorporating them into any further iteration. *Id.* Given the substantial number and scope of comments received, the Department does not have a

---

[4] Plaintiff's reliance on the Federal Register notice with respect to the 2002 ITAR revision that added an exemption for institutions of higher learning, *see* Pl's Br. 4 (citing 67 Fed. Reg. 15099, 15,100 (Mar. 29, 2002)), is likewise misplaced. Contrary to Plaintiff's assertion that statement does not "*encourage[]* the public to freely publish technical data" rather, it states that information that is already in the public domain, though various means, is not treated as ITAR-controlled.

9

WASHSTATEC004143

definitive time frame for publication of any further iteration of the rule. *Id.*

### G. Recent Developments

In June 2016, the Department issued an interim final rule with respect to revisions to the definition of "export" and "reexport or retransfer." 81 Fed. Reg. 35,611 (June 3, 2016). The Department accepted comments on this interim final rule until July 5, 2016, *id.*, and it became effective September 1, 2016. *Id.*; *see also* 81 Fed. Reg 62,004 (Sep. 8, 2016)(publishing rule amending the ITAR by revising the definition of "retransfer" and making other clarifying revisions). The revised definition of "export" continues to encompass "releasing or otherwise transferring technical data to a foreign person in the United States (a 'deemed export')." 22 C.F.R. § 120.17(a)(2); *see* 81 Fed. Reg. at 35,616. A notice of proposed rulemaking has also been issued with respect to USML Categories I-III, which would remove most non-automatic and semi-automatic firearms and nearly all firearms parts, components accessories and attachments, as well as the technical data directly related to these firearms and related equipment, from the ITAR's control if the rule is finalized. 83 Fed. Reg. 24,198 (June 3, 2016). No updated rulemaking has yet been issued with respect to the "public domain" provisions at issue in this litigation.

More recently, after further consideration of comments received in response to the proposed amendments and following questions raised by the Second Circuit in this case, *see Stagg v. U.S. Dep't of State*, 673 F. App'x 93, 97 (2d Cir. 2016) ("*Stagg II*"), the Department clarified its position with respect to republication of information that is publicly available. *See* Miller Decl. ¶ 21. Specifically, the Department published a new Frequently Asked Question ("FAQ") on its website explaining that no authorization or approval from DDTC is necessary to republish "[i]nformation that is available in printed books, newspapers, journals, and magazines that you can buy in a physical bookstore or newsstand, check out from a public library, or receive in the mail through a subscription or 2nd class U.S. mail." *Id.* Ex. B ("FAQ") (available at

10

https://www.pmddtc.state.gov/?id=ddtc_public_portal_faq_detail&sys_id=76664ae2db9b57003b 1272131f9619aa). The FAQ explains that this guidance is to clarify the preamble of the June 3, 2015 Notice of Proposed Rulemaking. *Id.* Although the Department only made this policy statement on its website recently, in connection with an earlier commodity jurisdiction request, DDTC had advised a requestor that information required for the production of a defense article enumerated on the USML was *not* ITAR-controlled technical data because it was published in a book and available to the public. *Id.* at ¶ 22.

## II. Procedural History

### A. Plaintiff's Allegations

On October 28, 2015, Stagg filed a complaint alleging claims under the First and Fifth Amendments and the Administrative Procedure Act ("APA"),[5] ECF No. 1, and on November 2, 2015, Stagg filed a motion for a preliminary injunction seeking to enjoin the government from enforcing the ITAR's licensing or other approval requirements for putting privately generated unclassified information into the public domain, ECF Nos. 15-16.

Stagg amended the complaint on December 3, 2015, alleging that DDTC imposed an unconstitutional prior restraint on speech through its statement in the preamble to the proposed ITAR revisions that "[t]he requirements of paragraph (b) are not new. Rather they are a more explicit statement of the ITAR's requirement that one must seek and receive a license or other authorization from the Department or other cognizant U.S. government authority to release ITAR controlled 'technical data'. . . ." ECF No. 27 ("Am. Compl.") ¶ 42. Stagg claimed that it intended to speak at a conference and publish materials providing examples of ITAR-controlled technical data that was accessible in the public domain because it was available from bookstores and

---

[5] Defendants moved to dismiss the APA claim, *see* ECF No. 32, and Plaintiff voluntarily dismissed the APA claim, ECF No. 57.

WASHSTATEC004145

libraries, but had self-censored that speech because it claimed to have knowledge that these materials had not been authorized by the Department for release into the public domain—and thus Plaintiff claimed their republication would violate the ITAR. *Id.* ¶¶ 46- 52. Stagg asserted that it believed that foreign persons would access its presentations and published materials because they would be distributed at a public conference and made available on Stagg's website. *Id.* ¶ 53.

## B. District Court Preliminary Injunction Decision

On January 26, 2016, Judge Scheindlin denied the preliminary injunction motion, holding that Stagg had not met the high burden of enjoining a government action taken in the public interest pursuant to the statutory and regulatory scheme set out in the AECA and ITAR. *See* ECF No. 35; *Stagg v. U.S. Dep't of State*, 158 F. Supp. 3d 203, 209-10 (S.D.N.Y. 2018) ("*Stagg I*"). Although the Court concluded that Stagg had demonstrated irreparable harm based on its alleged loss of First Amendment freedoms and assumed that Stagg a substantial likelihood of success on the merits, the Court held that the balance of the equities and the public interest "both firmly weigh" in favor of the government. *Id.* at 210-11. The Court concluded the injunction "would have very serious adverse impacts on the national security of the United States" by allowing free republication of technical data such as "privately generated technical data for delivery systems for weapons of mass destruction, such as rockets and missiles, created by defense contractors, and technical data related to chemical and biological agents that could be adapted for use as weapons." *Id.* at 210-11.[6]

## C. Plaintiff's Appeal

The Second Circuit affirmed the district court's decision, holding that "the national security

---

[6] In her decision, Judge Scheindlin noted that Stagg did "not identify the materials in question despite both this Court's and the Government's request (depriving the DDTC of the opportunity to end this controversy by confirming its suspicion that the materials Stagg P.C. wishes to present are not covered by the AECA and ITAR)." *Stagg I*, 158 F. Supp. 3d at 208.

12

WASHSTATEC004146

concerns raised by a preliminary injunction that barred the government from licensing, and thereby controlling, the dissemination of … sensitive information are obvious and significant." *Stagg II*, 673 F. App'x at 95. The Circuit recognized that the "government does not merely invoke national security as 'a broad, vague generality" of the sort that cannot "abrogate the fundamental law embodied in the First Amendment[,]'" but had set forth specific concerns relating to the export of "technical data" as defined in ITAR. *Id.* (quoting *N.Y. Times Co. v. United States*, 403 U.S. 713, 719 (1971) (Black, J., concurring)). The Circuit relied on the Department's description of the significant harms to "the national security and foreign policy interest of the United States," including recognizing that '[a]bsent the inclusion of 'technical data [ ]' within ITAR's licensing structure, the statutory 'limits on arms transfers would be of negligible practical effect because [they] would leave unregulated the exportation of the technology, knowhow, blueprints, and other design information sufficient for foreign powers to construct, produce, manufacture, maintain, and operate the very same equipment regulated in its physical form by the ITAR.'" *Id.* at 96 (quoting Nilsson Decl., ECF No. 30, ¶ 6).

The Second Circuit rejected Stagg's argument that the government's reliance on national security as a basis to deny a preliminary injunction in the First Amendment context was foreclosed by the Supreme Court's decision in *New York Times v. United States,* holding that the district court was entitled to draw the conclusion that the release of the information would "result in direct, immediate, and irreparable damage to our Nation or its people," *id.* (quoting *N.Y. Times*, 403 U.S. at 730 (Stewart, J., concurring)), and what is being challenged in this case is a "statutorily authorized regulatory scheme, which implicates legislative as well as executive judgment about the national security interest in controlling information for the production of defense articles on

13

WASHSTATEC004147

the U.S. Munitions List." *Id.* [7]

Stagg sought a rehearing *en banc*, which was denied. *Stagg P.C. v. U.S. Dep't of State*, 16-316, Dkt. 88 (Feb. 17, 2017). It then filed a petition for *certiorari* to the Supreme Court, which was likewise denied. *Stagg, P.C. v. Dep't of State*, 138 S.Ct. 721 (2018).

## LEGAL STANDARDS

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317,323 (1986); *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). The Court must construe the facts in the light most favorable to the non-moving party, and draw all reasonable inferences against the movant. *See id.* at 780.

## ARGUMENT

## I. Stagg Lacks Standing To Challenge the ITAR's Licensing Provisions

Although Judge Scheindlin previously found that Plaintiff's allegations were sufficient to satisfy the standing requirements at the preliminary injunction stage based on the allegations in the Amended Complaint, *Stagg I*, 158 F. Supp. 3d. at 209, and the Second Circuit affirmed this determination, *Stagg II*, 673 F. App'x at 94-95, Plaintiff nevertheless lacks standing to continue its challenge to the ITAR's licensing requirements because, as the Department has now clarified, the information Stagg asserts it intends to publish—information available in printed books, newspapers, journals, and magazines that Stagg can buy in a physical bookstore or check out from a public library[8]—does not require approval from the Department for export or republication, *see*

---

[7] Plaintiff's assertions that the Second Circuit confirmed that this case is "about domestic publication" and "that the ITAR *currently* imposes a prior restraint to use the public domain exclusion," *see* ECF No. 63 ("Pl's Br.") at 1, 3, misstate the Circuit's opinion. The Circuit made no finding as to the merits of Plaintiff's First Amendment claim, and made no determination as to whether the ITAR's licensing requirements constitute a prior restraint on speech.

[8] *See* Am. Compl. ¶ 49 (explaining that the information it seeks to publish is "available to the public from bookstores or public libraries."); ECF No. 28 ("1st Stagg Decl.") ¶ 5 ("Specifically

14

WASHSTATEC004148

Miller Decl. ¶¶ 21-22; *see also* FAQ.[9] Likewise, Stagg's stated intention to "aggregate and modify" this information, *see* 2d Stagg Decl. ¶ 27, Am. Compl. ¶ 55, would not create ITAR-controlled technical data because it has neither alleged that its intended aggregation is "for purposes of application to a defense article," nor that it possesses the expertise necessary to make such an application. *See* Miller Decl. ¶ 25 (explaining "high-level technical knowledge or skill" is needed for such an aggregation to fall outside the public domain)[10].

"The judicial power . . . is not an unconditioned authority to determine the [validity] of legislative or executive acts," but is limited "to the resolution of 'cases and controversies.' " *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). Standing assures that litigants have a sufficient "personal stake in the outcome of the controversy . . . to justify exercise of the court's remedial powers on [their] behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). The "standing inquiry [is] especially rigorous when reaching the merits of the dispute would force [the Court] to decide whether an action taken by one of the

---

the examples shown would involve information that met the public domain exclusion within 22 C.F.R. § 120.11 because the information was published, generally accessible, and available to the public from bookstores or public libraries."); *Stagg P.C. v. U.S. Dep't of State*, 16-316, Dkt 57 (Aug. 29, 2016) ("Pl's 2d Cir. Reply Brief), at 5 (reiterating that the information that it seeks to use in its presentations is "available from public libraries and bookstores.").

[9] Both Judge Scheindlin and the Second Circuit recognized the possibility that the Department could moot Plaintiff's challenge by clarifying the ITAR's licensing requirements. *Cf. Stagg I*, 158 F. Supp. 3d at 209, n.37 ("The DDTC may well reword or even withdraw the preamble and amended regulation in response to the public comments it has received, and obviate the need for this lawsuit."); *Stagg II*, 673 F. App'x at 95 n.1 ("Constitutional questions about regulations that no longer exist or that have been under consideration do not present cases or controversies within a court's Article III jurisdiction.").

[10] Plaintiff's selective quotation of the 2013 Federal Register notice conveniently omits the portion that makes clear the limited circumstances in which new technical data may be created. *See* 78 Fed. Reg. 31,444, 31,445 (May 24, 2013) ("it is seldom the case that a party can aggregate public domain data *for purposes of application to a defense article* without using proprietary information or creating a data set that itself is not in the public domain.") (emphasis added).

15

WASHSTATEC004149

other two branches of the Federal Government was unconstitutional." *Raines v. Byrd*, 521 U.S. 811, 819-20 (1997); *see also Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013).

To establish standing, Stagg has the burden to establish "an invasion of a legally protected interest which is (a) concrete and particularized" and "(b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Abstract" injury, or "[a]llegations of possible future injury" that enter "the area of speculation and conjecture," "do not satisfy the[se] requirements," *Whitmore v. Arkansas*, 495 U.S. 149, 155, 158 (1990). To survive summary judgment "the plaintiff . . . must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be 'supported adequately by the evidence adduced at trial.'" *Lujan*, 504 U.S. at 561 (internal citations omitted).

Allegations of a "'subjective chill [of First Amendment rights] are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.'" *Clapper*, 133 S.Ct. at 1152 (quoting *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972)). "[R]ather, a plaintiff must "'proffer some objective evidence to substantiate [its] claim that the challenged [regulation] has deterred [it] from engaging in protected activity.'" *Latino Officers Ass'n v. Safir*, 170 F.3d 167, 170 (2d Cir. 1999) (quoting, *Bordell v. Gen. Elec. Co.*, 922 F.2d 1057, 1060-61 (2d Cir. 1991)). "In a challenge of a prior restraint on speech the plaintiff must establish that the challenged provision pertains to its activity, and not merely that it is 'subject to the law.'" *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1276 (11th Cir. 2006); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 233-36 (1990) (dismissing facial challenge where no party's conduct was regulated by challenged provisions). Uncertainty whether conduct is subject to

16

prosecution is also insufficient. *Am. Library Ass'n v. Barr*, 956 F.2d 1178, 1192-94 (D.C. Cir. 1992); *Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375, 1380 (D.C. Cir. 1984) ("present deterrence from First Amendment conduct because of the difficulty of determining the application of a regulatory provision to that conduct" does not support standing).

Now that the State Department has clarified its position and explained that information that is published in printed books, newspapers, journals, or magazines and publicly available through bookstores or public libraries[11] is not subject to the ITAR's licensing requirements, Plaintiff has no "'real or immediate threat' of future injury necessary for standing." *Stagg II*, 673 F. App'x at 94-95 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *see also Karn v. U.S. Dep't of State*, 925 F. Supp. 1, 12 (D.D.C. 1996) ("[T]he Court will not accept the plaintiff's invitation to address the constitutionality of the 'technical data' provisions of the ITAR where the plaintiff's injury is not causally connected to said provisions."); *cf. Holder v. Humanitarian Law Project*, 561 U.S. 1, 24-25 (2010) (where plaintiffs "have not provided any specific articulation" of intended expression, deciding whether statute reaches that expression would require "sheer speculation" and thus "plaintiffs cannot prevail in their preenforcement challenge" (quotation marks omitted)).

*National Organization for Marriage, Inc. v. Walsh,* 714 F.3d 682, 690 (2d Cir. 2013), and

---

[11] To the extent that Plaintiff now changes its allegations asserting that it instead wants to use information obtained from the Internet, *see* 2d Stagg Decl. ¶ 29, that is a different legal challenge. Plaintiff has had numerous opportunities and entreaties from Defendants and the Court to identify the materials that it seeks to publish, *see Stagg I*, 158 F. Supp. 3d at 208, it cannot now amend its complaint for a third time at this late stage of the litigation through its summary judgment brief. *See, e.g., Lovitch v. Cty. of Orange*, 11 Civ. 2536 (ER), 2013 WL 3805142, at *5 (S.D.N.Y. July 19, 2013) ("Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to the County's motion for summary judgment."). Indeed, such an amendment would directly contradict Stagg's prior assertions before the Second Circuit, that information on the internet is *not* covered by the public domain exception, Pl's 2d Cir. Br. 54, 2d Cir. Reply 14, and that it intends to publish only public domain information, *id.* Moreover, Plaintiff has not met his burden to provide any of the factual detail necessary to establish standing on this basis.

WASHSTATEC004151

*Vermont Right to Life Committee, Inc. v. Sorrell*, 221 F.3d 376 (2d Cir. 2000), which held that government assurances that it did not intend to prosecute the plaintiffs under the challenged statutes did not foreclose the plaintiff's standing, do not change the result here. In those cases, the Second Circuit held that the plain language of the challenged statutes would apply to the plaintiffs' conduct and therefore the Circuit found that the government's statements about how it intends to exercise its prosecutorial discretion did not remove the plaintiffs' reasonable fears that they would be subjected to penalties. *See id.* at 383-84; *Nat'l Org for Marriage,* 714 F.3d at 689-90. Here, on the other hand, both the plain language of the ITAR's public domain exception with respect to books, newspapers, journals, and magazines, and the recent FAQ make it clear that the information in printed books, newspapers, journals, and magazines in physical bookstores and public libraries that Stagg claims that it wants to republish does not require a license for republication. Therefore, Plaintiff lacks standing to challenge the ITAR's licensing requirements.

## II. The ITAR's Licensing Requirements Do Not Violate the First Amendment

If the Court allows Plaintiff's facial challenge to proceed despite its lack of Article III standing (which the government contends it should not), it is necessary to clarify what exactly is at issue in Plaintiff's challenge. Plaintiff's brief appears to conflate the public domain exclusion, which excludes information that is *already in* the public domain from the ITAR's licensing and other requirements, and the ITAR's requirements that a license or other appropriate authorization be obtained prior to an unrestricted dissemination of ITAR-controlled technical data related to items on the USML in a manner that would provide access to foreign persons. The ITAR does not require a license or other authorization to republish information that is available in printed books, newspapers, journals, and magazines that can be purchased in a physical bookstore or newsstand or checked out from a public library, because such information is already in the public domain and no longer considered ITAR-controlled technical data. *See* Miller Decl. ¶ 21. The ITAR does not

18

WASHSTATEC004152

require a license or other authorization to publish fundamental research that meets the criteria set forth in § 120.11(a)(8), nor does it require a license or other authorization to publish information concerning the general scientific, mathematical, or engineering principles commonly taught in schools, colleges and universities, *id.* § 120.10(b)(1). The ITAR also does not require a license for purely domestic publication or dissemination of files. *See id.* § 120.17 (defining export). The question before the Court is thus whether the ITAR's licensing requirements, which require a license only to *export* information that constitutes ITAR-controlled technical data (including by providing it to foreign persons in the United States), are constitutional.

## A. The ITAR's Licensing Requirements Survive First Amendment Scrutiny

In examining the ITAR's licensing requirements, the Court should assess whether they "further[] a compelling interest and [are] narrowly tailored to achieve that interest." *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2231 (2015). As part of its analysis, the Court should look at their normal application—not simply the narrow circumstances presented by Plaintiff involving an intended presentation at a legal conference.[12] The ITAR's licensing requirements apply to a broad range of technical data related to items on the USML, and the "export" of that data involves transmission to foreign persons in a variety of contexts, including in commercial arms transactions. As demonstrated in the case law, the scope of the licensing regulations is obviously legitimate: they have been employed to restrict the transfer of files containing naval technology, including a project intended to decrease the signature noise emitted by Navy submarines and warships, to

---

[12] Although Plaintiff styles this as a "facial challenge" it in fact appears to try to have it both ways, seeking a broad permanent injunction, *see* Am. Compl. at 13, while at the same time claiming that its challenge is limited to the circumstances of Stagg's intended dissemination of technical data, *see* 2d Stagg Decl. ¶ 33, essentially an as-applied challenge in which Plaintiff refuses to provide all of the details of its intended conduct. Plaintiff cannot proceed with this type of quasi-facial/quasi-as-applied challenge. If Plaintiff wants to proceed with an as-applied challenge, it should be required to disclose the information that it intends to disseminate.

WASHSTATEC004153

individuals traveling to China, *Mak*, 683 F.3d at 1131-32; the transmission of technical data related to B-2 stealth bombers and infrared signature-reducing exhaust nozzle missile to individuals in China, Switzerland, Israel, and Germany, *United States v. Gowadia*, 760 F.3d 989, 997 (9th Cir. 2014); and the shipment of weapons-grade components to China, *Wu*, 711 F.3d at 1.

The Supreme Court's analysis in *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010) ("*HLP*"), illustrates why the application of the ITAR's licensing requirement to technical data is permissible. There, the Supreme Court upheld a restriction on providing "material support or resources to a foreign terrorist organization" as applied to a group that sought to "facilitate only the lawful, nonviolent purposes" of certain foreign groups solely through training and advocacy— that is, by "communicating a message." 561 U.S. at 8, 28. But the Court nonetheless upheld the statute against a First Amendment challenge, concluding that Congress and the Executive had permissibly determined that even support for peaceable, lawful conduct "can further terrorism by foreign groups." *Id.* at 30, 33-34. The Court emphasized that the issues presented "implicate[d] sensitive and weighty interests of national security and foreign affairs," and thus deferred to the government's determinations about the likely consequences of allowing the communications at issue. *Id.* at 33-34; *see also id.* at 28 ("Everyone agrees that the Government's interest in combating terrorism is an urgent objective of the highest order."). The Court concluded that "Congress and the Executive are uniquely positioned to make principled distinctions between activities that will further terrorist conduct and undermine United States foreign policy, and those that will not." *Id.* at 35. Thus, where "sensitive interests in national security and foreign affairs [are] at stake," *id.* at 36, courts applying First Amendment scrutiny must give "significant weight" to the "political branches['] . . . determination" of what is "necessary." *Id.* at 36.

Similarly, here, Congress and the Executive Branch have concluded that restrictions on the

WASHSTATEC004154

export of arms are essential to the promotion of "world peace and the security and foreign policy of the United States." 22 U.S.C. § 2778(a)(1); 22 C.F.R. § 120.1. "[T]he Government's important interest in regulating the international dissemination of military information" has been recognized by numerous courts, *Mak*, 683 F.3d at 1135; *see also Defense Distributed v. U.S. Dep't of State*, 838 F.3d 451, 458 (5th Cir. 2016) (recognizing the "Department's stated interest in preventing foreign nationals—including all manner of enemies of this country—from obtaining technical data on how to produce weapons and weapons parts" is "a very strong public interest in national defense and national security."); *United States v. Posey*, 864 F.2d 1487, 1496 (9th Cir. 1989) (citing *Edler*, 579 F.2d at 520), including the Second Circuit in this very case, *see Stagg II*, 673 F. App'x at 95-96. As the Second Circuit has recognized, "the national security concerns raised [if the government were to be barred] from licensing, and thereby controlling, the dissemination of such sensitive information are obvious and significant." *Id.* at 95. "[I]n [such] matters of national security, which present the most compelling nation interest" the government's "evaluation of the facts" is accorded "considerable 'deference.'" *Id.* at 96 (quoting *HLP*, 561 U.S. at 33).

The ITAR's licensing requirements are narrowly tailored to achieve the government's compelling interests. The Department has reasonably concluded that the overseas dissemination of arms cannot meaningfully be curtailed if unfettered access to technical data essential to the production of arms is not also subject to the export licensing scheme. *See* 22 C.F.R. §§ 120.6, 120.10. "'[A]bsent the inclusion of 'technical data [ ]' 'within ITAR's licensing structure, the statutory 'limits on arms transfers would be of negligible practical effect because [they] would leave unregulated the exportation of the technology, know-how, blueprints, and other design information sufficient for foreign powers to construct, produce, manufacture, maintain, and operate the very same equipment regulated in its physical form by the ITAR.'" *Stagg II*, 673 F.

21

WASHSTATEC004155

App'x at 96 (quoting Nilsson Decl. ¶ 6); *see also Mak*, 683 F.3d at 1135 ("The authority to regulate arms traffic would be of negligible practical value if it encompassed only the exportation of particular military equipment but not the exportation of blueprints specifying the construction of the very same equipment."). Those provisions allow the defense industry to function while protecting national security. In particular, private companies often work on defense articles, and develop plans, blueprints, and other technical data for the production of munitions. The information is frequently not classified, and may be shared within the industry to allow development of technologies and to foster innovation. In some cases, there are legitimate reasons to share information overseas or with foreign persons. The Department reviews proposals for such dissemination to ensure that they will not compromise national security. *See* Miller Decl. ¶ 13.

Nevertheless, the statutory and regulatory scheme confirms that the government "has been conscious of its own responsibility to consider how its actions may implicate constitutional concerns." *HLP*, 561 U.S. at 35. For example, the "ITAR makes a point to specifically exclude numerous categories from designation, such as general scientific, mathematical, or engineering papers." *Mak*, 683 F.3d at 1135 (citing *HLP*, 561 U.S. at 35-36). The regulations also exclude from the definition of "technical data" "basic marketing information on function or purpose or general system descriptions of defense articles," and information that is already within the public domain 22 C.F.R. 120.10(b). Moreover, the AECA and ITAR restrict only the *export* of technical data, not domestic dissemination. *See Defense Distributed v. U.S. Dep't of State*, 121 F. Supp. 3d 680, 695 (W.D. Tex. 2015) ("Plaintiffs are free to disseminate the computer files at issue domestically in public or private forums, including via the mail or any other medium that does not provide the ability to disseminate the information internationally."); *Cf. U.S. v. Hicks*, 980 F.2d 963, 970-72 (5th Cir. 1992) (holding statute prohibiting intimidation of flight crew withstood First Amendment

22

strict scrutiny because it "encompasses only a relatively narrow range of speech").

This regulatory scheme is not designed to curtail the expression of ideas, but rather to ensure that dangerous weapons are not made available to foreign persons or nations to inflict harm on the United States or its allies. *Mak*, 683 F.3d at 1134-35. It is plainly legitimate for the government to further such an interest, *id.* at 1135, and the Supreme Court has made clear that Congress and the Executive Branch must be accorded significant deference, even in the First Amendment context, in determining which measures are necessary to protect national security. *See HLP*, 561 U.S. at 33-34. In sum, Stagg cannot plausibly contend that the normal operation of this statutory and regulatory scheme is unconstitutional, and makes no serious effort to do so.

### B. The ITAR Does Not Impose an Unconstitutional Prior Restraint on Speech

Plaintiff's repeated references to the regulations as a "prior restraint," *see generally* Pl's Br., do not advance its First Amendment claim. That position has been rejected by numerous courts. *See Mak*, 683 F.3d at 1136; *Edler*, 579 F.2d at 521, *Defense Distributed*, 121 F. Supp. 3d at 696 (finding plaintiffs unlikely to prevail on merits of First Amendment challenge to ITAR).[13]

#### 1. The *Freedman* Factors Are Not the Appropriate Legal Test

As the Second Circuit and others have recognized, "'the context in which [a prior restraint] occurs can affect the level of scrutiny applied.'" *Perry v. McDonald*, 280 F.3d 159, 171 (2d Cir.

---

[13] Stagg relies extensively on *Bernstein v. U.S. Dep't. of State*, 945 F. Supp. 1279 (N.D. Cal. 1996), which was limited solely to encryption computer source code, and expressly declined to rule more on technical data provisions because the court was bound by *Edler*. *Id.* at 292. Moreover, the Ninth Circuit's decision, *Bernstein v. DOJ*, 176 F.3d 1132, 1139-43 (9th Cir. 1999), was subsequently withdrawn and a rehearing granted, *Bernstein v. DOJ*, 192 F.3d 1308 (9th Cir. 1999), suggesting the Court should be cautious before relying on it. More relevant is the Ninth Circuit's subsequent determination that the current version of the ITAR is constitutional as applied to technical data. *Mak*, 683 F.3d at 1135. Stagg's claim that the government mooted the case because it "s[aw] the writing on the wall," Pl's Br. 13 n.4, is entirely unfounded as the December 30, 1996, ITAR amendment that moved non-military encryption from the USML to the jurisdiction of the Department of Commerce explicitly states the policy decision was announced on October 1, 1996, months before the *Bernstein* opinion. *See* 61 Fed. Reg. 68,633 (December 30, 1996).

23

WASHSTATEC004157

2001) (quoting *Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 749 (7th Cir. 1999)); *accord Catholic Leadership Coal. of Tex. v. Reisman*, 764 F.3d 409, 438 (5th Cir. 2014); *Defense Distributed*, 121 F. Supp. 3d at 692 ("judicial decisions analyzing prior restraints have applied different standards of review depending on the restraint at issue."). For example, while a prior restraint involving "a facially content-based restriction on political speech in a public forum" is subject to strict scrutiny, "a prior restraint on speech in a non-public forum at a school is constitutional if reasonably related to legitimate pedagogical goals." *Milwaukee Police Ass'n*, 192 F.3d at 749 (citing *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988)). *Freedman v. Maryland*, involved a "censorship statute" that made it unlawful to exhibit any movie unless it was first judged to be "moral and proper" and not "obscene or . . . tend[ing] . . . to debase or corrupt morals or incite to crimes." 380 U.S. 51, 52 & n.2 (1965). The Supreme Court's post-*Freedman* licensing decisions clarify that the level of procedural safeguards required depends on the nature of the "typical First Amendment harm at issue." *City of Littleton v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774, 782-83 (2004); *accord Thomas v. Chicago Park District*, 534 U.S. 316, 320-23 (2002) ("extraordinary procedural safeguards" required where "core abuse" of First Amendment at issue, but not where regulation imposes lesser burdens); *MacDonald v. Safir*, 206 F.3d 183, 195 (2d Cir. 2000) ("broad *Freedman* requirement" "limit[ed]" when government not "'engaged in direct censorship of particular expressive material'" (quoting *FW/PBS*, 493 U.S. at 229 (plurality opinion))). In particular, it is "most assuredly not the case" that "the congressional or executive power to regulate speech when dealing with foreign affairs is subject to the same scrutiny and limitations that the First Amendment would impose in the domestic context." *Capital Cities/ABC, Inc. v. Brady*, 740 F. Supp. 1007, 1012-13 (S.D.N.Y. 1990) (citing *Teague v. Reg'l Comm'r of Customs*, 404 F.2d 441, 446 (2d Cir. 1968)).

24

WASHSTATEC004158

Heightened concerns about prior restraints arise when "a licensing law gives a government official or agency substantial power to discriminate based on the content or viewpoint of speech by suppressing disfavored speech or disliked speakers." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 759 (1988). For such concerns to arise, the "law must have a close enough nexus to expression, or to conduct commonly associated with expression, to pose a real and substantial threat of . . . censorship risks." *Id.* By contrast, "laws of general application that are not aimed at conduct commonly associated with expression and do not permit licensing determinations to be made on the basis of ongoing expression or the words about to be spoken[] carry with them little danger of censorship." *Id.* at 760-61; *see also Moore v. Brown*, 868 F. 3d 398, 405-06 (5th Cir. 2017) (holding that *Lakewood* unbridled discretion analysis does not apply to First Amendment challenge to law that does not have a close nexus with expression but is instead concerned with management of large items in a park regardless of any expression that those items may contain). The provisions at issue fall squarely in this latter category. They are part of a scheme designed to curtail the spread of defense articles to foreign nationals. Far from being aimed at restricting expression,[14] the regulations "specifically carve out exceptions to the law for the types of information that are subject to the highest levels of First Amendment protection, for example, published scholarly works." *Mak*, 683 F.3d at 1136; *see* 22 C.F.R. § 120.11(a).

While technical data could arguably, in some circumstances, be distributed for expressive purposes, it nonetheless stands in obvious contrast to activities such as parading, posting signs, distributing handbills, or publishing newspapers, which are always (or almost always) done for expressive purposes. Cases involving restrictions on those activities are thus inapposite here. *See,*

---

[14] Plaintiff's assertion that the government has acknowledged that it is in the "speech-licensing business," Pl's Br. 10, is based on a mischaracterization of quotes from Defendants' appellate brief.

25

WASHSTATEC004159

*e.g.*, *N.Y. Times*, 403 U.S. at 713 (publication of Pentagon Papers in the newspaper); *Near v. Minnesota ex rel. Olson*, 283 U.S. 697 (1931) (publication of charges of official misconduct in newspaper); *Forsyth Cty. v. Nationalist Movement*, 505 U.S. 123 (1992) (permit for protest march). Thus, Plaintiff's attempt to shoehorn the AECA and ITAR into the classic prior restraint framework is unpersuasive. *Mak*, 683 F.3d at 1136 (rejecting similar prior restraint argument); *see also Edler*, 579 F.2d at 521 (same). *Cf. Capital Cities/ABC, Inc*, 740 F. Supp. at 1013 (upholding against First Amendment challenge licensing strictures for international television broadcasts without concluding such a licensing system constituted a prior restraint); *Teague*, 404 F.2d at 446 (application of Trading with the Enemy Act to academic publications imported from Cuba was not a prior restraint in light of broader regulatory purpose).

The ITAR is also unlike the statute at issue in *John Doe, Inc. v. Mukasey*, which prohibited recipients of national security letters from disclosing that fact absent government approval. 549 F.3d at 877. First, in that case, the Second Circuit recognized that the content of the regulated speech was "relevant to intended criticism of a government activity." *Id.* at 878. Here, by contrast, the regulations apply to technical data, based on its nature as a functional equivalent of a defense article, which offers no opinion regarding government activity. Moreover, the type of speech governed by the regulations generally occurs in the commercial context, where companies seek to share (or sell) proprietary information. *See* Miller Decl. ¶ 13. Plaintiff's claim that its presentation will be critical of the government, *see* 2d Stagg Decl. ¶ 28, is irrelevant because Plaintiff is seeking to strike down the ITAR's licensing provisions as they apply to technical data in their entirety. Second, unlike in *Doe* where complete secrecy was required, the ITAR does not require a license for speech to a purely domestic audience.

Moreover, while prior restraints are traditionally disfavored in substantial part because it

26

WASHSTATEC004160

is presumed that after-the-fact punishment is available, *see Near*, 283 U.S. at 718-19; *Se. Promotions v. Conrad*, 420 U.S. 546, 558-59 (1975), here, after-the-fact punishment would be inadequate because of the potential irreversible harm to national security and foreign policy. *See Mak*, 683 F.3d at 1136 ("national security concerns may be more sharply implicated by the export abroad of military data than by domestic disclosure"); Miller Decl. ¶ 32.

### 2. The Processing Time for a License Request Does Not Render the ITAR Unconstitutional

Stagg is further mistaken in arguing that the licensing scheme is an impermissible prior restraint because licensing decisions are not made in a "brief specified period." Pl's Br. 10-11. To begin, that argument is premised on the incorrect conclusion that the licensing scheme is a classic prior restraint subject to *Freedman*'s rigorous procedural requirements. In any event, Stagg has not sought authorization to export or release the information in this case and presents only general arguments about the pace of licensing decisions. Department guidance provides that licensing decisions should be made within 60 days, unless certain "relatively narrow" national security exceptions apply. *Stagg I*, 158 F. Supp. 3d at 206. On average, DDTC has been making such determinations within 30 days, *see* Miller Decl. ¶ 12, even given the complexity of the factors that need to be considered in making the determination. *Cf. Beal v. Stern*, 184 F.3d 117, 128-29 (2d Cir. 1999) (recognizing reasonableness of time period in which Parks Service is to respond to permit applications depends on specific circumstances).[15]

The licensing determination appropriately involves considerations of numerous difficult

---

[15] Courts have upheld similar, and even lengthier, periods as reasonable. *See TK's Video v. Denton Cnty, Tex.*, 24 F.3d 705, 708 (5th Cir. 1994) (60-day period); *MJJG Restaurant, LLC v. Horry Cnty, S.C.*, 11 F. Supp. 3d 541 (D.S.C. 2014) (30-day period); *Chesapeake B & M, Inc. v. Harford Cnty, Md.,* 831 F.Supp. 1241, 1249-50 (D. Md. 1993) (44-day period), *rev'd in part, vacated in part, and remanded on other grounds*, 58 F.3d 1005 (4th Cir. 1995) (en banc); *Wolff v. City of Monticello*, 803 F. Supp. 1568, 1574 (D. Minn. 1992) (noting that 90-day time period for decision on adult bookstore license application not unreasonable *per se*).

27

WASHSTATEC004161

questions of national security or foreign policy. *See* 22 U.S.C. § 2778(a)(2) (requiring consideration of "whether the export of an article would contribute to an arms race, aid in the development of weapons of mass destruction, support international terrorism, increase the possibility of an outbreak or escalation of conflict, or prejudice the development of bilateral or multilateral arms control or nonproliferation agreements or other arrangements."). Given the stakes and the complexity of the issues involved, there is no basis for Stagg's apparent view that such determinations must be made hastily.

### 3. The Lack of Judicial Review Does Not Violate the First Amendment

Similarly, the ITAR's licensing provisions do not violate the First Amendment because the ITAR precludes judicial review of licensing decisions under the APA. Again, Stagg's argument that judicial review is required rests on the assumption that the ITAR restrictions constitute a classic prior restraint. Regardless, Executive decisions regarding foreign affairs are entitled to deference from the courts, and are particularly likely to be discretionary and thus inappropriate for judicial review. *See Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State*, 104 F.3d 1349, 1353 (D.C. Cir. 1997) ("By long-standing tradition, courts have been wary of second-guessing executive branch decisions involving complicated foreign policy matters."); *Dep't of the Navy v. Egan,* 484 U.S. 518, 528-29 (1988) (whether granting security clearance would be "clearly consistent with the interests of the national security" was unreviewable); *U.S. Ordnance, Inc. v. Dep't of State*, 432 F. Supp. 2d 94, 98-99 (D.D.C. 2006) (administration of AECA is committed to agency discretion and thus court lacked jurisdiction over APA claim seeking review of a decision to revoke an AECA license), *vacated as moot*, 231 F. App'x 2 (D.C. Cir. 2007).[16]

---

[16] If the Court were to find that the lack of judicial review does not survive First Amendment scrutiny, the proper remedy is not to strike down the licensing requirement in its entirety or to enjoin the Department from enforcing it. Instead, the Court should provide the government the opportunity to address this issue in the first instance. *See John Doe, Inc.*, 549 F.3d at 883-85.

28

WASHSTATEC004162

4. **The ITAR Does Not Give the Department "Unbridled Discretion"**

Finally, Stagg is incorrect that the ITAR violates the First Amendment by vesting government officials with "unbridled discretion." *See* Pl's Br. 13-16. A prior restraint (not present here) must provide "narrow, objective, and definite standards to guide the licensing authority," *Forsyth Cnty*, 505 U.S. at 131, but such standards do not require "perfect clarity and precise guidance," *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989). That test is met here. Only "technical data" is subject to the restriction Stagg challenges and the term is extensively and clearly defined. 22 C.F.R. § 120.10. The definition depends on a specific relationship to "defense articles," which are described on the USML. 22 C.F.R. §§ 120.6, 121.1. In short, the AECA "delineates narrowly the scope of information subject to arms controls." *Mak*, 683 F.3d at 1136 (internal cite omitted). These criteria provide "adequate standards to guide the official's decision." *Thomas*, 534 U.S. at 323; *accord Field Day, LLC v. Cnty of Suffolk*, 463 F.3d 167, 179 (2d Cir. 2006).

Although Stagg points to the regulation stating that a license can be denied when it is "otherwise advisable," *see* Pl's Br. 14, that term occurs in the midst of a long list of specific criteria, all of which must be read against the backdrop of the precise definitions of "technical data" and "defense articles" that must be satisfied before a license or other authorization is required at all. Moreover, in determining the degree of discretion a licensing authority has, the Court must consider "the well-established practice of the authority." *MacDonald*, 206 F.3d at 191. Stagg presents no evidence that the Department has exercised its discretion in an unconstrained way.

C. **The ITAR's Restrictions On Unlimited Internet Dissemination Do Not Violate The First Amendment**

In its summary judgment brief, Plaintiff asserts for the first time that the ITAR's restrictions on publication on the Internet, in a matter that would allow access to foreign persons, violates the First Amendment. *See* Pl's Br. 16-18. As an initial matter, this new claim directly contradicts Plaintiff's statements to the Second Circuit, where it expressly asserted that the public domain

29

"exclusion does not allow for publication on the Internet, one of the things the district court seemed concerned about. See Op. at 15. Thus, the requested preliminary injunction would not allow persons to upload technical data to the Internet because that is not one of the methods listed in the public domain exclusion. 22 C.F.R. § 120.11." Pl's 2d Cir. Br. 54. *See also* 2d Cir. Reply 14 ("The Government attacks Stagg's reference to publishing materials on the Internet … but Stagg was referring only to re-publishing materials already obtained from public domain sources.").

In any event, the same reasons why Plaintiff's First Amendment challenge fails apply with even greater force to the unauthorized, unrestricted dissemination of ITAR-controlled technical data related to defense articles on the Internet. As Judge Scheindlin recognized "without the licensing and approval mechanisms set forth in the AECA and ITAR, *any* unclassified data leaked to the Internet would be fair game to republish in any forum without regard to consequences—and in an era where national security information has been successfully leaked, this is not a specious threat." *Stagg I*, 158 F. Supp. 3d at 211; *see also* Miller Decl. ¶ 32.

Plaintiff now incorrectly argues that the government has "repeatedly represented that the Internet is covered by the public domain exclusion," Pl's Br. at 17. Plaintiff's assertion that the Government "declined to revise" the ITAR text to control Internet publication, relying on the Federal Register notice for the June 2016 revision of the definition of "export," *see* Pl's Br. 17 (citing 81 Fed. Reg. 35,611, 35,613 (June 3, 2016)), is misleading. The Federal Register notice explicitly states that the issues will "be addressed in a separate rulemaking, and until such time, the existing ITAR controls remain in place." 81 Fed. Reg. at 35,613. The Department has long held the position that such publication would constitute an export. *See* 80 Fed. Reg. at 31,529 (Specific control on publication to the internet "makes more explicit the existing control in (a)(4), which includes the publication of "technical data" to the Internet due to its inherent accessibility

30

WASHSTATEC004164

by foreign persons."); *Defense Distributed*, 121 F. Supp. 3d at 690 (government "clearly believe[s]" freely available Internet publication constitutes "export.").[17] Indeed, the Department's view is clear from its memorandum of law in *Bernstein*, which Stagg now selectively cites, Pl's Br. 5.[18] There, the government stated the same concerns regarding Internet publication:

> [P]laintiff's contention that distribution through the Internet would not implicate the notion of an export is highly suspect. The Internet is an international telecommunications medium, through which information on "World-Wide Web" . . . sites . . . can be accessed internationally. . . . There is the obvious concern that posting software without regard to whether it can be distributed to international

---

[17] Plaintiff's novel argument that the public domain exclusion for information in "public libraries" should be read to include information on the internet based on the Supreme Court's decisions in *Reno v. ACLU*, 521 U.S. 844, 853 (1997), and *Packingham v. North Carolina*, 137 S.Ct. 1730, 1735 (2017), *see* Pl's Br. 16, must be rejected. Not only does Plaintiff take the statements out of context, it fails to recognize that those cases post-date by years the drafting of the public domain exclusion—which thus could not have possibly intended to include the Internet in its definition of "public library." Moreover, the Internet differs fundamentally from a public library—virtually anyone with internet access can post information to the internet or republish information made available by someone else and there are no publication standards or systems of peer or editorial review to help ensure that sensitive national security information is not released. *See* Miller Decl. ¶ 32. Thus the risks of making technical data available to foreign adversaries, including advancing enemy weapons systems and arming insurgent groups, are even more significant. *Id.*

[18] Nothing in the government's memorandum of law in *Bernstein* suggests the change in position Stagg argues, Pl's Br. 5, 23-24; that memorandum merely explained that it is unreasonable to argue, as the plaintiff did in that case, that "*nothing* can be published without the government's approval." *Id.* at 5; *see* Tarczynska Decl. Ex. A. As the ITAR makes clear, the licensing requirements are narrow in scope—applying only to publications that constitute "exports" of very specific "technical data" related to defense articles. They do not apply to general scientific, mathematical or engineering principles commonly taught in schools, colleges and universities, 22 C.F.R. § 120.11(b), nor does it apply to fundamental research of the type that is "ordinarily published and shared broadly in the scientific community," *id.* § 120.11(a)(8). Bernstein was an academic who wanted to publish and teach technical data related to cryptographic source code, *see Bernstein*, 945 F. Supp. at 1282, 1287-92, and accordingly the statements in the government's declaration were made within the specific context of that litigation and the evaluation of academic and scientific materials, *see* ECF No. 63-1 at 56.

Plaintiff likewise takes the statements in the government's brief in *Defense Distributed* out of context, *see* Pl's Br. 5-6; the government took the position in *Defense Distributed* that dissemination of technical data in a manner that allows access by foreign persons—in that case through the internet—is an "export" requiring appropriate authorization, 121 F. Supp. 3d at 687 (quoting DDTC letter indicating that thru Internet posting plaintiff "may have released ITAR-controlled technical data without the required prior authorization").

31

WASHSTATEC004165

> destinations would circumvent ITAR controls. Hence, the State Department has
> advised parties, including plaintiff, to take reasonable steps to confine the
> distribution of software to Internet sites within the United States and Canada, based
> on technical means that appear to be available to do so.

*See* Tarczynska Decl. Ex. A (citations omitted)). Plaintiff's attempt to distinguish this language by

arguing that it concerned *only* cryptographic software, Pl's Br. 17-18, is a distinction without a

meaningful difference. The language discusses whether Internet publication is an "export"—which

has the same implications for technical data as for cryptographic software.

### D. The ITAR Is Not Unconstitutionally Overbroad

For similar reasons, Stagg's First Amendment overbreadth challenge to the ITAR is

without merit and has also been rejected by the courts. *See Mak*, 683 F. 3d at 1136 (rejecting

overbreadth challenge); *Karn*, 925 F. Supp. at 13 ("plaintiff's overbreadth concerns [about the

ITAR's technical data' provision] are not genuine."). As an initial matter, Plaintiff's overbreadth

claim fails because, as explained above, the AECA and ITAR are not directed at speech, but rather

to the export of defense articles and related technical data, 22 U.S.C. 2778(a)(1); 22 C.F.R § 120.1.

*See Virginia v. Hicks*, 539 U.S. 113, 124 (2003) ("Rarely, if ever, will an overbreadth challenge

succeed against a law or regulation that is not specifically addressed to speech or to conduct

necessarily associated with speech"); *see also Members of City Council of City of L.A. v. Taxpayers

for Vincent*, 466 U.S. 789, 800 n.19 (1984).

Moreover, Stagg has not met its "burden of demonstrating, from the text of the law and

from actual fact, that substantial overbreadth exists." *Hicks*, 539 U.S. at 122. The substantiality

requirement is critical: courts must "vigorously enforce[ ] the requirement that a statute's

overbreadth be *substantial*, not only in an absolute sense, but also relative to the statute's plainly

legitimate sweep." *United States v. Williams*, 553 U.S. 285, 292 (2008). Invalidation based on

overbreadth is considered "strong medicine," *id.* at 293 (quotation marks omitted), to be applied

WASHSTATEC004166

"with hesitation, and then 'only as a last resort,'" *L.A. Police Dep't v. United Reporting Pub. Corp.,* 528 U.S. 32, 39 (1999) (quoting *New York v. Ferber,* 458 U.S. 747, 767 (1982)).

Here, as explained above, the ITAR's export controls on technical data have a permissible sweep; in contrast, Stagg has not made any showing that the alleged overbreadth is even appreciable, much less substantial in absolute or relative terms. Stagg's arguments to the contrary are without merit. *See* Pl's Br. 18-19. First, Stagg claims that it is overbroad to apply export-control laws to domestic publication. *Id.* But there is no part of the AECA or the ITAR that restricts their application to activities abroad. In fact, the ITAR applies only to a narrow category of domestic speech that constitutes an export of technical data, *i.e.,* disclosure or transfer to a foreign person. *See* 22 C.F.R. § 120.17(a)(4). That category is small—even providing ITAR-controlled technical data to purely domestic audiences or on websites with limited access does not require a license, *see* Miller Decl. 10; *Defense Distributed*, 121 F. Supp. 3d at 695. Moreover, the regulations validly apply in such circumstances: sensitive information about defense articles in the hands of foreign entities is no less dangerous if foreign persons obtained the information while visiting the United States. Second, to the extent Stagg asserts that the ITAR's licensing requirements are overly broad because they cover the exchange of ideas and research and items that are civilian, recreational, and scientific in nature, Pl's Br. 19-21, Stagg ignores the fact that the ITAR expressly exempts fundamental research,[19] 22 C.F.R. § 120.11(a)(8), general scientific, mathematical, or engineering principles commonly taught in schools, colleges, and universities, *id.* § 120.10(b), and information

_____

[19] Stagg's suggestion that the fundamental research exception is "subject to a strict prior constraint," Pl's Br. 21, is incorrect. ITAR § 120.11(a)(8) states that information is "fundamental research" if it is "basic and applied research in science and engineering where the resulting information is ordinarily published and shared broadly within the scientific community." Research that meets these criteria does not require any further authorization for publication and dissemination to foreign persons. Indeed, the proposed revisions separated out fundamental research recognizing that it differs from other "public domain" material. 80 Fed. Reg. at 31,528.

33

WASHSTATEC004167

in the public domain, *id.*, from its scope. Finally, Stagg's claim that the ITAR is facially overbroad because it applies to republication of information that is publicly available in printed books, newspapers, journals, and magazines available in bookstores and public libraries, *see* Pl's Br. 21-22, has been mooted by the Department's recent clarification that such information does not require approval from the Department for republication. *See* Miller Decl. ¶ 21. To the extent this leaves a narrow field of technical data never authorized for release but available in places like the Internet, that does not constitute a substantial overbreadth. While courts have found constitutional limits on certain regulations that prohibit redissemination of already-public speech, none of the cases Stagg cites considered the unique circumstances of regulations addressed at technical information rather than speech, in the context furthering national security by preventing the spread of munitions abroad. In those circumstances, the government's strong interests outweigh the concerns about restricting republication. *Posey*, 864 F.2d at 1496-97; *Edler*, 579 F.2d at 520-22.

## III.  The ITAR Does Not Violate The Fifth Amendment

Stagg's Fifth Amendment claim that the ITAR's licensing requirements are "void for vagueness" likewise fails. Like its First Amendment claim, the Fifth Amendment claim conflates the concepts of something that is *already in* the public domain, versus putting something *into* the public domain. *See* Pl's Br. 22-23. In response to a facial Fifth Amendment challenge, a regulation will be upheld unless it is impermissibly vague in all of its applications. *Expressions Hair Design v. Schneiderman*, 808 F.3d 118, 142 (2d Cir. 2015) (citing *Hoffman Estates v. Flipside*, 455 U.S. 489, 497-98 (1982), *vacated and remanded on other grounds*, 137 S.Ct. 1144 (2017).[20] "[P]erfect

---

[20] The Second Circuit has suggested that in First Amendment cases, there may be an additional type of facial vagueness challenge "if the challenged regulation reaches a substantial amount of constitutionally protected conduct," although it did not decide the question. *Expressions*, 808 F.3d at 143 (internal cite omitted). As explained above, the vast majority of the ITAR's applications do not implicate constitutionally protected conduct. *See* pp. 19-22 *supra*.

WASHSTATEC004168

clarity and precise guidance" is not required. *Ward*, 491 U.S. at 794; *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972); *United States v. Thomas*, 864 F.2d 188, 195 (D.C. Cir. 1988).

For the reasons explained above, the ITAR "plainly has a 'core meaning that can reasonably be understood,'" *Expressions*, 808 F.3d at 142. The terms "technical data" and "defense article" are well defined, and their application to the exports primarily targeted by the AECA and the ITAR is both legitimate and easily comprehensible. *See Wu,* 711 F.3d at 13-14 (rejecting a Fifth Amendment vagueness challenge to the AECA and ITAR, relying on the commodity-jurisdiction process and scienter requirements);[21] *United States v. Hsu*, 364 F.3d 192, 196-97 (4th Cir. 2004). Likewise the term "export" is defined to include "[r]eleasing or otherwise transferring technical data to a foreign person in the United States," 22 C.F.R. § 120.17(a)(2), which as the court in *Defense Distributed* recognized, clearly puts "[p]ersons of ordinary intelligence . . . on notice by the language of the regulations that . . . posting [on the Internet] would fall within the definition of export." 121 F. Supp. 3d at 701. As detailed above, Stagg is incorrect in asserting that the government removed those requirements. *See* pp. 7-9 *supra.* To the extent that Plaintiff's claim rests on the assertion that there are "sixty years of publicly available materials that the ITAR now *retroactively* controls for republication," Pl's Br. 24, that claim is based on the incorrect premise that no published information was approved for release into the public domain and further has been mooted by the Department's recent clarification in the FAQ. *See* Miller Decl. ¶ 21.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for summary judgment and deny Plaintiff's cross motion for summary judgment.

---

[21] Plaintiff's reliance on *Wu* and *United States v. Pulungan*, 569 F.3d 326, 328 (7th Cir. 2009 is misplaced. They deal with the question of whether in a criminal prosecution the determination whether an item is properly classified as a defense item on the USML is a question for the jury.

35

WASHSTATEC004169

Date:   New York, New York
        July 20, 2018

                                        GEOFFERY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for Defendants

                                        By:  _/s/ Dominika Tarczynska_____
                                        DOMINIKA TARCZYNSKA
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York  10007
                                        Tel: (212) 637-2748
                                        Fax: (212) 637-3455
                                        dominika.tarczynska@usdoj.gov

WASHSTATEC004170

Delivery Report

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 10/17/2019 3:35:01 PM |
| **To**: | Robinson, Stuart J. (CIV) [Stuart.J.Robinson@usdoj.gov] |
| **Subject**: | Read: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17) |

Your message

was read on

Your message

   To: Koelling, Richard W
   Subject: RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)
   Sent: Thursday, October 17, 2019 11:19:32 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Thursday, October 17, 2019 11:34:11 AM (UTC-05:00) Eastern Time (US & Canada).

```
Final-recipient: RFC822; KoellingRW@state.gov

Disposition: automatic-action/MDN-sent-automatically; displayed

X-MSExch-Correlation-Key: LbcNXILQA0+K39pAt36jTg==

X-Display-Name: Koelling, Richard W
```

WASHSTATEC004172

Delivery Report

| | |
|---|---|
| **From**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Sent**: | 10/17/2019 5:00:18 PM |
| **To**: | Robinson, Stuart J. (CIV) [Stuart.J.Robinson@usdoj.gov] |
| **Subject**: | Not read: RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17) |

Your message

was deleted without being read on

Your message

  To: Minarich, Christine M
  Subject: RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)
  Sent: Thursday, October 17, 2019 11:19:32 AM (UTC-05:00) Eastern Time (US & Canada)

 was deleted without being read on Thursday, October 17, 2019 1:00:18 PM (UTC-05:00) Eastern Time (US & Canada).

WASHSTATEC004173

```
Final-recipient: RFC822; MinarichCM@state.gov

Disposition: automatic-action/MDN-sent-automatically; deleted

X-MSExch-Correlation-Key: 4ofSLevfWkW/TqFvslGxlg==

Original-Message-ID:

<CY1P110MB0405873CE6EDFE9C63EC26D1936D0@CY1P110MB0405.NAMP110.PROD.OUTLOOK.COM>

X-Display-Name: Minarich, Christine M
```

---

**Message**

---

**From:**        Koelling, Richard W [KoellingRW@state.gov]
**Sent:**         10/17/2019 5:24:49 PM
**To:**           Koelling, Richard W [KoellingRW@state.gov]
**Subject:**      FW: Cats I-III question - OMB Timing

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Hart, Robert L <HartRL@state.gov>
**Sent:** Thursday, October 17, 2019 1:23 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** FW: Cats I-III question

Rob Hart
202.736.9221 | hartrl@state.gov

UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Thursday, October 3, 2019 1:06 PM
**To:** Hart, Robert L <HartRL@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Subject:** Re: Cats I-III question

Sent from my iPhone

On Oct 3, 2019, at 12:57 PM, Hart, Robert L <HartRL@state.gov> wrote:

> Hi Jasmeet,

Thanks,

Rob Hart
Chief, Regulatory and Multilateral Affairs Division
Department of State | Directorate of Defense Trade Controls
202.736.9221 | hartrl@state.gov

UNCLASSIFIED

Appointment

**From:**           Diggs, Yolanda M [DiggsYM@state.gov]
**Sent:**           10/17/2019 5:40:50 PM
**To**:            Khawam, Joseph N [KhawamJN@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Hart, Robert L [HartRL@state.gov]

**Subject:**      PCC-Level CATS I-III Sync
**Location:**     DAS' office

**Start**:          10/18/2019 6:30:00 PM
**End**:           10/18/2019 7:15:00 PM
**Show Time As**: Tentative

**Recurrence**:    (none)

---

**Message**

| | |
|---|---|
| **From**: | Miller, Michael F [Millermf@state.gov] |
| **Sent**: | 10/17/2019 6:19:52 PM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **CC**: | Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Hart, Robert L [HartRL@state.gov] |
| **Subject**: | RE: Updated State Draft Final Rule on Cats I-III |

Thanks for taking a look Joe, all good.

SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 17, 2019 1:41 PM
**To:** Miller, Michael F <Millermf@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** RE: Updated State Draft Final Rule on Cats I-III

Thanks, Mike.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Miller, Michael F <Millermf@state.gov>
**Sent:** Thursday, October 17, 2019 11:44 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** RE: Updated State Draft Final Rule on Cats I-III

Thanks Joe –

Hope that makes sense.

MM

SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Wednesday, October 16, 2019 3:04 PM
**To:** Miller, Michael F <Millermf@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** Updated State Draft Final Rule on Cats I-III

Mike:  Attached please find the State draft final rule on Cats I-III for OMB.  I've attached both a clean version and a marked up version that reflects all the edits and comments we received from within state and from the interagency.  The 3-D printed gun section of the preamble is on pp. 20-25.  If you have any questions or concerns, please let us know.

Thanks,
Joe

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

SBU - DELIBERATIVE PROCESS

Message
_____

**From**:      Robinson, Stuart J. (CIV) [Stuart.J.Robinson@usdoj.gov]
**Sent**:      10/17/2019 6:54:45 PM
**To**:        Abraham, Liz (Federal) [LAbraham@doc.gov]
**CC**:        Coppolino, Tony (CIV) [Tony.Coppolino@usdoj.gov]; Soskin, Eric (CIV) [Eric.Soskin@usdoj.gov]; Myers, Steven A.
               (CIV) [Steven.A.Myers@usdoj.gov]; JEST, JOE (Federal) [JJEST@doc.gov]; KLASON, PETER (Federal)
               [PKLASON@doc.gov]; Curtis, Deborah (Federal) [DCurtis@doc.gov]; Khawam, Joseph N [KhawamJN@state.gov];
               Minarich, Christine M [MinarichCM@state.gov]
**Subject**:   RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review
               (Please review for clearance to send to OMB by COB on 10/17)
**Attachments**: 2019-10-16 1.57pm Redline Commerce Cat I-III firearms rule to DOJ +FPB.docx


Okay. Here are our comments on the draft rule.

_____

**From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Sent:** Thursday, October 17, 2019 2:51 PM
**To:** Robinson, Stuart J. (CIV) <strobins.USDOJ.GOV>
**Cc:** Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Myers, Steven A.
(CIV) <stmyers@CIV.USDOJ.GOV>; JEST, JOE (Federal) <JJEST@doc.gov>; KLASON, PETER (Federal)
<PKLASON@doc.gov>; Curtis, Deborah (Federal) <DCurtis@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>;
Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal
review (Please review for clearance to send to OMB by COB on 10/17)

Actually – we need to keep at 3 p.m. for the DOC side.  We'll talk to you in 10 minutes.

Confidentiality Notice:  This e-mail message is intended only for the named recipients.  It contains information that may be
confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have
received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this
message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of
this message or its contents is strictly prohibited.  Please notify us immediately that you have received this message in
error, and delete the message.

_____

**From:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Sent:** Thursday, October 17, 2019 2:49 PM
**To:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Cc:** Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Myers, Steven A.
(CIV) <Steven.A.Myers@usdoj.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; KLASON, PETER (Federal)
<PKLASON@doc.gov>; Curtis, Deborah (Federal) <DCurtis@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>;
Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal
review (Please review for clearance to send to OMB by COB on 10/17)

Apologies for the late notice, but we can move this call to 4:00pm. We can use the same dial-in.

_____

**From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Sent:** Thursday, October 17, 2019 1:52 PM
**To:** Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>
**Cc:** Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Myers, Steven A.
(CIV) <stmyers@CIV.USDOJ.GOV>; JEST, JOE (Federal) <JJEST@doc.gov>; KLASON, PETER (Federal)

<PKLASON@doc.gov>; Curtis, Deborah (Federal) <DCurtis@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)

+ Christine Minarich from State/L, who will be filling in for Joe Khawam on this call.

Confidentiality Notice:  This e-mail message is intended only for the named recipients.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately that you have received this message in error, and delete the message.

---

**From:** Abraham, Liz (Federal)
**Sent:** Thursday, October 17, 2019 12:46 PM
**To:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Cc:** Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Curtis, Deborah (Federal) <DCurtis@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)

Just a heads up that Joe Khawam from State/L isn't able to join, but we'll follow up with him afterwards.

Confidentiality Notice:  This e-mail message is intended only for the named recipients.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately that you have received this message in error, and delete the message.

---

**From:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Sent:** Thursday, October 17, 2019 12:05 PM
**To:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Cc:** Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; JEST, JOE (Federal) <JJEST@doc.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Curtis, Deborah (Federal) <DCurtis@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)

Thanks, Liz. We can use this dial-in:

Phone Number          
Attendee Access Code

---

**From:** Abraham, Liz (Federal) <LAbraham@doc.gov>
**Sent:** Thursday, October 17, 2019 11:54 AM
**To:** Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>
**Cc:** Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; JEST, JOE (Federal) <JJEST@doc.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Curtis, Deborah (Federal) <DCurtis@doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>

**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)

Stuart,

Narrowing the group a bit here.  We'd be available at 3 p.m. for a call.

Thanks,
Liz

Confidentiality Notice:  This e-mail message is intended only for the named recipients.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately that you have received this message in error, and delete the message.

**From:** Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Sent:** Thursday, October 17, 2019 11:20 AM
**To:** Mooney, Timothy <Timothy.Mooney@bis.doc.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz (Federal) <LAbraham@doc.gov>; Borman, Matthew <Matthew.Borman@bis.doc.gov>; Ashooh, Richard <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <Steven.Clagett@bis.doc.gov>; Lopes, Alexander <Alexander.Lopes@bis.doc.gov>; Hess, Hillary <Hillary.Hess@bis.doc.gov>; NiesVogel, Karen <Karen.NiesVogel@bis.doc.gov>; Curyto, Jessica <Jessica.Curyto@bis.doc.gov>; KLASON, PETER (Federal) <PKLASON@doc.gov>; Curtis, Deborah (Federal) <DCurtis@doc.gov>; JEST, JOE (Federal) <JJEST@doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)

Thanks, Tim. Are you available for a call at 3:00pm ET?

Stuart

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Wednesday, October 16, 2019 3:31 PM
**To:** Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Steven Clagett <Steven.Clagett@bis.doc.gov>; Alexander Lopes <Alexander.Lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>; KLASON, PETER <PKLASON@doc.gov>; Curtis, Deborah (Federal) <DCurtis@doc.gov>; JEST, JOE <JJEST@doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)

Tony and Rick, et al.,

Attached is the updated Commerce Cat. I-III (firearms) rule with changes to address the comments from DOJ.  BIS believes the attached edits should address the DOJ comments.

The goal is to get the updated Commerce and State rules sent to OMB by cob on October 17.

In order to expedite the clearance process with DOJ and State/DDTC, BIS would like to schedule a telecon tomorrow with DOJ and State to resolve any concerns DOJ or State/DDTC may have on the updated Commerce draft.

If after reviewing the draft, you don't believe a telecon is needed, please email this group.

If you do believe a telecon is needed tomorrow, please email this group with times that you are available for a call.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

---

**From:** Timothy Mooney
**Sent:** Thursday, October 10, 2019 7:47 PM
**To:** 'Coppolino, Tony (CIV)' <Tony.Coppolino@usdoj.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <labraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Steven Clagett <Steven.Clagett@bis.doc.gov>; Alexander Lopes <Alexander.Lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>; KLASON, PETER <pklason@doc.gov>; 'Curtis, Deborah (Federal)' <DCurtis@doc.gov>; JEST, JOE <jjest@doc.gov>
**Subject:** RE: Updated State Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Commerce tweaks to DOJ edited version from 10/8)

Rick,

Attached are some minor tweaks from Commerce to the updated version DOJ sent to State yesterday for the State Cat I-III (firearms) rule.  We believe State and Justice should be fine with the minor tweaks.

The Commerce rule is updated to address the DOJ's comments. The Commerce rule is in final review with BIS management for clearance for sending back to DOJ and State.  We plan to send the Commerce rule to DOJ and State tomorrow and will try to do that as early as we can.

Tim

---

**From:** Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Sent:** Wednesday, October 09, 2019 4:56 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Soskin, Eric (CIV) <Eric.Soskin@usdoj.gov>; Robinson, Stuart J. (CIV)

<Stuart.J.Robinson@usdoj.gov>; Myers, Steven A. (CIV) <Steven.A.Myers@usdoj.gov>; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Coppolino, Tony (CIV) <Tony.Coppolino@usdoj.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Steven Clagett <Steven.Clagett@bis.doc.gov>; Alexander Lopes <Alexander.Lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

**ATTORNEY-CLIENT PRIVILEGE/WORK PRODUCT + DELIBERATIVE PROCESS PRIVILEGE**

Joseph

The State Department revisions look really great. ███████████████████████████████
███████████████████████████████████████████████████████████████

(Two of our attorneys are out for the religious holiday and so it is possible we may send along an additional comment or two tomorrow morning).

I don't believe we have seen a revision from Commerce yet, or did we miss that?

Tony

**Anthony J. Coppolino**
Deputy Director, Civil Division, Federal Programs Branch, U.S. Department of Justice
1100 L Street, N.W., Room 11500, Washington, D.C. 20001
(202) 514-4782 (phone)
tony.coppolino@usdoj.gov

---

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 08, 2019 9:38 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Coppolino, Tony (CIV) <tcoppoli@CIV.USDOJ.GOV>; Soskin, Eric (CIV) <ESoskin@civ.usdoj.gov>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached please find the updated State rule addressing comments from DOJ and Commerce. We'd welcome any further feedback. If possible, please send any further comments or edits by cob tomorrow (10/9) to allow sufficient time to finalize the draft rule for OMB by Thursday (10/10). Thanks.

SBU - DELIBERATIVE PROCESS

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Thursday, October 3, 2019 4:21 PM
**To:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

All,

Please find attached an updated redline of the State Category I-III (firearms) rule █████████████████████

We're following Commerce's approach and sending the attached to DOJ and DOC/BIS for informal review prior to submitting the updated rule formally to OMB for interagency review next week.

In order to keep with the timeline, and because of the relatively minor nature of our edits, we'll follow the same timeline as Commerce.  Please provide any comments or edits that you have on the State rule by COB on Friday, October 4, 2019.

Christine

Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646
Tu,Th: (202) 663-2915

SBU - DELIBERATIVE PROCESS

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:26 AM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Tony.Coppolino@usdoj.gov; Eric.Soskin@usdoj.gov; Stuart.J.Robinson@usdoj.gov; Steven.A.Myers@usdoj.gov; Koelling, Richard W <KoellingRW@state.gov>; Memos, Nicholas <MemosNI@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Abraham, Liz <LAbraham@doc.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Richard Ashooh <Richard.Ashooh@bis.doc.gov>; Clagett, Steven <steven.clagett@bis.doc.gov>; Lopes, Alexander <alexander.lopes@bis.doc.gov>; Hillary Hess <Hillary.Hess@bis.doc.gov>; Karen NiesVogel <Karen.NiesVogel@bis.doc.gov>; Jessica Curyto <Jessica.Curyto@bis.doc.gov>
**Subject:** Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please provide comments to COB on 10/4/19)

Attached is the updated Commerce Category I-III (firearms) rule ███████████████████
██████████████████████

Commerce is sending the attached to DOJ and DOS/DDTC for informal review prior to us submitting the updated rule formally to OMB for interagency review next week.

I attached a redline version of the rule ███████████████████████████████████████
███████ I also included a clean version of the rule, but please use the redline version if you have additional edits you want to make on the rule.

In order to keep with the timeline, please provide any comments or edits that you have on the Commerce rule by COB on Friday, October 4, 2019.

Tim

Tim Mooney
Senior Export Policy Analyst
Regulatory Policy Division
Bureau of Industry and Security
Tel. (202) 482-3371

Delivery Report

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 10/18/2019 11:56:06 AM |
| **To**: | Coppolino, Tony (CIV) [Tony.Coppolino@usdoj.gov] |
| **Subject**: | Read: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17) |

Your message

was read on

Your message

  To: Koelling, Richard W
  Subject: RE: Updated Commerce Cat I-III firearms rule with changes to address 3D printing of firearms for informal review (Please review for clearance to send to OMB by COB on 10/17)
  Sent: Thursday, October 17, 2019 4:50:37 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Friday, October 18, 2019 7:55:25 AM (UTC-05:00) Eastern Time (US & Canada).

```
Final-recipient: RFC822; KoellingRW@state.gov

Disposition: automatic-action/MDN-sent-automatically; displayed

X-MSExch-Correlation-Key: rKOyDD2c5kKwhT089jtVNw==

X-Display-Name: Koelling, Richard W
```

WASHSTATEC004188

Appointment

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/18/2019 12:20:55 PM |
| **To**: | Heidema, Sarah J [HeidemaSJ@state.gov] |

| | |
|---|---|
| **Subject**: | FW: PCC-Level CATS I-III Sync |
| **Location**: | DAS' office |

| | |
|---|---|
| **Start**: | 10/18/2019 6:30:00 PM |
| **End**: | 10/18/2019 7:15:00 PM |
| **Show Time As**: | Tentative |

| | |
|---|---|
| **Recurrence**: | (none) |

-----Original Appointment-----
**From:** Miller, Michael F <Millermf@state.gov>
**Sent:** Thursday, October 17, 2019 1:41 PM
**To:** Miller, Michael F; Khawam, Joseph N; Kovar, Jeffrey D; Koelling, Richard W; Hart, Robert L
**Subject:** PCC-Level CATS I-III Sync
**When:** Friday, October 18, 2019 2:30 PM-3:15 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** DAS' office

Appointment

| | |
|---|---|
| **From**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent**: | 10/18/2019 12:21:49 PM |
| **To**: | Miller, Michael F [Millermf@state.gov] |

| | |
|---|---|
| **Subject**: | Accepted: PCC-Level CATS I-III Sync |
| **Location**: | DAS' office |

| | |
|---|---|
| **Start**: | 10/18/2019 6:30:00 PM |
| **End**: | 10/18/2019 7:15:00 PM |
| **Show Time As**: | Busy |

| | |
|---|---|
| **Recurrence**: | (none) |

WASHSTATEC004190

Message
_____

**From**: Khawam, Joseph N [KhawamJN@state.gov]
**Sent**: 10/18/2019 3:39:12 PM
**To**: Paul, Joshua M [PaulJM@state.gov]
**Cc**: Kovar, Jeffrey D [KovarJD@state.gov]
**Subject**: RE: Draft Roll Out for Categories 1-3, USML


Thanks, Josh.  1 pm works for us.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

<center>UNCLASSIFIED</center>

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Friday, October 18, 2019 9:53 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

Yes – draft rollout attached, and I can talk at 1pm if that would work?

<center>UNCLASSIFIED</center>

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Friday, October 18, 2019 9:07 AM
**To:** Paul, Joshua M <PaulJM@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

Josh: ██████████████████████████████████████
████████████████████ Would you have a few minutes today to connect?  Any time other than 10:15-11:15 am and 2:30-3:30 pm should work.  ████████████████████
██████████████████████ Would you mind sending us the latest?

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

<center>UNCLASSIFIED</center>

**From:** Khawam, Joseph N
**Sent:** Wednesday, October 9, 2019 12:49 PM
**To:** Waterman, Elijah J. EOP/NSC <Elijah.J.Waterman@nsc.eop.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Lebegue, Katherine E CIV DTSA MD (USA) <katherine.e.lebegue.civ@mail.mil>; Tapia, Angela M Lt Col USAF OSD OASD LA (USA) <angela.m.tapia2.mil@mail.mil>; LKluttz@doc.gov; Darrach, Tamara A <DarrachTA@state.gov>; Bulgrin, Julie K. EOP/NSC <Julie.K.Bulgrin@nsc.eop.gov>; Wilson, John Mark M. EOP/NSC <John.M.Wilson@nsc.eop.gov>; Miller, Michael F <Millermf@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J

<HeidemaSJ@state.gov>; Tony.Coppolino@usdoj.gov>; Matthew Borman <Matthew.Borman@bis.doc.gov>; Smagula, Nicholas <SmagulaN@state.gov>; PM-CPA <PM-CPA@state.gov>; Williams, Rebekah A. EOP/NSC <Rebekah.A.Williams@nsc.eop.gov>; Biery, Meghan N. EOP/NSC <Meghan.N.Biery@nsc.eop.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

███████████████████████████████████████ Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

<div align="center">UNCLASSIFIED</div>

**From:** Waterman, Elijah J. EOP/NSC <Elijah.J.Waterman@nsc.eop.gov>
**Sent:** Tuesday, October 8, 2019 11:17 PM
**To:** Paul, Joshua M <PaulJM@state.gov>
**Cc:** Lebegue, Katherine E CIV DTSA MD (USA) <katherine.e.lebegue.civ@mail.mil>; Tapia, Angela M Lt Col USAF OSD OASD LA (USA) <angela.m.tapia2.mil@mail.mil>; LKluttz@doc.gov; Darrach, Tamara A <DarrachTA@state.gov>; Bulgrin, Julie K. EOP/NSC <Julie.K.Bulgrin@nsc.eop.gov>; Wilson, John Mark M. EOP/NSC <John.M.Wilson@nsc.eop.gov>; Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Tony.Coppolino@usdoj.gov; Matthew Borman <Matthew.Borman@bis.doc.gov>; Smagula, Nicholas <SmagulaN@state.gov>; PM-CPA <PM-CPA@state.gov>; Williams, Rebekah A. EOP/NSC <Rebekah.A.Williams@nsc.eop.gov>; Biery, Meghan N. EOP/NSC <Meghan.N.Biery@nsc.eop.gov>
**Subject:** Re: Draft Roll Out for Categories 1-3, USML

Josh ████████████████████████████████████████ Thanks, Elijah

WASHSTATEC004192

Message

| | |
|---|---|
| **From:** | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Sent:** | 10/18/2019 3:41:56 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: Draft Roll Out for Categories 1-3, USML |
| **Attachments:** | 1010 RO+TT--CATS I-III.docx |

Joe — ███████████████████████████████████
████████████████
███████ - Jeff

UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Friday, October 18, 2019 9:53 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

Yes — draft rollout attached, and I can talk at 1pm if that would work?

UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Friday, October 18, 2019 9:07 AM
**To:** Paul, Joshua M <PaulJM@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

Josh: █████████████████████████████████████████
██████████████████████████ Would you have a few minutes today to connect?  Any time
other than 10:15-11:15 am and 2:30-3:30 pm should work. ████████████████████████
█████████████████████ Would you mind sending us the latest?

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

UNCLASSIFIED

**From:** Khawam, Joseph N
**Sent:** Wednesday, October 9, 2019 12:49 PM
**To:** Waterman, Elijah J. EOP/NSC <Elijah.J.Waterman@nsc.eop.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Lebegue, Katherine E CIV DTSA MD (USA) <katherine.e.lebegue.civ@mail.mil>; Tapia, Angela M Lt Col USAF OSD
OASD LA (USA) <angela.m.tapia2.mil@mail.mil>; LKluttz@doc.gov; Darrach, Tamara A <DarrachTA@state.gov>; Bulgrin,
Julie K. EOP/NSC <Julie.K.Bulgrin@nsc.eop.gov>; Wilson, John Mark M. EOP/NSC <John.M.Wilson@nsc.eop.gov>; Miller,
Michael F <Millermf@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J
<HeidemaSJ@state.gov>; Tony.Coppolino@usdoj.gov; Matthew Borman <Matthew.Borman@bis.doc.gov>; Smagula,
Nicholas <SmagulaN@state.gov>; PM-CPA <PM-CPA@state.gov>; Williams, Rebekah A. EOP/NSC

<Rebekah.A.Williams@nsc.eop.gov>; Biery, Meghan N. EOP/NSC <Meghan.N.Biery@nsc.eop.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

██████████████████████████████████ Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

UNCLASSIFIED

**From:** Waterman, Elijah J. EOP/NSC <Elijah.J.Waterman@nsc.eop.gov>
**Sent:** Tuesday, October 8, 2019 11:17 PM
**To:** Paul, Joshua M <PaulJM@state.gov>
**Cc:** Lebegue, Katherine E CIV DTSA MD (USA) <katherine.e.lebegue.civ@mail.mil>; Tapia, Angela M Lt Col USAF OSD OASD LA (USA) <angela.m.tapia2.mil@mail.mil>; LKluttz@doc.gov; Darrach, Tamara A <DarrachTA@state.gov>; Bulgrin, Julie K. EOP/NSC <Julie.K.Bulgrin@nsc.eop.gov>; Wilson, John Mark M. EOP/NSC <John.M.Wilson@nsc.eop.gov>; Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Tony.Coppolino@usdoj.gov; Matthew Borman <Matthew.Borman@bis.doc.gov>; Smagula, Nicholas <SmagulaN@state.gov>; PM-CPA <PM-CPA@state.gov>; Williams, Rebekah A. EOP/NSC <Rebekah.A.Williams@nsc.eop.gov>; Biery, Meghan N. EOP/NSC <Meghan.N.Biery@nsc.eop.gov>
**Subject:** Re: Draft Roll Out for Categories 1-3, USML

Josh ███████████████████████████████ Thanks, Elijah

Message

**From:**      Khawam, Joseph N [KhawamJN@state.gov]
**Sent:**      10/18/2019 4:02:12 PM
**To:**        Kovar, Jeffrey D [KovarJD@state.gov]
**Subject:**   RE: Draft Roll Out for Categories 1-3, USML

Thanks, Jeff.  Very helpful.  I'll have a few additional edits, ██████████████████
████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

UNCLASSIFIED

**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Friday, October 18, 2019 11:42 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

Joe – ███████████████████████████████
███████████  - Jeff

UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Friday, October 18, 2019 9:53 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

Yes – draft rollout attached, and I can talk at 1pm if that would work?

UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Friday, October 18, 2019 9:07 AM
**To:** Paul, Joshua M <PaulJM@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

Josh: █████████████████████████████████████████████████
██████████████████████████ Would you have a few minutes today to connect?  Any time
other than 10:15-11:15 am and 2:30-3:30 pm should work. ██████████████████████
████████████████████████ Would you mind sending us the latest?

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

UNCLASSIFIED

**From:** Khawam, Joseph N
**Sent:** Wednesday, October 9, 2019 12:49 PM
**To:** Waterman, Elijah J. EOP/NSC <Elijah.J.Waterman@nsc.eop.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Lebegue, Katherine E CIV DTSA MD (USA) <katherine.e.lebegue.civ@mail.mil>; Tapia, Angela M Lt Col USAF OSD OASD LA (USA) <angela.m.tapia2.mil@mail.mil>; LKluttz@doc.gov; Darrach, Tamara A <DarrachTA@state.gov>; Bulgrin, Julie K. EOP/NSC <Julie.K.Bulgrin@nsc.eop.gov>; Wilson, John Mark M. EOP/NSC <John.M.Wilson@nsc.eop.gov>; Miller, Michael F <Millermf@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Tony.Coppolino@usdoj.gov; Matthew Borman <Matthew.Borman@bis.doc.gov>; Smagula, Nicholas <SmagulaN@state.gov>; PM-CPA <PM-CPA@state.gov>; Williams, Rebekah A. EOP/NSC <Rebekah.A.Williams@nsc.eop.gov>; Biery, Meghan N. EOP/NSC <Meghan.N.Biery@nsc.eop.gov>
**Subject:** RE: Draft Roll Out for Categories 1-3, USML

███████████████████████████████████ Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

UNCLASSIFIED

**From:** Waterman, Elijah J. EOP/NSC <Elijah.J.Waterman@nsc.eop.gov>
**Sent:** Tuesday, October 8, 2019 11:17 PM
**To:** Paul, Joshua M <PaulJM@state.gov>
**Cc:** Lebegue, Katherine E CIV DTSA MD (USA) <katherine.e.lebegue.civ@mail.mil>; Tapia, Angela M Lt Col USAF OSD OASD LA (USA) <angela.m.tapia2.mil@mail.mil>; LKluttz@doc.gov; Darrach, Tamara A <DarrachTA@state.gov>; Bulgrin, Julie K. EOP/NSC <Julie.K.Bulgrin@nsc.eop.gov>; Wilson, John Mark M. EOP/NSC <John.M.Wilson@nsc.eop.gov>; Miller, Michael F <Millermf@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Tony.Coppolino@usdoj.gov; Matthew Borman <Matthew.Borman@bis.doc.gov>; Smagula, Nicholas <SmagulaN@state.gov>; PM-CPA <PM-CPA@state.gov>; Williams, Rebekah A. EOP/NSC <Rebekah.A.Williams@nsc.eop.gov>; Biery, Meghan N. EOP/NSC <Meghan.N.Biery@nsc.eop.gov>
**Subject:** Re: Draft Roll Out for Categories 1-3, USML

Josh, ███████████████████████████████████ Thanks, Elijah

Message

| | |
|---|---|
| **From:** | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Sent:** | 10/18/2019 5:53:09 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: Weekly |

thx

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Friday, October 18, 2019 1:26 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>; Ricci, Anthony <RicciA@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Weekly

And here's a short blurb on Cats I-III.  Thanks.



Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Minarich, Christine M <MinarichCM@state.gov>
**Sent:** Friday, October 18, 2019 1:03 PM
**To:** Ricci, Anthony <RicciA@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** Weekly

Jeff,



Christine Minarich
Attorney-Adviser (L/PM)
U.S. Department of State
M,W,F: (202) 485-1646

WASHSTATEC004197

Tu,Th: (202) 663-2915

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004198

Message

**From**:       Noonan, Michael J [NoonanMJ@state.gov]
**Sent**:       10/18/2019 7:26:40 PM
**To**:         Koelling, Richard W [KoellingRW@state.gov]
**Subject**:    Tab 5 from previous
**Attachments**: USML Cat I-III 38(f) - AM to T Tab 5 (Summary).docx


Michael Noonan

----------------------------------------------------------------------------------------


Department of State
Directorate of Defense Trade Controls (PM/DDTC/DTCC)
Compliance Analyst (CNB Contractor)
(202) 632-2788

UNCLASSIFIED

Message

| | |
|---|---|
| **From**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent**: | 10/18/2019 7:48:54 PM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov] |
| **CC**: | Miller, Michael F [Millermf@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Hart, Robert L [HartRL@state.gov] |
| **Subject**: | FW: Update from Rick Koeling at State on timing of State being able to send their rule to OMB. Question for you on timing. |

████████████████████████████████████████████████████████ Tim hinted that they intend to send tonight but could be late into the evening. The below seemed to be a good compromise.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Timothy Mooney <Timothy.Mooney@bis.doc.gov>
**Sent:** Friday, October 18, 2019 3:45 PM
**To:** Matthew Borman <Matthew.Borman@bis.doc.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** Update from Rick Koeling at State on timing of State being able to send their rule to OMB. Question for you on timing.



WASHSTATEC004200

Message

**From:** Kovar, Jeffrey D [KovarJD@state.gov]
**Sent:** 10/18/2019 8:12:26 PM
**To:** Nightingale, Robert L [NightingaleRL@state.gov]
**CC:** Legal-PM-DL [Legal-PM-DL@state.gov]
**Subject:** L/PM Weekly

1.  **(SBU) Categories I-III of the USML:** We continue to work with clients and interagency partners on developing the draft final rules to transfer jurisdiction over the export of some types of firearms, ammunition and related items in Categories I-III of the USML to the Department of Commerce. State and Commerce hope to have our draft final rules to OMB by October 18 or shortly thereafter.



SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004201

Message

_____

**From:**      Kovar, Jeffrey D [KovarJD@state.gov]
**Sent:**      10/18/2019 8:17:16 PM
**To:**        Nightingale, Robert L [NightingaleRL@state.gov]
**CC:**        Legal-PM-DL [Legal-PM-DL@state.gov]
**Subject:**   L/PM Weekly (Revised)


Robby -- sorry to send again -- we added one item.  Please use this version.  Thanks --Jeff


1. **(SBU) Categories I-III of the USML:** We continue to work with clients and interagency partners on developing the draft final rules to transfer jurisdiction over the export of some types of firearms, ammunition and related items in Categories I-III of the USML to the Department of Commerce.  State and Commerce hope to have our draft final rules to OMB by October 18 or shortly thereafter.



SENSITIVE BUT UNCLASSIFIED

---

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/18/2019 8:25:30 PM |
| **To:** | Peckham, Yvonne M [PeckhamYM@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Watkins,Pamela K [WatkinsPK@state.gov]; 'Seehra, Jasmeet K. EOP/OMB' [Jasmeet_K._Seehra@omb.eop.gov]; Miller, Michael F [Millermf@state.gov] |
| **Subject:** | Final 1400-AE30 - Revised USML Categories I, II, III |
| **Attachments:** | Tab 1 - Cat I-III Final FRN v6.docx |

Yvonne, Pam, Jasmeet,

████████████████████████████████████████████

████████████████████████

Very respectfully,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Koelling, Richard W
**Sent:** Friday, October 18, 2019 3:44 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; 'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>
**Subject:** RE: Final 1400-AE30

Jasmeet, █████████████████████████████

████████████████████████████████████

Best, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Sent:** Friday, October 18, 2019 3:37 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>; 'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>
**Subject:** RE: Final 1400-AE30

Hi Rick,

████████████████████████████████████████████████

I am signing off for the weekend.

Have a safe weekend,
Yvonne

Yvonne Peckham
Office of Directives Management
A/GIS/DIR
515 22nd Street, N.W.
SA-2, Suite 5100
Washington, DC 20037
202-261-8500; ext 4-8500

UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 18, 2019 1:04 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Final 1400-AE30

Yvonne, Pam,
As a courtesy heads-up, this morning I spoke with Commerce. ████████████████████
████████████████████████████████████ As they get closer to where we can guarantee there will be no reciprocal changes to our rule, I will forward our existing draft to you for transmission to OMB. I expect this to occur closer to COB.

Kind regards,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

WASHSTATEC004204

UNCLASSIFIED

**From:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Sent:** Thursday, October 17, 2019 1:25 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Subject:** Final 1400-AE30

Hi Rick,

███████████████████████████████

I will let you know as soon as I receive her response.

Thank you,
Yvonne

Yvonne Peckham
Management Analyst
Office of Directives Management
U.S. Department of State
HST, Suite 6519
2201 C Street NW
Washington, DC
(202) 485-2160 or X52160

UNCLASSIFIED

Message
_____

**From:**       Minarich, Christine M [MinarichCM@state.gov]
**Sent:**       10/18/2019 8:26:13 PM
**To:**         Kovar, Jeffrey D [KovarJD@state.gov]
**Subject:**    RE: Notification of the Proposed Transfer of Certain Articles (USML Cat I-III) to DOC, Pursuant to 38(f)


Thanks for the heads up.


<center>UNCLASSIFIED</center>

**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Friday, October 18, 2019 4:23 PM
**To:** Minarich, Christine M <MinarichCM@state.gov>
**Subject:** FW: Notification of the Proposed Transfer of Certain Articles (USML Cat I-III) to DOC, Pursuant to 38(f)

fyi


<center>UNCLASSIFIED</center>

**From:** Miller, Michael F <Millermf@state.gov>
**Sent:** Friday, October 18, 2019 4:18 PM
**To:** Betts, Timothy A <BettsTA@state.gov>; Schiller, Rachel C <SchillerRC1@state.gov>; Windecker, Melissa A <WindeckerMA@state.gov>; Brown, Stanley L <BrownSL@state.gov>; Starr, Joel E <StarrJE@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Notification of the Proposed Transfer of Certain Articles (USML Cat I-III) to DOC, Pursuant to 38(f)

SBU/pre-decisional/deliberative process

███████████████████████████████████████████████████

███████████████████████████████████████████████████

MM


<center>UNCLASSIFIED</center>

**From:** Eggleston, Brett A <EgglestonBA@state.gov>
**Sent:** Wednesday, October 16, 2019 5:42 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Review of AM to T v3 - Notification of the Proposed Transfer of Certain Articles (USML Cat I-III) to DOC, Pursuant to 38(f)

Hi Rick,

███████████████████████████████████████████████████

Thank you,

Brett Eggleston

Special Assistant
Office of the Deputy Secretary of State
202-647-6237

UNCLASSIFIED

WASHSTATEC004207

Message

| | |
|---|---|
| **From**: | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Sent**: | 10/18/2019 9:27:46 PM |
| **To**: | Minarich, Christine M [MinarichCM@state.gov] |
| **Subject**: | FW: Notification of the Proposed Transfer of Certain Articles (USML Cat I-III) to DOC, Pursuant to 38(f) |

UNCLASSIFIED

**From:** Betts, Timothy A <BettsTA@state.gov>
**Sent:** Friday, October 18, 2019 5:09 PM
**To:** Miller, Michael F <Millermf@state.gov>; Schiller, Rachel C <SchillerRC1@state.gov>; Windecker, Melissa A <WindeckerMA@state.gov>; Brown, Stanley L <BrownSL@state.gov>; Starr, Joel E <StarrJE@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Notification of the Proposed Transfer of Certain Articles (USML Cat I-III) to DOC, Pursuant to 38(f)

FYI:  The delegation memo to Chris Ford of T's authorities (as of about 1600 Friday) is with S, but not yet approved. ▮

▮

Thanks,
Tim

*Timothy A. Betts*
Principal Deputy Assistant Secretary
Bureau of Political-Military Affairs
U.S. Department of State
(202) 647-9023

UNCLASSIFIED

**From:** Miller, Michael F <Millermf@state.gov>
**Sent:** Friday, October 18, 2019 4:18 PM
**To:** Betts, Timothy A <BettsTA@state.gov>; Schiller, Rachel C <SchillerRC1@state.gov>; Windecker, Melissa A <WindeckerMA@state.gov>; Brown, Stanley L <BrownSL@state.gov>; Starr, Joel E <StarrJE@state.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** Notification of the Proposed Transfer of Certain Articles (USML Cat I-III) to DOC, Pursuant to 38(f)

SBU/pre-decisional/deliberative process

▮

▮

MM

UNCLASSIFIED

**From:** Eggleston, Brett A <EgglestonBA@state.gov>
**Sent:** Wednesday, October 16, 2019 5:42 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Review of AM to T v3 - Notification of the Proposed Transfer of Certain Articles (USML Cat I-III) to DOC, Pursuant to 38(f)

Hi Rick,

Thank you,

Brett Eggleston

Special Assistant
Office of the Deputy Secretary of State
202-647-6237

<div align="center">UNCLASSIFIED</div>

Message

| | |
|---|---|
| **From:** | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Sent:** | 10/18/2019 10:59:11 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | FW: Cat I-III rule - current draft (Redline and clean drafts ready for sending to DOJ and DOS for review) |
| **Attachments:** | 2019-10-2 Redline Commerce Cat I-III firearms rule Compare 2019-03-11 to Current Draft 2019-10-2 for sending to DOJ and DOS.docx; 2019-10-2 CLEAN Commerce Cat I-III firearms rule for sending to DOJ and DOS.docx |

Found this in the bottom of my inbox.  Did you happen to get it from DDTC?

SENSITIVE BUT UNCLASSIFIED

**From:** Matthew Borman <Matthew.Borman@bis.doc.gov>
**Sent:** Thursday, October 3, 2019 9:07 AM
**To:** Miller, Michael F <Millermf@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** FW: Cat I-III rule - current draft (Redline and clean drafts ready for sending to DOJ and DOS for review)

Mike/Sarah/Jeff,

Redline version ████████████████████████████████████████████
████████████

Matt

Message
_____

**From**:       Abisellan, Eduardo [AbisellanE@state.gov]
**Sent**:       10/21/2019 3:18:54 PM
**To**:         Miller, Michael F [Millermf@state.gov]
**Subject**:    CAT 1-3


Mike,

When able please give me Maureen a call concerning, her number is 7-0302.

Best, Ed

<div align="center">UNCLASSIFIED</div>

WASHSTATEC004211

Message
___

**From:**   Seehra, Jasmeet K. EOP/OMB [Jasmeet_K._Seehra@omb.eop.gov]
**Sent:**   10/21/2019 6:06:38 PM
**To:**   Koelling, Richard W [KoellingRW@state.gov]; Peckham, Yvonne M [PeckhamYM@state.gov]; Gardiner, Kyle S. EOP/OMB [Kyle.S.Gardiner@omb.eop.gov]
**Subject:**   RE: Final 1400-AE30 - Revised USML Categories I, II, III

███████████████████

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 21, 2019 2:06 PM
**To:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>;
Gardiner, Kyle S. EOP/OMB <Kyle.S.Gardiner@omb.eop.gov>
**Subject:** RE: Final 1400-AE30 - Revised USML Categories I, II, III

Jasmeet,

████████████████████████████████████████

Thanks,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Monday, October 21, 2019 9:24 AM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>; Gardiner, Kyle S. EOP/OMB <Kyle.S.Gardiner@omb.eop.gov>
**Cc:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Final 1400-AE30 - Revised USML Categories I, II, III

████████████████████████

████████████████████████

████████████████████████████████████████

**From:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Sent:** Monday, October 21, 2019 9:03 AM
**To:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>

**Cc:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Subject:** FW: Final 1400-AE30 - Revised USML Categories I, II, III

Jasmeet,

███████████████████████████████████

Thank you,
Yvonne

---

UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 18, 2019 4:26 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; 'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** Final 1400-AE30 - Revised USML Categories I, II, III

Yvonne, Pam, Jasmeet,

███████████████████████████████████████████████

██████████████████████████████████

Very respectfully,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

---

UNCLASSIFIED

**From:** Koelling, Richard W
**Sent:** Friday, October 18, 2019 3:44 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; 'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>
**Subject:** RE: Final 1400-AE30

███████████████████████████████████████████████

Best, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Sent:** Friday, October 18, 2019 3:37 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>; 'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>
**Subject:** RE: Final 1400-AE30

Hi Rick,

I am signing off for the weekend.

Have a safe weekend,
Yvonne

Yvonne Peckham
Office of Directives Management
A/GIS/DIR
515 22nd Street, N.W.
SA-2, Suite 5100
Washington, DC 20037
202-261-8500; ext 4-8500

UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 18, 2019 1:04 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Final 1400-AE30

Yvonne, Pam,
As a courtesy heads-up, this morning I spoke with Commerce. They are finalizing their discussions with DOJ on their rule and plan to send their copy to OMB this afternoon. As they get closer to where we can guarantee there will be no reciprocal changes to our rule, I will forward our existing draft to you for transmission to OMB. I expect this to occur closer to COB.

Kind regards,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

<div align="center">UNCLASSIFIED</div>

**From:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Sent:** Thursday, October 17, 2019 1:25 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Subject:** Final 1400-AE30

Hi Rick,

███████████████████████████████

I will let you know as soon as I receive her response.

Thank you,
Yvonne

Yvonne Peckham
Management Analyst
Office of Directives Management
U.S. Department of State
HST, Suite 6519
2201 C Street NW
Washington, DC
(202) 485-2160 or X52160

<div align="center">UNCLASSIFIED</div>

Message

---

**From:** Foster, John A [FosterJA2@state.gov]
**Sent:** 10/21/2019 6:16:58 PM
**To:** Koelling, Richard W [KoellingRW@state.gov]
**Subject:** FW: For Comment by 5PM on Tuesday, December 11th -- Revised State and Commerce Export Control Rules on Categories 1-3 -- Firearms and Ammuniation
**Attachments:** 2018-12-7 CLEAN BIS responses to ATF 12-3-18 comments on Commerce Cat I-III firearms rule_0694-AF47 - for sending to OMB.docx; 2018-12-7 Redline BIS responses to ATF 12-3-18 comments on Commerce Cat I-III firearms rule_0694-AF47 - for sending to OMB.docx; Cat I-III FR - FRN 11 Clean.docx; Cat I-III FR - FRN 11 (OIRA Edit Accepted).docx

---

UNCLASSIFIED

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Tuesday, December 11, 2018 7:51 AM
**To:** Noonan, Michael J <NoonanMJ@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Monjay, Robert <MonjayR@state.gov>
**Subject:** FW: For Comment by 5PM on Tuesday, December 11th -- Revised State and Commerce Export Control Rules on Categories 1-3 -- Firearms and Ammunition

Just passing to the rest of the team...

**Official**
UNCLASSIFIED

---

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Monday, December 10, 2018 5:32 PM
**To:** Gormsen, Eric T (OLP) <Eric.T.Gormsen@usdoj.gov>; Jones, Kevin R (OLP) <Kevin.R.Jones@usdoj.gov>; Hinchman, Robert (OLP) <Robert.Hinchman@usdoj.gov>; Kottmyer, Alice M <KottmyerAM@state.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>; Monjay, Robert <MonjayR@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>
**Cc:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Joyce, Shannon M. EOP/OMB <Shannon_M_Joyce@omb.eop.gov>; McManus, Michael J. EOP/OMB <Michael.J.McManus@omb.eop.gov>; Kouts, Jodi L. EOP/NSC <Jodi.L.Kouts@nsc.eop.gov>; splotnick@doc.gov
**Subject:** For Comment by 5PM on Tuesday, December 11th -- Revised State and Commerce Export Control Rules on Categories 1-3 -- Firearms and Ammunition

Folks

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

Thanks!

Message
_____

**From:**      Khawam, Joseph N [KhawamJN@state.gov]
**Sent:**      10/21/2019 7:07:16 PM
**To:**        Koelling, Richard W [KoellingRW@state.gov]
**Subject:**   RE: Line by line comparison and summary of changes

Looking now

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>
_____

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 21, 2019 3:01 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** Line by line comparison and summary of changes
**Importance:** High

Joe,
Here's what I plan to send Jasmeet, per her request. Could you give it a quick review? I will add the line-by-line comparison in a moment.

v/r Rick

Jasmeet,



Thank you,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

WASHSTATEC004217

Message

| | |
|---|---|
| **From**: | Morimoto, Sho J [MorimotoSJ@state.gov] |
| **Sent**: | 10/21/2019 7:41:24 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov] |
| **CC**: | Sheffler, Adam H [ShefflerAH@state.gov] |
| **Subject**: | Thursday Meeting Notes |
| **Attachments**: | Director Div Chief Meeting Notes Version 3.docx |

Dear Rick,

Request your review and onward forwarding of the attached notes from the DDTC Directors/DivChiefs meeting last Thursday.  Karen, Cat, and Jae all cleared.

Thank you,

Sho J. Morimoto
Deputy Chief, Country and End-user Analysis
Office of Defense Trade Controls Policy
Bureau of Political-Military Affairs
U.S. Department of State
202-663-1158
MorimotoSJ@state.gov

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED
FOR INTERNAL DDTC USE ONLY

**DDTC Directors' & Division Chiefs' Meeting Notes**

Thursday, October 17, 2019

1. **A/DAS Miller Comments:**



   d. **USML Categories I-III:**  Legal advisors are working diligently with DDTC to facilitate the transition of USML Categories I-III to the Department of Commerce. While much more work needs to be completed before the transition, there is "a path to moving forward."



SENSITIVE BUT UNCLASSIFIED
FOR INTERNAL DDTC USE ONLY

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004219

SENSITIVE BUT UNCLASSIFIED
FOR INTERNAL DDTC USE ONLY



SENSITIVE BUT UNCLASSIFIED
FOR INTERNAL DDTC USE ONLY

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004220

**Message**

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/21/2019 7:46:06 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov] |
| **CC**: | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Subject**: | RE: Line by line comparison and summary of changes |

I'm 202-663-2915.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 21, 2019 3:43 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Line by line comparison and summary of changes

Joe, ███████████████████████████████████████████
████

What is your number?

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Monday, October 21, 2019 3:24 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Line by line comparison and summary of changes

Thanks, Rick.  Looks great.  Just some minor edits below. ████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 21, 2019 3:01 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** Line by line comparison and summary of changes
**Importance:** High

Joe,
Here's what I plan to send Jasmeet, per her request. Could you give it a quick review? I will add the line-by-line comparison in a moment.

v/r Rick

Jasmeet,



Thank you,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004222

Message

**From:**          Koelling, Richard W [KoellingRW@state.gov]
**Sent:**          10/21/2019 8:34:21 PM
**To:**            Khawam, Joseph N [KhawamJN@state.gov]; Hart, Robert L [HartRL@state.gov]
**Subject:**       UTab 2plus - Revised USML Categories I, II, and III Full Text
**Attachments:**   UTab 2plus - Revised USML Categories I, II, and III Full Text.docx

Gents,

Could you please take a look ██████████████████?

Thanks,

Rick

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

Message

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/21/2019 8:56:11 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject**: | RE: UTab 2plus - Revised USML Categories I, II, and III Full Text |

Looking now

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Monday, October 21, 2019 4:34 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Hart, Robert L <HartRL@state.gov>
**Subject:** UTab 2plus - Revised USML Categories I, II, and III Full Text

Gents,
Could you please take a look ████████████████████?

Thanks,

Rick

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

WASHSTATEC004224

## Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/22/2019 12:30:31 PM |
| **To:** | Seehra, Jasmeet K. EOP/OMB [Jasmeet_K._Seehra@omb.eop.gov]; Peckham, Yvonne M [PeckhamYM@state.gov] |
| **CC:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: Line-by-line comparison and summary of changes |
| **Attachments:** | UTab 2plus - Revised USML Categories I, II, and III Full Text.docx |

Jasmeet,

V/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W
**Sent:** Monday, October 21, 2019 3:50 PM
**To:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Hart, Robert L <HartRL@state.gov>; Foster, John A <FosterJA2@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** FW: Line-by-line comparison and summary of changes

Jasmeet,



Thank you,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

SBU - DELIBERATIVE PROCESS

WASHSTATEC004226

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/22/2019 12:31:13 PM |
| **To:** | Seehra, Jasmeet K. EOP/OMB [Jasmeet_K._Seehra@omb.eop.gov]; Peckham, Yvonne M [PeckhamYM@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Watkins,Pamela K [WatkinsPK@state.gov]; Miller, Michael F [Millermf@state.gov]; Wrege, Karen M [WregeKM@state.gov]; Foster, John A [FosterJA2@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: Final 1400-AE30 - Revised USML Categories I, II, III |

████████████████

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Tuesday, October 22, 2019 8:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; Miller, Michael F <Millermf@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Foster, John A <FosterJA2@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Final 1400-AE30 - Revised USML Categories I, II, III

Thanks. ███████████████████████████
████████████████████████████

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 22, 2019 8:08 AM
**To:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; Miller, Michael F <Millermf@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Foster, John A <FosterJA2@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Final 1400-AE30 - Revised USML Categories I, II, III

Jasmeet, ████████████████████

Thanks.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy

Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Tuesday, October 22, 2019 8:05 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Foster, John A <FosterJA2@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Final 1400-AE30 - Revised USML Categories I, II, III

Thanks. ███████████████████████████████████████████████
███████████████████████████████████████████████

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 22, 2019 7:56 AM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Miller, Michael F <Millermf@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Foster, John A <FosterJA2@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Final 1400-AE30 - Revised USML Categories I, II, III
**Importance:** High

Yvonne, Jasmeet,

█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████

Best,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Koelling, Richard W
**Sent:** Friday, October 18, 2019 4:26 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J

<HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; 'Seehra, Jasmeet K. EOP/OMB'
<Jasmeet_K._Seehra@omb.eop.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** Final 1400-AE30 - Revised USML Categories I, II, III

Yvonne, Pam, Jasmeet,

███████████████████████████████████████████████████████████

███████████████████████████████████████

Very respectfully,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

<center>UNCLASSIFIED</center>

**From:** Koelling, Richard W
**Sent:** Friday, October 18, 2019 3:44 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J
<HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; 'Seehra, Jasmeet K. EOP/OMB'
<Jasmeet_K._Seehra@omb.eop.gov>
**Subject:** RE: Final 1400-AE30

Jasmeet,
███████████████████████████████████████████████████████████

Best, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

<center>UNCLASSIFIED</center>

**From:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Sent:** Friday, October 18, 2019 3:37 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J
<HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>;
'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>
**Subject:** RE: Final 1400-AE30

Hi Rick,

████████████████████████████████████████████████

I am signing off for the weekend.

Have a safe weekend,
Yvonne

Yvonne Peckham
Office of Directives Management
A/GIS/DIR
515 22nd Street, N.W.
SA-2, Suite 5100
Washington, DC 20037
202-261-8500; ext 4-8500

UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 18, 2019 1:04 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Final 1400-AE30

Yvonne, Pam,
As a courtesy heads-up, this morning I spoke with Commerce. They are finalizing their discussions with DOJ on their rule and plan to send their copy to OMB this afternoon. As they get closer to where we can guarantee there will be no reciprocal changes to our rule, I will forward our existing draft to you for transmission to OMB. I expect this to occur closer to COB.

Kind regards,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Sent:** Thursday, October 17, 2019 1:25 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Subject:** Final 1400-AE30

WASHSTATEC004230

Hi Rick,

████████████████████████████████

I will let you know as soon as I receive her response.

Thank you,
Yvonne

Yvonne Peckham
Management Analyst
Office of Directives Management
U.S. Department of State
HST, Suite 6519
2201 C Street NW
Washington, DC
(202) 485-2160 or X52160

UNCLASSIFIED

Message

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/22/2019 1:23:18 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Attachments**: | COMPARE CATS I-III FOR OMB.docx |

Joseph N. Khawam
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser (L/PM)
2201 C Street NW, Suite 6420
Washington, DC 20520
Office: (202) 647-8546
Opennet: KhawamJN@state.gov

SBU - DELIBERATIVE PROCESS

Message

---

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/22/2019 1:29:55 PM |
| **To**: | Kottmyer, Alice M [KottmyerAM@state.gov] |
| **Subject**: | FW: Final 1400-AE30 - Revised USML Categories I, II, III |
| **Attachments**: | COMPARE CATS I-III FOR OMB.docx |

**Importance**:   High

Hi Alice:  Just a heads up that attached is the updated draft rule for Categories I-III that DDTC has submitted to OMB. ███████████████████████████████████████████████████████████████ The attached document is a redline of the version we submitted to OMB earlier this year and the edits made since that time.  If you have any questions, please let me know.  The draft rule is now going through OMB review, which OIRA estimates will require about 1 week.

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

---

UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 22, 2019 7:56 AM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; 'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>; Miller, Michael F <Millermf@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Foster, John A <FosterJA2@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Final 1400-AE30 - Revised USML Categories I, II, III
**Importance:** High

Yvonne, Jasmeet,

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

Best,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Koelling, Richard W
**Sent:** Friday, October 18, 2019 4:26 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; 'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>; Miller, Michael F <Millermf@state.gov>
**Subject:** Final 1400-AE30 - Revised USML Categories I, II, III

Yvonne, Pam, Jasmeet,

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████

Very respectfully,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Koelling, Richard W
**Sent:** Friday, October 18, 2019 3:44 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; 'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>
**Subject:** RE: Final 1400-AE30

Jasmeet, ████████████████████████████████████████
██████████████████████████████████████████████████

Best, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

UNCLASSIFIED

**From:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Sent:** Friday, October 18, 2019 3:37 PM

**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>; 'Seehra, Jasmeet K. EOP/OMB' <Jasmeet_K._Seehra@omb.eop.gov>
**Subject:** RE: Final 1400-AE30

Hi Rick,

██████████████████████████████████████████████████████

I am signing off for the weekend.

Have a safe weekend,
Yvonne

Yvonne Peckham
Office of Directives Management
A/GIS/DIR
515 22nd Street, N.W.
SA-2, Suite 5100
Washington, DC 20037
202-261-8500; ext 4-8500


UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 18, 2019 1:04 PM
**To:** Peckham, Yvonne M <PeckhamYM@state.gov>; Watkins, Pamela K <WatkinsPK@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>
**Subject:** RE: Final 1400-AE30

Yvonne, Pam,
As a courtesy heads-up, this morning I spoke with Commerce. They are finalizing their discussions with DOJ on their rule and plan to send their copy to OMB this afternoon. As they get closer to where we can guarantee there will be no reciprocal changes to our rule, I will forward our existing draft to you for transmission to OMB. I expect this to occur closer to COB.

Kind regards,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


UNCLASSIFIED

**From:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Sent:** Thursday, October 17, 2019 1:25 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Peckham, Yvonne M <PeckhamYM@state.gov>
**Subject:** Final 1400-AE30

Hi Rick,

███████████████████████████████████

I will let you know as soon as I receive her response.

Thank you,
Yvonne

Yvonne Peckham
Management Analyst
Office of Directives Management
U.S. Department of State
HST, Suite 6519
2201 C Street NW
Washington, DC
(202) 485-2160 or X52160


UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/22/2019 1:31:14 PM |
| **To:** | Seehra, Jasmeet K. EOP/OMB [Jasmeet_K._Seehra@omb.eop.gov]; Peckham, Yvonne M [PeckhamYM@state.gov] |
| **CC:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Subject:** | RE: Line-by-line comparison and summary of changes |
| **Attachments:** | Revised USML Categories I, II, and III Full Text - Compare.docx |

Jasmeet, ████████████████████████████████████

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Tuesday, October 22, 2019 8:42 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Line-by-line comparison and summary of changes

███████████████████████████████████████████████████████████████

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 22, 2019 8:31 AM
**To:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: Line-by-line comparison and summary of changes

Jasmeet,

███████████████████████████████████████████████████████████████

[REDACTED]

V/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W
**Sent:** Monday, October 21, 2019 3:50 PM
**To:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Peckham, Yvonne M <PeckhamYM@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Wrege, Karen M <WregeKM@state.gov>; Hart, Robert L <HartRL@state.gov>; Foster, John A <FosterJA2@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** FW: Line-by-line comparison and summary of changes

Jasmeet,

[REDACTED]

Thank you,

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State

202-663-2828

SENSITIVE BUT UNCLASSIFIED

SBU - DELIBERATIVE PROCESS

WASHSTATEC004239

---

**Message**

| | |
|---|---|
| **From**: | Carroll, Christienne [CarrollC@state.gov] |
| **Sent**: | 10/22/2019 2:10:56 PM |
| **To**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **CC**: | Paul, Joshua M [PaulJM@state.gov]; McKeeby, David I [McKeebyDI@state.gov]; Wenderoth, Valerie A [WenderothVA@state.gov] |
| **Subject**: | FW: CATS I-III Roll Out Engagement |
| **Attachments**: | Anti-lobbying guidelines.doc |

Joe,



Best regards,

Christienne


**Christienne Carroll**
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State


SBU - DELIBERATIVE PROCESS

**From:** Carroll, Christienne
**Sent:** Tuesday, October 22, 2019 9:59 AM
**To:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Subject:** RE: CATS I-III Roll Out Engagement

Thanks, Valerie. ████████████████████████

Best regards,

Christienne


SBU - DELIBERATIVE PROCESS

WASHSTATEC004240

**From:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Sent:** Monday, October 21, 2019 8:47 PM
**To:** Carroll, Christienne <CarrollC@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Subject:** RE: CATS I-III Roll Out Engagement

Thanks, Christienne. ████████████████████████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

**From:** Carroll, Christienne <CarrollC@state.gov>
**Sent:** Monday, October 21, 2019 10:10 AM
**To:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Subject:** RE: CATS I-III Roll Out Engagement

Valerie,

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

-Christienne

**From:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Sent:** Saturday, October 19, 2019 10:53 PM
**To:** Carroll, Christienne <CarrollC@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Subject:** Re: CATS I-III Roll Out Engagement

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

---
Sent from Workspace ONE Boxer

On October 19, 2019 at 2:48:23 AM GMT+8, Carroll, Christienne <CarrollC@state.gov> wrote:

Valerie,

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

████████████████████████████████████████████

Thanks,

Christienne

**Christienne Carroll**
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

SBU - DELIBERATIVE PROCESS

SBU - DELIBERATIVE PROCESS

WASHSTATEC004242

Message
_____

| | |
|---|---|
| **From:** | McKeeby, David I [McKeebyDI@state.gov] |
| **Sent:** | 10/22/2019 7:49:37 PM |
| **To:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Hart, Robert L [HartRL@state.gov]; Cook, Daniel L [CookDL@state.gov]; Shin, Jae E [ShinJE@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Davis, Terry L [DavisTL@state.gov]; Legal-PM-DL [Legal-PM-DL@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Krueger, Thomas G [KruegerTG@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Paul, Joshua M [PaulJM@state.gov] |
| **Subject:** | For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication |
| **Attachments:** | 1015 Roll-Out Plan and TPs--CATS I-III.docx |

Colleagues:

Recirculating the latest Cats I-III Roll-Out Plan, interagency talking points, and updated myths and facts release. Cosmetic changes to version reviewed previously.

Would appreciate your (ok) by **COB TOMORROW (Wednesday)** before circulating to interagency POCs.

Best,
Dave
_____

**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

Phone:      202.647.8757        | BlackBerry: ████████
e-mail:     *mckeebydi@state.gov* |  Web: *PM Homepage* |Twitter: *@StateDeptPM*


Stay connected with *State.gov*:



SBU - DELIBERATIVE PROCESS

Message

---

| From: | Khawam, Joseph N [KhawamJN@state.gov] |
|---|---|
| Sent: | 10/23/2019 1:11:59 AM |
| To: | Koelling, Richard W [KoellingRW@state.gov]; McKeeby, David I [McKeebyDI@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Hart,Robert L [HartRL@state.gov]; Cook, Daniel L [CookDL@state.gov]; Shin, JaeE [ShinJE@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Davis, Terry L [DavisTL@state.gov]; Krueger, Thomas G [KruegerTG@state.gov]; Miller, Michael F [Millermf@state.gov] |
| CC: | Paul, Joshua M [PaulJM@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov] |
| Subject: | RE: For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication |
| Attachments: | 1010 RO+TT--CATS I-III.docx |

Thanks, Dave. Jeff and I shared some edits and comments last week that didn't make their way into the document you circulated. Please find those edits attached.

SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 22, 2019 3:53 PM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>; Cook, Daniel L <CookDL@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Davis, Terry L <DavisTL@state.gov>; Legal-PM-DL <Legal-PM-DL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>
**Subject:** RE: For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication

Dave,
For the purposes of your timeline, OMB began processing both rules just this morning. We should use today's date as the beginning of their review.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU - DELIBERATIVE PROCESS

**From:** McKeeby, David I <McKeebyDI@state.gov>
**Sent:** Tuesday, October 22, 2019 3:50 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>; Cook, Daniel L <CookDL@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Davis, Terry L <DavisTL@state.gov>; Legal-PM-DL <Legal-PM-DL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>
**Subject:** For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication

Colleagues:

Recirculating the latest Cats I-III Roll-Out Plan, interagency talking points, and updated myths and facts release. Cosmetic changes to version reviewed previously.

WASHSTATEC004244

Would appreciate your (ok) by **COB TOMORROW (Wednesday)** before circulating to interagency POCs.

Best,
Dave

_____

**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

Phone:      202.647.8757          | BlackBerry: ███████████
e-mail:      *mckeebydi@state.gov* |  Web: *PM Homepage* |Twitter: *@StateDeptPM*

Stay connected with *State.gov*:



SBU - DELIBERATIVE PROCESS

Message

| | |
|---|---|
| **From**: | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent**: | 10/23/2019 1:16:03 PM |
| **To**: | Wenderoth, Valerie A [WenderothVA@state.gov] |
| **CC**: | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Subject**: | RE: CATS I-III Roll Out Engagement |

Thanks, Valerie.



Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SBU - DELIBERATIVE PROCESS

**From:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Sent:** Tuesday, October 22, 2019 10:40 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: CATS I-III Roll Out Engagement

Hi, Joe,



SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 22, 2019 11:02 AM
**To:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Cc:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: CATS I-III Roll Out Engagement

Dropping clients and adding Jeff.

Valerie—



WASHSTATEC004246

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

---

SBU - DELIBERATIVE PROCESS

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Tuesday, October 22, 2019 10:12 AM
**To:** Carroll, Christienne <CarrollC@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** McKeeby, David I <McKeebyDI@state.gov>; Wenderoth, Valerie A <WenderothVA@state.gov>
**Subject:** RE: CATS I-III Roll Out Engagement



---

SBU - DELIBERATIVE PROCESS

**From:** Carroll, Christienne <CarrollC@state.gov>
**Sent:** Tuesday, October 22, 2019 10:11 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>; Wenderoth, Valerie A <WenderothVA@state.gov>
**Subject:** FW: CATS I-III Roll Out Engagement

Joe,

Best regards,

Christienne

**Christienne Carroll**
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

SBU - DELIBERATIVE PROCESS

**From:** Carroll, Christienne
**Sent:** Tuesday, October 22, 2019 9:59 AM
**To:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Subject:** RE: CATS I-III Roll Out Engagement

Thanks, Valerie. ████████████████████████

Best regards,

Christienne

SBU - DELIBERATIVE PROCESS

**From:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Sent:** Monday, October 21, 2019 8:47 PM
**To:** Carroll, Christienne <CarrollC@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Subject:** RE: CATS I-III Roll Out Engagement



**From:** Carroll, Christienne <CarrollC@state.gov>
**Sent:** Monday, October 21, 2019 10:10 AM
**To:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Subject:** RE: CATS I-III Roll Out Engagement

Valerie,



-Christienne

**From:** Wenderoth, Valerie A <WenderothVA@state.gov>
**Sent:** Saturday, October 19, 2019 10:53 PM
**To:** Carroll, Christienne <CarrollC@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Subject:** Re: CATS I-III Roll Out Engagement

███████████████████████████████████████████████████

---
Sent from Workspace ONE Boxer

On October 19, 2019 at 2:48:23 AM GMT+8, Carroll, Christienne <CarrollC@state.gov> wrote:

Valerie,

████████████████████████████████████████████████

████████████████████████████

Thanks,

Christienne


**Christienne Carroll**
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State


SBU - DELIBERATIVE PROCESS

SBU - DELIBERATIVE PROCESS

Message

| | |
|---|---|
| **From:** | Seehra, Jasmeet K. EOP/OMB [Jasmeet_K._Seehra@omb.eop.gov] |
| **Sent:** | 10/23/2019 1:27:00 PM |
| **To:** | Hinchman, Robert (OLP) [Robert.Hinchman@usdoj.gov]; Gormsen, Eric T(OLP) [Eric.T.Gormsen@usdoj.gov]; Jones, Kevin R (OLP) [Kevin.R.Jones@usdoj.gov]; DHSOGCRegulations [DHSOGCRegulations@hq.dhs.gov]; Heidi.Cohen@treasury.gov; Laychak, Michael RSES DTSA EO (US) [michael.r.laychak.civ@mail.mil]; Daoussi, Susan G CIVDTSA LD (USA) [susan.g.daoussi.civ@mail.mil]; Minnifield, Tracy J CIV DTSALD (US) [tracy.j.minnifield.civ@mail.mil]; Mueller, Andrew J CIV DTSA LD(USA) [andrew.j.mueller2.civ@mail.mil]; Mathew, Asha (Federal) [amathew@doc.gov]; Robbins, Peter (Federal) [PRobbins@doc.gov]; Koelling,Richard W [KoellingRW@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Hart, Robert L [HartRL@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Miller, Michael F [Millermf@state.gov]; Mathew, Asha (Federal) [amathew@doc.gov] |
| **CC:** | Seehra, Jasmeet K. EOP/OMB [Jasmeet_K._Seehra@omb.eop.gov]; Hunt, AlexT. EOP/OMB [Alexander_T._Hunt@omb.eop.gov]; Mancini, Dominic J. EOP/OMB [Dominic_J._Mancini@omb.eop.gov]; Gardiner, Kyle S. EOP/OMB [Kyle.S.Gardiner@omb.eop.gov]; Joyce, Shannon M. EOP/OMB [Shannon_M_Joyce@omb.eop.gov]; Theroux, Rich P. EOP/OMB [Richard_P._Theroux@omb.eop.gov]; Turner, Austin F. EOP/OMB [Austin_F_Turner@omb.eop.gov] |
| **Subject:** | For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition |
| **Attachments:** | Revised USML Categories I, II, and III Full Text - Compare.docx; UTab 2plus - Revised USML Categories I, II, and III Full Text.docx; Compare version original and updated 10.18.2019.docx; 2019-10-18 4.41pm CLEAN Commerce Cat I-III firearms rule for sending to OMB once OPSP clears.docx |





WASHSTATEC004251

Message

| | |
|---|---|
| **From:** | Miller, Michael F [Millermf@state.gov] |
| **Sent:** | 10/23/2019 1:34:27 PM |
| **To:** | Shin, Jae E [ShinJE@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Kringel, Neal F [KringelNF@state.gov]; Wrege, Karen M [WregeKM@state.gov] |
| **Subject:** | RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition |

SBU – do not forward

FYSA – just a heads-up that this is moving out of OMB for interagency review; Policy has for action, of course.

MM

SENSITIVE BUT UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Wednesday, October 23, 2019 9:27 AM
**To:** Hinchman, Robert (OLP) <Robert.Hinchman@usdoj.gov>; Gormsen, Eric T (OLP) <Eric.T.Gormsen@usdoj.gov>; Jones, Kevin R (OLP) <Kevin.R.Jones@usdoj.gov>; DHSOGCRegulations <DHSOGCRegulations@hq.dhs.gov>; Heidi.Cohen@treasury.gov; Laychak, Michael R SES DTSA EO (US) <michael.r.laychak.civ@mail.mil>; Daoussi, Susan G CIV DTSA LD (USA) <susan.g.daoussi.civ@mail.mil>; Minnifield, Tracy J CIV DTSA LD (US) <tracy.j.minnifield.civ@mail.mil>; Mueller, Andrew J CIV DTSA LD (USA) <andrew.j.mueller2.civ@mail.mil>; Asha, Mathew <amathew@doc.gov>; Robbins, Peter (Federal) <PRobbins@doc.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Hart, Robert L <HartRL@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Asha, Mathew <amathew@doc.gov>
**Cc:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Hunt, Alex T. EOP/OMB <Alexander_T._Hunt@omb.eop.gov>; Mancini, Dominic J. EOP/OMB <Dominic_J._Mancini@omb.eop.gov>; Gardiner, Kyle S. EOP/OMB <Kyle.S.Gardiner@omb.eop.gov>; Joyce, Shannon M. EOP/OMB <Shannon_M_Joyce@omb.eop.gov>; Theroux, Rich P. EOP/OMB <Richard_P._Theroux@omb.eop.gov>; Turner, Austin F. EOP/OMB <Austin_F_Turner@omb.eop.gov>
**Subject:** For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition





WASHSTATEC004253

Message

| | |
|---|---|
| **From**: | Noonan, Michael J [NoonanMJ@state.gov] |
| **Sent**: | 10/23/2019 3:16:08 PM |
| **To**: | Koelling, Richard W [KoellingRW@state.gov] |
| **Subject**: | In/Out |
| **Attachments**: | USML Cat I-III 38(f) - AM to T Tab 3 (Line-in Line-out Comparison).docx |

Michael Noonan

....................................................................................................................

Department of State
Directorate of Defense Trade Controls (PM/DDTC/DTCC)
Compliance Analyst (CNB Contractor)
(202) 632-2788

UNCLASSIFIED

WASHSTATEC004254

Message
---

**From:**    Heidema, Sarah J [HeidemaSJ@state.gov]
**Sent:**    10/23/2019 3:17:39 PM
**To:**      Koelling, Richard W [KoellingRW@state.gov]
**Subject:** Re: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

█████████████████████████████████████████

---

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 23, 2019 10:45:01 AM
**To:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

Mike, Sarah, thoughts?

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED
---

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Wednesday, October 23, 2019 10:37 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Thanks. A reminder that with the House out of session the week of the 4th, it is unlikely we will be notifying before the 12th.

SENSITIVE BUT UNCLASSIFIED
---

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 23, 2019 10:00 AM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Paul, Joshua M <PaulJM@state.gov>

WASHSTATEC004255

**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** FW: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Gents,



v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Wednesday, October 23, 2019 9:27 AM
**To:** Hinchman, Robert (OLP) <Robert.Hinchman@usdoj.gov>; Gormsen, Eric T (OLP) <Eric.T.Gormsen@usdoj.gov>; Jones, Kevin R (OLP) <Kevin.R.Jones@usdoj.gov>; DHSOGCRegulations <DHSOGCRegulations@hq.dhs.gov>; Heidi.Cohen@treasury.gov; Laychak, Michael R SES DTSA EO (US) <michael.r.laychak.civ@mail.mil>; Daoussi, Susan G CIV DTSA LD (USA) <susan.g.daoussi.civ@mail.mil>; Minnifield, Tracy J CIV DTSA LD (US) <tracy.j.minnifield.civ@mail.mil>; Mueller, Andrew J CIV DTSA LD (USA) <andrew.j.mueller2.civ@mail.mil>; Asha, Mathew <amathew@doc.gov>; Robbins, Peter (Federal) <PRobbins@doc.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Hart, Robert L <HartRL@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Asha, Mathew <amathew@doc.gov>
**Cc:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Hunt, Alex T. EOP/OMB <Alexander_T._Hunt@omb.eop.gov>; Mancini, Dominic J. EOP/OMB <Dominic_J._Mancini@omb.eop.gov>; Gardiner, Kyle S. EOP/OMB <Kyle.S.Gardiner@omb.eop.gov>; Joyce, Shannon M. EOP/OMB <Shannon_M_Joyce@omb.eop.gov>; Theroux, Rich P. EOP/OMB <Richard_P._Theroux@omb.eop.gov>; Turner, Austin F. EOP/OMB <Austin_F_Turner@omb.eop.gov>
**Subject:** For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

WASHSTATEC004256



WASHSTATEC004257

Message

**From:**      Koelling, Richard W [KoellingRW@state.gov]
**Sent:**      10/23/2019 3:20:13 PM
**To:**        Heidema, Sarah J [HeidemaSJ@state.gov]
**Subject:**   RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and
               Ammunition

█████████████████████████████████████████████████████████████

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Wednesday, October 23, 2019 11:18 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** Re: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and
Ammunition

███████████████████████████████████████████

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 23, 2019 10:45:01 AM
**To:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F
<Millermf@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and
Ammunition

██████████████████████████████████████████████████████████████████████████████

Mike, Sarah, thoughts?

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Wednesday, October 23, 2019 10:37 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Thanks. A reminder that with the House out of session the week of the 4th, it is unlikely we will be notifying before the 12th.

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 23, 2019 10:00 AM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** FW: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Gents,

[redacted]

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Wednesday, October 23, 2019 9:27 AM
**To:** Hinchman, Robert (OLP) <Robert.Hinchman@usdoj.gov>; Gormsen, Eric T (OLP) <Eric.T.Gormsen@usdoj.gov>; Jones, Kevin R (OLP) <Kevin.R.Jones@usdoj.gov>; DHSOGCRegulations <DHSOGCRegulations@hq.dhs.gov>; Heidi.Cohen@treasury.gov; Laychak, Michael R SES DTSA EO (US) <michael.r.laychak.civ@mail.mil>; Daoussi, Susan G CIV DTSA LD (USA) <susan.g.daoussi.civ@mail.mil>; Minnifield, Tracy J CIV DTSA LD (US) <tracy.j.minnifield.civ@mail.mil>; Mueller, Andrew J CIV DTSA LD (USA) <andrew.j.mueller2.civ@mail.mil>; Asha, Mathew <amathew@doc.gov>; Robbins, Peter (Federal) <PRobbins@doc.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Hart, Robert L <HartRL@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Asha, Mathew <amathew@doc.gov>
**Cc:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Hunt, Alex T. EOP/OMB <Alexander_T._Hunt@omb.eop.gov>; Mancini, Dominic J. EOP/OMB <Dominic_J._Mancini@omb.eop.gov>; Gardiner, Kyle S. EOP/OMB <Kyle.S.Gardiner@omb.eop.gov>; Joyce, Shannon M. EOP/OMB <Shannon_M_Joyce@omb.eop.gov>; Theroux, Rich P. EOP/OMB <Richard_P._Theroux@omb.eop.gov>; Turner, Austin F. EOP/OMB <Austin_F_Turner@omb.eop.gov>

**Subject:** For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Message

| | |
|---|---|
| **From:** | Heidema, Sarah J [HeidemaSJ@state.gov] |
| **Sent:** | 10/23/2019 3:24:09 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov]; Paul, Joshua M [PaulJM@state.gov]; McKeeby, David I [McKeebyDI@state.gov] |
| **CC:** | Khawam, Joseph N [KhawamJN@state.gov]; Miller, Michael F [Millermf@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov] |
| **Subject:** | Re: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition |

Has the line accepted the IM?  Did it go to S?

---

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 23, 2019 10:45:01 AM
**To:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Mike, Sarah, thoughts?

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Wednesday, October 23, 2019 10:37 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Thanks. A reminder that with the House out of session the week of the 4th, it is unlikely we will be notifying before the 12th.

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 23, 2019 10:00 AM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** FW: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Gents,

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Wednesday, October 23, 2019 9:27 AM
**To:** Hinchman, Robert (OLP) <Robert.Hinchman@usdoj.gov>; Gormsen, Eric T (OLP) <Eric.T.Gormsen@usdoj.gov>; Jones, Kevin R (OLP) <Kevin.R.Jones@usdoj.gov>; DHSOGCRegulations <DHSOGCRegulations@hq.dhs.gov>; Heidi.Cohen@treasury.gov; Laychak, Michael R SES DTSA EO (US) <michael.r.laychak.civ@mail.mil>; Daoussi, Susan G CIV DTSA LD (USA) <susan.g.daoussi.civ@mail.mil>; Minnifield, Tracy J CIV DTSA LD (US) <tracy.j.minnifield.civ@mail.mil>; Mueller, Andrew J CIV DTSA LD (USA) <andrew.j.mueller2.civ@mail.mil>; Asha, Mathew <amathew@doc.gov>; Robbins, Peter (Federal) <PRobbins@doc.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Hart, Robert L <HartRL@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Asha, Mathew <amathew@doc.gov>
**Cc:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Hunt, Alex T. EOP/OMB <Alexander_T._Hunt@omb.eop.gov>; Mancini, Dominic J. EOP/OMB <Dominic_J._Mancini@omb.eop.gov>; Gardiner, Kyle S. EOP/OMB <Kyle.S.Gardiner@omb.eop.gov>; Joyce, Shannon M. EOP/OMB <Shannon_M_Joyce@omb.eop.gov>; Theroux, Rich P. EOP/OMB <Richard_P._Theroux@omb.eop.gov>; Turner, Austin F. EOP/OMB <Austin_F_Turner@omb.eop.gov>
**Subject:** For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition



WASHSTATEC004263

Message

| | |
|---|---|
| **From:** | McKeeby, David I [McKeebyDI@state.gov] |
| **Sent:** | 10/23/2019 5:52:03 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Hart,Robert L [HartRL@state.gov]; Cook, Daniel L [CookDL@state.gov]; Shin, JaeE [ShinJE@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Davis, Terry L [DavisTL@state.gov]; Krueger, Thomas G [KruegerTG@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Paul, Joshua M [PaulJM@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov] |
| **Subject:** | REMINDER: For Review: COB Today: Roll-Out Plan: Cats I-III Final Rules Publication |
| **Attachments:** | 1015 Roll-Out Plan and TPs--CATS I-III.docx |

Colleagues:

Friendly reminder that we're seeking your comments/clearance on the attached roll-out plan and releases by **COB TODAY**.

Unless we hear otherwise, we will assume your previous clearance still stands and move to get this out to interagency tomorrow.

@L Colleagues: Incorporated your additional edits in this version.

Best,
Dave

**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

| Phone: | 202.647.8757 | | BlackBerry: ▇▇▇▇▇▇ |
|---|---|---|---|
| e-mail: | *mckeebydi@state.gov* | | Web: *PM Homepage* |Twitter: *@StateDeptPM* |

Stay connected with *State.gov*:



SBU - DELIBERATIVE PROCESS

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 22, 2019 9:12 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>; Cook, Daniel L <CookDL@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Davis, Terry L <DavisTL@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication

Thanks, Dave.  Jeff and I shared some edits and comments last week that didn't make their way into the document you circulated.  Please find those edits attached.

SBU - DELIBERATIVE PROCESS

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 22, 2019 3:53 PM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>; Cook, Daniel L <CookDL@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Davis, Terry L <DavisTL@state.gov>; Legal-PM-DL <Legal-PM-DL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>
**Subject:** RE: For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication

Dave,
For the purposes of your timeline, OMB began processing both rules just this morning. We should use today's date as the beginning of their review.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU - DELIBERATIVE PROCESS

**From:** McKeeby, David I <McKeebyDI@state.gov>
**Sent:** Tuesday, October 22, 2019 3:50 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>; Cook, Daniel L <CookDL@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Davis, Terry L <DavisTL@state.gov>; Legal-PM-DL <Legal-PM-DL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>
**Subject:** For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication

Colleagues:

Recirculating the latest Cats I-III Roll-Out Plan, interagency talking points, and updated myths and facts release. Cosmetic changes to version reviewed previously.

Would appreciate your (ok) by **COB TOMORROW (Wednesday)** before circulating to interagency POCs.

Best,
Dave

_____
**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

Phone:      202.647.8757       | BlackBerry: ▮▮▮▮▮▮▮
e-mail:     mckeebydia@state.gov |   Web: PM Homepage |Twitter: @StateDeptPM

Stay connected with *State.gov*:



SBU - DELIBERATIVE PROCESS

WASHSTATEC004266

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/23/2019 6:03:35 PM |
| **To:** | McKeeby, David I [McKeebyDI@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Hart, Robert L [HartRL@state.gov]; Cook, Daniel L [CookDL@state.gov]; Shin, Jae E [ShinJE@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Davis,Terry L [DavisTL@state.gov]; Krueger, Thomas G [KruegerTG@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Paul, Joshua M [PaulJM@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov] |
| **Subject:** | RE: REMINDER: For Review: COB Today: Roll-Out Plan: Cats I-III Final Rules Publication |

Dave, concur with L/PM's recommended changes. Clear otherwise.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SBU - DELIBERATIVE PROCESS

**From:** McKeeby, David I <McKeebyDI@state.gov>
**Sent:** Wednesday, October 23, 2019 1:52 PM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>; Cook, Daniel L <CookDL@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Davis, Terry L <DavisTL@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** REMINDER: For Review: COB Today: Roll-Out Plan: Cats I-III Final Rules Publication

Colleagues:

Friendly reminder that we're seeking your comments/clearance on the attached roll-out plan and releases by **COB TODAY**.

Unless we hear otherwise, we will assume your previous clearance still stands and move to get this out to interagency tomorrow.

@L Colleagues: Incorporated your additional edits in this version.

Best,
Dave

_____
**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

| | | |
|---|---|---|
| Phone: | 202.647.8757 | \| BlackBerry: ███████ |
| e-mail: | _mckeebydi@state.gov_ \| | Web: _PM Homepage_ \|Twitter: _@StateDeptPM_ |

WASHSTATEC004267

Stay connected with *State.gov*:



**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Tuesday, October 22, 2019 9:12 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>; Cook, Daniel L <CookDL@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Davis, Terry L <DavisTL@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication

Thanks, Dave. Jeff and I shared some edits and comments last week that didn't make their way into the document you circulated. Please find those edits attached.

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Tuesday, October 22, 2019 3:53 PM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Hart, Robert L <HartRL@state.gov>; Cook, Daniel L <CookDL@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Davis, Terry L <DavisTL@state.gov>; Legal-PM-DL <Legal-PM-DL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Paul, Joshua M <PaulJM@state.gov>
**Subject:** RE: For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication

Dave,
For the purposes of your timeline, OMB began processing both rules just this morning. We should use today's date as the beginning of their review.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

**From:** McKeeby, David I <McKeebyDI@state.gov>
**Sent:** Tuesday, October 22, 2019 3:50 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; Hart, Robert L <HartRL@state.gov>; Cook, Daniel L <CookDL@state.gov>; Shin, Jae E <ShinJE@state.gov>; Hamilton, Catherine E <HamiltonCE@state.gov>; Davis, Terry L <DavisTL@state.gov>; Legal-PM-DL <Legal-PM-DL@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Krueger, Thomas G <KruegerTG@state.gov>; Miller, Michael F <Millermf@state.gov>

**Cc:** Paul, Joshua M <PaulJM@state.gov>
**Subject:** For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication

Colleagues:

Recirculating the latest Cats I-III Roll-Out Plan, interagency talking points, and updated myths and facts release. Cosmetic changes to version reviewed previously.

Would appreciate your (ok) by **COB TOMORROW (Wednesday)** before circulating to interagency POCs.

Best,
Dave

_____

**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

| Phone: | 202.647.8757 | | BlackBerry: 202.550.3482 |
| e-mail: | _mckeebydi@state.gov_ | Web: _PM Homepage_ | Twitter: _@StateDeptPM_ |

Stay connected with *State.gov*:



SBU - DELIBERATIVE PROCESS

Message
| | |
|---|---|
| **From:** | Nightingale, Robert L [NightingaleRL@state.gov] |
| **Sent:** | 10/23/2019 6:16:41 PM |
| **To:** | Kovar, Jeffrey D [KovarJD@state.gov] |
| **Subject:** | RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition |

Thanks!

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Kovar, Jeffrey D <KovarJD@state.gov>
**Sent:** Wednesday, October 23, 2019 11:49 AM
**To:** Nightingale, Robert L <NightingaleRL@state.gov>
**Subject:** FW: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

FYI

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** PM-Staffers Mailbox <PM-StaffersMailbox@state.gov>
**Sent:** Wednesday, October 23, 2019 11:30 AM
**To:** Paul, Joshua M <PaulJM@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

S has reviewed.

Ashley

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Wednesday, October 23, 2019 11:26 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; PM-Staffers Mailbox <PM-StaffersMailbox@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

It went into Everest on Friday. Adding PM Staffers to check the latest status (IM to S on Cats 1-3)

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

**From:** Heidema, Sarah J <HeidemaSJ@state.gov>
**Sent:** Wednesday, October 23, 2019 11:24 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I

<McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** Re: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Has the line accepted the IM?  Did it go to S?

███████████████████████████████████████████

---

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 23, 2019 10:45:01 AM
**To:** Paul, Joshua M <PaulJM@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

Mike, Sarah, thoughts?

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED
**From:** Paul, Joshua M <PaulJM@state.gov>
**Sent:** Wednesday, October 23, 2019 10:37 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; McKeeby, David I <McKeebyDI@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>
**Subject:** RE: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Thanks. A reminder that with the House out of session the week of the 4th, it is unlikely we will be notifying before the 12th.

SENSITIVE BUT UNCLASSIFIED
**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Wednesday, October 23, 2019 10:00 AM
**To:** McKeeby, David I <McKeebyDI@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>

**Subject:** FW: For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition

Gents,
Keeping you in the loop for the purposes of your roll-out. ███████████████████████

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>
**Sent:** Wednesday, October 23, 2019 9:27 AM
**To:** Hinchman, Robert (OLP) <Robert.Hinchman@usdoj.gov>; Gormsen, Eric T (OLP) <Eric.T.Gormsen@usdoj.gov>; Jones, Kevin R (OLP) <Kevin.R.Jones@usdoj.gov>; DHSOGCRegulations <DHSOGCRegulations@hq.dhs.gov>; Heidi.Cohen@treasury.gov; Laychak, Michael R SES DTSA EO (US) <michael.r.laychak.civ@mail.mil>; Daoussi, Susan G CIV DTSA LD (USA) <susan.g.daoussi.civ@mail.mil>; Minnifield, Tracy J CIV DTSA LD (US) <tracy.j.minnifield.civ@mail.mil>; Mueller, Andrew J CIV DTSA LD (USA) <andrew.j.mueller2.civ@mail.mil>; Asha, Mathew <amathew@doc.gov>; Robbins, Peter (Federal) <PRobbins@doc.gov>; Koelling, Richard W <KoellingRW@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Hart, Robert L <HartRL@state.gov>; Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Asha, Mathew <amathew@doc.gov>
**Cc:** Seehra, Jasmeet K. EOP/OMB <Jasmeet_K._Seehra@omb.eop.gov>; Hunt, Alex T. EOP/OMB <Alexander_T._Hunt@omb.eop.gov>; Mancini, Dominic J. EOP/OMB <Dominic_J._Mancini@omb.eop.gov>; Gardiner, Kyle S. EOP/OMB <Kyle.S.Gardiner@omb.eop.gov>; Joyce, Shannon M. EOP/OMB <Shannon_M_Joyce@omb.eop.gov>; Theroux, Rich P. EOP/OMB <Richard_P._Theroux@omb.eop.gov>; Turner, Austin F. EOP/OMB <Austin_F_Turner@omb.eop.gov>
**Subject:** For Comment by COB on October 30th -- Revised State and Commerce Export Control Rules for Guns and Ammunition





WASHSTATEC004273

Message

| | |
|---|---|
| **From:** | Aron, David H [AronDH@state.gov] |
| **Sent:** | 10/23/2019 6:16:56 PM |
| **To:** | PM-CPA [PM-CPA@state.gov] |
| **CC:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Hart, Robert L [HartRL@state.gov]; Cook, Daniel L [CookDL@state.gov]; Shin, Jae E [ShinJE@state.gov]; Hamilton, Catherine E [HamiltonCE@state.gov]; Davis, Terry L [DavisTL@state.gov]; Legal-PM-DL [Legal-PM-DL@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Krueger,Thomas G [KruegerTG@state.gov]; Miller, Michael F [Millermf@state.gov]; ISN-SCO-DL [ISN-SPC-DL@state.gov] |
| **Subject:** | RE: For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication |

CATR clears

---

**From:** McKeeby, David I <McKeebyDI@state.gov>
**Sent:** Tuesday, October 22, 2019 3:49 PM
**To:**
**Cc:** Paul, Joshua M
**Subject:** For Review: COB Wednesday: Roll-Out Plan: Cats I-III Final Rules Publication

Colleagues:

Recirculating the latest Cats I-III Roll-Out Plan, interagency talking points, and updated myths and facts release. Cosmetic changes to version reviewed previously.

Would appreciate your (ok) by **COB TOMORROW (Wednesday)** before circulating to interagency POCs.

Best,
Dave

---

**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

Phone:       202.647.8757       | BlackBerry: ██████████
e-mail:     _mckeebydi@state.gov_ |  Web: _PM Homepage_ |Twitter: _@StateDeptPM_

Stay connected with _State.gov_:



SBU - DELIBERATIVE PROCESS

SENSITIVE BUT UNCLASSIFIED

Message
_____

**From:**        Koelling, Richard W [KoellingRW@state.gov]
**Sent:**        10/24/2019 12:24:19 PM
**To:**          Khawam, Joseph N [KhawamJN@state.gov]; Foster, John A [FosterJA2@state.gov]
**CC:**          Hart, Robert L [HartRL@state.gov]; Minarich, Christine M [MinarichCM@state.gov]
**Subject:**     Cats I-III Notification Package
**Attachments:** Tab 5 - Summary of Revisions to USML Categories I, II, and IIIv6.docx

**Importance:**  High

Joe, John,
As we're continuing to march toward clearing this notification package, I'm modifying the last remaining tabs. Tab 5, which is the Summary of Changes to Categories I-III is one of two outstanding items on my checklist ██████████████████
███████████████████████████████████████████████████████████
███████████████ You two are the first to take a chop on this brief statement. Please forward to me your thoughts soonest.

Thanks,

RIck

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

<div align="center">SENSITIVE BUT UNCLASSIFIED</div>

Message

___

**From:**       Foster, John A [FosterJA2@state.gov]
**Sent:**       10/24/2019 1:39:44 PM
**To:**         Khawam, Joseph N [KhawamJN@state.gov]; Koelling, Richard W [KoellingRW@state.gov]
**CC:**         Hart, Robert L [HartRL@state.gov]; Minarich, Christine M [MinarichCM@state.gov]
**Subject:**    RE: Cats I-III Notification Package
**Attachments:** Tab 5 - Summary of Revisions to USML Categories I II and IIIv6.docx


Rick et al.,

Please see my suggested edits and comments in the attached.

Best,
John


SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 9:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Thanks, Rick. █████████████████████████
████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)


SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 8:24 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Cats I-III Notification Package
**Importance:** High

Joe, John,
As we're continuing to march toward clearing this notification package, I'm modifying the last remaining tabs. Tab 5, which is the Summary of Changes to Categories I-III is one of two outstanding items on my checklist. ███████████
██████████████████████████████████████████  You two are the first to take a chop on this brief statement. Please forward to me your thoughts soonest.

Thanks,

RIck

Richard W. Koelling, Jr.

Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004277

Message

**From:**        Khawam, Joseph N [KhawamJN@state.gov]
**Sent:**        10/24/2019 2:17:33 PM
**To:**          Kovar, Jeffrey D [KovarJD@state.gov]
**Subject:**     RE: Cats I-III Notification Package
**Attachments:** Tab 5 - Summary of Revisions to USML Categories I II and IIIv6.docx

Jeff- I thought this might be something you want to look at.  This document is traditionally part of the congressional notification package. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Please let me know if you have anything further to add.

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 24, 2019 9:40 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Rick et al.,

Please see my suggested edits and comments in the attached.

Best,
John

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 9:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Thanks, Rick. █████████████████████████████████████████████████████
███████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 8:24 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Cats I-III Notification Package
**Importance:** High

Joe, John,
As we're continuing to march toward clearing this notification package, I'm modifying the last remaining tabs. Tab 5, which is the Summary of Changes to Categories I-III is one of two outstanding items on my checklist. ████████████
████████████████████████████████████████████████████████████
████████████████ You two are the first to take a chop on this brief statement. Please forward to me your thoughts soonest.

Thanks,

RIck

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004279

Message

**From:**      Kovar, Jeffrey D [KovarJD@state.gov]
**Sent:**      10/24/2019 2:23:49 PM
**To:**        Khawam, Joseph N [KhawamJN@state.gov]
**Subject:**   RE: Cats I-III Notification Package

Joe – ███████████████████████████████ I have nothing to add.  Thanks - Jeff

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 10:18 AM
**To:** Kovar, Jeffrey D <KovarJD@state.gov>
**Subject:** RE: Cats I-III Notification Package

Jeff- I thought this might be something you want to look at.  This document is traditionally part of the congressional notification package.  ███████████████████████████████████
██████████████████████████████████████████████████████████
███████████████████████████████████ Please let me know if you have anything
further to add.

Thanks,
Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 24, 2019 9:40 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Rick et al.,

Please see my suggested edits and comments in the attached.

Best,
John

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 9:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Thanks, Rick. ████████████████████████████
████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 8:24 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Cats I-III Notification Package
**Importance:** High

Joe, John,
As we're continuing to march toward clearing this notification package, I'm modifying the last remaining tabs. Tab 5, which is the Summary of Changes to Categories I-III is one of two outstanding items on my checklist. ████████
████████████████████████████████████████████████████
████████████████. You two are the first to take a chop on this brief statement. Please forward to me your thoughts soonest.

Thanks,

RIck

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent:** | 10/24/2019 2:28:07 PM |
| **To:** | Foster, John A [FosterJA2@state.gov]; Koelling, Richard W [KoellingRW@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: Cats I-III Notification Package |
| **Attachments:** | Tab 5 - Summary of Revisions to USML Categories I II and IIIv6.docx |

Suggested edits from me and Jeff attached.  Please let me know if you have any questions.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 24, 2019 9:40 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Rick et al.,

Please see my suggested edits and comments in the attached.

Best,
John

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 9:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Thanks, Rick. ████████████████████████████
████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 8:24 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Cats I-III Notification Package
**Importance:** High

Joe, John,

As we're continuing to march toward clearing this notification package, I'm modifying the last remaining tabs. Tab 5, which is the Summary of Changes to Categories I-III is one of two outstanding items on my checklist. ███████████████████████████████████████████ You two are the first to take a chop on this brief statement. Please forward to me your thoughts soonest.

Thanks,

RIck

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

Message
_____

**From**:     Koelling, Richard W [KoellingRW@state.gov]
**Sent**:     10/24/2019 2:54:36 PM
**To**:       Khawam, Joseph N [KhawamJN@state.gov]; Foster, John A [FosterJA2@state.gov]
**CC**:       Hart, Robert L [HartRL@state.gov]; Minarich, Christine M [MinarichCM@state.gov]
**Subject**:  RE: Cats I-III Notification Package


Joe, sorry. Was out at the Huddle. Yes.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 9:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Thanks, Rick. ███████████████████████████████████████████
██████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 8:24 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Cats I-III Notification Package
**Importance:** High

Joe, John,
As we're continuing to march toward clearing this notification package, I'm modifying the last remaining tabs. Tab 5, which is the Summary of Changes to Categories I-III is one of two outstanding items on my checklist. ██████████████
████████████████████████ You two are the first to take a chop on this brief statement. Please forward to me your thoughts soonest.

Thanks,

RIck

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004285

Message
| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/24/2019 3:13:23 PM |
| **To:** | Foster, John A [FosterJA2@state.gov]; Khawam, Joseph N [KhawamJN@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: Cats I-III Notification Package |
| **Attachments:** | Tab 5 - Summary of Revisions to USML Categories I II and IIIv6JF.docx |

John, thanks. With comments back.

Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 24, 2019 9:40 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Rick et al.,

Please see my suggested edits and comments in the attached.

Best,
John

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 9:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Thanks, Rick. ██████████████████████████
███████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 8:24 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>

WASHSTATEC004286

**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Cats I-III Notification Package
**Importance:** High

Joe, John,
As we're continuing to march toward clearing this notification package, I'm modifying the last remaining tabs. Tab 5, which is the Summary of Changes to Categories I-III is one of two outstanding items on my checklist. ███████
████████████ You two are the first to take a chop on this brief statement. Please forward to me your thoughts soonest.

Thanks,

RIck

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/24/2019 3:36:20 PM |
| **To:** | Khawam, Joseph N [KhawamJN@state.gov]; Foster, John A [FosterJA2@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: Cats I-III Notification Package |

Joe, great comments. Thank you. I will be farming these out to the others here shortly.

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 10:28 AM
**To:** Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Suggested edits from me and Jeff attached.  Please let me know if you have any questions.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 24, 2019 9:40 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Rick et al.,

Please see my suggested edits and comments in the attached.

Best,
John

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 9:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Thanks, Rick. ███████████████████████████████
███████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 8:24 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Cats I-III Notification Package
**Importance:** High

Joe, John,
As we're continuing to march toward clearing this notification package, I'm modifying the last remaining tabs. Tab 5, which is the Summary of Changes to Categories I-III is one of two outstanding items on my checklist. ███████████
█████████████████████████████████████████████████████████████████████████████████
████████████████████████ You two are the first to take a chop on this brief statement. Please forward to me your thoughts soonest.

Thanks,

RIck

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

---

Message
_____

**From:**      Miller, Michael F [Millermf@state.gov]
**Sent:**      10/24/2019 5:15:31 PM
**To:**        Koelling, Richard W [KoellingRW@state.gov]
**Subject:**   RE: Cats I-III Notification Package


Thanks Rick - ████████████████████████████████████████████████


SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 1:14 PM
**To:** Miller, Michael F <Millermf@state.gov>
**Subject:** RE: Cats I-III Notification Package


████████████████████████████████████████████████████████


v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


SENSITIVE BUT UNCLASSIFIED

**From:** Miller, Michael F <Millermf@state.gov>
**Sent:** Thursday, October 24, 2019 1:13 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Cats I-III Notification Package

Thanks Rick for this run-down.

███████████████████████████████████████████

█████████████████████████████████████████████████


SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 1:09 PM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Miller, Michael F <Millermf@state.gov>; Paul, Joshua M <PaulJM@state.gov>
**Cc:** Khawam, Joseph N <KhawamJN@state.gov>; Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>; Foster, John A <FosterJA2@state.gov>
**Subject:** FW: Cats I-III Notification Package

ALCON,
A few words here to bring you all up to speed on where we stand across the board with respect to Cats I-III:

Yesterday, OMB sent out both rules for clearance. ███████████████████████████
█████████████████████████████████ As a note: we've already started to receive questions from industry regarding this push for interagency review. The Response Team is aware that they could start getting a flurry of questions anytime.

███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████

Wrt our actions in-house, I've attached Tab 5 to this email, which is the last tab in the notification package for our review. John and L/PM have already opined. Please see the attached for specifics. Also, I am presently working the formatting changes for the actual AM. Once complete, I will send the entire package out to you all for final blessing.

Lastly, I am out next Thursday and Friday and will be departing early tomorrow (3 p.m.). However, I think the approach described here will ensure that if and when we need to move during those days, the work required on Rob's part during my absence will be severely minimized.

Please let me know if you have any questions.

v/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 10:28 AM
**To:** Foster, John A <FosterJA2@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Suggested edits from me and Jeff attached.  Please let me know if you have any questions.  Thanks.

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Foster, John A <FosterJA2@state.gov>
**Sent:** Thursday, October 24, 2019 9:40 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Koelling, Richard W <KoellingRW@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Rick et al.,

Please see my suggested edits and comments in the attached.

Best,
John

SENSITIVE BUT UNCLASSIFIED

**From:** Khawam, Joseph N <KhawamJN@state.gov>
**Sent:** Thursday, October 24, 2019 9:27 AM
**To:** Koelling, Richard W <KoellingRW@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** RE: Cats I-III Notification Package

Thanks, Rick. ███████████████████████████████████████
████████████████████████

Joseph N. Khawam
Office of the Legal Adviser (L/PM)

SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Thursday, October 24, 2019 8:24 AM
**To:** Khawam, Joseph N <KhawamJN@state.gov>; Foster, John A <FosterJA2@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** Cats I-III Notification Package
**Importance:** High

Joe, John,
As we're continuing to march toward clearing this notification package, I'm modifying the last remaining tabs. Tab 5, which is the Summary of Changes to Categories I-III is one of two outstanding items on my checklist ███████████
████████████████████████ You two are the first to take a chop on this brief statement. Please forward to me your thoughts soonest.

Thanks,

RIck

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State

WASHSTATEC004292

202-663-2828

SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004293

Message

| | |
|---|---|
| **From:** | McKeeby, David I [McKeebyDI@state.gov] |
| **Sent:** | 10/24/2019 5:38:50 PM |
| **To:** | Williams, Rebekah A. EOP/NSC [Rebekah.A.Williams@nsc.eop.gov]; Vicent,Grayson [grayson.k.vincent@nsc.eop.gov]; Biery, Meghan N. EOP/NSC [Meghan.N.Biery@nsc.eop.gov]; Lebegue, Katherine E CIV DTSA MD (USA) [katherine.e.lebegue.civ@mail.mil]; Tapia, Angela M Lt Col USAF OSD OASD LA(USA) [angela.m.tapia2.mil@mail.mil]; 'LKluttz@doc.gov' [LKluttz@doc.gov]; Darrach, Tamara A [DarrachTA@state.gov]; Bulgrin, Julie K. EOP/NSC [Julie.K.Bulgrin@nsc.eop.gov]; Wilson, John Mark M. EOP/NSC [John.M.Wilson@nsc.eop.gov]; Waterman, Elijah J. EOP/NSC [Elijah.J.Waterman@nsc.eop.gov]; Smagula, Nicholas [SmagulaN@state.gov]; Anthony.J.Ruggiero@nsc.eop.gov; Ryan.M.Tully@nsc.eop.gov; Steven.J.Menashi@who.eop.gov; Julie.K.Bulgrin@nsc.eop.gov; Richard.Ashooh@bis.doc.gov; Miller, MichaelF [Millermf@state.gov]; Krueger, Thomas G [KruegerTG@state.gov]; Koelling, Richard W [KoellingRW@state.gov]; Michael.B.Williams@who.eop.gov; Michael.J.Ellis@who.eop.gov; Jennifer.B.Lichter@who.eop.gov; EComstock@doc.gov; Robert.T.Goad2@who.eop.gov; James.S.Baehr@who.eop.gov; Ryan.P.Shellooe@nsc.eop.gov; Heidema, Sarah J [HeidemaSJ@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Ross.T.Gillfillan@who.eop.gov; James.D.Mandolfo@who.eop.gov; Thomas.F.Leary@nsc.eop.gov; Kaldahl, Ryan M [KaldahlRM@state.gov]; Jasmeet_K._Seehra@omb.eop.gov; susan.g.daoussi.civ@mail.mil; LAbraham@doc.gov; Tony.Coppolino@usdoj.gov; Joseph.S.Wier@nsc.eop.gov; Matthew.Borman@bis.doc.gov; Michele.Dash-pauls@NNSA.Doe.Gov; candice.l.rodriguez.civ@mail.mil; Foster, John A [FosterJA2@state.gov]; DCurtis@doc.gov; Hillary.Hess@bis.doc.gov; heidi.cohen@treasury.gov |
| **CC:** | Paul, Joshua M [PaulJM@state.gov] |
| **Subject:** | For Interagency Review/Clearance: COB MONDAY 10/28: Cats I-III Roll-Out Plan/Releases |
| **Attachments:** | 1015 Roll-Out Plan and TPs--CATS I-III.docx |

Colleagues:

Best,
Dave
_____

**David I. McKeeby**
Deputy Director
Office of Congressional & Public Affairs
Bureau of Political-Military Affairs (PM/CPA)
U.S. Department of State

Phone:     202.647.8757     | BlackBerry: ▮▮▮▮▮
e-mail:   *mckeebydi@state.gov* |   Web: *PM Homepage* |Twitter: *@StateDeptPM*

Stay connected with *State.gov*:



SBU - DELIBERATIVE PROCESS

Message

| | |
|---|---|
| **From:** | Koelling, Richard W [KoellingRW@state.gov] |
| **Sent:** | 10/25/2019 12:37:17 PM |
| **To:** | Heidema, Sarah J [HeidemaSJ@state.gov]; Khawam, Joseph N [KhawamJN@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Foster, John A [FosterJA2@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | AM to S Notification Package |
| **Attachments:** | Tab 0 - USML Cat I-III 38(f) - AM to S v6 - G.docx; Tab 1 - Notification Letters to Congress v6 - G.docx; Tab 2 - Revised USML Categories I, II, and III - G.docx; Tab 3 - Line-inLine-out Comparison of Current USML Categories I, II, and III with these USML Categories as Revised V6 - G.docx; Tab 4 - Revised Department of Commerce Companion Control Text - G.docx; Tab 5 - Summary of Revisions to USML Categories I II and IIIv6 - G.docx; Tab 6 - Proposed Controls for Major Defense Equipment in Category III -G.docx; Tab 7 - AM to T, Notification to Congress, 20190204 - G.docx; Tab 8 - SOC for Small Group Meeting on Transfer of Categories I-III, 20190918 - G.pdf; Tab 9 - SOC for Small Group Meeting on Transfer of Categories I-III, 20190927 - G.pdf |

ALCON, here is the AM Notification package to S as it stands today and presumably would go forward to S should no further changes be received. Please take a hard scrub at each of these items. I've done a QC check to ensure that all past comments received are incorporated and/or resolved. If I've missed anything, please let me know. Thanks for your assistance, especially to those who are supposed to be resting and on leave.

V/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828

SENSITIVE BUT UNCLASSIFIED

Message
---

**From:**      Koelling, Richard W [KoellingRW@state.gov]
**Sent:**      10/25/2019 9:26:47 PM
**To:**        MacPherson, Ashley N [MacPhersonAN@state.gov]
**Subject:**   Re: Cats I-III

Ashley, sorry. I got pulled away and was unable to return. Is there a time on Monday we can chat?

Get Outlook for iOS

**From:** MacPherson, Ashley N <MacPhersonAN@state.gov>
**Sent:** Friday, October 25, 2019 2:31:34 PM
**To:** Koelling, Richard W <KoellingRW@state.gov>
**Subject:** RE: Cats I-III

Hi Rick,

I have time around 3. Give me a call at 67199

Ashley


SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 25, 2019 2:18 PM
**To:** MacPherson, Ashley N <MacPhersonAN@state.gov>
**Subject:** Cats I-III

Ashley,
I have two quick questions for you regarding the AM to S notification package to S. Would you have time later today or maybe Monday a.m. for a quick phone call?

Thanks, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


SENSITIVE BUT UNCLASSIFIED

WASHSTATEC004296

Message

| | |
|---|---|
| **From:** | Khawam, Joseph N [KhawamJN@state.gov] |
| **Sent:** | 10/25/2019 9:56:04 PM |
| **To:** | Koelling, Richard W [KoellingRW@state.gov]; Heidema, Sarah J [HeidemaSJ@state.gov]; Miller, Michael F [Millermf@state.gov] |
| **CC:** | Hart, Robert L [HartRL@state.gov]; Kovar, Jeffrey D [KovarJD@state.gov]; Foster, John A [FosterJA2@state.gov]; Minarich, Christine M [MinarichCM@state.gov] |
| **Subject:** | RE: AM to S Notification Package |
| **Attachments:** | Tab 8e - 38(f) Congressional Notification - Commerce Rule.pdf; Tab 0 - USML Cat I-III 38(f) - AM to S v6 - G.docx; Tab 1 - Notification Letters to Congress v6 - G.docx |

Thanks, Rick.  Just a few comments from me:



Hope everyone has a good weekend.

Joe

Joseph N. Khawam
Office of the Legal Adviser (L/PM)


SENSITIVE BUT UNCLASSIFIED

**From:** Koelling, Richard W <KoellingRW@state.gov>
**Sent:** Friday, October 25, 2019 8:37 AM
**To:** Heidema, Sarah J <HeidemaSJ@state.gov>; Khawam, Joseph N <KhawamJN@state.gov>; Miller, Michael F <Millermf@state.gov>
**Cc:** Hart, Robert L <HartRL@state.gov>; Kovar, Jeffrey D <KovarJD@state.gov>; Foster, John A <FosterJA2@state.gov>; Minarich, Christine M <MinarichCM@state.gov>
**Subject:** AM to S Notification Package

ALCON, here is the AM Notification package to S as it stands today and presumably would go forward to S should no further changes be received. Please take a hard scrub at each of these items. I've done a QC check to ensure that all past comments received are incorporated and/or resolved. If I've missed anything, please let me know. Thanks for your assistance, especially to those who are supposed to be resting and on leave.

V/r, Rick

Richard W. Koelling, Jr.
Deputy Director (Acting)
Office of Defense Trade Controls Policy
Department of State
202-663-2828


SENSITIVE BUT UNCLASSIFIED